Sonya D. Winner (Bar No. 200348)
swinner@cov.com
Nathan E. Shafroth (Bar No. 232505)
nshafroth@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Attorneys for Defendant
MCKESSON CORPORATION
*(Additional parties and counsel listed on signature page)*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA L.P., et al. <br><br> Defendants. | Civil Case No.: 3:18-CV-07591-CRB <br><br> **DEFENDANTS' STATUS REPORT** <br><br> Hearing Date: February 26, 2020 <br> Hearing Time: 12:00 p.m. <br> Hearing Place: Courtroom 6 <br><br> Honorable Charles R. Breyer |

This case is in most respects at the very earliest stage. No defendant has answered or otherwise responded to the Complaint, and defendants have not yet had the opportunity to seek or obtain any discovery. While plaintiffs have the advantage of extensive discovery taken from some of the defendants that also are named in other cases, this complex case is in all other material respects at the very beginning.

As the Court has requested, this status report describes the extensive discovery defendants expect to require and estimates, based on defendants' experience in other cases and their knowledge of the pleadings here, the minimum time necessary to complete that discovery. But defendants first offer some brief background about this case and its status.

**I.      The Status of the National MDL**

This case was filed on December 18, 2018 and on January 22, 2019 transferred to MDL 2804 before Judge Dan Polster in the Northern District of Ohio.  It has been stayed ever since, along with more than 2,600 other cases pending in MDL 2804.  In April 2018, Judge Polster designated three cases brought by Ohio counties and municipalities as "Track One" cases.  Discovery proceeded only in those cases.  Plaintiffs obtained "national" discovery of many of the defendants here (e.g., activities relating to their general corporate policies and practices) and case-specific discovery focused on their activities in Northern Ohio.  Defendants were permitted to take discovery relating to the claims of the Track One plaintiffs only, including discovery addressing issues such as causation, injury, damages, and the statute of limitations as it pertained to the claims of those Northern Ohio plaintiffs.  No discovery was taken in the MDL concerning San Francisco (or any other part of California), and no legal issues under California law were addressed.

All other cases in MDL 2804 – including this case – remained stayed, with a complete moratorium on case filings with few exceptions, two of which are relevant to understanding the posture of this action.  First, plaintiffs in the stayed cases were authorized to file "short form" amended complaints to add defendants and incorporate allegations from other pleadings.  Plaintiffs here filed such a short-form amendment on April 22, 2019, which defendants attach as Exhibit A.  That short-form amendment, which is not yet on the formal docket in this Court, is important to understanding the full extent of the parties and claims at issue.  Second, the plaintiffs in the stayed cases were required to provide abbreviated fact sheets with basic information about their claims.  Plaintiffs' fact sheet is attached as Exhibit B.

No motions or other responses to either plaintiffs' original complaint or their short-form amended complaint were permitted in the MDL.  Thus, in this case, even threshold issues remain unresolved, such as whether plaintiffs have stated a claim for relief and whether the Court has personal

jurisdiction over all defendants.[1]  And defendants in this action have taken no party or third-party discovery addressing plaintiffs' claims.

The sole area in which this case is not at the very earliest stage is in discovery taken *by* plaintiffs *from* most (but not all) defendants.  In response to discovery propounded by the Plaintiffs' Executive Committee ("PEC") in the MDL, which was charged with pursuing this role on behalf of all MDL plaintiffs as well as the individual Track One plaintiffs, defendants in the Track One cases (which included most of the defendants named in this case) produced massive amounts of discovery, including many millions of pages of documents and responses to hundreds of interrogatories.  Hundreds of depositions were taken of defendants' witnesses.  While some of this discovery was specific to Northern Ohio, most of it was national in scope and not limited to information relevant to the Track One plaintiffs' cases.  Plaintiffs have access to all of this discovery from defendants, and it is likely to form the substantial majority of the evidence they will use in this case.

However, there are at least two defendants to this lawsuit that have not been subject to any discovery in the MDL or any meaningful discovery in other opioid matters pending in federal or state courts nationwide.  West-Ward Pharmaceuticals (n/k/a/ Hikma Pharmaceuticals USA Inc.) is a generic manufacturer that was neither involved in, nor named in, any of the MDL Track One and MDL Track Two cases in which discovery was taken.  While Hikma has been named as a defendant in a few state court opioid matters, those unrelated opioid lawsuits have not advanced to the stage where Hikma has been required to produce any documents or has even negotiated a scope of production.  No Hikma employees have been deposed.  Hikma also has not taken any discovery of any governmental plaintiff.

Defendant Noramco, Inc. is in a similar position.  Noramco, Inc., is an active pharmaceutical ingredient manufacturer which does not (and did not at all material times relevant to this litigation) manufacture, package, promote, brand, market, distribute, or sell the finished drug products at issue in this litigation.  While it was a defendant in the MDL Track One cases, plaintiffs did not pursue

---

[1] Contrary to the assertion by plaintiffs in their short-form amendment, not all defendants have been served.  For example, several domestic and non-U.S. defendants have not been served, and (even if they had been) questions of personal jurisdiction as to any foreign defendant will need to be resolved through motion practice.

discovery against it, prompting Judge Polster to sever it from the Track One trial.  It was also severed from Track Two.  In the few state cases in which Noramco is a party, discovery is either ongoing or has not started.  No party depositions have been taken of Noramco employees.

Thus, while this case may be far along with respect to plaintiffs' discovery, it is effectively a brand new case for defendants, and it must be litigated on the type of full schedule required for a complex case with multiple claims and multiple, differently-situated, defendants.

## II.   Dispositive Motions

No defendant has answered or otherwise responded to the Complaint, and some have not been served.  Defendants intend to move to dismiss the Complaint on multiple grounds, including failure to state a claim.  These motions will address important threshold legal issues.  Some defendants will also move to dismiss for lack of personal jurisdiction.

Defendants propose that all Rule 12 motions by those entities that have been served be due by April 13, 2020.

Defendants believe that the most efficient course is to resolve those threshold motions before discovery commences, as the Court's ruling on those motions is likely to streamline the case at a minimum and assist the parties in focusing their discovery efforts in an efficient manner.

## III.   Status of Discovery

### A.   Discovery of Defendants

Plaintiffs' counsel here serve on the Plaintiffs' Executive Committee in the MDL and, as such, have actively participated in more than a year of discovery from most of the defendants, receiving millions of pages of documents and taking scores of depositions.  Defendants assume that plaintiffs intend to seek additional discovery from defendants of information particular to San Francisco that was not specifically at issue in the MDL.  Plaintiffs have not yet propounded any non-MDL discovery on defendants, nor have the parties discussed the additional discovery plaintiffs intend to seek from defendants.

### B.   Discovery of Plaintiffs

Discovery of the City and County of San Francisco has not yet begun.  As plaintiffs' fact sheet (Exhibit B) makes clear, the amount of discovery that will be needed here is substantial.  So far,

plaintiffs' only "production" of documents has consisted of 18 documents comprising 156 pages attached to their fact sheet.  They have not answered a single interrogatory, produced a single witness for deposition, or produced any documents in response to discovery requests.

This is not the kind of case in which discovery requirements can or should be largely one-sided. As discussed further below, in these cases defendants require at least as much discovery as do plaintiffs – and given the immense head start plaintiffs have here, the vast majority of the discovery that remains to be done will be that taken by defendants. Before Judge Polster, discovery of plaintiffs Cuyahoga County and Summit County – which included production of millions of pages of documents and scores of depositions – took 18 months to complete.

Discovery of the plaintiffs is critical to probe plaintiffs' allegations about the impact of opioid abuse on San Francisco and the State of California, including whether and to what extent defendants' alleged conduct affected plaintiffs' governmental operations; when plaintiffs knew or should have known of their claims; and whether plaintiffs can prove the necessary element of causation.  Plaintiffs' claims depend on proof of proximate causation between their alleged injuries and the conduct alleged. Defendants will seek discovery to confirm that plaintiffs cannot prove the required links between defendants' manufacture or shipment of prescription opioids and plaintiffs' alleged injuries, most of which allegedly resulted from the importation and abuse of illegal heroin and fentanyl.  Additionally, discovery will be sought to identify the myriad acts of wrongdoing by many independent actors – such as those engaged in the criminal diversion of opioids and their illicit use – which destroy any purported chain of causation.

Plaintiffs allege that they have incurred damages including "the costs of treating opioid addiction," "the costs of maintaining harm reduction, overdose prevention and education on the dangers of opioid use," "special costs incurred by San Francisco for the public safety, health and welfare of its citizens," and "the economic harm to San Francisco resulting from the addiction epidemic."  Complaint ¶ 265.  Defendants will need discovery on all of plaintiffs' alleged costs or other damages, as well as associated evidence relating to those alleged damages that are in plaintiffs' exclusive possession.

Defendants have learned from experience in these cases (both in Track One and in cases pending in state court) that discovery from a municipal defendant on claims like these can be complicated and

difficult.[2]  Necessary information and documents are typically spread across multiple different municipal agencies and employees.  State and federal programs intersect with – and in some instances pay for – municipal programs.  The challenge is enhanced by the fact that plaintiffs purport to assert claims addressing conduct and events going back more than a decade.[3]

In short, in contrast to the tremendous amount of discovery taken of defendants, discovery has not yet even begun on a wide array of facts that are necessary for defendants to present their defenses.[4]

### C.  Third-Party Discovery

Defendants will also need to pursue extensive, jurisdiction-specific third-party discovery, including from state and federal entities and third-party payors.  This discovery will establish potential alternative causes of plaintiffs' alleged injury, which is crucial to defendants' causation case.  Plaintiffs sue only certain pharmaceutical manufacturers and wholesale distributors, but no prescription opioid pill could reach a patient without a physician's decision to prescribe it and a pharmacist's decision to dispense it.  Even if these third parties are not at fault, their independent conduct goes directly to a core issue in this case: lack of causation.  Moreover, much of plaintiffs' alleged harm resulted from use of illegal opioids, which could have no impact on plaintiffs absent the intervening conduct of multiple criminal actors.  In other cases asserting similar claims, there has been extensive discovery of federal and state law enforcement concerning these and related issues.

Defendants expect discovery from state agencies to be particularly extensive, including, but not limited to, discovery from the California Board of Pharmacy, which administers and enforces the California Uniform Controlled Substances Act and its implementing regulations; the California

---

[2] Indeed, one of the original Track One plaintiffs, the City of Cleveland, had to be dropped from Track One after it became clear that it could not meet its discovery obligations.

[3] Defendants naturally expect to assert the statute of limitations as to any claims that accrued prior to the applicable limitations period.  But until that issue is resolved in their favor, they must pursue discovery covering the entire period plaintiffs' claims purport to cover.

[4] A few of the defendants here are also defendants in an action pending in state court in Orange County brought by that county and a few other governmental entities.  That Orange County action involves only a small subset of the defendants in this action (four of the manufacturer defendants) and a different (and smaller) set of claims.  While those defendants have taken discovery in that case, such discovery has been mainly directed to the plaintiff jurisdictions at issue in that litigation and the claims in that case, and was not directed at San Francisco or the variety of claims asserted by it here.

Department of Justice, which administers the State's Controlled Substance Utilization Review and Evaluation System (California's prescription drug monitoring program); state professional boards that license and regulate physicians, dentists, nurses, and other medical professionals who may have improperly prescribed or administered controlled substances; and state agencies that administer medical insurance programs, including Medicaid.

## IV.   Limitations on Discovery and Timing of Discovery

In light of the number of defendants and the complexity of this case, modifications to the presumptive limitations on discovery under the Federal Rules of Civil Procedure will be necessary.  The parties have not yet discussed appropriate limitations.  Defendants propose that the Court address appropriate limitations on discovery only after resolution of defendants' planned motions to dismiss, together with an appropriate case schedule.

Defendants estimate that fact discovery will take approximately **18 months**.  This is the same amount of time required for discovery in Track One and in cases that are being litigated in state court.

## V.   Expert Discovery

After fact discovery closes, the parties will need to engage in extensive expert discovery. Plaintiffs' case likely will rest largely on their expert reports and testimony, including to show alleged misconduct, causation, and damages.  The MDL Track One plaintiffs named 23 experts, and plaintiffs here likely will name a similar number.  Defendants will need to disclose, produce reports, and offer depositions of an even larger number of experts in response, given the multitude of defendants that plaintiffs have chosen to sue under a variety of different theories.  Defendants estimate that expert discovery will require an additional **three months** following the close of fact discovery.

## VI.   Pretrial Motions

Following expert discovery, there are likely to be multiple motions for summary judgment and *Daubert* motions.  Once summary judgment and *Daubert* motions are resolved and the general scope of trial (if any) is clear, the parties will require time for motions *in limine* and pretrial hearings.

*       *       *

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For the foregoing reasons, defendants therefore respectfully request that the Court set deadlines only for briefing and a hearing on defendants' motions to dismiss, with further deadlines to be set following resolution of those motions.

Respectfully Submitted,

DATED:   February 19, 2020

By:   */s/ Sonya D. Winner*
Sonya D. Winner
Nathan E. Shafroth
Covington & Burling LLP
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

*Attorneys for Defendant*
*McKesson Corporation*

DATED:   February 19, 2020

By:   */s/ Steven J. Boranian*
Steven J. Boranian
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
sboranian@reedsmith.com

Sarah B. Johansen
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
sjohansen@reedsmith.com

*Attorneys for Defendants*
*AmerisourceBergen Corporation and*
*AmerisourceBergen Drug Corporation*

DATED:   February 19, 2020

By:  */s/ Neelum J. Wadhwani*

Neelum J. Wadhwani (Bar No. 247948)
Enu A. Mainigi (*pro hac vice application
forthcoming*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
nwadhwani@wc.com
emainigi@wc.com

*Attorneys for Defendant
Cardinal Health, Inc.*

DATED:   February 19, 2020

By:  */s/ Zachary Hill*
Zachary Hill, Bar No. 275886
MORGAN, LEWIS & BOCKIUS LLP
zachary.hill@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Eric W. Sitarchuk*
Rebecca J. Hillyer*
MORGAN, LEWIS & BOCKIUS LLP
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com
1701 Market Street
Philadelphia, 19103-2921
Tel: +1.215.963.5000
Fax: +1.215.963.5001

Wendy West Feinstein*
MORGAN, LEWIS & BOCKIUS LLP
wendy.feinstein@morganlewis.com
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: +1.412.560.7455
Fax: +1.412.560.7001

*Attorneys for Defendants*
*Teva Pharmaceuticals USA, Inc., Cephalon,*
*Inc., Actavis LLC, Watson Laboratories, Inc.,*
*and Actavis Pharma, Inc. f/k/a Watson Pharma,*
*Inc.*

*\*Denotes national counsel, pro hac vice*
*forthcoming*

DATED:   February 19, 2020

By: */s/ Sean O. Morris*
Sean O. Morris
John D. Lombardo
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone:  +1-213-243-4000
Facsimile:  +1-213-243-4199
Email:  Sean.Morris@arnoldporter.com
Email:  John.Lombardo@arnoldporter.com

*Attorneys for Defendants*
*Endo Pharmaceuticals Inc., Endo Health*
*Solutions Inc., Par Pharmaceutical, Inc.,*
*and Par Pharmaceutical Companies, Inc.*

DATED:   February 19, 2020

By:   */s/ Amy J. Laurendeau*
Amy J. Laurendeau (S.B. #198321)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900
alaurendeau@omm.com

Charles C. Lifland (S.B. #108950)
Sabrina H. Strong (S.B. #200292)
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
sstrong@omm.com

Amy R. Lucas (S.B. #264034)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
(310) 553-6700
alucas@omm.com

Stephen D. Brody (*pro hac vice forthcoming*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
sbrody@omm.com

*Attorneys for Defendant*
*Janssen Pharmaceuticals, Inc.*

DATED:   February 19, 2020

By:  */s/ Rocky C. Tsai*
Rocky C. Tsai (SBN #221452)
*rocky.tsai@ropesgray.com*
Traci J. Irvin (SBN #309432)
*traci.irvin@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350

*Attorneys for Defendant*
*Mallinckrodt LLC*

DATED:   February 19, 2020

By:  */s/ Michael Onufer*
Michael Onufer (Bar No. 300903)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Email: michael.onufer@kirkland.com

Jennifer G. Levy, P.C. (*pro hac vice*
*forthcoming*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
Email: jennifer.levy@kirkland.com

Donna Welch, P.C. (*pro hac vice forthcoming*)
Timothy W. Knapp, P.C. (*pro hac vice*
*forthcoming*)
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
tknapp@kirkland.com

*Attorneys for Defendants*
*Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a/*
*Watson Pharmaceuticals, Inc., Allergan Sales,*
*LLC and Allergan USA, Inc.*

DATED:   February 19, 2020

By: */s/ Elizabeth A. Sperling*
Elizabeth A. Sperling (CA Bar No. 231474)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Fax: (213) 576-1100
elizabeth.sperling@alston.com

Daniel G. Jarcho*
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 239-3300
Daniel.jarcho@alston.com

Cari K. Dawson*
Jenny A. Hergenrother*
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900 Atlanta,
GA 30309-3424
Telephone: (404) 881-7000
cari.dawson@alston.com
jenny.hergenrother@alston.com

*Attorneys for Defendant Noramco, Inc.*

*\*Denotes National counsel who will seek pro hac vice admission*

DATED:   February 19, 2020

By: */s/ Alan R. Ouellette*
Alan R. Ouellette (SBN 272745)
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Tel:     415.434.4484
Fax:     415.434.4507
Email:  aouellette@foley.com

James W. Matthews (*Pro Hac Vice* motion forthcoming)
Ana M. Francisco (*Pro Hac Vice* motion forthcoming)
Katy E. Koski (*Pro Hac Vice* motion forthcoming)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel:     617.342.4000
Fax:     617.342.4001
Email:  jmatthews@foley.com
Email:  afrancisco@foley.com
Email:  kkoski@foley.com

*Attorneys for Defendant Anda, Inc.*

DATED:   February 19, 2020

By: */s/ Jennifer M. Cecil*
Jennifer M. Cecil
WINSTON & STRAWN LLP
101 California Street
35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jcecil@winston.com

Christopher B. Essig (pro hac application
forthcoming)
Scott M. Ahmad (pro hac application
forthcoming)
Reid F. Smith (pro hac application
forthcoming)
Sarah J. Bily (pro hac application forthcoming)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
cessig@winston.com
sahmad@winston.com
rfsmith@winston.com
sbily@winston.com

*Attorneys for Defendant*
*Hikma Pharmaceuticals USA Inc.*
*(f/k/a West-Ward Pharmaceutical Corp.)*

DEFENDANTS' STATUS REPORT

1

## **ATTESTATION**

2           I, Sonya Winner, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence

3   to the filing of this document has been obtained from each signatory hereto.

4

5    DATED:   February 19, 2020                    By:   */s/ Sonya D. Winner*
                                                         Sonya D. Winner

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28