I hereby certify that the foregoing is a true copy of the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk

# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**　　　　MDL No. 2804

## REMAND ORDER

**Before the Panel:**[*] Defendants[1] move under Panel Rule 10.2 to vacate our order that conditionally remanded two actions listed on Schedule A to the Eastern District of Oklahoma (*Cherokee Nation*) and the Northern District of California (*San Francisco*). The Panel placed these actions on a conditional remand order after receiving the transferee judge's suggestion of remand. Plaintiffs to the actions oppose the motions.

After considering the argument of counsel, the Panel finds that remand of these action under 28 U.S.C. § 1407 is warranted. As an initial matter, "[i]n considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re: Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).[2]

---

[*] Judges Ellen Segal Huvelle and Nathaniel M. Gorton did not participate in the decision of this matter.

[1] In *Cherokee Nation*, moving defendants are: AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health Inc., McKesson Corporation, CVS Health Corporation, CVS Pharmacy Inc., Oklahoma CVS Pharmacy, LLC, Wal-Mart Stores Inc., Walgreen Co., Walgreens Boots Alliance Inc. In *City and County of San Francisco*, moving defendants are the *Cherokee Nation* moving defendants and the following: Janssen Pharmaceutica, Inc., Johnson & Johnson, Endo Pharmaceuticals Inc., Endo Health Solutions, Inc., Par Pharmaceutical Companies, Inc., Par Pharmaceutical, Inc., Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis Llc, Actavis Pharma, Inc. F/k/a Watson Pharma, Inc., Teva Pharmaceutical Industries Ltd., Noramco Inc., Allergan Finance, LLC, Allergan Sales, LLC, Allergan USA, Inc., Allergan plc f/k/a Actavis plc, Mallinckrodt LLC, Mallinckrodt plc, SpecGx LLC.

[2] *See also In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977) ("It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate.").

-2-

In his suggestion of remand, the transferee judge, the Honorable Dan A. Polster, states:

> What the Court has learned is that, if it proceeds with the bellwether trial process as it has so far, it will simply take too long to reach each **category** of plaintiff and defendant, much less each **individual** plaintiff and defendant. Meanwhile, the Opioid Crisis shows no sign of ending. Accordingly, the Court asked the parties to submit proposals regarding limited, strategic remands of specific cases, in order to allow other federal judges to help resolve specific portions of the Opiate MDL in parallel. The Court suggested, for example, that there could be a remand of: (1) a case focused on manufacturers; (2) a case focused on distributors; (3) a case focused on pharmacies; (4) a case brought by an Indian Tribe; and so on.

> Unsurprisingly, the parties' proposals did not agree, although there was some meaningful overlap. For example, there was a consensus that *City of Chicago v. Purdue Pharma L.P.*, which focuses on manufacturer defendants, should be remanded to the transferor court in the Northern District of Illinois, although the parties disagreed on whether remand should be immediate or instead after additional discovery and motion practice.

> Having reviewed carefully all of the parties' proposals, the undersigned believes resolution of substantial portions of the Opiate MDL will be speeded up and aided by strategic remand of certain cases at this time, and very probably additional strategic remands in the future. While the transferor courts preside over these cases on remand, the undersigned will be working in parallel, trying other segments of the case and also pursuing global settlements.

Suggestion of Remand at 5 (emphasis in original).

In opposing remand, defendants generally argue that Judge Polster violated the principles he articulated at an initial hearing at which he discussed the concept of remand: (1) facilitating global settlements, (2) preparing and trying "streamlined" cases for trial, and (3) effectively utilizing the resources of the court and its staff. Defendants place undue emphasis on these initial thoughts. While they raise some practical concerns about proceeding with these particular bellwether actions, defendants' arguments invite us to second-guess the transferee judge's elaborate bellwether remand plan. We decline their invitation to do so.[3] The transferee judge chose the cases now before us in the absence of agreement among the parties following argument and extensive briefing.

With respect to *Cherokee Nation*, distributor defendants assert that the size of Cherokee Nation, its governance structure and its patchwork of territory that touches fourteen Oklahoma counties makes it a less than ideal bellwether candidate. They further argue that Cherokee Nation's claims may be

---

[3]  *See In re: Light Cigarettes Mktg. & Sales Practices Litig.*, 856 F. Supp. 2d 1330, 1331 (J.P.M.L. 2012) (declining to "second-guess" transferee judge's rejection of arguments against suggesting remand).

-3-

impacted by the appeal of a prior trial verdict in Oklahoma that resulted in an abatement award against an opioid manufacturer. But defendants raised these concerns with Judge Polster and failed to persuade him to choose a smaller tribal case. *See* Distributor Defendants' Proposal Regarding Selective Remand, *In re: National Prescription Opiates Litig.*, N.D. Ohio, Case No. 17-md-2804, doc. 2934 at 8-12 (Nov. 13, 2019). Judge Polster noted, in his Suggestion of Remand, that the case was the consensus pick of the Indian Tribe leadership committee and was from a different jurisdiction than the Track One (Ohio) and Track Two (West Virginia) cases.

Defendants oppose remand of *San Francisco* because the pendency of California state court cases may cause conflicting rulings on certain claims and generate double recoveries. Further, they note that the California Attorney General has threatened to assume control of opioid cases brought by municipalities. They also object to the cost of proceeding with a large case such as *San Francisco*. Plaintiffs respond that *San Francisco* offers geographic diversity to the bellwether pool and that any potential overlap with the state court proceedings can be managed. Plaintiffs also point out that *San Francisco* is the only bellwether trial to date offering the potential trial of a civil RICO claim. In selecting *San Francisco* as a bellwether, Judge Polster observed that the case names manufacturer, distributor and pharmacy defendants[4] – many of whom have completed or nearly completed global discovery – and also was from a jurisdiction different from prior bellwethers.

Among the nearly 2,700 cases in the MDL, there may be ones that could be tried without posing the same challenges defendants now argue that *San Francisco* and *Cherokee Nation* may pose. It is beyond our purview, however, to select cases for bellwether remand and trial. Given the deference that we traditionally afford a transferee judge's remand suggestion, and considering that the transferee judge here "reviewed carefully all of the parties' proposals," *see* Suggestion of Remand at 5, we see no reason to second-guess his selection of these two cases for bellwether remand and trial.

---

[4] *San Francisco* does not involve pharmacy defendants. The parties agree that this observation was in error.

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are remanded, respectively, to the Eastern District of Oklahoma (*Cherokee Nation*) and the Northern District of California (*San Francisco*).

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor              Catherine D. Perry
Matthew F. Kennelly           David C. Norton

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**                    MDL No. 2804

**SCHEDULE A**

<u>Northern District of Ohio</u>

THE CHEROKEE NATION v. MCKESSON CORPORATION, ET AL.,
   C.A. No. 1:18‒45695 (E.D. Oklahoma, C.A. No. 6:18‒00056)
CITY AND COUNTY OF SAN FRANCISCO, ET AL. v. PURDUE PHARMA
   L.P., ET AL., C.A. No. 1:19‒45022 (N.D. California, C.A. No. 3:18‒07591)