Sonya D. Winner (Bar No. 200348)
swinner@cov.com
Nathan E. Shafroth (Bar No. 232505)
nshafroth@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Attorneys for Defendant
MCKESSON CORPORATION
*(Additional parties and counsel listed on signature page)*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PURDUE PHARMA L.P., et al.<br><br>  Defendants. | Civil Case No.: 3:18-CV-07591-CRB<br><br>**DEFENDANTS' REPLY STATUS REPORT**<br><br>Hearing Date: February 26, 2020<br>Hearing Time: 12:00 p.m.<br>Hearing Place: Courtroom 6<br><br>Honorable Charles R. Breyer |

Plaintiffs' Status Report (Dkt. 67) reinforces defendants' estimate that the parties will need approximately 18 months to conduct fact discovery of each other and of third parties, and that it would be premature to schedule additional case deadlines at this time. Plaintiffs estimate that they will need an additional six to nine months to complete just the narrow slice of discovery they intend to take of defendants who have already been subject to vast discovery demands in MDL 2804. Dkt. 67 at 3. With respect to the time needed for the majority of discovery that still needs to be conducted in this case – discovery of plaintiffs, of third parties, and of defendants who have not yet been subject to discovery in MDL 2804 or elsewhere – plaintiffs offer no estimate at all. But plaintiffs' six-to-nine-month estimate of the time needed to finish discovery that is already "substantially complete" suggests that defendants'

estimate of 18 months for *all* fact discovery – including the discovery that must start from scratch – is reasonable, if not overly optimistic.

Plaintiffs are mistaken in their suggestion that the case may be compressed, and motion practice obviated, in light of the fact that Judge Polster has ruled on the viability of Ohio municipalities' Ohio common-law claims and on those plaintiffs' federal claims (to which he applied Sixth Circuit law). Those rulings, which were made in different cases, are not "law of the case" in this case. Nor, in any event, did Judge Polster address *any* claims brought under California or Ninth Circuit law, much less claims asserted based on the allegations set forth in plaintiffs' complaint here.

Defendants briefly address these points below in response to plaintiffs' Status Report.

## I. Plaintiffs' Estimates Reinforce the Need for at Least 18 Months of Fact Discovery.

Plaintiffs state that "[w]hile discovery of defendants is substantially complete," they still need six categories of discovery from defendants and certain third parties to prepare their case for trial. Dkt. 67 at 3. Plaintiffs' report does not mention the fact that discovery of the City and County of San Francisco has yet to begin; nor does it offer any estimate of how quickly or capably they will produce the substantial amount of discovery they will be required to provide. As detailed in Defendants' Status Report, that discovery will concern, *inter alia*, whether and to what extent defendants' alleged conduct affected plaintiffs' governmental operations; when plaintiffs knew or should have known of their claims; and whether plaintiffs can prove the necessary elements of causation (*see* Dkt. 66 at 5); as well as the **55** categories of damages plaintiffs apparently intend to seek (*see* Dkt. 66-2 at 3-4). Defendants' experience in other jurisdictions – including Track One of MDL 2804 – is that county and municipal plaintiffs face substantial hurdles in satisfying their discovery obligations. Plaintiffs offer no assurance that they will fare any better.

Plaintiffs' Status Report also omits any mention of the extensive, jurisdiction-specific third-party discovery Defendants will need to pursue in this case. *See* Dkt. 66 at 6-7 (describing necessary third-party discovery of state and federal entities and third-party payors). This discovery, like the discovery defendants must pursue from plaintiffs, has not yet begun.

Finally, plaintiffs' Status Report fails to mention that one of the defendants it has chosen to sue, Hikma Pharmaceuticals USA Inc., is starting from square one, and another, Noramco, is not much

further along. As explained in defendants' Status Report, Hikma has not been required to produce any documents in any opioid-related litigation, nor has it even negotiated a scope of production or produced a single employee for deposition. Dkt. 66 at 3. Noramco is in a similar position. The Track One plaintiffs did not pursue any discovery against Noramco, and it was ultimately severed from Track One of MDL 2804. While Noramco has begun producing discovery in a few state cases, that discovery remains ongoing. And no party depositions have been taken of Noramco employees. Dkt. 66 at 3-4. Hikma and Noramco do not believe that discovery can be completed from them in the six-to-nine-month period plaintiffs suggest.

Once discovery opens, defendants intend to move forward expeditiously. But regardless of the parties' efforts, this case requires a schedule commensurate with its scope and complexity. Plaintiffs' estimated six to nine months may be realistic for them to finish discovery that is already "substantially complete." But it is unrealistic to suppose that defendants can complete discovery of plaintiffs and relevant third parties in anything close to that period of time.

If the Court is disinclined to stay discovery entirely pending resolution of motions to dismiss (as defendants suggested in their Status Report filed on February 19), defendants suggest in the alternative that discovery at least be limited during that initial period to production of documents by plaintiffs and third parties. That approach would ensure that efforts are appropriately concentrated in the initial phase on the discovery that will take the longest to complete, while still leaving plenty of time after the Court decides threshold motions to address the limited discovery for which plaintiffs expect to require a much shorter time period.

**II.     Rulings of the MDL Court Are Not Binding Here.**

Plaintiffs suggest that "briefing on dispositive motions will be unnecessary or substantially limited," because Judge Polster ruled on motions to dismiss and for summary judgment concerning some of the MDL 2804 Track One Ohio municipality plaintiffs' common law and RICO claims (applying Ohio and Sixth Circuit law). Dkt. 67 at 2. That does not follow. The MDL court has never considered or ruled on dispositive motions in *this* case; nor has it ever had occasion to address the California and Ninth Circuit law that is binding here. Plaintiffs' Complaint asserts claims for public nuisance (Cal. Civ. Code §§ 3479-3480); unfair competition (Cal. Bus. & Prof. Code § 17200); false

advertising (Cal Bus. & Prof. Code § 17500); RICO (18 U.S.C. § 1962(c)-(d)); negligence; negligent misrepresentation; and fraudulent concealment. The Ohio Track One plaintiffs did not bring any claims under the California UCL or False Advertising Law or under California common law; indeed, they did not bring claims for unfair competition or false advertising even under Ohio law.  Judge Polster therefore could not have ruled – and did not rule – on the viability of any of the California causes of action that make up the bulk of plaintiffs' case.  Nor did Judge Polster rule on any RICO claims under Ninth Circuit law, since he was bound to apply Sixth Circuit law to the Track One plaintiffs' federal claims.

Plaintiffs' passing suggestion that rulings of the MDL court with respect to the Track One cases are binding "law of the case" here is wrong.[1]  The MDL Court has never made any substantive rulings in this case to which that doctrine could apply, and rulings made in *different* cases are irrelevant for this purpose.  Cases consolidated in an MDL do not merge into a single case; rather they "ordinarily retain their separate identities." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 (2015).  To invoke the law of the case doctrine, an earlier ruling must be ***in the same case***.  *See, e.g.*, *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 268 n.18 (3d Cir. 2017) (error to view decision in separate MDL action by different plaintiffs as binding law of the case, a doctrine that "does not apply here because it only applies within a single litigation"); *see also United States v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984) ("The doctrine of law of the case . . . typically applies to the same case when the parties in the subsequent proceeding were also the parties to the former . . . decision.  This matter is not entirely the same case . . . [and accordingly the] doctrine does not apply in this matter."); 18B Charles Alan Wright et al., Federal Practice & Procedure: Jurisdiction & Related Matters § 4478 (4th ed. 2015) ("Law-of-the-case rules . . . do not apply between separate actions.").  Thus, because this case and the Track One cases are distinct, the law of the case doctrine does not apply.[2]

---

[1] A similar argument by the plaintiff in another case remanded from the MDL was recently rejected by Judge Alonso in the Northern District of Illinois.  *See City of Chicago v. Purdue Pharma, L.P., et al.*, No. 14-CV-04361-JLA-YBK (N.D. Ill. Feb. 18, 2020).

[2] Even if this were the same case – which it clearly is not – the "law of the case" doctrine would not apply in any event to the interlocutory rulings made by the MDL court.  *See, e.g.*, *Peralta v. Dillard*,

Defendants are entitled to bring, and intend to bring in this case, motions to dismiss that must be decided under California and Ninth Circuit law, based on plaintiffs' claims in *this* case, and the unique facts alleged here.  This is an important threshold stage in this case that will have an important impact on the shape and timing of subsequent proceedings.

\* \* \*

For the foregoing reasons, and for the reasons set forth in defendants' Status Report, defendants therefore respectfully request that the Court set deadlines only for briefing and a hearing on defendants' motions to dismiss, with further deadlines to be set following resolution of those motions.

DATED:   February 24, 2020

Respectfully Submitted,

By: */s/ Sonya D. Winner*
Sonya D. Winner
Nathan E. Shafroth
Covington & Burling LLP
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

*Attorneys for Defendant
McKesson Corporation*

---

744 F.3d 1076, 1088 (9th Cir. 2014) (en banc) ("the denial of a summary judgment motion is never law of the case").  Nor would it compel adherence to erroneous rulings.  *See, e.g.*, *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) ("The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case.").  Moreover, some parties, like Hikma, were not even parties in the Track One cases and had no opportunity to contest any rulings made in them.  If and when necessary, defendants will be prepared to brief these issues in more detail.

DATED:   February 24, 2020

By: /s/ *Steven J. Boranian*
Steven J. Boranian
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
sboranian@reedsmith.com

Sarah B. Johansen
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
sjohansen@reedsmith.com

*Attorneys for Defendants*
*AmerisourceBergen Corporation and*
*AmerisourceBergen Drug Corporation*

DATED:   February 24, 2020

By: /s/ *Neelum J. Wadhwani*
Neelum J. Wadhwani (Bar No. 247948)
Enu A. Mainigi (*pro hac vice application forthcoming*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
nwadhwani@wc.com
emainigi@wc.com

*Attorneys for Defendant*
*Cardinal Health, Inc.*

DATED: February 24, 2020

By: /s/ Zachary Hill
Zachary Hill, Bar No. 275886
MORGAN, LEWIS & BOCKIUS LLP
zachary.hill@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Eric W. Sitarchuk*
Rebecca J. Hillyer*
MORGAN, LEWIS & BOCKIUS LLP
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com
1701 Market Street
Philadelphia, 19103-2921
Tel: +1.215.963.5000
Fax: +1.215.963.5001

Wendy West Feinstein (*pro hac vice* pending)
MORGAN, LEWIS & BOCKIUS LLP
wendy.feinstein@morganlewis.com
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: +1.412.560.7455
Fax: +1.412.560.7001

*Attorneys for Defendants*
*Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis LLC, Watson Laboratories, Inc., and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

DATED: February 24, 2020

By: */s/ Sean O. Morris*
Sean O. Morris
John D. Lombardo
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: +1-213-243-4000
Facsimile: +1-213-243-4199
Email: Sean.Morris@arnoldporter.com
Email: John.Lombardo@arnoldporter.com

*Attorneys for Defendants*
*Endo Pharmaceuticals Inc., Endo Health*
*Solutions Inc., Par Pharmaceutical, Inc.,*
*and Par Pharmaceutical Companies, Inc.*

DATED: February 24, 2020

By: */s/ Amy J. Laurendeau*
Amy J. Laurendeau (S.B. #198321)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900
alaurendeau@omm.com

Charles C. Lifland (S.B. #108950)
Sabrina H. Strong (S.B. #200292)
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
sstrong@omm.com

Amy R. Lucas (S.B. #264034)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
(310) 553-6700
alucas@omm.com

Stephen D. Brody (*pro hac vice forthcoming*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
sbrody@omm.com

*Attorneys for Defendant*
*Janssen Pharmaceuticals, Inc.*

DATED: February 24, 2020

By: */s/ Rocky C. Tsai*
Rocky C. Tsai (SBN #221452)
*rocky.tsai@ropesgray.com*
Traci J. Irvin (SBN #309432)
*traci.irvin@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350

*Attorneys for Defendant
Mallinckrodt LLC*

DATED: February 24, 2020

By: */s/ Michael Onufer*
Michael Onufer (Bar No. 300903)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Email: michael.onufer@kirkland.com

Jennifer G. Levy, P.C. (*pro hac vice forthcoming*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
Email: jennifer.levy@kirkland.com

Donna Welch, P.C. (*pro hac vice forthcoming*)
Timothy W. Knapp, P.C. (*pro hac vice forthcoming*)
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
tknapp@kirkland.com

*Attorneys for Defendants
Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Allergan Sales, LLC and Allergan USA, Inc.*

DATED:   February 24, 2020

By: */s/ Elizabeth A. Sperling*
Elizabeth A. Sperling (CA Bar No. 231474)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Fax: (213) 576-1100
elizabeth.sperling@alston.com

Daniel G. Jarcho*
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 239-3300
Daniel.jarcho@alston.com

Cari K. Dawson*
Jenny A. Hergenrother*
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900 Atlanta, GA 30309-3424
Telephone: (404) 881-7000
cari.dawson@alston.com
jenny.hergenrother@alston.com

*Attorneys for Defendant Noramco, Inc.*

*\*Denotes National counsel who will seek pro hac vice admission*

DATED:   February 24, 2020

By:  */s/ Alan R. Ouellette*
Alan R. Ouellette (SBN 272745)
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Tel:     415.434.4484
Fax:    415.434.4507
Email:  aouellette@foley.com

James W. Matthews (*Pro Hac Vice* motion forthcoming)
Ana M. Francisco (*Pro Hac Vice* motion forthcoming)
Katy E. Koski (*Pro Hac Vice* motion forthcoming)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel:     617.342.4000
Fax:    617.342.4001
Email:  jmatthews@foley.com
Email:  afrancisco@foley.com
Email:  kkoski@foley.com

*Attorneys for Defendant Anda, Inc.*

DATED:   February 24, 2020

By: */s/ Jennifer M. Cecil*
Jennifer M. Cecil
WINSTON & STRAWN LLP
101 California Street
35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jcecil@winston.com

Christopher B. Essig (pro hac application forthcoming)
Scott M. Ahmad (pro hac application forthcoming)
Reid F. Smith (pro hac application forthcoming)
Sarah J. Bily (pro hac application forthcoming)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
cessig@winston.com
sahmad@winston.com
rfsmith@winston.com
sbily@winston.com

*Attorneys for Defendant*
*Hikma Pharmaceuticals USA Inc.*
*(f/k/a West-Ward Pharmaceutical Corp.)*

DEFENDANTS' REPLY STATUS REPORT

## ATTESTATION

I, Sonya Winner, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: February 24, 2020         By:   */s/ Sonya D. Winner*
                                       Sonya D. Winner