1  Douglas R. Young (State Bar No. 73248)
   dyoung@fbm.com
2  C. Brandon Wisoff (State Bar No. 121930)
   bwisoff@fbm.com
3  Richard Van Duzer (State Bar No. 136205)
   rvanduzer@fbm.com
4  Russell E. Taylor (State Bar No. 320375)
   rtaylor@fbm.com
5  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
6  San Francisco, California 94104
   Telephone: (415) 954-4400
7  Facsimile: (415) 954-4480

8  Attorneys for Defendants
   David A. Sackler, Ilene Sackler Lefcourt,
9  Jonathan D. Sackler, Kathe A. Sackler, Mortimer
   D.A. Sackler, Richard S. Sackler, and Theresa
10 Sackler, and Richard S. Sackler and Jonathan D.
   Sackler in Their Alleged Capacities as Trustees of the
11 Alleged "Trust for the Benefit of Members of the
   Raymond Sackler Family," and Former Attorneys for Beverly Sackler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiffs,<br><br>vs.<br><br>PURDUE PHARMA L.P., RICHARD S. SACKLER, JONATHAN D. SACKLER, MORTIMER D.A. SACKLER, KATHIE A. SACKLER, ILENE SACKLER LEFCOURT, BEVERLY SACKLER, THERESA SACKLER, DAVID A SACKLER, TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY, RHODES PHARMACEUTICALS L.P., CEPHALON, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., ENDO INTERNATIONAL PLC, ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS INC., JANSSEN PHARMACEUTICALS, INC., INSYS | Case No. 18-cv-7591<br><br>The Hon. Charles R. Breyer<br><br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR PARTIAL STAY** |

JOINT STIPULATION AND [PROPOSED] ORDER FOR PARTIAL STAY– Case No. 18-cv-7591

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | THERAPEUTICS, INC., MALLINCKRODT, PLC, MALLINCKRODT LLC, ALLERGAN PLC f/k/a ACTAVIS PLC, WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a/ WATSON PHARMA, INC., AMERISOURCEBERGEN CORPORATION, CARDINAL HEALTH, INC. and McKESSON CORPORATION,<br><br>Defendants. |

Defendants David Sackler, Ilene Sackler Lefcourt, Jonathan Sackler, Kathe Sackler, Mortimer D.A. Sackler, Richard Sackler, and Theresa Sackler (the "**Individual Defendants**"), and Richard Sackler and Jonathan Sackler in their alleged capacity as trustees ("**Alleged Trustees**"), and Plaintiffs The City and County of San Francisco and The People Of The State Of California, acting by and through San Francisco City Attorney Dennis J. Herrera ("**Plaintiffs**," and together with the Individual Defendants and Alleged Trustees, the "**Parties**"), enter this Stipulation of Stay. In support of this stipulation, the Parties say the following:

1. This is an action brought by the Plaintiffs alleging multiple claims against the Individual Defendants and Alleged Trustees, as well as multiple other persons/entities who are not parties to this Stipulation.

2. Plaintiffs filed their Complaint on December 18, 2018.

3. This case was transferred to the Multi-District Litigation, *In re National Prescription Opiate Litigation*, No. 2804 (N.D. Ohio) (the "**MDL**"), by order dated January 18, 2019.

4. Plaintiffs filed their Amended Complaint on April 22, 2019 in the MDL.

5. The Individual Defendants and Alleged Trustees accepted service of the Amended Complaint on June 13, 2019, in the MDL subject to a reservation of all defenses (including lack of personal jurisdiction and proper party). *See* June 13, 2019 Stipulation, *In re National Prescription Opiate Litigation*, No. 19-op-45022 (DAP), ECF No. 36 (N.D. Ohio June 13, 2019).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT STIPULATION AND [PROPOSED] ORDER
FOR PARTIAL STAY– Case No. 18-cv-7591     2

37369\13067877.1

6. On February 5, 2020, this case was remanded from the MDL to the Northern District of California. *See* Remand Order, *City and County of San Francisco v. Purdue Pharma L.P.*, No. 3:18 Civ. 7591 (CRB), ECF No. 18 (N.D. Cal. Feb. 5, 2020).

7. On February 17, 2020, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction sought by Purdue Pharma L.P. and certain of its affiliated Debtors (the "**Debtors**"). *See* Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *In re Purdue Pharma, L.P.*, No. 19-23649 (RDD), Adv. Pro. No. 19-8289, ECF No. 139 (Bankr. S.D.N.Y. Feb. 17, 2020) (the "**Sixth Amended Order**") (attached as **Exhibit 1** (without appendices)). The Sixth Amended Order, in line with the Orders that it amended, enjoined cases referenced in the Sixth Amended Order and pending across the nation from proceeding against the Individual Defendants and Alleged Trustees, including actions by "Governmental Defendants" similar to the Plaintiffs. The Sixth Amended Order sets forth a procedure for seeking to include "inactive litigation" that "becomes active" to the injunction. The Individual Defendants and Alleged Trustees understand that the Debtors are in the process of requesting that the Bankruptcy Court add this case to the list of enjoined cases, which would prevent this matter from proceeding against the Individual Defendants and Alleged Trustees.

8. The Parties stipulate and agree that this case shall be stayed as to the Individual Defendants and Alleged Trustees while the Bankruptcy Court determines whether this case will be included with those enjoined by the Preliminary Injunction, and while the Preliminary Injunction (if applicable) remains in effect.

9. The Parties further stipulate that the Individual Defendants and Alleged Trustees shall be afforded 60 days from the date that the Bankruptcy Court notifies the Individual Defendants and Alleged Trustees that this matter will be permitted to proceed (by refusing to extend the Preliminary Injunction to this matter, dissolving the Preliminary Injunction in a manner that allows this matter to proceed, or otherwise) within which to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT STIPULATION AND [PROPOSED] ORDER
FOR PARTIAL STAY– Case No. 18-cv-7591         3

37369\13067877.1

1  answer or otherwise respond to the Amended Complaint.

2  10. The Individual Defendants and Alleged Trustees reserve all affirmative and other

3  defenses, including lack of personal jurisdiction and improper party.

**SO STIPULATED.**

Dated:  February 24, 2020                FARELLA BRAUN + MARTEL LLP

By:      */s/ Russell Taylor*
         Russell Taylor

Attorneys for Defendants
David A. Sackler, Ilene Sackler Lefcourt, Jonathan D. Sackler, Kathe A. Sackler, Mortimer D.A. Sackler, Richard S. Sackler, and Theresa Sackler, and Richard S. Sackler and Jonathan D. Sackler in Their Alleged Capacities as Trustees of the Alleged "Trust for the Benefit of Members of the Raymond Sackler Family," and Former Attorneys for Beverly Sackler

Dated:  February 24, 2020                Robbins Geller Rudman & Dowd LLP

By:      */s/ Matthew S. Melamed*
         Matthew S. Melamed

Attorneys for Plaintiffs The City and County of San Francisco, California and The People of the State of California, Acting by and through San Francisco City Attorney Dennis J. Herrera

### FILER'S ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Russell Taylor, attest that concurrence in the filing of this JOINT STIPULATION AND [PROPOSED] ORDER FOR PARTIAL STAY has been obtained from other signatory.

Executed this 24th day of February 2020, at San Francisco, California.

By:      */s/ Russell Taylor*
         Russell Taylor

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT STIPULATION AND [PROPOSED] ORDER FOR PARTIAL STAY– Case No. 18-cv-7591    4

37369\13067877.1

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2020

Hon. Charles R. Breyer
United States District Judge

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT STIPULATION AND [PROPOSED] ORDER
FOR PARTIAL STAY– Case No. 18-cv-7591

5

37369\13067877.1

# Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |
| **PURDUE PHARMA L.P.,** *et al.*, | |
| Plaintiffs, | Adv. Pro. No. 19-08289 |
| v. | |
| **COMMONWEALTH OF MASSACHUSETTS,** *et al.*, | |
| Defendants. | |

**SIXTH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a) GRANTING
MOTION FOR A PRELIMINARY INJUNCTION**

Upon the motion, dated September 18, 2019 ("**Motion**"), of Purdue Pharma L.P. and certain affiliated debtors, as debtors and debtors in possession (collectively, "**Debtors**"), which are plaintiffs in this adversary proceeding, for an order pursuant to section § 105(a) of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 7065 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), to (i) enjoin the governmental defendants in this adversary proceeding ("**Governmental Defendants**") from the commencement or continuation of their active judicial, administrative, or other actions or proceedings against the Debtors that were or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

could have been commenced before the commencement of the case ("**Governmental Actions**"), which are identified in the chart annexed hereto as Appendix III, as well as the commencement or continuation of any other actions against the Debtors alleging substantially similar facts or causes of action as those alleged in the Governmental Actions, and (ii) enjoin the Governmental Defendants and the private defendants ("**Private Defendants**") in this adversary proceeding from the commencement or continuation of their active judicial, administrative, or other actions or proceedings, identified in the chart annexed hereto as Appendix IV, and the commencement or continuation of other actions alleging substantially similar facts or causes of action as those alleged in the actions identified in Appendix III and Appendix IV, against former or current (a) owners (including any trusts and their respective trustees and beneficiaries), (b) directors, (c) officers, (d) employees, and (e) other similar associated entities of the Debtors that were or could have been commenced before the commencement of the case ("**Related Parties**," as identified in Appendix IV,[2] and the claims against them described in this paragraph, the

---

[2] The Related Parties identified in Appendix IV are: The Purdue Frederick Company Inc.; The P.F. Laboratories Inc.; Purdue Pharma Technologies Inc.; PLP Associates Holdings L.P.; PLP Associates Holdings Inc.; BR Holdings Associates L.P.; BR Holdings Associates Inc.; Rosebay Medical Company L.P.; Rosebay Medical Company, Inc.; Beacon Company; PRA Holdings Inc.; Pharmaceutical Research Associates Inc.; Purdue Holdings L.P.; Rhodes Pharmaceuticals Inc.; Rhodes Technologies Inc.; Coventry Technologies L.P.; MNP Consulting Limited; Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler; Trust for the Benefit of Members of the Raymond Sackler Family; Raymond Sackler Trust; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1964; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1974; Paulo Costa; Cecil Pickett; Ralph Snyderman; Judith Lewent; Craig Landau; Mark Timney; Stuart D. Baker; Frank Peter Boer; John Stewart; Russell Gasdia; Marv Kelly; Shelli Liston; Heather Weaver; Doug Powers; Lori Fuller; Rodney Davis; Brandon Worley; Donald Leathers; Wendy Kay; Michael Madden; LeAvis Sullivan; Jeffrey Ward; Beth Taylor; Leigh Varnadore; Paul Kitchin; Mark Waldrop; Mark Radcliffe; Mark Ross; Patty Carnes; Carol Debord; Jeff Waugh; Shane Cook; James David Haddox; Aida Maxsam; Tessa Rios; Amy K. Thompson; Joe Coggins; Lyndsie Fowler; Mitchell "Chip" Fisher; Rebecca Sterling; Vanessa Weatherspoon; Chris

2

"**Related-Party Claims**"); and the Court having jurisdiction to decide the Motion and the relief requested therein under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and there being due and sufficient notice of the Motion; and the Court having reviewed the Complaint, the Motion, the Debtors' brief in support of the Motion, the declarations in support of the Motion, and other evidence and argument submitted by the Debtors in support thereof; all pleadings filed in support of the Motion; and all objections filed in opposition or partial opposition to the Motion, as well as all filed letters in response to the Motion; and upon the record of and representations made at the hearing held by the Court on the Motion's request for entry of a preliminary injunction on October 11, 2019 (the "**October 11 Hearing**") and at the hearing held on November 6, 2019 (the "**November 6 Hearing**," together with the October 11 Hearing, the "**Hearings**"); and, after due deliberation and for the reasons set forth on the record by the Court at the Hearings, good and sufficient cause appearing having entered Orders on October 11, 2019 granting the Motion in part and on October 18, 2019 amending such Order; and such Orders having contemplated a procedure to amend the Orders further; and upon the untimely, one-paragraph objection, dated January 31, 2020 to the entry of the last amendment to the Orders (the "January 31 Objection"); and upon the Debtors' notice of the proposed entry of the form of this Order and response to the January 31 Objection, each dated February 5, 2020; and, after due notice, there being no objections to such notice; and after due deliberation, the Court having determined that the January 31 Objection should be overruled for the same reasons stated by the Court in overruling the remaining objections to the Orders; and good and sufficient cause appearing to amend such Orders as provided herein, the Court grants the Debtors' request to amend the Orders as provided

---

Hargrave; Brandon Hassenfuss; Joe Read; Andrew T. Stokes; Nathan C. Grace; Jaclyn P. Gatling; Leslie Roberson; Barbara C. Miller; Briann Parson-Barnes; Becca Beck Harville; Lindsey Bonifacio; Tammy Heyward; James Speed; Damon Storhoff; Diana C. Muller; and Draupadi Daley.

in this Amended Order, which amends and supersedes the Court's prior Orders. Now, therefore, the Court finds and concludes as follows:

(a) The Plaintiffs in these adversary proceedings are the Debtors. The Defendants in this adversary proceeding are the Governmental Defendants and the Private Defendants, which are listed in the "Underlying Plaintiffs" column of each of the charts annexed hereto as Appendix III and Appendix IV, with such Appendices being made a part of and incorporated in this Order. The Defendants in this adversary proceeding are all plaintiffs in judicial, administrative, or other actions or proceedings that seek to hold the Debtors and/or the Related Parties, as identified in Appendix IV, liable in connection with claims and/or causes of action arising out of or otherwise related to the Debtors' prescription opioid business.

(b) The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

(c) The Debtors have demonstrated that the continuation of the active litigation against them and the Related Parties, identified in Appendix III and Appendix IV, respectively, would result in irreparable harm to the Debtors and their reorganization.

(d) The representatives of the Raymond Sackler family and of the Mortimer Sackler family (collectively, the "**Sackler Families**") agreed on the record at the October 11 Hearing to toll all applicable statutes of limitations and similar time limits on the commencement of Additional Actions against any member of the Sackler Families, and to treat as inoperative all deadlines (including deadlines for appeals) in any currently pending Related Party Claim against any member of the Sackler Families, for the duration of this preliminary injunction.

4

(e) Accordingly, this Court finds it appropriate to enter a preliminary injunction as provided herein pursuant to section § 105(a) of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules.

(f) The legal and factual bases set forth in the Complaint, the Motion, the Brief, other supporting papers, and at the Hearings establish just cause for the relief granted herein.

(g) Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New Jersey, New York, Nevada, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, Wisconsin, the Ad Hoc Group of Non-Consenting States [Docket No. 296 of Case No. 19-23649] and the Multi-State Governmental Entities Group and each of its members[3] (as listed on the October 30, 2019 Verified Statement pursuant to Bankruptcy Rule 2019 filed under Docket No. 409 of Case No. 19-23649) (collectively, the "**Potential Opt-Out Parties**") have each consented and agreed to continue to abide by the terms of the *Second Amended Order Pursuant To 11 U.S.C. § 105(a) Granting Motion For A Preliminary Injunction* [Docket No. 105 of Adv. Pro. No. 19-08289] (the "**November 6 Order**"), without the need to have any order entered against them.

---

[3] Based upon the record of the November 6 Hearing, the following members of the Multi-State Governmental Entities Group are not Potential Opt-Out Parties and are instead bound to the terms of the November 6 Order until April 8, 2020: (1) Bryant C. Dunaway, in his official capacity as the District Attorney General for the Thirteenth Judicial District, Tennessee; (2) Jennings H. Jones, in his official capacity as the District Attorney General for the Sixteenth Judicial District, Tennessee; (3) Robert J. Carter, in his official capacity as the District Attorney General for the Seventeenth Judicial District, Tennessee; (4) Brent A. Cooper, in his official capacity as the District Attorney General for the Twenty-Second Judicial District, Tennessee; and (5) Lisa S. Zavogiannis, in her official capacity as the District Attorney General for the Thirty-First Judicial District, Tennessee.

Based on these findings, it is hereby:

ORDERED, that the Governmental Defendants, other than those who are Potential Opt-Out Parties, and the Private Defendants are prohibited and enjoined from (i) the commencement or continuation of their active judicial, administrative, or other actions or proceedings against the Debtors and/or Related Parties that were or could have been commenced before the commencement of the case under this title against the Debtors and/or the Related Parties arising from or in any way relating to the Debtors' prescription opioid business, including the actions reflected in Appendix III and Appendix IV, as well as (ii) from commencing or continuing any other actions against the Debtors or Related Parties alleging substantially similar facts or causes of action as those alleged in actions reflected in Appendix III and Appendix IV, in each case through and including Wednesday, April 8, 2020. The preliminary injunction period may be extended by further order of the Court.

ORDERED, that each Potential Opt-Out Party may withdraw its consent on one of two dates—December 19, 2019 and February 21, 2020 (the "**Opt-Out Dates**")—by filing with the Bankruptcy Court a notice (a "**Withdrawal Notice**") in the form attached hereto as Appendix II.[4] Each Potential Opt-Out Party filing a Withdrawal Notice must send a copy of the same to the Debtors' counsel at least two business days before such filing. If any Potential Opt-Out Party files a Withdrawal Notice on either Opt-Out Date, then, no later than three business days after such Opt-Out Date, counsel for the Debtors shall submit to the Court for immediate entry a new proposed order that, upon its entry, will terminate the voluntary compliance of and instead bind each Potential Opt-Out Party that timely filed and served a Withdrawal Notice to the same terms

---

[4] For the avoidance of doubt, pages 84:8-87:17 of the November 6, 2019 transcript continue to control Arizona's Brief in Reply in the United States Supreme Court proceeding docketed as *State of Arizona v. Richard Sackler et al.*, No. 22O151.

6

imposed on other parties by the November 6 Order from the applicable Opt-Out Date until April 8, 2020. For the avoidance of doubt, entry of the November 6 Order (which does not enjoin Potential Opt-Out Parties in light of their full voluntary compliance therewith) and entry of this order shall not impair any rights of Potential Opt-Out Parties to appeal any subsequent order entered in connection with a Withdrawal Notice as contemplated herein.

ORDERED, that the Debtors in these chapter 11 cases shall be subject to the Voluntary Injunction annexed hereto as Appendix I.

ORDERED, that the Debtors need not give security in connection with this injunctive relief.

ORDERED, that this Order shall be promptly filed in the Clerk's Office and entered into the record.

ORDERED, that the Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

ORDERED, that nothing in this Order shall prevent the Debtors from seeking a further extension of the requested injunction.

ORDERED, that if, while the preliminary injunction provided for in this Order is effective, either (i) any inactive litigation currently pending against the Debtors or Related Parties becomes active, or (ii) any new action is commenced against the Debtors or Related Parties (in either case, an "**Additional Action**"), the Debtors may promptly serve the plaintiff or plaintiffs in such Additional Action ("**Applicable Plaintiff**") with a copy of the Complaint, the Motion, the Debtors' memorandum of law in support of the Motion, and this Order (the "**Service Documents**"). The Debtors shall file a notice of such service on the docket promptly after service. If the Applicable Plaintiff in such Additional Action does not file and serve an

7

objection within seven (7) days of service of the Service Documents, the Court may determine whether such Additional Action should be enjoined pursuant to this Order without further proceedings. If the Applicable Plaintiff files and serves an objection, the Debtors shall have the right to file and serve a response to the objection within seven (7) days of service of the objection, after which the Court may determine whether such Additional Action should be enjoined pursuant to this Order without further proceedings, or either party may seek to schedule and provide notice of a hearing.

ORDERED, that all applicable statutes of limitations and similar time limits on the commencement of Additional Actions, and all deadlines (including deadlines for appeals) in any currently pending Governmental Action or Related Party Claim (including as agreed on the record at the Hearing by the representatives of the Sackler Families), shall be tolled or otherwise inoperative for the duration of this preliminary injunction. This is without prejudice to any party's rights to assert that any currently pending Governmental Action or Related Party Claim is time barred, or that commencement of any Additional Action, or any other action taken by a party with respect to any Governmental Action or Related Party Claim after the entry of this Order would have been time barred or untimely had it been commenced or taken before the entry of this Order.

ORDERED, that nothing in this Order shall affect or abrogate the automatic stay as to the Debtors under section 362 of the Bankruptcy Code.

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 14, 2020
      White Plains, New York     /s/ Robert D. Drain_____
                                            United States Bankruptcy Judge