Douglas R. Young (State Bar No. 73248)
dyoung@fbm.com
C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Richard Van Duzer (State Bar No. 136205)
rvanduzer@fbm.com
Russell E. Taylor (State Bar No. 320375)
rtaylor@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
David A. Sackler, Ilene Sackler Lefcourt,
Jonathan D. Sackler, Kathe A. Sackler, Mortimer
D.A. Sackler, Richard S. Sackler, and Theresa
Sackler, and Richard S. Sackler and Jonathan D.
Sackler in Their Alleged Capacities as Trustees of the
Alleged "Trust for the Benefit of Members of the
Raymond Sackler Family," and Former Attorneys for Beverly Sackler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

|  |  |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiffs,<br><br>vs.<br><br>PURDUE PHARMA L.P., RICHARD S. SACKLER, JONATHAN D. SACKLER, MORTIMER D.A. SACKLER, KATHIE A. SACKLER, ILENE SACKLER LEFCOURT, BEVERLY SACKLER, THERESA SACKLER, DAVID A SACKLER, TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY, RHODES PHARMACEUTICALS L.P., CEPHALON, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., ENDO INTERNATIONAL PLC, ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS INC., JANSSEN PHARMACEUTICALS, INC., INSYS | Case No. 18-cv-7591<br><br>The Hon. Charles R. Breyer<br><br>**STATUS REPORT RE BANKRUPTCY PROCEEDINGS** |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STATUS REPORT RE BANKRUPTCY
PROCEEDINGS - Case No. 18-cv-7591

38473\13106054.1

1  THERAPEUTICS, INC., MALLINCKRODT,
   PLC, MALLINCKRODT LLC, ALLERGAN
2  PLC f/k/a ACTAVIS PLC, WATSON
   PHARMACEUTICALS, INC. n/k/a
3  ACTAVIS, INC., WATSON
   LABORATORIES, INC., ACTAVIS LLC,
4  ACTAVIS PHARMA, INC. f/k/a/ WATSON
   PHARMA, INC., AMERISOURCEBERGEN
5  CORPORATION, CARDINAL HEALTH,
   INC. and McKESSON CORPORATION,
6
                     Defendants.
7

8          David Sackler, Ilene Sackler Lefcourt, Jonathan Sackler, Kathe Sackler, Mortimer D.A.

9  Sackler, Richard Sackler, and Theresa Sackler (the "Individual Defendants"), and Richard Sackler

10 and Jonathan Sackler in their alleged capacity as trustees ("Alleged Trustees") file this status

11 report to apprise the Court of recent proceedings in the Purdue Bankruptcy Proceedings relevant to

12 this case.  In summary, (1) counsel for the Individual Defendants and Alleged Trustees have

13 complied with the Court's order to seek inclusion of this case in the Purdue Bankruptcy

14 Proceedings; (2) the Purdue debtor parties ("Debtors") have begun the process of asking the U.S.

15 Bankruptcy Court for the Southern District of New York overseeing the Purdue Bankruptcy

16 Proceedings to stay this action to the Individual Defendants and Alleged Trustees; (3) Plaintiffs

17 herein have not objected to the Debtor's request and their time to object has now expired; and (4)

18 we expect the Bankruptcy Court to stay this action as to the Individual Defendants and Alleged

19 Trustees in short order.

20         On February 26, 2020, this Court stayed this case "as to the Individual Defendants and

21 Alleged Trustees while the Bankruptcy Court determines whether this case will be included with

22 those enjoined by the Preliminary Injunction, and while the Preliminary Injunction (if applicable)

23 remains in effect."  Order (ECF No. 103) at 3:20–23.  The Court instructed that counsel "shall

24 seek an inclusion in the bankruptcy proceedings within one week."  Docket Entry (ECF No. 103).

25 During the initial case management conference held earlier that day, the Court also instructed

26 counsel to provide the Court with an update about counsel's efforts to seek inclusion in the

27 bankruptcy proceedings within one week.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STATUS REPORT RE BANKRUPTCY
PROCEEDINGS - Case No. 18-cv-7591                    2                              38473\13106054.1

1    The Bankruptcy Court in the Purdue Bankruptcy Proceedings specified in its Sixth

2  Amended Preliminary Injunction Order the procedure for enjoining cases where, as here, "inactive

3  litigation currently pending against the Debtors or Related Parties becomes active."  Ex. 1 at 7.

4  That procedure is as follows: "if, while the preliminary injunction provided for in this Order is

5  effective . . .  any inactive litigation currently pending against the Debtors or Related Parties

6  becomes active," then "[t]he Debtors may promptly serve the plaintiff or plaintiffs in such

7  Additional Action ('Applicable Plaintiff') with a copy of the Complaint, the Motion, the Debtors'

8  memorandum of law in support of the Motion, and this Order (the 'Service Documents').  The

9  Debtors shall file a notice of such service on the docket promptly after service."  Once the Debtors

10  serve the Applicable Plaintiff the Service Documents, the Applicable Plaintiff then has seven days

11  to file and serve an objection.  If the Applicable Plaintiff does not object within seven days, "the

12  Court may determine whether such Additional Action should be enjoined pursuant to this Order

13  without further proceedings."  *Id.* at 8.

14    The Debtors, following these procedures, served the Service Documents on Plaintiffs The

15  City and County of San Francisco, California and the People of the State of California, acting by

16  and through San Francisco City Attorney Dennis J. Herrera, on February 25, 2020.  *See* Ex. 2 at 3.

17  The Debtors filed a notice of such service on February 26, 2020.  Plaintiffs had until March 3,

18  2020, to file and serve an objection.  Plaintiffs did not do so.

19    Today, the Debtors filed a Notice of Filing of Proposed Seventh Amended Preliminary

20  Injunction Order to include this case with those enjoined by the Preliminary Injunction.  *See* Ex. 3.

21  We expect the Bankruptcy Court will add this case to the list of cases subject to its stay order as to

22  the Individual Defendants and Alleged Trustees.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

STATUS REPORT RE BANKRUPTCY
PROCEEDINGS - Case No. 18-cv-7591

38473\13106054.1

1    Dated:  March 4, 2020                    FARELLA BRAUN + MARTEL LLP

2

3                                             By:      */s/ C. Brandon Wisoff*
                                                   C. Brandon Wisoff
4
                                              Attorneys for Defendants
5                                             David A. Sackler, Ilene Sackler Lefcourt,
                                              Jonathan D. Sackler, Kathe A. Sackler, Mortimer
6                                             D.A. Sackler, Richard S. Sackler, and Theresa
                                              Sackler, and Richard S. Sackler and Jonathan D.
7                                             Sackler in Their Alleged Capacities as Trustees of the
                                              Alleged "Trust for the Benefit of Members of the
8                                             Raymond Sackler Family," and Former Attorneys for
                                              Beverly Sackler
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATUS REPORT RE BANKRUPTCY                    4                        38473\13106054.1
PROCEEDINGS - Case No. 18-cv-7591

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.,* | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |
| **PURDUE PHARMA L.P.,** *et al.,* | |
| Plaintiffs, | **Adv. Pro. No. 19-08289** |
| v. | |
| **COMMONWEALTH OF MASSACHUSETTS,** *et al.,* | |
| Defendants. | |

## SIXTH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a) GRANTING MOTION FOR A PRELIMINARY INJUNCTION

Upon the motion, dated September 18, 2019 ("**Motion**"), of Purdue Pharma L.P. and

certain affiliated debtors, as debtors and debtors in possession (collectively, "**Debtors**"), which

are plaintiffs in this adversary proceeding, for an order pursuant to section § 105(a) of title 11 of

the United States Code ("**Bankruptcy Code**") and Rule 7065 of the Federal Rules of Bankruptcy

Procedure ("**Bankruptcy Rules**"), to (i) enjoin the governmental defendants in this adversary

proceeding ("**Governmental Defendants**") from the commencement or continuation of their

active judicial, administrative, or other actions or proceedings against the Debtors that were or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

could have been commenced before the commencement of the case ("**Governmental Actions**"),

which are identified in the chart annexed hereto as Appendix III, as well as the commencement

or continuation of any other actions against the Debtors alleging substantially similar facts or

causes of action as those alleged in the Governmental Actions, and (ii) enjoin the Governmental

Defendants and the private defendants ("**Private Defendants**") in this adversary proceeding

from the commencement or continuation of their active judicial, administrative, or other actions

or proceedings, identified in the chart annexed hereto as Appendix IV, and the commencement or

continuation of other actions alleging substantially similar facts or causes of action as those

alleged in the actions identified in Appendix III and Appendix IV, against former or current

(a) owners (including any trusts and their respective trustees and beneficiaries), (b) directors,

(c) officers, (d) employees, and (e) other similar associated entities of the Debtors that were or

could have been commenced before the commencement of the case ("**Related Parties**," as

identified in Appendix IV,[2] and the claims against them described in this paragraph, the

---

[2] The Related Parties identified in Appendix IV are: The Purdue Frederick Company Inc.; The P.F. Laboratories Inc.; Purdue Pharma Technologies Inc.; PLP Associates Holdings L.P.; PLP Associates Holdings Inc.; BR Holdings Associates L.P.; BR Holdings Associates Inc.; Rosebay Medical Company L.P.; Rosebay Medical Company, Inc.; Beacon Company; PRA Holdings Inc.; Pharmaceutical Research Associates Inc.; Purdue Holdings L.P.; Rhodes Pharmaceuticals Inc.; Rhodes Technologies Inc.; Coventry Technologies L.P.; MNP Consulting Limited; Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler; Trust for the Benefit of Members of the Raymond Sackler Family; Raymond Sackler Trust; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1964; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1974; Paulo Costa; Cecil Pickett; Ralph Snyderman; Judith Lewent; Craig Landau; Mark Timney; Stuart D. Baker; Frank Peter Boer; John Stewart; Russell Gasdia; Marv Kelly; Shelli Liston; Heather Weaver; Doug Powers; Lori Fuller; Rodney Davis; Brandon Worley; Donald Leathers; Wendy Kay; Michael Madden; LeAvis Sullivan; Jeffrey Ward; Beth Taylor; Leigh Varnadore; Paul Kitchin; Mark Waldrop; Mark Radcliffe; Mark Ross; Patty Carnes; Carol Debord; Jeff Waugh; Shane Cook; James David Haddox; Aida Maxsam; Tessa Rios; Amy K. Thompson; Joe Coggins; Lyndsie Fowler; Mitchell "Chip" Fisher; Rebecca Sterling; Vanessa Weatherspoon; Chris

"**Related-Party Claims**"); and the Court having jurisdiction to decide the Motion and the relief requested therein under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and there being due and sufficient notice of the Motion; and the Court having reviewed the Complaint, the Motion, the Debtors' brief in support of the Motion, the declarations in support of the Motion, and other evidence and argument submitted by the Debtors in support thereof; all pleadings filed in support of the Motion; and all objections filed in opposition or partial opposition to the Motion, as well as all filed letters in response to the Motion; and upon the record of and representations made at the hearing held by the Court on the Motion's request for entry of a preliminary injunction on October 11, 2019 (the "**October 11 Hearing**") and at the hearing held on November 6, 2019 (the "**November 6 Hearing**," together with the October 11 Hearing, the "**Hearings**"); and, after due deliberation and for the reasons set forth on the record by the Court at the Hearings, good and sufficient cause appearing having entered Orders on October 11, 2019 granting the Motion in part and on October 18, 2019 amending such Order; and such Orders having contemplated a procedure to amend the Orders further; and upon the untimely, one-paragraph objection, dated January 31, 2020 to the entry of the last amendment to the Orders (the "January 31 Objection"); and upon the Debtors' notice of the proposed entry of the form of this Order and response to the January 31 Objection, each dated February 5, 2020; and, after due notice, there being no objections to such notice; and after due deliberation, the Court having determined that the January 31 Objection should be overruled for the same reasons stated by the Court in overruling the remaining objections to the Orders; and good and sufficient cause appearing to amend such Orders as provided herein, the Court grants the Debtors' request to amend the Orders as provided

---

Hargrave; Brandon Hassenfuss; Joe Read; Andrew T. Stokes; Nathan C. Grace; Jaclyn P. Gatling; Leslie Roberson; Barbara C. Miller; Briann Parson-Barnes; Becca Beck Harville; Lindsey Bonifacio; Tammy Heyward; James Speed; Damon Storhoff; Diana C. Muller; and Draupadi Daley.

in this Amended Order, which amends and supersedes the Court's prior Orders. Now, therefore, the Court finds and concludes as follows:

(a)     The Plaintiffs in these adversary proceedings are the Debtors. The Defendants in this adversary proceeding are the Governmental Defendants and the Private Defendants, which are listed in the "Underlying Plaintiffs" column of each of the charts annexed hereto as Appendix III and Appendix IV, with such Appendices being made a part of and incorporated in this Order. The Defendants in this adversary proceeding are all plaintiffs in judicial, administrative, or other actions or proceedings that seek to hold the Debtors and/or the Related Parties, as identified in Appendix IV, liable in connection with claims and/or causes of action arising out of or otherwise related to the Debtors' prescription opioid business.

(b)     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

(c)     The Debtors have demonstrated that the continuation of the active litigation against them and the Related Parties, identified in Appendix III and Appendix IV, respectively, would result in irreparable harm to the Debtors and their reorganization.

(d)     The representatives of the Raymond Sackler family and of the Mortimer Sackler family (collectively, the "**Sackler Families**") agreed on the record at the October 11 Hearing to toll all applicable statutes of limitations and similar time limits on the commencement of Additional Actions against any member of the Sackler Families, and to treat as inoperative all deadlines (including deadlines for appeals) in any currently pending Related Party Claim against any member of the Sackler Families, for the duration of this preliminary injunction.

(e)     Accordingly, this Court finds it appropriate to enter a preliminary injunction as provided herein pursuant to section § 105(a) of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules.

(f)     The legal and factual bases set forth in the Complaint, the Motion, the Brief, other supporting papers, and at the Hearings establish just cause for the relief granted herein.

(g)     Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New Jersey, New York, Nevada, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, Wisconsin, the Ad Hoc Group of Non-Consenting States [Docket No. 296 of Case No. 19-23649] and the Multi-State Governmental Entities Group and each of its members[3] (as listed on the October 30, 2019 Verified Statement pursuant to Bankruptcy Rule 2019 filed under Docket No. 409 of Case No. 19-23649) (collectively, the "**Potential Opt-Out Parties**") have each consented and agreed to continue to abide by the terms of the *Second Amended Order Pursuant To 11 U.S.C. § 105(a) Granting Motion For A Preliminary Injunction* [Docket No. 105 of Adv. Pro. No. 19-08289] (the "**November 6 Order**"), without the need to have any order entered against them.

---

[3] Based upon the record of the November 6 Hearing, the following members of the Multi-State Governmental Entities Group are not Potential Opt-Out Parties and are instead bound to the terms of the November 6 Order until April 8, 2020: (1) Bryant C. Dunaway, in his official capacity as the District Attorney General for the Thirteenth Judicial District, Tennessee; (2) Jennings H. Jones, in his official capacity as the District Attorney General for the Sixteenth Judicial District, Tennessee; (3) Robert J. Carter, in his official capacity as the District Attorney General for the Seventeenth Judicial District, Tennessee; (4) Brent A. Cooper, in his official capacity as the District Attorney General for the Twenty-Second Judicial District, Tennessee; and (5) Lisa S. Zavogiannis, in her official capacity as the District Attorney General for the Thirty-First Judicial District, Tennessee.

Based on these findings, it is hereby:

ORDERED, that the Governmental Defendants, other than those who are Potential Opt-Out Parties, and the Private Defendants are prohibited and enjoined from (i) the commencement or continuation of their active judicial, administrative, or other actions or proceedings against the Debtors and/or Related Parties that were or could have been commenced before the commencement of the case under this title against the Debtors and/or the Related Parties arising from or in any way relating to the Debtors' prescription opioid business, including the actions reflected in Appendix III and Appendix IV, as well as (ii) from commencing or continuing any other actions against the Debtors or Related Parties alleging substantially similar facts or causes of action as those alleged in actions reflected in Appendix III and Appendix IV, in each case through and including Wednesday, April 8, 2020. The preliminary injunction period may be extended by further order of the Court.

ORDERED, that each Potential Opt-Out Party may withdraw its consent on one of two dates—December 19, 2019 and February 21, 2020 (the "**Opt-Out Dates**")—by filing with the Bankruptcy Court a notice (a "**Withdrawal Notice**") in the form attached hereto as Appendix II.[4]  Each Potential Opt-Out Party filing a Withdrawal Notice must send a copy of the same to the Debtors' counsel at least two business days before such filing.  If any Potential Opt-Out Party files a Withdrawal Notice on either Opt-Out Date, then, no later than three business days after such Opt-Out Date, counsel for the Debtors shall submit to the Court for immediate entry a new proposed order that, upon its entry, will terminate the voluntary compliance of and instead bind each Potential Opt-Out Party that timely filed and served a Withdrawal Notice to the same terms

---

[4] For the avoidance of doubt, pages 84:8-87:17 of the November 6, 2019 transcript continue to control Arizona's Brief in Reply in the United States Supreme Court proceeding docketed as *State of Arizona v. Richard Sackler et al.*, No. 22O151.

imposed on other parties by the November 6 Order from the applicable Opt-Out Date until April 8, 2020.  For the avoidance of doubt, entry of the November 6 Order (which does not enjoin Potential Opt-Out Parties in light of their full voluntary compliance therewith) and entry of this order shall not impair any rights of Potential Opt-Out Parties to appeal any subsequent order entered in connection with a Withdrawal Notice as contemplated herein.

ORDERED, that the Debtors in these chapter 11 cases shall be subject to the Voluntary Injunction annexed hereto as Appendix I.

ORDERED, that the Debtors need not give security in connection with this injunctive relief.

ORDERED, that this Order shall be promptly filed in the Clerk's Office and entered into the record.

ORDERED, that the Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

ORDERED, that nothing in this Order shall prevent the Debtors from seeking a further extension of the requested injunction.

ORDERED, that if, while the preliminary injunction provided for in this Order is effective, either (i) any inactive litigation currently pending against the Debtors or Related Parties becomes active, or (ii) any new action is commenced against the Debtors or Related Parties (in either case, an "**Additional Action**"), the Debtors may promptly serve the plaintiff or plaintiffs in such Additional Action ("**Applicable Plaintiff**") with a copy of the Complaint, the Motion, the Debtors' memorandum of law in support of the Motion, and this Order (the "**Service Documents**").  The Debtors shall file a notice of such service on the docket promptly after service.  If the Applicable Plaintiff in such Additional Action does not file and serve an

objection within seven (7) days of service of the Service Documents, the Court may determine

whether such Additional Action should be enjoined pursuant to this Order without further

proceedings.  If the Applicable Plaintiff files and serves an objection, the Debtors shall have the

right to file and serve a response to the objection within seven (7) days of service of the

objection, after which the Court may determine whether such Additional Action should be

enjoined pursuant to this Order without further proceedings, or either party may seek to

schedule and provide notice of a hearing.

ORDERED, that all applicable statutes of limitations and similar time limits on the

commencement of Additional Actions, and all deadlines (including deadlines for appeals) in

any currently pending Governmental Action or Related Party Claim (including as agreed on the

record at the Hearing by the representatives of the Sackler Families), shall be tolled or

otherwise inoperative for the duration of this preliminary injunction.  This is without prejudice

to any party's rights to assert that any currently pending Governmental Action or Related Party

Claim is time barred, or that commencement of any Additional Action, or any other action taken

by a party with respect to any Governmental Action or Related Party Claim after the entry of

this Order would have been time barred or untimely had it been commenced or taken before the

entry of this Order.

ORDERED, that nothing in this Order shall affect or abrogate the automatic stay as to the

Debtors under section 362 of the Bankruptcy Code.

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 14, 2020
      White Plains, New York    /s/ Robert D. Drain          
                          United States Bankruptcy Judge

# EXHIBIT 2

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| **PURDUE PHARMA L.P.,** *et al.*, | |
| **Plaintiffs**, | **Adv. Pro. No. 19-08289 (RDD)** |
| v. | |
| **COMMONWEALTH OF MASSACHUSETTS,** *et al.*, | |
| **Defendants.** | |

**NOTICE OF SERVICE OF SIXTH AMENDED ORDER GRANTING PRELIMINARY
INJUNCTION ON ADDITIONAL ACTIONS AND APPLICABLE PLAINTIFFS**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

PLEASE TAKE NOTICE that on September 18, 2019, Purdue Pharma L.P. ("**Purdue Pharma**") and certain other of the debtors ("**Debtors**")[2] who are plaintiffs in the above-captioned adversary proceeding, filed the *Motion for a Preliminary Injunction* (the "**Motion**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), seeking entry of an order staying active cases brought by governmental entities against Debtors and active claims against certain related parties.

PLEASE TAKE FURTHER NOTICE that on February 17, 2020 the Court issued the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* (ECF No. 139) ("**Preliminary Injunction Order**") staying, until April 8, 2020, active cases brought by governmental entities against Debtors and active claims against related parties as defined therein ("**Related Parties**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Preliminary Injunction Order, Debtors may promptly serve any plaintiff or plaintiffs ("**Applicable Plaintiffs**") in (i) any litigation currently pending against the Debtors or Related Parties that becomes active or (ii) any action commenced against the Debtors or Related Parties (in either case, an "**Additional Action**"), with a copy of the Complaint,[3] the Motion, the Debtors' memorandum of law in support of the Motion, and the Preliminary Injunction Order (together, the "**Service Documents**").

---

[2] Although only certain of the Debtors (Purdue Pharma L.P.; Purdue Pharma Inc.; Purdue Pharma Manufacturing L.P.; Purdue Pharmaceuticals L.P.; Purdue Transdermal Technologies L.P.; Purdue Pharmaceutical Products L.P.; Purdue Pharma of Puerto Rico; Rhodes Pharmaceuticals L.P.; Rhodes Technologies; and Avrio Health L.P.) are defendants in the over 2,700 civil actions pending against the Debtors in various state and federal courts and other fora across the United States and its territories (the "**Pending Actions**"), the term "Debtors" is used for ease of reference.

[3] All terms not otherwise defined herein are given the meaning ascribed to them in the Preliminary Injunction Order.

2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Preliminary Injunction Order, the Debtors, through their service agent Prime Clerk LLC, served the Service Documents on the Applicable Plaintiffs identified in Appendix A hereto on February 25, 2020.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Preliminary Injunction, the objection, if any, of each Applicable Plaintiff identified in Appendix A hereto is due on March 3, 2020.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Preliminary Injunction Order, if no objection is filed on or before March 3, 2020, the Court may determine whether such Additional Action should be enjoined pursuant to the Preliminary Injunction Order without further proceedings.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Preliminary Injunction Order, if an objection is filed on or before March 3, 2020, Debtors may serve a response to any objection within seven (7) days of service of the objection.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Preliminary Injunction Order and related papers may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Court's website at https://www.nysb.uscourts.gov in accordance with the

procedures and fees set forth therein.

Dated:    February 26, 2020
        New York, New York

                                 */s/ Marc J. Tobak*
                                 DAVIS POLK & WARDWELL LLP
                                 450 Lexington Avenue
                                 New York, New York 10017
                                 Telephone: (212) 450-4000
                                 Facsimile: (212) 701-5800
                                 Marshall S. Huebner
                                 Benjamin S. Kaminetzky
                                 James I. McClammy
                                 Marc J. Tobak
                                 Gerard X. McCarthy

                                 *Counsel to the Debtors*
                                 *and Debtors in Possession*

## Appendix A

### Additional Actions

| | Related Parties Named | Action Type | State | Underlying Plaintiff(s) (Last, First) | Case Caption | Court/Case Number |
|---|---|---|---|---|---|---|
| *Additional Actions* | | | | | | |
| 1. | Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Trust for the Benefit of Members of the Raymond Sackler Family | Municipality | California | The City and County of San Francisco, California and the People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera | The City and County of San Francisco, California and the People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera v. Purdue Pharma L.P., et al. | N.D. Cal. 3:18-cv-07591 |
| 2. | Jonathan Sackler; Richard Sackler; Mortimer D.A. Sackler; Kathe Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David Sackler | Estate | North Carolina | Leysen, Patty Carol, Administrator of the Estate of Brian Keith Johnston | Patty Carol Leysen, et al. v. AmerisourceBergen Drug Corp., et al. | Sup. Ct. Davidson Cnty. 20-CVS-112 |

| | Related Parties Named | Action Type | State | Underlying Plaintiff(s) (Last, First) | Case Caption | Court/Case Number |
|---|---|---|---|---|---|---|
| 3. | Jonathan Sackler; Richard Sackler; Mortimer D.A. Sackler; Kathe Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David Sackler | Estate | North Carolina | Stevens, Susan K., Administratrix of the Estate of Toria Capri Stevens | Susan Stevens, et al. v. AmerisourceBergen Drug Corp., et al. | Sup. Ct. Forsyth Cnty. 20-cvs-352 |
| 4. | The Purdue Frederick Company Inc. | Municipality | Pennsylvania | Commonwealth of Pennsylvania, Acting by and through Matthew D. Weintraub, the District Attorney of Bucks County | Commonwealth of Pennsylvania, Acting by and through Matthew D. Weintraub, the District Attorney of Bucks County v. AmerisourceBergen Drug Corp., et al. | C.P. Bucks Cnty. 2020-00639 |
| 5. | The Purdue Frederick Company Inc. | Estate | Pennsylvania | Davidson, Karen A., Individually, and Administratrix of the Estate of John C. Davidson, deceased | Karen Davidson, et al. v. Ignacio Badiola, M.D., et al. | C.P. Philadelphia Cnty. 200100381 |
| 6. | The Purdue Frederick Company Inc.; Richard Sackler | Individual | Wisconsin | Petty, Larry, Sr.; Petty, Elizabeth | Larry Petty, Sr., et al. v. Purdue Pharma L.P., et al. | W.D. Wisc. 3:20-cv-00078 |

3

# EXHIBIT 3

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Counsel to the Debtors
and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.,* | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| **PURDUE PHARMA L.P.,** *et al.,* | |
| **Plaintiffs,** | **Adv. Pro. No. 19-08289 (RDD)** |
| **v.** | |
| **COMMONWEALTH OF MASSACHUSETTS,** *et al.,* | |
| **Defendants.** | |

### NOTICE OF FILING OF
### PROPOSED SEVENTH AMENDED PRELIMINARY INJUNCTION ORDER

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

PLEASE TAKE NOTICE that on September 18, 2019, Purdue Pharma L.P. and certain

other of the debtors ("**Debtors**")[2] who are plaintiffs in the above-captioned adversary proceeding,

filed the *Motion for a Preliminary Injunction* (the "**Motion**"), pursuant to section 105 of title 11

of the United States Code (the "**Bankruptcy Code**"), seeking entry of an order staying active

cases brought by governmental entities against Debtors and active claims against certain related

parties.

PLEASE TAKE FURTHER NOTICE that on November 6, 2019, the Court issued the

*Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary

Injunction* (ECF 105) ("**Second Amended Order**") staying, until April 8, 2020, active cases

brought by governmental entities against Debtors and active claims against related parties as

defined therein ("**Related Parties**"). On February 17, 2020, the Court entered a *Sixth Amended

Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* (ECF 139)

("**Sixth Amended Order**"), which did not alter the application of the Second Amended Order to

the Applicable Plaintiffs or to Additional Actions.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Sixth

Amended Order, Debtors may promptly serve plaintiff or plaintiffs ("**Applicable Plaintiffs**") in

(i) any litigation currently pending against the Debtors or Related Parties that becomes active or

(ii) any action commenced against the Debtors or Related Parties (in either case, an "**Additional

---

[2] Although only certain of the Debtors (Purdue Pharma L.P.; Purdue Pharma Inc.; Purdue
Pharma Manufacturing L.P.; Purdue Pharmaceuticals L.P.; Purdue Transdermal Technologies
L.P.; Purdue Pharmaceutical Products L.P.; Purdue Pharma of Puerto Rico; Rhodes
Pharmaceuticals L.P.; Rhodes Technologies; and Avrio Health L.P.) are defendants in the over
2,600 civil actions pending against the Debtors in various state and federal courts and other fora
across the United States and its territories (the "**Pending Actions**"), the term "Debtors" is used
for ease of reference.

**Action**"), with a copy of the Complaint,[3] the Motion, the Debtors' memorandum of law in

support of the Motion, and the Sixth Amended Order (together, the "**Service Documents**").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Sixth

Amended Order, the Debtors, through their service agent Prime Clerk LLC, served the Service

Documents on certain Applicable Plaintiffs on February 25, 2020, and filed the *Notice of Service*

*of the Sixth Amended Order Granting Preliminary Injunction on Additional Actions and*

*Applicable Plaintiffs* on February 26, 2020 (ECF 141), the affidavit of service for which was

filed by Prime Clerk LLC on March 2, 2020 (ECF 142).

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Sixth

Amended Order, the objection of each Applicable Plaintiff, if any, was due on March 3, 2020.

No such objections have been filed as of the date of this Notice.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Sixth

Amended Order, the Court may determine whether such Additional Actions should be enjoined

without further proceedings.

      **PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a proposed Seventh

Amended Order Granting Motion for a Preliminary Injunction (the "**Proposed Seventh**

**Amended Order**"). The Proposed Seventh Amended Order includes two updated appendices,

Appendices III and IV, which reflect the current Additional Actions. The Proposed Seventh

Amended Order is attached hereto as **Exhibit A**. A blackline comparing the Proposed Seventh

Amended Order to the Sixth Amended Order is attached hereto as **Exhibit B**. A blackline

comparing Appendix III to the Proposed Seventh Amended Order and Appendix III to the Sixth

Amended Order is attached hereto as **Exhibit C**. A blackline comparing Appendix IV to the

---

[3] All terms not otherwise defined herein are given the meaning ascribed to them in the Sixth
Amended Order.

Proposed Seventh Amended Order to Appendix IV to the Sixth Amended Order is attached
hereto as **Exhibit D**.

      **PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Seventh Amended
Order and related papers may be obtained free of charge by visiting the website of Prime Clerk
LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any
pleadings by visiting the Court's website at https://www.nysb.uscourts.gov in accordance with
the procedures and fees set forth therein.

Dated:    March 4, 2020
        New York, New York

                                */s/ Marc J. Tobak*
                                DAVIS POLK & WARDWELL LLP
                                450 Lexington Avenue
                                New York, New York 10017
                                Telephone: (212) 450-4000
                                Facsimile: (212) 701-5800
                                Marshall S. Huebner
                                Benjamin S. Kaminetzky
                                James I. McClammy
                                Marc J. Tobak
                                Gerard X. McCarthy

                                *Counsel to the Debtors*
                                *and Debtors in Possession*