DENNIS J. HERRERA (139669)
City Attorney
RONALD P. FLYNN (184186)
Chief Deputy City Attorney
YVONNE R. MERE (173594)
Chief of Complex & Affirmative Litigation
OWEN J. CLEMENTS (141805)
SARA J. EISENBERG (269303)
JAIME M. HULING DELAYE (270784)
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Telephone:  415/554-3944
415/437-4644 (fax)
owen.clements@sfcityatty.org

Attorneys for Plaintiffs the City and County of San Francisco, California
and the People of the State of California, acting by and through San
Francisco City Attorney Dennis J. Herrera

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DENNIS J. HERRERA, <br><br> Plaintiffs, <br><br> vs. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 3:18-cv-7591-CRB <br><br> CLASS ACTION <br><br> PLAINTIFFS' REPLY REGARDING PROPOSED DISCOVERY SCHEDULE <br><br> JUDGE:    Hon. Charles R. Breyer |

4826-3614-2776.v1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     ARGUMENT .......................................................................................................2

        A.      The FAC Is Indisputably Streamlined ........................................................2

                1.      The FAC Reduces the Categories of Relief Plaintiffs Seek,
                        Thereby Reducing the Scope of Case-Specific Relevant Discovery ..........3

                2.      Plaintiffs Elected to Follow the *Summit County* Complaint to
                        Reduce Wasteful and Repetitive Motion Practice ......................................4

        B.      Discovery Will Be Circumscribed ............................................................9

        C.      Much Can Be Done to Advance This Important Case, Even in These
                Uncertain Times .................................................................................11

        D.      Partial Case Management Schedule ...........................................................13

III.    CONCLUSION ................................................................................................13

1

# TABLE OF AUTHORITIES

2

Page

3

## CASES

4

5
*Everett v. Pitt Cty. Bd. of Educ.*,
    788 F.3d 132 (4th Cir. 2015) ..................................................................9

6

7
*In re Nat'l Prescription Opiate Litig.*,
    406 F. Supp. 3d 672 (N.D. Ohio 2019)................................................6, 7

8
*In re Nat'l Prescription Opiate Litig.*,
    No 1:17-md-02804, 2018 WL 4895856

9
    (N.D. Ohio Oct. 5, 2018) ........................................................................5

10
*In re Nat'l Prescription Opiate Litig.*,
    No 1:17-md-02804, 2018 WL 6628898

11
    (N.D. Ohio Dec. 19, 2018)....................................................................5, 7

12
*In re Nat'l Prescription Opiate Litig.*,
    No. 1:17-md-02804, 2019 WL 3553892

13
    (N.D. Ohio Aug. 5, 2019) ........................................................................8

14
*In re Nat'l Prescription Opiate Litig.*,
    No 1:17-md-02804, 2019 WL 3917575

15

16
    (N.D. Ohio Aug. 19, 2019) ......................................................................6

17
*In re Nat'l Prescription Opiate Litig.*,
    No 1:17-md-02804, 2019 WL 4178591

18
    (N.D. Ohio Sept. 3, 2019) ........................................................................5

19
*In re Nat'l Prescription Opiate Litig.*,
    No. 1:17-md-02804, 2019 WL 4178608

20
    (N.D. Ohio Sept. 3, 2019) ........................................................................6

21
*In re Nat'l Prescription Opiate Litig.*,
    No. 1:17-md-02804, 2019 WL 4178613

22
    (N.D. Ohio Sept. 3, 2019) ........................................................................6

23
*In re Nat'l Prescription Opiate Litig.*,
    No 1:17-md-02804, 2019 WL 4178617

24
    (N.D. Ohio Sept. 3, 2019) ........................................................................5

25

26
*In re Nat'l Prescription Opiate Litig.*,
    No. 1:17-md-02804, 2019 WL 4194279

27
    (N.D. Ohio Sept. 4, 2019) ........................................................................6

28

Page

*In re Nat'l Prescription Opiate Litig.*,
No. 1:17-md-02804, 2019 WL 4194293
(N.D. Ohio Sept. 4, 2019) ................................................................................6

*In re Nat'l Prescription Opiate Litig.*,
No 1:17-md-02804, 2019 WL 4194296
(N.D. Ohio Sept. 4, 2019) ................................................................................6

*In re Nat'l Prescription Opiate Litig.*,
No 1:17-md-02804, 2019 WL 4279233
(N.D. Ohio Sept. 10, 2019) ...........................................................................6, 7

*In re Worldcom, Inc. Sec. Litig.*,
No. 02 Civ.3288 DLC, 2003 WL 21357026
(S.D.N.Y. June 11, 2003) .................................................................................7

*McKay v. Novartis Pharm. Corp.*,
751 F.3d 694 (5th Cir. 2014) ...........................................................................8

*People v. Purdue Pharma L.P.*,
No. 30-2014-00725287-CU-BT-CXC, slip op.
(Cal Super Ct., Orange Cty. Jan. 26, 2018) ....................................................8

*People v. Purdue Pharma L.P.*,
No. 30-2014-00725287-CU-BT-CXC, slip op.
(Cal Super Ct., Orange Cty. Feb. 13, 2018)....................................................8

*United States v. Aramony*,
166 F.3d 655 (4th Cir. 1999) ...........................................................................9

**STATUTES, RULES AND REGULATIONS**

Racketeer Influenced and Corrupt Organizations Act ("RICO"),
18 U.S.C. §1961 *et seq.*............................................................................ *passim*

Comprehensive Drug Abuse Prevention
and Control Act of 1970 ("CSA"),
21 U.S.C. §801 *et seq.*.....................................................................................6

California False Advertising Law ("FAL"),
Cal. Bus. & Prof. Code §17500 *et seq.* .......................................................7, 9

California Unfair Competition Law ("UCL"),
Cal. Bus. & Prof. Code §17200 *et seq.* .......................................................7, 9

1

2                                                                              **Page**

3

Federal Rules of Civil Procedure

4     Rule 12 ................................................................................................11

      Rule 12(b)(1).........................................................................................5

5     Rule 12(b)(6).......................................................................................5, 7

6     **SECONDARY AUTHORITIES**

7

8     15 Charles Alan Wright & Arthur R. Miller,
         Federal Practice and Procedure §3867

9        (4th ed. Aug. 2019 Update).................................................................8

10    David F. Herr,
         *Annotated Manual for Complex Litigation* §20.133

11       (4th ed. May 2019 Update) ................................................................8

12    David F. Herr,
         *Multidistrict Litigation Manual* §10.5

13       (May 2019 Update) ...........................................................................11

14    Stanley A. Weigel,
         *The Judicial Panel on Multidistrict Litigation,*

15       *Transferor Courts and Transferee Courts,*

16       78 F.R.D. 575 (J.P.M.L. 1978) ..........................................................8

17

18

19

20

21

22

23

24

25

26

27

28

I.      INTRODUCTION

This lawsuit seeks to address the ongoing public health emergency facing San Francisco that is the opioid crisis.  This epidemic has strained San Francisco's public resources, including its Department of Public Health.  Now, with the spread of COVID-19 and the aggressive measures San Francisco and California have taken in response in just the last week, we find ourselves in the midst of another public-health emergency.  The City's limited public health resources are doubly taxed.

Plaintiffs the City and County of San Francisco, California ("San Francisco" or the "City") and the People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera (the "People") (collectively, "Plaintiffs") noted in their Proposed Discovery Schedule filed March 13, 2020, that COVID-19 may affect San Francisco's ability to keep pace with their proposed discovery plan.  ECF No. 129 at 1 n.1.  Since then, circumstances have significantly changed.  San Francisco has escalated its response to the pandemic, issuing a shelter-in-place order – the first in the nation – that, among other things, closes non-essential business.  At the time of Plaintiffs' initial filing there were 18 reported COVID-19 cases; that number has risen exponentially to 178 in the City and 976 in the nine-county Bay Area with Mayor London Breed warning Monday that "the worst is yet to come."  In addition, it has become clear that most, if not all, of San Francisco's key custodians with discoverable information for this action are on the frontlines of the City's response.  Thus, the exigencies of addressing COVID-19 have made an immediate start to Plaintiffs' discovery unworkable.  Given this rapidly changing landscape and the significance of the next few weeks, Plaintiffs agree with Defendants that – at least with respect to some deadlines – it makes sense to pause 30 days before proposing a revised discovery and trial schedule.  At that time, the parties can submit status reports on how best to proceed in light of the information that becomes available.

That said, while the parties and the Court are wading in unfamiliar territory, it is important that we continue to move this litigation forward wherever it is possible to do so.  The opioid epidemic continues to cause San Francisco significant harm.

## II.    ARGUMENT

In Sections C and D, below, Plaintiffs detail their proposal for advancing this case now. For context, however, it is important to note that a number of the contentions underlying Defendants' response – including the scope of the First Amended Complaint ("FAC" (ECF No. 128)) and the discovery it reasonably implicates – are exaggerated or false.

### A.    The FAC Is Indisputably Streamlined

The FAC is narrower and more focused than its predecessor.  Defendants' claims to the contrary rest on an inapposite comparison to the *original* complaint in this action, which, as Defendants elsewhere acknowledge, was *not the operative complaint*.[1]  Plaintiffs previously took advantage of the Short Form Amendment procedure established by Judge Polster, and in so doing, incorporated by reference their "own prior pleadings *and* the common factual allegations identified and the RICO causes of action included" in the multidistrict litigation ("MDL") bellwether *County of Summit, Ohio v. Purdue Pharma L.P.*, Case No. 1:18-op-45090-DAP (N.D. Ohio) ("*Summit County*") complaint.  *See* ECF No. 66-1, Ex. A ("Short Form Complaint") (emphasis added).  San Francisco's FAC, like its Short Form Amended Complaint, closely tracks the relevant allegations and claims in *Summit County*, which was the subject of numerous dispositive orders by Judge Polster.  *See* ECF No. 128 at 3 n.4 (noting that the FAC closely tracks *Summit County*); ECF No. 133 at 2 n.1 (acknowledging the FAC largely follows the *Summit County* complaint).  Although the FAC is modeled after the *Summit County* complaint, it has narrowed the issues by alleging fewer claims against fewer defendants.  For example, the FAC eliminates all claims against two defendants Hikma Pharmaceuticals plc and West-Ward Pharmaceutical Corp. (while adding a single claim against Walgreen Co. ("Walgreens")), and eliminates five causes of action: public

---

[1]    *See, e.g.*, ECF No. 133 at 2-3 (arguing the FAC "has ballooned by 125 new pages" and is "80% longer than its predecessor" based on a comparison of ECF No. 128 (the FAC) with ECF No. 1 (the original complaint)).

1   nuisance on behalf of San Francisco, negligence, negligent misrepresentation, fraudulent

2   concealment, and one of the three RICO causes of action previously pled or incorporated.[2]

3           **1.      The FAC Reduces the Categories of Relief Plaintiffs Seek,
                    Thereby Reducing the Scope of Case-Specific Relevant**

4           **Discovery**

5           Another way Plaintiffs have streamlined the FAC is by limiting the scope of damages and

6   other remedies they seek, which will help limit the scope of discovery in this case.  Defendants'

7   reliance on Plaintiffs' Fact Sheet (ECF No. 66-2, Ex. B) – which predates the operative complaint

8   – has led Defendants to identify numerous categories of remedies that Plaintiffs no longer seek,

9   which, in turn, has led Defendants to suggest wide-ranging discovery of subject matters that are

10  no longer germane.  ECF No. 133 at 7-11.  In the MDL, Plaintiff Fact Sheets served as

11  replacements for initial disclosures.  Plaintiffs submit that the same should be true here.

12  Accordingly, Plaintiffs are willing to amend their Plaintiff Fact Sheet to eliminate any confusion

13  as to what remedies Plaintiffs seek.  It is unnecessary, however, that this occur prior to the initiation

14  of new discovery.  ECF No. 133 at 17.  Plaintiffs will propose a date by which their Plaintiff Fact

15  Sheet will be amended in the supplemental status report within 30 days.  Proceeding by amending

16  the Plaintiff Fact Sheet instead of serving initial disclosures and doing so substantially after April

17  1, 2020, are necessary given the present and appropriate focus of key City Departments' personnel

18  on responding to the COVID-19 pandemic.

19          As reflected by the FAC (and Plaintiffs will amend the Plaintiff Fact Sheet to conform),

20  Plaintiffs ***do not*** seek the following damages identified by Defendants:

21          •       Increased costs related to an increase in criminal investigations, task forces, opioid-
                    related crimes, or threats to public safety;

22

23          •       Increased costs resulting from increases in adult and juvenile detention;

24          •       Increased costs related to increased criminal prosecutions and public defense costs,
                    drug courts and related programs;

25

26

27  [2]   *Compare* FAC, §III (identifying Defendants) and ¶¶826-925 (stating five causes of action)
        *with* Short Form Complaint, §I (Short Form Amended Complaint identifying all defendants and
28      causes of action asserted by Plaintiffs).

- Increased costs related to first responders' counseling for grief, post-traumatic stress disorder and depression;

- Increased Veterans Services expenditures; and

- Increased costs related to foster care, child support, family and children's services and Family Treatment Court and related programs.

ECF No. 133 at 7-11; ECF No. 128 at 257-84.

To be sure, the harms felt by San Francisco and its residents with respect to the above-identified services are severe.  Plaintiffs' decision to omit the above damages – in addition to many others – reflects their conscientious effort to streamline the complaint.  *See* ECF No. 128 at 257-84.  Discovery should be informed by the remedies sought, and therefore, should be more limited than what Defendants propose.

### 2. Plaintiffs Elected to Follow the *Summit County* Complaint to Reduce Wasteful and Repetitive Motion Practice

Defendants' false framing of the FAC as "expand[ing] the complexity of th[is] case significantly" is purposeful.  ECF No. 133 at 2.  It animates their contention that they are operating on a blank slate and are entitled to wholesale, unfettered motion practice.  They contend that this Court should examine the FAC in a vacuum, ignoring extensive briefing and opinions that already inform the legal issues and evaluate defendant-centric facts also at issue here.  This contention runs counter to the Court's statement of intention to use the substantial work that has already been entered in the MDL litigation as a "springboard" for proceeding in this action.  ECF No. 114 (Feb. 26, 2020 Hr'g Tr.) at 9:5-23.  Moreover, it is well established MDL practice that prior rulings already entered by the transferee court not be relitigated.  *See* Feb. 26, 2020, Hr'g Tr. at 9:5-9; David F. Herr, Multidistrict Litigation Manual §10.5 (May 2019 Update) ("The transferor court . . . receives the cases in the condition they are in at the time of remand.  Decisions that have been made in the case continue to apply unless circumstances change warranting their modification.

1    The decisions made by the transferee court are considered 'law of the case.'"); MDL ECF No.

2    3052 (Evidentiary Order) (same).[3]

3          Defendants tested the *Summit County* allegations numerous times, and the factual

4    allegations and types of claims Plaintiffs adopted here survived those tests.   First, the claims

5    survived Defendants' Fed. R. Civ. P. ("Rule") 12(b)(6) motions.   Each of the Defendants in this

6    action filed a motion to dismiss the *Summit County* complaint, and every one of those motions was

7    almost entirely denied in a more than 50-page report and recommendation issued by the MDL

8    magistrate judge.   *In re Nat'l Prescription Opiate Litig.*, No 1:17-md-02804, 2018 WL 4895856

9    (N.D. Ohio Oct. 5, 2018) (granting in part and denying in part defendants' motions to dismiss).

10   The parties then briefed objections to the magistrate judge's order, which Judge Polster considered

11   and resolved in a 21-page opinion resolving the Rule 12(b)(6) motions.   *In re Nat'l Prescription

12   Opiate Litig.*, No 1:17-md-02804, 2018 WL 6628898 (N.D. Ohio Dec. 19, 2018) (adopting in part

13   and rejecting in part the report and recommendation).   Judge Polster also resolved Rule 12(b)(1)

14   motions brought by Mallinckrodt plc, Allergan plc, and Teva Pharmaceutical Industries Ltd.   MDL

15   ECF Nos. 2131, 2673.

16          Second, Judge Polster then ruled on 27 summary judgment motions, the vast majority

17   brought by Defendants. ECF No. 82 at 2-3.   A number of the summary judgment motions asked

18   Judge Polster to decide the law across an industry-wide set of facts, and the MDL court did so.

19   The majority of the resulting opinions relate directly to legal issues applicable here, and apply ***the***

20   ***same facts*** this Court would examine*.*   By way of example, the MDL court issued opinions that:

21/22      • Denied federal preemption of state law claims and federal preclusion of federal
             claims (*In re Nat'l Prescription Opiate Litig.*, No 1:17-md-02804, 2019 WL
             4178591 (N.D. Ohio Sept. 3, 2019));

23/24      • Denied three related summary judgment motions filed by Defendants relating to
             causation (*In re Nat'l Prescription Opiate Litig.*, No 1:17-md-02804, 2019 WL
             4178617 (N.D. Ohio Sept. 3, 2019));

---

27   [3]   References to "MDL ECF No." are to the docket entries in *In re Nat'l Prescription Opiate

28   Litig.*, No. 1:17-md-02804-DAP (N.D. Ohio).

1

2

- Denied the Manufacturer, Distributor, and Pharmacy Defendants' summary judgment motions on statute of limitations (*In re Nat'l Prescription Opiate Litig.*, No 1:17-md-02804, 2019 WL 4194296 (N.D. Ohio Sept. 4, 2019));

3

4

- Denied the Manufacturer Defendants' summary judgment motion on Plaintiffs' public nuisance claims (*In re Nat'l Prescription Opiate Litig.*, 406 F. Supp. 3d 672 (N.D. Ohio 2019)); and

5

6

7

- Denied multiple summary judgment motions on Plaintiffs' RICO claims (*In re Nat'l Prescription Opiate Litig.*, No 1:17-md-02804, 2019 WL 4279233 (N.D. Ohio Sept. 10, 2019)).[4]

8   Judge Polster also granted a summary judgment motion brought by plaintiffs concerning

9   Defendants' duties under the Controlled Substances Act, which, as in the first bellwether action,

10   will be of critical importance here.  *In re Nat'l Prescription Opiate Litig.*, No 1:17-md-02804,

11   2019 WL 3917575 (N.D. Ohio Aug. 19, 2019).

12          Many of the defendant groups present in this court also filed unsuccessful individual

13   motions for summary judgment in the MDL.  *See, e.g.*, *In re Nat'l Prescription Opiate Litig.*, No.

14   1:17-md-02804, 2019 WL 4178608 (N.D. Ohio Sept. 3, 2019) (denying the "Teva and Actavis

15   Generic Defendants' Motion for Summary Judgment"); *In re Nat'l Prescription Opiate Litig.*, No.

16   1:17-md-02804, 2019 WL 4178613 (N.D. Ohio Sept. 3, 2019) (denying "Mallinckrodt's Motion

17   for Partial Summary Judgment"); *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804, 2019

18   WL 4194279 (N.D. Ohio Sept. 4, 2019) (denying "Walgreen's Motion for Summary Judgment");

19   *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804, 2019 WL 4194293 (N.D. Ohio Sept.

20   4, 2019) (denying "Defendants Janssen Pharmaceuticals, Inc. and Johnson and Johnson's . . .

21   Motion for Summary Judgment").  The other Defendants relied upon the consolidated group

22   motions such as those identified in the bullet points above, which also failed.  These rulings are

23   the "springboard" for this action.

24

---

25   [4]   Beyond the denial of motions to dismiss and motions for summary judgments provided as examples above, the Northern District of Ohio website lists ***more than 80*** opinions and orders

26   issued by that Court in the MDL from which this case was remanded.  *See MDL 2804 National Prescription Opiate Litigation*, U.S. District Court for the Northern District of Ohio,

27   https://www.ohnd.uscourts.gov/mdl-2804 (last visited Mar. 24, 2020).   Unsurprisingly, Defendants would rather have this Court not examine the facts the MDL court examined, and not

28   be informed by the law the MDL court considered.

PLAINTIFFS' REPLY REGARDING PROPOSED DISCOVERY SCHEDULE –
CASE NO. 3:18-cv-07591-CRB
4826-3614-2776.v1                                                                                      - 6 -

1        Defendants' characterization of the FAC as presenting new and previously unknown

2  allegations is not only false, it is an attempt to undo the work already done in this action.  Plaintiffs

3  chose to amend in this manner precisely to avoid relitigating issues previously decided by Judge

4  Polster, and specifically did so in light of this Court's intention not to "review or alter" "rulings

5  [that] have already been entered in the MDL litigation."  ECF No. 114 (Feb. 26, 2020 Hr'g Tr.) at

6  9:5-13.  The FAC shares the *Summit County* complaint's DNA.  While the San Francisco-specific

7  facts differ from Summit County-specific facts, the allegations against Defendants are nearly

8  identical because their marketing and distribution practices were the same everywhere in the

9  nation.

10        Rather than filing an onslaught of motions to dismiss, Defendants should be ordered to

11  demonstrate why differences in law, or applicable facts, compel a result different than the

12  transferee MDL court has already found with respect to the same issues.  *See, e.g.*, *In re Worldcom,*

13  *Inc. Sec. Litig.*, No. 02 Civ.3288 DLC, 2003 WL 21357026, at *1 (S.D.N.Y. June 11, 2003)

14  (requiring plaintiffs to "show cause" why previously-issued orders in an MDL should not apply to

15  their newly-filed cases as well).  Specifically, Plaintiffs assert five causes of action: two RICO

16  claims already upheld at the motion to dismiss and summary judgment stages in the MDL;[5] a

17  public nuisance claim upheld at the motion to dismiss and summary judgment stages in the MDL;[6]

18  and California Unfair Competition Law and False Advertising Law claims upheld by a California

19  court presiding over substantially similar proceedings brought by the Counties of Santa Clara,

20

21

22

23

---

24  [5]  *Nat'l Prescription Opiate Litig.*, 2018 WL 6628898 (motion to dismiss); *Nat'l Prescription Opiate Litig.*, 2019 WL 4279233 (summary judgment).

25  [6]  *Nat'l Prescription Opiate Litig.*, 2018 WL 6628898 (motion to dismiss); *Nat'l Prescription*

26  *Opiate Litig.*, 406 F. Supp. 3d 672 (summary judgment).  While public nuisance is a creature of statute law and therefore differs somewhat from state to state, to the extent California public

27  nuisance law varies from Ohio public nuisance law, California law is only more plaintiff friendly. Given that the public nuisance allegations in the Ohio case survived a Rule 12(b)(6) motion, they

28  would certainly meet the lower bar for surviving a similar motion under California law.

1   Orange, and Los Angeles, and the City of Oakland.[7]  The international Defendants' motions to

2   dismiss for lack of personal jurisdiction were also denied by the MDL.[8]

3           To the extent Defendants believe these rulings should be revisited, they should be required

4   to identify at the beginning of any motion to dismiss filed in this Court the changes or extraordinary

5   circumstances that justify revisiting the existing rulings.  This procedure honors the role of the

6   transferee court in an MDL proceeding and will substantially reduce the burden on the Court and

7   the parties.  David F. Herr, *Annotated Manual for Complex Litigation* §20.133 (4th ed. May 2019

8   Update) (citing Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor*

9   *Courts and Transferee Courts*, 78 F.R.D. 575, 577 (J.P.M.L. 1978) ("If transferor judges were

10  permitted to upset rulings of transferee judges, the result would be an undermining of the purpose

11  and usefulness of transfer under Section 1407 for coordinated or consolidated pretrial proceedings

12  because those proceedings would then lack the finality (at the trial court level) requisite to the

13  convenience of witnesses and parties and to efficient conduct of actions.")))  Reinventing the

14  wheel by permitting Defendants to move to dismiss on issues that have already been resolved is

15  improper and wasteful.  *See* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and

16  Procedure §3867 (4th ed. Aug. 2019 Update) ("[E]xceptions to the law of the case principle should

17  be especially rare in these circumstances, because refusal to follow the previous ruling would result

18  in the sort of piecemeal decision making that MDL centralization is intended to avoid."); *McKay*

19  *v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014) ("[t]he law of the case doctrine

20  requires attention to the special authority granted to the multidistrict transferee judge and ensures

21  that transferor courts respect the transferee court's decisions") (citation omitted).

22

23  _____

   [7]   Minute Order at 2, *People v. Purdue Pharma L.P.*, No. 30-2014-00725287-CU-BT-CXC (Cal

24  Super Ct., Orange Cty. Feb. 13, 2018), ECF No. 984; Minute Order at 3, *People v. Purdue Pharma L.P.*, No. 30-2014-00725287-CU-BT-CXC (Cal Super Ct., Orange Cty. Jan. 26, 2018), ECF No.

25  964.

26     [8]   *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804, 2019 WL 3553892 (N.D. Ohio Aug. 5, 2019).  Notably, Plaintiffs sought discovery necessary to prove jurisdiction over these

27  entities at trial, but their motions for such discovery were denied.  This is one, non San Francisco-specific area for which Plaintiffs will need additional discovery in this action from certain

28  Defendants.

1    Under law-of-the-case principles, the rulings of an MDL court presumptively govern with

2    respect to common issues and are subject to reconsideration only in extraordinary circumstances

3    involving changed law or facts or manifest injustice.  *See generally Everett v. Pitt Cty. Bd. of*

4    *Educ.*, 788 F.3d 132, 142 (4th Cir. 2015) ("Once a court has established law of the case, 'it must

5    be followed in all subsequent proceedings in the same case in the trial court or on a later appeal

6    . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling

7    authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision

8    was clearly erroneous and would work manifest injustice.'") (quoting *United States v. Aramony*,

9    166 F.3d 655, 661 (4th Cir. 1999)).

10    Accordingly, Plaintiffs propose that by April 10, 2020, Defendants file one 50-page

11    omnibus motion to dismiss raising only those issues not previously addressed in the MDL.

12    Plaintiffs request an order requiring the motion to state at the outset: (1) that each issue raised as a

13    basis for dismissal is either novel and not covered by holdings in the MDL; or (2) to the extent

14    related to an issue previously addressed in the MDL, what changed or extraordinary circumstances

15    permit them to revisit law of the case and compel a determination of that issue different from that

16    already rendered in the MDL.   Plaintiffs further propose that they file a 50-page omnibus

17    opposition and that Defendants file a 20-page omnibus reply in accordance with the schedule set

18    forth below.   Plaintiffs further request that the Court avoid duplicative briefing by allowing

19    incorporation of similar arguments made in the MDL by reference.[9]

20    **B.    Discovery Will Be Circumscribed**

21    The FAC narrowed the claims and relief sought, and discovery should be limited

22    accordingly.   Generally speaking, Plaintiffs seek: (a) the forward-looking costs of abatement of

23    the public nuisance in San Francisco caused by opioids; (b) civil penalties and injunctive relief

24    tethered to Defendants' violations occurring within San Francisco of the Unfair Competition Law

25

26    _____

[9]    Plaintiffs note, however, that to the extent any Defendant seeks to file a motion to dismiss for

27    lack of personal jurisdiction, jurisdictional discovery may need to be conducted before a ruling can
      be issued.  That fact has nothing to do with the coronavirus, but is instead a result of Defendants'

28    ongoing delays and refusals to comply with discovery orders issued in the MDL.

1  and False Advertising Law; and (c) limited remedies under RICO.  A large volume of discovery

2  has already been exchanged in the MDL that will bear on these issues.  Further productions in the

3  MDL are also forthcoming.  Thus, at this time, Plaintiffs anticipate that discovery here will target:

4  (i) sales marketing activity in San Francisco; (ii) suspicious order monitoring and diversion in and

5  around San Francisco; (iii) activities of opioid front groups and key opinion leaders and the effect

6  on practices in San Francisco; (iv) facts relevant to personal jurisdiction over certain foreign

7  Defendant parent corporations; and (v) expert analyses and opinions regarding the effects of the

8  opioid crisis on San Francisco.  *See* ECF No. 67 at 3.

9         In their response to Plaintiffs' Proposed Case Schedule, however, Defendants

10  mischaracterize the discovery burden by addressing numerous categories of past damages reflected

11  in Plaintiffs' year-old Fact Sheet filed in the MDL, which, as noted above, Plaintiffs will amend

12  in due course.  *See* ECF Nos. 66, 66-2.  In the FAC, Plaintiffs limited the past damages they seek

13  to only those categories Judge Polster upheld as recoverable under RICO.

14         Nor is Defendants' estimate of the number of City departments that should be subject to

15  discovery reflective of the claims at issue or the relief sought through them.  It is undoubtedly true

16  that the opioid epidemic has had a profound impact on San Francisco, but litigation of this case

17  does not require the attention of 42 City departments, as Defendants contend.  *See* ECF No. 133.

18  at 6 n.9.  Certain departments that Defendants identified surely will offer relevant discovery – for

19  example, the Department of Public Health, Department of Homelessness and Supportive Services,

20  Police Department, Fire Department, Sheriff's Department, and Adult Probation.  Many others

21  within Defendants' list, however, offer very limited relevant information at best or only

22  information that is cumulative to that of the departments that are core to this litigation.  Just to

23  begin, discovery should not be necessary from the Child Support Services, Department of Children

24  Youth and Families, County Clerk, District Attorney, Environmental Department, Housing

25  Authority, Human Rights Commission, Public Defender, Office of Short Term Rentals, Office of

26  Economic and Workforce Development, Office of Public Finance, Veterans Affairs Commission,

27  and Superior Court, among others.  Plaintiffs are prepared to work collaboratively with Defendants

28  to prioritize discovery into the departments that are most relevant.

1    Finally, Plaintiffs have serious concerns about Defendants' intention to take voluminous

2    third-party discovery.  *See* ECF No. 133 at 9-13.  Plaintiffs expect Defendants will meet and confer

3    before propounding third-party discovery, especially because it is unclear why Defendants will

4    require discovery from so many public health agencies, professional regulatory authorities,

5    insurance providers, professional organizations, and healthcare providers.   Not including

6    Defendants' allusion to innumerable healthcare providers, from whom discovery is not

7    proportional, Defendants referenced at least 30 third-party entities.  The Court should not allow

8    Defendants to employ third-party discovery to, in essence, trace the history of every single opioid

9    prescription filled in San Francisco.  Plaintiffs will, in good faith, seek to understand Defendants'

10   purported need for discovery from each third party that Defendants identify, but Plaintiffs are

11   firmly of the view that the core of what will be required to prove and defend this case resides with

12   Plaintiffs and Defendants, with extant but limited need for third-party discovery.

13        **C.      Much Can Be Done to Advance This Important Case, Even in These
               Uncertain Times**

14

15        Notwithstanding the complications that the COVID-19 pandemic imposes, there is much

16   that can be done now, as Defendants themselves recognize.  For example, Plaintiffs have already

17   acknowledged that there may be some discrete legal issues unique to San Francisco's case that

18   have not been resolved in the MDL and that may be the subject of briefing pursuant to Rule 12 in

19   this case.  ECF No. 67 at 2.  Plaintiffs agree that such briefing can and should be submitted without

20   delay.  *See* ECF No. 133 at 16 (noting that "briefing on motions to dismiss the FAC" "should

21   proceed").

22        To be clear, though, Plaintiffs do not concede that Defendants are entitled to re-raise every

23   issue under the sun.  Indeed, as noted above, this Court has already stated its intention "not [to]

24   review or alter any of" the "rulings [that] have already been entered in the MDL litigation."  ECF

25   No. 114 (Feb. 26, 2020 Hr'g Tr.) at 9:5-9.  This is consistent with well-established MDL practice.

26   *See* David F. Herr, *Multidistrict Litigation Manual* §10.5 (May 2019 Update) ("The transferor

27   court . . . receives the cases in the condition they are in at the time of remand. Decisions that have

28   been made in the case continue to apply unless circumstances change warranting their

1   modification. The decisions made by the transferee court are considered 'law of the case.'"); MDL

2   ECF No. 3052 (Evidentiary Order) (same). Thus, Plaintiffs propose a briefing schedule that allows

3   the parties to bring motions to dismiss of unresolved issues commencing in short order.

4        Plaintiffs also agree that certain discovery tasks can proceed swiftly. Plaintiffs are prepared

5   to begin serving their document requests by April 1, 2020, as Defendants propose, and further

6   submit that any disagreement as to the scope of such requests – including, *e.g.*, attorney meet-and-

7   confers and the submission of remaining disputes to Magistrate Judge Corley – can be resolved in

8   the manner prescribed in the Federal and Local Rules without any added delay. As an initial

9   matter, Plaintiffs propose that Defendants may together serve 25 total requests for production on

10  Plaintiffs and Plaintiffs can serve up to 10 requests for production on each Defendant family. The

11  parties can meet and confer with respect to additional discovery limitations and submit them in

12  their renewed proposed discovery and trial schedules to be submitted in 30 days or raise with the

13  Magistrate Judge if needed.

14       Finally, while some discovery may legitimately take longer than Plaintiffs initially

15  anticipated due to the COVID-19 pandemic, some documents can and should be produced without

16  delay. Specifically, Defendants are under an obligation to produce in the MDL all opioid related

17  "documents . . . that they produce in any court case, government investigation or government

18  hearing." MDL ECF No. 2576 at 3-4 (noting that "documents produced in (for example) State-

19  court cases will also be relevant to the Track Two cases and to other MDL cases that will follow").

20  To the extent Defendants have not yet fully complied with this directive, they should be ordered

21  to do so, and to continue doing so as additional productions are made in other litigations or

22  investigations. Because these documents have been (or will have been) gathered, formatted, and

23  reviewed for privilege, there is no reason why these productions should be disrupted or delayed by

24  pandemic-related complications. Relatedly, production of Walgreens' dispensing data relevant to

25  San Francisco should proceed as well.

26       Discovery can also continue, to the extent it can be conducted remotely. Plaintiffs agree

27  the parties can exchange opening discovery requests and meet and confer about the scope of those

28  requests in the coming month. Plaintiffs concede that the coronavirus crisis is affecting their ability

to interview possible custodians and identify sources of documents relevant to this litigation, but the crisis has not halted those efforts.  Indeed, much of that work has been underway for months, and it continues now.  And Defendants are subject to ongoing and preexisting obligations to produce documents that have already been identified and produced in related litigation.

D.     **Partial Case Management Schedule**

In light of the issues identified above, Plaintiffs modify their prior discovery schedule and identify the following case management schedule.  The schedule is similar to Defendants' proposal except that it adjusts the deadline for Plaintiffs' oppositions to motions to dismiss and Defendants' replies thereto by a week so that Plaintiffs have a full 30 days to respond.  Plaintiffs request 30 days to propose additional dates governing the dates for discovery to trial, once more information about the likely impact of COVID-19 on the litigation schedule becomes available.

| Issue | Defendants' Proposal | Plaintiffs' Proposal |
|---|---|---|
| Parties may serve limited document requests | April 1, 2020 | April 1, 2020 |
| Motions to dismiss (limited to issues not previously resolved) | April 17, 2020 | April 17, 2020 |
| Oppositions to motions to dismiss | May 8, 2020 | May 15, 2020 |
| Replies in support of motions to dismiss | May 22, 2020 | May 29, 2020 |

III.     **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court adopt Plaintiffs' schedule set forth above; require omnibus briefs as specified above and limited to 50, 50 and 20 pages for motions, oppositions and replies, respectively; allow Plaintiffs' Fact Sheet, which Plaintiffs will amend, to substitute as initial disclosures as it did in the MDL with a date for amendment to be determined after 30 days; allow the parties to commence service of document requests limited at this early stage to 25 total requests for production on Plaintiffs by all Defendants

1 | collectively, and 10 requests for production by Plaintiffs on each Defendant family; and allow the

2 | parties to submit renewed proposed discovery and trial schedules in 30 days, on April 24, 2020.

3 | DATED:  March 25, 2020                    Respectfully submitted,

4 |                                          ROBBINS GELLER RUDMAN
                                              & DOWD LLP
5 |                                          AELISH M. BAIG
                                          MATTHEW S. MELAMED
6 |                                          HADIYA K. DESHMUKH

7 |

8 |                                                  s/ Aelish M. Baig
                                             AELISH M. BAIG

9 |                                          Post Montgomery Center
10 |                                         One Montgomery Street, Suite 1800
                                          San Francisco, CA  94104
11 |                                        Telephone:  415/288-4545
                                          415/288-4534 (fax)
12 |                                        aelishb@rgrdlaw.com
                                          mmelamed@rgrdlaw.com
13 |                                        hdeshmukh@rgrdlaw.com

14 |                                        DENNIS J. HERRERA
                                          City Attorney
15 |                                        RONALD P. FLYNN
                                          YVONNE R. MERE
16 |                                        OWEN J. CLEMENTS
                                          SARA J. EISENBERG
17 |                                        JAIME M. HULING DELAYE
                                          Deputy City Attorneys
18 |                                        Fox Plaza
19 |                                        1390 Market Street, Sixth Floor
                                          San Francisco, CA  94102
20 |                                        Telephone:  415/554-3944
                                          415/437-4644 (fax)
21 |                                        owen.clements@sfcityatty.org

22 |                                        ROBBINS GELLER RUDMAN
                                              & DOWD LLP
23 |                                        PAUL J. GELLER
                                          MARK J. DEARMAN
24 |                                        DOROTHY P. ANTULLIS
                                          120 East Palmetto Park Road, Suite 500
25 |                                        Boca Raton, FL  33432
26 |                                        Telephone:  561/750-3000
                                          561/750-3364 (fax)
27 |                                        pgeller@rgrdlaw.com
                                          mdearman@rgrdlaw.com
28 |                                        dantullis@rgrdlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
 & DOWD LLP
THOMAS E. EGLER
CARISSA J. DOLAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tome@rgrdlaw.com
cdolan@rgrdlaw.com

LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
ELIZABETH J. CABRASER
RICHARD M. HEIMANN
KEVIN R. BUDNER
MICHAEL LEVIN-GESUNDHEIT
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415/956-1000
415/956-1008 (fax)
ecabraser@lchb.com
rheimann@lchb.com
kbudner@lchb.com
mlevin@lchb.com

LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
PAULINA DO AMARAL
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212/355-9500
212/355-9592 (fax)
pdoamaral@lchb.com

RENNE PUBLIC LAW GROUP
LOUISE RENNE
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone:  415/848-7240
415/848-7230 (fax)
lrenne@publiclawgroup.com

1
2
3
4
5
6

ANDRUS ANDERSON LLP
JENNIE LEE ANDERSON
AUDREY SIEGEL
155 Montgomery Street, Suite 900
San Francisco, CA  94104
Telephone:  415/986-1400
415/986-1474 (fax)
jennie@andrusanderson.com
audrey.siegel@andrusanderson.com

7
8
9
10

SANFORD HEISLER SHARP, LLP
KEVIN SHARP
611 Commerce Street, Suite 3100
Nashville, TN  37203
Telephone:  615/434-7000
615/434-7020 (fax)
ksharp@sanfordheisler.com

11
12
13
14

SANFORD HEISLER SHARP, LLP
EDWARD CHAPIN
655 West Broadway, Suite 1700
San Diego, CA  92101
Telephone:  619/577-4253
619/577-4250 (fax)
echapin2@sanfordheisler.com

15
16
17
18
19
20
21

CASEY GERRY SCHENK FRANCAVILLA
   BLATT & PENFIELD LLP
DAVID S. CASEY, JR.
GAYLE M. BLATT
ALYSSA WILLIAMS
110 Laurel Street
San Diego, CA  92101-1486
Telephone:  619/238-1811
619/544-9232 (fax)
dcasey@cglaw.com
gmb@cglaw.com
awilliams@cglaw.com

22
23
24
25
26
27

WEITZ & LUXENBERG P.C.
ELLEN RELKIN
PAUL PENNOCK
700 Broadway
New York, NY  10003
Telephone:  212/558-5500
212/344-5461 (fax)
erelkin@weitzlux.com
ppennock@weitzlux.com

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEITZ & LUXENBERG P.C.
MELINDA DAVIS NOKES
1880 Century Park East
Los Angeles, CA  90067
Telephone:  310/247-0921
310/786-9927 (fax)
mnokes@weitzlux.com

Attorneys for Plaintiffs The City and County of
San Francisco, California and The People of the
State of California, acting by and through San
Francisco City Attorney Dennis J. Herrera

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify under penalty of perjury that on March 25, 2020, I authorized the electronic

3

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

4

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and

5

I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

6

the non-CM/ECF participants indicated on the attached Manual Notice List.

7

        s/ Aelish M. Baig
        AELISH M. BAIG

8

9

        ROBBINS GELLER RUDMAN
          & DOWD LLP

10

        Post Montgomery Center
        One Montgomery Street, Suite 1800

11

        San Francisco, CA  94104
        Telephone:  415/288-4545

12

        415/288-4534 (fax)
        E-mail:  aelishb@rgrdlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Mailing Information for a Case 3:18-cv-07591-CRB City and County of San Francisco et al v. Purdue Pharma L.P. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Scott Manzoor Ahmad**
  SAhmad@winston.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com,Danielle.Kidd@andrusanderson.com,joann.pham@andrusanderson.com,elizabeth.lyons@andrusanderson.com,audrey.siegel@andrusand

- **Dorothy P. Antullis**
  dantullis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Aelish Marie Baig**
  AelishB@rgrdlaw.com,mmelamed@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sarah Jane Bily**
  SBily@winston.com

- **Gayle M Blatt**
  gmb@cglaw.com

- **Steven J. Boranian**
  sboranian@reedsmith.com,drothschild@reedsmith.com

- **Stephen Brody**
  sbrody@omm.com,steve-brody-4796@ecf.pacerpro.com

- **Kevin R. Budner**
  kbudner@lchb.com,tlim@lchb.com

- **Elizabeth J. Cabraser**
  ecabraser@lchb.com

- **Elizabeth Joan Cabraser**
  ecabraser@lchb.com,mtashima@lchb.com,abertram@lchb.com,jremuszka@lchb.com

- **David S. Casey , Jr**
  dcasey@cglaw.com,camille@cglaw.com,sleonard@cglaw.com,jdavis@cglaw.com

- **Jennifer Machlin Cecil**
  jcecil@winston.com,ecf_sf@winston.com,jen-machlin-cecil-9607@ecf.pacerpro.com

- **Edward D. Chapin**
  echapin2@sanfordheisler.com,fsalazar@sanfordheisler.com,jalvarez@sanfordheisler.com

- **Owen J. Clements**
  owen.clements@sfcityatty.org,catheryn.daly@sfcityatty.org

- **James M Davis**
  jdavis@cglaw.com,vicki@cglaw.net

- **Cari K. Dawson**
  cari.dawson@alston.com,kate.smith@alston.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,e_file_sd@rgrdlaw.com,MDearman@ecf.courtdrive.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com

- **Joshua David Dick**
  jdick@gibsondunn.com,tmotichka@gibsondunn.com

- **Carissa Jasmine Dolan**
  cdolan@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Sara Jennifer Eisenberg**
  sara.eisenberg@sfcityatty.org,john.cote@sfcityatty.org,alison.wong.lambert@sfcityatty.org,martina.hassett@sfcityatty.org,yvonne.mere@sfcityatty.org,catheryn.daly@

- **Tiffany Rose Ellis**
  tellis@weitzlux.com,nhryczyk@weitzlux.com

- **Christopher Blair Essig**
  CEssig@swinston.com

- **Wendy West Feinstein**
  wendy.feinstein@morganlewis.com,tammy.miller@morganlewis.com,picalendaring@morganlewis.com,tamara.giulianelli@morganlewis.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,swinkles@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Patricia Camille Guerra**
  camille@cglaw.com

- **August P. Gugelmann**
  august@smllp.law,august@ecf.courtdrive.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Kelsey John Helland**
  khelland@gibsondunn.com,dgriffin@gibsondunn.com,amoser@gibsondunn.com,wloegering@gibsondunn.com

- **Dennis J. Herrera**
  cityattorney@sfcityatty.org,brittany.feitelberg@sfcityatty.org

- **Zachary Hill**
  zachary.hill@morganlewis.com,wendy.feinstein@morganlewis.com,rebecca.hillyer@morganlewis.com,evan.jacobs@morganlewis.com

- **Jaime Marie Huling Delaye**
  jaime.hulingdelaye@sfcityatty.org,alison.wong.lambert@sfcityatty.org,martina.hassett@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Traci Janelle Irvin**
  traci.irvin@ropesgray.com,courtalert@ropesgray.com

- **Sarah Barr Johansen**
  sjohansen@reedsmith.com,aswenson@reedsmith.com

- **Timothy William Knapp**
  tknapp@kirkland.com

- **Amy Jean Laurendeau**
  alaurendeau@omm.com,amy-laurendeau-9969@ecf.pacerpro.com,sstewart@omm.com

- **Michael Ian Levin-Gesundheit**
  mlevin@lchb.com

- **Jennifer Gardner Levy**
  jennifer.levy@kirkland.com

- **Charles Coleman Lifland**
  clifland@omm.com,charles-lifland-4890@ecf.pacerpro.com

- **John David Lombardo**
  John.Lombardo@arnoldporter.com,guadalupe.saldana@arnoldporter.com,ecalendar@arnoldporter.com,William.Costley@arnoldporter.com

- **Amy Lucas**
  alucas@omm.com,amy-lucas-1835@ecf.pacerpro.com

- **Enu A Mainigi**
  emainigi@wc.com

- **Matthew Seth Melamed**
  mmelamed@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Yvonne Rosil Mere**
  yvonne.mere@sfcityatty.org,martina.hassett@sfcityatty.org

- **Andrew Miller**
  amiller@sanfordheisler.com

- **Sean OLeary Morris**
  sean.morris@arnoldporter.com,edocketscalendaring@arnoldporter.com,vincent.esparza@arnoldporter.com,stacie.james@arnoldporter.com,rebecca.mcnew@arnoldpor

- **Melinda Davis Nokes**
  mnokes@weitzlux.com,lschultz@weitzlux.com,rcerci@weitzlux.com,dsavours@weitzlux.com

- **Paul F. Novak**
  pnovak@weitzlux.com,cgarcia@weitzlux.com,nhryczyk@weitzlux.com

- **Michael Alexander Onufer**
  michael.onufer@kirkland.com

- **Louise Hornbeck Renne**
  lrenne@publiclawgroup.com,kbeaton@publiclawgroup.com,RPLG-docket@publiclawgroup.com

- **Nathan E. Shafroth**
  nshafroth@cov.com,rvantassell@cov.com,ktrempy@cov.com,echiulos@cov.com,rlu@cov.com,isaac-chaput-8316@ecf.pacerpro.com,ncutright@cov.com

- **Audrey Claire Siegel**
  audrey.siegel@andrusanderson.com

- **Reid Smith**
  RFSmith@winston.com

- **Elizabeth Anne Sperling**
  elizabeth.sperling@alston.com,annie.yu@alston.com

- **Karl Anton Stampfl**
  karl.stampfl@kirkland.com

- **Charles Joseph Stevens**
  cstevens@gibsondunn.com,smaruschak@gibsondunn.com

- **Sabrina Heron Strong**
  sstrong@omm.com,sabrina-strong-4823@ecf.pacerpro.com

- **Edward W. Swanson**
  ed@smllp.law,AmyMcGugian@ecf.courtdrive.com,ed@ecf.courtdrive.com,britt@ecf.courtdrive.com

- **Russell E Taylor**
  rtaylor@fbm.com

- **Rocky C. Tsai**
  rocky.tsai@ropesgray.com,CourtAlert@RopesGray.com

- **Richard Allen VanDuzer**
  rvanduzer@fbm.com,jamante@fbm.com,calendar@fbm.com

- **Neelum Jane Wadhwani**
  nwadhwani@wc.com,CardinalWVParalegals@wc.com

- **Donna Marie Welch**
  dwelch@kirkland.com

- **Alyssa M Williams**
  awilliams@cglaw.com

- **Sonya Diane Winner**
  swinner@cov.com,calsbury@cov.com

- **Carl Brandon Wisoff**
  bwisoff@fbm.com,mzappas@fbm.com,calendar@fbm.com

- **Douglas R. Young**
  dyoung@fbm.com,calendar@fbm.com

- **Paulina do Amaral**
  pdoamaral@lchb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Paul              Laprairie
Andrus Andersonl LLP
155 Montgomery Street, 900
San Francisco, CA 94104
```