Douglas R. Young (State Bar No. 73248)
dyoung@fbm.com
C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Richard Van Duzer (State Bar No. 136205)
rvanduzer@fbm.com
Russell E. Taylor (State Bar No. 320375)
rtaylor@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
David A. Sackler, Ilene Sackler Lefcourt,
Jonathan D. Sackler, Kathe A. Sackler, Mortimer
D.A. Sackler, Richard S. Sackler, and Theresa
Sackler, and Richard S. Sackler and Jonathan D.
Sackler in Their Alleged Capacities as Trustees of the
Alleged "Trust for the Benefit of Members of the
Raymond Sackler Family," and Former Attorneys for Beverly Sackler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiffs,<br><br>vs.<br><br>PURDUE PHARMA L.P., RICHARD S. SACKLER, JONATHAN D. SACKLER, MORTIMER D.A. SACKLER, KATHIE A. SACKLER, ILENE SACKLER LEFCOURT, BEVERLY SACKLER, THERESA SACKLER, DAVID A SACKLER, TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY, RHODES PHARMACEUTICALS L.P., CEPHALON, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., ENDO INTERNATIONAL PLC, ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS INC., JANSSEN PHARMACEUTICALS, INC., INSYS | Case No. 18-cv-7591<br><br>The Hon. Charles R. Breyer<br><br>**NOTICE OF EIGHTH AMENDED BANKRUPTCY COURT ORDER ENJOINING THE CONTINUATION OF THIS PROCEEDING AS TO THE INDIVIDUAL FORMER DIRECTORS** |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

NOTICE OF EIGHTH AMENDED BANKRUPTCY
COURT ORDER - Case No. 18-cv-7591

38473\13179756.1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | THERAPEUTICS, INC., MALLINCKRODT, PLC, MALLINCKRODT LLC, ALLERGAN PLC f/k/a ACTAVIS PLC, WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a/ WATSON PHARMA, INC., AMERISOURCEBERGEN CORPORATION, CARDINAL HEALTH, INC. and McKESSON CORPORATION, |
| 7 | Defendants. |

8   On March 30, 2020, the United States Bankruptcy Court for the Southern District of New

9 York issued an order extending the preliminary injunction (the "**Injunction**"), *see* Eighth

10 Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *In*

11 *re Purdue Pharma L.P., et al.*, No. 19-23649 (RDD), Adv. Pro. No. 19-08289 (RDD), Dkt. No.

12 168 (Bankr. S.D.N.Y. March 30, 2020) (the "**Eighth Amended Preliminary Injunction Order**"),

13 that was referenced in the Notice of Bankruptcy Court Order Enjoining the Continuation of This

14 Proceeding filed on March 5, 2020, in this Court.  A copy of the Eighth Amended Preliminary

15 Injunction Order (without appendices) is attached as **Exhibit 1** hereto.  The Injunction is in effect

16 through and including October 5, 2020.  *See* Ex. 1 at 6.

17   By filing this notice, David A. Sackler, Ilene Sackler Lefcourt, Jonathan D. Sackler (in

18 both his individual capacity and his capacity as an alleged trustee of the alleged Trust for the

19 Benefit of Members of the Raymond Sackler Family, the "Alleged Trust"), Kathe Sackler,

20 Mortimer D.A. Sackler, Richard S. Sackler (in both his individual capacity and as an alleged

21 trustee of the Alleged Trust), and Theresa Sackler are expressly preserving all of their defenses,

22 including but not limited to the lack of personal jurisdiction.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

NOTICE OF EIGHTH AMENDED BANKRUPTCY
COURT ORDER - Case No. 18-cv-7591

2

1  Dated: April 3, 2020						FARELLA BRAUN + MARTEL LLP

3							By:	_/s/ C. Brandon Wisoff_
								C. Brandon Wisoff

							Attorneys for Defendants
							David A. Sackler, Ilene Sackler Lefcourt,
							Jonathan D. Sackler, Kathe A. Sackler, Mortimer
							D.A. Sackler, Richard S. Sackler, and Theresa
							Sackler, and Richard S. Sackler and Jonathan D.
							Sackler in Their Alleged Capacities as Trustees of the
							Alleged "Trust for the Benefit of Members of the
							Raymond Sackler Family," and Former Attorneys for
							Beverly Sackler

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

NOTICE OF EIGHTH AMENDED BANKRUPTCY
COURT ORDER - Case No. 18-cv-7591                    3

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |
| **PURDUE PHARMA L.P.,** *et al.*,<br><br>Plaintiffs,<br>v.<br><br>**COMMONWEALTH OF MASSACHUSETTS,** *et al.*,<br><br>Defendants. | Adv. Pro. No. 19-08289 |

**EIGHTH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a) GRANTING
MOTION FOR A PRELIMINARY INJUNCTION**

Upon the motion, dated September 18, 2019 ("**September 18 Motion**"), of Purdue Pharma L.P. and certain affiliated debtors, as debtors and debtors in possession (collectively, "**Debtors**"), that are plaintiffs in this adversary proceeding, for an order pursuant to section 105(a) of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 7065 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), to (i) enjoin the governmental defendants in this adversary proceeding ("**Governmental Defendants**") from the commencement or continuation of their active judicial, administrative, or other actions or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

proceedings against the Debtors that were or could have been commenced before the commencement of the case ("**Governmental Actions**") that are included in the chart annexed hereto as Appendix III, as well as the commencement or continuation of any other actions against the Debtors alleging substantially similar facts or causes of action as those alleged in the Governmental Actions, and (ii) enjoin the Governmental Defendants and the private defendants ("**Private Defendants**") in this adversary proceeding from the commencement or continuation of their active judicial, administrative, or other actions or proceedings, included in the chart annexed hereto as Appendix IV, and the commencement or continuation of other actions alleging substantially similar facts or causes of action as those alleged in the actions identified in Appendix III and Appendix IV, against current or former (a) owners (including any trusts and their respective trustees and beneficiaries), (b) directors, (c) officers, (d) employees, and (e) other similar associated entities of the Debtors that were or could have been commenced before the commencement of the case ("**Related Parties**," as identified in Appendix IV,[2] and the claims

---

[2] The Related Parties are: The Purdue Frederick Company Inc.; The P.F. Laboratories Inc.; Purdue Pharma Technologies Inc.; PLP Associates Holdings L.P.; PLP Associates Holdings Inc.; BR Holdings Associates L.P.; BR Holdings Associates Inc.; Rosebay Medical Company L.P.; Rosebay Medical Company, Inc.; Beacon Company; PRA Holdings Inc.; Pharmaceutical Research Associates Inc.; Purdue Holdings L.P.; Rhodes Pharmaceuticals Inc.; Rhodes Technologies Inc.; Coventry Technologies L.P.; MNP Consulting Limited; Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Marianna Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler; Trust for the Benefit of Members of the Raymond Sackler Family; Raymond Sackler Trust; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1964; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1974; Paulo Costa; Cecil Pickett; Ralph Snyderman; Judith Lewent; Craig Landau; Mark Timney; Stuart D. Baker; Frank Peter Boer; John Stewart; Russell Gasdia; Marv Kelly; Shelli Liston; Heather Weaver; Doug Powers; Lori Fuller; Rodney Davis; Brandon Worley; Donald Leathers; Wendy Kay; Michael Madden; LeAvis Sullivan; Jeffrey Ward; Beth Taylor; Leigh Varnadore; Paul Kitchin; Mark Waldrop; Mark Radcliffe; Mark Ross; Patty Carnes; Carol Debord; Jeff Waugh; Shane Cook; James David Haddox; Aida Maxsam; Tessa Rios; Amy K. Thompson; Joe Coggins; Lyndsie Fowler; Mitchell "Chip" Fisher; Rebecca Sterling; Vanessa Weatherspoon; Chris

against them described in this paragraph, the "**Related-Party Claims**"); and the Court having jurisdiction to decide the Motion and the relief requested therein under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and there being due and sufficient notice of the Motion; and the Court having reviewed the Complaint, the September 18 Motion, the Debtors' brief in support of the September 18 Motion, the declarations in support of the September 18 Motion, and other evidence and argument submitted by the Debtors in support thereof; all pleadings filed in support of the September 18 Motion; and all objections filed in opposition or partial opposition to the September 18 Motion, as well as all filed letters in response to the September 18 Motion; and upon the record of and representations made at the hearing held by the Court on the September 18 Motion's request for entry of a preliminary injunction on October 11, 2019 (the "**October 11 Hearing**") and at the hearing held on November 6, 2019 (the "**November 6 Hearing**"); and, after due deliberation and for the reasons set forth on the record by the Court at the Hearings, good and sufficient cause appearing having entered Orders on October 11, 2019 granting the Motion in part and on October 18, 2019 and November 6, 2019 amending such Order; and such Orders having contemplated a procedure to amend the Orders further; and having entered Orders on November 20, 2019, December 9, 2019, January 2, 2020, February 17, 2020 and March 4, 2020, amending such Orders further and enjoining actions brought by Additional Plaintiffs; and upon the Court having reviewed the Debtors' motion to extend the Preliminary Injunction for an additional 180 days filed on March 4 ("**March 4 Motion**"), the declaration in support of the March 4 Motion, the Debtors' brief in support of the March 4 Motion, all pleadings filed in support of the March 4 Motion; and all objections filed in opposition or partial opposition to the

---

Hargrave; Brandon Hassenfuss; Joe Read; Andrew T. Stokes; Nathan C. Grace; Jaclyn P. Gatling; Leslie Roberson; Barbara C. Miller; Briann Parson-Barnes; Becca Beck Harville; Lindsey Bonifacio; Tammy Heyward; James Speed; Damon Storhoff; Diana C. Muller; and Draupadi Daley.

March 4 Motion; and upon the record made at the telephonic hearing held on March 18, 2020 ("**March 18 Hearing**," together with the October 11 Hearing and the November 6 Hearing, "**Hearings**"); and upon good and sufficient cause appearing to amend and extend such orders as provided therein, the Court grants the Debtors' request to amend and extend the orders as provided in this Amended Order, which amends and supersedes the prior orders. Now, therefore, the Court finds and concludes as follows:

(a) The Defendants in this adversary proceeding are the Governmental Defendants and the Private Defendants, that, along with the Additional Plaintiffs, are listed in the "Underlying Plaintiffs" column of each of the charts annexed hereto as Appendix III and Appendix IV, with such Appendices being made a part of and incorporated in this Order. The Defendants in this adversary proceeding and the Additional Plaintiffs are all plaintiffs in judicial, administrative, or other actions or proceedings that seek to hold the Debtors and/or the Related Parties, as identified in Appendix IV, liable in connection with claims and/or causes of action arising out of or otherwise related to the Debtors' prescription opioid business.

(b) The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

(c) The Debtors have demonstrated that the continuation of the active litigation against them and the Related Parties, identified in Appendix III and Appendix IV, respectively, would result in irreparable harm to the Debtors and their reorganization.

(d) The representatives of the Raymond Sackler family and of the Mortimer Sackler family (collectively, the "**Sackler Families**") agreed on the record at the October 11 Hearing to toll all applicable statutes of limitations and similar time limits on the

commencement of Additional Actions against any member of the Sackler Families, and to treat as inoperative all deadlines (including deadlines for appeals) in any currently pending Related Party Claim against any member of the Sackler Families, for the duration of this preliminary injunction.

(e) Accordingly, this Court finds it appropriate to enter a preliminary injunction as provided herein pursuant to section 105(a) of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules.

(f) The legal and factual bases set forth in the Complaint, the September 18 Motion, the March 4 Motion, other supporting papers, and at the Hearings establish just cause for the relief granted herein.

(g) Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New Jersey, New York, Nevada, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, Wisconsin, the Ad Hoc Group of Non-Consenting States (as listed on the October 11, 2019 Verified Statement pursuant to Bankruptcy Rule 2019 filed under Docket No. 296 of Case No. 19-23649), the ad hoc committee of government and other contingent litigation claimants and each of its members (as listed on the October 10, 2019 Verified Statement pursuant to Bankruptcy Rule 2019 filed under Docket No. 279 of Case No. 19-23649), and the Multi-State Governmental Entities Group and each of its members[3] (as listed on the October 30,

---

[3] The following members of the Multi-State Governmental Entities Group are not Potential Opt-Out Parties and are instead bound to the terms of this Order until October 5, 2020: (1) Bryant C. Dunaway, in his official capacity as the District Attorney General for the Thirteenth Judicial District, Tennessee; (2) Jennings H. Jones, in his official capacity as the District Attorney General for the Sixteenth Judicial District, Tennessee; (3) Robert J. Carter, in his official

2019 Verified Statement pursuant to Bankruptcy Rule 2019 filed under Docket No. 409 of Case No. 19-23649) (collectively, the "**Potential Opt-Out Parties**") have each consented and agreed to continue to abide by the terms of the *Eighth Amended Order Pursuant To 11 U.S.C. § 105(a) Granting Motion For A Preliminary Injunction*, without the need to have any order entered against them.

Based on these findings, it is hereby:

ORDERED, that the Governmental Defendants, other than those who are Potential Opt-Out Parties, the Private Defendants, and the Additional Plaintiffs that have been bound by the Third, Fourth, Fifth, Sixth, and Seventh Amended Orders are prohibited and enjoined from (i) the commencement or continuation of their active judicial, administrative, or other actions or proceedings against the Debtors and/or Related Parties that were or could have been commenced before the commencement of the case under this title against the Debtors and/or the Related Parties arising from or in any way relating to the Debtors' prescription opioid business, including the actions reflected in Appendix III and Appendix IV, as well as (ii) from commencing or continuing any other actions against the Debtors or Related Parties alleging substantially similar facts or causes of action as those alleged in actions reflected in Appendix III and Appendix IV, in each case through and including Monday, October 5, 2020.  The preliminary injunction period may be extended by further order of the Court.

ORDERED, that each Potential Opt-Out Party may withdraw its consent on July 8, 2020 (the "**Opt-Out Date**")—by filing with the Bankruptcy Court a notice (a "**Withdrawal Notice**") in the form attached hereto as Appendix II.  Each Potential Opt-Out Party filing a Withdrawal

---

capacity as the District Attorney General for the Seventeenth Judicial District, Tennessee; (4) Brent A. Cooper, in his official capacity as the District Attorney General for the Twenty-Second Judicial District, Tennessee; and (5) Lisa S. Zavogiannis, in her official capacity as the District Attorney General for the Thirty-First Judicial District, Tennessee.

Notice must send a copy of the same to the Debtors' counsel at least two business days before such filing. If any Potential Opt-Out Party files a Withdrawal Notice on the Opt-Out Date, then, no later than three business days after the Opt-Out Date, counsel for the Debtors shall submit to the Court for immediate entry a new proposed order that, upon its entry, will terminate the voluntary compliance of and instead bind each Potential Opt-Out Party that timely filed and served a Withdrawal Notice to the same terms imposed on other parties by the this Order from the Opt-Out Date until October 5, 2020. For the avoidance of doubt, entry of this order shall not impair any rights of Potential Opt-Out Parties to appeal any subsequent order entered in connection with a Withdrawal Notice as contemplated herein.

ORDERED, that the March 4 Motion constitutes a joint motion of the Debtors and UCC to extend the stay beyond the Initial Stay Period as provided in paragraph 2 of the Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties, *In re: Purdue Pharma, L.P. et al.*, Case No. 19:23649 (RDD) (Nov. 20, 2019) [ECF No. 518] ("**UCC Stipulation**"). All obligations under the UCC Stipulation, inclusive of obligations of any Covered Party as defined therein, that remain in effect during the Stay Period, as defined therein, shall remain in full force and effect so long as the Preliminary Injunction, as amended and extended, remains in effect. For the avoidance of doubt, the Initial Stay Period as defined in the UCC Stipulation shall expire on April 8, 2020.

ORDERED, that the Debtors in these chapter 11 cases continue to be subject to the Voluntary Injunction annexed hereto as Appendix I through and including October 5, 2020.

ORDERED, that the Debtors need not give security in connection with this injunctive relief.

ORDERED, that this Order shall be promptly filed in the Clerk's Office and entered into the record.

ORDERED, that the Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

ORDERED, that nothing in this Order shall prevent the Debtors from seeking a further extension of the requested injunction.

ORDERED, that if, while the preliminary injunction provided for in this Order is effective, either (i) any inactive litigation currently pending against the Debtors or Related Parties becomes active, or (ii) any new action is commenced against the Debtors or Related Parties (in either case, an "**Additional Action**"), the Debtors may promptly serve the plaintiff or plaintiffs in such Additional Action ("**Applicable Plaintiff**") with a copy of the Complaint, the Motion, the Debtors' memorandum of law in support of the Motion, and this Order (the "**Service Documents**").  The Debtors shall file a notice of such service on the docket promptly after service.  If the Applicable Plaintiff in such Additional Action does not file and serve an objection within seven (7) days of service of the Service Documents, the Court may determine whether such Additional Action should be enjoined pursuant to this Order without further proceedings.  If the Applicable Plaintiff files and serves an objection, the Debtors shall have the right to file and serve a response to the objection within seven (7) days of service of the objection, after which the Court may determine whether such Additional Action should be enjoined pursuant to this Order without further proceedings, or either party may seek to schedule and provide notice of a hearing.

ORDERED, that all applicable statutes of limitations and similar time limits on the commencement of Additional Actions, and all deadlines (including deadlines for appeals) in

any currently pending Governmental Action, Related Party Claim or action brought by an Additional Plaintiff (including as agreed on the record at the October 11 Hearing by the representatives of the Sackler Families), shall be tolled or otherwise inoperative for the duration of this preliminary injunction. This is without prejudice to any party's rights to assert that any currently pending Governmental Action, Related Party Claim or claim brought by an Additional Plaintiff is time barred, or that commencement of any Additional Action, or any other action taken by a party with respect to any Governmental Action, Related Party Claim or Additional Plaintiff after the entry of this Order would have been time barred or untimely had it been commenced or taken before the entry of this Order.

ORDERED, that nothing in this Order shall affect or abrogate the automatic stay as to the Debtors under section 362 of the Bankruptcy Code.

ORDERED, that the time for all defendants to answer the Complaint is extended to October 19, 2020, subject to further extension by agreement of the parties and/or order of the Court. All claims and defenses of the parties, including those under Rule 12 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7012 of the Bankruptcy Rules, are expressly preserved.

ORDERED, that the Pre-Trial Conference in this adversary proceeding, currently scheduled for April 8, 2020 at 10:00 am (Prevailing Eastern Time), is adjourned to October 19, 2020 at 10:00 am (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas St., White Plains, New York, NY 10601.

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order

Dated: March 30, 2020
      White Plains, New York

                                            */s/Robert D. Drain*
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE