IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB<br><br>**ORDER GRANTING LEAVE TO FILE MOTIONS FOR RECONSIDERATION; GRANTING MOTIONS FOR RECONSIDERATION; DENYING AS MOOT MOTIONS TO SHORTEN TIME** |

On April 2, 2020, the Court issued its Order re Partial Case Management Schedule, setting a handful of initial dates and providing limited guidance on motions to dismiss. See Order (dkt. 142). Defendants have promptly voiced their displeasure.

The Distributor Defendants move for leave to file a motion for reconsideration of the order. See Distrib. Mot. for Leave (dkt. 144). They object to the notion that rulings by the MDL court are the law of the case, they object to having to file a single omnibus brief when they believe they have unique issues to address, and they ask the Court to adjust the deadline for the motions to dismiss if it takes too much time to address reconsideration.[1] Defendant Walgreen Co. joins in the Distributors' motion and asks that it be permitted to file its own motion to dismiss of up to 12 pages, given its unique status as both a distributor and dispenser of prescription opioids. See Walgreen Joinder (dkt. 146). Defendant Anda, Inc. also joins in the Distributors' motion and also asks that it be permitted to file its own motion of motion to dismiss, not to exceed 8 pages, to address its own unspecified "distinct issues." See Anda Joinder (dkt. 148). The Manufacturing

---

[1] This last request is unnecessary in light of this order. The Distributor Defendants and Manufacturer Defendants also filed separate motions to shorten time (dkts. 145; 150), which the Court denies as moot in light of this order.

Defendants move for leave to file a motion for reconsideration of the order as well.  See Manufac. Mot. for Leave (dkt. 147).  Like the Distributors, they object to the notion that rulings by the MDL court are the law of the case, and they object to having to file a single omnibus brief when they believe they have unique issues to address.

The Court hereby GRANTS leave to file the motions for reconsideration, notwithstanding Plaintiffs' opposition (dkt. 149), and it GRANTS reconsideration as well.

Keeping to the original schedule outlined in the Court's April 2 order, Defendants may file: (1) one omnibus motion to dismiss of no more than 30 pages, which will presumably address issues common to all Defendants; (2) one Distributors' motion to dismiss of no more than 15 pages, which will presumably address issues unique to Distributor Defendants; (3) one Manufacturers' motion to dismiss of no more than 15 pages, which will presumably address issues unique to Manufacturer Defendants; (4) one Walgreen motion to dismiss of no more than 12 pages, which will presumably address issues unique to Walgreen; and (5) one Anda motion to dismiss of no more than 5 pages, which will presumably address issues unique to Anda.  Plaintiffs may respond to each motion in a separate opposition brief of the same length.  Defendants may then file replies of 25, 10, 10, 10, and 5 pages respectively,

Defendants may make any arguments they wish to make in these motions.  If it is Plaintiffs' position that Defendants' motions raise issues that have been previously decided by the MDL court (such that the MDL court's previous rulings are either the law of the case or are simply persuasive authority), Plaintiffs shall make that argument to the Court.

**IT IS SO ORDERED.**

Dated: April 9, 2020

CHARLES R. BREYER
United States District Judge