1  Zachary W. Byer (Bar No. 301382)
   KIRKLAND & ELLIS LLP
2  555 South Flower Street
3  Los Angeles, CA 90071
   Telephone: (213) 680-8400
4  Email: zachary.byer@kirkland.com

5  Jennifer G. Levy, P.C. (Admitted pro hac vice)
   KIRKLAND & ELLIS LLP
6  1301 Pennsylvania Ave., N.W.
7  Washington, D.C. 20004
   Telephone: (202) 879-5000
8  Email: jennifer.levy@kirkland.com

9  Donna Welch, P.C. (Admitted pro hac vice)
   Timothy W. Knapp, P.C. (Admitted pro hac vice)
10 Karl Stampfl (Admitted pro hac vice)
11 KIRKLAND & ELLIS LLP
   300 N. LaSalle Street
12 Chicago, IL 60654
   Telephone: (312) 862-2000
13 Email: donna.welch@kirkland.com
           timothy.knapp@kirkland.com
14

15 *Attorneys for Defendants Allergan Finance, LLC*
   *f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals,*
16 *Inc., Allergan Sales, LLC and Allergan USA, Inc.*
   *and specially appearing defendant Allergan plc*
17 *f/k/a Actavis plc*

18                    **UNITED STATES DISTRICT COURT**
                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
19                         **SAN FRANCISCO DIVISION**

20

21 CITY AND COUNTY OF SAN FRANCISCO,        Civil Case No.: 3:18-CV-07591-CRB
   et al.,
22                                          **SPECIALLY APPEARING**
           Plaintiffs,                      **DEFENDANT ALLERGAN PLC'S**
23                                          **NOTICE OF MOTION AND MOTION**
           v.                               **TO DISMISS FIRST AMENDED**
24                                          **COMPLAINT; MEMORANDUM OF**
                                            **POINTS AND AUTHORITIES IN**
25 PURDUE PHARMA L.P., et al.               **SUPPORT**

26         Defendants.                      Date: June 19, 2020
                                            Time: 10:00 a.m.
27                                          Dept: Courtroom 6
                                            Honorable Charles R. Breyer
28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

    I.    The Complaint Should Be Dismissed Under Rule 12(b)(2) Because This Court Lacks Personal Jurisdiction Over Allergan plc. ........................................................ 3

        A.    Plaintiffs fail to adequately allege general jurisdiction. ........................................ 4

        B.    Plaintiffs fail to adequately allege specific jurisdiction. ....................................... 5

        C.    To the extent Plaintiffs intend to rely on a successor-liability theory to assert personal jurisdiction over Allergan plc, that argument is untenable. ........... 8

        D.    Other courts have dismissed Allergan plc for lack of personal jurisdiction based on virtually identical allegations. .............................................................. 11

    II.    The Complaint Should Be Dismissed Under Rule 12(b)(5) For Insufficient Service Of Process. ............................................................................................... 12

CONCLUSION ............................................................................................................................ 13

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amoco Egypt Oil Co. v. Leonis Nav. Co.*,
   1 F.3d 848 (9th Cir. 1993) ..................................................................................................... 8

*Asahi Metal Industry Co. v. Superior Court*,
   480 U.S. 102 (1987) ............................................................................................................... 8

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ............................................................................................... 7

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ............................................................................................... 6

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*,
   137 S. Ct. 1773 (2017) ........................................................................................................... 5

*CenterPoint Energy, Inc. v. Superior Court*,
   157 Cal. App. 4th 1101 (2007) ........................................................................................ 2, 9

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016) ................................................................................. 4

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ...................................................................................................... 4, 5, 6

*In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*,
   No. 2:11-MD-2226-DCR, 2012 WL 1345175 (E.D. Ky. Apr. 18, 2012) .......................... 10

*Electronic Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*,
   290 F. Supp. 3d 923 (N.D. Cal. 2017) ................................................................................. 4

*F. Hoffman-La Roche, Inc. v. Superior Court*,
   130 Cal. App. 4th 782 (2005) ............................................................................................... 6

*Feliz v. United States*,
   272 F.R.D. 299 (D. Mass. 2011) ......................................................................................... 13

*Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*,
   103 F.3d 888 (9th Cir. 1996) ................................................................................................ 6

*Fisher & Paykel Healthcare Ltd. v. ResMed Corp.*,
   No. 16-cv-2068, 2017 WL 3635105 (S.D. Cal. Jan. 11, 2017) ............................................ 7

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*,
   No. 19-cv-05611-PJH, 2020 WL 1244918 (N.D. Cal. Mar. 16, 2020) ................................ 4

*Gerritsen v. Warner Bros. Entertainment Inc.*,
   116 F. Supp. 3d 1104 (C.D. Cal. 2015) ................................................................................. 2, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ...................................................................................................................... 1

*Ho v. Pinsukanjana*,
   No. 17-cv-06520-PJH, 2019 WL 2415456 (N.D. Cal. June 7, 2019) ............................. 2, 13

*Hydro-Air Equip., Inc. v. Hyatt Corp.*,
   852 F.2d 403 (9th Cir. 1988) ................................................................................................... 2, 9

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945) ................................................................................................................ 4, 5

*Kellman v. Whole Foods Market, Inc.*,
   313 F. Supp. 3d 1031 (N.D. Cal. 2018) ............................................................................. 2, 4, 7

*Landis v. Jarden Corp.*,
   No. 2:11-cv-101, 2012 WL 12892209 (N.D.W. Va. Mar. 9, 2012) ........................................ 7

*Lefkowtiz v. Scytl USA*,
   No. 15-cv-05005-JSC, 2016 WL 537952 (N.D. Cal. Feb. 11, 2016) ................................. 2, 9

*Levi Strauss & Co. v. Toyo Enter. Co., Ltd.*,
   665 F. Supp. 2d 1084 (N.D. Cal. 2009) ................................................................................... 4

*Morrill v. Scott Financial Corp.*,
   873 F.3d 1136 (9th Cir. 2017) ................................................................................................... 6

*In re Nat'l Prescription Opiate Litig.*,
   No. 1:17-MD-2804, 2019 WL 3553892 (N.D. Ohio Aug. 5, 2019) ................................. 10, 11

*In re Opioid Litig.*,
   No. 400000/2017, 2018 WL 3115102 (N.Y. Sup. Ct. June 18, 2018) ................................. 13

*Panavision Int'l, L.P. v. Toeppen*,
   141 F.3d 1316 (9th Cir. 1998) ................................................................................................... 8

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ............................................................................................... 2, 6

*People of the State of New York v. Purdue Pharma L.P.*,
   No. 400016/2018 (N.Y. Sup. Ct. Suffolk Cty. Jan. 17, 2020) (Byer Decl. Ex. 1) .............. 11

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ...................................................................................... 2, 4, 5, 6

*S.E.C. v. Ross*,
    504 F.3d 1130 (9th Cir. 2007) ................................................................................................2, 12

*Sleep Science Partners v. Lieberman*,
    No. C 09-04200-CW, 2009 WL 4251322 (N.D. Cal. Nov. 23, 2009) ......................................8

*In re: South Carolina Opioid Litigation*,
    No. 2018-CP-23-01294 (S.C. Ct. Common Pleas, Thirteenth Jud. Dist., Apr. 8, 2020)
    (Byer Decl. Ex. 3) ...............................................................................................................12, 13

*Tucson Med. Ctr. v. Purdue Pharma L.P.*,
    Sup. Ct. Case No. C20184991 (Ariz. Sup. Ct. Sept. 16, 2019) (Byer Decl. Ex. 2) .........12, 13

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) ...................................................................................................................13

*Williams v. Yamaha Motor Co. Ltd.*,
    851 F.3d 1015 (9th Cir. 2017) ..............................................................................................1, 4

**Statutes**

28 U.S.C. § 1331 ................................................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(2) ............................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(5) ............................................................................................................ *passim*

**Other Authorities**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
    Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ...........................................................13

Restatement (Third) of Torts: Prod. Liab. § 12 (1998) ............................................................9

SPECIALLY APPEARING DEFENDANT ALLERGAN PLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT (No. 3:18-CV-07591-CRB)

## NOTICE OF MOTION AND MOTION TO DISMISS

### TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on June 19, 2020 at 10:00 a.m., or as soon thereafter as available, in the courtroom of the Honorable Charles R. Breyer, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, specially appearing Defendant Allergan plc f/k/a Actavis plc will and hereby does move for an order dismissing with prejudice Plaintiffs' claims asserted in the First Amended Complaint ("Compl." or "Complaint").

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying Declarations of James D'Arecca and Zachary Byer and exhibits thereto, the pleadings and papers on file in this action, any other such matters of which the Court may take judicial notice, the arguments of counsel, and any other matter that the Court may properly consider. Allergan plc seeks an order dismissing Plaintiffs' claims for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

## MEMORANDUM OF POINTS AND AUTHORITIES

### SUMMARY OF ARGUMENT

Specially appearing Defendant Allergan plc joins and adopts the Defendants' joint motions to dismiss Plaintiffs' Complaint. But the Court—like other courts have recently done in substantially identical cases filed across the country—should also dismiss all claims against Allergan plc for two independent reasons: lack of personal jurisdiction and lack of proper service.

*First*, this Court lacks personal jurisdiction over Allergan plc. As Plaintiffs concede, Allergan plc is a public limited company incorporated and principally located in Ireland. *See* Compl. ¶ 115; *see also* Decl. of James D'Arecca ¶ 3 ("D'Arecca Decl."). It is a holding company that transacts no business in California, has directed no activities toward California, and lacks the minimum California contacts needed to permit this Court to exercise personal jurisdiction within the confines of California's long-arm statute or the U.S. Constitution. *See* D'Arecca Decl. ¶¶ 5-11. Because Allergan plc is not "essentially at home" in California, the Court cannot exercise general personal jurisdiction over it. *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1020 (9th Cir. 2017); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Moreover, without sufficient minimum contacts with California, Allergan plc

1

cannot be subject to specific personal jurisdiction here. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (finding unsatisfied the first prong of the specific-jurisdiction test—the purposeful direction component—where defendant has not "committed an intentional act" that was "expressly aimed at," and "caused harm" in, California). And to the extent Plaintiffs argue that Allergan plc is subject to personal jurisdiction under a successor-liability theory, that argument is hollowed out by Plaintiffs' own allegations and the corporate structure of Allergan plc and its subsidiaries. *See Lefkowtiz v. Scytl USA*, No. 15-cv-05005-JSC, 2016 WL 537952, at *4 (N.D. Cal. Feb. 11, 2016) (noting successor-in-interest liability is premised on principle that "that a business should not be allowed to defraud its creditors by simply changing its form"); *Hydro-Air Equip., Inc. v. Hyatt Corp.*, 852 F.2d 403, 406 (9th Cir. 1988) (discussing successor-liability justification of having no "remedy against the original manufacturer"); *CenterPoint Energy, Inc. v. Superior Court*, 157 Cal. App. 4th 1101, 1121 (2007) (explaining that the two most important questions in a successor-liability determination are "whether the two corporations have preserved their separate identities and whether recourse to the debtor corporation is available"); *Gerritsen v. Warner Bros. Entertainment Inc.*, 116 F. Supp. 3d 1104, 1131 (C.D. Cal. 2015).

*Second*, even if this Court had personal jurisdiction over Allergan plc, Plaintiffs have not even attempted to serve Allergan plc in compliance with the Hague Convention's rules for overseas service of process on a foreign defendant, necessitating dismissal on this independent ground. *See S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("Without a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."); *Ho v. Pinsukanjana*, No. 17-cv-06520-PJH, 2019 WL 2415456, at *3 (N.D. Cal. June 7, 2019) ("Service pursuant to the Hague Convention is mandatory when serving a foreign defendant in a signatory country to the Hague Convention.").

Accordingly, Allergan plc should be dismissed from this suit.

## BACKGROUND

The jurisdictional facts underscore that Allergan plc lacks minimum contacts with California. As noted, Allergan plc is incorporated and principally located in Ireland. D'Arecca Decl. ¶ 3; *accord Kellman*

*v. Whole Foods Market, Inc.*, 313 F. Supp. 3d 1031, 1042 (N.D. Cal. 2018) ("The parties may submit, and the court may consider, declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction."). Its headquarters and only offices are in Ireland. D'Arecca Decl. ¶ 3. Allergan plc has no corporate filings on record with the California Secretary of State. *Id.* ¶ 11. It has not designated an agent for service of process in California, has no offices or employees in California, and does not send agents to solicit or do business in California. *Id.* Rather, Allergan plc is a holding company that exists only to hold shares of other companies. *Id.* ¶ 5. It does not manufacture, market, distribute, or sell any pharmaceutical products. *Id.* Allergan plc is a legally distinct entity that is independent of and operates separately from the entities whose shares it holds. *Id.* ¶ 6. Allergan plc does not finance or control the daily affairs of those entities and therefore does not finance or control any marketing or sales operations in California. *Id.* ¶¶ 5-11. Allergan plc's books, tax records, and financial statements are kept separately from those of the companies whose shares it holds. *Id.* ¶ 6. Those companies operate autonomously in furtherance of their own business, not Allergan plc's. *Id.*[1]

## ARGUMENT

**I.    The Complaint Should Be Dismissed Under Rule 12(b)(2) Because This Court Lacks Personal Jurisdiction Over Allergan plc.**

In conclusory fashion, the Complaint alleges that Allergan plc "uses or used" other Defendants "to market and sell its drugs in the United States." Compl. ¶ 131. This lone substantive allegation concerning Allergan plc is entirely inadequate to establish personal jurisdiction over Allergan plc under well-settled constitutional due process principles.

"When subject matter jurisdiction is based on a federal question, as is the case here, a federal court applies the long-arm statute of the state in which it sits to determine whether there is personal jurisdiction."

---

[1] Defendant Allergan Finance, LLC (not Allergan plc) became the successor-in-interest to Actavis, Inc. through a series of transactions in 2013, which are described more fully Allergan plc's SEC filings. *See* 2016 Allergan plc Form 10-K, at 3 (Declaration of Zachary W. Byer ("Byer Decl.") Ex. 6). As the Complaint alleges, "Actavis plc (n/k/a Allergan plc) was established to facilitate the business combination between Actavis, Inc. (n/k/a Allergan Finance, LLC) and Warner Chilcott plc. Following the consummation of the October 1, 2013 acquisition, defendant Actavis, Inc. (n/k/a Allergan Finance, LLC) and Warner Chilcott plc became wholly-owned subsidiaries of Actavis plc (n/k/a Allergan plc)." Compl. ¶ 115.

3

SPECIALLY APPEARING DEFENDANT ALLERGAN PLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT (No. 3:18-CV-07591-CRB)

*Electronic Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 933 (N.D. Cal. 2017); *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."); *see also* Compl. ¶ 72 (alleging jurisdiction under 28 U.S.C. § 1331). "Because 'California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution,'" the pertinent inquiry is whether there are sufficient "minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" under the due process clause. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citations omitted); *see also Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

"There are two types of personal jurisdiction: general and specific." *Kellman v. Whole Foods Market, Inc.*, 313 F. Supp. 3d 1031, 1044 (N.D. Cal. 2018). Plaintiffs cannot meet their burden of establishing that the Court can exercise personal jurisdiction over Allergan plc under either theory. *Levi Strauss & Co. v. Toyo Enter. Co., Ltd.*, 665 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009).

**A.     Plaintiffs fail to adequately allege general jurisdiction.**

General jurisdiction exists over a foreign corporation "only if the corporation's connections to the forum state 'are so continuous and systematic' as to render it essentially at home in the forum State." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The paradigm fora for the exercise of general jurisdiction over a corporation are the place of incorporation and the principal place of business, and only in an 'exceptional case' will general jurisdiction be available elsewhere." *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-cv-05611-PJH, 2020 WL 1244918, at *2 (N.D. Cal. Mar. 16, 2020) (citing *Daimler AG*, 571 U.S. at 137-38 & n.19).

As the Complaint concedes, Allergan plc is incorporated and has its principal place of business in Ireland. *See* Compl. ¶ 115. And as described above and in the supporting Declaration, Allergan plc has had *no* contacts with California, let alone continuous and systematic ones. *See* D'Arecca Decl. ¶¶ 5-11. Moreover, Plaintiffs cannot point to Allergan plc's subsidiaries to establish general personal jurisdiction over Allergan plc. *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 982 (N.D. Cal. 2016) ("[A] foreign parent corporation cannot be subject to general jurisdiction based solely on an agency relationship

4

through its subsidiary's contacts with the forum.") (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2015)).  Because Allergan plc is not "at home" in California, it cannot be subject to general jurisdiction here.

### B. Plaintiffs fail to adequately allege specific jurisdiction.

Nor may the Court exercise specific personal jurisdiction over Allergan plc.  "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation.  For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 283-84.  That is, the nonresident's forum-state activities must themselves "give rise to the liabilities sued on." *Int'l Shoe Co.*, 326 U.S. at 317.  And "[t]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (emphasis in original, citation omitted).  Moreover, the U.S. Supreme Court has clarified that general contacts are not sufficient; specific jurisdiction is appropriate only where there is a direct "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (citation omitted).

Ninth Circuit courts use the following three-part test to determine whether a non-resident defendant like Allergan plc has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefit and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211; *see also id.* at 1212 (explaining that, for tort claims, the Ninth Circuit "appl[ies] a 'purposeful direction' test and look[s] to evidence that that the defendant has directed his actions at the forum state, even if those actions took place elsewhere").  Plaintiffs bear the burden of proving the first

5

two prongs; if they do so, "the burden shifts to the defendant[] to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation marks and citations omitted).

However the test is framed, there simply are no contacts between Allergan plc and the State of California—let alone allegations that Allergan plc directed any actions at California. This is dispositive of the specific-jurisdiction inquiry. *E.g.*, *Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) ("Minimum contacts are shown if the defendant . . . has sufficient contacts arising from or related to specific transactions or activities in the forum state (specific jurisdiction)."). As set out above, Allergan plc did not manufacture, market, distribute, or sell the pharmaceutical products that underlie Plaintiffs' claims anywhere, let alone in California. D'Arecca Decl. ¶¶ 5, 10. Allergan plc is not registered to do business in the United States, has no employees in the United States, and does not now and has never conducted any business operations in the United States. *Id.* ¶ 7. And as a holding company with an existence wholly separate from its subsidiaries, Allergan plc has not *itself* created any contacts with California whatsoever. *See Walden*, 571 U.S. at 284. Plaintiffs therefore cannot establish the first prong—the purposeful-direction component—of the specific-jurisdiction test because Allergan plc has not "committed an intentional act" that was "expressly aimed at," and "caused harm" in, California. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Unable to satisfy even the first prong of the test, "the jurisdictional inquiry ends and the case must be dismissed." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *Pebble Beach Co.*, 453 F.3d at 1155.

For the same reasons, Plaintiffs fail the second prong of the test. Their claims against Allergan plc do not arise out of or relate to any activities by Allergan plc in California. Under the Ninth Circuit's "'but for' test, a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996). As already explained, Allergan plc has no contacts with California; therefore, the requisite nexus cannot exist. As with general jurisdiction, that Allergan plc has had subsidiaries that might have created contacts with California is otherwise irrelevant. *See Picot*, 780 F.3d at 1213 ("[O]ur inquiry is limited to examining contacts that proximately result from actions by the defendant *himself*." (emphasis in original, citation omitted)); *F. Hoffman-La Roche, Inc. v. Superior Court*, 130 Cal. App. 4th 782, 802 (2005) ("Ownership or control of a subsidiary by a parent corporation, without

6

more, is insufficient to subject the parent to jurisdiction in the state where the subsidiary does business."). For example, the plaintiffs in *Kellman* could not establish specific jurisdiction over several defendants that "do not sell any products (inside or outside California)." 313 F. Supp. 3d at 1046. Although the *Kellman* court could exercise personal jurisdiction over a separate legal entity and named defendant that "may be selling products in California," it could not exercise personal jurisdiction over the non-resident defendants that "ha[d] not put any products into the stream of commerce that might have ended up in the forum, whether through a distributorship agreement or otherwise." *Id.* (quoting *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)). That parallels the circumstances here regarding Allergan Finance, LLC—a properly served defendant over which no party contests jurisdiction—and Allergan plc—an Irish corporation with no California contacts whatsoever.[2] *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1071 (9th Cir. 2017) (refusing to impute subsidiary's forum contacts to non-resident defendant because "where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other" (citation omitted, alteration in original)).

Finally, even if Plaintiffs met their burden on the first two prongs of the specific-jurisdiction test, it would be unreasonable to exercise personal jurisdiction over Allergan plc. Courts balance seven factors when considering whether exercising jurisdiction over a non-resident defendant would be reasonable: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance

---

[2] Nor can Allergan plc's use of personal plural pronouns in its consolidated financial statements subject Allergan plc to personal jurisdiction, *see* Compl. ¶ 116, as such pronouns are consistent with SEC guidance for public filings and simply describe the facilities owned by subsidiaries whose operations Allergan plc is required to report on a consolidated basis in its SEC filings. *See, e.g.*, *Fisher & Paykel Healthcare Ltd. v. ResMed Corp.*, No. 16-cv-2068, 2017 WL 3635105, at *2 (S.D. Cal. Jan. 11, 2017) ("Consolidating the activities of a subsidiary into the parent's reports is a common business practice which does not justify the conclusion the U.S. subsidiaries are representative of the foreign holding company. Furthermore, the use of a common trade name and references to a conglomerate as a collective entity, when included in statement intended to be read by the consuming public, cannot create a single entity structure given the sophistication and complexity of today's corporate world." (alterations and internal citations omitted)); *Landis v. Jarden Corp.*, No. 2:11-cv-101, 2012 WL 12892209, at *3 (N.D.W. Va. Mar. 9, 2012) ("[A] holding corporation is obligated to present SEC reports on a consolidated basis . . . .").

of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). As the jurisdictional facts make clear, Allergan plc has no contacts with California, whether purposeful or otherwise—in other words, there was no "purposeful interjection" by Allergan plc in California. *See Amoco Egypt Oil Co. v. Leonis Nav. Co.*, 1 F.3d 848, 852 (9th Cir. 1993) (noting that "[t]his factor parallels the question of minimum contacts"). Further, the burden imposed on Allergan plc should it be required to participate in this litigation is substantial, and outweighs Plaintiffs' interests in proceeding against Allergan plc because Allergan Finance, LLC as well as other named Allergan subsidiaries are going concerns and properly served defendants over which the Court can exercise jurisdiction. *See id.* ("The burden on Leonis of defending the suit in Washington is considerable. . . . The company presently has no connections with Washington, nor does it have an agent or office anywhere else in the United States."); D'Arecca Decl. ¶¶ 3, 11 (explaining that "Allergan plc's headquarters, and its only offices, are located in Ireland" and that Allergan plc "has not designated an agent for service of process in California, has no offices or employees in California, and does not send agents to solicit or conduct business in California"). And although "California maintains a strong interest in providing an effective means of redress for its residents tortiously injured," *Sleep Science Partners v. Lieberman*, No. C 09-04200-CW, 2009 WL 4251322, at *6 (N.D. Cal. Nov. 23, 2009), California has no interest in adjudicating a lawsuit against Allergan plc, which has no contacts with the State. *See Amoco Egypt Oil Co.*, 1 F.3d at 852 ("*Asahi* [*Metal Industry Co. v. Superior Court*, 480 U.S. 102, 114 (1987)] cautions against such an overly broad definition of a state's interest. Washington has no interest in this claim. The vessel involved in the accident was not sailing from Washington and carried no Washington cargo. . . . The absence of a forum state interest weighs heavily against the reasonableness of Washington's assertion of jurisdiction.").

In sum, the Court cannot properly exercise specific personal jurisdiction over Allergan plc.

**C.    To the extent Plaintiffs intend to rely on a successor-liability theory to assert personal jurisdiction over Allergan plc, that argument is untenable.**

Because they cannot meet their burden of establishing general or specific personal jurisdiction over Allergan plc, Plaintiffs may press the theory that Allergan plc is the predecessor of Allergan Finance, LLC f/k/a Actavis, Inc. in an effort to defeat dismissal under Rule 12(b)(2). Successor-in-interest liability

is premised on the sensible principle "that a business should not be allowed to defraud its creditors by simply changing its form." *Lefkowtiz v. Scytl USA*, No. 15-cv-05005-JSC, 2016 WL 537952, at *4 (N.D. Cal. Feb. 11, 2016) (citation omitted); *see also, e.g.*, *Hydro-Air Equip., Inc. v. Hyatt Corp.*, 852 F.2d 403, 406 (9th Cir. 1988) (discussing successor-liability justification of having no "remedy against the original manufacturer"). And the two most important questions in a successor-liability determination are "whether the two corporations have preserved their separate identities and whether recourse to the debtor corporation is available." *CenterPoint Energy, Inc. v. Superior Court*, 157 Cal. App. 4th 1101, 1121 (2007).

Plaintiffs' own allegations doom any successor-liability argument they might make. The entity that Plaintiffs may claim Allergan plc is a successor of, which is now known as Allergan Finance, LLC, is a named defendant in this action with no jurisdictional concerns. Time and again, Plaintiffs recognize that Allergan Finance, LLC was formerly known as Actavis, Inc.—in other words, that Allergan Finance, LLC (not Allergan plc) is the successor of Actavis, Inc. *See* Compl. ¶¶ 115, 117, 120, 127, 129, 130 (identifying "Actavis, Inc. (n/k/a Allergan Finance, LLC)" or "Allergan Finance, LLC (f/k/a Actavis, Inc.)"). And to state the obvious, there is no better illustration that Allergan plc and Allergan Finance, LLC "have preserved their separate identities" than that Plaintiffs name each of them as defendants in this action.

Moreover, Plaintiffs do not allege, and cannot provide any evidence that, Allergan plc was created to "defraud its creditors," or that Allergan Finance, LLC no longer has a separate identity or is unable to pay potential liabilities. *See* Restatement (Third) of Torts: Prod. Liab. § 12 (1998) ("Almost all of the reported decisions applying the bases of successor liability . . . involve predecessors that transfer all of their assets to successors and then dissolve or otherwise cease operations."). To the contrary, the uncontroverted facts here show that Allergan plc is *and has always been* a holding company created to facilitate a bona fide transaction. *See* Compl. ¶ 115 ("Actavis plc (n/k/a Allergan plc) was established to facilitate the business combination between Actavis, Inc. (n/k/a Allergan Finance, LLC) and Warner Chilcott plc."); D'Arecca Decl. ¶ 5 ("Allergan plc is a holding company that exists for the purpose of holding shares of other companies …."). Allergan plc, Allergan Finance, LLC, and every other subsidiary and affiliate named here have always preserved and respected their separate corporate identities. *See*

D'Arecca Decl. ¶ 6 ("Allergan plc operates separately and is independent of each of the companies in which it holds shares."). And to be sure, Allergan Finance, LLC not only exists but is solvent and doing business. *See, e.g.*, Byer Decl. Ex. 6 at 3, F-101, F-103. At bottom, as Plaintiffs are "well aware, . . . Defendant['s] subsidiar[y] still exist[s]; the plaintiffs sued [it], too." *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, No. 2:11-MD-2226-DCR, 2012 WL 1345175, at *4 (E.D. Ky. Apr. 18, 2012) (citation omitted). Thus, "the concern underlying successor liability—that claimants will be 'left without recourse against an entity simply because the entity sells all of its assets or changes its corporate form'—thus is not present here, and rules of successor liability are inapplicable." *Id.* (citation omitted).

The decision by the MDL court in the Northern District of Ohio in the Track One bellwether cases does not dictate otherwise. *See In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 WL 3553892, at *5 (N.D. Ohio Aug. 5, 2019).[3] Based on a single paragraph of analysis, the MDL court held that there was a factual dispute over whether a de facto merger existed that could undergird successor liability, and thus denied Allergan plc's motion to dismiss for lack of personal jurisdiction. But the MDL court was applying *Ohio* law. Under *California* law, "[s]uccessor liability has its roots in assets sales and transfer, and California courts routinely decline to apply successor liability where the *de facto* merger occurs as a result of a stock purchase or transfer." *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1131 (C.D. Cal. 2015). Plaintiffs do not allege, nor could they allege, any transfer in assets from Allergan Finance, LLC f/k/a Actavis, Inc. to Allergan plc. Allergan plc never acquired any of Allergan Finance, LLC's assets—the 2013 transaction that created Allergan plc was a stock transaction that did not involve the transfer of any assets from Allergan Finance, LLC. *See, e.g.*, Compl. ¶ 115. And Plaintiffs cannot rely on the "mere continuation" doctrine to support any successor-liability argument because that doctrine "requires that the predecessor entity that was purportedly acquired by the successor entity no longer exist." *Gerritsen*, 116 F. Supp. 3d at 1133. Of course, that is not the case here, because Allergan Finance, LLC f/k/a Actavis, Inc. continues to exist and has been sued by Plaintiffs in this litigation. Moreover, the MDL court incorrectly credited the plaintiffs' "assert[ion] that Allergan plc holds itself out

---

[3] For the reasons explained in Defendants' Joint Motion to Dismiss, the MDL court's decision is not "law of the case" here.

as engaging in the same business of distributing, manufacturing, and selling opioids that Allergan Finance, LLC did," *In re Nat'l Prescription Opiate Litig.*, 2019 WL 3553892, at *5, even though "Allergan plc does not now conduct and has never conducted any business operations in the United States," D'Arecca Decl. ¶ 7.

### D. Other courts have dismissed Allergan plc for lack of personal jurisdiction based on virtually identical allegations.

In multiple substantially similar opioid-related cases, other trial courts have dismissed Allergan plc because they could not exercise personal jurisdiction over Allergan plc. The New York Supreme Court recently dismissed the State of New York's complaint against Allergan plc for lack of personal jurisdiction. *See People of the State of New York v. Purdue Pharma L.P.*, No. 400016/2018 (N.Y. Sup. Ct. Suffolk Cty. Jan. 17, 2020), at 1 (Byer Decl. Ex. 1). Just as it does here, Allergan plc argued that it was "not subject to general or specific personal jurisdiction . . . because it does not transact business in New York and has not directed any of its activities toward New York—in essence, it claims that it has no ties to New York whatsoever." *Id.* The New York court found that the plaintiff "failed to offer any evidence, tangible or otherwise, to support the existence of a jurisdictional predicate." *Id.* at 4. The court likewise rejected the plaintiff's successor-in-interest argument, as well as the argument that other alleged activities by Allergan plc having no nexus whatsoever with the causes of action asserted could substantiate the exercise of personal jurisdiction. *Id.*[4] The result should be the same here.

Likewise, in another opioid-related case, an Arizona Superior Court explained that to exercise personal jurisdiction, "[t]he record must indicate, when the total aggregate contacts between Allergan plc

---

[4] The New York court has since withdrawn this order based on the State of New York's voluntary dismissal of its claims against Allergan plc. Of course, Plaintiffs here can—and should—similarly voluntarily dismiss their claims against Allergan plc, as plaintiffs in other opioid-related actions have done. For example, after Allergan plc moved to dismiss an action brought by Davis County, Utah, on the same personal jurisdiction and insufficient service of process arguments raised here, Davis County voluntarily dismissed Allergan plc from the case. *See* Notice of Dismissal, *Davis County v. Purdue Pharma, L.P., et al.*, Case No. 180700870 (Utah 2d Dist. Ct. May 13, 2019) (Byer Decl. Ex. 4). Other county plaintiffs in a consolidated Utah action likewise have stipulated to voluntarily dismiss Allergan plc from the case, substituting Allergan Finance, LLC f/k/a Actavis, Inc. as the proper defendant. *See* Order Granting Stipulated Motion to Substitute Party - Allergan Finance, LLC, *Cache County, Utah v. Purdue Pharma, L.P., et al.,* Case No. 180500119 (Utah 3rd Dist. Ct. Oct. 2, 2019) (Byer Decl. Ex. 5). In any event, the New York court's reasoning continues to apply here.

11
SPECIALLY APPEARING DEFENDANT ALLERGAN PLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT (No. 3:18-CV-07591-CRB)

and [the forum state] are considered, that Allergan plc engaged in purposeful conduct in [the forum state] making it fair and reasonable to hale the Irish entity into court in this forum." *See Tucson Med. Ctr. v. Purdue Pharma L.P.*, Sup. Ct. Case No. C20184991 (Ariz. Sup. Ct. Sept. 16, 2019), at 2 (Byer Decl. Ex. 2). The court held that the plaintiff there did not establish "[a] prima-facie showing of relationship between Allergan plc and Arizona," as the "[e]xistence of subsidiary corporations" owned by Allergan plc, "unpled alter ego allegations, and Plaintiff's conspiracy claims . . . do not establish that Allergan plc purposefully availed itself of activities in this forum." *Id.*

Most recently, a South Carolina trial court dismissed Allergan plc for lack of personal jurisdiction. *See In re: South Carolina Opioid Litigation*, Case No. 2018-CP-23-01294 (S.C. Ct. Common Pleas, Thirteenth Jud. Dist., Apr. 8, 2020) (Byer Decl. Ex. 3). The court held that the allegations of the South Carolina plaintiffs (various counties and municipalities throughout the state) that Allergan plc "exercised control over other named Defendants in order to profit from the marketing and selling of opioids" did not "rise to the level of making a *prima facie* showing of jurisdiction." *Id.* at 4. The court went on to consider the supporting affidavit of James D'Arecca—virtually identical to the one submitted here in support of this Motion—and found that it "clearly establishes that Defendant Allergan [plc] did not have the necessary contacts with the State of South Carolina." *Id.* The same is true here.[5]

## II. The Complaint Should Be Dismissed Under Rule 12(b)(5) For Insufficient Service Of Process.

Even if this Court could exercise personal jurisdiction over Allergan plc, it should dismiss the Complaint because Plaintiffs have not attempted to effectuate proper service of process. *See, e.g.*, *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("Without a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."). Plaintiffs acknowledge that Allergan plc is a foreign company located in Ireland. Compl. ¶ 115. "Ireland

---

[5] Plaintiffs may try to wrap themselves in the Orange County Superior Court's early 2018 holding that the plaintiff there met its burden of demonstrating that that court could exercise specific jurisdiction over Allergan plc. But that would be futile because that court, unlike the various other courts across the country that have dismissed Allergan plc for lack of personal jurisdiction, offered no substantive analysis whatsoever.

became a signatory to the Hague Service Convention on April 5, 1994." *Feliz v. United States*, 272 F.R.D. 299, 302 (D. Mass. 2011) ("It took the court roughly two minutes to find on the Internet two process servers willing to make service in Ireland in conformity with the Hague Service Convention."). The Hague Convention thus governs overseas service of process. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361; *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."); *Ho v. Pinsukanjana*, No. 17-cv-06520-PJH, 2019 WL 2415456, at *3 (N.D. Cal. June 7, 2019) ("Service pursuant to the Hague Convention is mandatory when serving a foreign defendant in a signatory country to the Hague Convention."). Yet, Plaintiffs have not attempted to comply with the Convention's strictures.

Dismissing Allergan plc for insufficient service of process would be consistent with other courts' decisions across the country—and consistent with other courts' treatment of Allergan plc and Allergan Finance, LLC as separate entities that must be served separately. In New York, when a group of plaintiff counties proceeding in a similar litigation failed to serve Allergan plc in Ireland, the court held that "plaintiffs failed to meet their burden of establishing that jurisdiction was obtained over Allergan plc by proper service of process." *In re Opioid Litig.*, No. 400000/2017, 2018 WL 3115102, at *15-16 (N.Y. Sup. Ct. June 18, 2018). In Arizona, a trial court held that Allergan plc was entitled to dismissal not just on personal jurisdiction grounds but also on the grounds of insufficient service of process because personal service was attempted domestically, at an unrelated Pennsylvania address. *Tucson Medical Center*, Sup. Ct. Case No. C20184991, at 1. And the South Carolina trial court held that Allergan plc "must be served according to the Hague Service Convention"—something the South Carolina plaintiffs failed to accomplish. *In re South Carolina Opioid Litigation*, Case No. 2018-CP-23-01294, at 4-5. So too, here.

## CONCLUSION

For these reasons, the Court should dismiss with prejudice all claims against Allergan plc f/k/a Actavis plc for lack of personal jurisdiction under Rule 12(b)(2) or insufficient service of process under Rule 12(b)(5).

| | | |
|---|---|---|
| 1 | Dated: April 17, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Zachary W. Byer*<br>Zachary W. Byer (Bar No. 301382) |
| 4 | | KIRKLAND & ELLIS LLP<br>555 South Flower Street |
| 5 | | Los Angeles, CA 90071<br>Telephone: (213) 680-8400 |
| 6 | | Email: zachary.byer@kirkland.com |
| 7 | | Jennifer G. Levy, P.C. (Admitted pro hac vice) |
| 8 | | KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Ave., N.W. |
| 9 | | Washington, D.C. 20004<br>Telephone: (202) 879-5000 |
| 10 | | Email: jennifer.levy@kirkland.com |
| 11 | | Donna Welch, P.C. (Admitted pro hac vice) |
| 12 | | Timothy W. Knapp, P.C. (Admitted pro hac vice)<br>Karl Stampfl (Admitted pro hac vice) |
| 13 | | KIRKLAND & ELLIS LLP<br>300 N. LaSalle St. |
| 14 | | Chicago, IL 60654<br>Telephone: (312) 862-2000 |
| 15 | | Email: donna.welch@kirkland.com |
| 16 | | imothy.knapp@kirkland.com |
| 17 | | *Attorneys for Defendants Allergan Finance, LLC* |
| 18 | | *f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals,*<br>*Inc., Allergan Sales, LLC and Allergan USA, Inc.* |
| 19 | | *and specially appearing defendant Allergan plc f/k/a*<br>*Actavis plc* |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

14
SPECIALLY APPEARING DEFENDANT ALLERGAN PLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT (No. 3:18-CV-07591-CRB)

# CERTIFICATE OF SERVICE

I, Zachary W. Byer, certify that on April 17, 2020, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

/s/ *Zachary W. Byer*
Zachary W. Byer