MORGAN, LEWIS & BOCKIUS LLP
Zachary Hill, Bar No. 275886
zachary.hill@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

Wendy West Feinstein (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
wendy.feinstein@morganlewis.com
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: +1.412.560.7455
Fax: +1.412.560.7001

Attorneys for Specially-Appearing Defendant
Teva Pharmaceutical Industries Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 18-cv-07591-CRB <br><br> **SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: June 19, 2020 <br> Time: 10:00 a.m. <br> Dept: Courtroom 6 <br> Honorable Charles R. Breyer |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   SUMMARY OF ARGUMENT ....................................................................... 1

III.  BACKGROUND ............................................................................................ 4

    A.    Plaintiffs Have Not And Cannot Allege Personal Jurisdiction Over Teva Ltd. ......................................................................................................... 4

    B.    Plaintiffs Have Not Served Teva Ltd. ............................................... 6

IV.  ARGUMENT ................................................................................................. 6

    A.    The Amended Complaint Should Be Dismissed Against Teva Ltd. Under Rule 12(b)(2) Because The Court Lacks Personal Jurisdiction Over Teva Ltd. ........................................................................................................ 6

        1.    The Court Lacks General Personal Jurisdiction Over Teva Ltd. Because Teva Ltd. Is Not "At Home" In California. ....................... 7

        2.    The Court Lacks Specific Personal Jurisdiction Over Teva Ltd. ............... 8

            a.    The Court Lacks Specific Personal Jurisdiction Over Teva Ltd. Under Constitutional Due Process Principles. ......................... 8

            b.    The Court Lacks Specific Personal Jurisdiction Over Teva Ltd. Based On Its Relationship With Its Indirectly-Held United States-Based Subsidiaries. ....................................... 9

            c.    Decisions Across The Country Have Held That No Personal Jurisdiction Exists Over Teva Ltd. In The United States. ............. 12

    B.    The Amended Complaint Should Be Dismissed Against Teva Ltd. Under Rule 12(b)(5) Because Teva Ltd. Has Not Been Properly Served. ....................... 15

V.   CONCLUSION ............................................................................................ 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

*Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*,
    94 F.3d 586 (9th Cir. 1996) ................................................................................................. 13

*Anderson v. Angelone*,
    86 F.3d 932 (9th Cir. 1996) ................................................................................................... 9

*Asahi Metal Industry Co., Ltd. v. Superior Court*,
    480 U.S. 102 (1987) ............................................................................................................... 7

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
    137 S. Ct. 1773 (2017) ....................................................................................................... 7, 8

*Brockmeyer v. May*,
    383 F.3d 798 (9th Cir. 2004) ............................................................................................... 15

*City of Chicago v. Purdue Pharma L.P.*,
    No. 14 C 4361, 2015 WL 2208423 (N.D. Ill. May 8, 2015) ........................................ *passim*

*In re CVS Pharmacy, Inc.*,
    No. 20-3075 (6th Cir. filed Apr. 15, 2020) ..................................................................... 3, 13

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ...................................................................................................... 6, 7, 10

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ........................................................................................... 6, 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ............................................................................................................... 8

*Hosain-Bhuiyan v. Barr Labs., Inc.*,
    No. 17 CV 114 (VB), 2017 WL 4122621 (S.D.N.Y. Sept. 14, 2017) ............................ 3, 15

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ................................................................................................. 6

*In re Lipitor Antitrust Litig.*,
    868 F.3d 231 (3d Cir. 2017) ................................................................................................ 13

*Mavrix Photo, Inc. v. Brand Tech., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) ............................................................................................... 6

*NuCal Foods, Inc. v. Quality Egg LLC*,
    887 F. Supp. 2d 977 (E.D. Cal. 2012) ............................................................................ 10, 11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*In Re Opioid Litigation*,
  Case No. 400016/2018 (Suffolk Cty., N.Y. Sup. Ct. Dec. 2, 2019) ........................3, 13, 14, 15

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015)...............................................................................................6, 7

*Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*,
  No. CV 16-665, 2017 WL 3129147 (E.D. Pa. July 24, 2017).............................................3, 14

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015)......................................................................................2, 9, 10, 12

*S.J. v. Issaquah Sch. Dist. No. 411*,
  470 F.3d 1288 (9th Cir. 2006).....................................................................................................15

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004)....................................................................................................6, 8

*Smith v. Teva Pharm. USA, Inc.*,
  No. 17-61058-CIV, 2018 WL 550252 (S.D. Fla. Jan. 24, 2018).........................................3, 14

*Thomas v. Bible*,
  983 F.2d 152 (9th Cir. 1993).........................................................................................................3

*Walden v. Fiore*,
  571 U.S. 277 (2014) ........................................................................................................................8

*Whitener v. Pliva, Inc.*,
  606 F. App'x 762 (5th Cir. 2015) .............................................................................................3, 14

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017)............................................................................................ *passim*

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) .....................................................................................................................8, 9

**Statutes**

18 U.S.C § 1961............................................................................................................................5, 7

28 U.S.C. § 1331 ..............................................................................................................................6

28 U.S.C. § 1367 ..............................................................................................................................6

Cal. Bus. & Prof. Code § 17200 .....................................................................................................5

Cal. Bus. & Prof. Code § 17500 .....................................................................................................5

Cal. Civ. Code § 3479 ......................................................................................................................5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1

Cal. Civ. Code § 3480 ........................................................................................................5

2

**Other Authorities**

3

Fed. R. Civ. P. 4 ............................................................................................................15

4

Fed. R. Civ. P. 12(b)(2)................................................................................................1, 6

5

Fed. R. Civ. P. 12(b)(5)..........................................................................................1, 4, 15

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on June 19, 2020 at 10:00 a.m., or as soon thereafter as available, in the courtroom of the Honorable Charles R. Breyer, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, specially-appearing Defendant Teva Pharmaceutical Industries Ltd. ("Teva Ltd.) will and hereby does move for an order dismissing Plaintiffs' claims asserted in the First Amended Complaint ("Amended Complaint"). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Doron Herman and exhibits thereto, the pleadings and papers on file in this action, any other such matters of which the Court may take judicial notice, the arguments of counsel, and any other matter that the Court may properly consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Courts across the country, including in similar opioid-related proceedings, universally have held that there is no personal jurisdiction over Teva Ltd.—which is headquartered and has its principal place of business in Israel and conducts no business in the United States.  Indeed, *every* court that has decided the issue of personal jurisdiction over Israeli-based Teva Ltd. has unanimously found it lacking, including in Florida, Louisiana, Pennsylvania and, most recently, in Illinois and New York.  This Court should reach the same result.  Under controlling precedent, it would violate basic principles of constitutional due process to force Teva Ltd. to incur significant business disruption, litigation costs, and reputational harm defending itself in a case of this scale in a foreign country where Teva Ltd. conducts no business and is not subject to personal jurisdiction.

## II.     SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) ("Rule 12(b)(2)" and "Rule 12(b)(5)"), specially-appearing Defendant Teva Ltd. respectfully requests that the Court dismiss all claims brought by Plaintiffs[1] in the Amended Complaint against it for:  (a) lack of personal jurisdiction; and (b) insufficient service of process.

---

[1]     Plaintiffs are The City and County Of San Francisco, California and The People Of The State of California, acting by and through San Francisco City Attorney Dennis J. Herrera.

*No Personal Jurisdiction*.  Under controlling Supreme Court and Ninth Circuit precedent, and as courts across the country have similarly held, this Court lacks personal jurisdiction over Teva Ltd., which is a foreign corporation that is headquartered and has its principal place of business in Israel and conducts no business in the United States.  Here, Plaintiffs plead no facts supporting general or specific personal jurisdiction over Teva Ltd.

First, no general jurisdiction exists because Plaintiffs do not and cannot plead that Teva Ltd. is "at home" in California or anywhere in the United Sates.  Instead, Teva Ltd. is an Israeli company that is not headquartered or incorporated in the United States.

Second, Plaintiffs do not and cannot allege any basis for specific jurisdiction.  Plaintiffs' claims stem from allegedly false and fraudulent marketing of opioid medicines and purported failures to report suspicious orders in California.  But Plaintiffs allege no facts to connect Teva Ltd. to any such conduct in California or elsewhere.  Nor can they.  As the Declaration of Doron Herman, Senior Vice President, Head of Tax at Teva Ltd. (attached as Exhibit A), makes clear, **Teva Ltd. does not and has never manufactured, promoted, or sold opioid medications in the United States or in California**.  This defeats personal jurisdiction as a matter of law.

The only alleged factual connection between Teva Ltd. and this forum is its ownership interest in separately-incorporated and independently-operated indirect subsidiaries that are already defendants in this action—Teva Pharmaceuticals USA, Inc. ("Teva USA"), Cephalon, Inc. ("Cephalon"), and various Actavis Generic Entities.[2]  But it is settled Ninth Circuit law that mere corporate ownership of subsidiaries is insufficient to confer personal jurisdiction.  *See, e.g., Ranza v. Nike, Inc.,* 793 F.3d 1059, 1020 (9th Cir. 2015).  Moreover, any allegations that Teva Ltd. should be subject to personal jurisdiction in California based on its relationship with Teva USA, Cephalon, or the Actavis Generic Entities are directly contradicted by sworn statements in the Herman Declaration.

Since Plaintiffs have not and cannot plead (much less establish) a *prima facie* case of

---

[2]    The Actavis Generic Entities are Watson Laboratories, Inc., Warner Chilcott Company, LLC, Actavis Pharma, Inc., Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc., and Actavis Laboratories FL, Inc.  Am. Compl. ¶¶ 120-130.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -    Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

personal jurisdiction, it would violate California's long-arm statute—and fundamental and constitutional due process protections—to require Teva Ltd. to defend itself in this proceeding, including with respect to burdensome and unnecessary discovery. Indeed, courts across the country have repeatedly dismissed claims against Teva Ltd. for lack of personal jurisdiction.[3] And similar claims—involving nearly identical opioid-related allegations to those made here—were rejected as insufficient to establish personal jurisdiction over Teva Ltd. in *City of Chicago v. Purdue Pharma L.P.*, No. 14 C 4361, 2015 WL 2208423, at *7 (N.D. Ill. May 8, 2015) and *In Re Opioid Litigation*, Case No. 400016/2018 (Suffolk Cty., N.Y. Sup. Ct. Dec. 2, 2019).[4] The lone decision to defer until after trial the issue of personal jurisdiction over Teva Ltd.—which was issued in a separate case ("*Summit County*") brought by separate Ohio plaintiffs in the national opiate multi-district litigation ("MDL")—is an outlier and carries no precedential or persuasive value; it was decided (wrongly) based upon Ohio state law principles and is certainly not law of the case here.[5] Under controlling Supreme Court, Ninth Circuit, and California law, the Court should follow the logic of every other court and dismiss all claims against Teva Ltd. for lack of personal jurisdiction.

**Insufficient Service of Process**. The claims against Teva Ltd. also should be dismissed for insufficient service of process. Plaintiffs filed this action in December 2018 but never attempted to serve Teva Ltd. In fact, despite an order from the MDL court (more than 17 months ago) purporting to require each "foreign entity" to accept service,[6] Plaintiffs never requested that Teva

---

[3]     *See, e.g.*, *Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015) (no personal jurisdiction over Teva Ltd. in Louisiana); *Smith v. Teva Pharm. USA, Inc.*, No. 17-61058-CIV, 2018 WL 550252, at *3 (S.D. Fla. Jan. 24, 2018) (same in Florida); *Hosain-Bhuiyan v. Barr Labs., Inc.*, No. 17 CV 114 (VB), 2017 WL 4122621, at *3 (S.D.N.Y. Sept. 14, 2017) (same in New York); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. CV 16-665, 2017 WL 3129147, at *3, 7-8 (E.D. Pa. July 24, 2017) (same in Pennsylvania).

[4]     A copy of the Order is attached as Exhibit B.

[5]     Law of the case only applies if the earlier ruling was "***in the identical case***." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (emphasis added). And as the Sixth Circuit overseeing the MDL court in the national opioid litigation recently re-affirmed, "cases within an MDL 'retain their separate identities.'" Opinion at 2, *In re CVS Pharmacy, Inc.*, No. 20-3075 (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015)). Moreover, Teva Ltd. filed a petition for writ of mandamus before the Sixth Circuit to seek relief from the *Summit County* decision. Because that motion was denied on procedural grounds and did not reach the merits, and the case later settled, the Sixth Circuit never addressed the ruling.

[6]     That order was entered on November 19, 2018. (MDL No. 2804, ECF No. 1108). While Teva Ltd. disputes its validity on due process grounds and as inconsistent with the Federal Rules of Civil Procedure, the fact remains that Plaintiffs never sought to avail themselves of that order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -                                                    Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1    Ltd. execute a waiver of service or provided such a waiver.  Plaintiffs' failure to take steps to service

2    Teva Ltd. after more than 16 months requires dismissal of all claims against it under Rule 12(b)(5).

3    **III.    BACKGROUND**

4          Teva Ltd. is incorporated under the laws of Israel and has its headquarters and principal

5    place of business in Petah Tikvah, Israel.  *See* Am. Compl. ¶ 133; Ex. A, Herman Decl. ¶ 2.  Teva

6    Ltd. does not have an office, property, employees, or registered agent in the United States.  Herman

7    Decl. ¶ 2.  Teva Ltd. does not transact business in the United States.  *Id.*  Teva Ltd. has never

8    manufactured, promoted, or sold opioid prescription medicines, including Actiq, Fentora, or any

9    generic opioid medicine, in the United States.  *Id.* ¶ 3.

10         **A.    Plaintiffs Have Not And Cannot Allege Personal Jurisdiction Over Teva Ltd.**

11         Plaintiffs' Amended Complaint names indirect subsidiaries of Teva Ltd. as defendants—

12   Teva USA, Cephalon, and the Actavis Generic Entities.  Am. Compl. ¶¶ 120-30, 133-34.  Teva

13   USA is a Delaware corporation with its principal place of business in Pennsylvania.  *Id.* ¶ 133.

14   Cephalon, which became affiliated with Teva Ltd. in 2011, is also a Delaware corporation with its

15   principal place of business in Pennsylvania.  *Id.* ¶ 134.  The Actavis Generic Entities, which became

16   affiliated with Teva Ltd. in 2016, are incorporated or have a principal place of business in Nevada,

17   Puerto Rico, Delaware, California, Florida, Utah or New Jersey.  *Id.* ¶¶ 120-30.

18         The Amended Complaint does ***not*** allege that Teva USA, Cephalon, or the Actavis Generic

19   Entities are agents, mere departments, alter egos, or controlled by Teva Ltd., or plead any facts to

20   support these theories.  Nevertheless, Plaintiffs improperly group Teva Ltd. and Teva USA under

21   the fictitious label "Teva."  *Id.* ¶ 134.  Other than introductory paragraphs in the "Parties" section

22   of the Amended Complaint, Plaintiffs fail to make a ***single*** allegation against Teva Ltd.

23         Because Plaintiffs fail to make a single substantive allegation as to Teva Ltd., any attempt

24   to exercise personal jurisdiction over it must necessarily be based on Teva Ltd.'s ownership interest

25   in its separately-incorporated and independently-operated indirect subsidiaries.  But as the Herman

26   Declaration makes clear, any attempt to exercise personal jurisdiction over Teva Ltd. as a result of

27   its relationship with its United States based-subsidiaries lacks any legal or factual basis and is

28   wholly improper.  The Herman Declaration establishes that:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -                          Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

- Teva Ltd. conducts no business in the United States (much less California), and, thus, it does not engage in any manufacturing, marketing, or sales of opioid medicines in the United States.  Herman Decl. ¶¶ 2-3.

- Teva Ltd. does not control the day-to-day activities of, does not conduct or transact business on behalf of, and does not manage the business affairs of Teva USA, Cephalon, or the Actavis Generic Entities.  *Id.* ¶ 8.

- Teva USA, Cephalon, and the Actavis Generic Entities operate separately and independently of Teva Ltd., and each has its own separate management teams that operate the respective businesses and set their respective policies.  *Id.* ¶¶ 5-8.

- Teva Ltd. does not control the finances of Teva USA, Cephalon, or the Actavis Generic Entities, and Teva USA, Cephalon, and the Actavis Generic Entities are not financially dependent upon Teva Ltd.  *Id.* ¶ 9.  Teva USA, Cephalon, the Actavis Generic Entities and Teva Ltd. all keep separate financial books and records.  *Id.*

- Teva Ltd. does not have the same address, phone line, or headquarters as Teva USA, Cephalon, or the Actavis Generic Entities.  *Id.* ¶ 4.

For these reasons, it is no surprise that the Amended Complaint contains no specific marketing- or distribution-related (or, indeed, any substantive) allegations against Teva Ltd.

Despite the absence of any facts showing that Teva Ltd. markets or sells opioids in the United States, Plaintiffs seek to force Teva Ltd. to suffer the significant burden of defending itself in this foreign high-profile proceeding.  Worse yet, Plaintiffs seek to hold Teva Ltd. liable for the entire spectrum of public costs arising from alleged misuse and abuse of opioid medicines in California.  The Amended Complaint asserts five causes of action against the Defendants, including Teva Ltd..  Each claim is premised upon alleged misrepresentations and omissions regarding the risks and benefits of opioids, or alleged failures to monitor and report suspicious orders of opioid medicines.  Am. Compl. ¶¶ 886-906 (Count III – public nuisance, California Civil Code §§ 3479-3480); 907-19 (Count IV – California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*); 920-25 (Count V – False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*).[7]

---

[7]    Plaintiffs assert two additional causes of action against "Cephalon" only, which Plaintiffs define to **not** include Teva Ltd., and thus these two claims are not asserted against Teva Ltd.  *See* Am. Compl. ¶¶ 826-54 (Count I – RICO, 18 U.S.C § 1961 *et seq.* ("opioid marketing enterprise")); 855-85 (Count II – RICO, 18 U.S.C § 1961 *et seq.* ("opioid supply chain enterprise"); *id.* ¶ 135 (defining "Cephalon" to include Teva USA and Cephalon only—not Teva Ltd.)  Nevertheless, to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -                                                      Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1

### B.   Plaintiffs Have Not Served Teva Ltd.

2

Even though Plaintiffs filed this action on December 18, 2018, Plaintiffs have not served

3

Teva Ltd. or requested that Teva Ltd. execute a waiver of service.  In fact, Plaintiffs requested

4

waivers of service only for Teva USA, Cephalon, and some of the Actavis Generic Entities—but

5

not for Teva Ltd.  *See* Ex. C.   Counsel executed all requested waivers of service.  *See* Ex. D.

6

## IV.   ARGUMENT

7

### A.   The Amended Complaint Should Be Dismissed Against Teva Ltd. Under Rule 12(b)(2) Because The Court Lacks Personal Jurisdiction Over Teva Ltd.

8

9

A defendant may move to dismiss an action if the court lacks personal jurisdiction over that

10

defendant.  Fed. R. Civ. Pro. 12(b)(2).  Faced with a motion to dismiss for lack of personal

11

jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Picot*

12

*v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger v. Fred Martin Motor Co.*,

13

374 F.3d 797, 800 (9th Cir. 2004)).  When the motion to dismiss is evaluated without an evidentiary

14

hearing, the plaintiff must "make a prima facie showing of jurisdictional facts to withstand the

15

motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

16

The court may consider evidence outside the pleadings, including affidavits and other materials

17

submitted on the motion. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  A plaintiff

18

"cannot simply rest on the bare allegations of its complaint" and only "uncontroverted allegations

19

in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800.

20

Regardless of whether this Court's jurisdiction arises under 28 U.S.C. §§ 1331 or 1367 (Am.

21

Compl. ¶ 72), Plaintiffs must satisfy the forum state's requirements for personal jurisdiction. *See*

22

*Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001); *Daimler AG v. Bauman*, 571 U.S.

23

117, 125 (2014).   Because "California's long-arm statute allows the exercise of personal

24

jurisdiction to the full extent permissible under the U.S. Constitution," the jurisdictional analysis

25

turns on whether exercising personal jurisdiction satisfies due process. *See Picot*, 780 F.3d at 1211

26

(citing Cal. Civ. Proc. Code § 410.10).

27

To establish personal jurisdiction, Plaintiffs must demonstrate either: (1) general

28

the extent this Court finds that those two claims (Counts I and II) are asserted against Teva Ltd.,
they too should be dismissed for the reasons expressed in this memorandum.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -                           Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1    jurisdiction; or (2) specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of California,*

2    *San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) ("*BMS*"). General jurisdiction, also known as

3    "all-purpose jurisdiction," allows a court to exercise jurisdiction over a claim that is distinct from

4    and is not related to a non-resident defendant's contacts with a forum. *Id.* at 1779-80. Specific

5    jurisdiction, also known as "case-linked jurisdiction," refers to jurisdiction which arises out of or

6    relates to the defendant's contacts with a forum. *Id.* In other words, general jurisdiction is dispute-

7    blind, while for specific jurisdiction "the suit must aris[e] out of or relat[e] to the defendant's

8    contacts the forum." *Id.* at 780 (internal quotations omitted and alterations in original).

9        Plaintiffs bear the burden to establish that the exercise of general or specific personal

10   jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United

11   States Constitution. *Picot*, 780 F.3d at 1211. Where, as here, "the assertion of personal jurisdiction

12   would force the defendant to defend in a foreign forum under a foreign legal system, significant

13   weight must be given to the burden on the defendant when assessing the reasonableness of

14   'stretching the long arm of personal jurisdiction over national borders.'" *Asahi Metal Industry Co.,*

15   *Ltd. v. Superior Court*, 480 U.S. 102, 114 (1987). As every other court that has addressed this issue

16   in related opioids cases has held, Plaintiffs have not and cannot meet their burden to establish that

17   this Court has either general or specific jurisdiction over Israeli-based Teva Ltd.[8]

18        **1.    The Court Lacks General Personal Jurisdiction Over Teva Ltd.**
19             **Because Teva Ltd. Is Not "At Home" In California.**

20        The United States Supreme Court and the Ninth Circuit have both made clear that a foreign

21   corporation may not be subject to general personal jurisdiction on the basis of the contacts of its

22   subsidiary unless the parent itself is "at home" in the jurisdiction. *Daimler AG v. Bauman*, 571

23   U.S. 117, 134-35 (2014); *see also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir.

24   2017). This means that for Teva Ltd. to be subject to general personal jurisdiction in this Court, it

25   _____

26   [8]    As noted above, the RICO claims have not been pled against Teva Ltd. Nonetheless, even
     if Plaintiffs had done so and were to argue that the proper jurisdictional analysis under the Fifth
     Amendment for those federal RICO claims requires an evaluation of Teva Ltd.'s contacts with the
27   United States as a whole (as opposed to just the forum state), personal jurisdiction is still lacking.
     As an initial matter, *BMS* calls into question such a nationwide-contacts analysis. *BMS*, 137 S. Ct.
     at 1780. More fundamentally, Teva Ltd. is not at home in the United States and lacks any claim-
28   specific connections to not just Ohio, but the entire United States as a whole; thus, no personal
     jurisdiction exists over Teva Ltd. under even the most expansive of standards.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -                                            Case No. 18-cv-07591-CRB
SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1    must have its "domicile, place of incorporation, [or] principal place of business" in California.

2    *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

3         Here, Plaintiffs have not alleged any jurisdictional facts to justify the exercise of general

4    personal jurisdiction over Teva Ltd.   Indeed, it is undisputed that Teva Ltd. is domiciled,

5    incorporated, and has its principal place of business outside the United States (Am. Compl. ¶ 133),

6    and, therefore, it cannot be said to be "at home" in California or anywhere else in the United States.

7    Herman Decl. ¶ 2.  Because Teva Ltd. is not "at home" in California or anywhere else in the United

8    States, there is no general jurisdiction over Teva Ltd.

9              **2.       The Court Lacks Specific Personal Jurisdiction Over Teva Ltd.**

10                  **a.       The Court Lacks Specific Personal Jurisdiction Over Teva Ltd.
                            Under Constitutional Due Process Principles**.

11

12         Plaintiffs also cannot establish specific jurisdiction because the Amended Complaint fails

13   to allege that any "suit-related conduct" on the part of Teva Ltd. "creat[es] a substantial connection"

14   with California such that exercising jurisdiction over Teva Ltd. would be consistent with the due

15   process clause of the United States Constitution.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see*

     *also BMS*, 137 S. Ct. at 1780-81; *Williams*, 851 F.3d at 1020.

16

17         To comport with constitutional due process requirements, plaintiff bears the burden of

18   establishing both that a defendant "purposefully direct[ed] his activities" at the forum state *and* that

19   the cause of action "arises out of or relates to the defendant's forum related activities."

20   *Schwarzenegger*, 374 F.3d at 801-02.  "When there is no such connection, specific jurisdiction is

21   lacking regardless of the extent of a defendant's unconnected activities in the State." *BMS*, 137 S.

22   Ct. 1773 at 1780-81 (finding no specific jurisdiction in California over non-resident defendant even

23   though defendant pharmaceutical company sold "almost 187 million Plavix pills in [California] and

24   took in more than $900 million from those sales," where plaintiffs' claims were unconnected to the

25   sale of Plavix pills in California).  In sum, due process requires that a defendant's challenged

26   conduct and connection with the forum be "such that he should reasonably anticipate being haled

27   into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

28         Here, constitutional due process precludes this Court from exercising specific personal

1    jurisdiction over Teva Ltd.  Teva Ltd. is an Israeli company with no connection to California.

2    Herman Decl. ¶ 2.  It does not own any property in California.  *Id.* ¶ 2.  And it transacts no business

3    in the United States, much less in California.  *Id.* ¶ 2.  Critically, there are no allegations in the

4    Amended Complaint to the contrary.  Teva Ltd. simply did not purposefully avail itself of

5    California and the claims against Teva Ltd. should be dismissed.

6         Nor does the Amended Complaint contain allegations that are sufficient to establish that

7    Teva Ltd. had the requisite *claim-specific* contacts with California (*i.e.*, alleged opioid-related sales,

8    marketing, or distribution activities).  Teva Ltd. has virtually no connection at all with California,

9    as is conceded by the Amended Complaint, which fails to allege a single fact showing that Teva

10   Ltd. engaged in any manufacturing, promotion, distribution, or sale of opioids in California.[9]  Thus,

11   Teva Ltd. could not "reasonably anticipate being haled into court" in California and personal

12   jurisdiction is lacking.  *See World-Wide Volkswagen Corp.*, 444 U.S. at 297.

13              **b.     The Court Lacks Specific Personal Jurisdiction Over Teva Ltd.
                         Based On Its Relationship With Its Indirectly-Held United
14                       States-Based Subsidiaries**.

15        The Amended Complaint does ***not*** allege that Teva USA, Cephalon, or the Actavis Generic

16   Entities are agents or alter egos of Teva Ltd.  Thus, as a threshold matter, any attempt by Plaintiffs

17   to exercise personal jurisdiction over Teva Ltd. via these theories is unpled and should be rejected

18   ***on that basis alone***.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  Nevertheless, any

19   argument that Teva Ltd. may be subject to personal jurisdiction through the conduct of Teva USA,

20   Cephalon, or the Actavis Generic Entities also fails because Plaintiffs fail to plead any basis for

21   doing so (and because the Herman Declaration establishes the opposite).

22        It is black-letter law that "[t]he existence of a parent-subsidiary relationship is insufficient,

23   on its own, to justify imputing one entity's contacts with a forum state to another for the purpose

24   of establishing personal jurisdiction."  *Ranza*, 793 F.3d at 1070.  The only method to impute the

25   contacts of a subsidiary to a parent is if a plaintiff can meet the stringent requirements to pierce the

26   

27   ---
     [9]      As discussed *supra*, Teva Ltd. does not have an office, property, employees, or registered
28   agent in California.  Herman Decl. ¶ 2.  It has never manufactured, promoted, distributed, or sold
     opioid prescription medications in California.  *Id.* ¶ 3.

corporate veil and prove that one entity is the "alter ego" of the other. *See Williams*, 851 F.3d at 1021 (citing *Daimler*, 134 S.Ct. at 759.)[10]  Here, too, the Ninth Circuit has made clear that "the parent-subsidiary relationship does not on its own establish two entities as 'alter egos.'" *Williams*, 851 F.3d at 1021.

Rather, the alter ego test may be used to extend personal jurisdiction to a foreign parent only where plaintiff can make the exceptional showing "(1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Id*.  The "unity of interest and ownership" prong of this test requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015).  "This test envisions pervasive control over the subsidiary, such as when a parent corporation 'dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation.'" *Id*. (citations omitted).[11]

As to the second prong, "the plaintiff must make allegations of fact from which it appears that recognition of the corporate entity would sanction a fraud or promote injustice." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 992 (E.D. Cal. 2012).  "[T]he plaintiff must be more than just a creditor attempting to recover on unsatisfied debts; it must show that a defendant's conduct amounted to bad faith." *Id.*  (citing *United States v. Standard Beauty Supply Stores, Inc.*, 561 F.2d 774, 777–78 (9th Cir. 1977)).  "This stringent pleading requirement reflects the principle that [d]isregarding the corporate entity is recognized as an extreme remedy, and [c]ourts will pierce

---

[10]     While the Supreme Court in *Daimler* invalidated the agency theory of personal jurisdiction as it pertained to the exercise of general jurisdiction only, and not specific jurisdiction, the Ninth Circuit has noted that "more than one district court within our circuit has expressed some uncertainty on that point post-*Daimler*, as 'the rationale set forth in *Daimler* . . . would seem to undermine application of [our agency test] even in specific jurisdiction cases.'" *See Williams*, 851 F.3d at 1024 (citing *Corcoran v. CVS Health Corp.*, 169 F.Supp.3d 970, 982 (N.D. Cal. 2016 and *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-cv-01180-BLF, 2015 WL 4755335, at *5 (N.D. Cal. Aug. 11, 2015)).

[11]     In evaluating the degree of control wielded by the dominant corporation, courts consider the following factors: "(1) substantial ownership of a corporation and dominance over its management; (2) inadequacy of the corporation's capitalization or its insolvency; (3) failure to observe corporate formalities; (4) absence of regular board meetings; (5) nonfunctioning of corporate directors; (6) commingling of corporate and noncorporate assets; (7) the diversion of assets from the corporation to the detriment of creditors; and (8) failure of an individual to maintain an arm's length relationship with the corporation." *NuCal Foods, Inc.*, 887 F. Supp. 2d at 992.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  the corporate veil only in exceptional circumstances.'"  *Id*. (internal quotations omitted).

2      Here, despite bringing this action more than 15 months ago, Plaintiffs fail to plead any facts

3  to meet their burden as to either prong of the alter ego test.  The Amended Complaint merely alleges

4  that Teva USA, Cephalon, and the Actavis Generic Entities are indirectly-held subsidiaries of Teva

5  Ltd.  *Id*. ¶¶ 120-30, 133-34.  There are no allegations that Teva Ltd. exercised any level of control

6  over its subsidiaries (much less any control that is not typical of a parent-subsidiary relationship).

7  There are no allegations that any corporate formalities were not observed.   And there are no

8  allegations that Teva Ltd. acted in bad faith with respect to the corporate form, much less that this

9  resulted in fraud or injustice to Plaintiffs that can only be resolved by the extreme remedy of

10  disregarding the bed-rock principle of corporate separateness.  Plaintiffs do not and cannot meet

11  their burden of showing that "that there is such unity of interest and ownership that the separate

12  personalities of [Teva Ltd., Teva USA, Cephalon, and the Actavis Generic Entities] no longer

13  exist," or "that failure to disregard their separate identities would result in fraud or injustice."

14  *Williams*, 851 F.3d at 1021.  Plaintiffs plead no facts to carry either of these burdens because there

15  are none.  For this reason alone, this theory is of personal jurisdiction is inapplicable and flawed.

16      Moreover, even if Plaintiffs had pled allegations to support this theory (and they have not),

17  the Herman Declaration sets forth sworn facts establishing the opposite:

18
19  - Teva Ltd. does not control the day-to-day activities of, does not conduct or transact business on behalf of, and does not manage the business affairs of Teva USA, Cephalon, or the Actavis Generic Entities.  *Id*. ¶ 8.
20
21  - Teva USA, Cephalon, and the Actavis Generic Entities operate separately and independently of Teva Ltd., and each has its own separate management teams that operate the respective businesses and set their respective policies.  *Id*. ¶¶ 5-8.
22

23  - Teva Ltd. does not control the finances of Teva USA, Cephalon, or the Actavis Generic Entities, and Teva USA, Cephalon, and the Actavis Generic Entities are not financially dependent upon Teva Ltd.  *Id*. ¶ 9.  Teva USA, Cephalon, the Actavis Generic Entities and Teva Ltd. all keep separate financial books and records.  *Id*.
24
25

26  - Teva Ltd. does not have the same address, phone line, or headquarters as Teva USA, Cephalon, or the Actavis Generic Entities.  *Id*. ¶ 4.

27      Given these facts, exercising personal jurisdiction over Teva Ltd. based on the conduct of
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -                                    Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

Cephalon, Teva USA, or the Actavis Generic Entities is wholly improper.  *See, e.g., Williams*, 851 F.3d at 1022 (upholding dismissal for lack of personal jurisdiction and rejecting the exercise of personal jurisdiction based on the parent-subsidiary relationship where the "complaint makes almost no factual allegations regarding the nature of the parent-subsidiary relationship."); *Ranza*, 793 F.3d at 1073 (holding that "[parent's] involvement in [subsidiary], though substantial, is insufficient to negate the formal separation between the two entities such that they are functionally one single enterprise. [Plaintiff] therefore may not attribute [parent's] contacts to [subsidiary] for the purpose of personal jurisdiction.").[12]

### c.    Decisions Across The Country Have Held That No Personal Jurisdiction Exists Over Teva Ltd. In The United States.

Courts throughout the country repeatedly and consistently have dismissed lawsuits against Teva Ltd. for lack of personal jurisdiction, including in opioid litigation.  The result here should be the same; there is no general or specific personal jurisdiction over Teva Ltd. in California.

In *City of Chicago*, for instance, plaintiff alleged that personal jurisdiction existed over Teva Ltd. in connection with opioid-related claims because its "subsidiaries' only purpose is to conduct Teva, Ltd.'s business, and thus their contacts with Illinois can be imputed to Teva, Ltd."  2015 WL 2208423, at *7.  To try to support this theory, plaintiff submitted evidence in opposition to Teva Ltd.'s motion to dismiss, including that Teva Ltd.'s website touted Cephalon's opioid products, that Teva Ltd.'s SEC filings included information about its subsidiaries, and that the CEO of Teva Ltd. made comments about a joint sales force.  *Id.*  The *City of Chicago* court nonetheless dismissed Teva Ltd. because the evidence was woefully insufficient to show that Teva Ltd. controls its subsidiaries "to such a degree" that there is no longer a corporate distinction between Teva Ltd. and its subsidiaries, and, thus, that their "contacts with Illinois can be imputed to Teva, Ltd."  *Id.*

Similarly, Teva Ltd. was recently dismissed for lack of personal jurisdiction in the New

---

[12]    Subjecting Teva Ltd. to personal jurisdiction would be especially prejudicial given the high-profile nature of the litigation and its costs and burdens.  Even while awaiting a final determination on the merits, Teva Ltd. would be forced to incur the massive costs associated with the discovery process in a foreign country where the company has no presence.  Given the volume of discovery that took place in just *Summit County* (not to mention the extensive discovery that plaintiffs across the country have already taken of Teva USA and Cephalon), such a result would violate Teva Ltd.'s due process rights.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -                               Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1  York State consolidated opioid litigation ("New York MDL").  *See* Ex. B, *In Re Opioid Litigation*,

2  Case No. 400016/2018 (Suffolk Cty., N.Y. Sup. Ct. Dec. 2, 2019).  There, the court rejected

3  plaintiff's argument that Teva Ltd.'s alleged "contacts" with the United States and New York were

4  sufficient to confer personal jurisdiction on Teva Ltd.  *Id.* at p. 3.  Instead, the court dismissed the

5  complaint against Teva Ltd., finding that Teva Ltd. demonstrated that it does not transact business

6  activities in New York and that "Teva USA and Cephalon are separately managed and financially

7  independent subsidiaries."  *Id.* at p. 4.  This Court should do the same.

8        Plaintiffs may seek to rely upon Judge Polster's decision in *Summit County*.   But that

9  decision did not rule on whether there was personal jurisdiction over Teva Ltd. in Ohio; instead, it

10  deferred the issue until after trial.  *See In Re: National Prescription Opiate Litigation*, No. 1:17-

11  md-2804, ECF No. 2131.  This deferral is neither controlling nor persuasive; it offered little analysis

12  and addressed personal jurisdiction over claims brought by Ohio municipalities under ***Ohio law***.[13]

13  Importantly, no final decision was issued, much less any finding of personal jurisdiction.  Judge

14  Polster held only that "issues of disputed fact" were present under Ohio law and that those issues

15  warranted an evidentiary hearing—an erroneous conclusion for which Teva Ltd. sought mandamus

16  before the Sixth Circuit.  *Id*.  Thus, this decision has no bearing here, since—as the Sixth Circuit

17  recently held in granting mandamus to reverse a *Summit County* order—"an MDL court's

18  determination of the parties' rights in an individual case must be based on the same legal rules that

19  apply in other cases, ***as applied to the record in that case alone***."   Opinion at 2, *In re CVS

20  Pharmacy, Inc.*, No. 20-3075 (6th Cir. Apr. 15, 2020) (emphasis added); *see also In re Lipitor

21  Antitrust Litig.*, 868 F.3d 231, 268 n.18 (3d Cir. 2017) (error to rely on decision in separate MDL

22  as law of the case).

23        Indeed, attempts to use the deferral in *Summit County* as a basis for exercising personal

24  jurisdiction over Teva Ltd. elsewhere have been rejected.  Like the current case, *City of Chicago*

25  was part of the federal MDL, but was remanded back to the Northern District of Illinois as part of

---

[13]     While federal constitutional due process principles govern personal jurisdiction, state law governs Plaintiffs' apparent theory of personal jurisdiction here—that is, whether the contacts of a subsidiary can be imputed to a parent.  *See Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (applying control test under California law to find no personal jurisdiction over foreign parent); *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) (same)

- 13 -                 Case No. 18-cv-07591-CRB

the MDL's November 19, 2019 remand order.  MDL No. 2084, ECF No. 2941.  Despite the fact that the district court had already decided that it lacked personal jurisdiction over Teva Ltd., *City of Chicago*, 2015 WL 2208423, at *7, the City of Chicago sought to amend its complaint after remand to rename Teva Ltd. as a defendant, arguing that Judge Polster's subsequent decision in *Summit County* deferring the issue of personal jurisdiction over Teva Ltd. until after trial was "law of the case" that trumped the district court's earlier decision finding jurisdiction lacking.  *City of Chicago*, ECF No. 709-1, at 1-3.  Judge Alonso denied plaintiff's attempt to re-add Teva Ltd. as a defendant, finding that "contrary to the City's position, Judge Polster's ruling does ***not*** constitute law of the case here," and further, that Judge Polster merely "deferred ruling" and thus "the issue was not decided."  *City of Chicago*, ECF No. 714 at 3 (emphasis added), attached as Exhibit E. The Court should hold the same here.  Holding otherwise creates inconsistent results and risks creating a split of authority among federal courts on this issue.

The logic of the *Summit County* deferral decision with respect to Teva Ltd. was also rejected in the New York MDL, where the court ruled on the merits of personal jurisdiction over Teva Ltd. at the motion to dismiss stage ***after*** the *Summit County* deferral.  The New York court conducted a robust, in-depth personal jurisdiction analysis and held that no personal jurisdiction existed over Teva Ltd. in New York.  *See* Ex. B.  That logic commands the same result here.  Plaintiffs' allegations fail to establish personal jurisdiction over Teva Ltd. in California or anywhere else in the United States and, thus, dismissal is appropriate.

In addition to the *City of Chicago* and *In Re Opioid Litigation* decisions discussed above, numerous other courts across the country also have reached the same decision:  there is no personal jurisdiction over Teva Ltd. because it does not conduct business—much less opioid-related marketing—in the United States.  *See, e.g.*, *Whitener*, 606 F. App'x  at 765 (affirming holding that no personal jurisdiction exists over Teva Ltd. in Louisiana and that trial court did not abuse discretion in denying motion for additional discovery); *Smith*, 2018 WL 550252, at *3 (dismissing Teva Ltd. for lack of personal jurisdiction because Teva Ltd. "does not engage in substantial activity in Florida, does not conduct any business in Florida . . . and—by virtue of having no contact whatsoever with the state—could not have committed a tortious act here"); *Plumbers' Local Union*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

*No. 690 Health Plan*, 2017 WL 3129147, at *3, 7-8 (no specific personal jurisdiction over Teva Ltd. in part because it did not direct activities toward Pennsylvania and "[a]lthough . . . subsidiaries and affiliates of Teva Ltd. conduct business in Pennsylvania, these subsidiaries and affiliates are separate legal entities with separate boards of directors that are managed and supervised independently of . . . Teva Ltd."); *see also Hosain-Bhuiyan*, 2017 WL 4122621, at *3 (no general personal jurisdiction over Teva Ltd. in New York and denying request for jurisdictional discovery).

Put simply, the logic of *City of Chicago*, *In Re Opioid Litigation*, and the other decisions cited above makes clear that personal jurisdiction does not exist over Teva Ltd. in California (or anywhere else in the United States). As the Herman Declaration establishes, Teva Ltd. has no office, property, employees, or registered agent in the United States and does not transact business in the United States. Herman Decl. ¶ 2. And while Teva USA, Cephalon, and the Actavis Generic Entities do conduct such business, their conduct cannot be attributed to Teva Ltd. to assess whether personal jurisdiction exists over Teva Ltd. under controlling Ninth Circuit law. *See, e.g., Williams*, 851 F.3d at 1022; *see also City of Chicago*, 2015 WL 2208423, at *7.

### B.   The Amended Complaint Should Be Dismissed Against Teva Ltd. Under Rule 12(b)(5) Because Teva Ltd. Has Not Been Properly Served.

A complaint should be dismissed against a defendant who has not been properly served. Fed. R. Civ.  12(b)(5). "When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4." *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Here, even though this action was filed more than 15 months ago, Plaintiffs never served Teva Ltd. with any process or requested that Teva Ltd. execute a waiver of service. *See* Exs. C-D (showing that Plaintiffs requested waivers of service only for Teva USA, Cephalon, and some of the Actavis Generic Entities, but not for Teva Ltd., and that counsel executed all requested waivers of service). As a result, the Court should dismiss the claims against Teva Ltd. for lack of service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

## V.   CONCLUSION

For the foregoing reasons, Teva Ltd. respectfully requests that the Court dismiss all claims against it for lack of personal jurisdiction and insufficient service of process.

1   Dated: April 17, 2020                          Respectfully submitted,

2
                                                   By: /s/ Wendy West Feinstein
3                                                  Zachary Hill (Bar No. 275886)
                                                   MORGAN, LEWIS & BOCKIUS LLP
4                                                  One Market, Spear Street Tower
                                                   San Francisco, CA 94105-1596
5                                                  Telephone: 1.415.442.1000
                                                   Email: zachary.hill@morganlewis.com
6
                                                   Wendy West Feinstein (*pro hac vice*)
7                                                  MORGAN, LEWIS & BOCKIUS LLP
                                                   One Oxford Centre, 32nd Fl.
8                                                  Pittsburgh, PA 15219-6401
                                                   Telephone: 1.412.560.7455
9                                                  Email: wendy.feinstein@morganlewis.com

10
                                                   *Attorneys for Specially-Appearing Defendant*
11                                                 *Teva Pharmaceutical Industries Ltd.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -                           Case No. 18-cv-07591-CRB

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1

## CERTIFICATE OF SERVICE

2       I, Wendy West Feinstein, certify that on April 17, 2020, I electronically filed the foregoing

3   with the Clerk of this Court by using the CM/ECF system, which will accomplish service through

4   the Notice of Electronic Filing for parties and attorneys who are Filing Users.

5

6

7                                              _/s/ Wendy West Feinstein_____
                                               Wendy West Feinstein

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SPECIALLY-APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS