ROCKY C. TSAI (Bar No. 221452)
*rocky.tsai@ropesgray.com*
TRACI J. IRVIN (Bar No. 309432)
*traci.irvin@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Telephone: (415) 315-6300
Facsimile: (415) 315-6350

*Attorneys for Specially Appearing Defendant*
*Mallinckrodt plc*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Plaintiffs,<br><br>          v.<br><br>PURDUE PHARMA L.P., et al.<br><br>          Defendants. | Civil Case No.: 3:18-CV-07591-CRB<br><br>**MALLINCKRODT PLC'S NOTICE OF MOTION AND MOTION BY SPECIAL APPEARANCE TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(4), AND 12(B)(5); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   June 19, 2020<br>Time:   10:00 a.m.<br>Dept:   Courtroom 6<br>Judge:  Honorable Charles R. Breyer<br><br>Honorable Charles R. Breyer |

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................................... ii

NOTICE OF MOTION AND MOTION TO DISMISS ........................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

SUMMARY OF ARGUMENT ............................................................................................... 1

I.      STATEMENT OF RELEVANT FACTS ................................................................. 3

II.     ARGUMENT ........................................................................................................... 5

     A.      The Complaint Should be Dismissed For Insufficient Service and Process....................... 5

     B.      The Complaint Should be Dismissed For Lack of Personal Jurisdiction over MNK
     plc.................................................................................................................................. 6

          1.      There is no general jurisdiction over MNK plc because it is not "at home"
          in California ...................................................................................................... 6

          2.      There is no specific jurisdiction over MNK plc because it has never had
          any contacts with California relating to the claims at issue .................................. 6

          3.      There Is No Vicarious Personal Jurisdiction Over MNK plc, Because It
          Neither Directed Nor Totally Controlled The Alleged Actions In
          California of Its Separately Sued Co-Defendants MNK LLC or SpecGx
          LLC ................................................................................................................. 7

III.    CONCLUSION ....................................................................................................... 10

i

MALLINCKRODT PLC'S NOTICE OF MOTION AND MOTION BY SPECIAL APPEARANCE TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(4), AND 12(B)(5); MEMORANDUM OF POINTS AND AUTHORITIES

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. Allan & Assocs. Ltd.*,
  No. 5:19-CV-8372-EJD, 2020 WL 1492665 (N.D. Cal. Mar. 27, 2020) ...........................10

*Askins v. U.S. Dep't of Homeland Sec.*,
  899 F.3d 1035 (9th Cir. 2018) ...........................................................................................3

*Associated Vendors, Inc. v. Oakland Meat Co.*,
  210 Cal. App. 2d 825 (1962) ...........................................................................................10

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
  137 S. Ct. 1773 (2017).................................................................................................1, 6

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) ...............................................................................9

*Cranford v. United States*,
  359 F. Supp. 2d 981 (E.D. Cal. 2005)................................................................................5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)...........................................................................................1, 6, 8, 9

*Evony, LLC v. Aeria Games & Entm't, Inc.*,
  No. C 11-0141 SBA, 2012 WL 12843210 (N.D. Cal. Sept. 28, 2012)...................................5

*Herman v. YellowPages.com, LLC*,
  780 F. Supp. 2d 1028 (S.D. Cal. 2011) ..............................................................................7

*Howard v. Everex Sys., Inc.*,
  228 F.3d 1057 (9th Cir. 2000) ...........................................................................................9

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
  628 F.2d 1175 (9th Cir. 1980) (per curiam)..................................................................7, 10

*Lucas v. Daihatsu Motor Co.*,
  No. C 12-02644 LB, 2012 WL 4477624 (N.D. Cal. Sept. 27, 2012) ....................................5

*Milgard Tempering, Inc. v. Selas Corp. of Am.*,
  902 F.2d 703 (9th Cir. 1990) ............................................................................................3

*In re Nat'l Prescription Opiate Litig.*,
  No. 1:17-md-2804 (N.D. Ohio Apr. 3, 2019) ..................................................................2, 3

*In re Nat'l Prescription Opiate Litig.*,
  Nos. 1:17-md-2804, 1:19-op-45022, (N.D. Ohio Apr. 22, 2019).........................................3

*In re Nat'l Prescription Opiate Litig.*,
  Nos. 1:17-md-2804, 1:19-op-45022, (N.D. Ohio Aug. 5, 2019) ........................................3

*Nicolosi Distrib., Inc. v. FinishMaster, Inc.*,
  No. 18-CV-03587-BLF, 2018 WL 4904918 (N.D. Cal. Oct. 9, 2018)...............................10

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ................................................................................8, 9, 10

*Reiffin v. Microsoft Corp.*,
  No. C 11-03505 CRB, 2012 WL 1309179 (N.D. Cal. Apr. 16, 2012) ................................7

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006) ............................................................................................2

*S.H. Silver Co. v. David Morris Int'l*,
  No. C 08-03550 CRB, 2008 WL 4058364 (N.D. Cal. Aug. 28, 2008)................................7

*Scott v. Breeland*,
  792 F.2d 925 (9th Cir. 1986) ............................................................................................4

*SSL Americas, Inc. v. Mizuho Medy Co.*,
  358 F. App'x 839 (9th Cir. 2009) ....................................................................................10

*United States v. Hatter*,
  532 U.S. 557 (2001) ..........................................................................................................3

*United States v. U.S. Smelting Ref. & Min. Co.*,
  339 U.S. 186 (1950)...........................................................................................................3

*Universal Trading & Inv. Co. v. Dugsbery Inc.*,
  No. C 08-03632 CRB, 2009 WL 10695077 (N.D. Cal. Jan. 16, 2009) ..............................5

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
  MDL No. 2672 CRB (JSC), 2019 WL 4581340 (N.D. Cal. Sept. 20, 2019) ......................7

**Statutes**

Fed. R. Civ. P. 4(f)(1), 4(h)(2) ...............................................................................................5

Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) ...............................................................1, 5

**Other Authorities**

58 Am. Jur. 2d New Trial § 415 (Nov. 2020 update) ...............................................................3

Hague Convention, arts. 2, 3, 10, Nov. 15, 1965, 20 U.S.T. 361 ..............................................5

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on June 19, 2020, at 10:00 a.m. Pacific Time, or as soon thereafter as the matter may be heard, in Courtroom 6, 17th Floor, U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Charles R. Breyer, specially appearing Defendant Mallinckrodt plc ("MNK plc") shall and hereby does move the Court pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) to dismiss Plaintiffs' First Amended Complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process.  This motion is based on the following Memorandum of Points and Authorities, the affidavit of Alasdair J. Fenlon, the pleadings on file, matters of which the Court may take judicial notice, and further argument and evidence as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### SUMMARY OF ARGUMENT

This Court lacks personal jurisdiction over MNK plc.  First, Plaintiffs have not even requested, much less effected, service on MNK plc with any summons in this case.  Service is therefore deficient under Federal Rule of Civil Procedure 4 and the requirements applicable to MNK plc as an Irish corporate entity under the Hague Convention.[1]  Second, the usual grounds for personal jurisdiction do not exist here as to MNK plc – simply put, MNK plc has no contacts with California.  Plaintiffs concede that MNK plc is incorporated and headquartered some 5000 miles away in the United Kingdom, and is thus not "at home" in California under the Supreme Court's *Daimler* and *Bristol-Meyers* decisions.[2]  Equally important, while this is a case about the marketing and supply of prescription opioid medicines in California, MNK plc simply did not make, market, sell, or supply a single such product in California, or anywhere else for that matter – and never has.  Nor could it ever as a matter of law, since MNK plc is a

---

[1] Although MNK plc has not been served in this action, it has specially appeared to file this motion out of an abundance of caution and solely to comply with the Court's April 2, 2020 Order re: Partial Case Management Schedule, setting April 17, 2020, as the deadline for motions to dismiss.  *See* Dkt. No. 142. By filing this Motion, MNK plc does not thereby waive or accept service of process.

[2] *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017).  *See also* Amended Complaint ("Compl.") ¶ 159 ("Mallinckrodt plc is an Irish public limited company with its headquarters in Staines-Upon-Thames, Surrey, United Kingdom.").

foreign holding company that has never registered with the U.S. Drug Enforcement Administration ("DEA") in the first place in order to engage in transactions involving opioids—which are regulated not only as prescription medicines, but also as DEA-controlled substances. The bottom line is that MNK plc never made anything, sold anything, or stated anything that caused any alleged complained-of consequence within California's borders. Plaintiffs make no allegation to the contrary in their Complaint. Third, this means Plaintiffs necessarily rely on an extraordinary ground for personal jurisdiction over MNK plc – namely, piercing the corporate veil. To exercise personal jurisdiction over MNK plc, this Court would have to pierce through several layers of the corporate veil and vicariously exercise personal jurisdiction over MNK plc by imputing to it the alleged California activities of other corporate persons that Plaintiffs have sued as separately named defendants in this case. There is no legitimate ground to do so here. Put simply, this is a case about the marketing and supply of prescription opioid medicines in California, yet MNK plc has never directed, much less pervasively and totally controlled as an alter ego, the actions of its separately named U.S. indirect subsidiaries with respect to the marketing and supply of prescription opioid medicines in California. Accordingly, because this Court lacks personal jurisdiction over MNK plc, it should grant MNK plc's motion to dismiss.

**There is No Law of the Case Applicable to MNK plc's Jurisdictional Challenge Here**.[3] The "Track One" cases in the National MDL did not result in any determination as to whether the District Court for the Northern District of Ohio could properly exercise personal jurisdiction over MNK plc. Instead, in the National MDL, the court ordered jurisdictional discovery as to MNK plc, including discovery regarding its relationships with U.S. subsidiaries as an alleged alter ego or agent. *See* Ruling Regarding Jurisdictional Disc. on Defs. Allergan, Teva, & Mallinckrodt, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio Apr. 3, 2019), ECF No. 1512.[4] The jurisdictional discovery included corporate organizational charts, tax returns, accounting records, annual reports, general ledger

---

[3] In an abundance of caution, and pursuant to the Court's order setting deadlines for motion to dismiss briefing (Dkt. No. 142), MNK plc addresses the inapplicability of any "law of the case" doctrine to MNK plc's challenge to personal jurisdiction here.

[4] MNK plc respectfully requests that the Court take judicial notice of the cited filings from the National MDL Track One case. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of "court filings and other matters of public record").

1  records, and all policies regarding opioids related to branding, marketing, sales, promotion, distribution,

2  regulatory affairs, pharmacovigilance, and corporate management, if any. *Id.* Following that

3  jurisdictional discovery, the MDL court reserved judgment as to whether it could properly exercise

4  jurisdiction over MNK plc pending an evidentiary hearing. *See* Op. & Order, *In re Nat'l Prescription*

5  *Opiate Litig.*, No.1:17-md-2804 (N.D. Ohio Aug. 5, 2019), ECF No. 2131. The evidentiary hearing never

6  took place, because the Track One case cases were resolved before the date scheduled for the hearing.

7       As the name denotes, the "law of the case" doctrine applies only to an issue that has already been

8  decided by the same court, or a higher court in the identical case – and in addition, the issue in question

9  must have been "decided explicitly or by necessary implication in [the] previous disposition." *Milgard*

10 *Tempering, Inc. v. Selas Corp. of Am.* 902 F.2d 703, 715 (9th Cir. 1990).  In short, the "law of the case

11 doctrine presumes a hearing on the merits." *United States v. Hatter*, 532 U.S. 557, 566 (2001).  The

12 National MDL Court selected the procedural option of scheduling an evidentiary hearing on the merits of

13 the Northern District of Ohio's personal jurisdiction over MNK plc, but that hearing never occurred.

14 Accordingly, law of the case does not apply to MNK plc's jurisdictional challenge here.[5]

15 ## I.   STATEMENT OF RELEVANT FACTS

16      Plaintiffs filed their Complaint on December 18, 2018, naming as defendants, among many others,

17 MNK plc and Mallinckrodt LLC ("MNK LLC").  The case was transferred to the Northern District of

18 Ohio as part of the multidistrict litigation, *In re: National Prescription Opiate Litigation* (the "National

19 MDL").  Dkt. 17.  On April 22, 2019, Plaintiffs filed a Short Form for Supplementing Complaint and

20 Amending Defendants and Jury Demand ("Short Form Complaint").  *See In re Nat'l Prescription Opiate*

21 *Litig.*, Nos. 1:17-md-2804, 1:19-op-45022, ECF No. 33 (N.D. Ohio Apr. 22, 2019).  On February 5, 2020,

22 this case was remanded out of the National MDL.  Dkt. 18.  Plaintiffs filed an Amended Complaint on

23 March 13, 2020, naming as defendants, among many others, MNK plc, MNK LLC, and SpecGx LLC.

24

25 [5] This is particularly true given that the law of the case doctrine only applies where there is a final judgment
26 on the merits.  "[T]he law of the case does not apply unless there is a final judgment that decided the
    issue."  58 Am. Jur. 2d New Trial § 415 (Nov. 2020 update); *see United States v. U.S. Smelting Ref. &*
27 *Min. Co.*, 339 U.S. 186, 199 (1950) ("[I]t requires a final judgment to sustain the application of the rule
    of the law of the case ...."); *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018)
28 (error for district court to invoke law of the case when it "did not enter a final judgment in the case").

1    Plaintiffs have never requested or otherwise attempted to serve any summons in this case on MNK

2    plc.

3    The Amended Complaint contains only a single paragraph specific to MNK plc—*i.e.*,

4    "Mallinckrodt plc is an Irish public limited company with its headquarters in Staines-Upon-Thames,

5    Surrey, United Kingdom" that was created "for the purpose of holding" the pharmaceuticals business of

6    another Irish public limited company called "Covidien plc." Compl. ¶ 159. Other than that, Plaintiffs

7    proceed to lump together MNK plc, MNK LLC, and SpecGx LLC using the collective moniker

8    "Mallinckrodt," without specifying what conduct attributed to the label "Mallinckrodt" actually or could

9    apply to MNK plc as a separate corporate person.

10    As set forth in the Affidavit of Alasdair J. Fenlon filed with this motion, there is no basis to allege

11    that MNK plc engaged in any conduct relevant to this litigation. MNK plc is an Irish public limited

12    company with its headquarters and principal place of business in the United Kingdom. Affidavit of

13    Alasdair J. Fenlon ("Fenlon Aff.") ¶ 2.[6] MNK plc does not market, manufacture, sell, or distribute opioid

14    medicines in California, or anywhere else; it is not in the business of making or selling opioid medicines,

15    and has never held a DEA registration of any kind that would allow it to conduct any such business. *Id.*

16    ¶ 3. MNK plc does not do business in California – of any kind – and is not licensed or authorized to do

17    business in California by the Secretary of State or any other entity. *Id.* ¶ 8. MNK plc does not use,

18    maintain, or own any offices, real property, or facilities in California. *Id.* ¶ 4. MNK plc has never

19    maintained any registered agent or other person authorized to accept service of process in California. *Id.*

20    ¶ 9. MNK plc does not have any employees, officers, or agents in California. *Id.* ¶¶ 4, 5. In sum, MNK

21    plc has had no contacts with California at all.

22    The record before this Court establishes that MNK plc exists as a passive shareholder that adheres

23    to the standard formalities of corporate law. MNK plc is a foreign holding company, which exists as the

24    ultimate parent company of its separately sued indirect subsidiaries, MNK LLC and SpecGx LLC. *Id.* ¶

25    2. MNK plc is an "indirect" holding company in that it owns certain subsidiary entities that, in turn, hold

26

27    [6] It is appropriate for defendants to use affidavits to support a motion to dismiss for lack of personal jurisdiction. *See*, *e.g.*, *Scott v. Breeland*, 792 F.2d 925, 927-28 (9th Cir. 1986) (relying on defendants'

28    affidavits describing lack of activities in forum).

1   shares in (or are members of) other companies that have ownership interests in MNK LLC and SpecGx

2   LLC. *Id.* ¶ 14. For their part, MNK LLC and SpecGx LLC are Delaware limited liability companies

3   headquartered in St. Louis, Missouri; they are distinct legal entities from MNK plc. *Id.* ¶¶ 10-12. MNK

4   plc does not exercise day-to-day control or management of the operations of MNK LLC or SpecGx LLC.

5   *Id.* ¶ 14. Nor does MNK plc direct corporate-wide marketing or sales strategies for MNK LLC or SpecGx

6   LLC. *Id.*

7   **II.    ARGUMENT**

8        **A.    The Complaint Should be Dismissed For Insufficient Service and Process**

9        Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) provide for dismissal on the ground of

10  insufficiency of service and of process. *See* Fed. R. Civ. P. 12(b)(4), 12(b)(5); *Universal Trading & Inv.*

11  *Co. v. Dugsbery Inc.*, No. C 08-03632 CRB, 2009 WL 10695077, at *3 (N.D. Cal. Jan. 16, 2009); *Cranford*

12  *v. United States*, 359 F. Supp. 2d 981, 983 (E.D. Cal. 2005) (a "federal court does not have jurisdiction

13  over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4."). As an Irish public

14  limited company headquartered in the United Kingdom, MNK plc must be served "by any internationally

15  agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

16  Convention on the Service Abroad of Judicial and Extrajudicial Documents."[7] Fed. R. Civ. P. 4(f)(1)[8];

17  *see also Evony, LLC v. Aeria Games & Entm't, Inc.*, No. C 11-0141 SBA, 2012 WL 12843210, at *5

18  (N.D. Cal. Sept. 28, 2012). Plaintiffs have not requested, attempted, or provided service upon MNK plc

19  of any summons in this case. Nor have Plaintiffs filed any proof of service of summons on MNK plc.

20  Accordingly, the Court should dismiss the Complaint with prejudice for insufficiency of process and

21  service.

22

23

24

---

25  [7] When a plaintiff attempts to serve a foreign defendant outside of the United States, service must be made
26  in compliance with Federal Rule of Civil Procedure 4(h)(2), which requires service to be made pursuant
    to Rule 4(f). *Lucas v. Daihatsu Motor Co.*, No. C 12-02644 LB, 2012 WL 4477624, at *2 n.4 (N.D. Cal.
27  Sept. 27, 2012).

28  [8] The United States, Ireland, and United Kingdom are signatories to that treaty, *see* Hague Convention,
    arts. 2, 3, 10, Nov. 15, 1965, 20 U.S.T. 361.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     The Complaint Should be Dismissed For Lack of Personal Jurisdiction over MNK plc**

This is a case about the marketing and supply of prescription opioid medicines in California; however, as an Irish holding company that was never a DEA registrant, MNK plc neither marketed nor supplied prescription opioid medicines in or to California, or anywhere else – at any time.  Nor have Plaintiffs asserted any basis to exercise jurisdiction vicariously over MNK plc based on the conduct of its separately named indirect subsidiaries.  Thus, Plaintiffs have failed to meet their burden of demonstrating any grounds for the legitimate exercise of personal jurisdiction over MNK plc in this case.

     1.     <u>There is no general jurisdiction over MNK plc because it is not "at home" in California</u>

Plaintiffs cannot plausibly allege that general jurisdiction exists over MNK plc in this case, because they cannot show that MNK plc had "affiliations with the State [that] are so continuous and systematic as to render it essentially at home in the forum State."  *Daimler*, 571 U.S. at 139 (internal alteration and quotation marks omitted).  A company is "at home" in the state where it is incorporated or has its principal place of business.  *See id.* at 137 ("[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction." (internal alterations and quotation marks omitted)).  MNK plc is not "at home" in California under either of the "paradigm bases for general jurisdiction" specified by the Supreme Court.  *Id.*  Plaintiffs concede that MNK plc is an Irish corporate entity with its headquarters in Staines-Upon-Thames, Surrey, United Kingdom.  *See* Compl. ¶ 159.  Nor has MNK plc ever had any presence, physical or otherwise, in California – whether through offices, property, operations, or personnel.  Fenlon Aff. ¶¶ 4, 5.  MNK plc is not subject to general jurisdiction in California.

     2.     <u>There is no specific jurisdiction over MNK plc because it has never had any contacts with California relating to the claims at issue</u>

With respect to specific jurisdiction, Plaintiffs must show that (1) MNK plc purposefully directed activities at the forum of California, and (2) this case arises out of and relates to such forum-specific activities on the part of MNK plc, if any.  *See Bristol-Myers*, 137 S. Ct. at 1780 ("In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" (alterations and emphases in original) (quoting *Daimler*, 571 U.S. at 127)); *see also S.H.*

6

*Silver Co. v. David Morris Int'l*, No. C 08-03550 CRB, 2008 WL 4058364, at *3 (N.D. Cal. Aug. 28, 2008).

Plaintiffs fail to get out of the starting gate for specific jurisdiction as to MNK plc because they cannot allege that MNK plc had *any* contacts with California whatsoever, much less any California contacts specifically relating to the conduct at issue in this case. MNK plc is not, and has never been, licensed or authorized to do business in California. *See* Fenlon Aff. ¶ 8. MNK plc has never been permitted to manufacture or sell opioid medicines anywhere in the United States, let alone California. *Id.* ¶ 3. Accordingly, the record makes clear that MNK at no time "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2019 WL 4581340, at *10 (N.D. Cal. Sept. 20, 2019) (dismissing foreign defendants where Plaintiffs did not allege any specific conduct by those defendants); *see also Reiffin v. Microsoft Corp.*, No. C 11-03505 CRB, 2012 WL 1309179, at *4 (N.D. Cal. Apr. 16, 2012) (granting motion to dismiss based on lack of personal jurisdiction where complaint lacked allegations tying defendants to California).

3.  <u>There Is No Vicarious Personal Jurisdiction Over MNK plc, Because It Neither Directed Nor Totally Controlled The Alleged Actions In California of Its Separately Sued Co-Defendants MNK LLC or SpecGx LLC</u>

MNK plc's status as a foreign company holding an indirect ownership of equity in MNK LLC and SpecGx LLC does not furnish a constitutionally sound basis to exercise personal jurisdiction over MNK plc. It is well established that the existence of an ordinary corporate relationship between a parent company and its subsidiaries is not sufficient to impute personal jurisdiction to the parent on the basis of the subsidiaries' contacts with a given forum. *See, e.g.*, *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177-78 (9th Cir. 1980) (per curiam) (dismissing action against British parent corporation for lack of personal jurisdiction, even though parent guaranteed obligations of its United States subsidiary to United States banks, where "[t]he parent and subsidiary have dealt with each other as distinct corporate entities"); *Herman v. YellowPages.com, LLC*, 780 F. Supp. 2d 1028, 1032 (S.D. Cal. 2011).

With respect to <u>general</u> personal jurisdiction, ordinary ownership of a domestic subsidiary does not furnish a basis to exercise jurisdiction over a foreign holding company. The Ninth Circuit has

7

acknowledged that the Supreme Court has invalidated the so-called agency test of general personal jurisdiction as a means to pierce the corporate veil in order to attribute a local entity's contacts to its out-of-state affiliate. *See Daimler*, 571 U.S. at 136 ("The Ninth Circuit's agency theory thus appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction' we rejected in *Goodyear*[].); *Ranza v. Nike, Inc*., 793 F.3d 1059, 1071 (9th Cir. 2015) (recognizing that the "Supreme Court invalidated this [agency] test"). Nor does the Court have general jurisdiction under *Daimler* in the first place over MNK plc's indirect subsidiaries, MNK LLC or SpecGx LLC, since both have their principal place of business in Missouri, not California, and both are incorporated in Delaware, not California. Fenlon Aff. ¶¶ 10, 12.

With respect to <u>specific</u> jurisdiction, Plaintiffs do not assert that MNK plc was actually and actively "***directing its agents … to take action***" in California. Accordingly, they cannot plausibly assert a basis to exercise jurisdiction over MNK plc under an agency theory.[9] By its terms, this agency test is both forum-specific and action-specific. Yet Plaintiffs cannot plausibly assert that MNK plc directed or controlled any California-specific conduct of its separately sued domestic subsidiaries. For example, Plaintiffs allege that the "marketing defendants" each "promoted opioids through sales representatives (also called 'detailers') and, upon information and belief, small group speaker programs to reach out to individual prescribers." Compl. ¶ 504. Under the *Daimler* agency test, Plaintiffs must show that MNK <u>plc</u> "direct[ed] its agents"—*i.e.*, the alleged detailers and speaker program participants—"to take action"—*i.e.*, communicate with doctors in California about the prescription opioid medicines manufactured by MNK <u>LLC</u>. But the record confirms precisely the opposite: MNK plc does not "direct corporate-wide marketing or sales strategies for" MNK LLC or SpecGx LLC; in particular, MNK plc "does not make decisions on where to direct" MNK LLC's or SpecGx LLC's "activities … in California."[10] Similarly, Plaintiffs allege that all defendants, including MNK plc, failed with respect to prescription opioids that entered California, to "(a) control the supply chain; (b) prevent diversion; (c) report suspicious orders; and

---

[9] *Daimler*, 134 S.Ct at 759, n.13.

[10] Fenlon Aff., ¶¶ 15-16.

(d) halt shipments of opioids in quantities they knew or should have known could not be justified and were indicative of serious problems of overuse of opioids." Compl. ¶ 596.  These allegations also do not pass the *Daimler* agency test with respect to MNK plc, because Plaintiffs fail to show that MNK plc "direct[ed]" MNK LLC's or SpecGx LLC's personnel, as its "agents," with respect to the fulfillment of particular orders of prescription opioid medicines that might subsequently be diverted by individual doctors or patients within the State of California.  Instead, the record before this Court confirms that MNK plc "does not make decisions on where to direct" MNK LLC's or SpecGx LLC's "activities … in California"; and in particular, MNK plc does not "exercise day-to-day control, oversight, or management of the operations" – including any customer order fulfillment or DEA compliance oversight activities – of MNK LLC or SpecGx LLC.[11]  It would not be sensible to make any inference to the contrary, because MNK plc has never been a DEA registrant in the first place. [12]

Nor does the Complaint contain a single ground showing that MNK plc so "***totally controls the actions*** of the subsidiary" as to warrant the extraordinary outcome of alter ego corporate veil piercing – again, by its terms, an action-specific, and therefore forum-specific, test.[13]  Under this standard, for example, Plaintiffs must show that when MNK LLC's sales personnel were allegedly talking to California doctors, MNK plc was in total control of those actions in California, as evinced by extraordinary indicia of pervasive control.  For example, in order to establish pervasive control, Plaintiffs must show facts supporting the conclusion that, at the time of defendants' alleged misconduct in California, MNK LLC was merely an empty shell with a total absence of corporate assets, or that MNK plc disregarded legal formalities vis-à-vis MNK LLC in connection with the latter's activities in California.  *See generally Ranza*, 793 F.3d at 1073-74; *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983-84 (N.D. Cal. 2016) (listing nine alter ego factors and refusing to pierce the corporate veil where the evidence showed, *inter alia*, that the parent wholly owned the subsidiary, the entities had overlapping officers and directors, and the parent presented itself as one integrated company on its website and in government filings for

---

[11] *Id.* ¶¶ 15-16.

[12] *Id.*, ¶ 3.

[13] *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1069 n.17 (9th Cir. 2000) (emphasis added).

marketing purposes); *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 838-40 (1962) (enumerating alter ego factors under California law, including undercapitalization, disregard of corporate formalities, diversion of corporate assets for other than corporate purposes, and failure to obtain authority to issue stock). Again, the record confirms precisely the opposite:  MNK plc maintains separate corporate records, tax returns, and financial statements from its indirect subsidiaries; does not manage their payroll, hiring, or bookkeeping; and ultimately, does not "does not exercise day-to-day control, oversight, or management of the operations for" those separate corporate persons.  Fenlon Aff., ¶¶ 15, 17-18.  *See Kramer Motors*, 628 F.2d at 1177 (holding the activities of a subsidiary cannot be imputed to the parent for purposes of personal jurisdiction where the parent is not the "alter ego" of the subsidiary); *see also SSL Americas, Inc. v. Mizuho Medy Co.*, 358 F. App'x 839, 842 (9th Cir. 2009) (dismissing suit over Japanese parent company of California subsidiary for lack of personal jurisdiction where parent company's "contacts with California represent the normal interactions of a parent company with its subsidiary and were directed toward availing" the subsidiary).  Thus, any alter ego basis for exercising personal jurisdiction – which applies, by definition, to an <u>abnormal</u> parent-subsidiary relationship characterized by a pervasive <u>absence</u> of corporate separation – is simply not applicable here.  *See Apple Inc. v. Allan & Assocs. Ltd.*, No. 5:19-CV-8372-EJD, 2020 WL 1492665, at *5 (N.D. Cal. Mar. 27, 2020) (noting that applying the alter ego doctrine is an "extreme remedy" and "is generally applied with caution" (internal citations omitted)).

  Nothing in the Complaint plausibly alleges such abnormal circumstances, and the record before this Court demonstrates that MNK plc does not "dictat[e] every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation."  *Ranza*, 793 F.3d at 1073; *see also Nicolosi Distrib., Inc. v. FinishMaster, Inc.*, No. 18-CV-03587-BLF, 2018 WL 4904918, at *6 (N.D. Cal. Oct. 9, 2018) (dismissing claims against out-of-state parent corporation where plaintiff failed to plausibly allege that it had "the necessary level of pervasive control" over a subsidiary's business).

## III.    CONCLUSION

  For the foregoing reasons, MNK plc respectfully requests that the Court grant its motion to dismiss, and accordingly, dismiss the Complaint asserted by Plaintiffs against MNK plc.

10

MALLINCKRODT PLC'S NOTICE OF MOTION AND MOTION BY SPECIAL APPEARANCE TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(4), AND 12(B)(5); MEMORANDUM OF POINTS AND AUTHORITIES

1

2

DATED:   April 17, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

By:   /s/ Rocky C. Tsai
Rocky C. Tsai (SBN #221452)
*rocky.tsai@ropesgray.com*
Traci J. Irvin (SBN #309432)
*traci.irvin@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350

*Attorneys for Specially Appearing Defendant*
*Mallinckrodt plc*

MALLINCKRODT PLC'S NOTICE OF MOTION AND MOTION BY SPECIAL APPEARANCE TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(4), AND 12(B)(5); MEMORANDUM OF POINTS AND AUTHORITIES

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 17, 2020, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-1. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-1 to accept that Notice as service of this document.

Dated:  April 17, 2020                                              */s/ Rocky C. Tsai*

Rocky C. Tsai