ALAN R. OUELLETTE, CA Bar No. 272745
    aouellette@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:    415.434.4507

JAMES W. MATTHEWS (*Pro Hac Vice* motion forthcoming)
    jmatthews@foley.com
ANA M. FRANCISCO (*Pro Hac Vice* motion forthcoming)
    afrancisco@foley.com
KATY E. KOSKI (*Pro Hac Vice* motion forthcoming)
    kkoski@foley.com
**FOLEY & LARDNER LLP**
111 HUNTINGTON AVENUE
BOSTON, MA 02199-7610
TELEPHONE:  617.342.4000
FACSIMILE:    617.342.4001

Attorneys for Defendant Anda, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 3:18-cv-07591-CRB <br><br> **ANDA INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: June 19, 2020 <br> Time: 10:00 a.m. <br> Courtroom: 6, 17th Floor <br> Judge: Hon. Charles R. Breyer |

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

I.      PRELIMINARY STATEMENT ................................................................................... 1

II.     BACKGROUND ........................................................................................................... 2

III.    ARGUMENT ................................................................................................................. 2

       A.     Standard ............................................................................................................ 2

       B.     The FAC Must Be Dismissed Because It Does Not Allege Any Facts Supporting A Reasonable Inference Of Wrongdoing By Anda .......................... 3

       C.     The Fraud-Based Claims Must Also Be Dismissed Under Rule 9(b) ............. 4

IV.    CONCLUSION ............................................................................................................. 5

CERTIFICATE OF SERVICE ................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
    125 F. Supp. 3d 945 (N.D. Cal. 2015) ............................................................................2

*Ahern v. Apple Inc.*,
    411 F. Supp. 3d 541 (N.D. Cal. 2019) ............................................................................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................2

*Chavez v. Wynar*,
    421 F. Supp. 3d 891 (N.D. Cal. 2019) ............................................................................2

*Fabian v. LeMahieu*,
    2019 WL 4918431 (N.D. Cal. Oct. 4, 2019) ...................................................................3

*Fronda v. Staffmark Holdings, Inc.*,
    2015 WL 3866860 (N.D. Cal. June 22, 2015) ................................................................3

*Garrison v. Oracle Corp.*,
    159 F. Supp. 3d 1044 (N.D. Cal. 2016) ..........................................................................4

*Holley v. Gilead Sciences, Inc.*,
    410 F. Supp. 3d 1096 (N.D. Cal. 2019) ..........................................................................2

*Mou v. SSC San Jose Operating Co. LP*,
    415 F. Supp. 3d 918 (N.D. Cal. 2019) ............................................................................3

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) ..........................................................................................3

*Sugarman v. Muddy Waters Capital LLC*,
    2020 WL 633596 (N.D. Cal. Feb. 3, 2020) ....................................................................5

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ..........................................................................................4

*United States v. United Healthcare Ins. Co.*,
    848 F.3d 1161 (9th Cir. 2016) ........................................................................................4

*United States ex rel. Lee v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ..........................................................................................4

*Villalpando v. Exel Direct Inc.*, 2014 WL 1338297
    (N.D. Cal. Mar. 28, 2014) ..............................................................................................2

**Federal Statutes**

RICO, 18 U.S.C. § 1961 *et seq.* ........................................................................................1, 4

**California Statutes**

Cal. Civ. Code §§ 3479-3480 ..................................................................................................1

California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) .......................1, 4

**Federal Rules**

Fed. R. Civ. P. 8 .......................................................................................................................1

Fed. R. Civ. P. 9(b) ..................................................................................................1, 2, 3, 4, 5

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1, 2, 3

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on June 19, 2020 at 10:00 a.m., in the courtroom of the Honorable Charles R. Breyer, United States District Court for the Northern District of California, San Francisco Division, Courtroom 6, 450 Golden Gate Avenue, San Francisco, California, Defendant Anda, Inc. ("Anda") will, and hereby does, move to dismiss Plaintiffs' First Amended Complaint in its entirety with prejudice as it applies to Anda pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities in Support of the Motion to Dismiss, Defendants' Joint Motion to Dismiss First Amended Complaint ("Defendants' Omnibus Br."), any reply memoranda, the pleadings and files in this action, and such other matters that may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Anda, Inc. ("Anda"), through its undersigned counsel of record, hereby moves the Court to dismiss all of Plaintiffs' claims against Anda in the First Amended Complaint ("FAC"), ECF No. 128, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Anda also joins Defendants' Joint Motion to Dismiss First Amended Complaint ("Defendants' Omnibus Br.").

**I.   PRELIMINARY STATEMENT**

Despite its extraordinary length, Plaintiffs' FAC fails to allege a *single* tortious act or omission by Anda. Plaintiffs filed a 925 paragraph, 284-page amended complaint but have not mustered even *one* allegation that hints at any impropriety by Anda, under any theory. In fact, the FAC contains only *one* paragraph of Anda-specific allegations, which merely alleges innocuous jurisdictional facts. *See* FAC ¶ 168. Otherwise, Plaintiffs rely on generic and conclusory allegations lumping Anda in with the long list of other "Distributor Defendants," "RICO Supply Chain Defendants" or "Defendants," or allegations against specific other parties. Federal Rules of Civil Procedure 8 and 9(b) require Plaintiffs to make detailed allegations sufficient to give Anda on fair notice of the wrongs *it* allegedly committed. The FAC does not do so and fails to articulate, under *any* theory, *any* facts capable of apprising Anda of the wrongs of which it is accused.

At most, the FAC alleges that Anda *lawfully* distributed prescription opioids to licensed pharmacies that may have served residents in Plaintiffs' communities. This allegation is insufficient to

support any of the FAC's three counts against Anda: (1) Violation of RICO, 18 U.S.C. § 1961 *et seq.* (Count II); (2) Statutory Public Nuisance (California Civil Code §§ 3479-3480) (Count III); and (3) Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) ("UCL") (Count IV). Further, even if the FAC did contain substantive allegations against Anda, which it does not, these three causes of action are otherwise legally deficient for the reasons set forth in Defendants' Omnibus Br., which Anda joins and adopts. Therefore, the FAC's claims against Anda should be dismissed with prejudice.

## II. BACKGROUND

As to Anda, the FAC contains one lone paragraph of specific allegations:

> Defendant Anda, Inc., ("Anda") through its various DEA registrant subsidiaries and affiliated entities, including but not limited to, Anda Pharmaceuticals, Inc., is the fourth largest distributor of generic pharmaceuticals in the United States. Anda is a Florida corporation with its principal offices located in Weston, Florida. In October 2016, defendant Teva acquired Anda from Allergan plc (i.e., defendant Actavis) for $500 million in cash. At all times relevant to this complaint, Anda distributed prescription opioids throughout the United States, including in California and San Francisco specifically.

FAC ¶ 168. Aside from these benign allegations and a cursory reference to Anda in alleged statistics from DEA ARCOS data of distributors' market shares of opioids sold in San Francisco, FAC ¶ 45, the FAC relies entirely on general and conclusory allegations against groups of defendants to state claims against Anda.

## III. ARGUMENT

The Court should dismiss all claims against Anda with prejudice, pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.

### A. Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Chavez v. Wynar*, 421 F. Supp. 3d 891, 897 (N.D. Cal. 2019) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In meeting this threshold pleading standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Holley v. Gilead Sciences, Inc.*, 410 F. Supp. 3d 1096, 1101 (N.D. Cal. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading must "provide sufficient notice to all of the Defendants as to the nature of the claims being

asserted against them," rather than levying general allegations against a group of defendants. *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting *Villalpando v. Exel Direct Inc.*, No. 12–CV–04137 JCS, 2014, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014)). Moreover, for fraud-based claims, Rule 9(b) requires that a plaintiff "must state with particularity the circumstances constituting fraud." *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 552 (N.D. Cal. 2019). "The circumstances constituting the fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Mou v. SSC San Jose Operating Co. LP*, 415 F. Supp. 3d 918, 924 (N.D. Cal. 2019) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).

### B. The FAC Must Be Dismissed Because It Does Not Allege Any Facts Supporting A Reasonable Inference of Wrongdoing by Anda

Plaintiffs' ***single paragraph*** of Anda-specific allegations does not allege any wrongdoing whatsoever. As to Anda, the remainder of the FAC contains only conclusory allegations, improper group pleading, or specific to other Defendants. None of these, separately or taken together, is capable of withstanding Anda's motion to dismiss.

First, the lone paragraph of Anda-specific allegations asserts no facts that, if proven, would constitute any wrongdoing capable of supporting any of Plaintiffs' claims. To the contrary, the only inference that can reasonably be drawn from this paragraph is that Anda *lawfully* distributed prescription opioids in California, including San Francisco.

Second, the remainder of the FAC contains only conclusory group allegations against "Defendants," "Distributor Defendants" or the "RICO Supply Chain Defendants." For example, the FAC states that "Distributor Defendants" "failed to perform adequate due diligence on their customers (FAC ¶ 50) and failed to report or unlawfully filled suspicious orders of prescription opioid medications" (*Id.* ¶¶ 629, 642). The FAC does not set out any facts to suggest that such conclusory allegations apply to Anda. It does not describe a single wrongful sale or distribution transaction, or any specific opioid medication improperly distributed by Anda, let alone such an order Anda failed to report. These types of unsubstantiated conclusory allegations appear throughout the FAC but are incapable of withstanding a motion to dismiss under Rule 12(b)(6), much less a challenge under Rule 9(b). *See, e.g.*,

*Fabian v. LeMahieu*, Case No. 19-CV-00054-YGR, 2019 WL 4918431, at *11 (N.D. Cal. Oct. 4, 2019) (granting motion to dismiss on claim in which plaintiff "baldly alleges" a legal duty).

Third, Plaintiffs' attempts to lump Anda in with other defendants, even coupled with the single paragraph of Anda-specific allegations, is legally incapable of furnishing Anda the required notice of Plaintiffs' claims. *See Fronda v. Staffmark Holdings, Inc.*, Case No. 15–CV–02315–MEJ, 2015 WL 3866860, at *3 (N.D. Cal. June 22, 2015) (dismissing claims based on vague and conclusory group allegations that "each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business, plan or policy ... and that the acts of each Defendant are legally attributable to each of the other Defendants"). Plaintiffs' reliance on group pleading is also fatal to their fraud-based claims.

Fourth, Plaintiffs cannot rely on the alleged wrongful conduct by specific other defendants to state a claim against Anda, particularly when there is no allegation of any facts tying that conduct to Anda. For instance, Plaintiffs' RICO and the UCL claims are based on alleged misrepresentations in the marketing and distribution of prescription opioid products. *See, e.g.*, FAC ¶¶ 868, 880, 910. But Anda, as a distributor of pharmaceutical products, does not market or promote opioid products, and the FAC does not allege that it does. In fact, Anda is not mentioned *anywhere* in the nearly 96 pages the FAC devotes to advertising, marketing, and promotion of opioids. *See, e.g.*, FAC ¶¶ 225-546. Moreover, the FAC does not contain *any* specific allegation that Anda made any representation, false or otherwise, regarding opioid products or their distribution, or that Plaintiffs or any consumer received or relied upon any such representation.

In short, Plaintiffs' claims against Anda cannot proceed because the FAC alleges no tortious acts or omissions specifically against Anda.

**C.     The Fraud-Based Claims Must Also Be Dismissed Under Rule 9(b)**

The legal insufficiency of Plaintiffs' claims against Anda is even more glaring with respect to the purported claims for violation of the UCL, Cal. Bus. & Prof. Code §17200 *et seq*., and RICO, U.S.C. §1961 *et seq*. For fraud claims, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one

defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (quoting *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 997-98 (9th Cir. 2011)). Complaints that do not allege facts regarding each defendant's involvement in the alleged fraud, including specific facts as to the defendant's alleged misrepresentations, must be dismissed. *Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1075 (N.D. Cal. 2016) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)) ("To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge.").

Though the FAC purports to make general allegations against defendants to support its fraud-based claims (*see* FAC ¶¶ 860, 865, 912), it does not include a single specific allegation of misrepresentation or fraud by Anda. As such, Plaintiffs have not satisfied their heightened pleading burden under Rule 9(b), and their fraud-based claims against Anda (Counts II and IV) must be dismissed. *See Sugarman v. Muddy Waters Capital LLC*, Case No. 19-CV-04248-MMC, 2020 WL 633596, at *4 (N.D. Cal. Feb. 3, 2020) (granting motion to dismiss on claim of fraudulent behavior in furtherance of conspiracy on the grounds that "plaintiffs do not allege with any specificity facts to support such conclusory assertion").

## IV. CONCLUSION

For the foregoing reasons and those stated in Defendants' Joint Motion to Dismiss First Amended Complaint, Anda respectfully requests that the Court grant its motion to dismiss Plaintiffs' FAC with prejudice as to Anda, and grant such further relief that the Court deems fair and just.

DATED:  April 17, 2020

**FOLEY & LARDNER LLP**
Alan R. Ouellette

*/s/ Alan. R. Ouellette*
Alan R. Ouellette
James W. Matthews (*Pro Hac Vice* motion forthcoming)
Ana M. Francisco (*Pro Hac Vice* motion forthcoming)
Katy E. Koski (*Pro Hac Vice* motion forthcoming)

Attorneys for Defendant
ANDA, INC.

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 17, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

DATED: April 17, 2020

**FOLEY & LARDNER LLP**
Alan R. Ouellette

*/s/ Alan. R. Ouellette*
Alan R. Ouellette
James W. Matthews (*Pro Hac Vice* motion forthcoming)
Ana M. Francisco (*Pro Hac Vice* motion forthcoming)
Katy E. Koski (*Pro Hac Vice* motion forthcoming)

Attorneys for Defendant
ANDA, INC.

# Mailing Information for a Case 3:18-cv-07591-CRB City and County of San Francisco et al v. Purdue Pharma L.P. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case

- **Scott Manzoor Ahmad**
  SAhmad@winston com

- **Jennie Lee Anderson**
  jennie@andrusanderson com,Danielle Kidd@andrusanderson com,joann pham@andrusanderson com,elizabeth lyons@andrusanderson com,audrey siegel@andrusander

- **Dorothy P. Antullis**
  dantullis@rgrdlaw com,e_file_sd@rgrdlaw com,e_file_fl@rgrdlaw com

- **Aelish Marie Baig**
  AelishB@rgrdlaw com,AYates@rgrdlaw com,mmelamed@rgrdlaw com,mbacci@rgrdlaw com,e_file_sd@rgrdlaw com,mkuwashima@rgrdlaw com

- **Sarah Jane Bily**
  SBily@winston com

- **Gayle M Blatt**
  gmb@cglaw com

- **Steven J. Boranian**
  sboranian@reedsmith com,drothschild@reedsmith com

- **Stephen Brody**
  sbrody@omm com,steve-brody-4796@ecf pacerpro com

- **Kevin R. Budner**
  kbudner@lchb com,tlim@lchb com

- **Eric John Buhr**
  ebuhr@reedsmith com,aswenson@reedsmith com

- **Zachary William Byer**
  zachary byer@kirkland com

- **Elizabeth J. Cabraser**
  ecabraser@lchb com

- **Elizabeth Joan Cabraser**
  ecabraser@lchb com,mtashima@lchb com,abertram@lchb com,jremuszka@lchb com

- **David S. Casey , Jr**
  dcasey@cglaw com,camille@cglaw com,sleonard@cglaw com,jdavis@cglaw com

- **Jennifer Machlin Cecil**
  jcecil@winston com,ecf_sf@winston com,jen-machlin-cecil-9607@ecf pacerpro com

- **Edward D. Chapin**
  echapin2@sanfordheisler com,fsalazar@sanfordheisler com,jalvarez@sanfordheisler com

- **Owen J. Clements**
  owen clements@sfcityatty org,catheryn daly@sfcityatty org

- **James M Davis**
  jdavis@cglaw com,vicki@cglaw net

- **Cari K. Dawson**
  cari dawson@alston com,kate smith@alston com

- **Mark Dearman**
  mdearman@rgrdlaw com,e_file_sd@rgrdlaw com,MDearman@ecf courtdrive com,e_file_fl@rgrdlaw com

- **Mark J. Dearman**
  mdearman@rgrdlaw com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw com

- **Joshua David Dick**
  jdick@gibsondunn com,tmotichka@gibsondunn com

- **Carissa Jasmine Dolan**
  cdolan@rgrdlaw com,e_file_sd@rgrdlaw com

- **Thomas Edward Egler**
  tome@rgrdlaw com,e_file_sd@rgrdlaw com,e_file_sf@rgrdlaw com

- **Sara Jennifer Eisenberg**
  sara eisenberg@sfcityatty org,john cote@sfcityatty org,alison wong lambert@sfcityatty org,martina hassett@sfcityatty org,yvonne mere@sfcityatty org,catheryn daly@

- **Tiffany Rose Ellis**
  tellis@weitzlux com,nhryczyk@weitzlux com

- **Christopher Blair Essig**
  CEssig@swinston com

- **Wendy West Feinstein**
  wendy feinstein@morganlewis com,tammy miller@morganlewis com,sarah wasson@morganlewis com,picalendaring@morganlewis com,tamara giulianelli@morganle

- **Paul J. Geller**
  pgeller@rgrdlaw com,swinkles@rgrdlaw com,swinkles@ecf courtdrive com,e_file_fl@rgrdlaw com,pgeller@ecf courtdrive com

- **Patricia Camille Guerra**
  camille@cglaw com

- **August P. Gugelmann**
  august@smllp law,august@ecf courtdrive com

- **Richard Martin Heimann**
  rheimann@lchb com

- **Kelsey John Helland**
  khelland@gibsondunn com,dgriffin@gibsondunn com

- **Dennis J. Herrera**
  cityattorney@sfcityatty org,brittany feitelberg@sfcityatty org

- **Zachary Hill**
  zachary hill@morganlewis com,wendy feinstein@morganlewis com,rebecca hillyer@morganlewis com,evan jacobs@morganlewis com

- **Jaime Marie Huling Delaye**
  jaime hulingdelaye@sfcityatty org,alison wong lambert@sfcityatty org,martina hassett@sfcityatty org,catheryn daly@sfcityatty org

- **Traci Janelle Irvin**
  traci irvin@ropesgray com,courtalert@ropesgray com

- **Sarah Barr Johansen**
  sjohansen@reedsmith com,aswenson@reedsmith com

- **Timothy William Knapp**
  tknapp@kirkland com

- **Amy Jean Laurendeau**
  alaurendeau@omm com,amy-laurendeau-9969@ecf pacerpro com,sstewart@omm com

- **Michael Ian Levin-Gesundheit**
  mlevin@lchb com

- **Jennifer Gardner Levy**
  jennifer levy@kirkland com

- **Charles Coleman Lifland**
  clifland@omm com,charles-lifland-4890@ecf pacerpro com

- **John David Lombardo**
  John Lombardo@arnoldporter com,guadalupe saldana@arnoldporter com,ecalendar@arnoldporter com,William Costley@arnoldporter com

- **Amy Lucas**
  alucas@omm com,amy-lucas-1835@ecf pacerpro com

- **Enu A Mainigi**
  emainigi@wc com

- **Shannon Elise McClure**
  smcclure@reedsmith com,reed-smith-2312@ecf pacerpro com,shannon-mcclure-1157@ecf pacerpro com,eselfridge@reedsmith com

- **Matthew Seth Melamed**
  mmelamed@rgrdlaw com,e_file_SD@rgrdlaw com

- **Yvonne Rosil Mere**
  yvonne mere@sfcityatty org,martina hassett@sfcityatty org

- **Andrew Miller**
  amiller@sanfordheisler com

- **Sean OLeary Morris**
  sean morris@arnoldporter com,edocketscalendaring@arnoldporter com,vincent esparza@arnoldporter com,stacie james@arnoldporter com,rebecca mcnew@arnoldport

- **Melinda Davis Nokes**
  mnokes@weitzlux com,lschultz@weitzlux com,rcerci@weitzlux com,dsavours@weitzlux com

- **Paul F. Novak**
  pnovak@weitzlux com,cgarcia@weitzlux com,nhryczyk@weitzlux com

- **Alan Ouellette**
  aouellette@foley com,llanglois@foley com,wdelvalle@foley com

- **Luke Samuel Porter**
  lporter@reedsmith com,gchiu@reedsmith com,kjkelly@reedsmith com

- **Louise Hornbeck Renne**
  lrenne@publiclawgroup com,kbeaton@publiclawgroup com,RPLG-docket@publiclawgroup com

- **Nathan E. Shafroth**
  nshafroth@cov com,ktrempy@cov com,echiulos@cov com,rlu@cov com,ncutright@cov com,rvantassell@cov com,docketing@cov com,isaac-chaput-8316@ecf pacerpro com

- **Audrey Claire Siegel**
  audrey siegel@andrusanderson com

- **Reid Smith**
  RFSmith@winston com

- **Elizabeth Anne Sperling**
  elizabeth sperling@alston com,annie yu@alston com

- **Karl Anton Stampfl**
  karl stampfl@kirkland com

- **Charles Joseph Stevens**
  cstevens@gibsondunn com,smaruschak@gibsondunn com

- **Sabrina Heron Strong**
  sstrong@omm com,sabrina-strong-4823@ecf pacerpro com

- **Edward W. Swanson**
  ed@smllp law,AmyMcGugian@ecf courtdrive com,ed@ecf courtdrive com,britt@ecf courtdrive com

- **Russell E Taylor**
  rtaylor@fbm com

- **Rocky C. Tsai**
  rocky tsai@ropesgray com,CourtAlert@RopesGray com

- **Richard Allen VanDuzer**
  rvanduzer@fbm com,jamante@fbm com,calendar@fbm com

- **Neelum Jane Wadhwani**
  nwadhwani@wc com,CardinalWVParalegals@wc com

- **Donna Marie Welch**
  dwelch@kirkland com

- **Alyssa M Williams**
  awilliams@cglaw com

- **Sonya Diane Winner**
  swinner@cov com,docketing@cov com,calsbury@cov com

- **Carl Brandon Wisoff**
  bwisoff@fbm com,mzappas@fbm com,calendar@fbm com

- **Douglas R. Young**
  dyoung@fbm com,calendar@fbm com

- **Paulina do Amaral**
  pdoamaral@lchb com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing)  You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients

```
Paul                     Laprairie
Andrus Anderson1 LLP
155 Montgomery Street, 900
San Francisco, CA 94104
```