Sean O. Morris (Bar No. 200368)
John D. Lombardo (Bar No. 187142)
**Arnold & Porter Kaye Scholer LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1-213-243-4000
Facsimile: +1-213-243-4199
Email: Sean.Morris@arnoldporter.com
Email: John.Lombardo@arnoldporter.com

*Attorneys for Specially Appearing
Defendant Endo International plc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et. al.,<br><br>Defendants. | Case No. 3:18-cv-07591-CRB<br><br>**SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), (4), (5); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: June 19, 2020<br>Time: 10:00 a.m.<br>Dept: Courtroom 6<br>Honorable Charles R. Breyer |

- 2 -

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 19, 2020, at 10:00 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Charles R. Breyer, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, specially appearing Defendant Endo International plc will and hereby does move, pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5), for an order dismissing with prejudice Plaintiffs' claims asserted in the First Amended Complaint.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying Declaration of E. Christopher Beeler and exhibits thereto, the pleadings and papers on file in this action, any other such matters of which the Court may take judicial notice, the arguments of counsel, and any other matter that the Court may properly consider.  Specially appearing defendant Endo International plc seeks an order dismissing Plaintiffs' claims for insufficient process and service of process under Federal Rules of Civil Procedure 12(b)(4) and (5) and for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Dated:  April 17, 2020

ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ *Sean O. Morris*
Sean O. Morris
John D. Lombardo

*Attorneys for Specially Appearing Defendant Endo International plc*

- 2 -
SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

Page

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ...................................................1

INTRODUCTION ...........................................................................................................................1

BACKGROUND AND STATEMENT OF FACTS ......................................................................2

ARGUMENT ..................................................................................................................................3

I.    The Court Should Dismiss All Claims Against Endo International For Insufficient Service Of Process Under Rules 12(b)(4)-(5)..................................................................3

II.    The Complaint Also Should Be Dismissed Under Rule 12(b)(2) Because This Court Lacks Personal Jurisdiction Over Endo International..........................................................4

    A.    Plaintiffs fail to allege facts giving rise to general jurisdiction. .............................4

    B.    Plaintiffs fail to allege facts giving rise to specific jurisdiction..............................5

    C.    The Only Other Court In The Prescription Opioid Litigation Across The Country To Have Considered The Issue Dismissed Endo International For Lack of Personal Jurisdiction Based On Virtually Identical Allegations. ...............8

CONCLUSION ...............................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amoco Egypt Oil Co. v. Leonis Nav. Co.*,
 1 F.3d 848 (9th Cir. 1993) ................................................................................................8

*Boschetto v. Hansing*,
 539 F.3d 1011 (9th Cir. 2008) .........................................................................................7

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*,
 137 S. Ct. 1773 (2017) .....................................................................................................5

*Corcoran v. CVS Health Corp.*,
 169 F. Supp. 3d 970 (N.D. Cal. 2016) .............................................................................5

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) .........................................................................................................4

*Electronic Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*,
 290 F. Supp. 3d 923 (N.D. Cal. 2017) .............................................................................4

*F. Hoffman-La Roche, Inc. v. Superior Court*,
 130 Cal. App. 4th 782 (2005) ..........................................................................................7

*Feliz v. United States*,
 272 F.R.D. 299 (D. Mass. 2011) ......................................................................................3

*Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*,
 103 F.3d 888 (9th Cir. 1996) ...........................................................................................7

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*,
 No. 19-cv-05611-PJH, 2020 WL 1244918 (N.D. Cal. Mar. 16, 2020) ...........................4

*Ho v. Pinsukanjana*,
 No. 17-cv-06520-PJH, 2019 WL 2415456 (N.D. Cal. June 7, 2019) .............................3

*Int'l Shoe Co. v. Wash.*,
 326 U.S. 310 (1945) ......................................................................................................4, 5

*Kellman v. Whole Foods Market, Inc.*,
 313 F. Supp. 3d 1031 (N.D. Cal. 2018) ...........................................................................4

*Levi Strauss & Co. v. Toyo Enter. Co., Ltd.*,
 665 F. Supp. 2d 1084 (N.D. Cal. 2009) ...........................................................................4

*Metal Industry Co. v. Superior Court*,
  480 U.S. 102 (1987) ...........................................................................................................7

*Morrill v. Scott Financial Corp.*,
  873 F.3d 1136 (9th Cir. 2017) ...........................................................................................6

*Panavision Int'l, L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) ...........................................................................................7

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ...........................................................................................7

*People of the State of New York v. Purdue Pharma L.P.*,
  No. 400000/2017 (N.Y. Sup. Ct. Suffolk Cty. Jan. 17, 2020) ...........................................8

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) .......................................................................................4, 6

*SEC v. Ross*,
  504 F.3d 1130 (9th Cir. 2007) ...........................................................................................3

*Sleep Science Partners v. Lieberman*,
  No. C 09-04200-CW, 2009 WL 4251322 (N.D. Cal. Nov. 23, 2009) ...............................8

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988) ...........................................................................................................3

*Walden v. Fiore*,
  571 U.S. 277 (2014) ...........................................................................................................5

*Williams v. Yamaha Motor Co. Ltd.*,
  851 F.3d 1015 (9th Cir. 2017) ...........................................................................................4

**Statutes**

28 U.S.C. § 1331 .........................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 4 ..........................................................................................................................1

Fed. R. Civ. P. 4(f) ......................................................................................................................2

Fed. R. Civ. P. 4(f)(1) .................................................................................................................2

Fed. R. Civ. P. 4(h)(2) ................................................................................................................2

Fed. R. Civ. P. 12(b)(4)-(5) ........................................................................................................2

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiffs have named specially appearing Endo International plc ("Endo International") as one of many defendants in their First Amended Complaint ("FAC"). But this Court lacks personal jurisdiction over Endo International, and it should be dismissed from this action.

As an initial matter, Plaintiffs have not even attempted to properly serve Endo International, much less actually effected service, with any summons in this case. As a very first step, therefore, service is deficient under Federal Rule of Civil Procedure 4 and the requirements applicable to Endo International as an Irish corporate entity under the Hague Convention, and Endo International should not even be required to respond to the FAC at all.[1]

Even if Plaintiffs had served Endo International, Endo International still should be dismissed because the Court lacks personal jurisdiction over Endo International. Endo International is a foreign holding company. It is neither incorporated nor headquartered in California. It does not manufacture, distribute, sell, or market any product, let alone any of the prescription opioid medications at issue in this suit. It is not registered to do business in California, maintains no offices here, and has no employees here. The mere fact that it indirectly owns certain subsidiaries that allegedly engaged in conduct with alleged effects in California does not establish the connection with California needed to support either general or specific jurisdiction, and the exercise of personal jurisdiction over Endo International would be unconstitutional under the Due Process Clause of the U.S. Constitution.[2]

For these reasons, the Court should dismiss the FAC as to Endo International.

---

[1] Although Endo International has not been served in this action, it has specially appeared to file this motion out of an abundance of caution and solely to comply with the Court's April 2, 2020 Order re: Partial Case Management Schedule, setting April 17, 2020, as the deadline for motions to dismiss. *See* Dkt. No. 142. By filing this Motion, Endo International does not waive or accept service of process.

[2] Even if the Court had personal jurisdiction over Endo International (which it does not), the State's claims would fail because the FAC fails to state a claim against any defendant, including Endo International, for the reasons stated in Defendants' joint motions to dismiss, also filed today.

- 1 -

SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

## BACKGROUND AND STATEMENT OF FACTS

Endo International is a holding company organized under the laws of Ireland and headquartered in Dublin, Ireland. Declaration of E. Christopher Beeler ¶ 2 (attaching Affidavit of Deanna Voss ¶ 3 ("Voss Aff.")). It does not manufacture, distribute, sell, or market opioid medications—or any other product—in California or anywhere else. Voss Aff. ¶ 4. Any such activities are conducted by one of its indirect subsidiary operating companies. Voss Aff. ¶ 6. Endo International also is not registered to do business in California. Beeler Decl. ¶¶ 3-4; Voss Aff. ¶ 4, 6.

The FAC names four of Endo International's indirect subsidiaries as defendants: Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical Inc., and Par Pharmaceutical Companies, Inc. Endo Pharmaceuticals Inc. and Par Pharmaceutical, Inc. are operating companies. Voss Aff. ¶ 6. Endo Health Solutions Inc. and Par Pharmaceutical Companies, Inc. are holding companies. *Id.* Each of the alleged subsidiary defendants constitutes a legal entity separate and distinct from Endo International. *Id.* Each maintains corporate structures and operations separate and distinct from those of Endo International. *Id.*

The FAC contains almost no allegations specifically with respect to Endo International. The FAC (a) identifies Endo International as one of the many defendants in a bullet point list of parties on Page 1 with no factual allegations at all (FAC p. 1); (b) references Endo International in one sentence in the paragraphs describing the parties, alleging that "Par Pharmaceutical was acquired by defendant [Endo International] in September 2015 and is an operating company of [Endo International]" (FAC ¶ 149); and (c) alleges in a single sentence without any factual support that "EHS, EPI, Par Pharmaceutical, and [Endo International] and their DEA registrant subsidiaries and affiliates (collectively, 'Endo') manufacture opioids sold nationally and in San Francisco." (*Id.*) That's it.

The allegation that Endo International "manufactures opioids sold nationally and in San Francisco" is purely conclusory and contradicted by the accompanying evidence. The fact that Plaintiff defines Endo International and its subsidiaries as "Endo" and then refers to "Endo"

throughout the remainder of the FAC does not make up for the lack of specific allegations about Endo International itself.

## ARGUMENT

**I. The Court Should Dismiss All Claims Against Endo International For Insufficient Service Of Process Under Rules 12(b)(4)-(5)**

A district court "has no power to render any judgment against [a] defendant's person or property" in the absence of "proper service of process," unless the defendant has waived service of process. *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Dismissal is proper where there is insufficient process or service of process under Federal Rules of Civil Procedure 12(b)(4) and (5).

Plaintiffs were required to serve process on Endo International, an Irish public limited company, in a "manner prescribed by Rule 4(f)," except personal delivery. *See* Fed. R. Civ. P. 4(h)(2). Rule 4(f)(1) prescribes that service on Endo International may be made by "internationally agreed means . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Compliance with the Hague Convention "is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *see Ho v. Pinsukanjana*, No. 17-cv-06520-PJH, 2019 WL 2415456, at *3 (N.D. Cal. June 7, 2019) ("Service pursuant to the Hague Convention is mandatory when serving a foreign defendant in a signatory country to the Hague Convention."). Ireland has been a signatory to the Hague Service Convention since 1994. *Feliz v. United States*, 272 F.R.D. 299, 302 (D. Mass. 2011).

Plaintiffs have not taken the first step toward serving Endo International. They have not served, or apparently even attempted or requested service, of a summons on Endo International. Nor have they filed any proof of service of summons on Endo International. The Court should accordingly dismiss the FAC as against Endo International for insufficiency of process and service.

- 3 -
SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

## II. The Complaint Also Should Be Dismissed Under Rule 12(b)(2) Because This Court Lacks Personal Jurisdiction Over Endo International

"When subject matter jurisdiction is based on a federal question, as is the case here, a federal court applies the long-arm statute of the state in which it sits to determine whether there is personal jurisdiction." *Electronic Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 933 (N.D. Cal. 2017); *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."); *see also* FAC ¶ 72 (alleging jurisdiction under 28 U.S.C. § 1331). "Because 'California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution,'" the pertinent inquiry is whether there are sufficient "minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" under the Due Process Clause. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citations omitted); *see also Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

"There are two types of personal jurisdiction: general and specific." *Kellman v. Whole Foods Market, Inc.*, 313 F. Supp. 3d 1031, 1044 (N.D. Cal. 2018). Plaintiffs cannot meet their burden of establishing that the Court can exercise personal jurisdiction over Endo International under either theory. *Levi Strauss & Co. v. Toyo Enter. Co., Ltd.*, 665 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009).

### A. Plaintiffs fail to allege facts giving rise to general jurisdiction.

General jurisdiction exists over a foreign corporation "only if the corporation's connections to the forum state 'are so continuous and systematic' as to render it essentially at home in the forum State." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The paradigm fora for the exercise of general jurisdiction over a corporation are the place of incorporation and the principal place of business, and only in an 'exceptional case' will general jurisdiction be available elsewhere." *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-cv-05611-PJH, 2020 WL 1244918, at *2 (N.D. Cal. Mar. 16, 2020) (citing *Daimler AG*, 571 U.S. at 137-38 & n.19).

- 4 -

While the FAC fails even to allege anything about Endo International's place of business of its headquarters, Endo International is incorporated and has its principal place of business in Ireland. *See* Voss Aff. ¶ 3. Endo International does not have contacts in California, let alone continuous and systematic ones. *Id.* ¶ 4; *see also* Beeler Decl. ¶ 3. Endo International is not registered to do business in California and has no agent for service of process in the State. *Id.* It is a holding company organized under the laws of, and headquartered in, Ireland. Voss Aff. ¶ 3. Moreover, Plaintiffs cannot point to Endo International subsidiaries to establish general personal jurisdiction over Endo International. *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 982 (N.D. Cal. 2016) ("[A] foreign parent corporation cannot be subject to general jurisdiction based solely on an agency relationship through its subsidiary's contacts with the forum.") (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2015)). Because Endo International is not "at home" in California, it cannot be subject to general jurisdiction here.

### B. Plaintiffs fail to allege facts giving rise to specific jurisdiction.

Nor may the Court exercise specific personal jurisdiction over Endo International. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). That is, the nonresident's forum-state activities must themselves "give rise to the liabilities sued on." *Int'l Shoe Co.*, 326 U.S. at 317. And "[t]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (emphasis in original, citation omitted). Moreover, the U.S. Supreme Court has clarified that general contacts are not sufficient; specific jurisdiction is appropriate only where there is a direct "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (citation omitted).

Ninth Circuit courts have used a three-part test to determine whether a non-resident defendant like Endo International has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefit and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211; *see also id.* at 1212 (explaining that, for tort claims, the Ninth Circuit "appl[ies] a 'purposeful direction' test and look[s] to evidence that that the defendant has directed his actions at the forum state, even if those actions took place elsewhere"). *Plaintiffs* bear the burden of proving the first two prongs; if they do so, "the burden shifts to the defendant[] to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation marks and citations omitted).

However the test is framed, there simply are no contacts between Endo International and the State of California—let alone allegations that Endo International directed any actions at California. This is dispositive of the specific-jurisdiction inquiry. *E.g., Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) ("Minimum contacts are shown if the defendant . . . has sufficient contacts arising from or related to specific transactions or activities in the forum state (specific jurisdiction).").

As noted above, Endo International did not manufacture, market, distribute, or sell the pharmaceutical products that underlie Plaintiffs' claims anywhere, let alone in California. Voss Aff. ¶ 4. The FAC does not even allege *any* tortious conduct attributable to Endo International, independent of any alleged conduct of some alleged subsidiaries that the Plaintiffs improperly seek to attribute to Endo International. Thus, Plaintiffs cannot show that Endo International engaged in any conduct with respect to the prescription opioid medications at issue in this case, or even any tortious conduct within the State.

Plaintiffs therefore cannot establish even the first prong -- the purposeful-direction component -- of the specific-jurisdiction test because they have not alleged and cannot show that Endo International "committed an intentional act" that was "expressly aimed at," and "caused harm" in, California. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Unable to satisfy the very first prong of the test, "the jurisdictional inquiry ends and the case must be dismissed." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *Pebble Beach Co.*, 453 F.3d at 1155.

For the same reasons, Plaintiffs fail the second prong of the test. Their claims against Endo International do not arise out of or relate to any activities by Endo International in California. Under the Ninth Circuit's "'but for' test, a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996). As explained above, Endo International does not have the requisite contact with California; therefore, the required nexus cannot exist.[3]

Finally, even if Plaintiffs met their burden on the first two prongs of the specific-jurisdiction test, it would be unreasonable to exercise personal jurisdiction over Endo International. Courts balance seven factors when considering whether exercising jurisdiction over a non-resident defendant would be reasonable: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

---

[3] As with general jurisdiction, that Endo International has alleged indirect subsidiaries that might have created contacts with California is otherwise irrelevant. *See Picot*, 780 F.3d at 1213 ("[O]ur inquiry is limited to examining contacts that proximately result from actions by the defendant *himself*." (emphasis in original, citation omitted)); *F. Hoffman-La Roche, Inc. v. Superior Court*, 130 Cal. App. 4th 782, 802 (2005) ("Ownership or control of a subsidiary by a parent corporation, without more, is insufficient to subject the parent to jurisdiction in the state where the subsidiary does business.").

SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

As the jurisdictional facts make clear, Endo International has no relevant contacts with California, whether purposeful or otherwise—in other words, there was no "purposeful interjection" by it in California. *See Amoco Egypt Oil Co. v. Leonis Nav. Co.*, 1 F.3d 848, 852 (9th Cir. 1993) (noting that "[t]his factor parallels the question of minimum contacts").  In contrast, the burden imposed on Endo International should it be required to participate in this litigation is substantial, particularly where alleged indirect subsidiaries (which are existing companies and indeed litigating opioid cases in other jurisdictions) have been named and have appeared in this action. *See id.* ("The burden on Leonis of defending the suit in Washington is considerable. . . . The company presently has no connections with Washington, nor does it have an agent or office anywhere else in the United States.").  And although "California maintains a strong interest in providing an effective means of redress for its residents tortiously injured," *Sleep Science Partners v. Lieberman*, No. C 09-04200-CW, 2009 WL 4251322, at *6 (N.D. Cal. Nov. 23, 2009), California has no interest in adjudicating a lawsuit against Endo International, which has no contacts with the State.  *See Amoco Egypt Oil Co.*, 1 F.3d at 852 ("*Asahi* [*Metal Industry Co. v. Superior Court*, 480 U.S. 102, 114 (1987)] cautions against such an overly broad definition of a state's interest. Washington has no interest in this claim. The vessel involved in the accident was not sailing from Washington and carried no Washington cargo. . . . The absence of a forum state interest weighs heavily against the reasonableness of Washington's assertion of jurisdiction.").

**C.    The Only Other Court In The Prescription Opioid Litigation Across The Country To Have Considered The Issue Dismissed Endo International For Lack of Personal Jurisdiction Based On Virtually Identical Allegations**

Although foreign corporate entities related to other defendants in this action have been the subject of multiple personal jurisdiction disputes in various prescription opioid cases in the country, Endo International has been named in relatively few complaints.  The only time that a Court in the prescription opioid litigation has considered the issue, it dismissed Endo International.

The New York Supreme Court recently dismissed the State of New York's complaint against Endo International for lack of personal jurisdiction.  *See People of the State of New York v.*

- 8 -
SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Purdue Pharma L.P.*, No. 400016/2018 (N.Y. Sup. Ct. Suffolk Cty. Jan. 17, 2020) (Beeler Decl. Ex. 3).  Just as it does here, Endo International argued that it was not subject to general or specific personal jurisdiction because it does not transact business in that state and has not directed any of its activities toward New York.  The New York court found that the State of New York "failed to offer evidence demonstrating that Endo International transacts business in New York or contracts to provide pharmaceutical drugs in New York through its subsidiaries []." *Id.* at 4.  The New York court also found that the State "failed to show that such subsidiaries are extensively controlled and financed by Endo International, or that they were formed to insulate it from liability."  That court also noted that "there are no allegations in the complaint that Endo International committed any of the alleged tortious acts at issue in th[e] action." *Id.*

There are even fewer allegations in Plaintiffs' complaint here, and the result should be the same:  Endo International should be dismissed from this complaint.

## CONCLUSION

For these reasons, specially appearing Endo International respectfully requests that the Court grant its Motion to Dismiss and dismiss all claims in the FAC as to it for insufficient process and service and for lack of personal jurisdiction.

Dated:  April 17, 2020

ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ *Sean O. Morris*
Sean O. Morris
John D. Lombardo

*Attorneys for Specially Appearing Defendant Endo International plc*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 17, 2020, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-1. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-1 to accept that Notice as service of this document.

Dated: April 17, 2020

> */s/ Sean O.Morris*
> Sean O. Morris