**Re:**   *City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*,
         Case No. 3:18-cv-7591-CRB

Dear Judge Corley:

Plaintiffs and Defendants submit this letter outlining a dispute arising from Plaintiffs' First Amended Government Plaintiff Fact Sheet ("Amended PFS"). Dkt. 223-1. Lead counsel met and conferred in good faith on August 6, 2020 and remain at an impasse.

### DEFENDANTS' POSITION

In MDL Case Management Order One ("CMO-1"), Judge Polster instituted a Plaintiff Fact Sheet ("PFS") requirement—a common MDL mechanism to provide uniform early disclosure of critical discovery. Significantly, the MDL Court approved the specific questions in the fact sheet, which had been negotiated by the parties at considerable length, and ***ordered*** all governmental plaintiffs to answer them no later than 90 days after their case is docketed in the MDL. Recognizing the scope and importance of the discovery required by the PFS, this Court permitted it to "substitute for initial disclosures." Dkt. 142 at 2.

Plaintiffs submitted an initial PFS in April 2019 and the Amended PFS on May 29, 2020, stating that they "substitute this First Amended Government Fact Sheet for their initial disclosures." Dkt. 223-1 at 1. Both documents were materially incomplete. Plaintiffs left certain questions entirely unanswered and provided incomplete or evasive answers to others. Defendants have raised these deficiencies with Plaintiffs repeatedly.[1] Plaintiffs do not deny these deficiencies but refuse to provide a timeline by which they will cure them.

Plaintiffs argue they had no obligation to conduct any investigations until their case was remanded and the MDL discovery stay lifted. But ***all*** governmental plaintiffs were ordered to answer the PFS and were "not excused from providing the requested information for failure to appropriately investigate [their] case." Dkt. 223-1 at 1. Plaintiffs do not need formal discovery to tell Defendants what they already have or to conduct the investigations required by the PFS. Nothing prevented them from doing so at any point in the last 20 months.[2]

Plaintiffs' failures prejudice Defendants' ability to pursue discovery needed to mount their defense. The PFS questions to which Plaintiffs have refused to respond or provided incomplete responses go to the heart of their claims, including causation and damages:

---

[1]  Defendants first raised the deficiencies in Plaintiffs' Amended PFS in a letter on June 29, 2020 and raised them again in an email on July 16, during a phone call on July 17, in a letter on July 22, in an email on July 28, and in another phone call between lead counsel on August 6, 2020.

[2]  Plaintiffs suggest that the discovery special master recently denied defendants' request for supplemental PFS responses in the MDL. To the contrary, the special master ordered plaintiffs "to answer promptly and fully [Defendants'] prioritized discovery – ***which is the same result***" as "order[ing] [them] to supplement their PFS," and to do so "as soon as possible." Ex. A at 1 (emphasis added).

Hon. Jacqueline Scott Corley
Page 2

PFS I.B.3 & I.B.5 (Pharmacy "Suspicious Orders"): The PFS requires Plaintiffs to indicate whether they "identify, track, or otherwise have in [their] possession, custody, or control, information concerning whether a Pharmacy receives Prescription Opioids as a result of a Suspicious Order" and "whether a Pharmacy filled suspicious orders for Opioids into [their] geographic area since January 1, 2008." Dkt. 223-1 at 16. Plaintiffs "interpret" both questions to refer "only to Walgreen Co." because it is "the only Defendant that operates pharmacies in San Francisco." *Id.* Neither question is limited to defendants. The PFS defines "Pharmacy" as "a pharmacy located within Plaintiff's geographic boundaries." Ex. B at 8. That is consistent with Plaintiffs' claims. Their claims against the Distributor Defendants, for example, rest on the alleged shipment of "suspicious orders"—not just to Walgreens, but to all pharmacies. The existence of "suspicious orders" received or filled by *any* pharmacy in Plaintiffs' geographic boundaries—as well as Plaintiffs' awareness of and failure to act on such orders—is plainly relevant to Plaintiffs' claims and to **all Defendants'** defenses.

PFS I.A.9 (Budget and Expenditures): The PFS requires Plaintiffs to identify "the actual expenditure You made since January 1, 2008 with respect to each category of damages You claim." Dkt. 223-1 at 14-15. Plaintiffs state that "[t]he calculation of damages and monetary relief is premature and will be dependent on expert analysis and additional discovery." *Id.* at 14. Defendants are entitled to know what expenditures, if any, Plaintiffs **are currently aware of** with respect to each category of damages they identified, regardless of their belief that they may know more later following additional discovery or expert analysis. It is not nearly enough, as Plaintiffs suggest, that they list damages categories and provide a link to a collection of 353 budget-related documents available online. *See* Ex. C. A review of a sample of those documents confirms that the categories of damages alleged by Plaintiffs have no clear corresponding budget categories. It is Plaintiffs' obligation to provide an answer to the PFS, not for Defendants to piece together an answer based on public budget reports—even if that were possible (and it is not).

PFS I.B.1, I.B.4, and II.3 (Opioid Investigations): PFS I.B.1 requires Plaintiffs to identify "each physician or other healthcare provider within Your boundaries who, based on the information reasonably available to You, has been the target of a [closed] law enforcement or administrative investigation You conducted concerning the physician's or provider's prescribing or dispensing Prescription Opioids since January 1, 2008." Dkt. 223-1 at 16. PFS I.B.4 similarly requires Plaintiffs to identify "each Pharmacy within Your boundaries" investigated "concerning the Pharmacy's dispensing of Prescription Opioids." *Id.* In turn, PFS II.3 requires Plaintiffs to produce the "investigation file" for any investigations under PFS I.B.1 or I.B.4. *Id.* at 22. This information is highly relevant, revealing, *inter alia*, the existence of non-party bad actors.

Plaintiffs have provided no answer to these questions, stating that the "investigation of questions I.B.1 and I.B.4 remains ongoing." *Id.* And more than a month after Defendants raised this deficiency, Plaintiffs refused to "commit to a date certain by which any particular amendments or supplements would be made." Ex. C. But it was Plaintiffs' obligation to complete any investigation **by the deadline for submitting the PFS**. As the PFS states, Plaintiffs "are not excused from providing the requested information for failure to appropriately investigate Your case." Dkt. 223-1 at 1; *see also* FED. R. CIV. P. 26(a)(1)(E) ("A party is not excused from making its disclosures because it has not fully investigated the case . . . ."). Plaintiffs filed their complaint in December 2018, *see* Dkt. 1, and served an initial PFS in April 2019. Sixteen months later, Plaintiffs still claim they cannot answer these critical questions.

In meet and confers, Plaintiffs have represented that, as to PFS I.B.1, they understand that there are three "city departments" that may have conducted investigations: "the Police Department, the District Attorney's office (acting on behalf of the State of California), and the Department of Public Health." Ex. C. Plaintiffs "believe" there are no records at the Police Department "at this time" and say their "inquiries" regarding investigations by the Department of Public Health are "ongoing." *Id.* As to the DA's office, Plaintiffs inexplicably claim that those investigations are not in their "possession, custody, or control" because "any investigation by the District Attorney's office was conducted on behalf of the State of California." *Id.* Yet, Plaintiffs concede that the DA's office is a "city department." *Id.* Under the PFS, "You" and "Your" are expressly defined to mean "each individual Plaintiff named in this action, ***including, its departments***. . . ." Ex. B (emphasis added). As to PFS I.B.4, Plaintiffs have stated only that, "based on [their] investigation thus far," they do not "anticipate" that responsive information will be "reasonably available." Ex. C. Plaintiffs have provided no valid justification for failing to complete these investigations and provide this critical discovery to Defendants.

Relief Requested: Judge Polster has already ordered Plaintiffs to answer these questions and they have had more than sufficient time to do so. Time is of the essence given the tight case schedule. Defendants accordingly ask that Plaintiffs be required to provide full answers within seven (7) calendar days. The requested relief is justified. Courts routinely grant motions to compel and impose sanctions for failures to submit complete initial disclosures or to provide complete answers in court-ordered fact sheets. FED. R. CIV. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."). FED. R. CIV. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." ).[3]

## PLAINTIFFS' POSITION

This is a manufactured dispute.

Consistent with Judge Polster's order regarding PFSs and waiver of initial disclosures in CMO-1 (§§ 9b and 9i), and his stay of discovery in all cases not then-selected as bellwethers also in CMO-1 (§ 9a), Plaintiffs served their initial PFS on April 22, 2019, with information then available. Plaintiffs do ***not*** "argue they had no obligation to conduct any investigations until their case was remanded." *Supra* at 1. Plaintiffs conducted an investigation prior to remand and provided the responsive information they had reasonably available.

When Plaintiffs were selected for remand by the JPML in January 2020, Plaintiffs prepared for the lift of Judge Polster's discovery stay and immediately began investigating appropriate custodians and sources of relevant evidence. Plaintiffs filed an Amended Complaint

---

[3] *See, e.g.*, *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003); *Cordeiro v. Sysco Food Servs. of Sacramento, Inc.*, 2010 WL 5233009, *3 (E.D. Cal. Dec. 16, 2010); *Fields v. Ferguson Enterps., Inc.*, 2009 WL 10675538, *1-2 (W.D. Wash. July 30, 2009); *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006); *In re Asbestos Prods. Liability Litig. (No. VI)*, 718 F.3d 236, 240-41 (3rd Cir. 2013); *In re Zostavax (Zoster Vaccine Live) Prods. Liability Litig.*, 2020 WL 1506434, *1-5 (E.D. Pa. March 30, 2020).

Hon. Jacqueline Scott Corley
Page 4

on March 13, 2020, which significantly streamlined certain claims and allegations. Dkt. 128. And on May 29, 2020, Plaintiffs served their Amended PFS pursuant to this Court's April 2, 2020 Order re Partial Case Management Schedule, Dkt. 142 at 2. Plaintiffs provided their amended responses based on information then reasonably available to them and intend to supplement responses based on the discovery of additional information. *See* Dkt. 223-1 at 1.

MDL Special Master David Cohen recently addressed precisely this issue in Case Track 3, which is scheduled for trial in May 2021 before Judge Polster. There, as here, the defendants moved to compel plaintiffs to supplement their purportedly deficient PFS responses. Special Master Cohen ***denied*** defendants' motion, stating "it only makes sense that [Defendants'] T3 discovery requests would seek the same information as the PFS and be even more thorough. So it makes sense that disputes over whether [Plaintiffs] produced the requested information should be resolved within the context of the more-comprehensive T3 discovery, where the battle is now being fought." Ex. A (July 21, 2020 Ruling by Special Master Cohen). That ruling is consistent with Judge Breyer's determination that the PFS should substitute as initial disclosures here. Dkt. 142 at 2. Initial disclosures are commonly amended and updated throughout the course of discovery. Moreover, Plaintiffs will have the information required to more fully respond to certain aspects of the PFS once their document production nears substantial completion and all relevant custodians have been identified and interviewed.

Discovery is proceeding apace, and Plaintiffs have already agreed to produce custodial and other information from many of San Francisco's largest departments and to supplement the Amended PFS as discovery unfolds. Indeed, Plaintiffs are deeply engaged in a rigorous investigation, which involves teams of lawyers from multiple firms conducting numerous interviews to identify custodians from relevant departments, including, *inter alia*, the Department of Public Health ("DPH"), Probation, Department of Public Works, Department of Recreation and Parks, and the San Francisco Fire Department. Plaintiffs have also already agreed to collect, review, and produce documents for 18 custodians. Running a partial set of only those search terms already agreed to by the parties surfaced more than 600,000 custodial documents to date, and Plaintiffs are in the process of reviewing and preparing to produce, on a rolling basis, responsive, non-privileged documents from these custodial files and from common, non-custodial document repositories. However, Plaintiffs are not presently able to identify with specificity and finality all of the information requested in the PFS, which will be informed by Plaintiffs' ongoing document collection and review and witness investigation.

PFS §§ I.B.3. & I.B.5. (Pharmacy "Suspicious Orders"): These requests seek information concerning "whether a Pharmacy receives Prescription Opioids as a result of a Suspicious Order," or "whether a Pharmacy filled Suspicious Orders for Opioids" in San Francisco. Dkt. 223-1 at 16. To the extent this information exists, it is more likely in the possession, custody, and control of Walgreens and third-party pharmacies who were under the legal obligation to report such orders to the DEA. *See In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804, 2019 WL 3917575, at *7 (N.D. Ohio Aug. 19, 2019) (finding opioid manufacturers and distributors were required to inform the DEA of "suspicious orders when discovered"). Thus, identification of "suspicious orders" will be the subject of Plaintiffs' affirmative discovery to Defendants. That said, Plaintiffs do not believe there is responsive information here, however,

4

Hon. Jacqueline Scott Corley
Page 5

investigation into the relevant documentation and custodians is underway, and to the extent suspicious order documents responsive to the requests are discovered, they will be produced.

 PFS § I.A.9. (Budget and Expenditures):  In the Amended PFS, Plaintiffs state that they "seek damages for the City's RICO claims.  For Plaintiffs' other claims, the People seek monetary relief in the forms of abatement costs, civil penalties, and/or restitution." Dkt. 223-1 at 14-15.  Defendants are correct that Plaintiffs state "[t]he calculation of damages and monetary relief is premature and will be dependent on expert analysis and additional discovery." *Id*.  This remains true.  Plaintiffs' response also provides the San Francisco Controller's website containing the City's budget and expenditures, and separately lists the categories of damages for each of the relevant areas identified in that question (*e.g.*, law enforcement, incarceration, and public health).  Again, Plaintiffs' investigation is ongoing, and to the extent relevant documentation is found in Plaintiffs' possession, custody or control, it will be produced.

 PFS §§ I.B.1., I.B.4., and II.3. (Opioid Investigations):  PFS §§ I.B.1., I.B.4. and II.3. seek information and documentation regarding the physicians or healthcare providers that have "been the target of a law enforcement or administrative investigation[s]" in San Francisco. Dkt. 223-1 at 16.  Plaintiffs have identified for Defendants three departments where such investigations may possibly have occurred: the Police Department, DPH, and the District Attorney's office.  As explained to Defendants, Plaintiffs have not identified any records of Police Department investigations, and based on their inquiry, believe that none exist.[4]  Any such investigations in which the District Attorney's office was involved originated with the Medical Board of California, and are therefore outside Plaintiffs' possession, custody, or control.[5]  Plaintiffs continue to actively investigate whether DPH has any responsive documents.  Based on the investigation conducted thus far, Plaintiffs do not expect there to be significant responsive information to these requests.  Plaintiffs will update the PFS if more information becomes available.

 Defendants also take issue with Plaintiffs' response to § I.B.4. regarding pharmacies that have been the target of law enforcement or administrative investigations "concerning the pharmacy's dispensing of [p]rescription [o]pioids." Dkt. 223-1 at 16.  Based on their inquiries thus far, Plaintiffs do not believe the City has conducted any such investigations.  Again, Plaintiffs will update the PFS if more information becomes available.

 In sum, Defendants' contention that Plaintiffs were compelled to complete any investigation by the deadline for submitting the Amended PFS is not supported by any authority.  Indeed, it conflicts with CMO-1, which stayed discovery for all plaintiffs other than those involved in Case Track 1.  And Defendants' self-imposed seven-day deadline for Plaintiffs' PFS amendment is arbitrary and unsupported.  The PFS instructions provide that Plaintiffs have the right to provide "supplemental answers if [they] obtain further information between the time of answering and the trial." MDL Dkt. 638-1 at 7.  Plaintiffs are and will continue to do so.

---

[4] Plaintiffs addressed these issues during a meet and confer call on July 17, 2020, and via correspondence on July 31, 2020.
[5] The Medical Board's investigatory and enforcement processes are summarized at https://www.mbc.ca.gov/Download/Documents/enforcement-process.pdf.

Hon. Jacqueline Scott Corley
Page 6

DATED: August 19, 2020    Respectfully submitted,

By: */s/ Steven J. Boranian*
    Steven J. Boranian (Bar No. 174183)
    Luke S. Porter (Bar No. 323847)
    REED SMITH LLP
    101 Second Street, Suite 1800
    San Francisco, CA 94105
    Telephone: (415) 543-8700
    Facsimile: (415) 391-8269
    sboranian@reedsmith.com
    lporter@reedsmith.com

    Eric J. Buhr (Bar No. 217528)
    Sarah B. Johansen (Bar No. 313023)
    REED SMITH LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071
    Telephone: (213) 457-8000
    Facsimile: (213) 457-8080
    ebuhr@reedsmith.com
    sjohansen@reedsmith.com

    *Attorneys for Defendant*
    *AmerisourceBergen Drug Corporation*

By: */s/ Rocky C. Tsai*
    Rocky C. Tsai (S.B. #221452)
    Traci J. Irvin (S.B. #309432)
    ROPES & GRAY LLP
    Three Embarcadero Center
    San Francisco, CA 94111-4006
    Tel: (415) 315-6300
    Fax: (415) 315-6350
    rocky.tsai@ropesgray.com
    traci.irvin@ropesgray.com

    *Attorneys for Defendants Mallinckrodt*
    *LLC and SpecGx LLC*

By: */s/ Sonya D. Winner*
    Sonya D. Winner (Bar No. 200348)
    Nathan E. Shafroth (Bar No. 232505)
    Isaac D. Chaput (Bar No. 326923)
    COVINGTON & BURLING LLP
    Salesforce Tower
    415 Mission Street, Suite 5400
    San Francisco, California 94105-2533
    Telephone: + 1 (415) 591-6000
    Facsimile: + 1 (415) 591-6091

    *Attorneys for Defendant*
    *McKesson Corporation*

By: */s/ Neelum J. Wadhwani*
    Neelum J. Wadhwani (Bar No. 247948)
    Enu A. Mainigi (pro hac vice)
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
    Washington, DC 20005
    Tel: (202) 434-5000
    Fax: (202) 434-5029
    nwadhwani@wc.com
    emainigi@wc.com

    Edward W. Swanson, SBN 159859
    August Gugelmann, SBN 240544
    SWANSON & McNAMARA LLP
    300 Montgomery Street, Suite 1100
    San Francisco, California 94104
    Telephone: (415) 477-3800
    Facsimile: (415) 477-9010
    ed@smllp.law
    august@smllp.law

    *Attorneys for Defendant*
    *Cardinal Health, Inc.*

Hon. Jacqueline Scott Corley
Page 7

By: */s/ Karl Stampfl*
    Zachary W. Byer (S.B. #301382)
    KIRKLAND & ELLIS LLP
    555 South Flower Street
    Los Angeles, CA 90071
    Tel: (213) 680-8400
    zachary.byer@kirkland.com

    Jennifer G. Levy, P.C. (pro hac vice)
    KIRKLAND & ELLIS LLP
    1301 Pennsylvania Ave., N.W.
    Washington, D.C. 20004
    Tel: (202) 879-5000
    Fax: (202) 879-5200
    jennifer.levy@kirkland.com

    Donna Welch, P.C. (pro hac vice)
    Timothy W. Knapp, P.C. (pro hac vice)
    Karl Stampfl (pro hac vice)
    KIRKLAND & ELLIS LLP
    300 North LaSalle, Chicago, IL 60654
    Tel: (312) 862-2000
    Fax: (312) 862-2200
    donna.welch@kirkland.com
    tknapp@kirkland.com
    karl.stampfl@kirkland.com

    *Attorneys for Defendants Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a/ Watson Pharmaceuticals, Inc., Allergan Sales, LLC, Allergan USA, Inc. and specially appearing Allergan Limited (f/k/a Allergan plc)*

By: */s/ Wendy West Feinstein*
    Zachary Hill (Bar No. 275886)
    MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
    San Francisco, CA 94105-1596
    Telephone: 1.415.442.1000
    Email: zachary.hill@morganlewis.com

    Wendy West Feinstein (pro hac vice)
    MORGAN, LEWIS & BOCKIUS LLP
    One Oxford Centre, 32nd Fl.
    Pittsburgh, PA 15219-6401
    Telephone: 1.412.560.7455
    Email: wendy.feinstein@morganlewis.com

    *Attorneys for Defendants Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company LLC; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; and Actavis Laboratories FL, Inc. f/k/ Watson Laboratories, Inc.-Florida.*

Hon. Jacqueline Scott Corley
Page 8

By: */s/ Amy R. Lucas*
    Amy R. Lucas (S.B. #264034)
    O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 8th Floor
    Los Angeles, CA 90067
    Tel: (310) 553-6700
    Fax: (310) 246-6779
    alucas@omm.com

    Charles C. Lifland (S.B. #108950)
    Sabrina H. Strong (S.B. #200292)
    O'MELVENY & MYERS LLP
    400 South Hope Street
    Los Angeles, CA 90071
    Tel: (213) 430-6000
    Fax: (213) 430-6407
    clifland@omm.com
    sstrong@omm.com

    Amy J. Laurendeau (S.B. #198321)
    O'MELVENY & MYERS LLP
    610 Newport Center Drive, 17th Floor
    Newport Beach, CA 92660
    Tel: (949) 823-6900
    Fax: (949) 823-6994
    alaurendeau@omm.com

    Stephen D. Brody (pro hac vice)
    O'MELVENY & MYERS LLP
    1625 Eye Street, NW
    Washington, DC 20006
    Tel: (202) 383-5300
    Fax: (202) 383-5414
    sbrody@omm.com

    *Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc.*

By: */s/ Alan R. Ouelette*
    Alan R. Ouellette (CA Bar No. 272745)
    FOLEY & LARDNER LLP
    555 California Street, Suite 1700
    San Francisco, CA 94104-1520
    Telephone: (415) 434-4484
    Facsimile: (415) 434-4507
    aouellette@foley.com

    James W. Matthews (Pro Hac Vice)
    Ana M. Francisco (Pro Hac Vice)
    Katy E. Koski (Pro Hac Vice)
    FOLEY & LARDNER LLP
    111 Huntington Avenue
    Boston, MA 02199-7610
    Telephone: (617) 342-4000
    Facsimile: (617) 342-4000
    jmatthews@foley.com
    francisco@foley.com
    kkoski@foley.com

    *Attorneys for Defendant Anda, Inc.*

By: /s/ *Sean O. Morris*
 Sean O. Morris (SBN 200368)
 John D. Lombardo (SBN 187142)
 Christopher Beeler (SBN 330496)
 ARNOLD & PORTER KAYE
 SCHOLER LLP
 777 South Figueroa Street, 44th Floor
 Los Angeles, California 90017-5844
 Tel: (213) 243-4000
 Fax: (213) 243-4199
 Sean.Morris@arnoldporter.com
 John.Lombardo@arnoldporter.com

*Attorneys for Defendants Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc.*

By: */s/ Joshua D. Dick*
 Charles J. Stevens (SBN 106981)
 cstevens@gibsondunn.com
 Joshua D. Dick (SBN 268853)
 jdick@gibsondunn.com
 Kelsey J. Helland (SBN 298888)
 khelland@gibsondunn.com
 GIBSON DUNN & CRUTCHER LLP
 555 Mission Street, Suite 3000
 San Francisco, CA 94105
 Telephone: 415.393.8200
 Facsimile: 415.393.8306

 Kaspar Stoffelmayr (pro hac vice)
 kaspar.stoffelmayr@bartlitbeck.com
 Katherine M. Swift (pro hac vice)
 kate.swift@bartlitbeck.com
 BARTLIT BECK LLP
 54 West Hubbard Street
 Chicago, IL 60654
 Telephone: 312.494.4400
 Facsimile: 312.494.4440

 Alex Harris (pro hac vice)
 alex.harris@bartlitbeck.com
 BARTLIT BECK LLP
 1801 Wewatta Street, Suite 1200
 Denver, CO 80202
 Telephone: 303.592.3100
 Facsimile: 303.592.3140

*Attorneys for Defendant Walgreen Co.*

Hon. Jacqueline Scott Corley
Page 10

| | |
|---|---|
| DATED: August 19, 2020 | Respectfully submitted, |
| | */s/ Richard M. Heimann* |
| DENNIS J. HERRERA | Elizabeth J. Cabraser |
| City Attorney | Richard M. Heimann |
| RONALD P. FLYNN | Paulina do Amaral |
| YVONNE R. MERE | Kevin R. Budner |
| OWEN J. CLEMENTS | Michael Levin-Gesundheit |
| SARA J. EISENBERG | Jacob H. Polin |
| JAIME M. HULING DELAYE | LIEFF CABRASER HEIMANN & |
| Deputy City Attorneys | BERNSTEIN, LLP |
| Fox Plaza | 275 Battery Street, 29th Floor |
| 1390 Market Street, Sixth Floor | San Francisco, California 94111-3339 |
| San Francisco, CA  94102 | Telephone: 415.956.1000 |
| Telephone:  415/554-3957 | Facsimile: 415.956.1008 |
| jaime.hulingdelaye@sfcityatty.org | ecabraser@lchb.com |
| | |
| Aelish M. Baig | Paul J. Geller |
| Matthew S. Melamed | Mark J. Dearman |
| Hadiya K. Deshmukh | Dorothy P. Antullis |
| ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| Post Montgomery Center | 120 East Palmetto Park Road, Suite 500 |
| One Montgomery Street, Suite 1800 | Boca Raton, FL  33432 |
| San Francisco, CA  94104 | Telephone:  561/750-3000 |
| Telephone:  415/288-4545 | 561/750-3364 (fax) |
| 415/288-4534 (fax) | pgeller@rgrdlaw.com |
| aelishb@rgrdlaw.com | mdearman@rgrdlaw.com |
| | dantullis@rgrdlaw.com |
| | |
| Thomas E. Egler | Louise Renne |
| Carissa J. Dolan | RENNE PUBLIC LAW GROUP |
| ROBBINS GELLER RUDMAN & DOWD LLP | 350 Sansome Street, Suite 300 |
| 655 West Broadway, Suite 1900 | San Francisco, CA 94104 |
| San Diego, CA  92101 | Telephone:  415/848-7240 |
| Telephone:  619/231-1058 | 415/848-7230 (fax) |
| 619/231-7423 (fax) | lrenne@publiclawgroup.com |
| tome@rgrdlaw.com | |
| cdolan@rgrdlaw.com | |

10

| | |
|---|---|
| Jennie Lee Anderson<br>Audrey Siegel<br>ANDRUS ANDERSON LLP<br>155 Montgomery Street, Suite 900<br>San Francisco, CA 94104<br>Telephone: 415/986-1400<br>415/986-1474 (fax)<br>jennie@andrusanderson.com<br>audrey.siegel@andrusanderson.com | Kevin Sharp<br>SANFORD HEISLER SHARP, LLP<br>611 Commerce Street, Suite 3100<br>Nashville, TN 37203<br>Telephone: 615/434-7000<br>615/434-7020 (fax)<br>ksharp@sanfordheisler.com |
| Edward Chapin<br>SANFORD HEISLER SHARP, LLP<br>655 West Broadway, Suite 1700<br>San Diego, CA 92101<br>Telephone: 619/577-4253<br>619/577-4250 (fax)<br>echapin2@sanfordheisler.com | David S. Casey, Jr.<br>Gayle M. Blatt<br>Alyssa Williams<br>CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP<br>110 Laurel Street<br>San Diego, CA 92101-1486<br>Telephone: 619/238-1811<br>619/544-9232 (fax)<br>dcasey@cglaw.com<br>gmb@cglaw.com<br>awilliams@cglaw.com |
| Ellen Relkin<br>Paul Pennock<br>WEITZ & LUXENBERG P.C.<br>700 Broadway<br>New York, NY 10003<br>Telephone: 212/558-5500<br>212/344-5461 (fax)<br>erelkin@weitzlux.com<br>ppennock@weitzlux.com | Melinda Davis Nokes<br>WEITZ & LUXENBERG P.C.<br>1880 Century Park East<br>Los Angeles, CA 90067<br>Telephone: 310/247-0921<br>310/786-9927 (fax)<br>mnokes@weitzlux.com |

*Attorneys for Plaintiffs The City and County of San Francisco, California and The People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera*

Hon. Jacqueline Scott Corley
Page 12

## FILER'S ATTESTATION

In accordance with Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated:  August 19, 2020						By: */s/ Joshua D. Dick*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 19, 2020, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

/s/ *Joshua D. Dick*
Joshua D. Dick