UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB (JSC)<br><br>**DISCOVERY ORDER NO. 1** |

This matter has been referred to the undersigned magistrate judge for discovery management. The parties have submitted three discovery dispute joint letters. (Dkt. Nos. 237, 238 and 239.) The Court held a hearing on September 3, 2020 at which the joint letters were discussed as well as the management of discovery in general. As discussed at the hearing, the Court orders as follows:

**1.     Protective Order**. The parties shall submit a stipulated protective order or, if unable to agree on the form of the protective order, their competing versions, on or before the date stated at the hearing. The Court understands that the foreign defendants who contest service and personal jurisdiction may be excluded from the order; however, their exclusion is without prejudice to requiring their participation at a later date.

**2.     Plaintiff Fact Sheets**. The parties shall meet and confer to address whether Plaintiffs have information beyond what was produced in the MDL regarding suspicious orders. If Plaintiffs intend to submit evidence gathered from other sources (Defendants and Third Parties) then the parties shall agree to a time frame and process that allows for disclosure of Plaintiffs' evidence with sufficient time for Defendants to respond.

The parties shall also meet and confer regarding how to address the requirement that they

disclose budgets and expenditures related to their damages claims. One possibility to discuss is having Plaintiffs submit expert damages reports and then allow for a period of discovery once the reports are disclosed.

The parties shall also meet and confer regarding the opioid investigations. To the extent Plaintiffs insist they do not possess responsive information, they should disclose in detail what investigation they conducted that led to that conclusion, including inviting knowledgeable representatives of the SF City Attorney's Office to the conversations with Defendants.

**3**.   **Discovery Limitations.**  The Distributor Defendants are allowed 40 additional interrogatories, Walgreens 25, and the Manufacturer Defendants 50. This limitation is without prejudice to Defendants seeking more upon a showing that specific additional interrogatories are warranted. The Court will not set limits on Defendants' Requests for Admission (RFA) at this time as until they receive and have an opportunity to review discovery they will not have an idea of realistically how many RFA's they believe they require. Defendants shall not serve any RFA's absent agreement from Plaintiffs that they may do so or an order from this Court after a discussion about the number of expected requests. Defendants may collectively serve an additional 40 document requests, again without prejudice to seeking more upon a showing that particular additional requests are needed.

The Court will discuss and set preliminary limits on Plaintiffs' discovery requests in the future as needed. The parties shall continue to meet and confer to see if they can come to an agreement. As Plaintiffs have already received discovery in the MDL, the Court is not inclined to make Plaintiffs' limits the same as Defendants. And, as always, any limit is subject to extension upon a proper showing of need. However, as with Defendants, Plaintiffs may not serve RFAs absent agreement from Defendants or an order of the Court following a discussion about the number of requests.

**4.**   **Meet and Confer Method.**  All future meet and confers among the parties must be conducted by video if possible.

**5.**   **Case Schedule.**  In light of the progress of discovery to date, the January 2021 fact discovery deadline is unworkable and is therefore vacated. Once the Court has a better handle on

1  discovery timing, a new deadline will be set.  The goal remains to try the case in 2021 and the
2  Court expects the parties to produce discovery in accordance with that goal.

3  **6.**     **Next Status Conference.**  The next status conference shall be Friday, September
4  25, 2020 at 9:30 a.m. via Zoom webinar.  The parties shall submit a joint status update by noon the
5  day before the conference.  The joint submission shall update the Court on the status of the
6  parties' discussions and, in particular, identify any agreements they have reached, particularly as
7  to schedule.  It shall also propose an agenda for the status conference.  Between now and then the
8  Court expects the parties to work together to begin to construct a schedule for the completion of
9  discovery that identifies tasks, priorities, sequencing, and due dates.

10  The parties shall exchange their respective portions of the joint submissions by noon two
11 days before the status conference and then meet and confer by video no later than 9:00 a.m. on the
12 date the joint submission is due and then revise their respective portions accordingly such that a
13 joint submission is filed by noon the day before the status hearing.  One purpose of the status
14 update is to create a single record of the parties' agreements made since the last status conference,
15 to identify areas of dispute that the Court needs to address, and to identify tasks that still need to
16 be completed.

17  **7.**     **Conflict With Hearing Transcript.**  This Order does not intend to cover
18 everything discussed at the hearing.  To the extent something in this Order conflicts with what the
19 transcript reflects, the transcript controls.  The Court did not have the benefit of a transcript when
20 preparing this Order.

21  This Order disposes of Docket Nos. 237, 238, and 239.

22  **IT IS SO ORDERED.**

23  Dated: September 4, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3