DENNIS J. HERRERA, State Bar # 139669
City Attorney
RONALD P. FLYNN, State Bar # 184186
Chief Deputy City Attorney
YVONNE R. MERE, State Bar # 173594
Chief of Complex & Affirmative Litigation
OWEN J. CLEMENTS, State Bar # 141805
SARA J. EISENBERG, State Bar # 269303
JAIME M. HULING DELAYE, State Bar #
270784
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA 94102
Telephone: 415.554.3597
jaime.hulingdelaye@sfcityatty.org

*Attorneys for Plaintiffs The City and County
of San Francisco, California and The People
of the State of California, acting by and
through San Francisco City Attorney Dennis
J. Herrera*

Additional counsel appear on signature page

CHARLES LIFLAND (S.B. #108950)
clifland@omm.com
SABRINA H. STRONG (S.B. #200292)
sstrong@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407

AMY LAURENDEAU (S.B. #198321)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994
alaurendeau@omm.com

AMY R. LUCAS (S.B. #264034)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Tel: (310) 553-6700
Fax: (310) 246-6779
alucas@omm.com

*Attorneys for Defendants Johnson &
Johnson, Janssen Pharmaceuticals, Inc.,
Ortho-McNeil-Janssen Pharmaceuticals,
Inc., and Janssen Pharmaceutica, Inc.*

Additional counsel appear on signature page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

THE CITY AND COUNTY OF SAN
FRANCISCO, CALIFORNIA and THE PEOPLE
OF THE STATE OF CALIFORNIA, Acting by
and through San Francisco City Attorney DENNIS
J. HERRERA,

       Plaintiffs,

    v.

PURDUE PHARMA L.P., et al.

       Defendants.

Case No. 3:18-cv-07591-CRB-JSC

**JOINT STATUS UPDATE**

**Judge**: Hon. Charles R. Breyer and
Jacqueline Scott Corley

**Courtroom**: Via Videoconference

**Hearing Date**: October 2, 2020

**Hearing Time**: 9:30 a.m.

2045352.4

The parties respectfully submit this Joint Status Update in advance of the Court's

discovery conference scheduled for October 2, 2020 at 9:30 a.m.

## I.      JOINT STATEMENT REGARDING SCHEDULE AND DISPUTE RESOLUTION

At the Court's direction (Dkt. 273 at 2-3), the parties have met and conferred regarding a

revised proposed schedule and agree on the following proposed deadlines:

|  | Parties' Proposal |
|---|---|
| Plaintiffs submit final list of custodians and non-custodial databases | October 16, 2020 |
| Parties agree to or submit dispute regarding Plaintiffs' proposed custodians and databases | October 30, 2020 |
| Parties submit proposed deposition protocol or dispute re same | November 20, 2020 |
| Substantial completion of production of documents for all parties[1] | February 26, 2021 |
| Close of Fact Discovery | May 28, 2021 |
| Close of Expert Discovery | July 30, 2021 |

The parties have also agreed to a proposed dispute resolution procedure, which largely

tracks the protocol recently entered in *In Re: Facebook, Inc. Consumer Privacy User Profile*

*Litig.*, No. 3:18-md-02843-VC-JSC, Dkt. 393 (N.D. Cal. April 1, 2020).  The parties' proposal is

reflected below, with agreed modifications to the *Facebook* protocol underlined and struck

through:

> The parties shall meet and confer by video, with the
> videoconference call to be arranged and scheduled by the moving
> party.  Counsel with authority to negotiate and make commitments
> on behalf of the parties involved in a dispute (subject to the need to
> obtain client approval for new or amended proposals) shall
> participate in the meet-and-confer process.  Such counsel need not
> be designated lead counsel for any party.  If the parties remain at
> impasse after meeting and conferring in good faith, the moving
> party may, no earlier than three business days after the parties have

---

[1] Plaintiffs reserve the right to revisit this deadline as to Plaintiffs' productions if the end result of the parties' negotiations and/or Court intervention on the custodian and database discussion substantially exceeds Plaintiffs' proposals. Plaintiffs intend to produce all documents on a rolling basis and will endeavor to prioritize non-custodial documents from departments for whom custodial documents have been produced.

- 1 -

1

2

3

4

concluded the meet and confer process, file a ~~two~~ three-page
statement as contemplated by this Court's Standing Order. See
CIVIL STANDING ORDER OF MAGISTRATE JUDGE,
JACQUELINE SCOTT CORLEY, Revised August 12, 2020,
~~March 7, 2019~~, at 4-5. The opposing party shall then have three
business days file its written response of no more than ~~two~~ three
pages.

5    The parties are prepared to submit a stipulation and proposed order reflecting this proposal should

6    the Court so instruct.

7         Finally, while the parties were in the process of finalizing this statement, Judge Breyer

8    entered his order on Defendants' motions to dismiss.  Dkt. 285.  The parties are in the process of

9    reviewing the ruling and analyzing its implications for discovery.[2]

10   **II.     PLAINTIFFS' STATEMENT**

11        The parties have continued to work diligently since the last status conference.  This

12   statement outlines the status of issues the parties have resolved and those that will require the

13   Court's input.

14        **A.     Issues addressed since the last discovery conference**

15             **1.     Stipulated Protective Order**

16        The parties submitted a stipulation and proposed order regarding the applicability of

17   (and minor modifications to) the governing protective orders issued in the MDL (Dkt. 278),

18   which the court entered on September 10, 2020 (Dkt. 279).  As indicated in the stipulation, both

19   sides reserved the right to seek further modifications and/or additions to those orders.

20             **2.     Document Review and Production**

21        On September 23, 2020, Plaintiffs produced 7,453 responsive documents from emails

22   collected from five custodians: from the Department of Public Health, Dr. Keith Seidel, Medical

23   Director, Southeast Health Center, and Michelle Geier, Pharm. D., Psychiatric Clinical

24   Pharmacist Supervisor; from the Police Department, Captain Timothy Falvey, Field Operations

25   Bureau; from the Fire Department, Assistant Deputy Chief Sandra Tong, Emergency Medical

26   Services; and from the Library, City Librarian Michael Lambert.

27

28

---

[2] Defendants will be prepared to address these issues, to the extent necessary, at the next
discovery conference.

2045352.4

- 2 -

1    This week, Plaintiffs will produce an additional 21,644 responsive documents from

2  emails collected from six more custodians: from the Department of Public Health, Dr. Naveena

3  Bobba, Deputy Director of Health, and Dr. Joseph Pace, Medical Director, Tom Waddell Urban

4  Health Clinic; from the Department of Homelessness and Supportive Housing, Umecke

5  Cannarito, Director of Outreach and Temporary Shelter; from the Office of the Medical

6  Examiner, Dr. Luke Rodda, Chief Forensic Toxicologist and Forensic Laboratory Director;

7  from the Police Department, Commander Dan Parea, Special Operations Bureau; and from the

8  Fire Department, Captain Simon Pang, EMS-6.

9    Plaintiffs have identified an additional 13 custodians—for a total of 24—from whom

10  collection and review is ongoing.  Their files will be produced expeditiously on a rolling basis.

11    Defendants' representation that the parties may be at odds regarding the number and

12  composition of Plaintiffs' custodians and non-custodial databases is premature.  As reflected in

13  the parties' joint proposed case management schedule, Plaintiffs will provide Defendants a

14  complete list of proposed custodians and non-custodial databases by October 16, after which the

15  parties will have until October 30 to address any disagreements that may arise from those lists.

16  Plaintiffs also take issue with Defendants' representation of communications between the

17  parties regarding custodians.  After Plaintiffs identified their initial set of custodians,

18  Defendants proposed a list of several hundred potential custodians on July 31, 2020.  Plaintiffs

19  responded promptly, asking Defendants to provide additional information regarding the basis

20  for naming each.  In the two months since, Defendants have not responded to this request.

21    To date, only two Defendants have produced documents in response to Plaintiffs'

22  document requests.  Endo's September 23 production comprised three documents.[3]

23  McKesson's September 23 production comprised five documents.  Certain Defendants have

24  also deemed produced in this action documents produced in other related cases.

### 3.    PFS Amendment

26    On September 22, 2020, Plaintiffs served the Second Amended Government Plaintiffs

---

[3] After the parties met and conferred about this statement, Endo made an additional production
and AmerisourceBergen made a production of what appears to be eleven documents.  Plaintiffs
have not yet had the opportunity to analyze these recent productions.

1    Fact Sheet.  Plaintiffs have also offered to schedule a meet and confer with a representative

2    from the City Attorney's Office to address the issues outlined in Discovery Order No. 1 once

3    Defendants had an opportunity to review.

4                    **4.**     **Discovery Served and Answered**

5            On September 18, 2020, Plaintiffs served supplemental responses and objections to the

6    initial three sets of interrogatories served by the Manufacturer, Distributor, and Walgreens

7    Defendants.  The Distributor Defendants served an additional 14 interrogatories on September 11,

8    2020.  Plaintiffs have been and remain open to conferring about their interrogatory responses and

9    objections with Defendants—including about the specific issues that Defendants preview in their

10   statement.  Defendants have not requested any such meet and confer.  The parties do, however,

11   continue to meet and confer over a number of outstanding requests for production propounded by

12   both Plaintiffs and Defendants.  The parties have also scheduled a meet and confer to discuss

13   Defendants' proposal for "early disclosure of Plaintiffs' expert reports."  While Plaintiffs disagree

14   with Defendants' characterizations of that issue in this statement, Plaintiffs will refrain from any

15   substantive discussion until the parties have had an opportunity to confer further.

16           To date, Defendants have also served 17 subpoenas to non-parties, comprising 327

17   requests for production of documents.  Three of those extremely broad subpoenas were directed at

18   organizations that serve the City's most vulnerable young children—First 5 of San Francisco

19   (which is not a third party, but rather part of the City) and Wu Yee Children Services and

20   Children's Council of San Francisco (small non-profits that contract with the City)—

21   notwithstanding the fact that, in an effort to streamline their case, Plaintiffs disavowed abatement

22   and damages related to "[i]ncreased costs related to foster care, child support, family and

23   children's services and Family Treatment Court."[4]  Dkt. 135 at 3-4.  Plaintiffs requested that those

24   subpoenas be withdrawn, and meet-and-confer correspondence on that issue is ongoing.[5]

25   _____

26   [4] Individuals who appear in Family Treatment Court may avail themselves of non-court services
     paid for by the City, such as transitional housing or substance abuse treatment.  Plaintiffs do not
     disavow abatement for such costs.

27   [5] Defendants stated that they would "consider withdrawing these subpoenas if Plaintiffs confirm
     in writing that they will not seek damages, abatement, or any other form of relief in any way
28   related to child and family services in the City and County of San Francisco for this action."
     Plaintiffs have provided that written confirmation and are awaiting Defendants' response.

1    Separately, on September 23, 2020, non-party California Board of Pharmacy, represented

2  by the California Attorney General, moved to quash the subpoenas served on them by Walgreens.

3  Dkt. 282.  The California Board of Pharmacy notes that the "document subpoena seeks 18 broad

4  categories of documents, essentially demanding the production of all documents and

5  communications relating to opioids since the formation of the Board in 1891."  *Id.* at 2.  Likewise,

6  "the deposition subpoena" would "requir[e] a representative to testify on every opioid-related

7  document created or collected by the Board since it came into existence." *Id.* at 3.  Walgreens'

8  response is due on October 7, 2020.

9    **B.    Forthcoming issues likely to require Court resolution**

10    There are a number of percolating disputes that Plaintiffs anticipate may require judicial

11  assistance to resolve via the dispute resolution procedure.  Those issues include:

12    • **Defendants' requests for individual prescription- and claims-level data.**

13      Plaintiffs have elected to prove their claims on an aggregate basis and do not

14      intend to introduce or rely upon individual prescription- or claims-level data.

15      Defendants have nevertheless sought such data through multiple discovery

16      requests.  Plaintiffs maintain, as another bellwether court recently held, that such

17      requests are extremely burdensome, irrelevant to the actual claims at issue, and at

18      best, disproportional.

19    • **Geographic limitations on Defendants' productions.** A number of Plaintiffs'

20      requests for production seek documents pertaining to the State of California, and

21      not simply the City and County of San Francisco, because pills commonly travel

22      across jurisdictions.  A number of Defendants are refusing to produce documents

23      pertaining to any jurisdiction outside of San Francisco city limits, thus denying

24      Plaintiffs the opportunity to prove the "migration" theories alleged in the

25      complaint and documented for other jurisdictions in other case tracks.

26    • **Temporal limitations on Defendants' productions.** Defendants have relied

27      heavily on previous productions made in other case tracks, and several have

28      resisted Plaintiffs efforts to seek supplementation in the time frame following

1    those productions.

2        C.    **Proposed agenda for status conference**

3        Plaintiffs submit that the status conference should address the issues outlined herein,

4    including the parties' proposed schedule and dispute resolution procedure.

5    **III.    DEFENDANTS' STATEMENT**

6        Since the last conference, when the Court directed the parties to regularly meet and

7    confer, the parties have made some progress, though significant work still remains. As of the date

8    of this filing, the parties have agreed that the ESI Order and Protective Orders issued in the MDL

9    Litigation shall apply to this case, as reflected in the parties' Joint Stipulation and Proposed Order

10   Regarding Protective Order and ESI Order, which the Court ordered on September 10, 2020.

11   (Dkt. No. 279.) The parties have also agreed upon the search terms Plaintiffs will use to identify

12   documents responsive to Defendants' discovery requests. The parties further agreed to the

13   discovery schedule and dispute resolution protocol set forth above. On September 18, 2020,

14   Plaintiffs provided supplemental responses to the first sets of interrogatories propounded by the

15   Distributor Defendants, Manufacturer Defendants, and Walgreens and on September 22, 2020,

16   they served a Second Amended Plaintiffs' Fact Sheet ("PFS"). Defendants are still reviewing the

17   supplemental responses and the amended PFS and will meet and confer with Plaintiffs, as

18   necessary, in due course.

19       Disputes still remain regarding (1) various document requests Defendants served on

20   Plaintiffs and the completeness of Plaintiffs' interrogatory responses (discussed further below);

21   and (2) Plaintiffs' custodians.

22       A.    **Status of the Parties' Discussions**

23       **Plaintiffs' Document Productions:** On August 31, 2020, Plaintiffs made their first

24   production of documents, consisting of approximately 85,000 pages of public budgets, reports,

25   and related documents. At the last status conference, Plaintiffs represented that they had collected

26   files from 24 custodians and that they were in the process of actively reviewing 600,000

27   documents, which they expected to begin producing on a rolling basis. (9/3/20 Hrg Tr. 5:24-6:3;

28   7:11-18.) Defendants received Plaintiffs' second production on September 23, 2020.  Plaintiffs

1    produced approximately 31,600 pages of documents and Defendants are still in the process of

2    reviewing.

3          **Plaintiffs' Custodians:**  Discussions regarding Plaintiffs' custodians have been ongoing

4    for the past three months. To date, Plaintiffs have identified 24 custodians from nine departments:

5    (1) San Francisco Department of Public Health; (2) San Francisco Police Department; (3) San

6    Francisco Fire Department; (4) San Francisco Office of the Chief Medical Examiner; (5) San

7    Francisco Department of Homelessness and Supportive Housing; (6) San Francisco Library; (7)

8    San Francisco Adult Probation Department; (8) San Francisco Public Works; and (9) San

9    Francisco Recreation and Parks Department. On July 31, 2020 and August 18, 2020, Defendants

10   identified a number of concerns with Plaintiffs' proposed custodians. First, Plaintiffs' custodian

11   list is insufficient because it omits custodians from departments with relevant information,

12   including two departments for which Plaintiffs seek damages and/or abatement. Plaintiffs' list

13   does not include custodians from the Sheriff's Department or the Municipal Transportation

14   Agency, which Plaintiffs previously identified in their June 30, 2020 letter as departments with

15   relevant information and in their August 27, 2020 letter as being among the departments for

16   which they seek damages or abatement. On July 31, 2020, Defendants provided a list of

17   departments and agencies they believe have relevant information, including the roles of

18   individuals within each department and agency that Defendants expect to be relevant. Plaintiffs

19   have refused to provide any explanation as to why custodians from the departments Defendants

20   identified should not be subject to discovery. Additionally, Defendants do not believe Plaintiffs'

21   suggested custodians cover the relevant time period. After many months of investigation,

22   Plaintiffs still have not proposed a complete list of custodians from whom they will agree to

23   produce documents. In Plaintiffs' most recent letter from August 26, 2020, Plaintiffs reiterated

24   their investigation remains ongoing. Consistent with the proposed schedule above, Defendants

25   ask that the Court order Plaintiffs to provide a complete list of proposed custodians no later than

26   October 16, 2020.

27         **Plaintiffs' Non-Custodial Sources:**  Although Plaintiffs have identified a few non-

28   custodial databases from which they will produce information, they have represented that their

2045352.4                                    - 7 -                      JOINT STATUS UPDATE
                                                                CASE. NO. 18-CV-07591-CRB-JSC

1    investigation regarding non-custodial document repositories and databases is ongoing.

2    Defendants require a complete list of non-custodial document repositories and databases in order

3    to assess whether there are additional potential sources that Plaintiffs should search.

4         **Plaintiffs' Responses to Interrogatories:**  On September 18, 2020, Plaintiffs served their

5    Supplemental Responses and Objections to Manufacturer Defendants' First Set of Interrogatories

6    and Distributor Defendants' First Set of Interrogatories, and Walgreens' First Set of

7    Interrogatories. Defendants are continuing to review these responses but have already identified a

8    number of deficiencies that will require further discussion. For example, Plaintiffs provided no

9    substantive information in response to any of the Manufacturer Defendants' 13 Interrogatories,

10   either standing on their objections or deferring to expert discovery or the Complaint/the PFS.

11   Meanwhile, Distributor Defendants' First Set of Interrogatories sought a comprehensive list of

12   persons with knowledge (i.e., witnesses and potential custodians), but Plaintiffs only identified

13   the same incomplete list of 24 persons they proposed as initial custodians, making it difficult for

14   Defendants to identify the universe of potential or appropriate custodians.

15        **Early Disclosure of Plaintiffs' Expert Reports:**  During the September 3, 2020 status

16   hearing, the Court suggested that Plaintiffs may need to disclose certain expert reports early to

17   allow for fact discovery following the disclosures. (9/3/20 Hrg Tr. 37:8-17; 40:14-41:6.)

18   Consistent with that suggestion, Defendants proposed early expert disclosures in four categories

19   as to which Plaintiffs have suggested that responses to Defendants' discovery requests can only

20   be provided by experts, yet (whether this assertion is correct or not – and Defendants believe it is

21   not) fact discovery will be necessary to probe Plaintiffs' responses. The parties plan to confer

22   regarding this proposal and submit any disputes to the Court at a later date.

23        **Defendants' Document Productions:**  Plaintiffs are already in possession of tens of

24   millions of pages of documents that Defendants previously produced in the MDL and other

25   opioid litigation. The parties continue to meet and confer regarding the additional document

26   requests Plaintiffs have propounded. Ongoing discussions relate to particular document requests,

27   the relevant geographic scope, and the relevant temporal scope. The parties will continue to

28

1    discuss these issues but may eventually need the Court's assistance should the parties be unable to

2    reach agreement.

3         **Defendants' Custodians:**  Certain Defendants have started discussing with Plaintiffs

4    potential custodians for Defendants' supplemental production of documents in this case, in

5    addition to the voluminous productions Defendants made in Track One of the MDL. The parties

6    will continue to engage in discussions about custodians.

7         **Discovery Disputes Identified by Plaintiffs:**  Plaintiffs raised a number of issues that it

8    intends to present to the Court in the future regarding Defendants' requests for individual

9    prescription- and claims-level data, geographic limitations on Defendants' productions, and

10   temporal limitations on Defendants' productions. These issues are not ripe for the Court to

11   consider, and such disputes should be properly addressed through the dispute resolution process.

12   Plaintiffs likewise agreed these issues are not ripe for consideration.

13        **B.**      **Dispute Resolution Protocol**

14        As discussed above, the parties have agreed to a proposed dispute resolution protocol for

15   use in this action, which is based on the protocol this Court entered in the *Facebook* litigation,

16   with certain modifications, including to the page limits of any dispute statement filed with the

17   Court. Defendants do not anticipate needing more than three pages for most discovery disputes,

18   but in certain circumstances individual Defendants, or Defendant groups, may need to address

19   disputes separately, and may require additional pages to do so. Defendants will work with

20   Plaintiffs to avoid disputes in such situations, in hopes that the parties may present any requests

21   for additional pages jointly, or without opposition.

22        **C.**      **Schedule for Completion of Discovery**

23        Although the parties have been actively engaging in meet and confers to address the

24   Requests for Production that were served in April, Plaintiffs have made minimal progress thus far

25   on their productions. The Court observed that timing is "going to be in Plaintiffs' control. The

26   faster they produce things and complete it, then the faster we can get to trial." (*Id.* at 11:21-24.)

27   As Defendants have previously informed the Court, Plaintiffs began the case with a discovery

28   advantage, having already received tens of millions of pages of documents from the Defendants

through the MDL productions. While Defendants recognize the need to provide additional discovery specific to San Francisco in this case, the onus of pushing discovery forward falls on Plaintiffs. Defendants have been actively engaging Plaintiffs over the last few months to encourage the progression of discovery but have been hindered in that effort due to Plaintiffs' inability even to provide a full list of custodians and refusal to provide complete responses to the Defendants' interrogatories, including in their supplemental responses served on September 18, 2020.

On September 22, 2020, the parties had a videoconference to discuss a feasible schedule. Defendants informed the Plaintiffs that it is premature to set deadlines for the close of fact or expert discovery, in light of how little progress Plaintiffs have made even on identifying custodians and relevant non-custodial repositories. Plaintiffs, however, insisted on also including proposed dates for the close of fact and expert discovery. The parties were ultimately able to agree to the proposed schedule set out in the chart above. Defendants, however, have agreed to the last two dates only reluctantly, as they remain skeptical that Plaintiffs will be able to meet the proposed fact discovery deadline given their limited progress so far.

**D.      Third-party Discovery**

Walgreens has served subpoenas for documents and testimony on the California Board of Pharmacy, seeking, *inter alia*, information on the Board's investigations and disciplinary actions involving pharmacists and relating to prescription opioids—information that is centrally relevant to Plaintiffs' claims against not just Walgreens but all Defendants. On September 23, 2020, the California Board of Pharmacy filed a motion to quash the subpoenas. *See* Dkt. 282. Defendants' response is due October 7, 2020.

Plaintiffs suggest that Defendants' requests for documents related to child and family services, including subpoenas served on non-parties, are improper because Plaintiffs have disavowed abatement and damages related to child and family services. The parties continue to meet and confer on issues relating to the subpoenas, including the scope of Plaintiffs' claimed remedies in this case. In other opioid litigation, including in Track One of the MDL and in other remand cases, the plaintiffs' claimed remedies have included substantial components and large

1    amounts related to children and families, and the parties have conducted extensive discovery on

2    such issues.

3        E.    **Proposed Agenda**

4        During the conference, Defendants would like to discuss the parties' suggested

5    schedules for completion of discovery and the dispute resolution protocol.

6

7    DATED:   October 1, 2020                    Respectfully submitted,

8                                                */s/ Elizabeth J. Cabraser*
     DENNIS J. HERRERA                           Elizabeth J. Cabraser
9    City Attorney                               Richard M. Heimann
     RONALD P. FLYNN                             Paulina do Amaral
10   YVONNE R. MERE                              Kevin R. Budner
     OWEN J. CLEMENTS                            Michael Levin-Gesundheit
11   SARA J. EISENBERG                           Jacob H. Polin
     JAIME M. HULING DELAYE                      LIEFF CABRASER HEIMANN &
12   Deputy City Attorneys                       BERNSTEIN, LLP
     Fox Plaza                                   275 Battery Street, 29th Floor
13   1390 Market Street, Sixth Floor             San Francisco, California 94111-3339
     San Francisco, CA  94102                    Telephone: 415.956.1000
14   Telephone:  415/554-3957                    Facsimile: 415.956.1008
     jaime.hulingdelaye@sfcityatty.org           ecabraser@lchb.com
15
     Aelish M. Baig                              Paul J. Geller
16   Matthew S. Melamed                          Mark J. Dearman
     Hadiya K. Deshmukh                          Dorothy P. Antullis
17   ROBBINS GELLER RUDMAN & DOWD                ROBBINS GELLER RUDMAN & DOWD LLP
     LLP                                         120 East Palmetto Park Road, Suite 500
18   Post Montgomery Center                      Boca Raton, FL  33432
     One Montgomery Street, Suite 1800           Telephone:  561/750-3000
19   San Francisco, CA  94104                    561/750-3364 (fax)
     Telephone:  415/288-4545                    pgeller@rgrdlaw.com
20   415/288-4534 (fax)                          mdearman@rgrdlaw.com
     aelishb@rgrdlaw.com                         dantullis@rgrdlaw.com
21
     Thomas E. Egler                             Louise Renne
22   Carissa J. Dolan                            RENNE PUBLIC LAW GROUP
     ROBBINS GELLER RUDMAN & DOWD                350 Sansome Street, Suite 300
23   LLP                                         San Francisco, CA 94104
     655 West Broadway, Suite 1900               Telephone:  415/848-7240
24   San Diego, CA  92101                        415/848-7230 (fax)
     Telephone:  619/231-1058                    lrenne@publiclawgroup.com
25   619/231-7423 (fax)
     tome@rgrdlaw.com
26   cdolan@rgrdlaw.com

27   Jennie Lee Anderson                         Kevin Sharp
     Audrey Siegel                               SANFORD HEISLER SHARP, LLP
28   ANDRUS ANDERSON LLP                         611 Commerce Street, Suite 3100

2045352.4                        - 11 -                    JOINT STATUS UPDATE
                                                 CASE. NO. 18-CV-07591-CRB-JSC

155 Montgomery Street, Suite 900
San Francisco, CA  94104
Telephone:  415/986-1400
415/986-1474 (fax)
jennie@andrusanderson.com
audrey.siegel@andrusanderson.com

Edward Chapin
SANFORD HEISLER SHARP, LLP
655 West Broadway, Suite 1700
San Diego, CA  92101
Telephone:  619/577-4253
619/577-4250 (fax)
echapin2@sanfordheisler.com

Ellen Relkin
Paul Pennock
WEITZ & LUXENBERG P.C.
700 Broadway
New York, NY  10003
Telephone:  212/558-5500
212/344-5461 (fax)
erelkin@weitzlux.com
ppennock@weitzlux.com

Nashville, TN  37203
Telephone:  615/434-7000
615/434-7020 (fax)
ksharp@sanfordheisler.com

David S. Casey, Jr.
Gayle M. Blatt
Alyssa Williams
CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA  92101-1486
Telephone:  619/238-1811
619/544-9232 (fax)
dcasey@cglaw.com
gmb@cglaw.com
awilliams@cglaw.com

Melinda Davis Nokes
WEITZ & LUXENBERG P.C.
1880 Century Park East
Los Angeles, CA  90067
Telephone:  310/247-0921
310/786-9927 (fax)
mnokes@weitzlux.com

*Attorneys for Plaintiffs The City and County of San Francisco, California and The People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera*

1    DATED:  October 1, 2020                    Respectfully submitted,

2    By: */s/ Steven J. Boranian*              By: */s/ Sonya D. Winner*

3        Steven J. Boranian (Bar No. 174183)        Sonya D. Winner (Bar No. 200348)
         Luke S. Porter (Bar No. 323847)            Nathan E. Shafroth (Bar No. 232505)

4        REED SMITH LLP                             Isaac D. Chaput (Bar No. 326923)
         101 Second Street, Suite 1800              COVINGTON & BURLING LLP

5        San Francisco, CA 94105                    Salesforce Tower
         Telephone: (415) 543-8700                  415 Mission Street, Suite 5400

6        Facsimile: (415) 391-8269                  San Francisco, California 94105-2533
         sboranian@reedsmith.com                    Telephone: + 1 (415) 591-6000

7        lporter@reedsmith.com                      Facsimile: + 1 (415) 591-6091

8
         Eric J. Buhr (Bar No. 217528)              *Attorneys for Defendant*

9        Sarah B. Johansen (Nar No. 313023)         *McKesson Corporation*
         REED SMITH LLP

10       355 South Grand Avenue, Suite 2900

11       Los Angeles, CA 90071                  By: */s/ Neelum J. Wadhwani*
         Telephone: (213) 457-8000                  Neelum J. Wadhwani (Bar No. 247948)

12       Facsimile: (213) 457-8080                  Enu A. Mainigi (pro hac vice)
         ebuhr@reedsmith.com                        WILLIAMS & CONNOLLY LLP

13       sjohansen@reedsmith.com                    725 Twelfth Street, NW
                                                    Washington, DC  20005

14       *Attorneys for Defendant*                  Tel:  (202) 434-5000

15       *AmerisourceBergen Drug Corporation*       Fax:  (202) 434-5029
                                                    nwadhwani@wc.com

16                                                  emainigi@wc.com

17   By: */s/ Rocky C. Tsai*
         Rocky C. Tsai (S.B. #221452)

18       Traci J. Irvin (S.B. #309432)              Edward W. Swanson, SBN 159859
         ROPES & GRAY LLP                           August Gugelmann, SBN 240544

19       Three Embarcadero Center                   SWANSON & McNAMARA LLP
         San Francisco, CA 94111-4006               300 Montgomery Street, Suite 1100

20       Tel: (415) 315-6300                        San Francisco, California 94104
         Fax: (415) 315-6350                        Telephone: (415) 477-3800

21       rocky.tsai@ropesgray.com                   Facsimile: (415) 477-9010
         traci.irvin@ropesgray.com                  ed@smllp.law

22                                                  august@smllp.law

23       *Attorneys for Defendants Mallinckrodt*
         *LLC, and SpecGx LLC*                      *Attorneys for Defendant*

24                                                  *Cardinal Health, Inc.*

25

26

27

28

By:  */s/ Zachary W. Byer*
Zachary W. Byer (S.B. #301382)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Tel: (213) 680-8400
zachary.byer@kirkland.com

Jennifer G. Levy, P.C. (pro hac vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 879-5000
Fax: (202) 879-5200
jennifer.levy@kirkland.com

Donna Welch, P.C. (pro hac vice)
Timothy W. Knapp, P.C. (pro hac vice)
Karl Stampfl (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
donna.welch@kirkland.com
tknapp@kirkland.com
karl.stampfl@kirkland.com

*Attorneys for Defendants Allergan Finance,*
*LLC f/k/a Actavis, Inc. f/k/a Watson*
*Pharmaceuticals, Inc., Allergan Sales, LLC*
*and Allergan USA, Inc.*


By:  */s/ Amy R. Lucas*
Amy R. Lucas (S.B. #264034)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Tel: (310) 553-6700
Fax: (310) 246-6779
alucas@omm.com

Charles C. Lifland (S.B. #108950)
Sabrina H. Strong (S.B. #200292)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071

By:  */s/ Elizabeth A. Sperling*
Elizabeth A. Sperling (CA Bar No.
231474)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Fax: (213) 576-1100
elizabeth.sperling@alston.com

Daniel G. Jarcho (pro hac vice)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 239-3300
Daniel.jarcho@alston.com

Cari K. Dawson (pro hac vice)
Scott A. Elder (pro hac vice)
Jenny A. Hergenrother (pro hac vice)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
cari.dawson@alston.com
scott.elder@alston.com
jenny.hergenrother@alston.com

*Attorneys for Defendant Noramco, Inc.*


By:  */s/ Zachary Hill*
Zachary Hill (S.B. #275886)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: (415) 442-1000
zachary.hill@morganlewis.com

Wendy West Feinstein (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd.Fl.
Pittsburgh, PA 15219-6401
Tel: (412) 560-7455
wendy.feinstein@morganlewis.com

*Attorneys for Defendants*
*Teva Pharmaceuticals USA, Inc.;*

Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com
sstrong@omm.com

Amy J. Laurendeau (S.B. #198321)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994
alaurendeau@omm.com

Stephen D. Brody (pro hac vice)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
sbrody@omm.com

*Attorneys for Defendants Johnson &
Johnson, Janssen Pharmaceuticals, Inc.,
Ortho-McNeil-Janssen Pharmaceuticals,
Inc., and Janssen Pharmaceutica, Inc.*

By: */s/ Alan R. Ouellette*
Alan R. Ouellette (CA Bar No. 272745)
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile:  (415) 434-4507
aouellette@foley.com

James W. Matthews (Pro Hac Vice)
Ana M. Francisco (Pro Hac Vice)
Katy E. Koski (Pro Hac Vice)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199-7610
Telephone:     (617) 342-4000
Facsimile:     (617) 342-4000
jmatthews@foley.com
francisco@foley.com
kkoski@foley.com

*Attorneys for Defendant Anda, Inc.*

*Cephalon, Inc.; Actavis LLC; Actavis
Pharma, Inc. f/k/a Watson Pharma, Inc.;
Watson Laboratories, Inc.; Warner
Chilcott Company LLC; Actavis South
Atlantic LLC; Actavis Elizabeth LLC;
Actavis Mid Atlantic LLC; Actavis
Totowa LLC; Actavis Kadian LLC;
Actavis Laboratories UT, Inc. f/k/a
Watson Laboratories, Inc.-Salt Lake
City; and Actavis Laboratories FL, Inc.
f/k/a Watson Laboratories, Inc.-Florida*

By: */s/ Sean O. Morris*
Sean O. Morris (SBN 200368)
John D. Lombardo (SBN 187142)
ARNOLD & PORTER KAYE
SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199
Sean.Morris@arnoldporter.com
John.Lombardo@arnoldporter.com

*Attorneys for Defendants Endo
Pharmaceuticals Inc., Endo Health
Solutions Inc., Par Pharmaceutical, Inc.,
and Par Pharmaceutical Companies,
Inc.*

By: */s/ Charles J. Stevens*
Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

Kaspar Stoffelmayr (pro hac vice)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift (pro hac vice)

1          kate.swift@bartlitbeck.com
        BARTLIT BECK LLP
2          54 West Hubbard Street
        Chicago, IL 60654
3          Telephone:  312.494.4400
        Facsimile:  312.494.4440
4

5          Alex Harris (pro hac vice)
        alex.harris@bartlitbeck.com
6          BARTLIT BECK LLP
        1801 Wewatta Street, Suite 1200
7          Denver, CO 80202
        Telephone:  303.592.3100
8          Facsimile:  303.592.3140

9

10         *Attorneys for Defendant Walgreen Co.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **ATTESTATION**

2          Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this

3    document has been obtained from the above signatories.

4    Dated: October 1, 2020                    By: /s/ *Elizabeth J. Cabraser*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2      I hereby certify that, on October 1, 2020, service of this document was accomplished

3 pursuant to the Court's electronic filing procedures by filing this document through the ECF

4 system.

5

6                    /s/ *Elizabeth J. Cabraser*
                    Elizabeth J. Cabraser

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28