Sean O. Morris (Bar No. 200368)
John D. Lombardo (Bar No. 187142)
**Arnold & Porter Kaye Scholer LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  +1-213-243-4000
Facsimile:   +1-213-243-4199
Email:  Sean.Morris@arnoldporter.com
Email:  John.Lombardo@arnoldporter.com

*Attorneys for Specially Appearing
Defendant Endo International plc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P. et. al.,<br><br>Defendants. | Case No. 3:18-cv-07591-CRB<br><br>**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Honorable Charles R. Breyer |

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT ..........................................................................................................................2

    A.    The Ninth Circuit Has Rejected Plaintiffs' Agency Theory Of Personal Jurisdiction ..................................................................................................................2

    B.    Plaintiffs Still Fail To Make A Prima Facie Case Of Injustice ...........................3

        1.    Plaintiffs' Decisions Are Inapposite ........................................................3

        2.    Plaintiffs Put Forth No Evidence Of Injustice .........................................5

        3.    Plaintiffs Misstate The Reconsideration Standard ...................................6

    C.    Plaintiffs Are Not Entitled To Jurisdictional Discovery ........................................7

CONCLUSION .......................................................................................................................8

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adobe Sys. Inc. v. NA Tech. Direct, Inc.*,
  2018 WL 3304633 (N.D. Cal. July 5, 2018) .............................................................................. 7

*Aldrich v. NCAA*,
  ___ F. Supp. 3d ___, 2020 WL 5255671 (N.D. Cal. Sept. 3, 2020) ........................................... 2

*Apple Inc. v. Allan & Assoc. Ltd.*,
  445 F. Supp. 3d 42 (N.D. Cal. 2020) ..................................................................................... 5, 6

*Automotriz del Golfo de California S.A. v. Resnick*,
  47 Cal. 2d 792 (1957) ............................................................................................................... 4

*In re Boon Global Ltd.*,
  923 F.3d 643 (9th Cir. 2019) ..................................................................................................... 6

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ................................................................................................... 7

*Brainerd v. Governors of the Univ. of Alberta*,
  873 F.2d 1257 (9th Cir. 1989) ................................................................................................... 6

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
  788 F.2d 535 (9th Cir. 1986) ..................................................................................................... 7

*Butler Am., LLC v. Aviation Assurance Co.*,
  55 Cal. App. 5th 136, 2020 WL 5792639 (Sept. 29, 2020) ....................................................... 4

*Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*,
  2019 WL 1768619 (N.D. Cal. Apr. 1, 2019) ............................................................................. 4

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................................. 2, 3

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ..................................................................................................... 2

*Geertson Farms Inc. v. Johanns*,
  2007 WL 1839894 (N.D. Cal. June 26, 2007) .......................................................................... 7

*HaloSongs, Inc. v. Sheeran*,
  2017 WL 5198248 (C.D. Cal. Jan. 13, 2017) ........................................................................ 3, 7

*Insider Software Inc. v. Morrison SoftDesign Inc.*,
    2006 WL 8459563 (N.D. Cal. Jan. 4, 2006) ..................................................................4

*Katzir's Floor & Home Designs, Inc. v. M-MLS.com*,
    394 F.3d 1143 (9th Cir. 2004) .....................................................................................5

*Lenovo (U.S.) Inc. v. IPCom GmbH & Co.*,
    2019 WL 6771784 (N.D. Cal. Dec. 12, 2019) ............................................................8

*Mesler v. Bragg Mgmt. Co.*,
    39 Cal. 3d 290 (1985) ..................................................................................................4

*Pacific Bell Tel. Co. v. 88 Connection Corp.*,
    2016 WL 3257656 (N.D. Cal. June 14, 2016) ........................................................3, 4

*In re Packaged Seafood Prods. Antitrust Litig.*,
    338 F. Supp. 3d 1118 (S.D. Cal. 2018) ........................................................................3

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017) .......................................................................................5

*RRX Indus., Inc. v. Lab-Con, Inc.*,
    772 F.2d 543 (9th Cir. 1985) .......................................................................................5

*Stewart v. Screen Gems-EMI Music, Inc.*,
    81 F. Supp. 3d 938 (N.D. Cal. 2015) ...........................................................................6

*In re Sussex*,
    781 F.3d 1065 (9th Cir. 2015) .....................................................................................7

*In re Tuli*,
    172 F.3d 707 (9th Cir. 1999) .......................................................................................1

*In re Volkswagen "Clean Diesel" Mktg. etc. Litig.*,
    2019 WL 4581340 (N.D. Cal. Sept. 20, 2019) ............................................................7

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) .................................................................................2, 3

- iii -

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING SPECIALLY
APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR LACK OF PERSONAL JURISDICTION

## INTRODUCTION

Plaintiffs do not dispute that in the thousands of cases pending in the nationwide opioid litigation, no court—not one—has found that it may properly exercise personal jurisdiction over Endo International plc ("Endo International"), an Irish public limited company that does not manufacture or sell any product in the United States. Nor do plaintiffs dispute that this Court's Order premised its determination as to the injustice element not on evidence plaintiffs put forth about Endo International or its U.S. subsidiaries, but on evidence concerning a *different* foreign defendant. (Order Granting In Part & Denying In Part Defs.' Mots. To Dismiss 1st Am. Compl. ("Order") at 23, ECF No. 285.)

Instead, plaintiffs urge the Court to find personal jurisdiction based on a ground the Court did not accept in the Order, plaintiffs' so-called "agency theory." (Pls.' Opp'n To Mot. For Reconsideration ("Opp'n") at 2, ECF No. 332.) But that only underscores why the Court should grant reconsideration and dismiss Endo International from this case. Plaintiffs' agency theory has in fact been repudiated by the Ninth Circuit.

Alternatively, plaintiffs make the conclusory assertion that they have put forth evidence that Endo International is part of a mere corporate "shell game." (*Id.* at 7.) But plaintiffs cite to no such evidence or any other evidence that Endo International has engaged in any activities that would make it unjust to treat it as a separate entity under the controlling case law.

Finally, tacitly recognizing the thin reed upon which they base personal jurisdiction, plaintiffs urge the Court not to dismiss, but to "at least" grant them jurisdictional discovery without articulating the discovery they seek or the facts they claim the discovery would show. (*Id.* at 2.) Courts have repeatedly rejected jurisdictional discovery that is based on little more than a hunch, and this Court should likewise reject the proposed fishing expedition here.

Finding personal jurisdiction over Endo International not only runs afoul of fundamental jurisdiction principles, but also could jeopardize any future resolution. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is

void"). The Court should grant Endo International's motion for reconsideration, and dismiss claims against Endo International for lack of personal jurisdiction.

## ARGUMENT

**A.   The Ninth Circuit Has Rejected Plaintiffs' Agency Theory Of Personal Jurisdiction**

Plaintiffs urge the Court to find jurisdiction on a different ground than the Court found in the Order, the agency theory under *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001). (Opp'n at 2, 5-9.)  They assert that under *Unocal* the Court can exercise personal jurisdiction over Endo International because its U.S. subsidiaries purportedly "perform[ed] services that [were] sufficiently important to the foreign [parent] that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." (*Id.* at 6 (quoting *Unocal*).)  Doing so would be erroneous.

In recent years, the Supreme Court has reined in permissive theories of personal jurisdiction.  In *Daimler AG v. Bauman*, 571 U.S. 117, 134-36 (2014), the Court rejected *Unocal*'s agency test for establishing *general* personal jurisdiction.  It reasoned that the test's inquiry into whether the subsidiary's services were "important" "stacks the deck, for it will always yield a pro-jurisdiction answer," since anything a corporation does through a subsidiary "is presumably something that the corporation would do 'by other means' if the . . . subsidiary . . . did not exist." *Id.* at 136.

The Ninth Circuit extended *Daimler*'s rejection of the *Unocal* agency theory to *specific* jurisdiction.  In *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017), the court explained that *Daimler*'s "criticism [of *Unocal* agency] applies no less in the context of specific jurisdiction than in that of general jurisdiction."  The court thus held that "*Daimler*'s reasoning is clearly irreconcilable with the agency test set forth in *Unocal*," and that is true "regardless of whether the standard is used to establish general or specific jurisdiction." *Id.*

After *Williams*, district courts in this circuit have refused to exercise jurisdiction on the basis of *Unocal* agency, finding that theory "sweeps too broadly to comport with the requirements of due process." *Aldrich v. NCAA*, ___ F. Supp. 3d ___, 2020 WL 5255671, at *10 (N.D. Cal.

- 2 -

Sept. 3, 2020) (declining to impute member institutions' forum contacts to NCAA: "[A]fter *Daimler*, the relevant contacts with a forum are an entity's contacts. Agents' contacts are irrelevant."); *see also In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1165 (S.D. Cal. 2018) (after *Williams*, "plaintiffs must demonstrate an alter ego relationship between [subsidiary] and [parent]" for "purposes of imputing specific jurisdiction"). Plaintiffs ignore *Williams* and these decisions, relying instead on *HaloSongs, Inc. v. Sheeran*, 2017 WL 5198248, at *8-*9 (C.D. Cal. Jan. 13, 2017). But *HaloSongs* was decided before *Williams*, and is not good law.

This Court did not rely on Plaintiffs' agency theory in its initial Order, and it should not do so now.

**B.   Plaintiffs Still Fail To Make A Prima Facie Case Of Injustice**

The contrast between the companies held to be alter egos in the decisions relied on by plaintiffs and Endo International further confirms that plaintiffs have failed to meet their burden of showing injustice. Those cases show that to satisfy their burden, plaintiffs need to demonstrate that a foreign parent company "commingled the entities' assets, undercapitalized the local entity, abused the corporate form, or otherwise treated the local entity as a mere 'shell' such that the plaintiff may be denied effective relief if the court does not exercise jurisdiction over the foreign [parent]." (Mot. For Reconsideration ("Mot.") at 6, ECF No. 321.) Plaintiffs point to *no* evidence of this kind. Instead, plaintiffs mischaracterize the materials they set forth to try to satisfy this rule. Their effort fails.

    **1.   Plaintiffs' Decisions Are Inapposite**

Plaintiffs rely principally on *Pacific Bell Telephone Co. v. 88 Connection Corp.*, 2016 WL 3257656 (N.D. Cal. June 14, 2016) (Opp'n at 1, 6-8). But there, the sole shareholder and president of the corporate defendant used the corporation "as a device to avoid individual liability and for the purpose of substituting an inadequately capitalized corporation in place of himself"; treated the corporation as "a mere shell and sham without adequate working capital"; and failed to

comply with a prior judgment against the corporation alone. *Id.* at *1-*2, *5-*6. Here, plaintiffs do not come close to offering anything near comparable evidence against Endo International.

The same is true of plaintiff's citation to *Automotriz del Golfo de California S.A. v. Resnick*, 47 Cal. 2d 792 (1957) (Opp'n at 1). There, the evidence showed the corporation operated with little or no capital; never issued stock or had a bank account; and the individual defendants held corporate assets (automobiles) in their personal names and financed their acquisitions using their personal funds. *Id.* at 795, 797-98. The court's emphasis on undercapitalization of the shell corporate entity, *id.* at 797-98, underscores the showing of injustice that plaintiffs were required to, but did not, make here.

Plaintiffs also quote broad statements from *Mesler v. Bragg Management Co.*, 39 Cal. 3d 290 (1985) (Opp'n at 7), in support of a relaxed standard for alter-ego determinations. As Judge Patel has observed, *Mesler* "says absolutely nothing about the required level of specificity for an alter ego claim in federal court." *Insider Software Inc. v. Morrison SoftDesign Inc.*, 2006 WL 8459563, at *7 (N.D. Cal. Jan. 4, 2006). While *Mesler* makes for "an appealing sound bite," *id.*, it says nothing about the standard for establishing alter ego.

Finally, plaintiffs point to the Court's reliance on *Cadence Design Systems, Inc. v. Pounce Consulting, Inc.*, 2019 WL 1768619 (N.D. Cal. Apr. 1, 2019) (Opp'n at 8). As Endo International has explained, however, in *Cadence* the prima facie showing of injustice included evidence of commingling of funds and assets, intentional undercapitalization of the local entity, treating the local entity as the CEO's "personal piggy bank," and rampantly disregarding corporate formalities. *Id.* at *5-*6 (Mot. at 7). Plaintiffs here made no such showing.

In short, none of the cases plaintiffs feature found the injustice element was satisfied by a showing as barren as plaintiffs presented here. To the extent that the plaintiffs in those cases met their burden on that element, they did so with a prima facie showing of facts that included treating the corporate entity as a mere shell, undercapitalizing the corporation, commingling assets, and abuse of the corporate form, as the case law consistently requires. (Mot. at 6-8 (discussing *Cadence*, *Butler Am., LLC v. Aviation Assurance Co.*, 55 Cal. App. 5th 136, 2020 WL 5792639

(Sept. 29, 2020), *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017), and *RRX Indus., Inc. v. Lab-Con, Inc.*, 772 F.2d 543 (9th Cir. 1985)).)

### 2. Plaintiffs Put Forth No Evidence Of Injustice

The supposed basis for plaintiffs' alter-ego theory likewise fails. Plaintiffs assert that Endo International "was set up and is being used solely to shelter substantial assets generated by its U.S. business"; "shield[s] its wrongfully earned profits from liability by siphoning the U.S.-based revenues beyond the Court's jurisdiction"; has engaged in a "shell game . . . to shield the profits earned though its subsidiaries' wrongful conduct"; and seeks to further "the inequity of siphoning off U.S. revenues to the Irish entity." (Opp'n at 1, 5, 7, 9.)

None of these assertions is supported by citation to the record of the motion to dismiss. Nor could they be, because plaintiffs presented no such evidence.

At most, plaintiffs put forth allegations that Endo International supposedly controls its U.S. subsidiaries, but control is not enough for an alter-ego finding. For example, plaintiffs assert that the U.S. subsidiaries "are fully controlled by Endo International's sales and marketing infrastructure, compliance program, code of conduct, and financial incentive plan" and that the Irish company "manages" its U.S. subsidiaries "through a targeted sales and marketing infrastructure, a compliance program and code of conduct, and a stock and option incentive plan that applies to all subsidiaries and subsidiary employees." (*Id.* at 1, 7; *see also id.* at 8:9-10 ("Endo International's pervasive control over its subsidiaries").)

Control alone, however, cannot establish alter-ego liability or jurisdiction, as plaintiffs acknowledge in a footnote. (*Id.* at 8 n.5.) It is clear error, in fact, to predicate alter-ego liability on the fact of control alone. *Katzir's Floor & Home Designs, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004).

Nor have plaintiffs explained how they will be prejudiced if Endo International is not required to defend. *Cf. Apple Inc. v. Allan & Assoc. Ltd.*, 445 F. Supp. 3d 42, 55-56 (N.D. Cal.

- 5 -
REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING SPECIALLY APPEARING DEFENDANT ENDO INTERNATIONAL PLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

2020) (no injustice because plaintiff "never allege[d], nor is there any evidence, that Defendant [corporation] cannot answer Plaintiff's claim and/or pay any potential judgment").[1]

No case of which Endo International is aware, and certainly none cited by plaintiffs, finds or affirms a prima facie case of alter ego on such a record; a record that is not merely thin, but empty as to the required element of injustice. *Cf. In re Boon Global Ltd.*, 923 F.3d 643, 653-54 (9th Cir. 2019) ("[J]urisdiction cannot lie where there is no evidence of undercapitalization, failure to keep adequate records, or the free transfer of company assets—all of which would normally be signs of a sham corporate veil.").

### 3. Plaintiffs Misstate The Reconsideration Standard

The Court's conclusion that plaintiffs met their burden to show treating Endo International and its subsidiaries as separate entities "would result in a substantial injustice to the City" is, respectfully, clear error for three reasons. First, it rests on allegations that apply only to Teva Ltd., and "[p]ersonal jurisdiction over each defendant must be analyzed individually." *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989). Second, as discussed above, plaintiffs did not present any evidence that, if believed, would be sufficient to establish the injustice element. This error is not "debatable" and did not involve a resolution of "disputed facts." (Opp'n at 9.) There are no disputed facts, because plaintiffs presented *no* evidence to establish any of the facts that could be used to show injustice. Finally, the ruling is clear error because in finding plaintiffs made a prima facie case for alter-ego jurisdiction based on evidence of control alone, the Court did not determine that both distinct requirements of alter ego were met. *In re Boon Global Ltd.*, 923 F.3d at 654 ("Without determining that both prongs of alter ego jurisdiction were met, the district court's jurisdictional analysis . . . was flawed.").

---

[1] Plaintiffs attempt to distinguish *Apple Inc.* and *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938 (N.D. Cal. 2015), based on the discussions in those cases of unity of interest and control. (Opp'n at 8 ("In contrast, Endo International's pervasive control over its subsidiaries . . .").) That is beside the point. *Apple* and *Stewart* stand for the uncontroversial proposition that if the subsidiary companies are before the court to answer the plaintiff's claims there is generally no prejudice. (Mot. at 6-7.) That is precisely the case here.

Contrary to plaintiffs' suggestion, clear error is not an impossibly high standard. (Opp'n at 9.) It exists when a court has "a definite and firm conviction that a mistake has been committed." *In re Sussex*, 781 F.3d 1065, 1075 (9th Cir. 2015). And when a court is reviewing its *own* prior decision, it exists when the court is satisfied that it made a mistake. *E.g.*, *Geertson Farms Inc. v. Johanns*, 2007 WL 1839894, at *2 (N.D. Cal. June 26, 2007). Permitting allegations as to Teva Ltd. and allegations of control to substitute for evidence demonstrating that injustice would result if Endo International's separate corporate identity were not disregarded was, respectfully, a clear error.

### C.   Plaintiffs Are Not Entitled To Jurisdictional Discovery

Plaintiffs urge the Court to grant them jurisdictional discovery. (Opp'n at 9-10.) That fishing expedition should be rejected as well. A court properly denies jurisdictional discovery when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). A plaintiff needs to present more than an asserted "belief" or speculation that discovery will help it establish jurisdiction. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540-41 (9th Cir. 1986) (affirming denial of jurisdictional discovery); *see In re Volkswagen "Clean Diesel" Mktg. etc. Litig.*, 2019 WL 4581340, at *11 (N.D. Cal. Sept. 20, 2019) ("[m]ore is needed to support jurisdictional discovery" than jurisdictional claims "based only on generalities"). Authorizing jurisdictional discovery based only on a hunch is improperly sanctioning what "amount[s] to a fishing expedition." *Adobe Sys. Inc. v. NA Tech. Direct, Inc.*, 2018 WL 3304633, at *5 (N.D. Cal. July 5, 2018) (denying jurisdictional discovery).

As the cases plaintiffs cite recognize, jurisdictional discovery is appropriate only when facts bearing on jurisdiction are controverted and discovery is needed to resolve material conflicts in the evidence. *E.g.*, *HaloSongs, Inc.*, 2017 WL 5198248, at *9-*10 (although plaintiff showed specific agreements might support jurisdiction, discovery was needed to determine "the precise nature of th[e] agreements" and related rights and to clarify an individual defendant's California contacts). In those cases, the plaintiffs justified their requests for jurisdictional discovery by identifying the

specific discovery they proposed to take and the specific facts they expected discovery to show, in support of jurisdiction. *E.g.*, *Lenovo (U.S.) Inc. v. IPCom GmbH & Co.*, 2019 WL 6771784, at *11 (N.D. Cal. Dec. 12, 2019).

Here, these prerequisites for jurisdictional discovery are not met because, as shown, plaintiffs have made no showing that injustice would result if Endo International is not treated as the alter ego of its U.S. subsidiaries. Plaintiffs have placed no facts in dispute related to the injustice element because they have not presented any evidence to establish the element. Nor have plaintiffs articulated the specific discovery they seek or the particular facts that discovery would show to establish injustice. Their "hunch" is a futile one, and the fishing expedition should be denied.

That is particularly the case since the U.S. subsidiaries of Endo International produced more than three million documents to which plaintiffs have access, through discovery in the MDL. (Reply Supp. Endo International's Mot. To Dismiss at 10, ECF No. 216.) Those documents include extensive materials concerning the U.S. marketing and promotion of certain prescription opioid medications and other business activities that underlie plaintiffs' claims. (*Id.*) If Endo International were actually engaged in a "shell game" with its U.S. subsidiaries, that would have been evident in the subsidiaries' document productions and plaintiffs would have already presented those documents to the Court. Plaintiffs searched those millions of documents and presented one email to the Court with their opposition to Endo's motion to dismiss, which they decided was not even worth citing in their instant opposition. (Decl. Of Aelish Baig In Opp'n To Endo International's Mot. To Dismiss Ex. AA, ECF No. 202-1.) Jurisdictional discovery is thus both unjustified and unnecessary.

**CONCLUSION**

For the reasons stated herein and in the motion, specially appearing Endo International respectfully requests that the Court grant reconsideration of the Order denying its motion to

dismiss for lack of personal jurisdiction and enter a new order dismissing the First Amended Complaint, in its entirety, as against Endo International.

Dated:  November 9, 2020.

ARNOLD & PORTER KAYE SCHOLER LLP


By:   */s/ John D. Lombardo*
      Sean O. Morris
      John D. Lombardo

*Attorneys for Specially Appearing Defendant Endo International plc*


**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 9, 2020, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5–1. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5–1 to accept that Notice as service of this document.

Dated: November 9, 2020.

*/s/ John D. Lombardo*
John D. Lombardo