DENNIS J. HERRERA, State Bar # 139669
City Attorney
RONALD P. FLYNN, State Bar # 184186
Chief Deputy City Attorney
YVONNE R. MERE, State Bar # 173594
Chief of Complex & Affirmative Litigation
OWEN J. CLEMENTS, State Bar # 141805
SARA J. EISENBERG, State Bar # 269303
JAIME M. HULING DELAYE, State Bar #
270784
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Telephone:  415.554.3597
jaime.hulingdelaye@sfcityatty.org

*Attorneys for Plaintiff The People of the
State of California, acting by and through
San Francisco City Attorney Dennis J.
Herrera*

Additional counsel appear on signature page

Kaspar Stoffelmayr (pro hac vice)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift (pro hac vice)
kate.swift@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone:  312.494.4400
Facsimile:  312.494.4440

Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Walgreen Co.*

Additional counsel appear on signature page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

THE CITY AND COUNTY OF SAN
FRANCISCO, CALIFORNIA and THE PEOPLE
OF THE STATE OF CALIFORNIA, Acting by
and through San Francisco City Attorney DENNIS
J. HERRERA,

        Plaintiffs,

    v.

PURDUE PHARMA L.P., et al.

        Defendants.

Case No. 3:18-cv-07591-CRB-JSC

**JOINT STATUS UPDATE**

**Judges**: Hon. Charles R. Breyer and
Jacqueline Scott Corley

**Courtroom**: Via Videoconference

**Hearing Date**: December 18, 2020

**Hearing Time**: 9:00 a.m.

The parties respectfully submit this Joint Status Update in advance of the Court's discovery conference scheduled for December 18, 2020 at 9:00 a.m.

## I.      JOINT STATEMENT REGARDING SCHEDULE AND DISPUTE RESOLUTION

The parties jointly report on a number of case developments that have taken place since the last conference with the Court.

### A.      Deposition Protocol

On November 20, 2020, the parties submitted a stipulation and proposed order on a remote deposition protocol which, among other things, sets forth the proposed procedure for depositions during the pandemic, establishes a further deadline (January 15, 2021) for the parties to present propose numerical limitations on depositions, and allows each side to take up to 10 depositions in the interim.  Dkt. 387.  The Court has not yet entered the order, and the parties are prepared to address any questions the Court may have about it.

### B.      Designation of Remand Record

On December 2, 2020, the parties filed a Joint Stipulation of Designation of Remand Record Pursuant to JPML Rule 10.4(a).  Dkt. 391.

### C.      Briefing on Mode of Trial

On November 20, 2020, and December 10, 2020, respectively, Plaintiff and Defendants filed their simultaneous opening and responsive briefs "addressing whether the Court must hold a bench or jury trial on" Plaintiff's UCL, FAL, and nuisance claims (the claims remaining after the motion to dismiss order).  *See* Dkts. 385, 387, 395-96.  Plaintiff takes the position that all three claims may be tried by the Court; Defendants argue that they must be tried by a jury.

### D.      Order re Motion to Certify Order for Interlocutory Appeal

The Distributor Defendants moved the Court to certify portions of its motion to dismiss Order for interlocutory appeal under 28 U.S.C. § 1292(b).  Dkt. 327.  The Court denied the motion on November 9, 2020.  Dkt. 344.

### E.      Order re Endo International's Motion for Reconsideration

Defendant Endo International plc, moved for reconsideration of the order denying its motion to dismiss for lack of personal jurisdiction. Dkt. 321.  The Court denied the motion on

December 7, 2020.  Dkt. 392.

### F.   Teva's Petition for Writ of Mandamus

Teva Pharmaceutical Industries Ltd. filed a petition for writ of mandamus, asking the Ninth Circuit to reverse the Court's denial of Teva's motion to dismiss for lack of personal jurisdiction.  Plaintiff's response is due on December 23, 2020.

### G.   Related Case

On October 14, 2020, a separate case, *Smith v. Walgreens Boots Alliance, Inc.*, No. 20-cv-05451-CRB, was related to this one and assigned to Judge Breyer.  Walgreens filed its Motion to Dismiss on November 20, 2020.  Dkt. 35.  Plaintiff's opposition brief is due December 29, 2020, and Walgreens' reply brief is due January 12, 2021.  The hearing date for the motion is scheduled for January 28, 2021.

### H.   Discovery Motions

The parties have briefed a number of disputes pursuant to the revised resolution protocol outlined in Discovery Order No. 2.  The disputes are identified in the chart below for ease of reference.

| Moving Party | Responding Party | Dispute | Dkt. |
|---|---|---|---|
| Plaintiff | McKesson | Geographic and temporal scope of McKesson's document productions | 397 |
| Manufacturer Defendants | Plaintiff | Plaintiff's responses to certain interrogatories | 399 |
| Manufacturer Defendants | Plaintiff | Plaintiff's responses to RFPs on claims and encounter data and mortality records | 400 |
| All Defendants | Plaintiff | Deadline for further supplementation re abatement categories | 401 |
| Plaintiff | Allergan | Allergan's responses to RFPs re settlement with Teva | 403 |
| Plaintiff | Endo | Temporal scope, custodians, and other issues relevant to Plaintiff's RFPs | |

## II.   PLAINTIFF'S STATEMENT

The parties have continued to work diligently since the last status conference.  This statement outlines the status of issues the parties have resolved and those that will require the

Court's input.

### A. Plaintiff's Discovery Efforts

#### 1. PFS Amendment

Plaintiff served a Third Amended Plaintiff Fact Sheet on November 6, 2020, and a Fourth Amended Plaintiff Fact Sheet on December 11, 2020.  The Third Amended Plaintiff Fact Sheet added specificity to the categories of abatement the People seek and revised certain responses to reflect the dismissal of the City and County of San Francisco as a party to the case.  The Fourth Amended Fact Sheet reflects amendments to certain categories of information requested by Defendants, including the approximate date on which the People were first injured, additional specificity as to the forms of injunctive, legal, and equitable relief sought, and further clarification of the departments relevant to the People's proposed categories of abatement and the employees whose documents are within the People's possession, custody, or control.

#### 2. Plaintiff's Ongoing Production

Since the last status conference, Plaintiff has produced an additional 58,695 documents, comprising 264,027 pages, which brings Plaintiff's total production to 157,739 documents and 868,396 pages.  These productions include responsive documents from a non-custodial database from the Department of Public Health ("DPH") as well as emails collected from 23 custodians across eight San Francisco departments: DPH, the Office of the Medical Examiner, the Police Department, the Fire Department, the Department of Homelessness and Supportive Housing, the Department Public Works, the Adult Probation Department, and the Library.  Plaintiff continues to collect and review documents from additional custodians and databases identified to Defendants, and production of those documents will continue on a rolling basis.

### B. Defendants' Productions

As indicated in the previous submission, certain Defendants have deemed produced in this action documents produced in other related cases in response to Plaintiff's requests for production, but many have refused to identify with sufficient specificity the purportedly responsive documents in those productions.  A number of defendants have also produced zero documents—or very close to it—collected specifically for this case, including Allergan (0

1    documents), Noramco (0 documents), Teva (0 documents) and Walgreens (6 documents).

2        **C.    Schedule for Expert Reports**

3        Shortly after the last conference before the Court, Judge Breyer entered the Order re Joint

4    Status Update, which held that the "parties shall simultaneously exchange initial expert reports on

5    June 11, 2021 and rebuttal reports on July 16, 2021." Dkt. 356.  Five days later, Your Honor

6    entered Discovery Order No. 2, which did not reference Judge Breyer's Order re Joint Status

7    Update but set a deadline of April 16, 2021, for "Plaintiff's expert disclosures."  Dkt. 382 at 2.

8    These deadlines appear to conflict, and it is unclear to Plaintiff which one is operative.[1]

9        Plaintiff respectfully submits that if the April deadline currently controls, then that

10   deadline should be vacated and the issue revisited at a later date.  Several considerations inform

11   this suggestion.

12       First, Defendants' interest in early expert disclosures will likely be satisfied by Plaintiff's

13   commitment to providing even more detail on the categories for which it intends to seek

14   abatement prior to serving expert reports.  The initial justification for advancing Plaintiff's expert

15   deadline was to address Defendants' purported need for further details to inform their fact

16   discovery on abatement.  Plaintiff maintains that this is unnecessary for a host of reasons

17   addressed in briefing before the Court.  *See* Dkt. 401.  Regardless, in the spirit of compromise,

18   Plaintiff has committed to providing even more detail through a further PFS amendment.

19   Defendants complain below that none of the PFS amendments "provides anything close to an

20   expert disclosure on remedies"—this is true and precisely the point. The PFS was never intended

21   to—and simply cannot, for a host of reasons—substitute for expert reports.  That's not what it is

22   for.  What it can and will provide, however, is all the information Defendants need to propound

23   any legitimate fact discovery.  Plaintiff therefore believes that Defendants' interest in early expert

24   disclosures will be moot, and that the most prudent course of action is to either ratify the June

25   deadline reflected in the Order re Joint Status Update or to vacate the expert report deadlines set

26   forth in Discovery Order No. 2 and revisit the issue following Plaintiff's further disclosures.

---

[1] Shortly after Your Honor issued Discovery Order No. 2, Plaintiff asked Defendants to join an email to the Courtroom Deputy seeking clarification.  Defendants refused and advised that, in their view, the "appropriate way" to raise this issue "is via the next status conference statement."

Second, disclosing expert reports before the close of fact discovery has the potential to create more problems than it solves, as additional post-expert fact discovery may require Plaintiff's experts to issue supplemental reports accounting for that additional discovery. *See* Fed. R. Civ. P. 26(e). This sequence would also be inconsistent with the procedure adopted in other opioid case tracks and arguably in tension with the spirit of Fed. R. Civ. P. 26(a)(2)(D)(i), which sets a default expert disclosure deadline just 90 days before trial.

Third, since the last conference, the Track 3[2] trial previously set for May 2021 has been continued to October 2021, and the plaintiffs' expert reports in that track will—subject to confirmation from the court—be due on April 16, 2021, the same date that Your Honor proposed for the People's expert reports in this case (and 28 days after the close of all fact discovery in that case). Although no experts have been disclosed in either track, it should come as no surprise to Defendants here that there is likely to be considerable overlap between the Track 3 experts—many of whom were disclosed and vetted in previous tracks—and those who will be used in this case. The expert reports are detailed and labor-intensive, and it would be inefficient and unnecessarily burdensome to require the experts to prepare reports for two jurisdictions simultaneously. In addition, simultaneous plaintiff reports would complicate subsequent expert deposition scheduling for both plaintiffs and defendants.

Defendants' suggestion below that this is a conflict "of Plaintiff's own making" is entirely misleading, and their accusation that Plaintiff manufactured a conflict for strategic advantage is unbecoming and untrue. Yes, an attorney representing the People participated in the negotiations of the Track 3 deadlines, but the Track 3 plaintiffs initially proposed expert disclosure deadlines in mid-March and modified their proposal to accommodate input from the special master and, importantly, the ***defendants'*** insistence that the schedule allow more time for fact discovery. Moreover, the proposal was made at a time when—because Defendants requested that the parties wait to seek clarification—the operative deadline in this case remained unclear.

---

[2] Track 3 or "CT3" refers to the case before Judge Polster brought by two counties in Ohio against the retail pharmacies in their capacities as dispensers (as opposed to distributors).

### D.     Other Matters Likely to Need the Court's Attention

#### 1.     Walgreens' Dispensing Data

Plaintiff notes that Court intervention may soon be required with respect to the production of Walgreens' dispensing data, which will inform Plaintiff's expert analysis and is a necessary predicate for the "red flag analysis" that Defendants have demanded during the fact discovery period.  The parties continue to meet and confer about the contours of that data, including (1) the geographic scope (whether data will be provided for all of California, only for San Francisco, or something in between) and (2) whether the data will include the opioid codeine.  Depending on the outcome of these negotiations, Plaintiff may seek guidance from this Court in the near future on one or both of these issues.

In the meantime, however, Walgreens has indicated that it has already prepared a data file on a San Francisco-only basis that excludes codeine, but it refuses to produce that file while the parties meet and confer about the remaining two issues.  Walgreens has represented multiple times that the San Francisco data is already one click away.  Plaintiff would appreciate the Court encouraging Walgreens to produce it now, which will allow Plaintiff to make significant progress even while negotiating the contours of additional discovery.

#### 2.     Criminal Record Information

Plaintiff does *not* agree with Defendants that Court intervention should be necessary with respect to a stipulation regarding criminal record information.  California law provides significant, non-negotiable protections for documents containing Criminal Offender Record Information ("CORI"), such that the City Attorney's Office and outside counsel cannot even review documents containing CORI, let alone produce them to Defendants, without entry of a court order.  *See, e.g.*, Cal. Code Regs. tit. 11, § 703(b) ("Criminal offender record information may be released, on a need-to-know basis, only to persons or agencies authorized by court order, statute, or decisional law to receive criminal offender record information.").  What Defendants characterize below as Plaintiff's "refusal" to review documents containing CORI absent court order is nothing more than Plaintiff's insistence on following the law.

Defendants' demands for documents containing CORI are unprecedented in Plaintiff's

1    civil litigation experience.  Nevertheless, Plaintiff has worked diligently to resolve this

2    issue.  Upon further examination of Plaintiff's legal obligations, Plaintiff proposed changes to the

3    stipulation on December 3, 2020, to account for the requirement under California law that

4    Defendant demonstrate a "compelling need" prior to the production of documents containing

5    CORI.  *See* Cal. Penal Code § 13300(c) ("The local agency may furnish local summary criminal

6    history information, upon a showing of a compelling need . . . .").  Plaintiff proposed that prior to

7    the production of any documents containing CORI, the parties submit to the Court a proposed

8    order with a simple two-column chart containing Plaintiff's description of the documents at issue

9    in one column and Defendants' statement of need in another.  Plaintiff is eager to submit the

10   stipulation to the Court, which will facilitate review of documents.  Defendants have not

11   suggested any revisions and posed written questions about Plaintiffs' December 3 proposal for the

12   first time in an email sent during the parties' meet and confer about this status report on

13   December 16.  Plaintiff responded in less than an hour and confirmed, per Defendants' request,

14   how CORI is defined and that CORI protections implicate police records.  Plaintiff is amenable to

15   providing its proposal the Court for its own consideration.

16           **E.      Proposed Agenda for Status Conference**

17           Plaintiffs submit that the status conference should address the issues outlined herein.

18   **III.     DEFENDANTS' STATEMENT**

19           **A.      Matters Likely to Need the Court's Attention**

20           The parties are meeting and conferring on a number of matters related to discovery

21   requests that are not yet ripe for the Court's consideration.  However, Defendants believe that the

22   following issues may require the Court's attention as this case progresses.

23                    **1.      Deadlines for Expert Reports**

24           On November 12, 2020, Judge Breyer entered an order setting a deadline of June 11,

25   2021, for the simultaneous exchange of expert reports.  Dkt. 356.  On November 17, 2020, this

26   Court set a deadline of April 16, 2021, for Plaintiff's initial expert disclosures, Dkt. 382,

27   confirming the Court's oral order during the discovery conference on November 12, 2020.

28   Plaintiff has suggested there is some ambiguity between these two orders, and some question

1   whether this Court's November 17 order is effective.  Defendants disagree that there is any

2   confusion on this point, as this Court is charged with handling discovery, and has issued an order

3   consistent with the last status conference and the Court's statements in several status conferences

4   regarding the importance of Plaintiff providing certain expert discovery early, so that Defendants

5   can conduct necessary additional fact discovery.

6        Plaintiff's assertion that providing additional updates to the Plaintiff Fact Sheet solves this

7   problem falls short.  To date, Plaintiff has served *four* amended fact sheets, and none of them

8   provides anything close to an expert disclosure on remedies.  Indeed, Plaintiff has taken the

9   position that it *cannot* provide key information until expert discovery, including information

10  related to its purported abatement remedies.  For that reason alone, Plaintiff's expert disclosures

11  should remain due on the April 16, 2021, date set by the Court.

12       Moreover, Plaintiff's complaint that the April 16 deadline conflicts with the not-yet-

13  entered MDL deadline for plaintiffs' expert reports in Track 3 ignores the fact that Plaintiff's

14  counsel here also negotiated the new schedule in the MDL.  The MDL Track 3 schedule was

15  reached by agreement of the parties.  In fact, Plaintiff's counsel here ***proposed the April 16***

16  ***deadline in Track 3, long after this Court had already entered the April 16 deadline here***.  Any

17  conflict in the two case schedules is of Plaintiff's own making and was presumably by design.

18       Finally, as the party with the burden of proof, Plaintiff's expert disclosures should come

19  first, no matter when they are due.   On Plaintiff's proposed schedule, Defendants would not

20  receive essential information until Plaintiff's expert reports.  Defendants will need time to review

21  those reports and depose Plaintiff's experts before responding.  Setting a schedule with staggered

22  expert reports—with Defendants' reports following Plaintiff's reports—is also consistent with the

23  expert disclosure schedules set in the MDL bellwether cases, including the Track 3 schedule

24  negotiated by Plaintiff's counsel in this case.  There is no reason to deviate from that practice, and

25  good reason not to.

26              **2.      California Board of Pharmacy Subpoenas**

27       Your Honor heard oral argument on the California Board of Pharmacy's Motion to Quash

28  Defendants' subpoena on December 3, 2020.  Dkt. 390.  Among other things, this Court deferred

1   ruling on certain of Defendants' document requests to the Board that are similar to requests

2   pending before the California Court of Appeal, specifically those seeking investigation files,

3   administrative records, and CURES data.  Defendants wish to bring to the Court's attention that

4   these issues affect other outstanding subpoenas, including subpoenas to the California

5   Department of Justice (discussed further below), the California State Medical Board, and the

6   Dental Board of California, which also seek CURES data and investigation files.  Given the

7   importance of the information Defendants seek from these third-parties, significant delays in any

8   rulings from the California courts may require Defendants to seek relief from the schedule.

9   **3.       California Department of Justice Subpoena**

10   On behalf of Defendants, McKesson served a document subpoena on the California

11   Department of Justice (CA DOJ) on September 22, 2020.  Since that time, McKesson has met and

12   conferred repeatedly with counsel for CA DOJ.  The parties have managed to narrow the areas of

13   dispute, but CA DOJ continues to object to producing certain categories of documents and data,

14   including investigation files and CURES data.[3]  Defendants do not want to burden the Court with

15   motion practice that, like the Board of Pharmacy discovery, the Court has determined must await

16   resolution of the pending state court writ proceedings; but Defendants also need to ensure that

17   they preserve their rights to enforce the subpoena.  Defendants therefore request the Court's

18   guidance on whether the disputed issues should be briefed now and held in abeyance, or deferred

19   for the time being.

20   **4.       Criminal Record Information**

21   At Plaintiff's request, the parties negotiated a stipulation regarding the production of

22   Criminal Record Information ("CRI").  Defendants believed that negotiation was completed in

23   November.  But after Defendants provided authority for filing the stipulation with the Court,

24   Plaintiff demanded a new provision that would require the Court to find a "compelling need"

25   before discoverable information could be produced pursuant to the stipulation.  Defendants

26   promptly met and conferred with Plaintiff on this changed position and are working through

27   _____

28   [3] Although the Board of Pharmacy is in possession of some CURES data, CA DOJ has custody over the database itself.

1    various questions about it.  But Defendants are concerned that Plaintiff's belated changes to this

2    stipulation—and Plaintiff's refusal to review any documents that could contain CRI before a

3    stipulation is entered, or even define what sort of documents it intends to withhold as containing

4    CRI—jeopardizes the schedule.

5                  **B.        Status of Party Discovery**

6                        **1.        Defendants' Discovery Requests**

7            Defendants are meeting and conferring with Plaintiff regarding Plaintiff's responses to

8    Walgreen's second and third requests for production and first and second set of interrogatories,

9    and Plaintiff's responses to Distributors' first requests for production and first and second set of

10   interrogatories.  To date, Plaintiff has not produced important information required to be

11   produced at the outset of the case, including the investigative files of the healthcare providers

12   identified in the Plaintiff Fact Sheet as having been investigated concerning their prescribing of

13   Prescription Opioids.  Plaintiff reports that the delay is related to COVID-19.  To date, Plaintiff

14   has been unable to confirm which of its custodial files are substantially complete, but has agreed

15   to provide this information in the near future.

16                       **2.        Defendants' Document Productions**

17           Plaintiff is already in possession of tens of millions of pages of documents that

18   Defendants produced in the MDL and other opioid litigation.  For certain Defendants, this

19   includes tens of thousands of documents from custodians with information specific to

20   San Francisco who also happen to have non-San Francisco-specific information.  *See, e.g.*, ECF

21   No. 397 at 4 n.7.  Other Defendants, like Noramco, do not have custodians with information

22   specific to San Francisco.

23           Since the last status conference, Defendants have made additional productions.  These

24   include productions by Janssen, ABDC, and Par.  Certain Defendants' lack of or relatively low

25   productions to date are largely attributable to the ongoing meet and confer process.  For example,

26   Walgreens has been negotiating with Plaintiff over the scope of production of patient prescription

27   dispensing data for months.  Plaintiff has made multiple new requests regarding the scope of that

28   production just in the past week.  Walgreens cannot agree to produce its dispensing data until

1    those negotiations are complete, given the sensitivity of the patient medical information contained

2    in the data.

3          Moreover, the number of additional documents produced by certain Defendants in this

4    case, as represented by Plaintiff above, is misleading and does not reflect that those documents

5    include extensive jurisdiction-specific transactional data and Order Monitoring Program data that

6    has been produced.  Defendants will continue to work closely with Plaintiffs to finalize

7    custodians and search terms and anticipate rolling out numerous additional productions once

8    those negotiations are complete.

9                    **3.      Plaintiff's Discovery Requests**

10         The parties are meeting and conferring regarding responses to Plaintiff's requests for

11   production from Teva, ABDC, Endo, Cardinal Health, Anda, Noramco, Janssen, and Walgreens.

12   These issues are not ripe for the Court's consideration.

13         **C.      Status of Other Third-Party Discovery**

14         At the last status conference, Plaintiff reported that it has deemed certain San Francisco

15   departments and entities as outside of Plaintiff's custody and control.  Defendants either have

16   issued, or will issue, subpoenas to those San Francisco entities likely to have discoverable

17   information, among other third-party subpoenas.

18         Since submission of the last joint case management statement, Defendants have served

19   third-party subpoenas on Aetna, Anthem Blue Cross Life & Health Insurance, Co., Blue Shield of

20   California, California Public Employees' Retirement System, Cigna Health & Life Insurance,

21   Co., OptumRx, Express Scripts, Inc., University of California San Francisco Office of Medical

22   Affairs & Governance, and the San Francisco District Attorney.  Service of certain other third-

23   party discovery has been delayed due to COVID-19.

24

25   DATED:   December 17, 2020                Respectfully submitted,

26                                            */s/ Elizabeth J. Cabraser*
     DENNIS J. HERRERA                        Elizabeth J. Cabraser
27   City Attorney                            Richard M. Heimann
     RONALD P. FLYNN                          Paulina do Amaral
28   YVONNE R. MERE                           Kevin R. Budner
     OWEN J. CLEMENTS                         Michael Levin-Gesundheit

2101232.3                          - 11 -            JOINT STATUS UPDATE
                                                     CASE. NO. 18-CV-07591-CRB-JSC

1   SARA J. EISENBERG                          Jacob H. Polin
    JAIME M. HULING DELAYE                     LIEFF CABRASER HEIMANN &
2   Deputy City Attorneys                      BERNSTEIN, LLP
    Fox Plaza                                  275 Battery Street, 29th Floor
3   1390 Market Street, Sixth Floor            San Francisco, California 94111-3339
    San Francisco, CA  94102                   Telephone: 415.956.1000
4   Telephone:  415/554-3957                   Facsimile: 415.956.1008
    jaime.hulingdelaye@sfcityatty.org          ecabraser@lchb.com
5
    Aelish M. Baig                             Paul J. Geller
6   Matthew S. Melamed                         Mark J. Dearman
    Hadiya K. Deshmukh                         Dorothy P. Antullis
7   ROBBINS GELLER RUDMAN & DOWD               ROBBINS GELLER RUDMAN & DOWD LLP
    LLP                                        120 East Palmetto Park Road, Suite 500
8   Post Montgomery Center                     Boca Raton, FL  33432
    One Montgomery Street, Suite 1800          Telephone:  561/750-3000
9   San Francisco, CA  94104                   561/750-3364 (fax)
    Telephone:  415/288-4545                   pgeller@rgrdlaw.com
10  415/288-4534 (fax)                         mdearman@rgrdlaw.com
    aelishb@rgrdlaw.com                        dantullis@rgrdlaw.com
11
    Thomas E. Egler                            Louise Renne
12  Carissa J. Dolan                           RENNE PUBLIC LAW GROUP
    ROBBINS GELLER RUDMAN & DOWD               350 Sansome Street, Suite 300
13  LLP                                        San Francisco, CA 94104
    655 West Broadway, Suite 1900              Telephone:  415/848-7240
14  San Diego, CA  92101                       415/848-7230 (fax)
    Telephone:  619/231-1058                   lrenne@publiclawgroup.com
15  619/231-7423 (fax)
    tome@rgrdlaw.com
16  cdolan@rgrdlaw.com

17  Jennie Lee Anderson                        Kevin Sharp
    Audrey Siegel                              SANFORD HEISLER SHARP, LLP
18  ANDRUS ANDERSON LLP                        611 Commerce Street, Suite 3100
    155 Montgomery Street, Suite 900           Nashville, TN  37203
19  San Francisco, CA  94104                   Telephone:  615/434-7000
    Telephone:  415/986-1400                   615/434-7020 (fax)
20  415/986-1474 (fax)                         ksharp@sanfordheisler.com
    jennie@andrusanderson.com
21  audrey.siegel@andrusanderson.com

22  Edward Chapin                              David S. Casey, Jr.
    SANFORD HEISLER SHARP, LLP                 Gayle M. Blatt
23  655 West Broadway, Suite 1700              Alyssa Williams
    San Diego, CA  92101                       CASEY GERRY SCHENK FRANCAVILLA
24  Telephone:  619/577-4253                   BLATT & PENFIELD LLP
    619/577-4250 (fax)                         110 Laurel Street
25  echapin2@sanfordheisler.com                San Diego, CA  92101-1486
                                               Telephone:  619/238-1811
26                                             619/544-9232 (fax)
                                               dcasey@cglaw.com
27                                             gmb@cglaw.com
                                               awilliams@cglaw.com
28

1

2      Ellen Relkin                              Melinda Davis Nokes
       WEITZ & LUXENBERG P.C.                    WEITZ & LUXENBERG P.C.
3      700 Broadway                              1880 Century Park East
       New York, NY  10003                       Los Angeles, CA  90067
4      Telephone:  212/558-5500                  Telephone:  310/247-0921
       212/344-5461 (fax)                        310/786-9927 (fax)
5      erelkin@weitzlux.com                      mnokes@weitzlux.com

6      Paul F. Novak
       Tiffany Ellis
7      WEITZ & LUXENBERG, P.C.
       24th Floor, The Fisher Building
8      3011 W. Grand Boulevard
       Detroit, Michigan 48202
9      Tel: (313) 800-4170
       pnovak@weitzlux.com

10     *Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco
       City Attorney Dennis J. Herrera*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DATED:  December 17, 2020                    Respectfully submitted,

2  By: */s/ Steven J. Boranian*                 By: */s/ Sonya D. Winner*

3      Steven J. Boranian (Bar No. 174183)          Sonya D. Winner (Bar No. 200348)
       Luke S. Porter (Bar No. 323847)              Nathan E. Shafroth (Bar No. 232505)
4      REED SMITH LLP                               Isaac D. Chaput (Bar No. 326923)
       101 Second Street, Suite 1800                COVINGTON & BURLING LLP
5      San Francisco, CA 94105                      Salesforce Tower
       Telephone: (415) 543-8700                    415 Mission Street, Suite 5400
6      Facsimile: (415) 391-8269                    San Francisco, California 94105-2533
       sboranian@reedsmith.com                      Telephone: + 1 (415) 591-6000
7      lporter@reedsmith.com                        Facsimile: + 1 (415) 591-6091
                                                    swinner@cov.com
8      Eric J. Buhr (Bar No. 217528)                nshafroth@cov.com
       Sarah B. Johansen (Nar No. 313023)           ichaput@cov.com
9      REED SMITH LLP
       355 South Grand Avenue, Suite 2900           *Attorneys for Defendant*
10     Los Angeles, CA 90071                        *McKesson Corporation*
       Telephone: (213) 457-8000
11     Facsimile: (213) 457-8080
       ebuhr@reedsmith.com
12     sjohansen@reedsmith.com                  By: */s/ Neelum J. Wadhwani*
                                                    Neelum J. Wadhwani (Bar No. 247948)
13                                                  Colleen McNamara (pro hac vice)
                                                    Enu A. Mainigi (pro hac vice)
14     *Attorneys for Defendant*                    WILLIAMS & CONNOLLY LLP
       *AmerisourceBergen Drug Corporation*         725 Twelfth Street, NW
15                                                  Washington, DC  20005
                                                    Tel:  (202) 434-5000
16                                                  Fax:  (202) 434-5029
                                                    nwadhwani@wc.com
17                                                  emainigi@wc.com

18

19

20                                                  Edward W. Swanson, SBN 159859
                                                    August Gugelmann, SBN 240544
21                                                  SWANSON & McNAMARA LLP
                                                    300 Montgomery Street, Suite 1100
22                                                  San Francisco, California 94104
                                                    Telephone: (415) 477-3800
23                                                  Facsimile: (415) 477-9010
                                                    ed@smllp.law
24                                                  august@smllp.law

25
                                                    *Attorneys for Defendant*
26                                                  *Cardinal Health, Inc.*

27

28

By: */s/ Zachary W. Byer*
Zachary W. Byer (S.B. #301382)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Tel: (213) 680-8400
zachary.byer@kirkland.com

Jennifer G. Levy, P.C. (pro hac vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 879-5000
Fax: (202) 879-5200
jennifer.levy@kirkland.com

Donna Welch, P.C. (pro hac vice)
Timothy W. Knapp, P.C. (pro hac vice)
Karl Stampfl (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
donna.welch@kirkland.com
tknapp@kirkland.com
karl.stampfl@kirkland.com

*Attorneys for Defendants Allergan Finance,
LLC f/k/a Actavis, Inc. f/k/a Watson
Pharmaceuticals, Inc., Allergan Sales, LLC
and Allergan USA, Inc.*

By: */s/ Amy R. Lucas*
Amy R. Lucas (S.B. #264034)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Tel: (310) 553-6700
Fax: (310) 246-6779
alucas@omm.com

Charles C. Lifland (S.B. #108950)
Sabrina H. Strong (S.B. #200292)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071

By: */s/ Elizabeth A. Sperling*
Elizabeth A. Sperling (CA Bar No. 231474)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Fax: (213) 576-1100
elizabeth.sperling@alston.com

Daniel G. Jarcho (pro hac vice)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 239-3300
Daniel.jarcho@alston.com

Cari K. Dawson (pro hac vice)
Scott A. Elder (pro hac vice)
Jenny A. Hergenrother (pro hac vice)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
cari.dawson@alston.com
scott.elder@alston.com
jenny.hergenrother@alston.com

*Attorneys for Defendant Noramco, Inc.*

By: */s/ Zachary Hill*
Zachary Hill (S.B. #275886)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: (415) 442-1000
zachary.hill@morganlewis.com

Wendy West Feinstein (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd.Fl.
Pittsburgh, PA 15219-6401
Tel: (412) 560-7455
wendy.feinstein@morganlewis.com

*Attorneys for Defendants
Teva Pharmaceuticals USA, Inc.;*

Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com
sstrong@omm.com

Amy J. Laurendeau (S.B. #198321)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994
alaurendeau@omm.com

Stephen D. Brody (pro hac vice)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
sbrody@omm.com

*Attorneys for Defendants Johnson &*
*Johnson, Janssen Pharmaceuticals, Inc.,*
*Ortho-McNeil-Janssen Pharmaceuticals,*
*Inc., and Janssen Pharmaceutica, Inc.*

By: */s/ Alan R. Ouellette*
Alan R. Ouellette (CA Bar No. 272745)
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile:  (415) 434-4507
aouellette@foley.com

James W. Matthews (Pro Hac Vice)
Ana M. Francisco (Pro Hac Vice)
Katy E. Koski (Pro Hac Vice)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199-7610
Telephone:     (617) 342-4000
Facsimile:     (617) 342-4001
jmatthews@foley.com
afrancisco@foley.com
kkoski@foley.com

*Attorneys for Defendant Anda, Inc.*

*Cephalon, Inc.; Actavis LLC; Actavis*
*Pharma, Inc. f/k/a Watson Pharma, Inc.;*
*Watson Laboratories, Inc.; Warner*
*Chilcott Company LLC; Actavis South*
*Atlantic LLC; Actavis Elizabeth LLC;*
*Actavis Mid Atlantic LLC; Actavis*
*Totowa LLC; Actavis Kadian LLC;*
*Actavis Laboratories UT, Inc. f/k/a*
*Watson Laboratories, Inc.-Salt Lake*
*City; and Actavis Laboratories FL, Inc.*
*f/k/a Watson Laboratories, Inc.-Florida*

By: */s/ Sean O. Morris*
Sean O. Morris (SBN 200368)
John D. Lombardo (SBN 187142)
ARNOLD & PORTER KAYE
SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199
Sean.Morris@arnoldporter.com
John.Lombardo@arnoldporter.com

*Attorneys for Defendants Endo*
*Pharmaceuticals Inc., Endo Health*
*Solutions Inc., Par Pharmaceutical, Inc.,*
*and Par Pharmaceutical Companies,*
*Inc.*

By: */s/ Charles J. Stevens*
Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

Kaspar Stoffelmayr (pro hac vice)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift (pro hac vice)

1

kate.swift@bartlitbeck.com
BARTLIT BECK LLP

2

54 West Hubbard Street
Chicago, IL 60654

3

Telephone:  312.494.4400

4

Facsimile:  312.494.4440

5

Alex Harris (pro hac vice)
alex.harris@bartlitbeck.com

6

BARTLIT BECK LLP

7

1801 Wewatta Street, Suite 1200
Denver, CO 80202

8

Telephone:  303.592.3100
Facsimile:  303.592.3140

9

10

*Attorneys for Defendant Walgreen Co.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -

1

## <u>ATTESTATION</u>

2          Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this

3   document has been obtained from the above signatories.

4   Dated: December 17, 2020                              By: <u>/s/ *Elizabeth J. Cabraser*</u>

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 17, 2020, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

/s/ *Elizabeth J. Cabraser*
Elizabeth J. Cabraser