*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

## JOINT SUBMISSION ON FACT DEPOSITION LIMITS

In the remote deposition protocol, the parties committed to presenting "proposed limits on the number of fact witness depositions that may be taken by each side in this action" either "as a stipulated proposal or as competing proposals submitted jointly." Dkt. 406. The parties have met and conferred but have not reached agreement. Their respective proposals are presented below.

### I.   Plaintiff's Proposal: 45 fact depositions per side

Plaintiff proposes that each side get 45 "party" fact depositions, with the following qualifications. First, both sides agree that their proposed limitations apply to Rule 30(b)(6) depositions and any fact deposition of former and current employees, including all current and former employees of any department or division of the City and County of San Francisco. Second, Plaintiff and all but one Defendant agree that depositions taken in other opioid case tracks would be treated as taken here (with all other relevant objections preserved) and would not count against either side's limits in this case.[1] Third, Plaintiff submits that Defendants' fact depositions should be allocated evenly among the groups—*i.e.*, 15 each for the Manufacturer Defendants, Distributor Defendants, and Walgreens. This proposal provides all parties the opportunity to take the fact depositions they need to prove and defend their case.

Perhaps unsurprisingly, Defendants want more. But they cannot explain how their proposal—***100*** fact depositions—is reasonable or proportional to the needs of this case. Indeed, under Plaintiff's proposal, Defendants could elect to depose *every single one* of Plaintiff's document custodians and still have more than ten fact depositions left over. Defendants have made no compelling argument specific to the facts of this case that would entitle them to more. Instead, their meet-and-confer arguments were rooted in apples-to-oranges comparisons with limitations imposed in other case tracks.

This comparison falls flat for several reasons. For starters, in recent case tracks, the defendants have been limited to far fewer than the 100 depositions Defendants request here. For example, in Case Track 3—the MDL bellwether brought by *two* Ohio counties that is set for trial in October 2021—"the number of depositions allowed of Plaintiffs" was limited to "no more than **75 combined**." *In re: National Prescription Opiate Litig.*, No. 1:17-md-2804, Dkt. 3329 at 4 (N.D. Ohio. June 8, 2020) (emphasis in original). In other words, Defendants are now requesting significantly more depositions to defend against one plaintiff than they got to defend against two. This is particularly inappropriate given that Plaintiff here has streamlined its case by narrowing the number of claims (only three remain), the City departments at issue (down to ten), and the categories of relief (no damages and several large categories of abatement excised).

Forty-five party depositions for Defendants collectively—broken down as described above—is more than enough in this context and, as always, if Defendants can show a substantial

---

[1] The Janssen defendant group apparently disagrees, but their position has not been communicated to Plaintiff at the time of writing. If Plaintiff is forced to re-examine all relevant witnesses who have been deposed, then significantly more depositions would be required.

- 1 -

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

need for more depositions later, the issue can be revisited.

With respect to the depositions available to *Plaintiff*, the parties' disagreement is less concrete. Defendants seem to agree that the number of fact depositions Plaintiff proposes to take (45) is reasonable—indeed, it is significantly *fewer* than Defendants have allocated to Plaintiff under Defendants' own proposal. Yet, in the meet and confer, Defendants maintained a "fundamental" objection with any "symmetrical" proposal that gives both sides the same number of depositions, because, as Defendants contend, Plaintiff already has access to depositions taken in other case tracks. This conceptual framework doesn't make sense: if Defendants agree that the number Plaintiff requests is reasonable, as they have, then the comparison to the number available to Defendants is irrelevant.

But even if the comparison were relevant, "symmetry" would be more than appropriate and, if anything, generous to Defendants.[2] The People here have to prove their case against dozens of Defendants; Defendants are defending against only one Plaintiff. The MDL court recognized the asymmetry inherent in this context by initially granting MDL bellwether plaintiffs nearly *four times* the number of depositions as the defendants. *In re: National Prescription Opiate Litig.*, No. 1:17-md-2804, Dkt. 544 at 4 (N.D. Ohio. May 31, 2018). Some of those depositions will be relevant to the People's case, but many more were specific to the Ohio county plaintiffs. Viewed in this context, Plaintiff's proposal is reasonable (conservative, really) and should be adopted.

## II. Defendants' Proposal

Defendants propose that they be collectively permitted to take up to 100 fact depositions of Plaintiff-affiliated witnesses (including all current and former employees of the City and County of San Francisco) and that—in addition to the many depositions to which Plaintiff already has access—Plaintiff be permitted to take up to five fact depositions of each Defendant Corporate Group.[3] As part of this proposal, in order to avoid duplicative depositions, every deposition of a Defendant or any of its employees previously taken in other opioid-related litigation pending in state or federal court may be treated as if taken in this case, subject to Defendants' objections to relevance, admissibility, and/or use of the depositions in this matter.[4]

The Court should adopt Defendants' proposed limitations, and reject Plaintiff's proposal, for two reasons. *First*, Defendants' proposal recognizes—as the Court has also recognized—that the parties began this litigation with a severe imbalance in the discovery available to them. While Plaintiff accurately represented to the Court in February of last year that "discovery of defendants is substantially complete," Dkt. 67 at 3, Defendants' discovery from Plaintiff began at

---

[2] If anything, true reciprocity would afford Plaintiff 45 depositions *for each Defendant*, a request Plaintiff does not make in light of the work that has come before.

[3] "Defendant Corporate Group" refers to corporate affiliates that are named defendants in this action (*e.g.*, Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Allergan Sales, LLC and Allergan USA, Inc. comprise one Defendant Corporate Group).

[4] Defendant Janssen agrees with this proposal in principle, but believes that the parties should individually negotiate and come to agreement on which depositions will be treated as taken in this action on a case-by-case basis.

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

square one following remand. In terms of depositions, Plaintiff already has hundreds of transcripts at its disposal from the MDL and numerous state court opioid actions. For example, McKesson alone has produced transcripts from 71 depositions taken of McKesson witnesses in opioid-related litigation. While certain of these depositions were specific to the cases in which they were taken, many of the witnesses provided testimony that is nationally or regionally (to California) relevant. Defendants have produced to Plaintiff more than 175 deposition transcripts from Track One of the MDL alone, and have produced far more from other federal and state opioid-related litigation. By contrast, no Defendant has taken a single deposition of a San Francisco employee in any opioid case.

Plaintiff characterized its proposal in meet-and-confer discussions as imposing "symmetric" limitations on the parties. That characterization ignores the asymmetric status of discovery. Plaintiff's proposal—which *also* would grant Plaintiff use of every Defendant deposition from other opioid cases—would allow Plaintiff to expand on this existing arsenal of hundreds of deposition transcripts while permitting Defendants to take only a handful of depositions of Plaintiff. That would be profoundly asymmetric and unfair. Any setting of limitations on the number of depositions must start from the premise that "discovery of defendants [wa]s substantially complete" at the time this case arrived back on this Court's docket, Dkt. 67 at 3, and therefore Plaintiff should be permitted substantially fewer depositions of Defendants than Defendants may take of Plaintiff.

*Second*, Plaintiff's proposal that Defendants collectively may take just 45 fact depositions is wholly insufficient given the sprawling nature of Plaintiff's case and the sweeping relief it seeks. Plaintiff's proposal would prevent Defendants from deposing a full two-thirds of the roughly 70 San Francisco employees Plaintiff has itself identified as knowledgeable about this case—a list Plaintiff intends to supplement "over the course of further investigation"—much less anyone else. Plf's 2d Supp. Resp. to Distributor Defs' 1st Rogs., at 7. For this reason, Plaintiff's proposal is deficient on its face.

Plaintiff claims that its proposal is reasonable because it has excised entire issues, limited its case, and narrowed its claims and categories of relief. The fact remains, however, that Plaintiff seeks to hold Defendants liable for a complex public health issue that has unfurled over the course of more than 15 years, and will likely seek hundreds of millions, if not billions, in monetary relief to be expended by at least ten separate San Francisco departments.[5] This is not a "streamlined" case. By way of comparison, in the "Track 3" cases pending before the MDL court, plaintiffs are two small Ohio counties. In those cases, which bring claims solely against retail pharmacies, defendants are permitted to take up to 75 fact depositions of plaintiffs and plaintiffs may take up to 7 fact depositions of each defendant.

Defendants' proposal is in line with limitations imposed in other opioid-related litigation and appropriately accounts for the status of discovery and the scope and needs of this case.

---

[5] For example, in the Orange County action, Plaintiff seeks over $50 billion in "abatement" for Orange County, Los Angeles County, Santa Clara County, and the City of Oakland, with over $5.8 billion and $1.9 billion to be allocated to Santa Clara and Oakland, respectively.

- 3 -

2115650.6

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

| | |
|---|---|
| DATED:   January 15, 2021 | Respectfully submitted, |
| | */s/ Kevin R. Budner* |
| DENNIS J. HERRERA<br>City Attorney<br>RONALD P. FLYNN<br>YVONNE R. MERE<br>OWEN J. CLEMENTS<br>SARA J. EISENBERG<br>JAIME M. HULING DELAYE<br>Deputy City Attorneys<br>Fox Plaza<br>1390 Market Street, Sixth Floor<br>San Francisco, CA  94102<br>Telephone:  415/554-3957<br>jaime.hulingdelaye@sfcityatty.org | Elizabeth J. Cabraser<br>Richard M. Heimann<br>Paulina do Amaral<br>Kevin R. Budner<br>Michael Levin-Gesundheit<br>Jacob H. Polin<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111-3339<br>Telephone: 415.956.1000<br>Facsimile: 415.956.1008<br>ecabraser@lchb.com |
| Aelish M. Baig<br>Matthew S. Melamed<br>Hadiya K. Deshmukh<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  415/288-4545<br>415/288-4534 (fax)<br>aelishb@rgrdlaw.com | Paul J. Geller<br>Mark J. Dearman<br>Dorothy P. Antullis<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000<br>561/750-3364 (fax)<br>pgeller@rgrdlaw.com<br>mdearman@rgrdlaw.com<br>dantullis@rgrdlaw.com |
| Thomas E. Egler<br>Carissa J. Dolan<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>tome@rgrdlaw.com<br>cdolan@rgrdlaw.com | Louise Renne<br>RENNE PUBLIC LAW GROUP<br>350 Sansome Street, Suite 300<br>San Francisco, CA 94104<br>Telephone:  415/848-7240<br>415/848-7230 (fax)<br>lrenne@publiclawgroup.com |
| Jennie Lee Anderson<br>Audrey Siegel<br>ANDRUS ANDERSON LLP<br>155 Montgomery Street, Suite 900<br>San Francisco, CA  94104<br>Telephone:  415/986-1400<br>415/986-1474 (fax)<br>jennie@andrusanderson.com<br>audrey.siegel@andrusanderson.com | Kevin Sharp<br>SANFORD HEISLER SHARP, LLP<br>611 Commerce Street, Suite 3100<br>Nashville, TN  37203<br>Telephone:  615/434-7000<br>615/434-7020 (fax)<br>ksharp@sanfordheisler.com |

2115650.6

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

| | |
|---|---|
| Edward Chapin<br>SANFORD HEISLER SHARP, LLP<br>655 West Broadway, Suite 1700<br>San Diego, CA  92101<br>Telephone:  619/577-4253<br>619/577-4250 (fax)<br>echapin2@sanfordheisler.com | David S. Casey, Jr.<br>Gayle M. Blatt<br>Alyssa Williams<br>CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP<br>110 Laurel Street<br>San Diego, CA  92101-1486<br>Telephone:  619/238-1811<br>619/544-9232 (fax)<br>dcasey@cglaw.com<br>gmb@cglaw.com<br>awilliams@cglaw.com |
| Ellen Relkin<br>WEITZ & LUXENBERG P.C.<br>700 Broadway<br>New York, NY  10003<br>Telephone:  212/558-5500<br>212/344-5461 (fax)<br>erelkin@weitzlux.com | Melinda Davis Nokes<br>WEITZ & LUXENBERG P.C.<br>1880 Century Park East<br>Los Angeles, CA  90067<br>Telephone:  310/247-0921<br>310/786-9927 (fax)<br>mnokes@weitzlux.com |

Paul F. Novak
Tiffany Ellis
WEITZ & LUXENBERG, P.C.
24th Floor, The Fisher Building
3011 W. Grand Boulevard
Detroit, Michigan 48202
Tel: (313) 800-4170
pnovak@weitzlux.com

*Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera*

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

DATED:  January 15, 2021

By: */s/ Steven J. Boranian*
    Steven J. Boranian (Bar No. 174183)
    Luke S. Porter (Bar No. 323847)
    REED SMITH LLP
    101 Second Street, Suite 1800
    San Francisco, CA 94105
    Telephone: (415) 543-8700
    Facsimile: (415) 391-8269
    sboranian@reedsmith.com
    lporter@reedsmith.com

    Eric J. Buhr (Bar No. 217528)
    Sarah B. Johansen (Bar No. 313023)
    REED SMITH LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071
    Telephone: (213) 457-8000
    Facsimile: (213) 457-8080
    ebuhr@reedsmith.com
    sjohansen@reedsmith.com

*Attorneys for Defendant*
*AmerisourceBergen Drug Corporation*

Respectfully submitted,

By: */s/ Sonya D. Winner*
    Sonya D. Winner (Bar No. 200348)
    Nathan E. Shafroth (Bar No. 232505)
    Isaac D. Chaput (Bar No. 326923)
    COVINGTON & BURLING LLP
    Salesforce Tower
    415 Mission Street, Suite 5400
    San Francisco, California 94105-2533
    Telephone: + 1 (415) 591-6000
    Facsimile: + 1 (415) 591-6091
    swinner@cov.com
    nshafroth@cov.com
    ichaput@cov.com

*Attorneys for Defendant*
*McKesson Corporation*

By: */s/ Neelum J. Wadhwani*
    Neelum J. Wadhwani (Bar No. 247948)
    Colleen McNamara (pro hac vice)
    Enu A. Mainigi (pro hac vice)
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
    Washington, DC  20005
    Tel:  (202) 434-5000
    Fax:  (202) 434-5029
    nwadhwani@wc.com
    emainigi@wc.com

    Edward W. Swanson, SBN 159859
    August Gugelmann, SBN 240544
    SWANSON & McNAMARA LLP
    300 Montgomery Street, Suite 1100
    San Francisco, California 94104
    Telephone: (415) 477-3800
    Facsimile: (415) 477-9010
    ed@smllp.law
    august@smllp.law

*Attorneys for Defendant*
*Cardinal Health, Inc.*

2115650.6

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

By: */s/ Zachary W. Byer*
　　Zachary W. Byer (S.B. #301382)
　　KIRKLAND & ELLIS LLP
　　555 South Flower Street
　　Los Angeles, CA 90071
　　Tel: (213) 680-8400
　　zachary.byer@kirkland.com

　　Jennifer G. Levy, P.C. (pro hac vice)
　　KIRKLAND & ELLIS LLP
　　1301 Pennsylvania Ave., N.W.
　　Washington, D.C. 20004
　　Tel: (202) 879-5000
　　Fax: (202) 879-5200
　　jennifer.levy@kirkland.com

　　Donna Welch, P.C. (pro hac vice)
　　Timothy W. Knapp, P.C. (pro hac vice)
　　Karl Stampfl (pro hac vice)
　　KIRKLAND & ELLIS LLP
　　300 North LaSalle, Chicago, IL 60654
　　Tel: (312) 862-2000
　　Fax: (312) 862-2200
　　donna.welch@kirkland.com
　　tknapp@kirkland.com
　　karl.stampfl@kirkland.com

　　*Attorneys for Defendants Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Allergan Sales, LLC and Allergan USA, Inc.*


By: */s/ Amy R. Lucas*
　　Amy R. Lucas (S.B. #264034)
　　O'MELVENY & MYERS LLP
　　1999 Avenue of the Stars, 8th Floor
　　Los Angeles, CA 90067
　　Tel: (310) 553-6700
　　Fax: (310) 246-6779
　　alucas@omm.com

　　Charles C. Lifland (S.B. #108950)
　　Sabrina H. Strong (S.B. #200292)
　　O'MELVENY & MYERS LLP

By: */s/ Elizabeth A. Sperling*
　　Elizabeth A. Sperling (CA Bar No. 231474)
　　ALSTON & BIRD LLP
　　333 South Hope Street, 16th Floor
　　Los Angeles, CA 90071
　　Telephone: (213) 576-1000
　　Fax: (213) 576-1100
　　elizabeth.sperling@alston.com

　　Daniel G. Jarcho (pro hac vice)
　　ALSTON & BIRD LLP
　　950 F Street, NW
　　Washington, DC 20004
　　Telephone: (202) 239-3300
　　Daniel.jarcho@alston.com

　　Cari K. Dawson (pro hac vice)
　　Scott A. Elder (pro hac vice)
　　Jenny A. Hergenrother (pro hac vice)
　　ALSTON & BIRD LLP
　　1201 West Peachtree Street, Suite 4900
　　Atlanta, GA 30309-3424
　　Telephone: (404) 881-7000
　　cari.dawson@alston.com
　　scott.elder@alston.com
　　jenny.hergenrother@alston.com

　　*Attorneys for Defendant Noramco, Inc.*


By: */s/ Zachary Hill*
　　Zachary Hill (S.B. #275886)
　　MORGAN, LEWIS & BOCKIUS LLP
　　One Market, Spear Street Tower
　　San Francisco, CA 94105-1596
　　Tel: (415) 442-1000
　　zachary.hill@morganlewis.com

　　Wendy West Feinstein (*pro hac vice*)
　　MORGAN, LEWIS & BOCKIUS LLP
　　One Oxford Centre, 32nd.Fl.
　　Pittsburgh, PA 15219-6401
　　Tel: (412) 560-7455
　　wendy.feinstein@morganlewis.com

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

|  |  |
|---|---|
| 400 South Hope Street<br>Los Angeles, CA 90071<br>Tel: (213) 430-6000<br>Fax: (213) 430-6407<br>clifland@omm.com<br>sstrong@omm.com<br><br>Amy J. Laurendeau (S.B. #198321)<br>O'MELVENY & MYERS LLP<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 823-6900<br>Fax: (949) 823-6994<br>alaurendeau@omm.com<br><br>Stephen D. Brody (pro hac vice)<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Tel: (202) 383-5300<br>Fax: (202) 383-5414<br>sbrody@omm.com<br><br>*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc.*<br><br>By: */s/ Alan R. Ouellette*<br>Alan R. Ouellette (CA Bar No. 272745)<br>FOLEY & LARDNER LLP<br>555 California Street, Suite 1700<br>San Francisco, CA 94104-1520<br>Telephone: (415) 434-4484<br>Facsimile:  (415) 434-4507<br>aouellette@foley.com<br><br>James W. Matthews (Pro Hac Vice)<br>Ana M. Francisco (Pro Hac Vice)<br>Katy E. Koski (Pro Hac Vice)<br>FOLEY & LARDNER LLP<br>111 Huntington Avenue<br>Boston, MA 02199-7610<br>Telephone:     (617) 342-4000<br>Facsimile:     (617) 342-4001<br>jmatthews@foley.com | *Attorneys for Defendants Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company LLC; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; and Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-Florida*<br><br>By: */s/ Sean O. Morris*<br>Sean O. Morris (SBN 200368)<br>John D. Lombardo (SBN 187142)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017-5844<br>Tel: (213) 243-4000<br>Fax: (213) 243-4199<br>Sean.Morris@arnoldporter.com<br>John.Lombardo@arnoldporter.com<br><br>*Attorneys for Defendants Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc.*<br><br>By: */s/ Charles J. Stevens*<br>Charles J. Stevens (SBN 106981)<br>cstevens@gibsondunn.com<br>Joshua D. Dick (SBN 268853)<br>jdick@gibsondunn.com<br>Kelsey J. Helland (SBN 298888)<br>khelland@gibsondunn.com<br>GIBSON DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA  94105<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306 |

- 8 -

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

    afrancisco@foley.com
    kkoski@foley.com

*Attorneys for Defendant Anda, Inc.*

Kaspar Stoffelmayr (pro hac vice)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift (pro hac vice)
kate.swift@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone:  312.494.4400
Facsimile:  312.494.4440

Alex Harris (pro hac vice)
alex.harris@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone:  303.592.3100
Facsimile:  303.592.3140

*Attorneys for Defendant Walgreen Co.*

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

## **ATTESTATION**

  Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: January 15, 2021          By: /s/ *Kevin R. Budner*

*City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*
Case No. 3:18-cv-7591-CRB-JSC

## CERTIFICATE OF SERVICE

I hereby certify that, on January 15, 2021, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

      /s/ *Kevin R. Budner*
           Kevin R. Budner