IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 18-cv-07591-CRB <br><br> **ORDER RE: MOTION TO QUASH WALGREENS' SUBPOENAS** <br><br> Dkt. No. 456 |

The Court wishes for Walgreens Co. ("Walgreens") to address the status of its July 23, 2020 subpoenas issued to the California Board of Pharmacy ("Board"). See Board Mot. to Quash and Mot. for Protective Order (dkt. 282) at 1 (citing Declaration of Anne Sodergren (Sodergren Decl.), Exs. 1, 2).

The Board moved to quash Walgreens' subpoenas, or in the alternative, for a protective order, on September 23, 2020. Id. In its original motion to quash, the Board argued that the subpoenas (1) posed an undue burden on the Board; (2) sought irrelevant information; and (3) required the production of privileged materials. Id. at 5-16. The Court held the September 23, 2020 motion to quash was in abeyance pending the decision from the Court of Appeal, Fourth Appellate District, Division One, in California State Board of Registered Nursing v. Superior Court of Orange County, Johnson & Johnson, et. al., Case No. D077441 (People v. Purdue Pharma, et al, Orange County Superior Court Case No. 30-2014-00725287-CU-BT-CXC). See Minute Entry for Mot. to Quash Hearing (Dkt. 390).

On January 15, 2021, the California Court of Appeal issued it decision in the related

state court proceedings.  See Orange County, Case No. D077441 (Jan. 15, 2021) (dkt. No. 456-1) .  In that decision, the California Court of Appeal overturned the trial court's order compelling responses to subpoenas issued by Walgreens that differ little from the at-issue subpoenas here.  Id. at 4-5 (describing the subpoenas as "demand[ing] the production of documents in various extremely broad categories related to illicit drugs, opioid medications, opioid prescriptions, opioid overdoses, and opioid-related complaints and disciplinary proceedings.").  The California Court of Appeal found the subpoena requests "overbroad and not reasonably calculated to lead to the discovery of admissible evidence." Id. at 7.  Further, the Court of Appeal determined the requests "ran afoul of the constitutional right to privacy and the statutory official information and deliberative process privileges." Id.  However, in discussing Walgreens' requests for production of complete investigatory files and administrative records of the Board, the Court of Appeal "express[ed] no opinion whether a more limited order compelling production of specific documents within those categories, or aggregate statistics, would be proper." Id. at 36.

The Board has filed a Request for Ruling on the Board's Motion to Quash and, in the Alternative, Motion for a Protective Order.  See Dkt. 456 at 1.  In light of the California Court of Appeals' decision and the Board's renewed motion, the Court directs Walgreens to submit briefing on the status of its July 23, 2020 subpoenas.  Specifically, Walgreens should address whether it has plans to revise or withdraw the subpoenas, or if the Court should decide the motion to quash on the current record. Walgreens' response shall be filed on or before February 19, 2021.  The Board's further reply, if any, shall be filed by February 26, 2021.

This Order disposes of Docket No. 456

**IT IS SO ORDERED.**

Dated: February 12, 2021.

JACQUELINE SCOTT CORLEY
United States Magistrate Judge