IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB<br><br>**ORDER RE: DEFENDANTS' REQUEST FOR ADDITIONAL CUSTODIANS AND CURES DATA**<br><br>Re: Dkt. 463 |

Now pending before the Court is a joint discovery dispute letter regarding Plaintiff's document-search custodians and Plaintiff's production of certain CURES data. See Dkt. 463. Defendants seek an order compelling Plaintiff to produce (1) documents from nine additional custodians (physicians employed at hospitals and clinics affiliated with the City and County of San Francisco), and (2) reports from the CURES database, California's prescription drug monitoring system. See id. at 1.[1] The Court heard oral argument on these issues on March 3, 2021. See Dkt. 470.

**DISCUSSION**

**A.     Motion to Compel Production of Nine Additional Custodians**

Defendants have asked the Court to compel Plaintiff to produce documents from nine additional custodians. See Dkt. 463 at 6. Defendants claim the custodians' prescribing practices are "especially relevant" to Plaintiff's allegations because an understanding of their prescribing

---

[1] The Parties met and conferred on the CURES data issue on January 22, 2021 and on the initial request for additional custodians on February 1, 2021. See id.

behavior, their internal communications, and their views on citywide policy go directly to causation. See id. at 1-2; Dkt. 470. Indeed, Defendants argue that the request for additional custodians was triggered by Plaintiff's own "red flag" analysis of Walgreens' prescriptions, which shows that Plaintiff's own providers wrote thousands of "flagged" prescriptions and, therefore, contributed to the harm. See Dkt. 463 at 2.

Upon hearing the Court's comments at oral argument, Defendants asked for leave to further meet and confer with Plaintiff to narrow their requests. See Dkt. 470. Therefore, the Court DENIES Defendants' request as stated, without prejudice, and orders the Parties to meet and confer on the issue. If the Parties cannot resolve the issue by March 12, 2021, the Parties shall submit a new joint discovery dispute letter if Defendants wish to pursue the matter.

### B. Motion to Compel Production of CURES Data

Defendants also seek documents relating to, and received from, California's CURES database. See Dkt. 463 at 2. The CURES data at issue is in the possession of Plaintiff's epidemiologists at the Department of Health. Id. at 3. Defendants contend that "[i]nformation about how plaintiff and its epidemiologists use CURES data is important to understand how plaintiff has assessed and responded to prescription drug abuse and diversion in San Francisco, issues at the heart of plaintiff's claims." Id. at 2. Plaintiff argues that the CURES data at issue is unavailable to Plaintiff to produce under its "data use agreement" with the California Department of Justice ("Cal. DOJ"). Id. The Court finds both the law and the data use agreement permit disclosure for the reasons explained below. Therefore, the Court GRANTS Defendants' Motion to Compel the CURES data in Plaintiff's possession.

#### 1. The CURES data is not privileged.

In a January 15, 2021 decision, the California Court of Appeals determined that the statute governing disclosure of CURES data did not create an independent privilege to withhold data in response to a discovery request. Bd. of Registered Nursing v. Superior Court of Orange Cty., Cal. Rptr. 3d 889, 912 (2021) (calling the statute's limitations on disclosure "not particularly strict" and noting that the implementing regulations "expressly allow for disclosure in response to a subpoena if compelled by court order."); see also PSM Holding Corp. v. Nat'l Farm Fin. Corp.,

2

884 F.3d 812, 820 (9th Cir. 2018) ("When interpreting state law, federal courts are bound by decisions of the state's highest court . . . In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.") (internal quotation marks and citations omitted).

Plaintiff does not argue, and the Court is unaware of any reason, that the California Supreme Court would resolve the issue differently than the Court of Appeals. The CURES statute states:

> "CURES shall operate under existing provisions of law to safeguard the privacy and confidentiality of patients. Data obtained from CURES shall only be provided to appropriate state, local, and federal public agencies for disciplinary, civil, or criminal purposes and to other agencies or entities, as determined by the department, for the purpose of educating practitioners and others in lieu of disciplinary, civil, or criminal actions. Data may be provided to public or private entities, as approved by the department, for educational, peer review, statistical, or research purposes, if patient information, including information that may identify the patient, is not compromised. Further, data disclosed to an individual or agency as described in this subdivision shall not be disclosed, sold, or transferred to a third party, unless authorized by, or pursuant to, state and federal privacy and security laws and regulations."

Cal. Health & Saf. Code, § 11165, subd. (c)(2)(A).

While Plaintiff is correct that the statutory scheme is written with the intent for the data to be used for "educational, peer review, statistical, or research purposes," by its own terms, the statute contemplates disclosure during civil litigation. See id. Indeed, the regulations governing the access and use of CURES data by bona fide researchers allows for disclosure of CURES data in response to a "court order." See Cal. Code Regs. tit. 11, § 826.4. Further, the at-issue data is "de-identified" (i.e., patient, prescriber, and pharmacy names and information are excluded) such that no confidentiality or privacy concerns arise. See Dkt. 463 at 6. Plaintiff cannot successfully resist disclosure on the basis that the at-issue data is privileged.

### 2. The data use agreement expressly contemplates the production of CURES data in response to a court order.

Plaintiff also argues against disclosure by pointing to the data use agreement (Dkt. 463, Ex. G) between it and the Cal. DOJ, arguing the agreement limits the use of CURES data to certain

enumerated purposes, restricts disclosure or transfer of the data, and that under the agreement, "Plaintiff's counsel have not even seen the data." Dkt. 463 at 6. For these reasons, Plaintiff argues that Defendants' requests for production amount to requests for a "City employee to breach his contract with Cal. DOJ" and, therefore, that the requests are "absurd." Id.

Not so. The data use agreement expressly contemplates disclosure during discovery in response to a court order. See Dkt. 463, Ex. G at 2 ¶ 9 ("CURES Data may not be disclosed or transferred in legal proceedings or in response to subpoenas in the absence of a court order) (emphasis added). An order from this Court granting Defendants' motion to compel is exactly what is sought here. Therefore, Defendants' request is not "absurd" (nor will it result in a breach of contract), but merely reflects the proper process for disclosure under law.

### 3. Cal. DOJ has not contested Plaintiff's production of the data.

At oral argument, Plaintiff raised the prospect of its relationship with Cal. DOJ being impaired if Plaintiff discloses the CURES data requested. See Dkt. 470. The Court notes that while there is an ongoing dispute between Defendants and the Cal. DOJ regarding the disclosure of CURES data (see, e.g., Dkt. 465), Cal. DOJ has expressed no opinion as to whether the data held by the City's epidemiologists should or should not be disclosed notwithstanding its awareness of the dispute. Moreover, the data use agreement (drafted by Cal. DOJ) reflects at least an implicit understanding that certain CURES data may be disclosed at times in response to discovery requests during civil litigation. See Dkt. 463, Ex. G at 2 ¶ 9. Regardless, Cal. DOJ's opinion on the matter and Plaintiff's fears that disclosure may affect its standing with that department are not necessary for the Court to address before ordering disclosure of the CURES data. The DOJ knew that the data was subject to disclosure upon court order and yet, has chosen not to address this particular dataset before the Court. Therefore, Plaintiff is not entitled to use Cal. DOJ as a shield against disclosure.

### 4. The at-issue data is relevant to Defendants' defense.

Last, disclosure is proper because the at-issue data is potentially relevant to the defense. See Fed. R. Civ. P. 26(b)(2). It may well turn out that after analyzing the de-identified CURES data, Defendants will determine that the data is not useful or the trial court will determine the data

4

is not admissible.[2]  However, this possibility does not mean the data is not discoverable.  This case is about the prescribing, dispensing and distribution of opioids.  Data regarding the same is relevant and given that Defendants have asked for the dataset in its current anonymized form, and that Plaintiff raises no burden argument, its production is proportional to the needs of the case.

## CONCLUSION

Because the at-issue CURES data is relevant, unprivileged, and proportional to the needs of the case, the Court GRANTS Defendants' motion to compel the CURES data held by Plaintiff's epidemiologists.  However, the Court DENIES Defendants' request for Plaintiff to produce additional custodians without prejudice and orders the Parties to meet and confer on the issue.  The Parties shall complete their meet and confer efforts on the issue by March 12, 2021, and shall thereafter submit a new joint discovery dispute letter brief if they remain at an impasse.

**IT IS SO ORDERED.**

Dated: March 5, 2021.

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] Defendants have yet to access and analyze this data, so it is impossible to answer this question definitively at the moment.