United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 18-cv-07591-CRB <br><br> **ORDER RE: PLAINTIFF'S FIRST AND SECOND SET OF RFPDS TO ENDO** <br><br> Re: Dkt. 461 and 474 |

**INTRODUCTION**

Now pending before the Court is a joint discovery letter filed by Plaintiff and Endo Pharmaceuticals, Inc. and its subsidiaries ("Endo" and together with Plaintiff, the "Parties"), summarizing the existing discovery-related disputes between the Parties. See Dkt. 461; Dkt. 474. The discovery disputes addressed therein were discussed at oral argument on March 3, 2021. See Dkt. 470. At oral argument, the Court directed the Parties to submit a revised version of the discovery letter brief with sub-docketed exhibits. Id. The Parties complied and have produced a sub-docketed discovery letter. See Dkt. 474.

There are four issues raised in the discovery letter brief: *first*, whether Plaintiff is bound by the MDL search terms Endo provided in August 2020 and September 2020 in response to Plaintiff's First Set of RFPDs; *second*, whether Endo's written responses to Set Two of Plaintiff's RFPDs are insufficient under Rule 34 of the Federal Rules of Civil Procedure ("Rule 34") and need be amended to identify documents by Bates number; *third*, whether Endo can lawfully refuse to produce additional custodians and materials related to its subsidiary Par's unbranded marketing campaigns aimed at distributors and pharmacists; and *fourth*, whether Endo must produce certain

backup tapes in its possession related to Eric Vandal, a former Endo executive involved in the marketing of Percocet. See Dkt. 474 at 1-8.

After carefully considering the Parties' submissions, the Court concludes as follows. *First*, the Court DENIES without prejudice Plaintiff's motion to compel Endo to implement the jurisdiction-specific search terms that Plaintiff has proposed. See Dkt. 474 at 1; Dkt. 474-3. *Second*, the Court DENIES without prejudice Plaintiff's motion to compel production of Eric Vandal's custodial file. See Dkt. 474 at 3. The Parties shall meet and confer on each of these issues and, if no resolution is reached by March 12, 2021, the Parties shall submit a joint discovery dispute letter to the Court outlining the remaining disputes. *Third*, with respect to Endo's written responses to Set Two of Plaintiff's RFPDs, the Court is satisfied with Endo's responses and citation to Bates number ranges and, therefore, DENIES Plaintiff's motion to compel more detailed responses. See id. at 2, 5-6; generally Dkt. 474-15. *Fourth*, with respect to Par's unbranded marketing efforts, the Court GRANTS Plaintiff's motion to compel and orders Endo to: (1) identify additional custodians responsible for Par's unbranded marketing efforts; and (2) to produce documents related to Par's marketing campaigns requested in Plaintiff's First and Second Set of RFPDS. See Dkt. 474 at 3; also Dkt. 474-7 at 10; Dkt. 474-8 at 7; Dkt. 474-9 at 3.

The Court's analysis on each issue is provided in greater depth below.

## DISCUSSION

### A. Jurisdiction-Specific Search Terms

The first issue is whether the additional jurisdiction-specific case discovery search terms proposed by Plaintiff are proper and timely. See Dkt. 474 at 1.[1] At oral argument on March 3, 2021, Endo lamented that Plaintiff's request to compel production of discovery related to the newly proposed search terms was "premature." See Dkt. 470. That is, because Endo provided its counterproposal to Plaintiff's jurisdiction-specific search terms on the night of March 2, 2021 (and the hearing occurred on the morning of March 3, 2021), the issue was not ripe for resolution as

---

[1] The additional search terms were first proposed by Plaintiff on January 8, 2021. See id. The terms were again revised on February 8, 2021 and were sent to Endo's counsel for review on the same date. Id.

2

Endo was still awaiting a response on its counterproposal from Plaintiff. See id. The Court understands that the Parties are now in good faith negotiating the inclusion of the jurisdiction-specific search terms and, therefore, the Court will not intervene. The Parties shall meet and confer to discuss the issue by March 12, 2021. If the Parties cannot agree upon the scope of the jurisdiction-specific search terms by that date, they shall jointly submit a discovery dispute letter to the Court to resolve the issue.

Regardless of the Parties' ongoing negotiations, the timeliness of Plaintiff's proposals can still be addressed. Endo argued in the discovery letter brief that Plaintiff's request for additional search terms was untimely. See Dkt. 474.[2] Specifically, Endo claims that on December 2, 2020, Endo "informed Plaintiff that they would utilize the search terms described in August 2020 [the MDL search terms], as well as additional search terms targeting diversion-and-compliance-related materials applied to custodians with responsibilities to Opana ER in the Bay Area. According to Endo, Plaintiff raised no concerns about the existing search terms at that time, "nor did Plaintiff propose any 'migration-specific' terms that Plaintiff now contends are necessary." Dkt. 474 at 4 (internal footnote omitted) (citing Dkt. 474-12). For its part, Plaintiff argues the search terms are being provided "in furtherance of this Court's December 21, 2020 order regarding additional custodians and the applicable temporal scope of Plaintiff's First Set of RFPDs, and in advance of the Endo Defendants' responses to Plaintiff's Second Set of RFPDs, Served on December 3, 2020." Id. at 1 (citing Ex. 1).

The Court agrees with Plaintiff that its proposals are timely. On January 8, 2021, when Plaintiff first proposed additional search terms to Endo, Plaintiff asked Endo to notify counsel immediately "if they had any questions or concerns about applying the search terms." Id. at 1. Endo voiced no objections until January 29, 2021, three weeks later. See id. Moreover, Endo has consistently responded to the relevant RFPD with objections only, arguing that it does not understand what "migration" means and thereby delaying the dispute around the addition of jurisdiction-specific search terms. See id. at 1. Endo has, at least as of March 2, 2021 (the night

---

[2] Further, Endo indicated at oral argument that it intended to reserve this argument for the future. See Dkt. 470.

before the Parties' hearing on the matter), also failed to identify which search terms it objects to and why. See id. Additionally, allowing the Parties to continue negotiations on this topic would not prejudice Endo. In fact, Endo sent a list of jurisdiction-specific search terms to Plaintiff as recently as March 2, 2021, indicating a willingness to negotiate. See Dkt. 470. Moreover, Endo's counsel stated at oral argument that it has produced documents related to the current, agreed-upon search terms within the past few weeks. Id. Endo's counterproposal and its ongoing productions on this matter undermine its argument that Plaintiff's submissions were untimely.[3]

### B. Sufficiency of Endo's Bates Number References

The second issue is whether Endo's written responses to Set Two of Plaintiff's RFPDs comply with Rule 34. See Dkt. 474 at 2. Plaintiff argues that Endo improperly relies on past productions without identifying documents by Bates number. See id. Endo counters that its responses "provide specific objections tailored to each of Plaintiff's requests" and points to several exhibits that purportedly demonstrate compliance. See id. at 5 (citing Dkt. 474-15, Dkt. 474-16, and Dkt. 474-17). Additionally, Endo points out that Rule 34 is not as demanding as Plaintiff suggests. See Dkt. 474 at 5 (citing Fed. R. Civ. P. 34(b) 2015 Advisory Committee Notes ("The producing party does not need to provide a detailed description or log of all documents withheld . . . . An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'") and Williams v. Taser Int'l, Inc., 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006) (denying motion to compel producing party to "organize and label documents according to [movant's] specific requests.')). At oral argument, Endo indicated that the burden of organizing its documents to the degree of specificity that Plaintiff requests would be burdensome and time-consuming, such that granting the motion to compel would be impractical and unfair. See Dkt. 470.

---

[3] In any event, the jurisdiction-specific search terms are highly relevant to the case and excluding them from discovery on timeliness grounds would severely prejudice Plaintiff. See Dkt. 474 at 1 ("Endo takes the position that Plaintiff is bound by MDL search terms it provided in August 2020 and again in September 2020 in response to Plaintiff's First Set of RFPDs."). Ordering e-discovery to proceed solely on the basis of the MDL search terms would likely exclude many documents and communications that are highly relevant to the merits of this case. The potential relevance of the subject-matter at issue counsels in favor of allowing the Parties to meet and confer on the issue.

4

After considering the Parties' arguments and reviewing Endo's written responses to Plaintiff's Second Set of RFPDs (see Dkt. 474-15 at 50-110), the Court concludes that Endo's responses, and the Bates number ranges referenced therein, are sufficient to comply with the Court's previous orders and Rule 34. See Dkt. 474- 5 at 48:6-7 ("[B]y Bates number -- ***I don't mean each particular one – by batch, or generally***"); see also Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."). Ordering more detailed responses upon Endo would impose an undue (and nearly impossible) burden. Given Endo's fulsome disclosure of Bates number ranges thus far and the fact that Plaintiff has access to all the materials at issue, the Court DENIES Plaintiff's motion to compel.

### C. Par's Unbranded Marketing Efforts

The third issue is whether Par, an Endo subsidiary, is required to identify additional custodians and to produce certain documents related to its unbranded marketing efforts. See Dkt. 474 at 3. Plaintiff identifies large gaps in production with respect to Par's marketing campaigns as support for its motion to compel. See Dkt. 474 at 3 (citing Dkt. 474-7 at 10 (listing sell sheets, web sites, social media pages, tradeshows, print advertisements, and internal graphics support as discoverable areas); Dkt. 474-8 at 7 (listing "color photo sell sheet" and "new product introduction fax" as discoverable areas); Dkt. 474-9 at 3 (listing various forms of marketing sell sheets as discoverable areas)). Endo's response is two-fold: (1) it has already produced documents related to Par's former Director of Marketing and related to a junior member of its marketing team; thus, no more custodians are needed; and (2) because Par was aiming its marketing at distributors and pharmacies, and not opioids prescribers themselves, Plaintiff's requests are unlikely to yield relevant evidence. See Dkt. 270; also Dkt. 474 at 8.

Endo's arguments fail to persuade the Court. The goal of Endo's marketing campaigns was to change the behavior of end-customers (i.e., opioids prescribers). Plaintiff credibly alleges that Par's unbranded marketing efforts permeated into the public domain and affected the behavior of opioids prescribers. Dkt. 285 at 3 ("The[] [marketing] defendants allegedly created and used a marketing enterprise that targeted physicians, patients, lawmakers, and enforcement agencies, in a

5

1    systematic effort to change prescriber habits and public perception regarding prescription
2    opioids.") (citing Dkt. 125 ¶¶ 225–546) (emphasis added). Therefore, the marketing materials are
3    relevant to Plaintiff's case for purposes of discovery. Plaintiff has identified the areas where
4    Endo's productions have been deficient on this topic. See, e.g., Dkt. 474-7 at 10; Dkt. 474-8 at 7;
5    and Dkt. 474-9 at 3. Thus, Plaintiff's request is proportional to the needs of the case. Endo's bald
6    assertions to the contrary hold no weight.

### D.    Eric Vandal's Custodial Files

The fourth and final issue is whether Endo need produce documents related to Eric Vandal, one of the original marketing managers behind Endo's product, Percocet. See Dkt. 474 at 7. On December 21, 2020, the Court ordered Endo to include Eric Vandal as a custodian "to the extent there are any additional files available for him." Dkt. 419 at 3. Endo believes his custodial files are "not accessible" as a matter of law. See Dkt. 474 at 8; also Fed. R. Civ. P. Rule 26(c). Endo has identified relevant files contained on four 16-year-old backup tapes that Endo says may be difficult and time consuming to restore. Id. Additionally, Endo has identified an unknown number of additional backup tapes in its possession that "may include email server data" for Eric Vandal from 2005. Id.

For the Court to resolve the issue, Endo must first produce an estimate of the cost and time necessary to restore the backup tapes at issue. Plaintiff may very well be willing to absorb the cost of restoring the backup tapes itself, but it is Endo's duty to articulate the burden in the first instance. See Fed. R. Civ. P. Rule 26(c). The Parties must further meet and confer on the issue before the Court considers the issue further. Therefore, the Court DENIES without prejudice Plaintiff's motion to compel production of Eric Vandal's custodial files. The Parties shall meet and confer by March 12, 2021. If the Parties are unable to reach a resolution by that date, they shall submit further a joint discovery letter brief on the matter for the Court to consider.

## CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice Plaintiff's motion to compel Endo to implement the jurisdiction-specific search terms that Plaintiff has proposed. See Dkt. 474 at 1. The Court also DENIES without prejudice Plaintiff's Motion to compel production

of Eric Vandal's custodial file.  See id. at 3.  The Parties shall meet and confer on these issues by March 12, 2021.  If no agreement is reached by that date, the Parties shall submit a joint discovery dispute letter to the Court outlining the remaining disputes.

Further, because Endo has responded to Plaintiff's RFPDs with sufficient specificity to satisfy Rule 34, the Court DENIES Plaintiff's motion to compel more detailed responses.  See Dkt. 474-15 at 50-110.  However, because Par's unbranded marketing campaigns are highly relevant to this case, the Court GRANTS Plaintiff's motion to compel Endo to identify additional custodians and to produce documents related to Par's unbranded marketing efforts.  See Dkt. 474 at 3.

**IT IS SO ORDERED.**

Dated: March 8, 2021.

JACQUELINE SCOTT CORLEY
United States Magistrate Judge