XAVIER BECERRA
Attorney General of California
MICHELLE M. MITCHELL
Supervising Deputy Attorney General
KEITH L. WURSTER
Deputy Attorney General
State Bar No. 198918
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7907
 Fax: (916) 324-8835
 E-mail: Keith.Wurster@doj.ca.gov
*Attorneys for Non-Party California Department of Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiff, <br><br> v. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendant. | 3:18-CV-07591-CRB <br><br> **NOTICE OF ERRATA TO DECLARATION OF KEITH L. WURSTER IN SUPPORT OF NON-PARTY CALIFORNIA DEPARTMENT OF JUSTICE'S OPPOSITION TO WALGREEN CO.'S MOTION TO COMPEL** <br><br> Date: March 17, 2021 <br> Time: 9:00 A.M. <br> Courtroom: 6 <br> Judge: Hon. Jacqueline Scott Corley <br> Trial Date: To Be Set <br> Action Filed: March 13, 2020 |

TO THE COURT AND TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that due technical issues, Exhibits 13, 14, 15, 16, and 17 were not filed with the Declaration of Keith L. Wurster in Support of Non-Party California Department of Justice's Opposition to Walgreen Co.'s Motion to Compel filed with this court on March 9, 2021. Attached are the Exhibits to such Declaration.

1

Counsel for Non-Party California Department of Justice apologizes for any inconvenience this may have caused and asks that the Court and the parties take notice accordingly.

Dated: March 9, 2021

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MICHELLE M. MITCHELL
Supervising Deputy Attorney General

/s/ *Keith L. Wurster*
KEITH L. WURSTER
Deputy Attorney General
*Attorneys for Non-Party California Department of Justice*

SA2020303595
34896438.docx

2

Notice of Errata to Declaration of Keith L. Wurster in Support of Non-Party CA Dept. of Justice's Opp to Walgreen Co.'s Motion to Compel (3:18-CV-07591-CRB)

EXHIBIT 13

| | |
|---|---|
| **From:** | Keith Wurster |
| **To:** | Sten Jernudd |
| **Cc:** | Kate Swift |
| **Subject:** | RE: Walgreens - CA DOJ Subpoena Logistics |
| **Date:** | Friday, February 12, 2021 1:53:00 PM |

Sten,

Thank you for your email. As I informed you yesterday in my email my schedule today is full, so I do not have time to fully respond to your email or your proposed letter to the Court. In short, I think your plan is improper in that it attempts to deny the CA DOJ its statutory rights to respond to a subpoena issued to CA DOJ as a non-party. In addition, the content of the proposed letter does not provide the Court with all of the relevant information, and your characterization of the McKesson subpoena and the meet and confer process is misleading. We certainly have not completed our meet and confer on Walgreen's subpoena or on the limitations you proposed last Friday, February 5. Accordingly, I object to your characterization of events, the McKesson subpoena, and your statement of the position taken by the CA DOJ. I reserve the right to correct the record you are attempting to make with the Court and I intend to fully address the deficiencies in your proposed course of action and your proposed letter to the Court at the appropriate time.

Best Regards,

    Keith

**Keith L. Wurster**
Deputy Attorney General | Government Law Section
California Department of Justice
1300 I Street, 10th Floor | Sacramento, CA 95814
Phone: **916.210.7907** | Fax: 916.324.8835
keith.wurster@doj.ca.gov


**From:** Sten Jernudd <Sten.jernudd@bartlitbeck.com>
**Sent:** Friday, February 12, 2021 12:00 PM
**To:** Keith Wurster <Keith.Wurster@doj.ca.gov>
**Cc:** Kate Swift <kate.swift@bartlitbeck.com>
**Subject:** RE: Walgreens - CA DOJ Subpoena Logistics

Keith,

Thanks for your response. We can't wait any longer to raise these issues with the court. Defendants served the initial subpoena in September. We have met and conferred several times, narrowed our requests significantly, yet DOJ has steadfastly refused to provide the discovery we are seeking, and has never suggested that its position may change. At your insistence, we served a new, identical subpoena, with Walgreens as the serving party, because you refused to continue our negotiations under the initial subpoena after McKesson (the initial serving party) was stayed. We did not anticipate that you would use our cooperation in that regard to obtain further delay.

We plan to submit the following letter to the court today, seeking a briefing schedule on our motion to compel, and explaining that the CA DOJ has not agreed to follow Judge Corley's letter-briefing process as set forth in Doc. 382 (attached). We will copy you on our communications with the court.

Thank you.

---

Dear Ms. Means and Judge Corley,

We write on behalf of Walgreens in the opioids litigation, *San Francisco v. Purdue*, Case No. 3:18-CV-07591, to request a briefing schedule on a motion to compel CURES data and related information from the California Dept. of Justice, a non-party. We are requesting formal briefing because the DOJ, whose counsel is copied here, has not agreed to proceed under the Court's letter-briefing process set forth in Discovery Order No. 2, Doc. 382.

This matter has become urgent given the court's schedule in this case, and Walgreens seeks to avoid any further delay. Defendants (through McKesson) served a subpoena on the DOJ in September 2020, and counsel for both McKesson and Walgreens met and conferred with DOJ's counsel several times, making clear throughout that we would move to compel relevant CURES data and other information if DOJ did not agree to produce it. Then, at the Court's December 18 status conference, Judge Corley ruled that the parties could defer briefing on CURES data and related information until the California Court of Appeal issued its decision on related subpoenas in the *Orange County* opioids litigation. The California court ruled on January 15.

Then, on January 26, Judge Breyer entered a stay of claims and discovery against McKesson. In light of the stay, the DOJ has taken the position that it need not comply with the subpoena that McKesson served. Walgreens' counsel has conferred with DOJ in an attempt to resolve or narrow this dispute and present it as quickly as possible to the Court. At DOJ's request, Walgreens served a new, identical subpoena, naming Walgreens as the serving party, on February 3. DOJ has asserted that no motion is ripe until it has time to serve additional objections in response to that subpoena, but has never suggested it would change its position. To the contrary, DOJ has given every indication it will continue to oppose the subpoena.

Therefore, Walgreens intends to file its motion to compel CURES data and related information from the DOJ, and seeks the following briefing schedule diverging from the Court's letter-briefing process in this case:

Monday, Feb. 22 – Walgreens' opening brief

Monday, March 8 – DOJ's response

Monday, March 15 – Walgreens' reply

Please let us know if the Court seeks additional information.

Thank you,

Sten Jernudd, Counsel for Walgreens

# BartlitBeck LLP

Sten A. Jernudd | p: 312.494.4439 | c: 206.271.5594 | sten.jernudd@bartlitbeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Keith Wurster <Keith.Wurster@doj.ca.gov>
**Sent:** Thursday, February 11, 2021 5:01 PM
**To:** Sten Jernudd <Sten.jernudd@bartlitbeck.com>
**Cc:** Kate Swift <kate.swift@bartlitbeck.com>
**Subject:** RE: Walgreens - CA DOJ Subpoena Logistics

Sten,

Sorry I was not able to respond to your email sooner, but I have had, and continue to have a number of other time sensitive matters that require my attention. I am not available today to discuss the matters covered in your email. I note that I think it is premature to conclude the meet and confer process is complete given that the Attorney General's Office accepted service of the subpoena just last Friday and we have neither served you with our formal objections to the subpoena nor have you responded to those objections. In addition, the compliance date for the subpoena issued by Walgreen's is February 24, 2021. Also in the email you sent Friday outlining the proposed limitations on the scope of the subpoena, one of the proposed remaining categories was quite vague and requires some clarification. I can be available next week to discuss the proposed limitations, potential motions related to this subpoena, which may include a motion to quash, and the items listed in your email, even though I feel some of those discussions may be premature. If I have some time open up unexpectedly in my schedule tomorrow I will give you a call. Please propose some times and dates for a discussion next week.

Best Regards,

    Keith

**Keith L. Wurster**
Deputy Attorney General | Government Law Section
California Department of Justice
1300 I Street, 10th Floor | Sacramento, CA 95814
Phone: **916.210.7907** | Fax: 916.324.8835
keith.wurster@doj.ca.gov

**From:** Sten Jernudd <Sten.jernudd@bartlitbeck.com>
**Sent:** Wednesday, February 10, 2021 4:52 PM
**To:** Keith Wurster <Keith.Wurster@doj.ca.gov>
**Cc:** Kate Swift <kate.swift@bartlitbeck.com>
**Subject:** Walgreens - CA DOJ Subpoena Logistics

Keith,

I write to follow up on my Friday email and confirm where we stand regarding our outstanding subpoena. If you can agree to produce the information requested—following our narrowing of the subpoena—please let us know as quickly as you can. Given the deadlines in this case, if we are at impasse we must brief this issue immediately.

Assuming you cannot agree to provide what we request, we understand that you are unable to agree to the Court's letter briefing process. As such, we propose the following briefing schedule: we file a motion to compel next week; you have one week for your opposition; we have one week for any reply. If we can reach agreement on the logistics, we would then jointly reach out to the courtroom deputy to explain that DOJ has not agreed to the Court's letter briefing process, but the parties have agreed to the proposed schedule, should it be acceptable to the Court.

Are you available tomorrow to discuss?

Thanks,

Sten

# BartlitBeck LLP

Sten A. Jernudd | p: 312.494.4439 | c: 206.271.5594 | sten.jernudd@bartlitbeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 14

| | |
|---|---|
| **From:** | Kate Swift |
| **To:** | jsccrd@cand.uscourts.gov |
| **Cc:** | Keith Wurster |
| **Subject:** | San Francisco v. Purdue, No. 3:18-CV-7591 - request for briefing schedule |
| **Date:** | Friday, February 12, 2021 2:00:50 PM |

Dear Ms. Means,

I write on behalf of Walgreens in the opioids litigation, *San Francisco v. Purdue*, Case No. 3:18-CV-7591, to request a briefing schedule on a motion to compel CURES data and related information from the California Department of Justice, a non-party. Walgreens requests formal briefing because the DOJ, whose counsel is copied here, has not agreed to proceed under the Court's joint letter-briefing process.

This matter has become urgent given the case schedule, and Walgreens seeks to avoid any further delay. Defendants (through McKesson) served a subpoena on the DOJ in September 2020, and counsel for both McKesson and Walgreens met and conferred with DOJ's counsel several times, making clear throughout that we would move to compel relevant CURES data and other information if DOJ did not agree to produce it. Then, at the Court's December 18 status conference, Judge Corley ruled that the parties could defer briefing on CURES data and related information until the California Court of Appeal issued its decision on related subpoenas in the *Orange County* opioids litigation. The California court ruled on January 15.

On January 26, however, Judge Breyer entered a stay of claims and discovery against McKesson. In light of the stay, the DOJ has taken the position that it need not comply with the subpoena that McKesson served. Walgreens' counsel has conferred with DOJ in an attempt to resolve or narrow this dispute and to present it as quickly as possible to the Court. At DOJ's request, Walgreens served a new, identical subpoena, naming Walgreens as the serving party, on February 3. DOJ has asserted that no motion is ripe until it has time to serve additional objections in response to that new subpoena, but has given every indication it will continue to oppose the subpoena, and has not committed to any schedule for resolving this dispute.

Therefore, Walgreens seeks to file a motion to compel CURES data and related information from the DOJ, and seeks the following briefing schedule diverging from the Court's letter-briefing process, because the DOJ has not agreed to submit a joint letter brief:

Monday, Feb. 22 – Walgreens' opening brief

Monday, March 8 – DOJ's response

Monday, March 15 – Walgreens' reply

Please let us know if the Court seeks additional information or would like us to proceed some other way.

Thank you,

Kate Swift
Counsel for Walgreens

## BartlitBeck LLP

**Katherine M. Swift** | p: 312.494.4405 | c: 773.531.6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 15

| | |
|---|---|
| **From:** | JSC CRD |
| **To:** | "Kate Swift"; JSC CRD |
| **Cc:** | Keith Wurster |
| **Subject:** | RE: San Francisco v. Purdue, No. 3:18-CV-7591 - request for briefing schedule |
| **Date:** | Friday, February 12, 2021 3:16:44 PM |

Counsel:

You need to file something as this form of communication is improper.

Thank you,
Ada

**From:** Kate Swift <kate.swift@bartlitbeck.com>
**Sent:** Friday, February 12, 2021 2:01 PM
**To:** JSC CRD <JSCCRD@cand.uscourts.gov>
**Cc:** Keith Wurster <Keith.Wurster@doj.ca.gov>
**Subject:** San Francisco v. Purdue, No. 3:18-CV-7591 - request for briefing schedule

**CAUTION - EXTERNAL:**

Dear Ms. Means,

I write on behalf of Walgreens in the opioids litigation, *San Francisco v. Purdue*, Case No. 3:18-CV-7591, to request a briefing schedule on a motion to compel CURES data and related information from the California Department of Justice, a non-party. Walgreens requests formal briefing because the DOJ, whose counsel is copied here, has not agreed to proceed under the Court's joint letter-briefing process.

This matter has become urgent given the case schedule, and Walgreens seeks to avoid any further delay. Defendants (through McKesson) served a subpoena on the DOJ in September 2020, and counsel for both McKesson and Walgreens met and conferred with DOJ's counsel several times, making clear throughout that we would move to compel relevant CURES data and other information if DOJ did not agree to produce it. Then, at the Court's December 18 status conference, Judge Corley ruled that the parties could defer briefing on CURES data and related information until the California Court of Appeal issued its decision on related subpoenas in the *Orange County* opioids litigation. The California court ruled on January 15.

On January 26, however, Judge Breyer entered a stay of claims and discovery against McKesson. In light of the stay, the DOJ has taken the position that it need not comply with the subpoena that McKesson served. Walgreens' counsel has conferred with DOJ in an attempt to resolve or narrow this dispute and to present it as quickly as possible to the Court. At DOJ's request, Walgreens served a new, identical subpoena, naming Walgreens as the serving party, on February 3. DOJ has asserted that no motion is ripe until it has time to serve additional objections in response to that new subpoena, but has given every indication it will continue to oppose the subpoena, and has not

committed to any schedule for resolving this dispute.

Therefore, Walgreens seeks to file a motion to compel CURES data and related information from the DOJ, and seeks the following briefing schedule diverging from the Court's letter-briefing process, because the DOJ has not agreed to submit a joint letter brief:

Monday, Feb. 22 – Walgreens' opening brief

Monday, March 8 – DOJ's response

Monday, March 15 – Walgreens' reply

Please let us know if the Court seeks additional information or would like us to proceed some other way.

Thank you,

Kate Swift
Counsel for Walgreens

## BartlitBeck LLP

Katherine M. Swift | p: 312.494.4405 | c: 773.531.6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

EXHIBIT 16

| | |
|---|---|
| **From:** | Kate Swift |
| **To:** | Keith Wurster |
| **Cc:** | Sten Jernudd |
| **Subject:** | SF Opioids - order setting briefing schedule |
| **Date:** | Wednesday, February 17, 2021 6:16:00 PM |
| **Attachments:** | 2021-02-17 Order Re Walgreens" [dckt 458_0].pdf |

Keith –

Before we had a chance to file our motion requesting a briefing schedule today, the court entered the attached order setting a schedule.

# BartlitBeck LLP

Katherine M. Swift | p: 312.494.4405 | c: 773.531.6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 18-cv-07591-CRB (JSC) <br><br> **ORDER RE: WALGREENS' MOTION TO COMPEL CURES DATA FROM CALIFORNIA DEPARTMENT OF JUSTICE** |

Defendant Walgreens has contacted the Court regarding its intention to file a motion to compel CURES data and related information from non-party the California Department of Justice. The Court sets the following briefing schedule for the motion: Walgreens shall file its opening brief by February 22, 2021, the DOJ shall file its response by March 8, 2021, and Walgreens may file a reply by March 15, 2021. Upon completion of the briefing, the Court will notify the parties if a hearing is necessary.

**IT IS SO ORDERED.**

Dated: February 17, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

# EXHIBIT 17

| | |
|---|---|
| **From:** | Sten Jernudd |
| **To:** | Keith Wurster |
| **Cc:** | Kate Swift |
| **Subject:** | FW: OAG Document Production |
| **Date:** | Monday, February 22, 2021 10:54:33 AM |

Keith,

Apologies for any confusion, but we confirm that the CURES data we are seeking is limited to the fields listed in the subpoena, as explained in my February 5 email.

Thanks,

Sten

# BartlitBeck LLP

Sten A. Jernudd | p: 312.494.4439 | c: 206.271.5594 | sten.jernudd@bartlitbeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message

**From:** Sten Jernudd
**Sent:** Friday, February 5, 2021 6:49 PM
**To:** Keith Wurster <Keith.Wurster@doj.ca.gov>; Kate Swift <kate.swift@bartlitbeck.com>
**Subject:** RE: OAG Document Production

Keith,

Thanks for speaking with me today, and clarifying that despite our conversation yesterday, you will _not_ agree to move forward under the existing subpoena. You said you would accept service of a new subpoena via email. Kate sent you a subpoena by email the other day, identical to the earlier subpoena, and that is the subpoena we intend to operate under.

That said, we explained on our call yesterday that we would agree to narrow the scope of what we seek under that subpoena to include just the following: production of the documents you have already agreed to produce in your meet and confers with us and McKesson, production of CURES data for the drugs and fields listed in the subpoena, for nine Bay Area counties, dating back to 2012, and, potentially, production of a small number of investigation files that we would identify for you by name of the party investigated. Please let us know as soon as possible whether you will agree to produce that information.

As we told you yesterday, we do intend to move to compel promptly if we can't reach an agreement.

Thanks, and have a great weekend.

Sten

# BartlitBeck LLP

Sten A. Jernudd | p: 312.494.4439 | c: 206.271.5594 | sten.jernudd@bartlitbeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message

**From:** Keith Wurster <Keith.Wurster@doj.ca.gov>
**Sent:** Friday, February 5, 2021 5:09 PM
**To:** Sten Jernudd <Sten.jernudd@bartlitbeck.com>; Kate Swift <kate.swift@bartlitbeck.com>
**Subject:** RE: OAG Document Production

I am not near my office phone, is there a dial-in number and time you would like to speak?

**From:** Sten Jernudd <Sten.jernudd@bartlitbeck.com>

# CERTIFICATE OF SERVICE

Case Name: **City and County of San Francisco, et al. v. Purdue Pharma LP, et al [Third-party discovery]**

No. **3:18-CV-07591-CRB**

I hereby certify that on March 9, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF ERRATA TO DECLARATION OF KEITH L. WURSTER IN SUPPORT OF NON-PARTY CALIFORNIA DEPARTMENT OF JUSTICE'S OPPOSITION TO WALGREEN CO.'S MOTION TO COMPEL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On March 9, 2021, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jennifer Machlin Cecil
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94000

Paul Laprairie
Andrus Anderson LLP
155 Montgomery Street, 900
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 9, 2021, at Sacramento, California.

| Lindsey Cannan | /s/ *Lindsey Cannan* |
|---|---|
| Declarant | Signature |

SA2020303595/34896478.docx