DENNIS J. HERRERA, State Bar #139669
City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERE, State Bar #173594
Chief of Complex & Affirmative Litigation
OWEN J. CLEMENTS, State Bar #141805
SARA J. EISENBERG, State Bar #269303
JAIME M. HULING DELAYE, State Bar #270784
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Telephone:  415/554-3957
jaime.hulingdelaye@sfcityatty.org

*Attorneys for Plaintiff The People of the State of California,
acting by and through San Francisco City Attorney Dennis J. Herrera*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DENNIS J. HERRERA, <br><br> Plaintiffs, <br><br> vs. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 3:18-cv-07591-CRB <br><br> JOINT STATUS UPDATE |

The parties respectfully submit this Joint Status Update in advance of the Court's discovery conference scheduled for March 17, 2021 at 9:00 a.m.

## I.      JOINT STATEMENT REGARDING SCHEDULE AND DISPUTE RESOLUTION

The parties jointly report on a number of case developments that have taken place since the last conference with the Court.

### A.      Case Schedule – Discovery Order No. 4 (ECF No. 451)

On January 29, 2021, the Court entered Discovery Order No. 4, which sets forth the following forthcoming schedule:

| Event | Schedule |
|---|---|
| Plaintiff's expert reports | May 21, 2021 |
| Close of fact discovery | July 2, 2021 |
| Defendants' expert reports | July 23, 2021 |
| Parties exchange rebuttal reports | August 20, 2021 |
| Close of expert discovery | September 3, 2021 |
| Motions for summary judgment and *Daubert* motions | September 24, 2021 |
| Oppositions to motions for summary judgment and *Daubert* motions | October 22, 2021 |
| Replies in support of motions for summary judgment and *Daubert* motions | November 5, 2021 |
| All trial materials due | November 12, 2021 |
| Final pretrial conference | November 19, 2021 |
| Trial | December 6, 2021 |

### B.      Discovery Orders Issued Since Prior Conference

On March 5, 2021, the Court denied without prejudice Defendants' motion to compel production of nine additional custodians but allowed Defendants an opportunity to "narrow their requests" in further meet-and-confer efforts.  ECF No. 482.  In the same order, the Court granted Defendants' motion to compel production of CURES data held by Plaintiff's epidemiologists.  *Id.*

On March 8, 2021, the Court granted in part and denied in part Plaintiff's motion to compel production and amended discovery responses from Defendants Endo Pharmaceuticals, Inc. and its subsidiaries ("Endo") and Par Pharmaceuticals, Inc. ("Par").  It also ordered the parties to confer further regarding jurisdiction-specific search terms and the production of particular custodial files.  ECF No. 485.

### C.    Order to Stay and Sever Proceedings Against Certain Defendants (ECF No. 441)

On January 26, 2021, the Court entered the Order Staying Proceedings Against Certain Defendants, staying the proceedings as to the Stipulating Defendants and requiring the Stipulating Parties to submit a status update on the proposed settlement within 60 days of the order (on or before March 29, 2021).

### D.    Related Case

On February 3, 2021, the Court granted Walgreens' motions to dismiss, dismissing the claims against Walgreens without prejudice.  On February 16, 2021, plaintiff filed a motion for reconsideration.  On March 2, 2021, the Court granted plaintiff's motion for reconsideration, ordering that an amended complaint be filed by March 22, 2021.  On March 13, 2021, plaintiff filed an unopposed Motion for Leave to Add Walgreens Co. as a defendant in the Amended Complaint.  ECF No. 69.

### E.    Discovery Motions

The parties and non-parties California Board of Pharmacy and California Department of Justice have briefed a number of disputes pursuant to the revised resolution protocol outlined in Discovery Order No. 2 (ECF No. 382) and applicable briefing orders for motions involving the non-parties.  Those disputes are outlined in the chart below:

| Moving Party | Responding Party | Dispute | ECF No. |
|---|---|---|---|
| Board of Pharmacy | Walgreens | Non-Party Board of Pharmacy's Motion to Quash Walgreens' July 23, 2020 Subpoenas | 282, 458 |
| Walgreens | California Department of Justice | Walgreens' Motion to Compel Certain CURES Data | 465 |
| Defendants (Walgreens, joined by Allergan, Anda and Teva) | Plaintiff | Identification of how the shipping of purportedly suspicious orders for prescription opioids has caused Plaintiff harm | 495 |

## II.    PLAINTIFF'S STATEMENT

The parties have continued to work diligently since the last status conference.  This statement outlines the status of issues the parties have resolved and those that may require the Court's input.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.    Plaintiff's Discovery Efforts

#### 1.    Plaintiff's Productions

Plaintiff met the February 26, 2021 substantial completion deadline and is now working diligently to produce its remaining documents and data.  Since the last status conference, Plaintiff has produced an additional 15,600 documents, comprising 106,648 pages, which brings Plaintiff's total production to 383,536 documents and over two million pages.

To date, Plaintiff has produced custodial e-mails from the vast majority of the custodians on which the parties have agreed, including those added late in the discovery process.  Plaintiff expects to complete initial e-mail production for all but the late-added custodians by next week. Plaintiff has also collected almost 20 group and individual non-e-mail custodial sources, as well as numerous database extractions and has produced much of those collections.  The process of privilege review, and then production, from those that remain is underway.  Plaintiff has thus far produced privilege logs covering more than two thousand documents, including two documents clawed back after inadvertent production and documents withheld from the custodians identified as substantially complete in December 2020.  Plaintiff will continue producing additional logs on a rolling basis.

Plaintiff has also collected and produced relevant data from several databases, including from four separate Department of Public Health databases, the Office of the Chief Medical Examiner database, and the Police Department's Crime Data Warehouse ("CDW").  Plaintiff is actively undertaking remaining database collections and collecting additional documents located on the City's shared drives.  To the extent Defendants have raised factual questions regarding Plaintiff's database productions, Plaintiff has and will continue to provide substantive responses.

Defendants raise some purported concerns about Plaintiff's production below.  Plaintiff will respond fully if those disputes become ripe for court intervention.  Two discrete topics, however, require some context now:

**Narrative Field in CDW Entries**: The CDW contains data from police incident reports. As outlined in the last statement, Plaintiff agreed to produce responsive entries, notwithstanding the logistical challenge involved.  It has now done so.  The resulting Excel file contains 192

columns (each corresponding with a field from an incident report) and over 93,000 rows or entries. Without having reviewed the production or offered a plausible explanation for why this field is necessary and proportional, Defendants continue to insist that Plaintiff produce the free-form narrative with each responsive entry.  From Plaintiff's perspective, the narrative field bears little relevance to this litigation and is extremely burdensome to collect, review, and redact – in part because the field can contain extremely sensitive confidential informant information, and each narrative must be reviewed by the respective reporting officer for that incident.  Plaintiff, however, has not categorically refused to produce any information from this field.  Rather, as Plaintiff reiterated in the last status update, it has "expressed willingness to engage with Defendants on isolated requests for specific narratives that they feel are of heightened importance."  ECF No. 469 at 5.  Defendants have not responded to this offer.

**Police Investigation Files:** To the extent that Defendants' statement below suggests that Plaintiff has agreed to produce investigation files, and has delayed in doing so, it is inaccurate. From its initial response to Defendants' discovery requests, Plaintiff has maintained that the Police Department's investigation files are protected under California law.   As such, Plaintiff has consistently refused to produce such investigation files to Defendants.  Moreover, Plaintiff has sufficiently described the manner in which the Police Department's investigation files are maintained to sustain Plaintiff's privilege and burden objections.[1]

**B.      Non-Party Discovery**

Defendants' non-party discovery has been extensive.  To date, the various Defendants have served dozens of subpoenas, comprising, at last count, well over 600 discrete document requests. Nine of those subpoenas (with more than 150 broad document requests) were served on non-party departments or divisions of the City and County of San Francisco, for which Plaintiff does not

---

[1]     As previously stated to Defendants, investigation files are maintained separately by each unit of the San Francisco Police Department.  The Narcotics unit, the unit of the Police Department most likely in possession of investigation files responsive to Defendants' requests, does not have a central repository for such files.  Instead, those investigation files are maintained separately by each officer in that unit.  The Narcotics unit can locate files by Police Department case number, using that reference to identify the individual officer who worked the case and working with that officer to find the requested file.

1  seek abatement costs.  Five departments responded on January 29, 2021, and the remaining four

2  responded on February 19, 2021.  The non-party departments are being diligent in their searches

3  and have begun to collect, review, and produce responsive documents.

4      **C.**    **Defendants' Productions**

5      A number of Defendants have produced documents in other cases, some of which are

6  relevant to this case and have been deemed produced here.  As the Court knows, however, Plaintiff

7  has also sought significant jurisdiction-specific discovery that was not produced in other litigation

8  and that is necessary to proving this specific case.

9      At the time of this writing, some Defendants claim to have substantially completed their

10  production of documents, some have yet to run search terms across agreed to custodians, and others

11  remain silent on the issue.  Until late afternoon on Friday, February 26, 2021, the deadline for

12  substantial completion, **Allergan** still had not produced documents collected specifically for this

13  case; and several agreed-to searches for documents responsive to many of Plaintiff's requests for

14  production remained outstanding.  Allergan produced 190,209 pages of documents on February

15  26, 2021; based on Plaintiff's review, the majority of these documents appear to have originated

16  with Allergan's collection and production of documents pursuant to Judge Polster's sanctions

17  order in the MDL, rather than searches specifically agreed to in this case.  On March 12, 2021,

18  Allergan produced an additional 32,755 pages of documents, and it represented in its cover letter

19  than the production largely completed the outstanding searches and production to which the parties

20  have thus far agreed.  Plaintiff has not yet had the opportunity to analyze the sufficiency of the

21  new production that Allergan represents as containing documents obtained through the agreed-to

22  searches.  But given the distribution of custodians in the new production, it appears that little was

23  produced from the files of custodians identified for further production here.  Moreover, Allergan

24  did not begin to identify responsive documents from its prior productions until January 26, 2021,

25  and Plaintiff is continuing to evaluate the sufficiency of those documents in order to assess whether

26  additional supplementation is required.  Similarly, the **Teva** Defendants (which now include

27  various generic opioid entities Allergan owned for more than 15 years) have made two productions

28  in this case of just over 54,000 pages total, 47,000 pages of which also arrived on January 26,

2021.  Teva avers that it has produced 3.2 million documents, but, to clarify, those productions were made in other opioid cases and deemed produced here.  Thus far, Teva's production made specifically for this case consists of materials from the files of relevant sales representatives who detailed their brand-name fentanyl-containing drugs in San Francisco.  Plaintiff is continuing to review Teva and Allergan's productions and will timely confer with them on any deficiencies Plaintiff identifies.

**Walgreens'** production remains lacking in significant ways.  Walgreens' initial production of February 10, 2021 contained 6,923 documents.  Plaintiff had requested that Walgreens provide an estimate of the remaining volume of San Francisco-specific documents to be produced from custodial files, but Walgreens provided no such estimate.  Walgreens made a second production on the substantial completion deadline consisting of 66,317 pages, which Plaintiff continues to evaluate.  Walgreens later represented that it had substantially completed the production of custodial files for some 51 individuals, but with some significant caveats.  First, the vast majority of those custodians were pre-existing custodians from other litigation tracks.  Second, "substantially complete" in this context did ***not*** include documents collected from search terms negotiated specifically for this case, which Plaintiff has been told should be produced sometime "around the end of the month [of March]."  Third, absent from the list of 51 were seven of the eight dispensing-related custodians negotiated specifically for this case.[2]  As of the substantial completion deadline, Walgreens had not produced a single document from these custodians, and Walgreens has not told Plaintiff when that production will begin, much less be substantially complete.  Walgreens did make an additional production on Friday, March 12, 2021, but based on previous representations, Plaintiff understands that it includes only the remaining documents collected with the MDL search terms on the 51 custodians and does not fill any of the gaps noted

---

[2]    For the second consecutive status report, Walgreens incorrectly suggests below that Plaintiff was somehow dilatory in identifying these jurisdiction-specific custodians.  In fact, Plaintiff had been requesting the predicate information necessary to make a custodian proposal since at least October 2020.  It was only after continued requests that, in January, Walgreens finally provided enough information – albeit far less than Plaintiff requested – such that Plaintiff could make a proposal as to regional and local custodians related to Walgreens' dispensing practices.

1   above.  Finally, Plaintiff and Walgreens exchanged their selection of stores for the production of

2   certain in-store due-diligence materials on March 12, 2021; according to Walgreens, this will result

3   in a substantial production, the timing of which is still in question.  Walgreens has not provided an

4   estimate of the remaining production volume.

5       On January 29, 2021, **Endo** produced 17,359 documents in this case.  On February 26,

6   2021, Endo produced another 3,392 documents and Par produced three documents.  Additionally,

7   Plaintiff has confirmed that productions made in the MDL on February 25, 2021 are also

8   responsive to requests for production served here.  As part of those MDL productions, Endo

9   produced 79,545 documents and Par produced 15,017.  Plaintiff has not yet identified Endo's

10  promised production of updated Board meeting minutes relating to opioids, however.

11      Pursuant to this Court's order of March 8, 2021, counsel for Plaintiff and Endo met and

12  conferred multiple times regarding Plaintiff's proposed search terms and the production of

13  documents from the files of Eric Vandal.  The parties have come to an agreement on the search

14  terms, with the exception of terms containing the term "I."  With the assistance of their respective

15  ESI specialists, the parties have discussed alternative methods for retrieving these documents.

16  Endo has agreed to test these methods on its system and report back to Plaintiff.  Endo has agreed

17  to restore and produce responsive documents from a 2005 backup tape containing Mr. Vandal's

18  e-mails, as well as tapes containing Mr. Vandal's "My Documents" files.  However, Endo

19  informed Plaintiff today that the 2005 backup tape is an incremental tape containing only three

20  months' worth of Mr. Vandal's e-mails.  Endo is now investigating what other tapes may contain

21  Mr. Vandal's e-mails and will report back to Plaintiff.

22      In addition to the foregoing, the parties will continue to meet and confer on at least three

23  issues.  First, Plaintiff is seeking additional Endo sales custodians to replace six sales custodians

24  Endo previously and incorrectly represented had San Francisco Bay Area sales responsibilities.[3]

25

26  ---
    [3]   On December 17, 2020, Endo represented to Plaintiff and this Court that it would produce

27  documents from the files of 29 San Francisco sales custodians.  In its interrogatory responses of
    January 22, 2021, Endo identified the 29 San Francisco sales custodians.  It amended those

28  responses on February 10, 2021 to remove five of those custodians.  Furthermore, as noted in the
    parties' March 2, 2021 Joint Status Update, Plaintiff also recently learned that at least nine of the

1    Second, in light of the Court's March 8, 2021 order, Plaintiff has asked **Par** to propose custodians

2    and search terms relating to Par's unbranded marketing efforts.  Third, in connection with the

3    Chicago opioids litigation, it has recently come to Plaintiff's attention that Medical Science

4    Liaisons, such as San Francisco custodian Bobbie Sue Brown, used a separate call note database

5    that has not yet been searched or produced.  We understand Endo is investigating the production

6    of this information.

7        On March 10, 2021, **Anda** produced 1,703 documents responsive to supplemental search

8    terms and from the custodial files of a recently added document custodian.  Plaintiff is reviewing

9    that production and will meet and confer with Anda regarding any deficiencies identified.  To date,

10   Anda has produced 11,811 documents in this litigation and represented that its production is

11   substantially complete for the first time in this Joint Status Update.

12       **D.    Proposed Agenda for Status Conference**

13       Plaintiff submits that the status conference should address the issues outlined herein.

14   **III.   DEFENDANTS' STATEMENT**

15       **A.    Status of Party Discovery**

16           **1.    Defendants' Discovery Requests**

17       Of the 35 custodians for which Plaintiff has agreed to collect and produce documents, on

18   February 19, 2021 Plaintiff identified 30 custodial email productions as substantially complete,

19   subject to privilege and responsiveness reviews.  Following several months of discussion through

20   the meet and confer process, on Friday (March 21, 2021), Plaintiff made an initial production of

21   data from the Crime Data Warehouse ("CDW"), which Defendants are in the process of reviewing.

22   The CDW was identified by Plaintiff as a source of crucial law enforcement information sought

23   by Defendants.  Despite acknowledging the importance of this data set to Defendants' requests,

24   Plaintiff refuses to produce significant fields of data from the CDW which Defendants believe

25   contain highly relevant detail about the individual matters identified by the CDW.  Specifically,

26

27   ─────────────────────────
     now 24 San Francisco sales custodians Endo represented were "new" for this litigation had in fact

28   already been produced or reproduced in the MDL.  *See* ECF No. 469 at 8.

1   Plaintiff refuses to produce the "narrative" field for any of the CDW entries.[4]  Plaintiff is correct

2   that Defendants have not completed review of "over 93,000 rows or entries" it produced late last

3   Friday, without any accompanying key or description of the data fields included.  However, even

4   initial review reveals entries related to incidents that may be highly relevant, such as entries related

5   to prescription forgery, that lack any field that would identify whether the forged prescription was

6   for an opioid, for example.  It is logical that the narrative field related to the incident would include

7   additional details the officers involved believe were relevant, rendering Plaintiff's insistence that

8   the field "bears little relevance to this litigation" perplexing.

9       Moreover, Plaintiff still has not produced any investigation files from the San Francisco

10  Police Department and still has provided incomplete answers to basic questions from Defendants

11  about how those investigation files are organized, preventing Defendants from assessing the merits

12  of Plaintiff's objections related to producing them.  Plaintiff's ongoing delay is similarly

13  preventing Defendants from even raising specific discovery disputes with the Court, as it prevents

14  Defendants from analyzing what gaps are present and what else Plaintiff may need to produce.

15  Plaintiff's delays are placing further pressure on the compressed case schedule Plaintiff has

16  repeatedly demanded.

17      With respect to Plaintiff's interrogatory responses, Plaintiff has served its Third

18  Supplemental Responses and Objections to the Manufacturer Defendants' First Set of

19  Interrogatories.  The parties are meeting and conferring regarding those responses.  Defendants

20  continue to meet-and-confer with Plaintiff regarding its objections and responses to Distributor

21  Defendants' discovery requests, but note that many responses remain incomplete. Plaintiff has

22  already indicated it will again be supplementing several responses to Distributor Defendants'

23  discovery requests in the future, and indicated on Monday that Defendants will receive

24  supplemental responses to certain interrogatories by March 26, 2021.  Plaintiff and Defendants are

25

26  _____
    [4]   Plaintiff's "willingness to engage with Defendants" on this issue has consisted of a
27  representation that "in the abstract, we do not categorically oppose producing one or two narratives
    if Defendants identify the individual relevance and the narrative could be reviewed, redacted, and
28  produced without undue burden."  This is not sufficient or acceptable.

also meeting and conferring regarding Plaintiffs' Responses and Objections to Walgreens' Requests for Production and Interrogatories. The parties also met and conferred regarding Defendants' new narrowed request for doctor custodial files. While the parties are still negotiating, Defendants expect to file a new dispute letter Wednesday, consistent with the Court's order.

### 2.      Plaintiff's Discovery Requests

Defendants have produced millions of documents in the MDL, which are deemed produced in this case. In addition, Defendants have made additional productions specific to this case. For example, since the last status conference, Walgreens has produced approximately 29,000 documents, including over 4,000 additional documents on March 12, and will roll out its remaining productions shortly. These totals are in addition to the more than 380,000 documents Walgreens has produced in the MDL. By the substantial completion deadline of February 26, Walgreens had substantially completed production of documents for all but the new search terms and custodians Plaintiff waited until January to request.[5] Walgreens has also provided the information on custodians and productions that Plaintiff requested. Walgreens is rolling out its productions as soon as practicable based on the parties' negotiations, as Walgreens repeatedly told Plaintiffs during those negotiations.

Likewise, by the substantial completion deadline, the Endo and Par Defendants had substantially completed their production for all agreed upon custodial and non-custodial searches, including producing over 135,000 documents in this matter specifically. This is in addition to the approximately 4.6 million documents produced in other opioid actions that Endo and Par deemed produced here, including documents from custodial files of some jurisdiction-specific custodians relevant also to this matter. In addition, since the last status conference, and following the Court's order, the parties have continued to meet and confer regarding jurisdiction-specific search terms and to collect documents and email for Eric Vandal. These discussions have been productive, and the parties have substantially narrowed these disputes, including with the Endo and Par Defendants

---

[5]   Plaintiff's n.2 is incorrect. The cause of Plaintiff's delay was Plaintiff's failure to timely make requests. Walgreens provided information in response to Plaintiff's late requests promptly.

1  undertaking to review tens of thousands of additional documents resulting from agreed upon search

2  terms.  The parties  have also agreed to continue meeting and conferring in an effort to resolve any

3  remaining issues.[6]

4      Allergan has deemed produced in this case 724,488 documents and 5,145,819 pages

5  gathered and produced—without geographic limitation—in other opioid cases.  It has also agreed

6  to provide its production in the MDL regarding suspicious order monitoring-related documents.  In

7  late January and early February, Allergan agreed to conduct several additional searches for this

8  case in particular at Plaintiff's request. On February 26, 2021, Allergan produced an additional

9  47,984 documents, including 190,209 pages, which includes the results of several of those

10  searches.  On March 13, 2021, Allergan made another substantial additional production.  Allergan

11  anticipates that the production of additional documents directly into this case, namely additional

12  transactional data requested by Plaintiff and its privilege log, will be minimal as its production is

13  substantially complete.

14      The Teva Defendants have produced over 3.2 million documents, recently substantially

15  completed the production of documents for additional regional custodians and have agreed to

16  production of documents for 2 additional custodians, which Teva expects to complete shortly.

17

18

19  _____

19  [6]    Certain of the issues identified in Plaintiff's section above were not the subject of Plaintiff's

20  recent motion to compel, including its request that Endo "replace six sales custodians Endo
    previously and incorrectly represented had San Francisco Bay Area sales responsibilities."

21  Contrary to Plaintiff's assertion in n.3, *infra*, Endo did not represent that it produced documents
    "from the files of 29 San Francisco sales custodians."  In its submission to this Court, Endo stated

22  accurately that it would agree to produce documents from "a total of 29 sales force custodians."
    ECF No. 405 at 8.  Five of these six sales custodians supervised Opana ER-related detail calls in

23  California, but not in San Francisco specifically.  Plaintiff has been aware of this since at least
    October 16, 2020, when Endo informed Plaintiff of the specific Regional Directors and District

24  Managers who supervised Opana ER-related detail calls in the Bay Area. The sixth sales custodian
    to whom Plaintiff refers is Endo's former National Sales Director, Ron Jackson, who also served

25  as a Regional Director.  Endo informed Plaintiff that it recently learned that Mr. Jackson did not
    have responsibilities specific to the Bay Area as Regional Director, but his national-level

26  responsibilities related to Opana ER are responsive to Plaintiff's requests in this case. Plaintiff has
    access to materials from all of these custodians, including through materials produced in other

27  litigation.  Further, Endo also agreed to and already has produced materials from all of the District
    Manager custodians Plaintiff requested, including all 15 District Managers with responsibilities

28  related to Opana ER in the Bay Area.

1   Teva and Plaintiff continue to meet and confer regarding the requests for documents from Teva
2   Ltd.

3         Anda has deemed produced more than 240,000 documents produced into the MDL in this
4   case.  In addition, Anda produced 3,452 documents compiled using San Francisco-specific search
5   terms and San Francisco-specific transactional data on October 2, 2020.  Following the Court's
6   ruling regarding the Bay Area as the relevant geographic limitation, Anda produced statewide
7   California transactional data on February 5, 2021, and 6,654 documents compiled using Bay Area-
8   specific search terms on February 12, 2021, from the files of 32 different custodians.  Anda also
9   reached agreement with Plaintiff on one additional custodian and three additional search term
10  strings on February 10, 2021, and produced 1,703 documents from this custodian's files and the
11  additional search term results on March 10, 2021.  Anda's production is now substantially
12  complete for all of its custodians with only privilege review remaining.

13        **B.      Status of Other Third-Party Discovery**

14        In April 2020, Defendants served requests for production on plaintiffs for the production
15  of documents and data from all pertinent subdivisions of the City and County of San Francisco.
16  When the City and County was dismissed as a plaintiff, Plaintiff took the position that certain of
17  its subdivisions were not within Plaintiff's custody and control, requiring third-party subpoenas.
18  Defendants therefore served subpoenas on the San Francisco departments and entities that Plaintiff
19  has deemed outside of its custody and control, including the Department of the Environment,
20  Department of Emergency Management, Board of Supervisors, Controller's Office, Mayor's
21  Office, District Attorney's Office, Department of Human Resources, Health Service System, and
22  Human Services Agency.[7]  These subdivisions have now responded to the subpoenas, and the
23  parties are in the process of meeting and conferring regarding those responses.  The parties will
24  submit disputes to the Court as necessary.

25

26

27  _____
    [7]   Defendants have also served subpoenas on the San Francisco Superior Court and the University
28  of California San Francisco Hospital.

1          Defendants are also pursuing third-party discovery from various state agencies, and have

2    subpoenaed multiple professional boards, with which they are meeting and conferring.

3    DATED:  March 16, 2021                    Respectfully submitted,

4                                              ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
5                                              AELISH M. BAIG
                                               HADIYA K. DESHMUKH
6

7                                                     s/ Aelish M. Baig
                                                    AELISH M. BAIG

8                                              Post Montgomery Center
9                                              One Montgomery Street, Suite 1800
                                               San Francisco, CA  94104
10                                             Telephone:  415/288-4545
                                               415/288-4534 (fax)
11                                             aelishb@rgrdlaw.com
                                               hdeshmukh@rgrdlaw.com

12                                             DENNIS J. HERRERA
13                                             City Attorney
                                               RONALD P. FLYNN
14                                             YVONNE R. MERE
                                               OWEN J. CLEMENTS
15                                             SARA J. EISENBERG
                                               JAIME M. HULING DELAYE
16                                             Deputy City Attorneys
                                               Fox Plaza
17                                             1390 Market Street, Sixth Floor
                                               San Francisco, CA  94102
18                                             Telephone:  415/554-3957
                                               jaime.hulingdelaye@sfcityatty.org
19

20                                             ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
21                                             PAUL J. GELLER
                                               MARK J. DEARMAN
22                                             DOROTHY P. ANTULLIS
                                               120 East Palmetto Park Road, Suite 500
23                                             Boca Raton, FL  33432
                                               Telephone:  561/750-3000
24                                             561/750-3364 (fax)
                                               pgeller@rgrdlaw.com
25                                             mdearman@rgrdlaw.com
                                               dantullis@rgrdlaw.com

26

27

28

1

2       ROBBINS GELLER RUDMAN
            & DOWD LLP
3       THOMAS E. EGLER
        655 West Broadway, Suite 1900
4       San Diego, CA  92101
        Telephone:  619/231-1058
5       619/231-7423 (fax)
        tome@rgrdlaw.com

6       LIEFF, CABRASER, HEIMANN
            & BERNSTEIN, LLP
7       ELIZABETH J. CABRASER
        RICHARD M. HEIMANN
8       PAULINA DO AMARAL
        KEVIN R. BUDNER
9       MICHAEL LEVIN-GESUNDHEIT
        275 Battery Street, 29th Floor
10      San Francisco, CA  94111-3339
        Telephone:  415/956-1000
11      415/956-1008 (fax)
        ecabraser@lchb.com
12      rheimann@lchb.com
        pdoamaral@lchb.com
13      kbudner@lchb.com
        mlevin@lchb.com
14
        RENNE PUBLIC LAW GROUP
15      LOUISE RENNE
        350 Sansome Street, Suite 300
16      San Francisco, CA 94104
        Telephone:  415/848-7240
17      415/848-7230 (fax)
        lrenne@publiclawgroup.com
18
        ANDRUS ANDERSON LLP
19      JENNIE LEE ANDERSON
        AUDREY SIEGEL
20      155 Montgomery Street, Suite 900
        San Francisco, CA  94104
21      Telephone:  415/986-1400
        415/986-1474 (fax)
22      jennie@andrusanderson.com
        audrey.siegel@andrusanderson.com
23
        SANFORD HEISLER SHARP, LLP
24      KEVIN SHARP
        611 Commerce Street, Suite 3100
25      Nashville, TN  37203
        Telephone:  615/434-7000
26      615/434-7020 (fax)
        ksharp@sanfordheisler.com
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SANFORD HEISLER SHARP, LLP
EDWARD CHAPIN
655 West Broadway, Suite 1700
San Diego, CA  92101
Telephone:  619/577-4253
619/577-4250 (fax)
echapin2@sanfordheisler.com

CASEY GERRY SCHENK FRANCAVILLA
    BLATT & PENFIELD LLP
DAVID S. CASEY, JR.
GAYLE M. BLATT
ALYSSA WILLIAMS
110 Laurel Street
San Diego, CA  92101-1486
Telephone:  619/238-1811
619/544-9232 (fax)
dcasey@cglaw.com
gmb@cglaw.com
awilliams@cglaw.com

WEITZ & LUXENBERG P.C.
ELLEN RELKIN
700 Broadway
New York, NY  10003
Telephone:  212/558-5500
212/344-5461 (fax)
erelkin@weitzlux.com

WEITZ & LUXENBERG P.C.
MELINDA DAVIS NOKES
1880 Century Park East
Los Angeles, CA  90067
Telephone:  310/247-0921
310/786-9927 (fax)
mnokes@weitzlux.com

WEITZ & LUXENBERG P.C.
PAUL F. NOVAK
TIFFANY R. ELLIS
3011 W. Grand Blvd, 24th Floor
Detroit, MI  48202
Telephone:  313/800-4170
646/293-7960 (fax)
pnovak@weitzlux.com
tellis@weitzlux.com

*Attorneys for Plaintiff The People of the State of
California, acting by and through San Francisco
City Attorney Dennis J. Herrera*

DATED: March 16, 2021

Respectfully submitted,

_____s/ Sean O. Morris_____

_____s/ Zachary Hill_____

Sean O. Morris (SBN 200368)
John D. Lombardo (SBN 187142)
Christopher Beeler (SBN 330496)
ARNOLD & PORTER
  KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
sean.morris@arnoldporter.com
john.lombardo@arnoldporter.com

*Attorneys for Defendants Endo*
*Pharmaceuticals Inc., Endo Health*
*Solutions Inc., Par Pharmaceutical, Inc.,*
*and Par Pharmaceutical Companies, Inc.*

Zachary Hill (S.B. #275886)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
zachary.hill@morganlewis.com

Eric W. Sitarchuk*
Rebecca J. Hillyer*
MORGAN, LEWIS & BOCKIUS LLP
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963-5001

Wendy West Feinstein (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
Telephone: (412) 560-7455
wendy.feinstein@morganlewis.com

*Attorneys for Defendants*
*Teva Pharmaceuticals USA, Inc., Cephalon,*
*Inc., Actavis LLC, Watson Laboratories, Inc.,*
*and Actavis Pharma, Inc. f/k/a Watson*
*Pharma, Inc.*

*\*Denotes national counsel, pro hac vice*
*forthcoming*

_____s/ Karl Stampfl_____

_____s/ Charles J. Stevens_____

Donna Welch, P.C. (*pro hac vice*)
Timothy W. Knapp, P.C. (*pro hac vice*)
Karl Stampfl (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
tknapp@kirkland.com
karl.stampfl@kirkland.com

Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

1

2  Zachary W. Byer (S.B. #301382)
   KIRKLAND & ELLIS LLP
3  555 South Flower Street
   Los Angeles, CA  90071
4  Telephone: (213) 680-8400
   zachary.byer@kirkland.com

5  Jennifer G. Levy, P.C. (*pro hac vice*)
   KIRKLAND & ELLIS LLP
6  1301 Pennsylvania Ave., N.W.
   Washington, DC  20004
7  Telephone: (202) 879-5000
   Facsimile: (202) 879-5200
8  jennifer.levy@kirkland.com

9  *Attorneys for Defendants*
   *Allergan Finance, LLC f/k/a Actavis, Inc.*
10 *f/k/a Watson Pharmaceuticals, Inc.,*
   *Allergan Sales, LLC and Allergan USA,*
11 *Inc. and specially appearing defendant*
   *Allergan plc f/k/a Actavis plc*

12

13

14 _____ s/ Katy E. Koski _____

15 James W. Matthews (*pro hac vice*)
   Ana M. Francisco (*pro hac vice*)
16 Katy E. Koski (*pro hac vice*)
   FOLEY & LARDNER LLP
17 111 Huntington Avenue
   Boston, MA  02199-7610
18 Telephone: (617) 342-4000
   Facsimile: (617) 342-4000
19 jmatthews@foley.com
   francisco@foley.com
20 kkoski@foley.com

21 Alan R. Ouellette (CA Bar. No. 272745)
   FOLEY & LARDNER LLP
22 555 California Street, Suite 1700
   San Francisco, CA  94104-1520
23 Telephone: (415) 434-4484
   Facsimile: (415) 434-4507
24 aouellette@foley.com

25 *Attorneys for Defendant*
   *Anda, Inc.*
26

27

28

Kaspar Stoffelmayr
(*pro hac vice* forthcoming)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift
(*pro hac vice* forthcoming)
kate.swift@bartlitbeck.com

BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL  60654
Telephone: 312.494.4400
Facsimile: 312.494.4440

Alex Harris
(*pro hac vice* forthcoming)
alex.harris@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO  80202
Telephone: 303.592.3100
Facsimile: 303.592.3140

*Attorneys for Defendant*
*Walgreen Co.*

1

**ATTESTATION**

2          I, Aelish M. Baig, am the ECF User whose ID and password are being used to file this

3   Joint Status Update.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that

4   Defendants have concurred in this filing.

5    DATED: March 16, 2021

6
                                                               s/ Aelish M. Baig
7                                                          AELISH M. BAIG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2        I hereby certify under penalty of perjury that on March 16, 2021, I authorized the electronic

3   filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

4   notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and

5   I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

6   the non-CM/ECF participants indicated on the attached Manual Notice List.

7                                                    s/ Aelish M. Baig
                                                     AELISH M. BAIG
8
                                                     ROBBINS GELLER RUDMAN
9                                                       & DOWD LLP
                                                     Post Montgomery Center
10                                                   One Montgomery Street, Suite 1800
                                                     San Francisco, CA  94104
11                                                   Telephone:  415/288-4545
                                                     415/288-4534 (fax)
12                                                   E-mail:  aelishb@rgrdlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Mailing Information for a Case 3:18-cv-07591-CRB City and County of San Francisco et al v. Purdue Pharma L.P. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Scott Manzoor Ahmad**
  SAhmad@winston.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com,leland.belew@andrusanderson.com,jami.clark@andrusanderson.com,evelyn.rodas@andrusanderson.com,audrey.siegel@andrusanderson.

- **Dorothy P. Antullis**
  dantullis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Aelish Marie Baig**
  AelishB@rgrdlaw.com,AYates@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com,mkuwashima@rgrdlaw.com

- **Sarah Jane Bily**
  SBily@winston.com

- **Gayle M Blatt**
  gmb@cglaw.com

- **Steven J. Boranian**
  sboranian@reedsmith.com,drothschild@reedsmith.com

- **Stephen Brody**
  sbrody@omm.com,steve-brody-4796@ecf.pacerpro.com

- **Kevin R. Budner**
  kbudner@lchb.com,mwillin@lchb.com,tlim@lchb.com,rtexier@lchb.com

- **Eric John Buhr**
  ebuhr@reedsmith.com,arochlin@reedsmith.com,aswenson@reedsmith.com

- **Zachary William Byer**
  zachary.byer@kirkland.com

- **Elizabeth J. Cabraser**
  ecabraser@lchb.com

- **Elizabeth Joan Cabraser**
  ecabraser@lchb.com,jremuszka@lchb.com

- **California DOJ**
  klwurster@gmail.com

- **David S. Casey , Jr**
  dcasey@cglaw.com,nancy@cglaw.com,camille@cglaw.com,sleonard@cglaw.com,jdavis@cglaw.com

- **Edward D. Chapin**
  echapin2@sanfordheisler.com,fsalazar@sanfordheisler.com,jalvarez@sanfordheisler.com

- **Isaac D. Chaput**
  ichaput@cov.com

- **Isaac Daniel Chaput**
  ichaput@cov.com,jhykan@cov.com,docketing@cov.com

- **Owen J. Clements**
  owen.clements@sfcityatty.org,martina.hassett@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Justine Marise Daniels**
  jdaniels@omm.com,justine-daniels-2309@ecf.pacerpro.com

- **James M Davis**
  jdavis@cglaw.com,vicki@cglaw.net

- **Cari K. Dawson**
  cari.dawson@alston.com,kate.smith@alston.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,dtack@rgrdlaw.com,e_file_sd@rgrdlaw.com,MDearman@ecf.courtdrive.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com

- **Joshua David Dick**
  jdick@gibsondunn.com,tmotichka@gibsondunn.com

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Sara Jennifer Eisenberg**
  sara.eisenberg@sfcityatty.org,john.cote@sfcityatty.org,martina.hassett@sfcityatty.org,yvonne.mere@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Scott Austin Elder**
  scott.elder@alston.com

- **Tiffany Rose Ellis**
  tellis@weitzlux.com,slittman@weitzlux.com,nhryczyk@weitzlux.com

- **Brian M. Ercole**
  brian.ercole@morganlewis.com,peggy.martinez@morganlewis.com

- **Christopher Blair Essig**
  CEssig@swinston.com

- **Wendy West Feinstein**
  wendy.feinstein@morganlewis.com,tammy.miller@morganlewis.com,sarah.wasson@morganlewis.com,picalendaring@morganlewis.com,tamara.giulianelli@morganl

- **Ana Maria Francisco**
  afrancisco@foley.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,swinkles@rgrdlaw.com,swinkles@ecf.courtdrive.com,e_file_fl@rgrdlaw.com,pgeller@ecf.courtdrive.com

- **Patricia Camille Guerra**
  camille@cglaw.com

- **August P. Gugelmann**
  august@smllp.law,august@ecf.courtdrive.com

- **Alex J. Harris**
  alex.harris@bartlitbeck.com,anne.doyle@bartlitbeck.com

- **Brent Allen Hawkins**
  brent.hawkins@morganlewis.com,julie.costello@morganlewis.com,CHCalendarDepartment@morganlewis.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Gregory Heinen**
  gheinen@foley.com

- **Kelsey John Helland**
  khelland@gibsondunn.com,dgriffin@gibsondunn.com

- **Jenny Ann Hergenrother**
  jenny.mendelsohn@alston.com,jenny.hergenrother@alston.com

- **Dennis J. Herrera**
  cityattorney@sfcityatty.org,brittany.feitelberg@sfcityatty.org

- **Zachary Hill**
  zachary.hill@morganlewis.com,wendy.feinstein@morganlewis.com,rebecca.hillyer@morganlewis.com,evan.jacobs@morganlewis.com

- **Jaime Marie Huling Delaye**
  jaime.hulingdelaye@sfcityatty.org,martina.hassett@sfcityatty.org,sarah.gutierrez@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Traci Janelle Irvin**
  traci.irvin@ropesgray.com,courtalert@ropesgray.com

- **Daniel G. Jarcho**
  daniel.jarcho@alston.com

- **Sarah Barr Johansen**
  sjohansen@reedsmith.com,aswenson@reedsmith.com

- **Jeremy T Kamras**
  jeremy.kamras@arnoldporter.com,nicholas.zebrowski@arnoldporter.com,ecf-
  45a1d8277e87@ecf.pacerpro.com,ashley.gomez@arnoldporter.com,SFCalendar@aporter.com

- **Timothy William Knapp**
  tknapp@kirkland.com

- **Katy E Koski**
  kkoski@foley.com

- **Amy Jean Laurendeau**
  alaurendeau@omm.com,amy-laurendeau-9969@ecf.pacerpro.com,sstewart@omm.com

- **Michael Ian Levin-Gesundheit**
  mlevin@lchb.com

- **Jennifer Gardner Levy**
  jennifer.levy@kirkland.com

- **Charles Coleman Lifland**
  clifland@omm.com,charles-lifland-4890@ecf.pacerpro.com

- **John David Lombardo**
  John.Lombardo@arnoldporter.com,ecalendar@arnoldporter.com,William.Costley@arnoldporter.com

- **Amy Lucas**
  alucas@omm.com,amy-lucas-1835@ecf.pacerpro.com

- **Enu A Mainigi**
  emainigi@wc.com

- **Miriam Ellora Marks**
  mmarks@lchb.com

- **James W Matthews**
  jmatthews@foley.com

- **Shannon Elise McClure**
  smcclure@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,shannon-mcclure-1157@ecf.pacerpro.com,eselfridge@reedsmith.com

- **Colleen Marie McNamara**
  CMcNamara@wc.com

- **Yvonne Rosil Mere**
  yvonne.mere@sfcityatty.org,martina.hassett@sfcityatty.org

- **Andrew Miller**
  amiller@sanfordheisler.com

- **Sean OLeary Morris**
  sean.morris@arnoldporter.com,edocketscalendaring@arnoldporter.com,vincent.esparza@arnoldporter.com,stacie.james@arnoldporter.com,rebecca.mcnew@arnoldpor

- **Melinda Davis Nokes**
  mnokes@weitzlux.com,lschultz@weitzlux.com,tellis@weitzlux.com,rcerci@weitzlux.com,jfarrell@weitzlux.com,dsavours@weitzlux.com

- **Paul F. Novak**
  pnovak@weitzlux.com,cgarcia@weitzlux.com,nhryczyk@weitzlux.com

- **Alan Ouellette**
  aouellette@foley.com,llanglois@foley.com,wdelvalle@foley.com

- **Michael P. Piggins**
  mpiggins@weitzlux.com

- **Christian James Pistilli**
  cpistilli@cov.com

- **Jacob Henry Polin**
  jpolin@lchb.com

- **Luke Samuel Porter**
  lporter@reedsmith.com,gchiu@reedsmith.com,kjkelly@reedsmith.com

- **Louise Hornbeck Renne**
  lrenne@publiclawgroup.com,kbeaton@publiclawgroup.com,RPLG-docket@publiclawgroup.com

- **Molly Ellen Selway**
  Molly.Selway@doj.ca.gov

- **Nathan E. Shafroth**
  nshafroth@cov.com,ktrempy@cov.com,echiulos@cov.com,rlu@cov.com,ncutright@cov.com,rvantassell@cov.com,docketing@cov.com,isaac-chaput-8316@ecf.pacerpro.com

- **Audrey Claire Siegel**
  audrey.siegel@andrusanderson.com

- **Reid Smith**
  RFSmith@winston.com

- **Elizabeth Anne Sperling**
  elizabeth.sperling@alston.com,annie.yu@alston.com

- **Karl Anton Stampfl**
  karl.stampfl@kirkland.com

- **Charles Joseph Stevens**
  cstevens@gibsondunn.com,smaruschak@gibsondunn.com

- **Kaspar J. Stoffelmayr**
  kaspar.stoffelmayr@bartlit-beck.com

- **Sabrina Heron Strong**
  sstrong@omm.com,sabrina-strong-4823@ecf.pacerpro.com

- **Edward W. Swanson**
  ed@smllp.law,AmyMcGugian@ecf.courtdrive.com,ed@ecf.courtdrive.com,britt@ecf.courtdrive.com

- **Katherine Marquess Swift**
  kate.swift@bartlitbeck.com

- **Russell E Taylor**
  rtaylor@fbm.com

- **Nicole R. Trama**
  Nicole.Trama@doj.ca.gov

- **Rocky C. Tsai**
  rocky.tsai@ropesgray.com,CourtAlert@RopesGray.com

- **Richard Allen VanDuzer**
  rvanduzer@fbm.com,jamante@fbm.com,calendar@fbm.com

- **Neelum Jane Wadhwani**
  nwadhwani@wc.com,CardinalWVParalegals@wc.com

- **Donna Marie Welch**
  dwelch@kirkland.com

- **Alyssa M Williams**
  awilliams@cglaw.com

- **Sonya Diane Winner**
  swinner@cov.com,docketing@cov.com,calsbury@cov.com

- **Carl Brandon Wisoff**
  bwisoff@fbm.com,calendar@fbm.com,svillalobos@fbm.com

- **Keith Lee Wurster**
  keith.wurster@doj.ca.gov,klwurster@gmail.com,lindsey.cannan@doj.ca.gov

- **Douglas R. Young**
  dyoung@fbm.com,calendar@fbm.com

- **Paulina do Amaral**
  pdoamaral@lchb.com,catkins@lchb.com,fwhite@lchb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jennifer          Machlin Cecil
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111

Paul              Laprairie
Andrus Andersonl LLP
155 Montgomery Street, 900
San Francisco, CA 94104
```