IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>    Defendants. | Case No. 18-cv-07591-CRB<br><br>**ORDER RE BOARD OF PHARMACY MOTION TO QUASH AND WALGREENS' MOTION TO COMPEL DOJ TO PRODUCE CURES DATA**<br><br>Dkt. 282, 465, 498 |

    Walgreens Co. ("Walgreens") issued subpoenas to two non-party state agencies, the California Board of Pharmacy (the "Board") and the California Department of Justice (the "DOJ"), seeking various datasets from the California Controlled Substance Utilization Review and Evaluation System (California's "CURES" database). See Dkt. 282 at 8-9; Dkt. 465-13. The CURES database is maintained by the California government and contains information about patients, prescribers, and pharmacies related to prescription drug sales (Schedule II, III, IV, and IV controlled substances) in California. CURES is the authoritative and most complete source of data on opioids dispensing in California. The state agencies object to the subpoenas.

    After carefully considering the parties' written submissions, and having had the benefit of oral argument on March 27, 2021, the Court finds that the CURES data sought from the DOJ is relevant to Walgreens' defense, is unprivileged, and that its production does not impose an undue burden. Further, the Court finds that privacy concerns related thereto can be adequately addressed by the existing protective order in this case, by the terms of this Order, and by de-identifying the at-issue data. Therefore, the Court GRANTS Walgreens' motion to compel the DOJ to produce

the CURES data requested.[1] However, because the data Walgreens seeks from the Board is largely duplicative of that the DOJ will produce and where not duplicative it is irrelevant, the Court GRANTS the Board's motion to quash Walgreens' subpoenas. The Court's rationale is explained below.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The rule applies equally to both litigants and third parties. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 30 n.15 (1984).

Additionally, Rule 45 of the Federal Rules of Civil Procedure provides that a court must quash or modify a subpoena that "(iii) requires a disclosure of privileged or other protected matter, if no exception or waiver applies or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

## DISCUSSION

**A.   DOJ Subpoena**

Walgreens seeks CURES dispensing data for eight opioids (and other non-opioid drugs)[2] in nine Bay Area counties[3] dating back to January 1, 2012 and up until the present. See Dkt. 465

---

[1] The DOJ also seeks a stay and reconsideration of the Court's March 5, 2021 Order compelling the production of de-identified CURES data in the possession of one of Plaintiff's epidemiologists. See generally Dkt. 498. The DOJ advances privilege and confidentiality arguments in favor of its motion. See id. at 2. For the reasons addressed in this Order finding in favor of Walgreens' motion to compel, the DOJ's motion for a stay and for reconsideration is DENIED. However, as with Walgreens' motion to compel, the Court orders Walgreens not to use the CURES data Plaintiff produces under the March 5, 2021 Order to "reverse-engineer" any identifying information contained in the de-identified data it receives.

[2] The at-issue drugs are Fentanyl, Hydrocodone, Hydromorphone, Methadone, Morphine, Oxycodone, Oxymorphone, Tapentadol, Alprazolam, Chlordiazepoxide, Clobazam, Clonazepam, Clorazepate, Diazepam, Estazolam, Flurazepam, Lorazepam, Midazolam, Oxazepam, Quazepam, Temazepam, Triazolam, Carisoprodol, Cyclobenzaprine, Orphenadrine, and Tizanidine. See Dkt. 465-15.

[3] The nine Bay Area counties are Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo,

at 7; Dkt. 465-15; Dkt. 497 at 1.  In particular, it seeks the following data fields: (1) drug name; (2) NDC number; (3) date prescription was filled; (4) quantity and strength prescribed; (5) days' supply; (6) prescriber's name; (7) prescriber's DEA number; (8) patient zip code; (9) patient ID number (unique ID); (10) number of refills authorized (if any); (11) refill indicator (whether the Rx is a refill or the original); (12) pharmacy store # or name; and (13) pharmacy license number. Dkt. 465-10 at 8.  Walgreens asks that the patient ID number be de-identified and agrees that it will not take any steps to identify who any patient is.

### 1. Relevancy

The threshold issue is whether the CURES data is relevant to Walgreens' defense.  See Fed. R. Civ. P. 26(b).  As the Court has previously noted, this case is about the prescribing, dispensing, and distribution of opioids and the alleged damage opioids have caused San Francisco. See Dkt. 482 at 5.  Walgreens' theory is that the data will assist it in proving "alternative causes of the alleged public nuisance, including the large number of pharmacies, doctors, and other dispensers of opioids Plaintiff chose not to sue."  See Dkt. 465 at 6.  In other words, according to Walgreens, the "true cause" of the alleged nuisance is not its own pharmacies and dispensing decisions, but the actions of these numerous non-party actors.  See id.  Walgreens is entitled to steer its own defense and, this being its chosen theory, is entitled to data supporting its claim.

The Court's conclusion that the CURES data is relevant to Walgreens' defense is consistent with Judge Polster's decision in the MDL regarding the same issue.  See Dkt. 465-13 at 4 (citing MDL Doc. 3395).  There, where pharmacy defendants in Track Three were seeking statewide opioids data from Ohio's CURES analog (i.e., a state-controlled pharmacy dispensing database), the MDL Court called the data "clearly relevant," noting that "the Pharmacies cannot pursue a potential defense without the actual identities contained in the OARRS data fields they seek."  Id. at 5.  Nothing about the instant case or subpoena suggests the Court should reach a different outcome.

The DOJ's reliance on Board of Registered Nursing v. Super. Ct. of Orange Cty., 59

---

Santa Clara, Solano, and Sonoma.  See id.

Cal.App.5th 1011, 1045 (2021), to support its insistence that the data is not relevant is unpersuasive. First, the subpoenas at issue there were issued by manufacturer defendants, not pharmacies; thus, the relevancy issues were different and the Court of Appeals' reasoning is inapplicable. See id. Second, Walgreens' request here is significantly narrower than the subpoena in Board of Registered Nursing. See id. at 1045-46 (requesting 30 years' worth of statewide data for all prescription opioids). The CURES data sought from the DOJ is relevant to Walgreens' defense.

### 2. Privilege and privacy concerns

#### a. Privilege

The DOJ also argues that the CURES data is shielded from disclosure due to the "official information" and related "deliberative process privilege."

The official information privilege is available when the confidentiality interest in government-maintained information outweighs the interest in disclosure to advance justice. See Sander v. State Bar of Cal., 58 Cal.4th 300, 325 (2013). To determine whether the official information privilege bars disclosure, the Court must weigh (a) the necessity of preserving the confidentiality of the government's information against (b) the necessity for disclosure in the interest of justice (i.e., the public interest). See Sander v. State Bar of Cal., 58 Cal.4th 300, 325 (2013) ("Th[e] principle is currently reflected in [California] Evidence Code section 1040, which provides a privilege to a public entity to refuse to disclose information acquired in confidence if 'there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure.'") (internal citation omitted).

While the CURES data is arguably "official information," the DOJ does not have a privilege to refuse disclosure in this case. First, the CURES statute and related regulations expressly contemplate disclosure during some civil litigation. See Cal. Health & Saf. Code, § 11165, subd. (c)(2)(A); see also Board of Registered Nursing, 273 Cal.App.5th at 1045 (calling the CURES statute's limits on disclosure "not particularly strict, since numerous governmental and nongovernmental entities and individuals have access or can obtain access to CURES data."). Second, the data is relevant to Walgreens' defense and, as explained below, any privacy concerns

4

1    can be ameliorated.  Third, assuming a balancing of interests is required (notwithstanding that the
2    CURES statute and regulations expressly contemplate disclosure in civil litigation), that balancing
3    warrants production. The City and County of San Francisco has alleged that Walgreens failed to
4    maintain effective controls to prevent diversion of prescription opioids creating a public nuisance.
5    Dkt. 13 ¶¶ 555–56, 563–78.  Further, San Francisco seeks tens of millions of dollars, if not more,
6    to remedy the public nuisance.  Walgreens' analysis of the CURES data may help Walgreens
7    understand the scope and sources of the opioids crisis in the Bay Area.  Thus, it is relevant to
8    Walgreens' defense under Plaintiff's nuisance claim and it is relevant as to the amount of money
9    that Plaintiff seeks to collect from Walgreens..

10         The deliberative process privilege is available when the material demanded in a subpoena
11   request implicates the mental processes of government officials. The critical question is "whether
12   the disclosure of materials would expose an agency's decisionmaking process in such a way as to
13   discourage candid discussion within the agency and thereby undermine the agency's ability to
14   perform its functions." Times Mirror Co. v. Superior Ct., 53 Cal. 3d 1325, 1342 (1991).  DOJ
15   does not articulate, and the Court cannot imagine, how disclosure of the requested CURES data
16   implicates any DOJ mental processes.

17         The CURES data is not shielded from production by a privilege.

18         **b.   Privacy**

19         Next the DOJ argues that the Court should not compel it to produce the CURES data
20   because Walgreens did not provide notice of the subpoena to the patients, prescribers and
21   pharmacies whose information Walgreens seeks.  The California Code of Civil Procedure,
22   §1985.3(b), requires a party subpoenaing the production of records containing "personal
23   information" of a "consumer" to provide the consumer with notice of the subpoena prior to the
24   deadline for responding to the subpoena. This notice procedure applies to state agencies such as
25   the DOJ.  Cal. Code Civ. Proc. § 1985.4 (stating that the procedures of §1985.3(b) apply to
26   records maintained by state agencies); Board of Registered Nursing, 59 Cal.App.5th at  905.  A
27   consumer in this context is "any natural person".  Cal. Code Civ. Proc. § 1985.4; Board of
28   Registered Nursing, 59 Cal.App.5th at  906.  Section 1985.4 adopts the definition of "personal

information" set forth in California Civil Code § 1798.3:

> any information that is maintained by an agency that identifies or describes an individual, including, but not limited to, his or her name, social security number, physical description, home address, home telephone number, education, financial matters, and medical or employment history. It includes statements made by, or attributed to, the individual.

Cal. Civ. Code § 1798.3(a).

The notice procedure applies to the prescriber data Walgreens seeks. Prescribers—physicians—are natural persons and thus "consumers" under the statute. Further, as Walgreens seeks their names in connection with their prescription records, Walgreens seeks their "personal information" as defined by the statute.

The notice procedure does not apply to pharmacy records as pharmacies are not "natural persons" and are therefore not "consumers" within the meaning of section 1985.4. However, it might apply to the extent that the "pharmacy" records would or could identify a specific pharmacist—a natural person. As the DOJ did not offer any evidence or argument on this point, the Court does not know the answer.

The notice procedure also does not apply to the patient prescribing information because Walgreens seeks de-identified data; that is, it does not seek any patient's name, only a unique ID number for each patient. See supra at 2-3. In Board of Registered Nursing, the California Court of Appeal recognized that "patient identifying information would require defendants to serve consumer notice on those patients whose information would be produced." 59 Cal.App.5th at 913. It also observed that even the production of data with unique identifiers may require consumer notice, "depending on the nature of the data and the ability of the vendor or the defendants to re-identify the patients." Id. Here, the DOJ has not identified precisely how Walgreens could re-identify the patients, besides offering conclusory accusations, and the Court is ordering that Walgreens take all measures to ensure the data is not re-identified. Further, the data will be produced subject to a protective order which limits the disclosure of the information to outside counsel and that permits disclosure only to a single member of in-house counsel. With these protections in place, there is no reasonable possibility that any patient, prescriber or pharmacist

6

can be identified. Therefore, the privacy protections and concerns that the DOJ espouses, while legitimate, are not insurmountable hurdles. Nor do these concerns outweigh Walgreens' need for the information and its relevance to this opioids dispute, particularly given the protections that the Court has put in place.

***

As the sought-after CURES data is relevant and not privileged, but as Walgreens has not provided notice to prescribers, the Court GRANTS Walgreens' motion to compel under the following conditions: (1) the information sought by the subpoena is to be produced under the existing protective order in this case and all information produced thereunder shall be designated as "highly confidential" (meaning those materials may only be seen by outside counsel and a single identified member of in-house counsel); (2) the data requested, insofar as it relates to patients and prescribers, shall be produced in "de-identified" form (i.e., using unique identifiers in the place of all personal information)[4]; (3) Walgreens shall not use the CURES data produced by the DOJ to "reverse-engineer" any identifying information contained in the de-identified data it receives; and (4) Walgreens shall pay DOJ up to $2000.00 for the costs of the production.

Insofar as Walgreens continues to seek identifiable prescriber information from the DOJ, the most-productive course is for Walgreens to review the de-identified data and then to identify particular prescribers (by unique ID number) if it wishes to do so. Walgreens has no interest in (nor can it persuasively argue that it needs) the identities of most prescribers to put on its defense. However, to the extent Walgreens identifies prescribers whose identities it believes are necessary to prove it defense, it can meet and confer with the DOJ as to whether and how the notice can be provided. If the parties remain at impasse, they shall bring the dispute to the Court's attention through a joint letter brief.

---

[4] As explained, the de-identifying may also have to apply to pharmacy information to the extent such information will identify a particular pharmacist. The parties must meet and confer on this issue.

### B. Board of Pharmacy

The Board also moves to quash a subpoena from Walgreens seeking de-identified CURES data contained in the investigative files of a select nine Bay Area pharmacists who lost their licenses for improper opioids dispensing.[5] The Court GRANTS the motion to quash.

First, the data contains "personal information" of the at-issue pharmacists (natural persons) and, therefore, Walgreens was required to give notice of the subpoena to each pharmacist. Cal. Code Civ. Proc. 1985.4. For this reason alone, the subpoena must be quashed. Second, the CURES data is duplicative of that which the Court is ordering the DOJ to produce by this Order. Third, to the extent the data is not duplicative (i.e., to the extent the data reveals what information the Board believed relevant in its investigation of the at-issue pharmacists or pharmacists in general),it is protected by the deliberative process privilege. Times Mirror Co., 53 Cal. 3d at 1342. Fourth and in any event, the Board's internal machinations and deliberations related to its investigations are not relevant to Walgreens' defense as stated herein. This case is not about whether the Board did or did not investigate or discipline particular pharmacists; it is about whether Walgreens' conduct was a substantial contributing factor in San Francisco's opioid epidemic. To the extent Walgreens wants to argue that its pharmacists were not disciplined, it can do so without relying on the Board's deliberative processes. Walgreens also has access to public information as to which non-Walgreens pharmacists were disciplined. Nothing more is needed from the Board. Therefore, the Board's motion to quash is GRANTED.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Walgreens' motion to compel (Dkt. 465), GRANTS the Board's motion to quash (Dkt. 282) and DENIES the DOJ's motion for a stay and for reconsideration of the Court's March 5, 2021 Order compelling production of de-identified CURES data in the possession of one of Plaintiff's epidemiologists (Dkt. 498).

This Order disposes of docket entries 282, 465, and 498.

**IT IS SO ORDERED.**

---

[5] Walgreens originally included in its subpoena a request for a Rule 30(b)(6) witness but it has since withdrawn that request. See Dkt. 466 at 1.

Dated: March 23, 2021.

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge