UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB   (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL WALGREENS ELECTRONIC DUE DILIGENCE RECORDS**<br><br>Re: Dkt. No. 526 |

Now pending before the Court is a joint discovery dispute letter brief regarding Plaintiff's request that Walgreens produce its electronic due diligence records. (Dkt. No. 526.) The Court finds that the documents are directly relevant to Plaintiff's claim and Walgreen's defense and that Plaintiff did not waive its right to seek the documents. However, as to burden, the Court requires an additional submission as to whether private patient information has to be redacted.

## DISCUSSION

### A. Relevance

Walgreen's Electronic Notes are relevant to Plaintiff's nuisance claim. Walgreens testified that the records of its pharmacists' due diligence as to opioid prescriptions would be found in dispensing checklists and/or Electronic Notes. The Notes could include why a patient needed an opioid, as well as how a pharmacist responded to major red flags about a prescription or patient. (Dkt. No. 526-2.) Indeed, the relevance of Walgreens' due diligence efforts is why the Court ordered production of certain hard copy due diligence records. (Dkt. No. 467.)

Walgreens' insistence that the Electronic Records are not relevant because Plaintiff intends to prove its case based on aggregate data, and indeed, has stipulated that that it will not assert at

1  trial or in expert opinions that any specific prescription contributed to an alleged nuisance, is not
2  persuasive. Plaintiff may be able to make an argument about Walgreens' due diligence practices
3  based on reviewing the Electronic Notes; their production is not inconsistent with Plaintiff's
4  stipulation.

Walgreens also briefly argues that because "Walgreens' pharmacists perform diligence on prescriptions in many ways, not all of which are documented," the electronic due diligence notes Walgreens does make are irrelevant. (Dkt. No. 526 at 5.) That is an argument about the weight a trier of fact should give to evidence, not an argument relevant to discoverability.

Finally, the Electronic Notes are also relevant given that Walgreens has refused to agree not to refer to its use of Electronic Notes in defense of its due diligence. It violates the rules of civil discovery to allow Walgreens to defend its conduct based on records that its refuses to produce.

### B.   Undue Burden

Walgreens also argues that compelling production of the Electronic Notes would impose a "disproportionate" burden on it. The declarations that they submit in support of burden focus on (1) having to review scanned hard-copy prescriptions to determine if any due diligence notes were made on the prescription itself, and (2) redacting confidential patient information. (Dkt. No. 526-15, 526-16, 526-17.)

As for the latter argument, the stipulated protective order governing this case adopted the protective order and subsequent amendments to the MDL protective order. (Dkt. No. 279.) The MDL includes a protective order that appears to allow for the production of private patient information without redaction. (Dkt. No. 526-4.) Indeed, the protective order in this case contemplates that private patient information may be produced:

> Within sixty days after dismissal or entry of final judgment not subject to further appeal, the Parties, their counsel, and any person or entity in possession of Protected Health Information received pursuant to this Order shall destroy or return to the Covered Entity or Business Associate such Protected Health Information, and upon written request from the Producing Party shall certify to the Producing Party that it has done so.

2

1  (Dkt. No. 279 at 5.)  However, the protective order in this case also recognizes that the parties do

2  not agree whether at least one MDL protective order applies to this case.  (Dkt. No. 279 at 3.)

3        The Court cannot rationally evaluate burden without finally determining whether patient

4  information needs to be redacted and the parties' joint letter does not adequately address this issue.

5  Accordingly, on or before **May 5, 2021** they shall meet and confer via videoconference as to

6  whether a protective order can be entered allowing for the production of Walgreen's due diligence

7  electronic files without redaction.  If they are unable to agree, they shall submit a joint discovery

8  letter regarding whether the Court can and should issue a protective order allowing for such

9  production without redaction.  If unable to agree, they shall submit a joint letter regarding the need

10  for redaction on or before **May 10, 2021**.  If the parties are able to agree, they shall submit a

11  stipulated protective order by this same date.

12      **C.**    **Waiver**

13        Last, Walgreens asserts that Plaintiff has "waived" its request for the Electronic Notes.  In

14  its view, granting a motion to compel the Electronic Notes would be a form of "piecemeal"

15  discovery that the Court warned was inappropriate in December of 2020.  (Dkt. No. 526 at 4

16  (citing Dkt. 526-14).)  Further, because "Plaintiff has known that notes fields are part of

17  Walgreens' dispensing data since at least December," Walgreens insists that production is not

18  warranted.  (Dkt. No. 526 at 4.)

19        The Court is unpersuaded.  Plaintiff's comments about "forgoing . . . additional fields" of

20  data in December 2020 related to codeine records.  On January 7, 2021, and in response to

21  Plaintiff's question of whether there are "notes fields associated with Walgreens' dispensing data,"

22  Walgreens disclosed that "pharmacists may in their professional judgment make electronic notes

23  on prescriptions that are reflected in Walgreens' dispensing data." (Dkt. No. 526-11 at 2.)  As

24  Walgreens does not identify any evidence that it disclosed the existence of these relevant

25  electronic notes prior to the January 7, 2021 email, Plaintiff did not knowingly waive its right to

26  seek this information in December 2020.

27        Plaintiff's motion for leave to supplement the record is DENIED.  (Dkt. No. 540.)

28

1    This Order disposes of Docket No. 540.

2    **IT IS SO ORDERED.**

3    Dated: May 3, 2021

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge