DENNIS J. HERRERA, State Bar # 139669
City Attorney
RONALD P. FLYNN, State Bar # 184186
Chief Deputy City Attorney
YVONNE R. MERE, State Bar # 173594
Chief of Complex & Affirmative Litigation
OWEN J. CLEMENTS, State Bar # 141805
SARA J. EISENBERG, State Bar # 269303
JAIME M. HULING DELAYE, State Bar # 270784
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Telephone:  415.554.3597
jaime.hulingdelaye@sfcityatty.org

*Attorneys for Plaintiff The People of the State of
California, acting by and through San
Francisco City Attorney Dennis J. Herrera*

Additional counsel appear on signature page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.<br><br>Defendants. | Case No. 3:18-cv-07591-CRB-JSC<br><br>**JOINT STATUS UPDATE**<br><br>**Judges**: Hon. Charles R. Breyer and Jacqueline Scott Corley<br><br>**Courtroom**: Via Videoconference<br><br>**Hearing Date**: May 10, 2021<br><br>**Hearing Time**: 8:30 a.m. |

The parties respectfully submit this Joint Status Update in advance of the Court's discovery conference scheduled for May 10, 2021 at 8:30 a.m.

## I.   JOINT STATEMENT REGARDING SCHEDULE AND DISPUTE RESOLUTION

The parties jointly report on a number of case developments that have taken place since the last conference with the Court.

### A.   Joint Request for a Schedule Extension

For the reasons set forth in the parties' respective sections, the parties jointly request a four-month extension to the existing deadlines in the schedule.  The specific dates the parties propose are reflected in the chart below.

| Event | Current Schedule | Parties' Proposal |
|---|---|---|
| Document Production Substantial Completion Deadline[1] | February 26, 2021 | June 21, 2021 |
| Plaintiff's expert reports | May 21, 2021 | September 14, 2021 |
| Close of Fact Discovery | July 2, 2021 | October 22, 2021 |
| Defendants' Expert Reports | July 23, 2021 | November 11, 2021 |
| Plaintiff's Expert Rebuttal Reports | August 20, 2021 | December 6, 2021 |
| Close of Expert Discovery | September 3, 2021 | December 20, 2021 |
| Motions for Summary Judgment and *Daubert* Motions | September 24, 2021 | January 10, 2022 |
| Oppositions to Motions for Summary Judgment and *Daubert* Motions | October 22, 2021 | February 10, 2022 |
| Replies in Support of Motions for Summary Judgment and *Daubert* Motions | November 5, 2021 | February 24, 2022 |
| All Trial Materials Due | November 12, 2021 | March 3, 2022 |
| Final Pretrial Conference | November 19, 2021 | March 14, 2022 |
| Trial | December 6, 2021 | April 4, 2022 |

### B.   Update on Status of Settlement among Stipulating Parties (Docs. 518-19)

On January 26, 2021, the Court stayed the proceedings as to the Stipulating Defendants. The Stipulating Parties submitted a status update on March 29, 2021 (Doc. 518), and on March 31, 2021, Judge Breyer ordered the parties to submit a second update within 45 days (Doc. 519)—*i.e.*, by May 15, 2021.

---

[1] Including documents related to abatement costs in Plaintiff's possession.

- 1 -

1   In the meantime, on April 28, 2021, the Stipulating Defendants and MDL Plaintiffs'

2   Executive Committee appeared before MDL Judge Dan Polster to discuss the status of the

3   settlement negotiations.  Two further status conferences are scheduled for May 7 and May 17.

4   **C.     Discovery Orders Issued Since Prior Conference (Docs. 530, 545)**

5   Following the last status conference, the Court issued three discovery orders.  In the

6   first, the Court ordered various productions, production deadlines, and meet and confer

7   obligations for Plaintiff and Walgreens.  Doc. 530.  In the second, the Court granted the

8   stipulation by Walgreens and the California Department of Justice regarding CURES data.  Doc.

9   538.  In the third, the Court made certain findings regarding Plaintiff's motion for Walgreens'

10  electronic due diligence records and directed the parties to confer and, if necessary, submit

11  further briefing on the scope of the protective order.  Doc. 545.

12  **D.     Discovery Motions**

13  The parties have briefed three disputes pursuant to the revised resolution protocol

14  outlined in Discovery Order No. 2 (Doc. 382), as well as one additional dispute arising from the

15  Order Re: Plaintiff's Motion to Compel Walgreens' Electronic Due Diligence Records.  Those

16  disputes are outlined in the chart below.

17
| Moving Party | Responding Party | Dispute | Doc. |
|---|---|---|---|
| Walgreens | Plaintiff | Motion to compel responses to Walgreens Interrogatories 1 & 2 re illegitimate and diverted prescriptions | 544 |
| Walgreens | Plaintiff | Motion to compel production of prescription due diligence records | 549 |
| Plaintiff | Endo/Par | Motion to compel complete interrogatory answers | |
| Joint | Joint | Dispute re interpretation of protective order | |

## II.    PLAINTIFF'S STATEMENT

**A.     Case Schedule**

As noted above, the parties have jointly requested a four-month extension.  From

Plaintiff's perspective, this extension was made necessary both by recent health concerns

1    (surgeries) and schedule conflicts with Plaintiff's experts and by significant deficiencies in

2    Defendants' discovery, outlined below.[2]

3            **B.      Defendants' Production Deficiencies**

4            Plaintiff has chronicled Defendants' many discovery deficiencies in past status reports

5    and will not repeat them all here.  But a select few, including several that have become evident

6    only recently, require emphasis.

7                    **1.      Endo/Par**

8            Just this week, **Endo** finally agreed (after Plaintiff briefed a motion to compel) to add

9    multiple new custodians and to engage in further searches for responsive documents.  The new

10   custodians will include (1) four district managers whose files have not been searched or

11   produced in any other opioid litigation and (2) seven more sales representative custodians added

12   after Plaintiff identified significant gaps in Endo's productions.  The addition of ***eleven*** new

13   custodians and multiple new term-based searches (all of which should have been included

14   months ago) is expected to yield a significant volume of additional documents for which Endo

15   has provided no production timeline.

16            Plaintiff is also awaiting productions from the files of four new Par marketing

17   custodians, documents relating to Endo's Medical Science Liaisons ("MSLs"), including

18   custodian Bobby Sue Brown, and missing data from Endo's Call Data File and Materials

19   Dropped Data File.  Par has indicated it expects to ***begin*** its custodial productions the week of

20   May 10, and indicates that the production will not be substantially complete until the week of

21   June 4.  As far as Ms. Brown's files and the missing data are concerned, Plaintiff has recently

22   learned that Endo maintains a "Commercial Data Warehouse" that is believed to house

23   materials relating to Endo MSLs (and potentially more) but has not yet been thoroughly

24

25

---

26   [2] Plaintiff disputes the assertion that Defendants first learned about Plaintiff's interest in
     negotiating the schedule on May 6.  In fact, Plaintiff contacted one of defendants' counsel on

27   April 27, 2021—almost immediately after learning about an expert's health emergency—to
     discuss schedule modifications.  Plaintiff was told that that request was communicated to all

28   defense counsel.  Finally, while Defendants suggest below that four months may not be a long
     enough extension, it reflects a compromise to which they agreed, begrudgingly or not.

1   searched for responsive materials.  Plaintiff is seeking clarity on what additional information

2   may reside in the Commercial Data Warehouse that has not been previously produced.

3          These delays have impeded Plaintiff's ability to select deponents (particularly in light of

4   the fact that Plaintiff has been allotted an average of only seven depositions per Defendant

5   family) and to prepare its expert opinions.

6                           **2.      Walgreens**

7          To date, Walgreens has produced approximately 200,000 pages specific to this

8   litigation—nearly 60% of which were produced *after* the February 26, 2021, substantial

9   completion deadline.  Moreover, Walgreens produced more than 73,000 pages (nearly 40% of

10  its existing San Francisco production), including the bulk of the documents from the

11  jurisdiction-specific dispensing custodians, *this week*.  And that's not all.  As of now, Walgreens

12  has produced roughly 10,000 in-store, hard-copy due diligence documents, which Walgreens

13  represents is less than one third of the total that Walgreens must produce by the Court-ordered

14  deadline of May 17.  This means that Walgreens will be dumping *20,000 additional documents*

15  (not pages) a week or less before the existing expert deadline.  To be clear, these late-produced

16  due diligence and custodial documents need to be analyzed both to select deponents[3] and to

17  inform Plaintiff's expert opinions.  The same goes for Walgreens' Electronic Notes of

18  prescription due diligence, which Walgreens has not produced and which, as the Court

19  recognized, "are directly relevant to Plaintiff's claims and Walgreens' defense."  Doc. 545 at 1.

20                        **3.      Allergan and Teva**

21         Allergan has several deficient interrogatory responses, the answers to which will affect

22  Plaintiff's expert analysis.  As one example, Allegan has not identified, or even pointed to

23  documents containing, the statements it and its former employees, subsidiaries, and

24  representatives made or caused to be disseminated in the jurisdiction—a failure that directly

25  impact the analysis of Plaintiff's marketing expert(s).  Further, while Allergan provided

26

27  [3] Adding to the difficulty in identifying deponents is the fact that Walgreens *still* has not
    answered interrogatories served in November 2020 seeking, among other things, the identification
28  of Walgreens' divisions and personnel responsible for compliance in this jurisdiction. Walgreens
    represents that amended answers will be produced on Friday, May 7.

1  monthly prescription figures for two branded opioids it sold for both California and San

2  Francisco, it has not provided such figures for the balance of its opioids, omitting more than 90

3  percent of the volume of drugs it sold into San Francisco.  Allergan's counsel has agreed to

4  provide additional answers in certain respects and is considering (but has not yet agreed) to

5  supplement in other respects.

6     Teva responded to Plaintiff's first set of interrogatories last week. Plaintiff is evaluating

7  those responses, including the numerous documents cited therein.  Moreover, Teva did not

8  certify completion of its ESI production for key custodians to which the parties agreed in

9  December 2020, including Debra Barrett—Teva's Senior Vice President of Global Government

10 Affairs and Public Policy—until April 28, 2021.  Plaintiff is reviewing those productions now

11 and will promptly address any deficiencies with Teva.

12    **C.    Plaintiff's Productions**

13    As reported previously, Plaintiff has produced more than 400,000 documents comprising

14 well over two million bates-stamped pages.  Plaintiff has also met, or is on its way to meeting,

15 the deadlines the Court set regarding the few remaining categories of outstanding documents.

16 Finally, following the last hearing, Plaintiff agreed to produce from CDW *all* the narratives

17 associated with "opioid-specific incident codes" in addition to the narratives associated with

18 prescription forgery incidents.  Plaintiff has completed the forgery production and begun a

19 rolling production of the remainder, which will be completed shortly.

20 **III.    DEFENDANTS' STATEMENT**

21    **A.    Status of Party Discovery**

22       **1.    Case Schedule**

23    After Plaintiff first raised its need for an extension of the schedule on April 27, 2021,

24 Defendants had been requesting a proposal from Plaintiff for some time.  Just yesterday, May 6,

25 Plaintiff proposed to Defendants a three-month extension of the Court's schedule, citing various

26 scheduling conflicts and health concerns regarding their experts, the pendency of other trials,

27 and discovery deficiencies.  Despite having less than 24 hours to consider Plaintiff's request

28

1    before finalizing the status report, Defendants have agreed to jointly request a four-month

2    extension of all dates in the schedule, including the trial date.

3         Defendants write separately to explain to the Court that a four-month extension may not

4    be sufficient time to complete discovery, despite the parties' best efforts.  For example, Plaintiff

5    has moved to compel production of prescription notes for all of Walgreens' dispensing data in

6    San Francisco, which would require a tremendously burdensome collection effort, to say

7    nothing of the time necessary to review and redact prescription notes for sensitive protected

8    information such as patient names.  In addition, Defendants have identified numerous potential

9    deficiencies in Plaintiff's production, detailed below, which have prevented Defendants from

10   noticing several depositions.  Defendants agree that a four-month extension is necessary, but it

11   may not be sufficient.

12                    **2.**    **Defendants' Discovery Requests**

13         In advance of the Court's February 26, 2021 deadline for substantial completion of

14   document productions, Plaintiff identified 30 custodial email productions as substantially

15   complete. On April 12, 2021, Plaintiff represented it had substantially completed production of

16   eight additional custodians.  On April 16, Plaintiff notified Defendants that its production for

17   one additional custodian was substantially complete.

18         On April 15, 2021, the Court ordered Plaintiff to produce Crime Data Warehouse

19   ("CDW") narratives, and to meet-and-confer with Defendants regarding production of other

20   narratives and certain associated documents. ECF No. 530. The parties met-and-conferred

21   following the Court's Order, and Plaintiff agreed to produce 10 additional categories of CDW

22   narratives, as well as documents stored in the CDW associated with the narratives the Court

23   ordered Plaintiff to produce. ***Defendants ask the Court to order Plaintiff to complete its***

24   ***production of those narratives and associated documents by May 14, 2021, as Plaintiff has***

25   ***already represented it will endeavor to do.*** Once Plaintiff's CDW production is complete, the

26   parties may again meet and confer regarding production of additional documents associated

27   with other opioid-specific narratives from the CDW.

28

1    The Court also ordered Plaintiff to produce all of its opioids policies, procedures, and

2    training materials and documents related to its abatement costs by May 3, 2021. *Id.* Defendants

3    have asked for confirmation that Plaintiff has met this deadline.

4    Defendants are also evaluating the sufficiency of Plaintiff's other productions.

5    Examples of potential deficiencies that Defendants have identified for Plaintiff include: whether

6    all policies, procedures, and training materials for Plaintiff's pharmacists and prescribers have

7    been produced; what appear to be significant gaps in Plaintiff's production of monthly

8    "Medication Errors Summary" documents from Plaintiff's Laguna Honda Hospital; and whether

9    reports related to Plaintiff's "Controlled Substances Oversight Program" have been produced.

10    Plaintiff has represented that it is investigating these issues.  Defendants will raise any disputes

11    with the Court as necessary.

12    On April 7, Defendants made their first requests for deposition dates of two of Plaintiff's

13    witnesses. Plaintiff responded on April 20 that the two witnesses are available on May 14 and

14    May 17. Based on the potential production deficiencies identified above, Defendants are

15    concerned that these depositions (and potentially others) may need to be postponed, but are

16    working with Plaintiff to determine whether those issues can be resolved in time to take the

17    depositions as scheduled.  Although Defendants must wait until after the disclosure and analysis

18    of Plaintiff's expert reports to take certain depositions, they intend to continue to prioritize those

19    that can be taken earlier.

20    ### 3.    **Plaintiff's Discovery Requests**

21    Defendants have produced millions of documents in the MDL, which are deemed

22    produced in this case.  In addition, Defendants have made additional productions specific to this

23    case.

24    For example, since the last status conference, Walgreens produced more than 25,000

25    documents on top of the more than 30,000 documents Walgreens had previously produced in

26    this case, and the more than 380,000 documents Walgreens has produced in the MDL.  The

27    timing of this production is directly proportional to the large number of search terms and

28    custodians Plaintiff requested (and to which Walgreens agreed) late in the discovery schedule.

1   Nevertheless, Walgreens completed its custodial productions by May 3, so that Plaintiff could

2   provide its expert reports on the Court's schedule.

3       By May 3 Walgreens had *also* produced nearly 10,000 hard copy "refusals to fill" and

4   Target Drug Good Faith Dispensing checklists from its San Francisco pharmacies, in addition to

5   its electronic Target Drug Good Faith Dispensing checklists and electronic refusals to fill

6   produced on March 26, which totaled over 65,000 lines of data.   These documents are

7   expected to comprise approximately 1/3 of Walgreens' total hard copy productions from

8   individual pharmacies, and are similar to the remaining hard copy documents Walgreens intends

9   to produce by the Court's May 17 deadline.  The Court set that deadline for substantial

10  completion of Walgreens' hard copy productions, again at Plaintiff's request, so that Plaintiff

11  could provide its expert reports on the Court's schedule.  Walgreens was required to hire a

12  number of additional vendors to go on site to Walgreens' pharmacies – sometimes multiple

13  vendors at a single store at one time – during the peak of the COVID vaccine roll-out in order to

14  meet this deadline.  Walgreens objected to this timeline but nevertheless is on track to more than

15  substantially complete its hard copy production by May 17.  Plaintiff's complaint that

16  Walgreens is not meeting its obligations is not well-taken.   Walgreens also produced additional

17  reports through its MDL production on April 30 and no other productions are outstanding.[4]

18      The Endo and Par Defendants substantially completed their production by the substantial

19  completion deadline for the custodians and data stores identified to Plaintiff, utilizing the

20  searches disclosed, as of that date.  Endo and Par have also made substantial progress toward

21  producing additional materials either agreed or ordered after the substantial completion

22  deadline.  Specifically, on April 16, 2021, Endo substantially completed its custodial production

23  using additional jurisdiction-specific search terms negotiated in March 2021; on April 23, 2021,

24  Endo substantially completed its production of Eric Vandal's custodial file[5]; and on April 12,

25  _____

26  [4] Walgreens further notes that it has not only answered Plaintiff's November 2020 Interrogatories,
    but it has also updated these responses once already and will be doing so for a second time on

27  Friday, May 7.  Since November 2020, Walgreens has also provided Plaintiff extensive
    information about Walgreens' personnel responsible for compliance *and* pointed Plaintiff to the

28  transcript of an individual from Walgreens' compliance department taken in the MDL discussing
    this same topic.

    [5] These files were restored from back-up tapes containing Vandal's My Documents and first- and

1   2021 and April 23, 2021, Endo produced data from centralized repositories reflecting

2   interactions by Medical Science Liaisons (including Bobbie Sue Brown) with physicians.  In

3   total, the Endo and Par Defendants have produced approximately 4.6 million documents,

4   including over 177,000 documents in this matter specifically.

5       Additional material is forthcoming.  Pursuant to the Court's March 8, 2021 Order, Par

6   has identified for Plaintiff additional custodians related to Par marketing materials, will be

7   commencing its production the week of May 10, 2021, , and expects to substantially complete it

8   by the week of June 4, 2021.  Moreover, in addition to the 29 Endo sales force custodians

9   already agreed to, Endo has agreed to add 7 additional sales representative custodians that

10  Plaintiff identified on April 19, 2021, and 4 additional custodians who at one time may have

11  held supervisory sales responsibilities in San Francisco—1 of whom Plaintiff first requested on

12  April 22, 2021 and the remainder of which Endo identified thereafter through additional

13  investigation.  Endo has also agreed to produce certain additional documents from all remaining

14  San Francisco sales representatives not previously designated as custodians; Endo is presently

15  waiting for Plaintiff to confirm agreement to Endo's proposed search term, or propose

16  additional terms.  Endo has also undertaken additional investigation in response to Plaintiff's

17  inquiries regarding certain gaps in data produced, first identified on April 9, 2021, and is

18  diligently working to complete that investigation.  Pending the completion of that investigation,

19  Endo expects to make additional productions of sales representative-related data by the week of

20  May 10, 2021.

21      Allergan has deemed produced in this case 724,488 documents and 5,145,819 pages

22  gathered and produced—without geographic limitation—in other opioid cases.  It has also

23  agreed to provide its production in the MDL regarding suspicious order monitoring-related

24  documents.  In late January and early February, Allergan agreed to conduct several additional

25  searches for this case in particular at Plaintiff's request. On February 26, 2021, Allergan

26  produced an additional 47,984 documents, including 190,209 pages, which includes the results

27

28  last-in-time email back-up tapes identified as including Vandal materials so as to produce
    materials for the broadest time accessible.

2214212.3                                    - 9 -                    JOINT STATUS UPDATE
                                                            CASE. NO. 18-CV-07591-CRB-JSC

1   of several of those searches.  On March 13, 2021, Allergan made another substantial additional

2   production.  On March 24, 2021, Allergan produced additional chargeback and rebate data as

3   well as its privilege log.  Allergan's production is substantially complete.

4       The Teva Defendants have produced over 3.2 million documents available to Plaintiff,

5   and have completed the production of documents for the additional agreed regional custodians.

6          **B.**      **Status of Other Third-Party Discovery**

7       The California Department of Justice ("DOJ") produced its CURES data on April 28.

8   Walgreens identified significant deficiencies in the CURES data, including millions of

9   duplicative records.  On May 5, Walgreens requested that DOJ reproduce the data, correcting

10  the issues.  DOJ has not yet responded to Walgreens' request.

11      In April 2020, Defendants served requests for production on Plaintiff for the production

12  of documents and data from all pertinent subdivisions of the City and County of San Francisco.

13  When the City and County was dismissed as a plaintiff, Plaintiff took the position that certain of

14  its subdivisions were not within Plaintiff's custody and control, requiring third-party subpoenas.

15  Defendants therefore served subpoenas on the San Francisco departments and entities that

16  Plaintiff has deemed outside of its custody and control, including the Department of the

17  Environment, Department of Emergency Management, Board of Supervisors, Controller's

18  Office, Mayor's Office, District Attorney's Office, Department of Human Resources, Health

19  Service System, and Human Services Agency.[6]  These subdivisions have responded to the

20  subpoenas, and the parties are in the process of meeting and conferring regarding those

21  responses.  The parties will submit disputes to the Court as necessary.

22      Defendants are also pursuing third-party discovery from various state agencies, and have

23  subpoenaed the Medical Board of California, the Dental Board of California, the California

24  Board of Registered Nursing, and the United States Drug Enforcement Agency.  Defendants

25  have met and conferred with all four of those agencies, and are negotiating the scope of their

26  productions.

27

28    [6] Defendants have also served subpoenas on the San Francisco Superior Court and the University of California San Francisco Hospital.

1

2    DATED:   May 7, 2021                    Respectfully submitted,

3                                            */s/ Kevin R. Budner*
     DENNIS J. HERRERA                       Elizabeth J. Cabraser
4    City Attorney                           Richard M. Heimann
     RONALD P. FLYNN                         Paulina do Amaral
5    YVONNE R. MERE                          Kevin R. Budner
     OWEN J. CLEMENTS                        Michael Levin-Gesundheit
6    SARA J. EISENBERG                       Jacob H. Polin
     JAIME M. HULING DELAYE                  Miriam Marks
7    Deputy City Attorneys                   LIEFF CABRASER HEIMANN &
     Fox Plaza                               BERNSTEIN, LLP
8    1390 Market Street, Sixth Floor         275 Battery Street, 29th Floor
     San Francisco, CA  94102                San Francisco, California 94111-3339
9    Telephone:  415/554-3957                Telephone: 415.956.1000
     jaime.hulingdelaye@sfcityatty.org       Facsimile: 415.956.1008
10                                           ecabraser@lchb.com

11   Aelish M. Baig                          Paul J. Geller
     Hadiya K. Deshmukh                      Mark J. Dearman
12   Taeva Shefler                           Dorothy P. Antullis
     ROBBINS GELLER RUDMAN & DOWD            Nicolle Brito
13   LLP                                     ROBBINS GELLER RUDMAN & DOWD LLP
     Post Montgomery Center                  120 East Palmetto Park Road, Suite 500
14   One Montgomery Street, Suite 1800       Boca Raton, FL  33432
     San Francisco, CA  94104                Telephone:  561/750-3000
15   Telephone:  415/288-4545                561/750-3364 (fax)
     415/288-4534 (fax)                      pgeller@rgrdlaw.com
16   aelishb@rgrdlaw.com

17   Thomas E. Egler                         Louise Renne
     Jay Alvarez                             RENNE PUBLIC LAW GROUP
18   ROBBINS GELLER RUDMAN & DOWD            350 Sansome Street, Suite 300
     LLP                                     San Francisco, CA 94104
19   655 West Broadway, Suite 1900           Telephone:  415/848-7240
     San Diego, CA  92101                    415/848-7230 (fax)
20   Telephone:  619/231-1058                lrenne@publiclawgroup.com
     619/231-7423 (fax)
21   tome@rgrdlaw.com

22   Jennie Lee Anderson                     Kevin Sharp
     Audrey Siegel                           SANFORD HEISLER SHARP, LLP
23   ANDRUS ANDERSON LLP                     611 Commerce Street, Suite 3100
     155 Montgomery Street, Suite 900        Nashville, TN  37203
24   San Francisco, CA  94104                Telephone:  615/434-7000
     Telephone:  415/986-1400                615/434-7020 (fax)
25   415/986-1474 (fax)                      ksharp@sanfordheisler.com
     jennie@andrusanderson.com
26   audrey.siegel@andrusanderson.com

27   Edward Chapin                           David S. Casey, Jr.
     SANFORD HEISLER SHARP, LLP              Gayle M. Blatt
28   655 West Broadway, Suite 1700           Alyssa Williams

1   San Diego, CA  92101
    Telephone:  619/577-4253
2   619/577-4250 (fax)
    echapin2@sanfordheisler.com
3

4

5

6   Ellen Relkin
    WEITZ & LUXENBERG P.C.
7   700 Broadway
    New York, NY  10003
8   Telephone:  212/558-5500
    212/344-5461 (fax)
9   erelkin@weitzlux.com

10  Paul F. Novak
    Tiffany Ellis
11  Michael P. Piggins
    WEITZ & LUXENBERG, P.C.
12  24th Floor, The Fisher Building
    3011 W. Grand Boulevard
13  Detroit, Michigan 48202
    Tel: (313) 800-4170
14  pnovak@weitzlux.com

        CASEY GERRY SCHENK FRANCAVILLA
        BLATT & PENFIELD LLP
        110 Laurel Street
        San Diego, CA  92101-1486
        Telephone:  619/238-1811
        619/544-9232 (fax)
        dcasey@cglaw.com
        gmb@cglaw.com
        awilliams@cglaw.com

        Melinda Davis Nokes
        WEITZ & LUXENBERG P.C.
        1880 Century Park East
        Los Angeles, CA  90067
        Telephone:  310/247-0921
        310/786-9927 (fax)
        mnokes@weitzlux.com

15  *Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera*

1 | DATED:  May 7, 2021                     Respectfully submitted,

2 |        s/ Sean O. Morris                        s/ Brent A. Hawkins

3 | Sean O. Morris (SBN 200368)              Brent A. Hawkins (S.B. # 314266)
   | John D. Lombardo (SBN 187142)            Zachary Hill (S.B. #275886)
4 | ARNOLD & PORTER KAYE                     MORGAN, LEWIS & BOCKIUS LLP
   | SCHOLER LLP                              One Market, Spear Street Tower
5 | 777 South Figueroa Street, 44th Floor    San Francisco, CA  94105-1596
   | Los Angeles, CA  90017-5844             Telephone: (415) 442-1000
6 | Telephone: (213) 243-4000               brent.hawkins@morganlewis.com
   | Facsimile: (213) 243-4199                zachary.hill@morganlewis.com
7 | sean.morris@arnoldporter.com
   | john.lombardo@arnoldporter.com           Eric W. Sitarchuk*
8 |                                           Rebecca J. Hillyer*
   | Jeremy T. Kamras (State Bar No. 237377)  MORGAN, LEWIS & BOCKIUS LLP
9 | Jeremy.Kamras@arnoldporter.com           eric.sitarchuk@morganlewis.com
   | ARNOLD & PORTER KAYE                     rebecca.hillyer@morganlewis.com
10| SCHOLER LLP                              1701 Market Street
   | Three Embarcadero Center, 10th Floor     Philadelphia, PA  19103-2921
11| San Francisco, CA 94111-4024            Telephone: +1.215.963.5000
   | Telephone: (415) 471-3100               Facsimile: +1.215.963-5001
12| Fax: (415) 471-3400
   |                                          Wendy West Feinstein (*pro hac vice*)
13| *Attorneys for Defendants Endo*          MORGAN, LEWIS & BOCKIUS LLP
   | *Pharmaceuticals Inc., Endo Health*     One Oxford Centre, 32nd Floor
14| *Solutions Inc., Par Pharmaceutical, Inc.,*  Pittsburgh, PA  15219-6401
   | *and Par Pharmaceutical Companies, Inc.*  Telephone: (412) 560-7455
15|                                          wendy.feinstein@morganlewis.com

16|                                          *Attorneys for Defendants*
   |                                          *Teva Pharmaceuticals USA, Inc., Cephalon,*
17|                                          *Inc., Actavis LLC, Watson Laboratories, Inc.,*
   |                                          *and Actavis Pharma, Inc. f/k/a Watson*
18|                                          *Pharma, Inc.*

19|                                          *Denotes national counsel, pro hac vice*
   |                                          *forthcoming*
20|

21| Zachary W. Byer (S.B. #301382)          Charles J. Stevens (SBN 106981)
   | KIRKLAND & ELLIS LLP                     cstevens@gibsondunn.com
22| 555 South Flower Street                  Joshua D. Dick (SBN 268853)
   | Los Angeles, CA  90071                   jdick@gibsondunn.com
23| Telephone: (213) 680-8400               Kelsey J. Helland (SBN 298888)
   | zachary.byer@kirkland.com                khelland@gibsondunn.com
24|                                          GIBSON DUNN & CRUTCHER LLP
   | Jennifer G. Levy, P.C. (*pro hac vice*)  555 Mission Street, Suite 3000
25| KIRKLAND & ELLIS LLP                     San Francisco, CA  94105
   | 1301 Pennsylvania Ave., N.W.             Telephone: 415.393.8200
26| Washington, DC  20004                    Facsimile: 415.393.8306
   | Telephone: (202) 879-5000
27| Facsimile: (202) 879-5200
   | jennifer.levy@kirkland.com
28|

2214212.3                          - 13 -

1

2   Donna Welch, P.C. (*pro hac vice*)              Kaspar Stoffelmayr
    Timothy W. Knapp, P.C. (*pro hac vice*)         (*pro hac vice*)
3   Karl Stampfl (*pro hac vice*)                   kaspar.stoffelmayr@bartlitbeck.com
    KIRKLAND & ELLIS LLP                            Katherine M. Swift
4   300 North LaSalle                               (*pro hac vice*)
    Chicago, IL  60654                              kate.swift@bartlitbeck.com
5   Telephone: (312) 862-2000                       BARTLIT BECK LLP
    Facsimile: (312) 862-2200                       54 West Hubbard Street
6   donna.welch@kirkland.com                        Chicago, IL  60654
    tknapp@kirkland.com                             Telephone: 312.494.4400
    karl.stampfl@kirkland.com                       Facsimile: 312.494.4440
7

8   *Attorneys for Defendants*                      Alex Harris
    *Allergan Finance, LLC f/k/a Actavis, Inc.*     (*pro hac vice*)
    *f/k/a Watson Pharmaceuticals, Inc.,*           alex.harris@bartlitbeck.com
9   *Allergan Sales, LLC and Allergan USA,*         BARTLIT BECK LLP
    *Inc. and specially appearing defendant*        1801 Wewatta Street, Suite 1200
10  *Allergan plc f/k/a Actavis plc*                Denver, CO  80202
                                                    Telephone: 303.592.3100
11                                                  Facsimile: 303.592.3140

12                                                  *Attorneys for Defendant*
                                                    *Walgreen Co.*
13

14

    Alan R. Ouellette (CA Bar. No. 272745)
15  FOLEY & LARDNER LLP
    555 California Street, Suite 1700
16  San Francisco, CA  94104-1520
    Telephone: (415) 434-4484
17  Facsimile: (415) 434-4507
    aouellette@foley.com
18

19  James W. Matthews (*pro hac vice*)
    Ana M. Francisco (*pro hac vice*)
    Katy E. Koski (*pro hac vice*)
20  FOLEY & LARDNER LLP
    111 Huntington Avenue
21  Boston, MA  02199-7610
    Telephone: (617) 342-4000
22  Facsimile: (617) 342-4000
    jmatthews@foley.com
23  francisco@foley.com
    kkoski@foley.com
24  *Attorneys for Defendant*
    *Anda, Inc.*
25

26

27

28

2214212.3                           - 14 -                      JOINT STATUS UPDATE
                                                        CASE. NO. 18-CV-07591-CRB-JSC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ATTESTATION</u>**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: May 7, 2021                              By: <u>/s/ *Kevin R. Budner*</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on May 7, 2021, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

 /s/ *Kevin R. Budner*
Kevin R. Budner