# EXHIBIT C

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track Three Cases* | MDL 2804<br><br>Case No. 1:17-MD-2804<br><br>Judge Dan Aaron Polster<br><br>**ORDER REGARDING RED FLAGGED PRESCRIPTIONS AND ASSOCIATED NOTES FIELDS DATA** |

On April 16, 2021, Plaintiffs served expert reports identifying certain "red flag" prescriptions based on discovery produced by Pharmacy Defendants after June 2020 (Doc. 3716-4; Doc. 3716-5). These reports identified over 2 million prescriptions as "red flagged" (Doc. 3716-7 at 1), which is roughly 1 million more than Plaintiffs identified in their June 2020 disclosure (Doc. 3719-4 at 3). Between these universes of 1 million and 2 million prescriptions, approximately 840,000 of the prescriptions overlap. Pharmacy Defendants moved to strike the additional 1 million prescriptions as untimely on May 4, 2021 (Doc. 3716), and Plaintiffs' filed their opposition to Pharmacy Defendants' motion to strike on May 6, 2021 (Doc. 3719). Pharmacy Defendants filed a reply in support of their motion to strike on May 7, 2021 (Doc. 3722). In this reply, Pharmacy Defendants suggested that the Court preclude Plaintiffs from referencing at trial any flagged prescriptions other than the 840,000 overlapping prescriptions identified in both Plaintiffs' June 2020 disclosure and their April 2021 disclosure (*Id*. at 2–3).

Also on May 7 2021, the Court held its regular monthly status teleconference with Plaintiffs and Pharmacy Defendants in which the Court discussed this issue with the parties. During that teleconference, the Court proposed three options to Plaintiffs regarding which universe of

prescriptions they may use at trial: (1) the original 1 million prescriptions identified in June 2020; (2) the 840,000 overlapping prescriptions; or (3) the 2 million prescriptions identified in April 2021. The Court informed the parties that should Plaintiffs opt to use the universe of 2 million prescriptions, then the trial currently set for October 2021 would be postponed likely until May 2022 to provide Pharmacy Defendants time to conduct fact discovery on the additional prescriptions. Accordingly, Plaintiffs have until **Friday, May 14 at 12:00 p.m. EDT** to decide which universe of prescriptions they will reference at trial.

In addition, during the May 7 teleconference, the Court discussed with the parties the issue of the notes fields for the red flagged prescriptions (*See* May 6 Letter from Eric Delinsky to Special Master Cohen).[1] On May 2, 2021, Special Master David R. Cohen ruled that each Pharmacy Defendant would produce to Plaintiffs the notes fields for 250 of the red flagged prescriptions per year from 2006–2019, chosen randomly (May 2 email from Special Master Cohen to Peter Weinberger and Kaspar Stoffelmayr). During the May 7 teleconference, Pharmacy Defendants explained the burden associated with identifying the notes field data, including potentially needing to retrieve associated hard copy data from archived storage. Accordingly, Pharmacy Defendants argued that the universe of notes field data they should be ordered to produce should be reduced.

Therefore, the Court **ORDERS** the Pharmacy Defendants to produce notes fields data for 200 prescriptions per Pharmacy Defendant per year from 2010–2019 to be randomly selected from the universe of red flagged prescriptions Plaintiffs choose to use at trial.

---

[1] In a May 2, 2021 email to the parties, Special Master David R. Cohen defined such "notes fields" as "any information that is associated with the particular [red flagged prescriptions], including transactional prescription data fields, hard-copy scans of the front or back of paper [prescriptions], and anything else that a Defendant asserts was a part of its documentation of due diligence for [red-flagged prescriptions]."

3

The next Track Three teleconference is scheduled for **June 9, 2021 at 1:00 p.m. EDT**. Counsel shall use the same dial-in instructions used for the previous teleconference, and shall submit to the Court a joint status report by **12:00 p.m. EDT on June 8, 2021**.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  May 10, 2021  
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**