DENNIS J. HERRERA, State Bar #139669
City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERE, State Bar #173594
Chief of Complex & Affirmative Litigation
OWEN J. CLEMENTS, State Bar #141805
SARA J. EISENBERG, State Bar #269303
JAIME M. HULING DELAYE, State Bar #270784
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Telephone:  415/554-3957
jaime.hulingdelaye@sfcityatty.org

*Attorneys for Plaintiff The People of the State of California,
acting by and through San Francisco City Attorney Dennis J. Herrera*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DENNIS J. HERRERA, <br><br> Plaintiffs, <br><br> vs. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 3:18-cv-07591-CRB <br><br> **JOINT STATUS UPDATE** <br><br> **Judges**:  Hon. Charles R. Breyer and Jacqueline Scott Corley <br><br> **Courtroom**:      Via Videoconference <br><br> **Hearing Date**:   June 16, 2021 <br><br> **Hearing Time**:   8:30 a.m. |

4852-0495-8190.v1

The parties respectfully submit this Joint Status Update in advance of the Court's discovery conference scheduled for June 16, 2021 at 8:30 a.m.

## I.   JOINT STATEMENT REGARDING SCHEDULE AND DISPUTE RESOLUTION

The parties jointly report on a number of case developments that have taken place since the last conference with the Court.

### A.   Schedule Extension

On June 7, the Court entered the parties' joint stipulation and proposed order to modify the case schedule.[1]  Doc. 568.  The specific dates are reflected in the chart below:

| Event | Current Schedule |
|---|---|
| Custodial Productions Substantial Completion Deadline | June 4, 2021 |
| Document Production Substantial Completion Deadline | June 21, 2021 |
| Plaintiff's Expert Reports | October 5, 2021 |
| Close of Fact Discovery | November 12, 2021 |
| Defendants' Expert Reports | December 2, 2021 |
| Plaintiff's Expert Rebuttal Reports | December 23, 2021 |
| Close of Expert Discovery | January 14, 2022 |
| Motions for Summary Judgment and *Daubert* Motions | January 24, 2022 |
| Oppositions to Motions for Summary Judgment and *Daubert* Motions | February 25, 2022 |
| Replies in Support of Motions for Summary Judgment and *Daubert* Motions | March 11, 2022 |
| All Trial Materials Due | March 24, 2022 |
| Final Pretrial Conference | April 4, 2022 |
| Trial | April 25, 2022 |

---

[1]    The Court entered the Declaration of Thomas E. Egler Accompanying Stipulation as the new Scheduling Order, not the parties' stipulation and proposed order.  *See* Docs. 567-68.  Defendants respectfully request that the Court enter the parties' stipulation and proposed order as the new Scheduling Order.

**B.     Update on Status of Settlement Among Stipulating Parties (Docs. 518-19, 562, 564, 570)**

On January 26, 2021, the Court stayed the proceedings as to the Stipulating Defendants.[2] The Stipulating Parties submitted a status update on March 29, 2021 (Doc. 518), and on March 31, 2021, Judge Breyer ordered the parties to submit a second update within 45 days (Doc. 519).  On May 17, 2021, the Stipulating Parties submitted a Joint Notice Regarding Update on Status of Settlement (Doc. 562).  The Court ordered the Stipulating Parties to submit to the Court an update on the status of the proposed settlement on June 11, 2021.  Doc. 564.  On June 11, the Stipulating Parties filed a Third Joint Notice Regarding Update on Status of Settlement, suggesting they provide a further update to the Court again on August 9.  Doc. 570.  There, the Stipulating Parties reported that they continue to make substantial progress in the negotiations.  Once the documentation is completed, there will be a sign-on process for states and political subdivisions that, due to the number of parties involved, will likely take several months.

**C.     Discovery Orders Issued Since Prior Conference (Docs. 561, 563)**

Following the last status conference, the Court issued two discovery orders.  In the first, the Court set deadlines regarding certain of Endo's newly agreed upon custodial productions and supplemental interrogatory responses, and otherwise denied Plaintiff's motion to compel.  Doc. 561. In the second, the Court ordered Walgreens and Plaintiff to meet and confer regarding Walgreens' prescription and due diligence records.  Doc. 563.

**D.     Discovery Motions**

The parties have briefed one dispute pursuant to the revised resolution protocol outlined in Discovery Order No. 2 (Doc. 382).  That dispute is outlined in the chart below.

| Moving Party | Responding Party | Dispute | Doc. |
|---|---|---|---|
| Plaintiff | Walgreens | Remaining issues re: Walgreens' Due Diligence Notes | 569 |

[2]     The Stipulating Defendants are distributors McKesson Corporation, AmerisourceBergen Drug Corporation and Cardinal Health, Inc.; and manufacturer Johnson & Johnson, its subsidiary Janssen Pharmaceuticals Inc. f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. and its former affiliate Noramco, Inc. (with Plaintiff, the "Stipulating Parties").

1    **II.    PLAINTIFF'S STATEMENT**

2        **A.    Case Schedule & Plaintiff Productions**

3        Defendants' accusations of any malfeasance by Plaintiff are unfounded.  The Court entered

4    the modified schedule proposed by the parties, and the parties' stipulation speaks for itself.  *See*

5    Docs. 567-68.  Contrary to Defendants' representation, Plaintiff did not intentionally withhold

6    information regarding the status of its production.

7        And consistent with the representations made in Plaintiff's declaration accompanying the

8    parties' stipulation, Plaintiff completed the substantial production of its custodial documents on June

9    4, 2021. *See* Doc. 567.  The only custodial documents that Plaintiff is aware of that remain for it to

10   produce are: (1) privilege and redaction review documents (*i.e.*, documents set aside for privilege

11   that could be produced after further review); and (2) documents that require a secondary review

12   because of a coding issue or technical issue identified during the initial review.  To date, Plaintiff has

13   produced more than 500,000 individual documents, consisting of more than three million pages of

14   information.

15       **B.    Defendants' Discovery Deficiencies**

16       As the deadline for the substantial completion of documents approaches on June 21, 2021,

17   Plaintiff raises certain discovery issues below, which primarily stem from issues on which this Court

18   has previously issued discovery orders.

19           **1.    Endo/Par**

20               **a.    Missing Data Issues**

21       On May 14, 2021, this Court ordered Endo to supplement its responses to Interrogatory Nos.

22   1-4 with missing data it is able to locate by May 31, 2021.  Doc. 561.  While Endo provided some

23   supplemental responses by that date, as noted below, Endo is still searching for missing data

24   responsive to these interrogatories.  As a result, Plaintiff anticipates that further supplemental

25   responses will be necessary after Endo's data investigation is complete.

26       On June 11, 2021, Endo informed Plaintiff that, within the last week, it had located

27   previously missing dropdown fields from the call logs Plaintiff identified and requested, including

28   "Message Description" and "Message Name" data from 2013 and 2014.  Endo further advised that

its investigation is ongoing.  When asked during a Zoom conversation why this data was not previously produced, counsel for Endo stated that they only recently "found" a "database file" in "another location" other than its Commercial Data Warehouse.  As Plaintiff understands it, this database file was from an IT source and was part of a workflow regarding the migration of data to the Commercial Data Warehouse.  Endo declined to provide any additional information regarding this "database file" or why it was not produced previously.  Endo also stated that it has now found additional date ranges not previously produced and, while it hopes to produce all missing messaging call data in the next week or two, it was unwilling to commit to a production date.

Endo also has yet to locate *any* of the missing date ranges from the Materials Dropped File that Plaintiff identified and requested.  Moreover, Endo informed Plaintiff on June 11, 2021, that it would not be able complete its investigation or production by June 21, 2021, and that it had *no estimate* of how long the investigation into the missing data would take.

Further, during a follow up conference on June 14, 2021, Endo advised Plaintiff that it has now identified *further* previously unproduced call log data from 2002 to 2007.  This data was apparently found in a production volume in an unrelated case.  No explanation was offered for why the data was not identified and produced here.

While Plaintiff is pleased the investigation is proving fruitful, it is an investigation that should have been undertaken and completed months, if not years, ago.  Thus, Plaintiff believes a deadline for completion should be ordered.

In light of ongoing revelations of responsive documents and data that were not identified for production and/or have yet to be produced, Plaintiff has also asked Endo to provide: (a) information regarding the all Customer Relationship Management systems used (Plaintiff has identified from the documents at least three); (b) information regarding where and how Reports or Suspected Diversion were maintained; (c) information regarding all databases used by Endo's Medical Science Liaisons; and (d) information identifying documents produced in response to Plaintiff's Requests for Production in this case that were produced in the MDL without San Francisco Bates stamps. Plaintiff asked for a response to these inquiries by June 2, 2021, but Endo has not yet responded.

While on June 14, 2021, Endo represented it would be sending a letter replying to Plaintiff's inquiries soon, it refused to say whether it planned to provide any of the information requested.

### b. Productions Ordered by the Court

Plaintiff anticipates receiving additional custodial file productions and documents located by running terms designed to locate Reports of Suspected Diversion from Sales Representative files by June 21, 2021, the date by which this Court ordered those productions must be substantially complete.

### c. Outstanding Issues on Which the Parties Continue to Meet and Confer

In addition, Plaintiff is continuing to meet and confer with Endo regarding outstanding issues, including the following: 1) application of search terms aimed at locating Reports of Suspected Diversion in the files of District Managers and Regional Directors; 2) Plaintiff's request that Endo affirmatively state when its custodial and non-custodial productions are complete and whether documents are being withheld on any grounds; and 3) deficiencies in the Endo Defendants' Responses to Plaintiff's First Set of Interrogatories to All Non-Severed Defendants.

### 2. Walgreens

Plaintiff is investigating whether Walgreens' productions for regional custodians are complete.  Doc. 530 at 2 (setting May 3 production deadline).  For several of these custodians, Walgreens' productions contain few, if any, documents pre-dating this litigation or from the period of time in which these custodians actually worked in San Francisco.  Plaintiff has written several letters, and continues to meet and confer with Walgreens.

Plaintiff also continues to meet and confer with Walgreens about a number of interrogatory responses seeking basic facts.

Defendants' discussion below about Plaintiff's methadone-related production is misleading. Plaintiff produced all responsive outpatient pharmacy dispensing data several months ago.  The parties are now meeting and conferring about production of additional data relating to treatment of opioid use disorder ("OUD") with buprenorphine from both Plaintiff's and Walgreens' pharmacies. With respect to methadone for OUD treatment, which only an opiate treatment program (not a

1   pharmacy) can provide, Plaintiff has not "withheld" anything and has offered Defendants extensive,

2   granular data that should satisfy any legitimate interests.[3]

### 3.   Allergan

As Plaintiff noted in the May 5 joint status update (Doc. 550), Allergan has several deficient interrogatory responses, the answers to which will affect Plaintiff's expert analysis.  Allergan has agreed to provide the additional information no later than June 28, 2021.

On May 13, 2021 Plaintiff noticed the deposition of Allergan witness, Tracey Norton.  Allergan has yet to respond on whether it will accept service for Ms. Norton or provide dates for her deposition.

Finally, since the last status conference, Plaintiff has also served subpoenas on 12 different nonparties upon learning the identities of various advertising and marketing agencies that Allergan identified in its interrogatory responses.  Plaintiff has started to receive objections and responses from the nonparties and is meeting and conferring with regard to the scope of the subpoenas.

### 4.   Teva

Plaintiff has identified a number of deficiencies in Teva's interrogatory responses.  Plaintiff will endeavor to meet and confer with Teva on these and related issues.

### C.   Defendants' Improper Discovery on the San Francisco Sheriff's Department and Other Cities and Counties that Have Brought Actions Against Defendants in the MDL

Defendants' non-party discovery efforts in the case have been extensive.  To date, the various defendants have served approximately 70 subpoenas, comprising of almost 1000 discrete document requests.

Walgreens served the latest batch of these subpoenas on June 10.  The subpoenaed entities include 20 Bay Area pharmacies and law enforcement agencies, including the sheriff departments for Alameda, Contra Costa, Sonoma, Marin, Santa Clara, Solano, and Napa Counties.  Plaintiff is still reviewing these recently served subpoenas, but a few issues jump out.  *First*, they are broad.

---

[3] Defendants' discussion of the history of deposition scheduling is also misleading and incomplete, but the relevant upshot is that the only two depositions any Defendant has noticed are on the calendar.

1  For example, as to each law enforcement entity, the subpoenas seek, among other things, "[a]ll

2  Communications relating to Prescription Opioids, Illicit Opioids, or other Illicit Drugs."  This

3  includes all communications about and documents related to the "misuse" and "abuse" of "any

4  Schedule I drug," a definition that explicitly includes drugs like marijuana, which have no possible

5  relevance to this case.  *Second*, most of the governmental entities that Walgreens subpoenaed have

6  filed actions in the MDL and are (from Plaintiff's understanding) subject to Judge Polster's

7  discovery stay for non-bellwether actions in the MDL.  *See* Case Management Order One, *In re*

8  *Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP (N.D. Ohio) Doc. 232 at 1, 12.  *Third*,

9  confusingly, Walgreens even subpoenaed the San Francisco Sheriff's Department, which is a

10 custodial Plaintiff department that is subject to and has already responded to *party* discovery in this

11 case (Walgreens formally withdrew this subpoena on June 14, 2021).

12 **III.    DEFENDANTS' STATEMENT**

13     **A.    Status of Party Discovery**

14         **1.    Case Schedule**

15     The *parties* agreed to seek a four-month schedule extension after Plaintiff represented to

16 Defendants and the Court that Plaintiff's experts had health issues and scheduled conflicts.

17 Defendants agreed to seek a four-month extension based on Plaintiff's prior representations to the

18 Court that its custodial productions had long been substantially complete and would be entirely

19 produced by May 14.  *See* 4/14/2021 Status Conference Tr. at 50:18-19 ("Get them produced by

20 May 14. … We will do it, Your honor.").  Only after securing that agreement, and the Court's

21 blessing, did Plaintiff reveal that far from completing custodial productions by the Court's deadline,

22 Plaintiff would not be substantially complete until June 4.[4]  Based on this changed set of

23 circumstances, Defendants sought an extension of the schedule and Plaintiff acceded to it, extending

24 the deadlines by an additional three weeks.

25

26

27 _____

[4]  Defendants do not suggest Plaintiff intentionally withheld information regarding the status of its

28 production.

### 2.      Defendants' Discovery Requests

In advance of the Court's February 26, 2021 deadline for substantial completion of document productions, Plaintiff identified 30 custodial email productions as substantially complete.  On April 12, 2021, Plaintiff represented it had substantially completed email production of eight additional custodians.  On April 16, Plaintiff notified Defendants that its email production for one additional custodian was substantially complete.  On May 18, Plaintiff informed Defendants that around one quarter of its custodial files had not been completely produced, as set forth above.  On June 4, Plaintiff produced an additional ***52,123 documents totaling 694,201 pages***, from 40 individual custodians and 18 non-custodial sources.  Defendants are currently evaluating that production, which will take time, as it represents over nine percent of plaintiff's overall production.

Following the Court's April 15, 2021, Order for Plaintiff to produce Crime Data Warehouse ("CDW") narratives (Doc. 530), the parties met-and-conferred, and Plaintiff agreed to produce 10 additional categories of CDW narratives as well as associated documents stored in the CDW.  After Plaintiff made its initial productions, Defendants followed up regarding twenty-one incidents for which the CDW narratives were incomplete or inappropriately redacted.  Plaintiff largely agreed to produce or re-produce these narratives and completed this production last week.  Defendants are reviewing the CDW production and will follow up regarding production of any additional CDW-related documents or information.

Defendants are also evaluating the sufficiency of Plaintiff's other productions.  Examples of what appear to be deficiencies, which Defendants have identified for Plaintiff, include the following categories of documents or data that Plaintiff appears not to have produced in full: Plaintiff's methadone data—Defendants understand Plaintiff did not produce data related to methadone administered for "treatment," rather than pain, despite having agreed to produce dispensing data for methadone; and Plaintiff's other opioid treatment drug data and related abatement costs.  The parties are meeting and conferring and hope to resolve the issues without this Court's intervention. Defendants will raise any additional disputes with the Court as necessary.

On April 7, Defendants made their first requests for deposition dates of two of Plaintiff's witnesses. Plaintiff responded on April 20 that the two witnesses were available on May 14 and May

1  17.  The parties confirmed these deposition dates.  On May 11, Plaintiff unilaterally pulled down
2  these depositions.  On May 21, Plaintiff confirmed these two witness' custodial files would be
3  completed that day, but could not confirm their documents would be completely produced before
4  June 4.  Defendants asked for deposition dates in the second half of June.  On June 3, Plaintiff
5  offered June 29 and July 12 for these depositions.  Defendants accepted these dates.

### 3.      Plaintiff's Discovery Requests

7          Defendants have produced millions of documents in the MDL, which are deemed produced
8  in this case.  In addition, Defendants have made additional productions specific to this case.

9          In advance of the last status conference, **Walgreens** completed its custodial productions,
10  resulting in a production of approximately 50,000 custodial documents, on top of the more than
11  380,000 documents Walgreens has produced in the MDL.  On May 17, Walgreens completed its
12  production of hard copy refusals to fill and Target Drug Good Faith Dispensing checklists resulting
13  in a total hard copy production of over 35,000 documents and over 135,000 pages.[5]

14          The **Endo** and **Par** Defendants substantially completed their production by the original
15  substantial completion deadline of February 26, 2021 for the custodians and data stores identified to
16  Plaintiff, utilizing the searches disclosed, as of that original deadline.  The Endo and Par Defendants
17  have since made substantial progress toward producing additional materials either agreed or ordered
18  after the original substantial completion deadline.  *See* May 7, 2021 Status Report (Doc. 550 at 8-9)
19  (updating as to substantial completion of various productions).  In addition, since the last status
20  conference, Par substantially completed its production of documents from additional custodians
21  related to Par marketing materials.  To date, the Endo and Par Defendants have produced
22  approximately 5.2 million documents, including over 209,000 documents in this matter specifically.
23  In compliance with the Court's May 14, 2021 Order (Doc. 561 at 3), Endo will have substantially
24  completed its further production from the custodial files of additional sales representatives and
25  additional search terms related to "Report of Suspected Diversion" forms by the new deadline of
26  June 21, 2021.

27

28  [5]    Walgreens has also updated its Interrogatory responses several times at Plaintiff's request.

1    In addition, Endo updated the Court in its May 28, 2021 Status Report (Doc. 566) regarding

2 its investigation into the availability of additional data and information in Endo's Commercial Data

3 Warehouse and certain other data sources responsive to Plaintiff's Interrogatory Nos. 1-4, including

4 with respect to certain temporal gaps in Endo's Materials Dropped Data File and missing field data

5 in Endo's Call Data File.  As of the same date, Endo had produced 22 files of additional data

6 responsive to Interrogatories 1-4.

7    As previously explained, the Commercial Data Warehouse is a computer environment

8 consisting of storage locations where data from certain databases are stored.  Since Endo's May 28,

9 2021 Status Report, the Endo team has continued to run SQL and other searches and to conduct data

10 analysis, and has located within the Commercial Data Warehouse for certain periods data containing

11 drop downs for "message description" and "message name" data associated with sales representative

12 calls, which is data Plaintiff has specifically asked Endo to search for.  The Endo team is currently

13 working to confirm the presence of "message description" and "message name" data associated with

14 calls for additional time periods and to generate reports of such data.  In addition, Endo has

15 identified some call data from the 2002 through 2007 period from production volumes made in an

16 unrelated non-opioid government investigation, and is working to try to prepare this data for

17 production. Endo is continuing to search for additional sources of pre-2008 data. On May 28, 2021,

18 Plaintiff also inquired about certain data in Endo's SpeakerNet Data File, which Endo is also

19 investigating.

20    Endo will continue to use its best efforts to complete its ongoing investigation into the

21 Commercial Data Warehouse and other data sources, but, given the complexity of that search and its

22 iterative nature, cannot currently confirm a completion date for that investigation.  In the interim,

23 Endo will continue to keep Plaintiff apprised of its progress, including through weekly Zoom

24 conferences that Endo established and will continue.  If the Court is inclined to set a deadline, as

25 Plaintiff requests, Endo respectfully requests that it set a deadline 30 days from now by which Endo

26 will further report to the Court on its status, with the expectation at that point that Endo will be in a

27 position either to report on whether its investigation is complete or identify a date certain by which it

28

1  reasonably can do so.  Such further status report on or around July 16 will be more than 2.5 months

2  before Plaintiff's expert reports are due and 4 months before the close of fact discovery.

3       Finally, on May 28, 2021—three days before the Court imposed deadline—the Endo and Par

4  Defendants served all supplemental interrogatory responses ordered by and in compliance with the

5  Court's May 14, 2021 Order, including substantial additional information.  Separately, on the

6  evening of May 28, 2021 (the Friday of Memorial Day weekend), Plaintiff sent two letters

7  identifying additional issues about which it sought to meet and confer, requesting *inter alia* an

8  agreement to conduct additional searches and significant further information (set forth at Sections

9  II.B.1.a, c above)—within two business days (by June 2, 2021).  As the Endo and Par Defendants

10 have reported to Plaintiff, they are preparing substantive responses, and expect to provide them

11 shortly.

12      **Allergan** has deemed produced in this case 724,488 documents and 5,145,819 pages

13 gathered and produced—without geographic limitation—in other opioid cases.  It has also agreed to

14 provide its production in the MDL regarding suspicious order monitoring-related documents.  In late

15 January and early February, Allergan agreed to conduct several additional searches for this case in

16 particular at Plaintiff's request. On February 26, 2021, Allergan produced an additional 47,984

17 documents, including 190,209 pages, which includes the results of several of those searches.  On

18 March 13, 2021, Allergan made another substantial additional production.  On March 24, 2021,

19 Allergan produced additional chargeback and rebate data as well as its privilege log.  Allergan's

20 production is substantially complete.

21      The **Teva** Defendants have produced over 3.2 million documents available to Plaintiff, and

22 have completed the production of documents for the additional agreed regional custodians.

23      **B.      Status of Other Third-Party Discovery**

24      The California Department of Justice ("DOJ") produced its CURES data on April 28.

25 Walgreens identified significant deficiencies in the CURES data, including millions of duplicative

26 records.  On May 5, Walgreens requested that DOJ reproduce the data, correcting the issues.  On

27 May 14, DOJ made a supplemental production correcting the issue.

28

1    In April 2020, Defendants served requests for production on Plaintiff for the production of

2  documents and data from all pertinent subdivisions of the City and County of San Francisco.  When

3  the City and County was dismissed as a plaintiff, Plaintiff took the position that certain of its

4  subdivisions were not within Plaintiff's custody and control, requiring third-party subpoenas.

5  Defendants therefore served subpoenas on the San Francisco departments and entities that Plaintiff

6  has deemed outside of its custody and control, including the Department of the Environment,

7  Department of Emergency Management, Board of Supervisors, Controller's Office, Mayor's Office,

8  District Attorney's Office, Department of Human Resources, Health Service System, and Human

9  Services Agency.[6]  These subdivisions have responded to the subpoenas, and the parties are in the

10  process of meeting and conferring regarding those responses.  The parties will submit disputes to the

11  Court as necessary.

12    Defendants are also pursuing third-party discovery from various state agencies, law

13  enforcement entities, and third-party pharmacies,[7] and have subpoenaed the Medical Board of

14  California, the Dental Board of California, the California Board of Registered Nursing, and the

---

[6]    Defendants have also served subpoenas on the San Francisco Superior Court and the University of California San Francisco Hospital.

[7]    In Plaintiff's section of this status report, Plaintiff complains about Walgreens' subpoenas to various third-party pharmacies and law enforcement agencies.  It was Plaintiff who put Walgreens' conduct outside of San Francisco at issue, and Walgreens is entitled to pursue the discovery it needs to defend itself.  It is unclear why Plaintiff is complaining about this discovery, as the subpoenas were not served on Plaintiff.  Furthermore, the fact that any of these agencies are parties in the MDL cannot be used to deprive Walgreens of relevant discovery here.  As to its San Francisco Sheriff's Department subpoena, Walgreens immediately withdrew that subpoena once it realized its inadvertent error.

1    United States Drug Enforcement Administration.  Defendants have met and conferred with all four

2    of those agencies, and are negotiating the scope of their productions.

3    DATED:  June 15, 2021                    Respectfully submitted,

4                                             ROBBINS GELLER RUDMAN
                                                & DOWD LLP
5                                            AELISH M. BAIG
                                             HADIYA K. DESHMUKH
6                                            TAEVA C. SHEFLER

7

8                                                     s/ Aelish M. Baig
                                                    AELISH M. BAIG
9
                                             Post Montgomery Center
10                                           One Montgomery Street, Suite 1800
                                             San Francisco, CA  94104
11                                           Telephone:  415/288-4545
                                             415/288-4534 (fax)
12                                           aelishb@rgrdlaw.com
                                             hdeshmukh@rgrdlaw.com
13                                           tshefler@rgrdlaw.com

14                                           DENNIS J. HERRERA
                                             City Attorney
15                                           RONALD P. FLYNN
                                             YVONNE R. MERE
16                                           OWEN J. CLEMENTS
                                             SARA J. EISENBERG
17                                           JAIME M. HULING DELAYE
                                             Deputy City Attorneys
18                                           Fox Plaza
                                             1390 Market Street, Sixth Floor
19                                           San Francisco, CA  94102
                                             Telephone:  415/554-3957
20                                           jaime.hulingdelaye@sfcityatty.org

21                                           ROBBINS GELLER RUDMAN
22                                              & DOWD LLP
                                             PAUL J. GELLER
23                                           MARK J. DEARMAN
                                             DOROTHY P. ANTULLIS
24                                           NICOLLE B. BRITO
                                             120 East Palmetto Park Road, Suite 500
25                                           Boca Raton, FL  33432
                                             Telephone:  561/750-3000
26                                           561/750-3364 (fax)
                                             pgeller@rgrdlaw.com
27                                           mdearman@rgrdlaw.com
                                             dantullis@rgrdlaw.com
28                                           nbrito@rgrdlaw.com

1

2          ROBBINS GELLER RUDMAN
              & DOWD LLP

3          X. JAY ALVAREZ
          THOMAS E. EGLER

4          655 West Broadway, Suite 1900
          San Diego, CA  92101

5          Telephone:  619/231-1058
          619/231-7423 (fax)

6          jaya@rgrdlaw.com
          tome@rgrdlaw.com

7          LIEFF, CABRASER, HEIMANN
              & BERNSTEIN, LLP

8          ELIZABETH J. CABRASER
          RICHARD M. HEIMANN

9          PAULINA DO AMARAL
          KEVIN R. BUDNER

10         MICHAEL LEVIN-GESUNDHEIT
         275 Battery Street, 29th Floor

11        San Francisco, CA  94111-3339
        Telephone:  415/956-1000

12        415/956-1008 (fax)
        ecabraser@lchb.com

13        rheimann@lchb.com
        pdoamaral@lchb.com

14        kbudner@lchb.com
        mlevin@lchb.com

15        RENNE PUBLIC LAW GROUP

16        LOUISE RENNE
        350 Sansome Street, Suite 300

17        San Francisco, CA 94104
        Telephone:  415/848-7240

18        415/848-7230 (fax)
        lrenne@publiclawgroup.com

19        ANDRUS ANDERSON LLP

20        JENNIE LEE ANDERSON
        AUDREY SIEGEL

21        155 Montgomery Street, Suite 900
        San Francisco, CA  94104

22        Telephone:  415/986-1400
        415/986-1474 (fax)

23        jennie@andrusanderson.com
        audrey.siegel@andrusanderson.com

24

25        SANFORD HEISLER SHARP, LLP
        KEVIN SHARP

26        611 Commerce Street, Suite 3100
        Nashville, TN  37203

         Telephone:  615/434-7000

27        615/434-7020 (fax)
        ksharp@sanfordheisler.com

28

1
2                                      SANFORD HEISLER SHARP, LLP

SANFORD HEISLER SHARP, LLP
EDWARD CHAPIN
655 West Broadway, Suite 1700
San Diego, CA  92101
Telephone:  619/577-4253
619/577-4250 (fax)
echapin2@sanfordheisler.com

CASEY GERRY SCHENK FRANCAVILLA
  BLATT & PENFIELD LLP
DAVID S. CASEY, JR.
GAYLE M. BLATT
ALYSSA WILLIAMS
110 Laurel Street
San Diego, CA  92101-1486
Telephone:  619/238-1811
619/544-9232 (fax)
dcasey@cglaw.com
gmb@cglaw.com
awilliams@cglaw.com

WEITZ & LUXENBERG P.C.
ELLEN RELKIN
700 Broadway
New York, NY  10003
Telephone:  212/558-5500
212/344-5461 (fax)
erelkin@weitzlux.com

WEITZ & LUXENBERG P.C.
MELINDA DAVIS NOKES
1880 Century Park East
Los Angeles, CA  90067
Telephone:  310/247-0921
310/786-9927 (fax)
mnokes@weitzlux.com

WEITZ & LUXENBERG P.C.
PAUL F. NOVAK
TIFFANY R. ELLIS
3011 W. Grand Blvd, 24th Floor
Detroit, MI  48202
Telephone:  313/800-4170
646/293-7960 (fax)
pnovak@weitzlux.com
tellis@weitzlux.com

*Attorneys for Plaintiff The People of the State of
California, acting by and through San Francisco
City Attorney Dennis J. Herrera*

1 | DATED: June 15, 2021

Respectfully submitted,

2

_s/ Sean O. Morris_
SEAN O. MORRIS

_s/ Zachary Hill_
ZACHARY HILL

3

4 | Sean O. Morris (SBN 200368)
John D. Lombardo (SBN 187142)
Christopher Beeler (SBN 330496)

5 | ARNOLD & PORTER
  KAYE SCHOLER LLP

6 | 777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844

7 | Telephone: (213) 243-4000
Facsimile: (213) 243-4199

8 | sean.morris@arnoldporter.com
john.lombardo@arnoldporter.com

9

10 | *Attorneys for Defendants Endo*
*Pharmaceuticals Inc., Endo Health*
*Solutions Inc., Par Pharmaceutical, Inc.,*

11 | *and Par Pharmaceutical Companies, Inc.*

Zachary Hill (S.B. #275886)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
zachary.hill@morganlewis.com

Eric W. Sitarchuk*
Rebecca J. Hillyer*
MORGAN, LEWIS & BOCKIUS LLP
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001

12

13

14

15

Wendy West Feinstein (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
Telephone: (412) 560-7455
wendy.feinstein@morganlewis.com

16

17

18

*Attorneys for Defendants*
*Teva Pharmaceuticals USA, Inc., Cephalon,*
*Inc., Actavis LLC, Watson Laboratories, Inc.,*
*and Actavis Pharma, Inc. f/k/a Watson*
*Pharma, Inc.*

19

20

*\*Denotes national counsel, pro hac vice*
*forthcoming*

21

_s/ Karl Stampfl_

_s/ Charles J. Stevens_

22 | Donna Welch, P.C. (*pro hac vice*)
Timothy W. Knapp, P.C. (*pro hac vice*)

23 | Karl Stampfl (*pro hac vice*)
KIRKLAND & ELLIS LLP

24 | 300 North LaSalle
Chicago, IL 60654

25 | Telephone: (312) 862-2000
Facsimile: (312) 862-2200

26 | donna.welch@kirkland.com
tknapp@kirkland.com

27 | karl.stampfl@kirkland.com

Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

28

1

Zachary W. Byer (S.B. #301382)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
zachary.byer@kirkland.com

Kaspar Stoffelmayr
(*pro hac vice* forthcoming)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift
(*pro hac vice* forthcoming)
kate.swift@bartlitbeck.com

2

3

4

5

Jennifer G. Levy, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jennifer.levy@kirkland.com

BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: 312.494.4400
Facsimile: 312.494.4440

6

7

8

Alex Harris
(*pro hac vice* forthcoming)
alex.harris@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: 303.592.3100
Facsimile: 303.592.3140

9

*Attorneys for Defendants
Allergan Finance, LLC f/k/a Actavis, Inc.
f/k/a Watson Pharmaceuticals, Inc.,
Allergan Sales, LLC and Allergan USA, Inc.
and specially appearing defendant Allergan
plc f/k/a Actavis plc*

10

11

12

*Attorneys for Defendant
Walgreens Co.*

13

14

s/ Katy E. Koski

15

James W. Matthews (*pro hac vice*)
Ana M. Francisco (*pro hac vice*)
Katy E. Koski (*pro hac vice*)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199-7610
Telephone: (617) 342-4000
Facsimile: (617) 342-4000
jmatthews@foley.com
francisco@foley.com
kkoski@foley.com

16

17

18

19

20

21

Alan R. Ouellette (CA Bar. No. 272745)
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile: (415) 434-4507
aouellette@foley.com

22

23

24

25

*Attorneys for Defendant
Anda, Inc.*

26

27

28

1

**ATTESTATION**

2

    I, Aelish M. Baig, am the ECF User whose ID and password are being used to file this Joint

3

Status Update.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Defendants have

4

concurred in this filing.

5

DATED: June 15, 2021

6

7

                                        s/ Aelish M. Baig
                                       AELISH M. BAIG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify under penalty of perjury that on June 15, 2021, I authorized the electronic

3

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

4

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

5

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

6

non-CM/ECF participants indicated on the attached Manual Notice List.

7

  s/ Aelish M. Baig
AELISH M. BAIG

8

9

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  aelishb@rgrdlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4852-0495-8190.v1

**Mailing Information for a Case 3:18-cv-07591-CRB City and County of San Francisco et al v. Purdue Pharma L.P. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Scott Manzoor Ahmad**
  SAhmad@winston.com

- **X. Jay Alvarez**
  JayA@rgrdlaw.com,e_file_SD@rgrdlaw.com,mwaligurski@rgrdlaw.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com,leland.belew@andrusanderson.com,miguel.perez@andrusanderson.com,evelyn.rodas@andrusanderson.com,audrey.siegel@andrusanders

- **Dorothy P. Antullis**
  dantullis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Aelish Marie Baig**
  AelishB@rgrdlaw.com,panderson@rgrdlaw.com,AYates@rgrdlaw.com,e_file_sd@rgrdlaw.com,mkuwashima@rgrdlaw.com

- **Sarah Jane Bily**
  SBily@winston.com

- **Gayle M Blatt**
  gmb@cglaw.com

- **Steven J. Boranian**
  sboranian@reedsmith.com,drothschild@reedsmith.com

- **Nicolle B Brito**
  NBrito@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Stephen Brody**
  sbrody@omm.com,steve-brody-4796@ecf.pacerpro.com

- **Kevin R. Budner**
  kbudner@lchb.com,mwillin@lchb.com,tlim@lchb.com,rtexier@lchb.com

- **Eric John Buhr**
  ebuhr@reedsmith.com,arochlin@reedsmith.com,aswenson@reedsmith.com

- **Zachary William Byer**
  zachary.byer@kirkland.com

- **Elizabeth J. Cabraser**
  ecabraser@lchb.com

- **Elizabeth Joan Cabraser**
  ecabraser@lchb.com,jremuszka@lchb.com

- **California DOJ**
  klwurster@gmail.com

- **David S. Casey , Jr**
  dcasey@cglaw.com,nancy@cglaw.com,camille@cglaw.com,sleonard@cglaw.com,jdavis@cglaw.com

- **Mark P. Chalos**
  mchalos@lchb.com

- **Edward D. Chapin**
  echapin2@sanfordheisler.com,fsalazar@sanfordheisler.com,jalvarez@sanfordheisler.com

- **Isaac D. Chaput**
  ichaput@cov.com

- **Isaac Daniel Chaput**
  ichaput@cov.com,jhykan@cov.com,docketing@cov.com

- **Owen J. Clements**
  owen.clements@sfcityatty.org,martina.hassett@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Justine Marise Daniels**
  jdaniels@omm.com,justine-daniels-2309@ecf.pacerpro.com

- **James M Davis**
  jdavis@cglaw.com,vicki@cglaw.net

- **Cari K. Dawson**
  cari.dawson@alston.com,kate.smith@alston.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,dtack@rgrdlaw.com,e_file_sd@rgrdlaw.com,MDearman@ecf.courtdrive.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com

- **Joshua David Dick**
  jdick@gibsondunn.com,tmotichka@gibsondunn.com

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Sara Jennifer Eisenberg**
  sara.eisenberg@sfcityatty.org,john.cote@sfcityatty.org,martina.hassett@sfcityatty.org,yvonne.mere@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Scott Austin Elder**
  scott.elder@alston.com

- **Tiffany Rose Ellis**
  tellis@weitzlux.com,slittman@weitzlux.com,nhryczyk@weitzlux.com

- **Brian M. Ercole**
  brian.ercole@morganlewis.com,peggy.martinez@morganlewis.com

- **Christopher Blair Essig**
  CEssig@swinston.com

- **Wendy West Feinstein**
  wendy.feinstein@morganlewis.com,tammy.miller@morganlewis.com,sarah.wasson@morganlewis.com,picalendaring@morganlewis.com,tamara.giulianelli@morganle

- **Ana Maria Francisco**
  afrancisco@foley.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,swinkles@rgrdlaw.com,swinkles@ecf.courtdrive.com,e_file_fl@rgrdlaw.com,pgeller@ecf.courtdrive.com

- **Patricia Camille Guerra**
  camille@cglaw.com

- **August P. Gugelmann**
  august@smllp.law,august@ecf.courtdrive.com

- **Alex J. Harris**
  alex.harris@bartlitbeck.com,anne.doyle@bartlitbeck.com

- **Brent Allen Hawkins**
  brent.hawkins@morganlewis.com,julie.costello@morganlewis.com,CHCalendarDepartment@morganlewis.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Gregory Heinen**
  gheinen@foley.com,greg-heinen-7499@ecf.pacerpro.com

- **Kelsey John Helland**
  khelland@gibsondunn.com,dgriffin@gibsondunn.com

- **Jenny Ann Hergenrother**
  jenny.mendelsohn@alston.com,jenny.hergenrother@alston.com

- **Dennis J. Herrera**
  cityattorney@sfcityatty.org,brittany.feitelberg@sfcityatty.org

- **Zachary Hill**
  zachary.hill@morganlewis.com,wendy.feinstein@morganlewis.com,rebecca.hillyer@morganlewis.com,evan.jacobs@morganlewis.com

- **Jaime Marie Huling Delaye**
  jaime.hulingdelaye@sfcityatty.org,martina.hassett@sfcityatty.org,sarah.gutierrez@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Traci Janelle Irvin**
  traci.irvin@ropesgray.com,courtalert@ropesgray.com

- **Daniel G. Jarcho**
  daniel.jarcho@alston.com

- **Sten A. Jernudd**
  sten.jernudd@bartlitbeck.com

- **Sarah Barr Johansen**
  sjohansen@reedsmith.com,AHenderson@reedsmith.com

- **Jeremy T Kamras**
  jeremy.kamras@arnoldporter.com,nicholas.zebrowski@arnoldporter.com,ecf-45a1d8277e87@ecf.pacerpro.com,ashley.gomez@arnoldporter.com,SFCalendar@aporter.com

- **Timothy William Knapp**
  tknapp@kirkland.com

- **Katy E Koski**
  kkoski@foley.com

- **Amy Jean Laurendeau**
  alaurendeau@omm.com,amy-laurendeau-9969@ecf.pacerpro.com,sstewart@omm.com

- **Michael Ian Levin-Gesundheit**
  mlevin@lchb.com

- **Jennifer Gardner Levy**
  jennifer.levy@kirkland.com

- **Charles Coleman Lifland**
  clifland@omm.com,charles-lifland-4890@ecf.pacerpro.com

- **John David Lombardo**
  John.Lombardo@arnoldporter.com,ecalendar@arnoldporter.com,William.Costley@arnoldporter.com

- **Amy Lucas**
  alucas@omm.com,amy-lucas-1835@ecf.pacerpro.com

- **Enu A Mainigi**
  emainigi@wc.com

- **Miriam Ellora Marks**
  mmarks@lchb.com

- **James W Matthews**
  jmatthews@foley.com

- **Shannon Elise McClure**
  smcclure@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,shannon-mcclure-1157@ecf.pacerpro.com,eselfridge@reedsmith.com

- **Colleen Marie McNamara**
  CMcNamara@wc.com

- **Yvonne Rosil Mere**
  yvonne.mere@sfcityatty.org,martina.hassett@sfcityatty.org

- **Andrew Miller**
  amiller@sanfordheisler.com

- **Sean OLeary Morris**
  sean.morris@arnoldporter.com,edocketscalendaring@arnoldporter.com,vincent.esparza@arnoldporter.com,stacie.james@arnoldporter.com,rebecca.mcnew@arnoldpor

- **Melinda Davis Nokes**
  mnokes@weitzlux.com,lschultz@weitzlux.com,tellis@weitzlux.com,rcerci@weitzlux.com,jfarrell@weitzlux.com,dsavours@weitzlux.com

- **Paul F. Novak**
  pnovak@weitzlux.com,cgarcia@weitzlux.com,nhryczyk@weitzlux.com

- **Alan Ouellette**
  aouellette@foley.com,llanglois@foley.com,wdelvalle@foley.com,alan-ouellette-5627@ecf.pacerpro.com

- **Michael P. Piggins**
  mpiggins@weitzlux.com

- **Christian James Pistilli**
  cpistilli@cov.com

- **Jacob Henry Polin**
  jpolin@lchb.com

- **Luke Samuel Porter**
  lporter@reedsmith.com,gchiu@reedsmith.com,kjkelly@reedsmith.com

- **Louise Hornbeck Renne**
  lrenne@publiclawgroup.com,kbeaton@publiclawgroup.com,RPLG-docket@publiclawgroup.com

- **Jonathan Charles Sandler**
  jsandler@bhfs.com,pherron@bhfs.com

- **Molly Ellen Selway**
  Molly.Selway@doj.ca.gov

- **Nathan E. Shafroth**
  nshafroth@cov.com,ktrempy@cov.com,echiulos@cov.com,rlu@cov.com,ncutright@cov.com,rvantassell@cov.com,docketing@cov.com,isaac-chaput-

8316@ecf.pacerpro.com

- **Taeva Cantor Shefler**
  TShefler@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Audrey Claire Siegel**
  audrey.siegel@andrusanderson.com

- **Reid Smith**
  RFSmith@winston.com

- **Elizabeth Anne Sperling**
  elizabeth.sperling@alston.com,annie.yu@alston.com

- **Karl Anton Stampfl**
  karl.stampfl@kirkland.com

- **Charles Joseph Stevens**
  cstevens@gibsondunn.com,smaruschak@gibsondunn.com

- **Kaspar J. Stoffelmayr**
  kaspar.stoffelmayr@bartlit-beck.com

- **Sabrina Heron Strong**
  sstrong@omm.com,sabrina-strong-4823@ecf.pacerpro.com

- **Edward W. Swanson**
  ed@smllp.law,AmyMcGugian@ecf.courtdrive.com,ed@ecf.courtdrive.com,britt@ecf.courtdrive.com

- **Katherine Marquess Swift**
  kate.swift@bartlitbeck.com

- **Russell E Taylor**
  rtaylor@fbm.com,grenteria@fbm.com,calendar@fbm.com

- **Nicole R. Trama**
  Nicole.Trama@doj.ca.gov

- **Rocky C. Tsai**
  rocky.tsai@ropesgray.com,CourtAlert@RopesGray.com

- **Richard Allen VanDuzer**
  rvanduzer@fbm.com,jamante@fbm.com,calendar@fbm.com

- **Neelum Jane Wadhwani**
  nwadhwani@wc.com,CardinalWVParalegals@wc.com

- **Paul Jarrett Weeks**
  paul.weeks@kirkland.com

- **Donna Marie Welch**
  dwelch@kirkland.com

- **Alyssa M Williams**
  awilliams@cglaw.com

- **Sonya Diane Winner**
  swinner@cov.com,docketing@cov.com,calsbury@cov.com

- **Carl Brandon Wisoff**
  bwisoff@fbm.com,calendar@fbm.com,svillalobos@fbm.com

- **Keith Lee Wurster**
  keith.wurster@doj.ca.gov,klwurster@gmail.com,lindsey.cannan@doj.ca.gov

- **Douglas R. Young**
  dyoung@fbm.com,calendar@fbm.com

- **Paulina do Amaral**
  pdoamaral@lchb.com,catkins@lchb.com,fwhite@lchb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jennifer         Machlin Cecil
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111

Paul             Laprairie
Andrus Anderson1 LLP
155 Montgomery Street, 900
San Francisco, CA 94104
```