Kaspar J. Stoffelmayr *(pro hac vice)*
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift *(pro hac vice)*
katherine.swift@bartlitbeck.com
Sten A. Jernudd *(pro hac vice)*
sten.jernudd@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL  60654
Telephone:  312. 494.4400
Facsimile:  312.494.4440

Alex J. Harris *(pro hac vice)*
alex.harris@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO  80202
Telephone:  303.592.3100
Facsimile:  303.592.3140

*Attorneys for Defendant WALGREEN CO.*

Additional counsel appear on signature page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.<br><br>Defendants. | Case No. 3:18-cv-07591-CRB-JSC<br><br>**JOINT STATUS UPDATE RE WALGREENS' DUE DILIGENCE PRODUCTIONS**<br><br>**Judges**: Hon. Charles R. Breyer and Jacqueline Scott Corley |

On June 16, the Court Ordered the following:

- Walgreens shall produce (1) the electronic due diligence notes from the 12 stores associated with Walgreens' previous due diligence checklist production and (2) 500 hardcopy prescriptions per year from the same 12 stores dating back to 2010.
- The Parties shall determine a way to link the electronic notes, hardcopy prescriptions, and due diligence checklists (collectively, "due diligence records") to the dispensing data in Plaintiff's Red Flag analysis.
- The Parties shall submit a status update to the Court by **June 30, 2021** regarding the progress that the Parties have made linking the due diligence records to Plaintiff's Red Flag analysis and the expected date of completion.
- Plaintiff shall provide Walgreens with an updated Red Flag analysis on or before **June 30, 2021.**

Dkt. No. 578.  The Parties' report follows.

**I.    WALGREENS' STATEMENT**

*Electronic Notes.*  Walgreens made its first production of electronic notes on June 29, 2021.  This production included 14,424,504 records from several electronic fields.  Ex. 1, Wetzold Declaration at ¶ 8.  Walgreens anticipates producing additional records from several other electronic fields by late July, including *Annotation* notes, which are stored on a separate system that requires the work of a separate team.  *Id.* at ¶¶ 9, 12.  Walgreens anticipates finishing the production of all of its electronic notes by the week of August 23.  *Id.* at ¶ 13. Walgreens is working as efficiently as it can to finish these productions.  *See id.*

*Hard Copy Prescriptions.*  Walgreens is producing 5,000 hard copy prescriptions in San Francisco, dating back ten years, consistent with this Court's instructions and order.  During the meet and confer process, Plaintiff argued that Walgreens should produce 5,500 hard copy prescriptions.  Walgreens does not intend to do so, given that this Court instructed Walgreens to produce 5,000 prescriptions, dating back 10 years.  *See* 6/16/21 Hearing Tr. at 30:23-31:4. Walgreens expects but cannot guarantee that this production will be complete by the end of

1    August, given the novelty of this undertaking and the fact that Plaintiff still has not produced its
2    revised red flag analysis, which is necessary before the collection process can even begin.
3        Walgreens' experience in Track Three is instructive but incomplete.  The MDL court
4    ordered the Track Three defendants to identify the prescriptions at issue by May 28.  The
5    Special Master then urged defendants to try to complete their production of those 2,000 hard
6    copy prescriptions by July 9, which he recognized was "aspirational."  *See* Ex. 2, Desh Decl. at
7    ¶ 6.  Walgreens anticipates meeting that deadline for hard copy prescriptions still kept at its
8    Ohio stores.  *See id*.  But the San Francisco production will be two and a half times as large as
9    the Track 3 sample, and Walgreens is *targeting* mid-August for its production of hard copy
10   prescriptions stored at Walgreens' San Francisco stores.  *Id.*  The prescriptions stored at Iron
11   Mountain will take longer.  *See id.* at ¶ 7.  As of today, June 30, Iron Mountain has been unable
12   to locate a single prescription from the Track Three sample.  *See id.* at ¶ 7.  Given the
13   uncertainty still surrounding the production timeline in Track Three, and the novelty of this
14   process generally, Walgreens is targeting the end of August for the production of San Francisco
15   hard copy prescriptions stored at Iron Mountain, but cannot make that estimate with certainty.
16   *See id.* at ¶¶ 6, 10.  Walgreens will, however, work as quickly as possible to identify, locate,
17   collect, and produce these prescriptions upon receipt of Plaintiff's red flag analysis.
18       ***Hard-Copy Checklists.***  Pursuant to the Court's order at Doc. 578, Walgreens has
19   reviewed and unredacted the prescription numbers on all 33,159 of its previously produced
20   hard-copy target drug good faith dispensing checklists and refusal-to-fill documents.  Walgreens
21   is conducting final quality control checks and preparing these documents for production.
22   Walgreens plans to produce these documents to Plaintiff next week, pursuant to "Attorneys'
23   Eyes Only" review under the Court's protective order, along with unredacted dispensing data
24   (*i.e.*, dispensing data that includes prescription numbers), in order to allow Plaintiff to link the
25   hard-copy due diligence documents to prescriptions in Walgreens' dispensing data.
26   **II.    PLAINTIFF'S STATEMENT**
27       Plaintiff respectfully submits that the Court should set a **deadline of August 16** for the
28   completion of the entire due diligence production.

Walgreens represents that the *checklist* redactions have already been removed and that those documents—along with the overlay required for the association—should be produced next week.  Plaintiff appreciates this effort and anticipates no problem with that timeline.

Walgreens' projected timing for the remainder of the production is more problematic.  As to *electronic notes*, Walgreens represented in a June 29 email that its production "should be complete by the week of August 16."  The anticipated timing of the *hard copy prescription* production is less clear.  For documents collected in stores, Walgreens believes it "almost certainly" will take longer than "5.5 weeks."  Producing hard copies from Iron Mountain is, according to Walgreens, "significantly more burdensome"—which presumably means Walgreens anticipates producing these documents as late as September, or even October.

Plaintiff understands this is a big undertaking, but Plaintiff cannot accept a timeline so protracted and so uncertain.  As has been discussed at length, the due diligence discovery is central to this case.  Plaintiff must have enough time to process and analyze the voluminous data to inform both fact discovery (including depositions) and the expert reports due on October 5.  Dkt. No. 572.  Moreover, Plaintiff cannot evaluate whether Walgreens conducted due diligence on any particular prescription until the entire production is complete.  Both parties need a deadline.  Plaintiff submits that deadline should be **August 16**—two months after the Court's order and seven weeks before expert reports are due.  Walgreens has shown repeatedly that, with a nudge from the Court, it can make complicated productions much faster than initially projected, and anything later than August 16 would jeopardize Plaintiff's ability to make full use of the key discovery the parties have spent months litigating.

Finally, Plaintiff notes that even though the Court ordered Walgreens to produce "500 hardcopy prescriptions per year from the same 12 stores dating back to 2010," Walgreens apparently intends to produce only 250 prescriptions from the latter half of 2010, and none from the first half.  Plaintiff does not understand or agree with this interpretation of the Court's order.

| | | |
|---|---|---|
| 1 | DATED: June 30, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Kaspar J. Stoffelmayr*<br>Kaspar Stoffelmayr (*pro hac vice*) |
| 4 | | kaspar.stoffelmayr@bartlitbeck.com<br>Katherine M. Swift (*pro hac vice*) |
| 5 | | kate.swift@bartlitbeck.com<br>Sten Jernudd (*pro hac vice*) |
| 6 | | sten.jernudd@bartlitbeck.com |
| 7 | | BARTLIT BECK LLP<br>54 West Hubbard Street |
| 8 | | Chicago, IL 60654<br>Telephone:  312.494.4400 |
| 9 | | Facsimile:  312.494.4440 |
| 10 | | Alex J. Harris (*pro hac vice*) |
| 11 | | alex.harris@bartlitbeck.com<br>BARTLIT BECK LLP |
| 12 | | 1801 Wewatta Street, Suite 1200<br>Denver, CO 80202 |
| 13 | | Telephone:  303.592.3100<br>Facsimile:  303.592.3140 |
| 14 | | |
| 15 | | Charles J. Stevens (SBN 106981)<br>cstevens@gibsondunn.com |
| 16 | | Joshua D. Dick (SBN 268853)<br>jdick@gibsondunn.com |
| 17 | | Kelsey J. Helland (SBN 298888)<br>khelland@gibsondunn.com |
| 18 | | GIBSON DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000 |
| 19 | | San Francisco, CA  94105 |
| 20 | | Telephone:  415.393.8200<br>Facsimile:  415.393.8306 |
| 21 | | |
| 22 | | *Attorneys for Defendant Walgreen Co.* |
| 23 | | |
| 24 | DATED:   June 30, 2021 | Respectfully submitted, |
| 25 | DENNIS J. HERRERA<br>City Attorney | */s/ Kevin R. Budner*<br>Elizabeth J. Cabraser |
| 26 | RONALD P. FLYNN<br>YVONNE R. MERE | Richard M. Heimann<br>Paulina do Amaral |
| 27 | OWEN J. CLEMENTS<br>SARA J. EISENBERG | Kevin R. Budner<br>Michael Levin-Gesundheit |
| 28 | JAIME M. HULING DELAYE<br>Deputy City Attorneys | Jacob H. Polin<br>Miriam Marks |

| | | |
|---|---|---|
| 1 | Fox Plaza | LIEFF CABRASER HEIMANN & |
| | 1390 Market Street, Sixth Floor | BERNSTEIN, LLP |
| 2 | San Francisco, CA  94102 | 275 Battery Street, 29th Floor |
| | Telephone:  415/554-3957 | San Francisco, California 94111-3339 |
| 3 | jaime.hulingdelaye@sfcityatty.org | Telephone: 415.956.1000 |
| | | Facsimile: 415.956.1008 |
| 4 | | ecabraser@lchb.com |
| | | |
| 5 | Aelish M. Baig | Paul J. Geller |
| | Hadiya K. Deshmukh | Mark J. Dearman |
| 6 | Taeva Shefler | Dorothy P. Antullis |
| | ROBBINS GELLER RUDMAN & DOWD | Nicolle Brito |
| 7 | LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| | Post Montgomery Center | 120 East Palmetto Park Road, Suite 500 |
| 8 | One Montgomery Street, Suite 1800 | Boca Raton, FL  33432 |
| | San Francisco, CA  94104 | Telephone:  561/750-3000 |
| 9 | Telephone:  415/288-4545 | 561/750-3364 (fax) |
| | 415/288-4534 (fax) | pgeller@rgrdlaw.com |
| 10 | aelishb@rgrdlaw.com | |
| | | |
| 11 | Thomas E. Egler | Louise Renne |
| | Jay Alvarez | RENNE PUBLIC LAW GROUP |
| 12 | ROBBINS GELLER RUDMAN & DOWD | 350 Sansome Street, Suite 300 |
| | LLP | San Francisco, CA 94104 |
| 13 | 655 West Broadway, Suite 1900 | Telephone:  415/848-7240 |
| | San Diego, CA  92101 | 415/848-7230 (fax) |
| 14 | Telephone:  619/231-1058 | lrenne@publiclawgroup.com |
| | 619/231-7423 (fax) | |
| 15 | tome@rgrdlaw.com | |
| | | |
| 16 | Jennie Lee Anderson | Kevin Sharp |
| | Audrey Siegel | SANFORD HEISLER SHARP, LLP |
| 17 | ANDRUS ANDERSON LLP | 611 Commerce Street, Suite 3100 |
| | 155 Montgomery Street, Suite 900 | Nashville, TN  37203 |
| 18 | San Francisco, CA  94104 | Telephone:  615/434-7000 |
| | Telephone:  415/986-1400 | 615/434-7020 (fax) |
| 19 | 415/986-1474 (fax) | ksharp@sanfordheisler.com |
| | jennie@andrusanderson.com | |
| 20 | audrey.siegel@andrusanderson.com | |
| | | |
| 21 | Edward Chapin | David S. Casey, Jr. |
| | SANFORD HEISLER SHARP, LLP | Gayle M. Blatt |
| 22 | 655 West Broadway, Suite 1700 | Alyssa Williams |
| | San Diego, CA  92101 | CASEY GERRY SCHENK FRANCAVILLA |
| 23 | Telephone:  619/577-4253 | BLATT & PENFIELD LLP |
| | 619/577-4250 (fax) | 110 Laurel Street |
| 24 | echapin2@sanfordheisler.com | San Diego, CA  92101-1486 |
| | | Telephone:  619/238-1811 |
| 25 | | 619/544-9232 (fax) |
| | | dcasey@cglaw.com |
| 26 | | gmb@cglaw.com |
| | | awilliams@cglaw.com |
| 27 | | |
| | Ellen Relkin | Melinda Davis Nokes |
| 28 | WEITZ & LUXENBERG P.C. | WEITZ & LUXENBERG P.C. |

|   |   |   |
|---|---|---|
| 1 | 700 Broadway<br>New York, NY 10003 | 1880 Century Park East<br>Los Angeles, CA 90067 |
| 2 | Telephone: 212/558-5500<br>212/344-5461 (fax) | Telephone: 310/247-0921<br>310/786-9927 (fax) |
| 3 | erelkin@weitzlux.com | mnokes@weitzlux.com |

Paul F. Novak
Tiffany Ellis
WEITZ & LUXENBERG, P.C.
24th Floor, The Fisher Building
3011 W. Grand Boulevard
Detroit, Michigan 48202
Tel: (313) 800-4170
pnovak@weitzlux.com

*Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera*

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated:  June 30, 2021

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Attorney for Defendant Walgreen Co.*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on June 30, 2021, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

                          /s/ Kaspar J. Stoffelmayr
                          Kaspar J. Stoffelmayr

                          *Attorney for Defendant Walgreen Co.*