Kaspar J. Stoffelmayr (pro hac vice)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift (*pro hac vice*)
katherine.swift@bartlitbeck.com
Sharon Desh (*pro hac vice*)
sharon.desh@bartlitbeck.com
Sten A. Jernudd (*pro hac vic*e)
sten.jernudd@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: 312. 494.4400
Facsimile: 312.494.4440

Alex J. Harris (*pro hac vice*)
alex.harris@bartlitbeck.com
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: 303.592.3100
Facsimile: 303.592.3140

*Attorneys for Defendant WALGREEN CO.*
*(Additional counsel listed on signature page)*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Civil Case No.: 3:18-CV-07591-CRB |
| Plaintiffs, | **NON-STAYED DEFENDANTS' MOTION TO STAY** |
| v. | |
| PURDUE PHARMA L.P., et al. | Honorable Charles R. Breyer |
| Defendants. | Hearing Date:         TBD |

On August 9, Plaintiff, along with Defendants AmerisourceBergen, Cardinal, McKesson, Johnson & Johnson and its subsidiary Janssen Pharmaceuticals Inc. f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc., as well as its former affiliate Noramco, Inc. (collectively "Stayed Defendants") filed their fourth settlement update ("Settlement Update").  *See* Doc. 616.  The Settlement Update informed the Court that the MDL Plaintiffs' Executive Committee, several State Attorneys General, and the Stayed Defendants recently "announced agreement on terms of proposed nationwide settlements to resolve the opioid-related claims of states and their political subdivisions."  *Id.* at 1.  At the same time, however, the Settlement Update made clear that those agreements remain "proposed settlements," which, if ever, may not be implemented until April 2022, and must satisfy several conditions before they can become final.  *See id.* at 2, 3.  The settlements are contingent on the discretionary decisions of each state, political subdivision, and the Stayed Defendants.  *See id.* at 2, 3.  In fact, the Settlement Update and the proposed settlements themselves make clear that these agreements may never be implemented, but that will not be known until the February 1, 2022, "reference date"—after the close of fact and expert discovery under the current schedule.  *Id.* at 3.

Under these circumstances, the undersigned Non-Stayed Defendants[1] seek a stay of all discovery and all case deadlines until such time as either (1) the proposed nationwide settlements are implemented, or (2) the proposed settlements both fail to reach critical mass and the current partial stay is lifted,

---

[1]The undersigned Non-Stayed Defendants include Allergan plc; Allergan Finance, LLC; Allergan Sales, LLC; Allergan USA, Inc.; Anda, Inc.; Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Cephalon, Inc.; Teva Pharmaceuticals, USA, Inc.; Teva Pharmaceutical Industries, Ltd.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc., f/k/a Watson Pharma, Inc.; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Warner Chilcott Company, LLC; Actavis South Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc., f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida; and Walgreen Co.  Defendant Allergan plc was formerly known as Actavis plc and is currently known as Allergan Limited.  In filing this motion to stay, it does not waive but rather expressly reserves its objection to the Court's personal jurisdiction over it.  Defendant Allergan Finance, LLC was formerly known as Actavis, Inc., which was formerly known as Watson Pharmaceuticals, Inc.

1    whichever comes first.  To proceed otherwise risks duplicative discovery, duplicative trials, and

2    inconsistent verdicts.[2]

3                                               **ARGUMENT**

4    **I.       The proposed nationwide settlements may never be implemented.**

5            As explained in the Settlement Update, the proposed nationwide settlements include a process

6    for states and political subdivisions to decide whether to participate.  There are multiple points in that

7    process where the settlements may fail and litigation would continue.  *See* Doc. 616 at 2, 3.  Within the

8    first 30 days, each state must decide for itself whether to participate.  The Stayed Defendants then decide

9    whether the number of assenting states constitutes a "critical mass."  If not, the "deal fails and litigation

10   continues."  *Id.* at 2.  Even if enough states join the proposed settlements in that 30-day period, litigating

11   political subdivisions must then decide whether to join in a subsequent 120-day period, and again the

12   Stayed Defendants then decide whether the number of such subdivisions constitutes a "critical mass."  If

13   not, again, the "deal fails and litigation continues."  *Id.*  Further, there are two separate agreements, one

14   with distributor Stayed Defendants, and one with manufacturer Stayed Defendants.  If either one of

15   those agreements fails at any point in the process with respect to any Stayed Defendant, litigation

16   continues as to that Stayed Defendant.

17          Political subdivisions around the country have voiced skepticism about whether the settlements

18   will be finalized, and, in some cases, have outright opposed them.  For example, counsel for the City of

19   Boston explained to a Massachusetts state court in early August, "We are quite a length of time away

20   from knowing whether that settlement is final, despite the way it's been reported in the press.  ***It's more***

21   ***along the lines of a proposed settlement***, each state has to decide whether or not it's going to accept or

22   decline."  Ex. A, 8/2/21 Hr'g Tr. at 65:18-22 (emphasis added); Ex. B, Tinkham Decl. [stating that the

23   "unidentified attorney" in the hearing transcript was Vincent Greene, counsel for the City of Boston].

24   Boston's counsel works at Motley Rice, a prominent firm on the MDL Plaintiffs' Executive Committee

25   that negotiated the proposed settlements.  *See id.*  Moreover, district attorneys in Philadelphia and

26

27   ---------------------------------------

     [2] Counsel for the parties met and conferred about the Non-Stayed Defendants' Motion to Stay on August
28   20.  Plaintiff represented that it would likely oppose the Non-Stayed Defendants' request for relief.

Allegheny County, home to Pittsburgh, oppose the settlements so strongly that they have filed suit against the Pennsylvania attorney general, arguing that he cannot relinquish their claims.  Ex. C, *A second Pa. district attorney sues AG Shapiro's office over opioid settlement*, Aubrey Whelan and Catherine Dunn, Philadelphia Inquirer, Aug. 2, 2021.

Even if they manage to clear all of these hurdles, the proposed agreements are not expected to be final until April 2, 2022.  *See* Doc. 616 at 3 (noting April 2, 2022 effective date).  In the meantime, if either deal fails at any one of the aforementioned points in the implementation process, *id.* at 2, 3, "Plaintiffs will request a lift in the stay of Stipulating Defendants in the instant suit."  *Id.* at 3.  Given this uncertainty, and the broader impact on this case should the settlements fall through, a short stay of all discovery and case deadlines—until the settlements either are finalized or fail—is appropriate.

## II.     A stay for the settlement implementation period will promote efficiency.

Plaintiff seeks to hold all Defendants liable for causing a "public nuisance" and to recover "costs that will be associated with future efforts to abate the public nuisance in San Francisco."  *See* Doc. 128 (First Am. Compl. ¶¶ 886-906).  Although the Non-Stayed Defendants strongly dispute liability, Plaintiff seeks to hold them liable for billions of dollars of alleged abatement costs—the same costs for which they would seek to hold the Stayed Defendants liable should the settlements fall through.

In light of the uncertainty surrounding the proposed settlements, continuing discovery of these claims during the settlement implementation period between now and April 2022 increases the likelihood of duplicative discovery, duplicative trials, and inconsistent verdicts.  Indeed, Plaintiff and the Stayed Defendants already have stated that if the proposed settlements fail, the Court will need "to set discovery and trial dates that are separate and apart from the current schedule such that Plaintiff's claims against the [currently stayed] Defendants would be tried separately from the claims against the [non-stayed] defendants."  Doc. 435 at 2 (Stipulation and [Proposed] Order to Stay and Sever Proceedings Against Certain Defendants).  That would be incredibly inefficient.

The cases against the Stayed Defendants and the Non-Stayed Defendants are similar, involving overlapping facts and issues.  If the settlements fail, the Stayed Defendants will have the right to conduct their own discovery regarding witnesses, documents, and facts.  That additional discovery will cover much of the same territory as the discovery conducted by the Non-Stayed Defendants, just several

months later.  Such additional discovery would almost certainly require duplication of effort by the Court to resolve additional discovery disputes—disputes that could be coordinated and handled once if the case were stayed in the interim.  The additional discovery also likely would impact the cases against the Non-Stayed Defendants and require their participation.[3]  In addition, if multiple trials are necessary, the Court will have to select multiple juries, which would be tasked with considering overlapping facts and issues, creating the possibility of inconsistent verdicts, not to mention a waste of judicial and party resources.  The opioid trials that have proceeded thus far have gone on for months.  The prospect of one court holding more than one such trial to multiple juries facing many of the same facts and issues is both undesirable and completely unnecessary.

Now is the time to stay remaining discovery to avoid these possibilities.  Depositions of Plaintiff's witnesses have only just begun (only two Plaintiff's witnesses have testified so far), and expert discovery is still months away.  A stay of the entire case until the proposed settlements are finalized in April 2022, or until the settlements fail in the interim, would not prejudice Plaintiff.  To the contrary, if the settlements are not implemented, the stay can be lifted—as Plaintiff already has stated it will seek to have done in that circumstance, Doc. 616 at 3—and the claims against all Defendants can proceed together in one action.  In the meantime, prudence requires a stay of the entire case, to prevent having to litigate the case twice.

## CONCLUSION

For these reasons, the undersigned Non-Stayed Defendants respectfully request that the Court stay the entire case until the proposed nationwide settlements are either finalized or they fail.

---

[3] Plaintiff and the Stayed Defendants raised a similar (albeit lesser) concern regarding duplicative discovery in seeking their own stay in January 2021.  They noted that "enormous amounts of additional time and resources would be required from the Court and the Parties to continue litigating the claims against the Severing Defendants and meet the upcoming deadlines while the Parties are simultaneously working to memorialize their settlement agreement."  Doc. 435 at 2.  On the current course, the Non-Stayed Defendants—and the Court—will necessarily expend significant time and resources.  The point here is to avoid the possibility of having to do that twice.

DATED: August 20, 2021

Respectfully submitted,

/s/ *Katherine M. Swift*
Kaspar J. Stoffelmayr (*pro hac vice*)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift (*pro hac vice*)
kate.swift@bartlitbeck.com
Sharon Desh (*pro hac vice*)
Sharon.desh@bartlitbeck.com
Sten A. Jernudd (*pro hac vice*)
sten.jernudd@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone:  312.494.4400
Facsimile:  312.494.4440

Alex J. Harris (*pro hac vice*)
alex.harris@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone:  303.592.3100
Facsimile:  303.592.3140

Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant WALGREEN CO.*

/s/ *Karl Stampfl*
Donna Welch, P.C. (*pro hac vice*)
Timothy W. Knapp, P.C. (*pro hac vice*)
Karl Stampfl (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000

5

Facsimile: (312) 862-2200
donna.welch@kirkland.com
tknapp@kirkland.com
karl.stampfl@kirkland.com

Zachary W. Byer (S.B. #301382)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
zachary.byer@kirkland.com

Jennifer G. Levy, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jennifer.levy@kirkland.com

*Attorneys for Defendants*
*Allergan Finance, LLC, Allergan Sales, LLC,*
*Allergan USA, Inc. and Specially Appearing*
*Defendant Allergan plc*

/s/ Jaime Dorenbaum
Alan R. Ouellette (CA Bar No. 272745)
Jaime Dorenbaum (CA Bar No. 289555)
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile: (415) 434-4507
aouellette@foley.com

James W. Matthews (*pro hac vice*)
Ana M. Francisco (*pro hac vice*)
Katy E. Koski (*pro hac vice*)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199-7610
Telephone:     (617) 342-4000
Facsimile:     (617) 342-4000
jmatthews@foley.com
francisco@foley.com
kkoski@foley.com

*Attorneys for Defendant Anda, Inc.*

/s/ Sean O. Morris
Sean O. Morris (SBN 200368)
John D. Lombardo (SBN 187142)
ARNOLD & PORTER
  KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
sean.morris@arnoldporter.com
john.lombardo@arnoldporter.com

Jeremy T. Kamras (SBN 237377)
ARNOLD & PORTER
  KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
jeremy.kamras@arnoldporter.com

John C. Hueston
HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

Moez M. Kaba
Padraic Foran
Michael K. Acquah
HUESTON HENNIGAN LLP
523 West 6th Street, Suite #400
Los Angeles, CA 90014
Telephone: (213) 788-4340
mkaba@hueston.com
pforan@hueston.com
macquah@hueston.com

*Attorneys for Defendants Endo Pharmaceuticals Inc.,
Endo Health Solutions Inc., Par Pharmaceutical,
Inc., and Par Pharmaceutical Companies, Inc.*

/s/ Brent Hawkins
Brent Hawkins (S.B. # 314266)
Zachary Hill (S.B. #275886)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Telephone: (415) 442-1000
zachary.hill@morganlewis.com

Wendy West Feinstein (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP

7

One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
Telephone: (412) 560-7455
wendy.feinstein@morganlewis.com

*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals, USA, Inc., Teva Pharmaceutical Industries, Ltd., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc., f/k/a Watson Pharma, Inc., Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Warner Chilcott Company, LLC; Actavis South Atlantic LLC, Actavis Totowa LLC; Actavis Kadian LLC, Actavis Laboratories UT, Inc., f/k/a/ Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida*

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.


Dated: August 20, 2021                    By: /s/ *Katherine M. Swift*
                                          Katherine M. Swift (*pro hac vice*)