DENNIS J. HERRERA, State Bar #139669
City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERE, State Bar #173594
Chief of Complex & Affirmative Litigation
OWEN J. CLEMENTS, State Bar #141805
SARA J. EISENBERG, State Bar #269303
JAIME M. HULING DELAYE, State Bar #270784
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Telephone:  415/554-3957
jaime.hulingdelaye@sfcityatty.org

*Attorneys for Plaintiff The People of the State of California,*
*acting by and through San Francisco City Attorney Dennis J. Herrera*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiffs,<br><br>vs.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 3:18-cv-07591-CRB<br><br>**JOINT STATUS UPDATE**<br><br>**Judges**:  Hon. Charles R. Breyer and Jacqueline Scott Corley<br><br>**Courtroom**:  Via Videoconference<br><br>**Hearing Date**:  August 30, 2021<br><br>**Hearing Time**:  8:30 a.m. |

4824-9307-1094.v1

The parties respectfully submit this Joint Status Update in advance of the Court's discovery conference scheduled for August 30, 2021 at 8:30 a.m.

## I.     JOINT STATEMENT REGARDING SCHEDULE AND DISPUTE RESOLUTION

The parties jointly report on a number of case developments that have taken place since the last conference with the Court.

### A.     Schedule

On June 15, 2021, the Court entered the Parties' Joint Stipulation and Amended Order to Modify Case Schedule.  Doc. 572.  The specific dates are reflected in the chart below:

| Event | Current Schedule |
| --- | --- |
| Custodial Productions Substantial Completion Deadline | June 4, 2021 |
| Document Production Substantial Completion Deadline | June 21, 2021 |
| Plaintiff's Expert Reports | October 5, 2021 |
| Close of Fact Discovery | November 12, 2021 |
| Defendants' Expert Reports | December 2, 2021 |
| Plaintiff's Expert Rebuttal Reports | December 23, 2021 |
| Close of Expert Discovery | January 14, 2022 |
| Motions for Summary Judgment and *Daubert* Motions | January 24, 2022 |
| Oppositions to Motions for Summary Judgment and *Daubert* Motions | February 25, 2022 |
| Replies in Support of Motions for Summary Judgment and *Daubert* Motions | March 11, 2022 |
| All Trial Materials Due | March 24, 2022 |
| Final Pretrial Conference | April 4, 2022 |
| Trial | April 25, 2022 |

### B.     Update on Status of Settlement Among Stipulating Parties (Docs. 518-19, 562, 564, 570, 616, 624)

On January 26, 2021, the Court stayed the proceedings as to the Stipulating Defendants.[1]  On August 9, 2021, the Stipulating Parties filed a Fourth Joint Notice Regarding Update on Status of Settlement explaining the mechanics and timeline for the settlement process.  Doc. 616.  The Court

---

[1]    The Stipulating Defendants are distributors McKesson Corporation, AmerisourceBergen Drug Corporation and Cardinal Health, Inc. and manufacturer Johnson & Johnson, its subsidiary Janssen Pharmaceuticals Inc. f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. and its former affiliate Noramco, Inc. (with Plaintiff, the "Stipulating Parties").

1   ordered the Stipulating Parties to promptly update the Court in the event the negotiations fail and, in

2   any case, to submit a further update to the Court on September 20, 2021.  Doc. 624.

3        On August 20, 2021, Non-Stayed Defendants filed a Motion to Stay, asking the Court to stay

4   the entire case until the proposed nationwide settlements are either finalized or they fail.  Doc. 627.

5        **C.    Discovery Order Issued Since Prior Conference (Doc. 608)**

6        Following the last status conference, the Court issued an order providing for the following:

7   (i) "Plaintiff and Walgreens shall meet and confer regarding new custodians by July 23, 2021";

8   (ii) "Allergan shall respond to Plaintiff's letter regarding the number of opioids sold by Allergan that

9   entered San Francisco by July 28, 2021"; (iii) "Walgreens shall produce 500 hardcopy prescriptions

10  per year from the 12 previously agreed to stores from 2010 through 2019 by August 16, 2021"; and

11  (iv) "Plaintiff shall complete its production of additional Crime Data Warehouse documents by

12  August 27, 2021."  Doc. 608.

13       **D.    Discovery Motions**

14       The parties have briefed six disputes pursuant to the revised resolution protocol outlined in

15  Discovery Order No. 2.  Doc. 382.  The disputes are outlined in the chart below.

| Moving Party | Responding Party | Dispute (as Described by Moving Party) | Doc. |
|---|---|---|---|
| Walgreens | Plaintiff | Plaintiff's Production of Treatment and Dispensing Data | 622 |
| Plaintiff | Walgreens | Walgreens' Custodial Productions | 623 |
| Plaintiff | Walgreens | Walgreens' Internal Investigations Database & Other Narrow Issues | 626 |
| Plaintiff | Allergan Defendants | Allergan Defendants' Responses to Plaintiff's Marketing Interrogatories | 628 |
| Plaintiff | Teva/Actavis Defendants | Teva Defendants' Responses to Plaintiff's Interrogatories | 629 |
| Plaintiff | Allergan Defendants & Teva/Actavis Defendants | Allergan Defendants' and Teva/Actavis Defendants' Responses to Plaintiff's Interrogatories Re: Sales Data | 630 |

16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     PLAINTIFF'S STATEMENT

### A.     Plaintiff Productions and Depositions

Plaintiff completed its production of police investigation files on August 10, well in advance of the August 24 deadline. *See* Doc. 608. Those documents were in addition to the 3.9 million other pages of information and voluminous databases Plaintiff has produced. Plaintiff also has substantially completed its privilege and redaction log and served it on all Defendants. Plaintiff will respond to the purported challenges Defendants make to the privilege log. Plaintiff notes that out of more than 10,000 entries, Defendants have, to date, challenged just over 400.

Defendants incorrectly suggest that they await information regarding "databases for incident reports from the San Francisco Sheriff's Department." But Plaintiff has already explained several times that the Sheriff's Department has no incident report database analogous to the Police Department's Crime Data Warehouse.

Finally, Defendants' representations regarding dozens of inquiries following Dr. Fouts' and Dr. Geier's depositions are misleading. Nevertheless, Plaintiff is meeting and conferring with Walgreens about these issues.

### B.     Defendants' Discovery Deficiencies and Other Issues Requiring the Court's Attention

Plaintiff has addressed Defendants' discovery deficiencies in the recently filed letter disputes, as well as in past status reports, and will not repeat them all here. In light of the number of filed disputes, Plaintiff acknowledges that the Court may not be able to entertain argument on each of the briefed issues at the upcoming status conference and welcomes the opportunity to appear at a subsequent hearing (scheduled at the Court's convenience) to address remaining issues should the Court find it helpful.

A select few additional issues, including those that have become evident only recently, require emphasis and are described below.

#### 1.     Endo/Par

Plaintiff has previously advised the Court of problems with Endo's perpetual "discovery" of "new" data sources, such as the missing Call Data messages and missing Materials Dropped Data

that were only produced after Plaintiff established their existence using Endo's own documents.  *See, e.g.*, Docs. 550-551, 571, 602.  Plaintiff has also apprised this Court about Endo's serious discovery violations, such as those identified in *Staubus, et al. v. Purdue Pharma, et al.*, Case No. C-41916 (Sullivan Cnty., Tenn. Cir. Ct. Apr. 6, 2021) (Doc. 551-4), where Endo **and its counsel**, Arnold & Porter Kaye Scholer ("APKS"), were found to have engaged in discovery abuses so severe that default judgement was warranted.  Unfortunately, both concerns persist.

a.      **Failure to Timely Produce Relevant and Responsive Custodial Documents**

Since the last Joint Status Update, Endo has produced a steady stream of new documents with little or no explanation for why the files are being produced now, years after the MDL production should have been completed, and two months after the substantial completion date ordered in this case.  In the last three weeks, the Endo Defendants have made at least 11 productions consisting of at least 21 volumes of documents.  While still in the process of reviewing the tens of thousands of newly produced documents, Plaintiff has already determined that the productions contain core evidence that should have been produced long ago.  For example, Endo produced a "smoking gun" document in this case on August 5, 2021, from custodian Linda Kitlinski, the day after her 2019 deposition testimony was read into the record *at trial* in the New York Opioids case on August 4, 2021.  Endo claims that the document was only identified as potentially responsive to the San Francisco litigation on June 7, 2021, but its relevance on a national level is self-evident.  The document confirms that Ms. Kitlinski believed Endo was improperly manipulating its "medical education" and "independent grant" programs to promote Endo's products.  That is exactly the opposite of what Ms. Kitlinski testified to at her 2019 deposition, however.  The New York court has issued two Orders to Show Cause in response, and Endo and APKS once again face potential sanctions for discovery abuses, including terminating sanctions.

Endo's conduct is also impeding Plaintiff from preparing its case.  Last week, for example, Plaintiff was forced to postpone the deposition of San Francisco custodian, Bobbie Sue Brown, which was noticed for August 12, 2021, and was to be the first Endo deposition taken in the case.  While Endo previously represented to Plaintiff that the production of Ms. Brown's custodial file was

1   substantially complete on February 26, 2021, on the evening of August 10, 2021, less than two days

2   before Ms. Brown's deposition, Endo produced 26,256 custodial documents relating to Endo's

3   Clinical Affairs team, of which Ms. Brown was a member and all of whom reported to Ms. Kitlinski.

4   At least 2,388 of those documents specifically mention Ms. Brown, and approximately 1,179 are

5   newly produced emails for which Ms. Brown was a recipient or sender.[2]

6   　　　　On August 11, 2021, Plaintiff asked Endo to (1) confirm production of Ms. Brown's

7   production is now complete, and (2) provide a selection of new dates for her deposition.  Endo has

8   yet to respond to either request.  Instead, Endo's counsel replied that they "will not present Ms.

9   Brown subject to any threat by Plaintiff to 'keep the deposition open'. . . ."  Plaintiff is taking all

10  available steps to ensure Ms. Brown's deposition is taken on a complete record, but given the events

11  described herein and a looming discovery deadline, Plaintiff should not be prevented from moving

12  forward with Ms. Brown's deposition or foreclosed from seeking further relief should good cause

13  support it.

14  　　　　　　　　　　**b.**　　　**Additional Missing Data**

15  　　　　Although Plaintiff raised each of these issues with Endo on or before July 29, 2021, Endo

16  provided no response until August 20, 2021, at 8:43 p.m. PT.  In most cases, however, Endo has

17  only responded that it is still investigating, either stating that they "expect" to provide an update by

18  September 24, 2021 (only eleven days before Plaintiff's expert reports are due on October 5, 2021)

19  with no firm production date, or providing no guidance at all on when these investigations will be

20  complete.  While Endo initially set up a weekly call with Plaintiff to update it on the status of its

21

22

---

23  [2]  Endo asserts that the August 10, 2021 production contains 31 documents from Ms. Brown's custodial file.  Not so, according to Endo's own definition of "custodial file."  Endo's APKS counsel

24  previously told Plaintiff's counsel that to capture the entire custodial file for any custodian, one must search, not only the custodian fields of the metadata, but also all of the email fields, such as the to,

25  from and cc fields.  As noted above, there are approximately 1,179 custodial emails in the August 10, 2021 production.  Even if that were not the case, Ms. Brown's custodial file production should

26  have been completed months ago and the 26,256 produced documents directly relate to Ms. Brown's Clinical Affairs team and, therefore, are potentially relevant, as the Kitlinski memo demonstrates.

27  Furthermore, Endo's recent statements indicate it may not be adhering to its own instructions regarding collection of a "custodial file," which potentially calls the completeness of other custodial

28  productions into question.

search for missing data, counsel for Endo has canceled the last three weekly calls on short notice. Plaintiff believes earlier court-ordered deadlines should be imposed for each outstanding issue.

1. <u>Compliance Documents</u>.  For months, Plaintiff has pressed Endo for more information regarding the location of compliance documents such as Reports of Suspected Diversion and other methods for tracking suspicious orders, including whether suspected diversion incidents may be tracked in two additional CRM systems, Engage and Navigator.[3]  Shockingly, Endo stated for the first time in its August 20, 2021, letter that its "production of **hard copy documents held by the Endo Compliance Department is ongoing**," and that it will produce additional responsive hard copy documents "***as soon as practicable***."  (Emphasis supplied.)  Endo also reported that its investigation of the additional CRM sources is "ongoing."  Endo has not provided a date by which these core and long-overdue materials will be produced or any explanation of why these documents were not produced long ago.

2. <u>SpeakerNet Data File</u>.  Plaintiff initially raised inconsistencies in Endo's SpeakerNet Data File on May 28, 2021.  On July 9, and again during the parties' August 5, 2021, videoconference, Plaintiff further advised that Endo's documents indicate that SpeakerNet was used since at least September 2008 to track "approved honoraria" for speakers.  But the SpeakerNet data files produced contain no information on speaker payments.  On August 20, 2021, Endo told Plaintiff that its "investigation of available speaker data . . . from SpeakerNet ***continues***," and that Endo now "expects to make one or more additional productions of speaker data in the ***coming weeks***."  (Emphasis supplied.)[4]  As for Par, counsel represented that they are still investigating potential sources of payments to Health Care Providers ("HCP"), such as in the JDE and Porzio databases, but provided no estimated date of production.

---

[3]   Endo's production of compliance documents was so concerning that Plaintiff filed a discovery motion on the matter on May 7, 2021, Doc. 551, which this Court denied based on Endo's representations that it had complied with its discovery obligations and because the Court found Plaintiff had not identified specific deficiencies.  Doc. 561.

[4]   On August 23, 2021, the day of this filing, Endo altered its position and now does not plan to complete its "investigation" of SpeakerNet data until September 24, 2021.

3.      Clinical Trial Payments.  On July 29, 2021, Plaintiff inquired about missing payment data relating to clinical trial before 2015.  On August 20, 2021, Endo pointed to sources where data from 2013 and 2015 may be exist, which Plaintiff is evaluating.  However, Endo responded that prior to 2013 it did not maintain a centralized HCP database, and that such payments were tracked manually.   Endo should produce all available payment information whether maintained electronically or manually.

4.      Third-Party Vendors.  Plaintiff has inquired about documents relating to Endo's third-party vendors identified in Endo's production, including Cadent, EHC Communications, and Impact Communications.  Plaintiff received a production relating to Cadent, which it is evaluating.  On August 20, 2021, Endo stated that it and its counsel are "***currently investigating*** the extent of available data from SpeakerNet relating to Opana ER speaker programs," including "whether there is any centralized source for speaker-related data during the time that Endo retained EHC Communications" or data relating to Impact Communications, both of which they now admit were involved as third-party vendors.  (Emphasis supplied.)  Endo provided no date for which its investigation will be concluded, however.

5.      Other Potential Sources of Responsive HCP Data.  On July 29, 2021, and during the parties' August 5, 2021, videoconference, Plaintiff identified and asked Endo to investigate the following potential sources of responsive information referenced in Endo's documents:  Aggregate Spend Portal; SpendTrax; CFS Sunshine Act Compliance Database; CFS (DrugDev); Touchpoint; TKL; and SNBL; TFS, Inc.  On August 20, 2021, Endo confirmed that these sources may contain additional responsive information, but that they are still investigating and do not expect to provide any "additional information" about these sources until ***September 24, 2021***.  An earlier date should be ordered, considering Plaintiff's expert reports are due only eleven days later, on October 5, 2021.

6.      Representations by Publication.  Endo represented to this Court that it would search for information responsive to Interrogatory Nos. 1-4, which resulted in the production of the missing Call Data messages and missing Materials Dropped Data in response to Interrogatory Nos. 1 and 2. But it appears Endo took no steps to identify information responsive to Interrogatory Nos. 3 and 4,

1   which seek information relating to representations disseminated by ***publication***.  While Endo stated

2   on August 20, 2021, that it would amend its responses, it gave no date by which it would do so.

3           7.     <u>Missing Medical Science Liaison Interaction and Materials Dropped Data</u>.  Plaintiff

4   still has no data for Medical Science Liaison Interactions pre-2008, 2010, or 2014-2017.  Plaintiff

5   also has yet to receive Materials Dropped Data for 2012.  Endo has also not updated its responses to

6   identify documents it contends contain other responsive information.

7                **2.**     **Walgreens**

8        The Court ordered Walgreens to complete its production of hard copy prescriptions and

9   electronic notes by August 16.  *See, e.g.*, Doc. 608 ("Walgreens shall produce 500 hardcopy

10   prescriptions per year from the 12 previously agreed to stores from 2010 through 2019 by **August**

11   **16, 2021**.").  Walgreens did not meet the deadline for the 5,000 hard copy prescriptions.  In a

12   production letter dated Monday August 16, Walgreens stated that it had "substantially completed its

13   production of hard copy notes."  Plaintiff's own analysis showed that, as of August 16 (and as of the

14   time of writing), Walgreens' production was only 30% complete.  After repeated requests,

15   Walgreens finally confirmed on Sunday (the day before this statement was filed) that, while it

16   represented to Plaintiff and the Court that its production was substantially complete, Walgreens had

17   in fact produced just 1,503 out of the 5,000 hard copy prescriptions it was ordered to produce.  *See*

18   Doc. 578 ("Walgreens shall produce . . . 500 hardcopy prescriptions per year from the same 12 stores

19   dating back to 2010."); Doc. 592 ("Walgreens shall complete production of its due diligence records

20   by **August 16, 2021.**"); Doc. 608 ("Walgreens shall produce 500 hardcopy prescriptions per year

21   from the 12 previously agreed to stores from 2010 through 2019 by **August 16, 2021.**").

22        It also remains unclear when – or if – Walgreens intends to comply with the Court's orders to

23   produce 5,000 prescriptions.  On Sunday, Walgreens indicated it expected to produce an additional

24   390 hard copies on Monday, which would bring it to roughly 38% completion a week after the

25

26

27

28

1   deadline.  But Walgreens will not provide an estimate for when it will complete the production, and

2   in fact suggested it may never produce 5,000 prescriptions.[5]

3       The electronic notes production is also concerning.  Walgreens previously represented to

4   Plaintiff and the Court that there were "roughly **half a dozen** electronic notes fields" that should be

5   evaluated because they may contain evidence of pharmacist due diligence.  May 10 Hr'g Tr. at

6   19:22.  Plaintiff relied on these representations in its submissions about deadlines and scheduling.

7   Walgreens now contends, however, that there are nearly *ten times* as many relevant fields as initially

8   represented (52 different fields, to be specific).  To facilitate Plaintiff's timely analysis, Plaintiff has

9   asked Walgreens to provide a description of each field (with a concise explanation of how it

10  contends each could be used to document pharmacist due diligence).

11      Finally, Walgreens made minor amendments to interrogatory responses March 31 and May 7.

12  Notably, Walgreens provided no substantive response to an interrogatory asking Walgreens to

13  identify its employees responsible for compliance in California.

14                      **3.      Allergan and Teva**

15      The parties have engaged in extensive meet and confers with regard to Allergan Defendants'

16  deficient responses and amended responses to Plaintiff's Interrogatory Nos. 1-4, which seek

17  information on marketing materials and publications (including internet sites) disseminated into San

18  Francisco, and dates and mode of dissemination.  This information is vital to Plaintiff's statutory

19  claims for violations under the False Advertising Law, Cal. Bus. & Prof. Code §17500, *et. seq.*, and

20  the Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et. seq*.  After filing a dispute letter,

21  Defendants have now agreed to provide second amended responses by September 14, 2021.  Several

22  issues, however, remain outstanding with respect to Plaintiff's marketing interrogatories.  The parties

23  have briefed these issues for the Court.

24      Plaintiff continues to meet and confer with Teva regarding its interrogatory responses not

25  addressed in joint dispute letters submitted separately with the court.  *See* Docs 629, 630.  Teva has

---

26

27  [5]    A significant number of the hard copy prescriptions that have been produced lack the required
    metadata to facilitate the association of the hard copies to Walgreens' dispensing data.  Plaintiff will
28  meet and confer with Walgreens about this issue.

1   agreed to supplement regarding certain interrogatory responses, but has yet to provide a date by

2   which it will respond.

3   **III.    DEFENDANTS' STATEMENT**

4          **A.    Status of Party Discovery**

5                 **1.    Defendants' Discovery Requests**

6          Following the Court's April 15, 2021 Order for Plaintiff to produce Crime Data Warehouse

7   ("CDW") narratives (Doc. 530), Plaintiff made multiple productions of CDW documents, which

8   were complete on June 10.  On June 17, following review of those productions, Defendants followed

9   up to narrow their prior requests for police department investigation files in response to Defendants'

10  discovery requests to a small percentage of incidents listed in the CDW for which Plaintiff produced

11  the CDW incident reports.  Plaintiff has informed Defendants that it has identified only three

12  responsive investigation files within the narrower set of files requested by Defendants.  Defendants

13  are evaluating the production now.

14         Defendants have also enquired about equivalent databases for incident reports from the San

15  Francisco Sheriff's Department and additional information regarding San Francisco Emergency

16  Medical Services ("EMS") incidents.  Plaintiff has represented that there is no such database for the

17  Sheriff's Department, but as of the date of this status report has not responded to Defendants'

18  questions about EMS incidents.

19         Following the depositions of Dr. Geier and Dr. Fouts, Defendants raised numerous questions

20  regarding substantial discovery gaps brought to light in their depositions.  Plaintiff responded to

21  Defendants' questions about Dr. Fouts' testimony (though Plaintiff's responses require further

22  follow-up).  But Plaintiff largely refused to answer Defendants' questions arising from Dr. Geier's

23  deposition, instead asserting that the volume of questions and requests were "incompatible with the

24  limitations the Court has imposed [sic] discovery in this case."  The parties met and conferred on

25  August 19.

26         Defendants also submitted hundreds of privilege challenges to Plaintiff on August 11, noting

27  what appear to be systemic overbroad and unsubstantiated privilege claims throughout Plaintiff's

28  privilege logs.  Plaintiff has not responded to these challenges.

1    Defendants are continuing to evaluate the extent of Plaintiff's discovery deficiencies, and the

2    parties are meeting and conferring and hope to resolve the issues without this Court's intervention.

3    Defendants are also moving forward as quickly as they can in pursuing depositions and asked for

4    deposition dates for several more of Plaintiff's custodians since the last status conference, but

5    continue to be hamstrung by Plaintiff's ongoing delays in producing the requisite documents and

6    data Defendants need in order to do so.

7                    **2.      Plaintiff's Discovery Requests**

8    Defendants have produced millions of documents in the MDL, which are deemed produced

9    in this case.  In addition, Defendants have made additional productions specific to this case.

10    In advance of the last status conference, **Walgreens** completed its custodial productions,

11    resulting in a production of approximately 50,000 custodial documents, on top of the more than

12    380,000 documents Walgreens has produced in the MDL.  On May 17, Walgreens completed its

13    production of hard copy refusals to fill and Target Drug Good Faith Dispensing checklists resulting

14    in a total hard copy production of over 35,000 documents and over 135,000 pages.[6]

15    On August 13, Walgreens completed its production of electronic due diligence records

16    resulting in a production of over 31 million records.  On August 16, Walgreens substantially

17    completed its production of hard copy prescriptions.  Walgreens will make an additional production

18    of hard copy prescriptions on August 23 and a follow up production approximately one week later.

19    As Walgreens explained in previous status reports, the August 16 deadline was unrealistic to

20    complete this production, and Walgreens has not been able to locate many of the hard copy

21    prescriptions in the sample of 5,000, which dates back over a decade.[7]  Walgreens is conducting

22    additional reviews to determine whether any more of the sample prescriptions can be found.

23    In its section of this status report, Plaintiff complains that Walgreens produced *too many*

24    electronic "notes" fields, and challenges Walgreens' previous representations about those fields.  As

25    _____

26    [6]    Walgreens has also updated its Interrogatory responses a couple times at Plaintiff's request.

27    [7]    Walgreens produced 31,507,812 records across all of its "notes" productions in San Francisco.
      Walgreens is currently missing hard copies for 3,107 prescriptions, representing less than 0.01% of
28    the total records produced to date.

Walgreens previously explained, Walgreens produced data from seven tables in its dispensing data that include free-text notes fields.  In an abundance of caution, Walgreens also produced other fields from the same database tables that house those free-text notes fields, because they may also demonstrate diligence, though they do not contain free-text "notes."[8]  Walgreens explained this to Plaintiff in written correspondence on August 12 before completing its electronic notes production.  At 11 pm the night the parties exchanged drafts of this status report, Walgreens received a request from Plaintiff for additional information about its "notes" production, including descriptions of some of the data fields.  Walgreens produced descriptions of most if not all of those fields several years ago (which Plaintiff acknowledged in its correspondence to Walgreens but failed to mention to the Court).  Descriptions of certain of the remaining fields are self-explanatory (e.g., "patient_cmnt" and "prescriber_locations_comment).  Walgreens will respond to Plaintiff's new request shortly to provide additional information.

The **Endo** and **Par** Defendants have produced over 5.5 million documents, including over 233,000 documents in this matter specifically.  Consistent with the Court's Order dated July 2, 2021 (Doc. 592), by July 21, 2021, Endo completed its investigation of Endo's Commercial Data Warehouse, the SIF2008-2012 database, and the SIF2007 Backup (in each case as defined in the June 30, 2021 Status Report (Doc. 590)) for any additional database backups responsive to Plaintiff's Interrogatory Nos. 1-4, and produced additional data.  Specifically, as of July 21, 2021 Endo had produced:

- Call Data containing available information in "message description", "message name", and "reaction description" fields located in and extracted from Endo's Commercial Data Warehouse (produced July 16, 2021);

- Call Data containing additional fields of data for the period 2008 to 2012 (inclusive) entered into Endo's former StayinFront customer relationship management ("CRM") database ("SIF2008-2012") (produced July 16, 2021);

---

[8]   These additional fields include drop down indicators such as the relationship between the patient and the person picking up the prescription, and whether a patient has an allergy or other health condition.

- Call Data from a 2007 backup of its StayinFront CRM database ("SIF2007 Backup") that was located on media maintained by a former eDiscovery vendor Endo used in a prior government investigation involving Lidoderm ("Lidoderm Vendor Media") (produced July 21, 2021);

- Materials dropped information associated with calls between 1/2/2013 and 10/24/2014) (produced July 21, 2021).[9]

In addition, the Endo and Par Defendants continue to search data sources for additional documents responsive to pending document requests.  On August 10, 2021, Endo produced data located in the same SIF2008-2012 file described above.  Although not responsive to Interrogatory Nos. 1-4, this production contained information about healthcare providers ("HCPs") who were identified as being excluded from promotion for certain products ("Excluded Products" production).[10]  It is likely that additional documents and data responsive to the Plaintiff's document requests will be located as a result of these and other efforts and that additional productions will be made.

Plaintiff identifies seven specific categories of what it characterizes as "Additional Missing Data," all of which are addressed in Endo's meet-and-confer correspondence dated August 20, 2021 or within this status report.  By September 24, 2021, Endo expects to complete its investigation of available speaker data, including from SpeakerNet, and any other potential structured data sources of

---

[9]   As stated in the July 20, 2021 Status Report to this Court,  Endo has conducted an exhaustive investigation of the Endo Commercial Data Warehouse in its effort to locate materials dropped data for the remainder of the time period raised by Plaintiff as missing information in previous productions.  Nevertheless, it is possible that in the future, Endo will locate additional data points that will allow Endo to perform additional SQL searches of the Endo Commercial Data Warehouse, and in such event, Endo will perform such searches.

[10]   Endo notified Plaintiff that this production would be made during the parties' July 14, 2021 Zoom status update conference.  Endo also advised Plaintiff that it expected to produce this additional data after July 21, 2021 to the extent it is relevant and responsive to Plaintiff's discovery requests.

HCP payment data.  The Endo and Par Defendants have otherwise completed the investigations about which Plaintiff inquires as set forth in counsel's August 20, 2021 correspondence.[11]

The Endo and Par Defendants have engaged in a massive undertaking to identify and produce documents from hundreds of custodians and dozens of non-custodial data sources over a 15+ year time period.  And as reflected above, and in the extraordinary efforts previously reported to this Court to identify and produce historical data, they also remain actively engaged in the process of meeting and conferring with Plaintiff in this matter about all remaining inquiries in a good faith effort to produce responsive materials.[12]

---

[11]  Plaintiff asserts that "it appears Endo [previously] took no steps to identify information responsive to Interrogatory Nos. 3 and 4, which seek information relating to representations disseminated by **publication**."  (Emphasis in original.)  This is incorrect.  As Endo previously explained, including to this Court (Doc. 551 at 6), Endo has produced promotional materials approved for national publication and identified these materials in its discovery responses, but has not identified a centralized repository of data tracking where or when Opana ER journal advertisements were published or otherwise disseminated.  Endo reiterated that on August 5, 2021 based on still further investigation.  Endo did locate documents that provide some information relating to the placement of Opana ER journal ads by EHC Communications for the period of 2007 through 2009; most of these documents had previously been produced, but Endo identified an additional five such documents that were produced on August 17, 2021.  Plaintiff indicated for the first time on August 5, 2021 its position that Endo's support of educational materials published or presented by independent third parties is also responsive to Interrogatory Nos. 3-4, relying on language in the interrogatories referring to materials that Endo "caused to be disseminated."  Endo had previously objected to that phrase as vague and ambiguous.  Nonetheless, information related to Endo's unrestricted grant support for independent third-parties can be located in Endo's Custodial Production, including in the documents produced from the custodial files of those "Endo National Custodians" whose titles indicate that they were in Medical Information, Medical Affairs, or Clinical Affairs, as well as from the documents produced from the custodial file of Bobbie Sue Brown.

Separately, Plaintiff also inquires about Medical Science Liaison ("MSL") interactions pre-2008, 2010 and 2014-2017.  Endo and its outside counsel, including Redgrave, have performed an extensive search for additional MSL interaction data.  To the extent MSL interaction data has been located in structured data sources, it has been produced.  For example, MSL interaction data for the period 2011 to 2013, which was located in Endo's Commercial Data Warehouse, was produced on April 12, 2021.  Endo also produced located in custodial data concerning MSL interactions with HCPs from the period 2008 to 2009 on July 28, 2021.  This data was recently located in spreadsheets attached to emails located in the custodial file of a former IT employee who has no relationship to the subject matter of this litigation.  Documents reflecting other interactions with HCPs occurring after 2013 have also been produced.  Endo will supply CCSF with Bates numbers.  To the extent additional responsive documents are identified, Endo will supplement its production.

[12]  Endo also notes for the Court's awareness that in another opioid matter filed by the City of Chicago, Endo has moved for the appointment of a Special Master to oversee an expedited discovery audit process at its expense, including to assess any alleged deficiencies with respect to their responses to discovery in that matter and related opioid litigation matters and to recommend appropriate relief.  This proposal is not a concession or admission that any prior actions or decisions

1      Notwithstanding the Endo and Par Defendants' enormous investment of time, effort, and

2  resources in these discovery efforts, Plaintiff asserts that certain "concerns persist" regarding the

3  Endo and Par Defendants' discovery efforts.  Plaintiff references the *Staubus* case; but this Court

4  should continue to evaluate the discovery record on the basis of what has occurred in this case.  The

5  record here shows that the Endo and Par Defendants have been transparent about the custodial and

6  non-custodial files collected, the search terms applied, and the parameters of the productions,

7  including through detailed exhibits appended to discovery responses that this Court has previously

8  reviewed.

9      Plaintiff also references an email recently produced that was authored by Linda Kitlinski.

10  Ms. Kitlinski's custodial documents were initially collected from Endo's systems in 2014, and

11  Arnold & Porter is informed that the records relating to the email in question indicate that the

12  contract review attorney that reviewed the email coded it as not responsive (to a New York

13  subpoena) and not relevant (to the City of Chicago litigation).  It appears that the next time the email

14  was reviewed by anyone was in June 2021.  Records indicate that the email was reviewed by a

15  different contract review attorney on June 7, 2021.  Arnold & Porter is informed that the contract

16  attorney coded the document as responsive but possibly privileged.  Because the document was

17  identified as possibly privileged, it underwent a further privilege review.  As part of the process, it

18  was determined not to be privileged and was produced in this matter on August 5, 2021.

19      Finally, Plaintiff notes that certain additional documents were produced prior to the

20  scheduled deposition of Bobbie Sue Brown.  Those documents were identified as a result of searches

21  not specific to this matter, which resulted in 31 additional documents from Ms. Brown's custodial

22  files, all of which were made available as quickly as possible and identified for Plaintiff by Bates

23  number prior to Ms. Brown's deposition.  Plaintiff nonetheless took down the deposition.  At

24

25  were not reasonable at the time taken, nor that any responses or objections were not well taken or

26  appropriate; but rather a continued effort to proactively address any concerns.  The proposed order of appointment permits the "voluntary participation of [parties from cases pending in other

27  jurisdictions] in the investigation and dispute resolution process overseen by the Special Master."  If such Special Master is appointed, CCSF will be invited to participate.  The City of Chicago has

28  indicated its intent to oppose the appointment of the Special Master.

1    Plaintiff's request, Endo is working to reschedule Ms. Brown's deposition and, this week, expects to

2    provide dates for her availability.[13]

3         **Allergan** has deemed produced in this case documents gathered and produced—without

4    geographic limitation—in other opioid cases.  It has also made productions specifically for this case,

5    most recently on March 24, 2021, which included its privilege log.  Allergan's production is

6    substantially complete.  Allergan's position regarding its Interrogatory responses at issue is set out in

7    full in the discovery briefing that is being filed with the Court ahead of the August 24, 2021 hearing.

8    Doc Nos. 628, 630.  Allergan confirms that it has agreed to provide second supplemental responses

9    to Plaintiff's interrogatories, to the extent agreed or ordered, by September 14, 2021.

10        The **Teva** Defendants have produced over 3.2 million documents available to Plaintiff, and

11   have completed the production of documents for the additional agreed regional custodians.

12        **B.      Status of Other Third-Party Discovery**

13        The California Department of Justice ("CA DOJ") produced its CURES data on April 28.

14   On May 14, DOJ made a supplemental production of CURES data correcting issues identified by

15   Walgreens.  Walgreens recently notified Plaintiff and the CA DOJ that it intends to seek re-

16   identification of certain prescribers, including all of Plaintiff's prescribers, contained in the CURES

17   data that CA DOJ produced.  The parties and CA DOJ met and conferred about this issue on July 14.

18   CA DOJ indicated it was not willing to identify Plaintiff's prescribers in the CURES data, even if

19   notice was properly provided, because of its "other" outstanding objections.  The parties asked

20   whether CA DOJ would agree to provide an overlay for the CURES data flagging which prescribers

21   are employed by Plaintiff, but not actually identifying them, in order to help Walgreens limit the

22   number of names it ultimately must seek for identification.  CA DOJ is considering the issue, and the

23   parties continue to go back and forth in attempts to narrow and refine the list of Plaintiff's

24   prescribers.

25

26

27   _____

     [13]   Plaintiff has not yet provided dates for the depositions of Dr. Philip Coffin and Dr. Joseph Pace,
     which were requested on August 4, 2021; and only on August 19, 2021 provided dates in mid-

28   September for Dr. Luke Rodda, which dates were requested on July 16, 2021.

1        In April 2020, Defendants served requests for production on Plaintiff for the production of

2   documents and data from all pertinent subdivisions of the City and County of San Francisco.  When

3   the City and County was dismissed as a plaintiff, Plaintiff took the position that certain of its

4   subdivisions were not within Plaintiff's custody and control, requiring third-party subpoenas.

5   Defendants therefore served subpoenas on the San Francisco departments and entities that Plaintiff

6   has deemed outside of its custody and control, including the Department of the Environment,

7   Department of Emergency Management, Board of Supervisors, Controller's Office, Mayor's Office,

8   District Attorney's Office, Department of Human Resources, Health Service System, and Human

9   Services Agency.[14]  These subdivisions have responded to the subpoenas, and the parties are in the

10  process of meeting and conferring regarding those responses.  The parties will submit disputes to the

11  Court as necessary.

12       Defendants are also pursuing third-party discovery from various state agencies, law

13  enforcement entities, and third-party pharmacies, and have subpoenaed the Medical Board of

14  California, the Dental Board of California, the California Board of Registered Nursing, and the

15  United States Drug Enforcement Administration.  Certain of the third-party law enforcement

16  agencies (represented by one of the firms also representing Plaintiff) have objected to the subpoenas

17  and refused to produce documents, including on the basis that their municipality has an opioid-

18  related case pending in the MDL, but Defendants have sought a meet and confer to address the

19  issues without this Court's intervention.  Defendants dispute this objection, which cannot deprive

20  Defendants of discovery regarding geographic areas Plaintiff has put at issue in this case.

21  Defendants have met and conferred with many of the other third-party law enforcement entities,

22  most of whom are searching for and producing documents in response to Defendants' subpoenas.  A

23  number of the third-party pharmacies have also produced documents responsive to Defendants'

24  requests.  Defendants have met and conferred with the Medical Board of California, the Dental

25  Board of California, the California Board of Registered Nursing, and the United States Drug

26  Enforcement Administration, and are negotiating the scope of their productions.

27
28

---

[14]   Defendants have also served subpoenas on the San Francisco Superior Court and the University of California San Francisco Hospital.

1  DATED:  August 23, 2021                           ROBBINS GELLER RUDMAN
                                                          & DOWD LLP
2                                                   AELISH M. BAIG
                                                    HADIYA K. DESHMUKH
3                                                   TAEVA C. SHEFLER

4

5                                                        s/ Aelish M. Baig
                                                     AELISH M. BAIG
6
                                                    Post Montgomery Center
7                                                   One Montgomery Street, Suite 1800
                                                    San Francisco, CA  94104
8                                                   Telephone:  415/288-4545
                                                    415/288-4534 (fax)
9                                                   aelishb@rgrdlaw.com
                                                    hdeshmukh@rgrdlaw.com
10                                                  tshefler@rgrdlaw.com

11                                                  DENNIS J. HERRERA
                                                    City Attorney
12                                                  RONALD P. FLYNN
                                                    YVONNE R. MERE
13                                                  OWEN J. CLEMENTS
                                                    SARA J. EISENBERG
14                                                  JAIME M. HULING DELAYE
                                                    Deputy City Attorneys
15                                                  Fox Plaza
                                                    1390 Market Street, Sixth Floor
16                                                  San Francisco, CA  94102
                                                    Telephone:  415/554-3957
17                                                  jaime.hulingdelaye@sfcityatty.org

18                                                  ROBBINS GELLER RUDMAN
19                                                      & DOWD LLP
                                                    PAUL J. GELLER
20                                                  MARK J. DEARMAN
                                                    DOROTHY P. ANTULLIS
21                                                  NICOLLE B. BRITO
                                                    120 East Palmetto Park Road, Suite 500
22                                                  Boca Raton, FL  33432
                                                    Telephone:  561/750-3000
23                                                  561/750-3364 (fax)
                                                    pgeller@rgrdlaw.com
24                                                  mdearman@rgrdlaw.com
                                                    dantullis@rgrdlaw.com
25                                                  nbrito@rgrdlaw.com

26

27

28

ROBBINS GELLER RUDMAN
   & DOWD LLP
X. JAY ALVAREZ
THOMAS E. EGLER
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jaya@rgrdlaw.com
tome@rgrdlaw.com

LIEFF, CABRASER, HEIMANN
   & BERNSTEIN, LLP
ELIZABETH J. CABRASER
RICHARD M. HEIMANN
PAULINA DO AMARAL
KEVIN R. BUDNER
MICHAEL LEVIN-GESUNDHEIT
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415/956-1000
415/956-1008 (fax)
ecabraser@lchb.com
rheimann@lchb.com
pdoamaral@lchb.com
kbudner@lchb.com
mlevin@lchb.com

RENNE PUBLIC LAW GROUP
LOUISE RENNE
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone:  415/848-7240
415/848-7230 (fax)
lrenne@publiclawgroup.com

ANDRUS ANDERSON LLP
JENNIE LEE ANDERSON
AUDREY SIEGEL
155 Montgomery Street, Suite 900
San Francisco, CA  94104
Telephone:  415/986-1400
415/986-1474 (fax)
jennie@andrusanderson.com
audrey.siegel@andrusanderson.com

SANFORD HEISLER SHARP, LLP
KEVIN SHARP
611 Commerce Street, Suite 3100
Nashville, TN  37203
Telephone:  615/434-7000
615/434-7020 (fax)
ksharp@sanfordheisler.com

1

2        SANFORD HEISLER SHARP, LLP
         EDWARD CHAPIN
3        655 West Broadway, Suite 1700
         San Diego, CA  92101
4        Telephone:  619/577-4253
         619/577-4250 (fax)
5        echapin2@sanfordheisler.com

6        CASEY GERRY SCHENK FRANCAVILLA
            BLATT & PENFIELD LLP
7        DAVID S. CASEY, JR.
         GAYLE M. BLATT
8        ALYSSA WILLIAMS
         110 Laurel Street
9        San Diego, CA  92101-1486
         Telephone:  619/238-1811
10       619/544-9232 (fax)
         dcasey@cglaw.com
11       gmb@cglaw.com
         awilliams@cglaw.com

12       WEITZ & LUXENBERG P.C.
         ELLEN RELKIN
13       700 Broadway
         New York, NY  10003
14       Telephone:  212/558-5500
         212/344-5461 (fax)
15       erelkin@weitzlux.com

16       WEITZ & LUXENBERG P.C.
         MELINDA DAVIS NOKES
17       1880 Century Park East
         Los Angeles, CA  90067
18       Telephone:  310/247-0921
         310/786-9927 (fax)
19       mnokes@weitzlux.com

20       WEITZ & LUXENBERG P.C.
         PAUL F. NOVAK
21       TIFFANY R. ELLIS
         3011 W. Grand Blvd, 24th Floor
22       Detroit, MI  48202
         Telephone:  313/800-4170
23       646/293-7960 (fax)
         pnovak@weitzlux.com
24       tellis@weitzlux.com

25       *Attorneys for Plaintiff The People of the State of*
         *California, acting by and through San Francisco*
26       *City Attorney Dennis J. Herrera*

27

28

1 DATED: August 23, 2021

2 _____s/ Sean O Morris_____          _____s/ Zachary Hill_____
              SEAN O. MORRIS                              ZACHARY HILL

3

4 Sean O. Morris (SBN 200368)              Zachary Hill (S.B. #275886)
   John D. Lombardo (SBN 187142)           MORGAN, LEWIS & BOCKIUS LLP
   Christopher Beeler (SBN 330496)         One Market, Spear Street Tower
5 ARNOLD & PORTER                          San Francisco, CA  94105-1596
     KAYE SCHOLER LLP                      Telephone: (415) 442-1000
6 777 South Figueroa Street, 44th Floor    zachary.hill@morganlewis.com
   Los Angeles, CA  90017-5844
7 Telephone: (213) 243-4000                Eric W. Sitarchuk*
   Facsimile: (213) 243-4199               Rebecca J. Hillyer*
8 sean.morris@arnoldporter.com             MORGAN, LEWIS & BOCKIUS LLP
   john.lombardo@arnoldporter.com          eric.sitarchuk@morganlewis.com
9                                          rebecca.hillyer@morganlewis.com
   *Attorneys for Defendants Endo*         1701 Market Street
10 *Pharmaceuticals Inc., Endo Health*     Philadelphia, PA  19103-2921
   *Solutions Inc., Par Pharmaceutical, Inc.,*  Telephone: +1.215.963.5000
11 *and Par Pharmaceutical Companies, Inc.*   Facsimile: +1.215.963-5001

12                                         Wendy West Feinstein (*pro hac vice*)
                                           MORGAN, LEWIS & BOCKIUS LLP
13                                         One Oxford Centre, 32nd Floor
                                           Pittsburgh, PA  15219-6401
14                                         Telephone: (412) 560-7455
                                           wendy.feinstein@morganlewis.com
15

16                                         *Attorneys for Defendants*
                                           *Teva Pharmaceuticals USA, Inc., Cephalon,*
17                                         *Inc., Actavis LLC, Watson Laboratories, Inc.,*
                                           *and Actavis Pharma, Inc. f/k/a Watson*
18                                         *Pharma, Inc.*

19                                         *Denotes national counsel, pro hac vice*
                                           *forthcoming*
20
        _____s/ Karl Stampfl_____          _____s/ Charles J. Stevens_____
21

22 Donna Welch, P.C. (*pro hac vice*)      Charles J. Stevens (SBN 106981)
   Timothy W. Knapp, P.C. (*pro hac vice*) cstevens@gibsondunn.com
23 Karl Stampfl (*pro hac vice*)           Joshua D. Dick (SBN 268853)
   KIRKLAND & ELLIS LLP                    jdick@gibsondunn.com
24 300 North LaSalle                       Kelsey J. Helland (SBN 298888)
   Chicago, IL  60654                      khelland@gibsondunn.com
25 Telephone: (312) 862-2000               GIBSON DUNN & CRUTCHER LLP
   Facsimile: (312) 862-2200               555 Mission Street, Suite 3000
26 donna.welch@kirkland.com                San Francisco, CA  94105
   tknapp@kirkland.com                     Telephone: 415.393.8200
27 karl.stampfl@kirkland.com               Facsimile: 415.393.8306

28

1

2    Zachary W. Byer (S.B. #301382)          Kaspar Stoffelmayr
   KIRKLAND & ELLIS LLP                (*pro hac vice* forthcoming)
   555 South Flower Street                  kaspar.stoffelmayr@bartlitbeck.com

3    Los Angeles, CA  90071                  Katherine M. Swift
   Telephone: (213) 680-8400              (*pro hac vice* forthcoming)

4    zachary.byer@kirkland.com             kate.swift@bartlitbeck.com

5    Jennifer G. Levy, P.C. (*pro hac vice*)     BARTLIT BECK LLP
   KIRKLAND & ELLIS LLP                54 West Hubbard Street

6    1301 Pennsylvania Ave., N.W.          Chicago, IL  60654
   Washington, DC  20004                  Telephone: 312.494.4400

7    Telephone: (202) 879-5000            Facsimile: 312.494.4440
   Facsimile: (202) 879-5200

8    jennifer.levy@kirkland.com            Alex Harris
                                  (*pro hac vice* forthcoming)

9    *Attorneys for Defendants*            alex.harris@bartlitbeck.com
   *Allergan Finance, LLC f/k/a Actavis, Inc.*   BARTLIT BECK LLP

10   *f/k/a Watson Pharmaceuticals, Inc.,*     1801 Wewatta Street, Suite 1200
   *Allergan Sales, LLC and Allergan USA, Inc.*   Denver, CO  80202

11   *and specially appearing defendant Allergan*   Telephone: 303.592.3100
   *plc f/k/a Actavis plc*                 Facsimile: 303.592.3140

12

13                                    *Attorneys for Defendant*
                                   *Walgreens Co.*

14             s/ Katy E. Koski
    _____

15    James W. Matthews (*pro hac vice*)
   Ana M. Francisco (*pro hac vice*)

16    Katy E. Koski (*pro hac vice*)
   FOLEY & LARDNER LLP

17    111 Huntington Avenue
   Boston, MA  02199-7610

18    Telephone: (617) 342-4000
   Facsimile: (617) 342-4000

19    jmatthews@foley.com
   francisco@foley.com

20    kkoski@foley.com
   Alan R. Ouellette (CA Bar. No. 272745)

21    FOLEY & LARDNER LLP
   555 California Street, Suite 1700

22    San Francisco, CA  94104-1520
   Telephone: (415) 434-4484

23    Facsimile: (415) 434-4507
   aouellette@foley.com

24    *Attorneys for Defendant*
   *Anda, Inc.*

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Aelish M. Baig, am the ECF User whose ID and password are being used to file this Joint Status Update.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Defendants have concurred in this filing.

DATED: August 23, 2021

s/ Aelish M. Baig
AELISH M. BAIG

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 23, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 S/ Aelish M. Baig
AELISH M. BAIG

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  aelishb@rgrdlaw.com

**Mailing Information for a Case 3:18-cv-07591-CRB City and County of San Francisco et al v. Purdue Pharma L.P. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael K. Acquah**
  macquah@hueston.com,docketing@hueston.com,mgreen@hueston.com

- **Scott Manzoor Ahmad**
  SAhmad@winston.com

- **X. Jay Alvarez**
  JayA@rgrdlaw.com,e_file_SD@rgrdlaw.com,mwaligurski@rgrdlaw.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com,leland.belew@andrusanderson.com,miguel.perez@andrusanderson.com,evelyn.rodas@andrusanderson.com,audrey.siegel@andrusanders

- **Dorothy P. Antullis**
  dantullis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Aelish Marie Baig**
  AelishB@rgrdlaw.com,panderson@rgrdlaw.com,AYates@rgrdlaw.com,e_file_sd@rgrdlaw.com,mkuwashima@rgrdlaw.com

- **Sarah Jane Bily**
  SBily@winston.com

- **Gayle M Blatt**
  gmb@cglaw.com

- **Steven J. Boranian**
  sboranian@reedsmith.com,drothschild@reedsmith.com

- **Nicolle B Brito**
  NBrito@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Stephen Brody**
  sbrody@omm.com,steve-brody-4796@ecf.pacerpro.com

- **Kevin R. Budner**
  kbudner@lchb.com,mwillin@lchb.com,tlim@lchb.com,rtexier@lchb.com

- **Eric John Buhr**
  ebuhr@reedsmith.com,arochlin@reedsmith.com,aswenson@reedsmith.com

- **Zachary William Byer**
  zachary.byer@kirkland.com

- **Elizabeth J. Cabraser**
  ecabraser@lchb.com

- **Elizabeth Joan Cabraser**
  ecabraser@lchb.com,jremuszka@lchb.com

- **California DOJ**
  klwurster@gmail.com

- **David S. Casey , Jr**
  dcasey@cglaw.com,nancy@cglaw.com,camille@cglaw.com,sleonard@cglaw.com,jdavis@cglaw.com

- **Mark P. Chalos**
  mchalos@lchb.com

- **Edward D. Chapin**
  echapin2@sanfordheisler.com,fsalazar@sanfordheisler.com,jalvarez@sanfordheisler.com

- **Isaac D. Chaput**
  ichaput@cov.com

- **Isaac Daniel Chaput**
  ichaput@cov.com,jhykan@cov.com,docketing@cov.com

- **Owen J. Clements**
  owen.clements@sfcityatty.org,martina.hassett@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Justine Marise Daniels**
  jdaniels@omm.com,justine-daniels-2309@ecf.pacerpro.com

- **James M. Davis**
  jdavis@bholaw.com

- **Cari K. Dawson**
  cari.dawson@alston.com,kate.smith@alston.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,dtack@rgrdlaw.com,e_file_sd@rgrdlaw.com,MDearman@ecf.courtdrive.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Sharon Desh**
  sharon.desh@bartlitbeck.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joshua David Dick**
  jdick@gibsondunn.com,tmotichka@gibsondunn.com

- **Jaime Dorenbaum**
  jdorenbaum@foley.com,hpruitt@foley.com

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Sara Jennifer Eisenberg**
  sara.eisenberg@sfcityatty.org,john.cote@sfcityatty.org,martina.hassett@sfcityatty.org,yvonne.mere@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Scott Austin Elder**
  scott.elder@alston.com

- **Tiffany Rose Ellis**
  tellis@weitzlux.com,slittman@weitzlux.com,nhryczyk@weitzlux.com

- **Brian M. Ercole**
  brian.ercole@morganlewis.com,peggy.martinez@morganlewis.com

- **Christopher Blair Essig**
  CEssig@swinston.com

- **Wendy West Feinstein**
  wendy.feinstein@morganlewis.com,tammy.miller@morganlewis.com,sarah.wasson@morganlewis.com,picalendaring@morganlewis.com,tamara.giulianelli@morganl

- **Padraic William Foran**
  pforan@hueston.com,docketing@hueston.com,eupton@hueston.com

- **Ana Maria Francisco**
  afrancisco@foley.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,swinkles@rgrdlaw.com,swinkles@ecf.courtdrive.com,e_file_fl@rgrdlaw.com,pgeller@ecf.courtdrive.com

- **Patricia Camille Guerra**
  camille@cglaw.com

- **August P. Gugelmann**
  august@smllp.law,august@ecf.courtdrive.com

- **Alex J. Harris**
  alex.harris@bartlitbeck.com,anne.doyle@bartlitbeck.com

- **Brent Allen Hawkins**
  brent.hawkins@morganlewis.com,julie.costello@morganlewis.com,CHCalendarDepartment@morganlewis.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Gregory Heinen**
  gheinen@foley.com,greg-heinen-7499@ecf.pacerpro.com

- **Kelsey John Helland**
  khelland@gibsondunn.com,dgriffin@gibsondunn.com

- **Jenny Ann Hergenrother**
  jenny.mendelsohn@alston.com,jenny.hergenrother@alston.com

- **Dennis J. Herrera**
  cityattorney@sfcityatty.org,brittany.feitelberg@sfcityatty.org

- **Zachary Hill**
  zachary.hill@morganlewis.com,wendy.feinstein@morganlewis.com,rebecca.hillyer@morganlewis.com,evan.jacobs@morganlewis.com

- **Karen O'Brien Hourigan**
  khourigan@redgravellp.com,sloving@redgravellp.com

- **John Charles Hueston**
  jhueston@hueston.com,lhiles@hueston.com

- **Jaime Marie Huling Delaye**
  jaime.hulingdelaye@sfcityatty.org,martina.hassett@sfcityatty.org,sarah.gutierrez@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Traci Janelle Irvin**
  traci.irvin@ropesgray.com,courtalert@ropesgray.com

- **Daniel G. Jarcho**
  daniel.jarcho@alston.com

- **Sten A. Jernudd**
  sten.jernudd@bartlitbeck.com

- **Sarah Barr Johansen**
  sjohansen@reedsmith.com,AHenderson@reedsmith.com

- **Moez Mansoor Kaba**
  mkaba@hueston.com,rmassing@hueston.com,docketing@hueston.com,eupton@hueston.com

- **Jeremy T Kamras**
  jeremy.kamras@arnoldporter.com,nicholas.zebrowski@arnoldporter.com,ecf-
  45a1d8277e87@ecf.pacerpro.com,ashley.gomez@arnoldporter.com,SFCalendar@aporter.com

- **Timothy William Knapp**
  tknapp@kirkland.com

- **Katy E Koski**
  kkoski@foley.com

- **Amy Jean Laurendeau**
  alaurendeau@omm.com,amy-laurendeau-9969@ecf.pacerpro.com,sstewart@omm.com

- **Michael Ian Levin-Gesundheit**
  mlevin@lchb.com

- **Jennifer Gardner Levy**
  jennifer.levy@kirkland.com

- **Charles Coleman Lifland**
  clifland@omm.com,charles-lifland-4890@ecf.pacerpro.com

- **John David Lombardo**
  John.Lombardo@arnoldporter.com,edocketscalendaring@arnoldporter.com,maondca@arnoldporter.com,ecf-
  eef1531ec3db@ecf.pacerpro.com,William.Costley@arnoldporter.com

- **Amy Lucas**
  alucas@omm.com,amy-lucas-1835@ecf.pacerpro.com

- **Enu A Mainigi**
  emainigi@wc.com

- **Miriam Ellora Marks**
  mmarks@lchb.com

- **James W Matthews**
  jmatthews@foley.com

- **Shannon Elise McClure**
  smcclure@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,shannon-mcclure-1157@ecf.pacerpro.com,eselfridge@reedsmith.com

- **Colleen Marie McNamara**
  CMcNamara@wc.com

- **Yvonne Rosil Mere**
  yvonne.mere@sfcityatty.org,martina.hassett@sfcityatty.org

- **Andrew Miller**
  amiller@sanfordheisler.com

- **Sean OLeary Morris**
  sean.morris@arnoldporter.com,edocketscalendaring@arnoldporter.com,vincent.esparza@arnoldporter.com,stacie.james@arnoldporter.com,rebecca.mcnew@arnoldpor

- **Melinda Davis Nokes**
  mnokes@weitzlux.com,lschultz@weitzlux.com,tellis@weitzlux.com,rcerci@weitzlux.com,jfarrell@weitzlux.com,dsavours@weitzlux.com

- **Paul F. Novak**
  pnovak@weitzlux.com,cgarcia@weitzlux.com,nhryczyk@weitzlux.com

- **Alan Ouellette**
  aouellette@foley.com,llanglois@foley.com,wdelvalle@foley.com,alan-ouellette-5627@ecf.pacerpro.com

- **Andreas Michael Petasis**
  apetasis@hueston.com,docketing@hueston.com,sjones@hueston.com

- **Michael P. Piggins**
  mpiggins@weitzlux.com

- **Christian James Pistilli**
  cpistilli@cov.com

- **Jacob Henry Polin**
  jpolin@lchb.com

- **Luke Samuel Porter**
  lporter@reedsmith.com,gchiu@reedsmith.com,kjkelly@reedsmith.com

- **Louise Hornbeck Renne**
  lrenne@publiclawgroup.com,kbeaton@publiclawgroup.com,RPLG-docket@publiclawgroup.com

- **Jonathan Charles Sandler**
  jsandler@bhfs.com,pherron@bhfs.com

- **Molly Ellen Selway**
  Molly.Selway@doj.ca.gov

- **Nathan E. Shafroth**
  nshafroth@cov.com,ktrempy@cov.com,echiulos@cov.com,rlu@cov.com,ncutright@cov.com,rvantassell@cov.com,docketing@cov.com,isaac-chaput-8316@ecf.pacerpro.com

- **Taeva Cantor Shefler**
  TShefler@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jordan Tyler Shewmaker**
  jshewmaker@jonesday.com

- **Audrey Claire Siegel**
  audrey.siegel@andrusanderson.com

- **Reid Smith**
  RFSmith@winston.com

- **Elizabeth Anne Sperling**
  elizabeth.sperling@alston.com,Jennifer.lathrop@alston.com

- **Karl Anton Stampfl**
  karl.stampfl@kirkland.com

- **Charles Joseph Stevens**
  cstevens@gibsondunn.com,smaruschak@gibsondunn.com

- **Michael Fraser Stoer**
  mstoer@jonesday.com,dprzywara@jonesday.com,AtlantaDocket@jonesday.com

- **Kaspar J. Stoffelmayr**
  kaspar.stoffelmayr@bartlit-beck.com

- **Sabrina Heron Strong**
  sstrong@omm.com,sabrina-strong-4823@ecf.pacerpro.com

- **Edward W. Swanson**
  ed@smllp.law,AmyMcGugian@ecf.courtdrive.com,ed@ecf.courtdrive.com,britt@ecf.courtdrive.com

- **Katherine Marquess Swift**
  kate.swift@bartlitbeck.com

- **Russell E Taylor**
  rtaylor@fbm.com,grenteria@fbm.com,calendar@fbm.com

- **Nicole R. Trama**
  Nicole.Trama@doj.ca.gov

- **Rocky C. Tsai**
  rocky.tsai@ropesgray.com,CourtAlert@RopesGray.com

- **Richard Allen VanDuzer**
  rvanduzer@fbm.com,jamante@fbm.com,calendar@fbm.com

- **Amy Vanni**
  avanni@mccarter.com

- **Daniel Nathan Vinson**
  dvinson@hueston.com,ddelgrande@hueston.com

- **Neelum Jane Wadhwani**
  nwadhwani@wc.com,CardinalWVParalegals@wc.com

- **Donna Marie Welch**
  dwelch@kirkland.com

- **Graham D Welch**
  gwelch@foley.com

- **Alyssa M Williams**
  awilliams@cglaw.com

- **Sonya Diane Winner**
  swinner@cov.com,docketing@cov.com,calsbury@cov.com

- **Carl Brandon Wisoff**
  bwisoff@fbm.com,calendar@fbm.com,svillalobos@fbm.com

- **Keith Lee Wurster**
  keith.wurster@doj.ca.gov,klwurster@gmail.com,lindsey.cannan@doj.ca.gov

- **Douglas R. Young**
  dyoung@fbm.com,calendar@fbm.com

- **Paulina do Amaral**
  pdoamaral@lchb.com,catkins@lchb.com,fwhite@lchb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jennifer          Machlin Cecil
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111

Kaitlyn           L. Coverstone
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Paul              Laprairie
Andrus Andersonl LLP
155 Montgomery Street, 900
San Francisco, CA 94104
```