DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERE, State Bar #173594
Chief Deputy City Attorney
SARA J. EISENBERG, State Bar #269303
Chief of Complex & Affirmative Litigation
OWEN J. CLEMENTS, State Bar #141805
JAIME M. HULING DELAYE, State Bar #270784
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Telephone:  415/554-3957
jaime.hulingdelaye@sfcityatty.org

*Attorneys for Plaintiff The People of the State of California,*
*acting by and through San Francisco City Attorney David Chiu*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiffs,<br><br>vs.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 3:18-cv-07591-CRB<br><br>**JOINT STATUS UPDATE**<br><br>**Judges**: Hon. Charles R. Brever and Jacqueline Scott Corley<br><br>DATE:      November 17, 2021<br>TIME:        9:00 a.m.<br>COURTROOM: Via Videoconference |

The parties respectfully submit this Joint Status Update in advance of the Court's discovery conference scheduled for November 17, 2021, at 9:00 a.m.

## I. JOINT STATEMENT REGARDING SCHEDULE AND DISPUTE RESOLUTION

### A. Schedule

On June 15, the Court entered the parties' Joint Stipulation and Amended Order to Modify the Case Schedule.  Doc. 572.  The specific dates are reflected in the chart below:

| Event | Current Schedule |
|---|---|
| Custodial Productions Substantial Completion Deadline | June 4, 2021 |
| Document Production Substantial Completion Deadline | June 21, 2021 |
| Plaintiff's Expert Reports | October 5, 2021 |
| Plaintiff's Endo and Walgreens Related Expert Reports | October 19, 2021 |
| Close of Fact Discovery | November 12, 2021 |
| Defendants' Expert Reports | December 2, 2021 |
| Walgreens' two responsive reports for Drs. Park and McCann | December 9, 2021 |
| Plaintiff's Expert Rebuttal Reports | December 23, 2021 |
| Close of Expert Discovery | January 14, 2022 |
| Motions for Summary Judgment and *Daubert* Motions | January 24, 2022 |
| Oppositions to Motions for Summary Judgment and *Daubert* Motions | February 25, 2022 |
| Replies in Support of Motions for Summary Judgment and *Daubert* Motions | March 11, 2022 |
| All Trial Materials Due | March 24, 2022 |
| Final Pretrial Conference | April 4, 2022 |
| Trial | April 25, 2022 |

### B. Update on Status of Settlement Among Stipulating Parties (Docs. 518-19, 562, 564, 570, 586, 616, 624, 647, 658, 661, 670)

On January 26, 2021, the Court stayed the proceedings as to the Stipulating Defendants.[1]

---

[1]    The Stipulating Defendants are distributors McKesson Corporation, AmerisourceBergen Drug Corporation and Cardinal Health, Inc.; and manufacturer Johnson & Johnson, its subsidiary Janssen Pharmaceuticals Inc. f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. and its former affiliate Noramco, Inc. (with Plaintiff The People of the State of California, acting by and through San Francisco City Attorney David Chiu ("Plaintiff"), the "Stipulating Parties").

1    The Stipulating Parties will submit a further update to the Court on January 7, 2022.

2  Doc. 670.

3    **C.    Discovery Orders Issued Since Prior Conference (Docs. 725, 762)**

4    The Court issued two discovery order following the last hearing.  One imposed deadlines for

5  a number of productions and meet and confers.  Doc. 725.  The second granted Walgreens a one-

6  week extension to respond to the expert reports of Drs. Elizabeth Park and Craig McCann.

7  Doc. 762.

8    **D.    Discovery Motions**

9    There are two fully briefed discovery disputes before the Court: (1) Walgreens' Motion to

10  Quash Plaintiff's Depositions of two former Walgreens pharmacists and an Undisclosed Number of

11  Future Additional Deponents (Doc. 763); and (2) Walgreens' Challenges to Plaintiff's Improper

12  Privilege Claims (Doc. 766).

13    **E.    Allergan Defendants' Motion for Leave to File First Amended Answer
              to Plaintiff's First Amended Complaint**
14

15    On October 25, 2021, the Allergan Defendants filed a motion for leave to file First Amended

16  Answer to Plaintiff's First Amended Complaint.  Doc. 702.  Plaintiff opposed the motion on

17  November 8, 2021.  Doc. 744.  Allergan replied on November 15, 2021.  Doc. 765.  Hearing is set

18  before Judge Breyer on December 2, 2021.

19  **II.    PLAINTIFF'S STATEMENT**

20    **A.    Plaintiff's Document Production**

21    The sole remaining plaintiff in this action is the "the People of the State of California," acting

22  by and through San Francisco City Attorney David Chiu.  The direct claims brought by the City and

23  County of San Francisco either were dismissed or have been stayed due to bankruptcy or settlement.

24  *See, e.g., City & Cnty. of S.F. v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 696 (N.D. Cal. 2020)

25  (dismissing claims).  Notwithstanding this fact, Plaintiff has produced more than four million pages

26  of documents in this action producing records from more than 50 custodians.  In addition, Plaintiff

27  has produced massive databases of public health and other information reaching back to the 1990s,

28  and has expanded its own production of custodians beyond what it initially agreed to produce.

1   Endo has said "temporal scope" of Plaintiff's production is less than it should be.  Endo has

2   stated that it relates to a changeover of email systems at the City and County of San Francisco that

3   began in 2011 and was completed in the relevant departments in 2014.  Plaintiff conferred with

4   Endo's new counsel on November 12, 2021 regarding the issues and the parties are set to meet again

5   on November 18 to follow up on the information Endo seeks about the changeover.

6   **B.    Privilege Issues**

7   The only remaining issue that touches upon any claim of privilege by Plaintiff is Walgreens's

8   motion seeking *in camera* review of 12 documents based on California Code of Evidence §1157.

9   **C.    Defendants' Depositions**

10   **1.    Plaintiff Objects to the Depositions of High-Ranking Officials
          and Certain Topics of the Requested 30(b)(6) Testimony**

11

12   Based on the Court's guidance, defendants have agreed to not pursue taking the depositions

13   of "apex" witnesses Dr. Grant Colfax (the Director of the Department of Public Health since January

14   2019); Sheriff Paul Miyamoto (Sheriff since January 2020); and Supervisor Matt Haney (assumed

15   office January 2019) pending the outcome of negotiations and motions on 30(b)(6) depositions.

16   Plaintiff and counsel for Endo were negotiating the resolution of a potential 30(b)(6)

17   deposition of the People of the State of California but Endo dropped out of the negotiations and

18   instead served Plaintiff with a joint discovery dispute letter that is currently pending.  With regard to

19   just about every fact sought, Plaintiff has already disclosed experts in this action and served their

20   reports, or made detailed responses to interrogatories.

21   Plaintiff is still meeting and conferring with the Allergan/Actavis defendants with regard to

22   30(b)(6) notices served on the Office of the Mayor, the Board of Supervisors, the Office of the

23   District Attorney and the San Francisco Controller's office.  Plaintiff has informed those defendants

24   that it objects to much, if not all, of the testimony sought.  Finally, Plaintiff is also meeting and

25   conferring with Walgreens regarding 30(b)(6) notices served on various entities regarding the City

26   and County's pharmacy operations.

27

28

**D.      Plaintiff's Responses to Defendants' Interrogatories**

On November 1, 2021, the parties engaged in a meet and confer during which Plaintiff agreed to supplement its responses to Interrogatory Nos. 17-18, and agreed to consider supplementing its responses to Interrogatory Nos. 26-27, 31, 33-37, and 41; Plaintiff agreed to do so within ten days.  On November 8, defendants served a dispute letter regarding the aforementioned Interrogatories.  On November 11, as agreed to by the parties, Plaintiff supplemented its Objections and Responses to Non-Stayed Manufacturer Defendants' Second and Third Set of Interrogatories, specifically for Interrogatory Nos. 17-18, 26-27, 31, 33-37, and 41.   Plaintiff believes that defendants' dispute letter is now moot.  If defendants find deficiencies with Plaintiff's supplemental responses, Plaintiff requests that defendants specifically identify them.  Once defendants have done so, Plaintiff is willing to meet and confer.

**E.      Ongoing Discussions Regarding Document Authentication and Admissibility**

On October 25, 2021, the People proposed two stipulations regarding (1) the authenticity and admissibility of documents produced in this and related matters and (2) the foundation for marketing materials produced by defendants.  On November 12, 2021, Defendants provided a four-page letter of questions in response to Plaintiff's proposal but offered no alternative suggestion(s).  Agreement has not been reached and discussions between the parties continue on this topic.

**F.      Defendants' Discovery Deficiencies and Other Issues Requiring the Court's Attention**

**1.      Walgreens**

**a.      Walgreens Should Be Ordered to Schedule a Brief Inspection of the Computer System Its Pharmacists Use to Conduct and Document Due Diligence on Opioids Prescriptions**

Months ago, Plaintiff served a request to inspect the electronic system (called IC+) that Walgreens pharmacists use to conduct and record due diligence on opioid prescriptions.  For obvious reasons, the way this program works is critically important.  The Court's review of the expert opinion of Dr. Elizabeth Park confirms that.  Plaintiff therefore requested a brief window (just a few hours) to probe the system (remotely, if more convenient), to figure out precisely how the pieces fit

1   together, how easy it is to pull up a patient's prescription history, how a pharmacist locates relevant

2   third-party data, etc.

3       Walgreens has refused, claiming it has already produced documents and testimony describing

4   the system.  That is true.  Walgreens has produced screenshots of some of the system's interface and

5   offered testimony on some of the system's functionality.  But that evidence is no substitute for an

6   opportunity to spend a couple of hours inspecting the pieces and how they fit together – a right

7   provided by Fed. R. Civ. P. 34.  This is especially true given that, in other case tracks, Walgreens

8   sought to exclude expert testimony where the expert allegedly failed to account for nuances of

9   Walgreens' computer systems.  *In re Nat'l Prescription Opiate Litig.*, MDL No. 17-md-2804-DAP

10   (N.D. Ohio), Dkt. 3857-2 at 5 ("Malone apparently never attempted to ascertain what information

11   already is available to any Defendant's pharmacists through existing [computer] systems.  Nor does

12   he appear to have undertaken any effort to understand the technical specifications of any of those

13   systems in a way that would permit him to opine as to whether those systems should – or even could

14   – be altered in the ways he suggests.").

15       Finally, in the months of meeting and conferring, Walgreens has not argued that conducting

16   such an inspection would be unduly burdensome.  It would not be.  As noted above, the inspection

17   would be short, could be conducted remotely, and likely would require little to no preparation

18   because Plaintiff would simply be inspecting the system "as-is."  Plaintiff therefore asks the Court to

19   order Walgreens to schedule a brief inspection of its pharmacy software.

20                   **b.      Walgreens Is Reneging on Its Rule 30(b)(6)**
                            **Commitments**
21

22       On October 6, Plaintiff sought Rule 30(b)(6) testimony from Walgreens on ten topics.

23   Approximately two weeks ago, Walgreens committed to addressing five topics through live

24   testimony, three by stipulation, and two through written answers.  Then, on Friday night, Walgreens

25   changed course.

26       Walgreens now seeks significant limitations to the scope of the live testimony to which it

27   already agreed.  Plaintiff sent a detailed response on Monday, and simply notes at this time that if

28   Walgreens persists in its belated efforts to backtrack from its agreement, Plaintiff will be compelled

1    to seek Court intervention.  On the topics to be addressed by stipulation – namely, the consistency of

2    Walgreens' policies across the country and thus the applicability of Walgreens' MDL testimony to

3    this case – Walgreens wrote weeks ago that it "agree[d], in principle."  Plaintiff hopes this issue is

4    resolved but is concerned, based on written discovery responses Walgreens also served Friday night,

5    that Walgreens may try to renege on this agreement, too.

6              **c.      Walgreens Should Be Ordered to Produce a Limited**
                         **Number of Documents Sufficient to Conduct**
7                        **Confirmatory Review of Its TAR-Training Seed Set**

8              As discussed at the last hearing, Plaintiff recently learned of a significant dispute that calls

9    into question the propriety of Walgreens' technology assisted review (TAR) process – which is the

10   foundation of Walgreens' (anemic) ESI productions.  As Plaintiff understands it, in this case, as in

11   the rest of the litigation across the country, Walgreens engaged in a three-step ESI process.  Step 1:

12   run the agreed-upon search terms on documents collected from the agreed-upon sources.  Step 2: use

13   human reviewers to identify which documents are responsive.  Step 3: use TAR – i.e., computers –

14   to identify responsive documents similar to those the humans determined were responsive.  For Step

15   3 to work properly, Step 2 has to be done right – that is, the TAR program has to be properly trained.

16   If it is not, TAR can exclude a significant percentage of responsive documents.  That is exactly what

17   a judge concluded had happened in the Florida Attorney General's pending litigation against

18   Walgreens.  Walgreens was ordered to produce 300 documents from the "seed set" used to train its

19   TAR program that Walgreens' reviewers had marked as "unresponsive."  A review revealed that 57

20   of the 300 documents marked as unresponsive were, in fact, responsive, and many of them were

21   ***highly relevant***.  Florida argued that this significant miscoding, which was then baked into the TAR

22   algorithm, had excluded tens of thousands of relevant Walgreens documents.  The Florida judge

23   agreed, and ordered Walgreens to disregard the TAR process and produce *all* documents that hit

24   plaintiff's search terms (subject to a privilege review).

25             Plaintiff has every reason to believe that Walgreens employed a parallel process across the

26   country, including for this case.  Plaintiff should therefore be allowed to probe the responsiveness

27   designations for a random sample from the seed set used to train the TAR program in San Francisco.

28

1    The burden of such a production is virtually non-existent, and if Walgreens' properly coded its seed

2    set, it should have nothing to hide.

3              **d.**    **Walgreens Refuses to Complete Its Production of Code**

                  **of Business Conduct Questionnaire Responses, Which**

4                      **Contain Pharmacist Complaints About Interference**

                  **with Their Ability to Conduct Prescription Due**

5                      **Diligence**

6            Plaintiff identified Walgreens' Code of Business Conduct questionnaire – and the relevance

7    thereof – upon an initial review of APIS internal complaints that Walgreens, after months of

8    resistance, produced at the end of October.  The questionnaire asks pharmacists whether they are

9    aware of unethical conduct.  In response, pharmacists have identified interference with their ability

10    to conduct prescription due diligence.  Following the last status conference, the Court issued an order

11    requiring Plaintiff and Walgreens to meet and confer to discuss "Walgreens' efforts to locate

12    responses to its Code of Business Conduct questionnaire and the documents that it expects to

13    produce."  Doc. 725 at 2.

14            At the parties' November 4 videoconference, Walgreens committed to producing responses

15    to the questionnaire for all years available with one troubling limitation: ***California only***.  This

16    limitation is inappropriate because, as the MDL court recognized in a similar context, "[w]hen any

17    Pharmacy Defendant issues a national policy, it should expect feedback from its pharmacies."

18    Doc. 626-9 (*In re Nat'l Prescription Opiate Litig.*, MDL No. 17-md-2804-DAP (N.D. Ohio),

19    Doc. 3689) at 3.  "It does not matter which pharmacy the feedback comes from. The feedback is

20    necessarily national in scope because it implicates the effectiveness of the national policy . . . an

21    issue that is the very heart of this litigation."  *Id.*  In a similar context, this Court rejected Walgreens'

22    persistent plea to limit the geographic scope of its complaint productions, responding, "Nationwide.

23    Nationwide.  I already said it's relevant nationwide."  Transcript of Proceedings by Zoom Webinar

24    dated Oct. 19, 2021 at 34:18-19.

25            When Plaintiff raised concerns about the geographic scope, Walgreens' counsel responded as

26    follows: "We are not talking about nationwide, which means we are done with our meet and confer."

27    Since the videoconference, Walgreens has not answered any of Plaintiff's questions, despite multiple

28    follow-up emails.  Nor has Walgreens confirmed that its limited production of California

1    questionnaire responses is complete.  Respectfully, the time has come for Walgreens to come clean

2    about pharmacist whistleblowers.  Consistent with the Court's prior ruling regarding internal

3    complaints, Walgreens should be ordered to produce Code of Business Conduct (or equivalent)

4    questionnaire responses nationwide.

5           Additionally, it has come to Plaintiff's attention that at least one respondent to the Code of

6    Business Conduct questionnaire filed a lawsuit alleging the pharmacist was terminated for refusing

7    to fill controlled substance prescriptions.  Walgreens settled the lawsuit.  Information about these

8    lawsuits and settlements is undoubtedly responsive to Plaintiff's pending discovery requests.

9    Plaintiff has therefore requested that Walgreens produce a log of similar demand letters, filed

10   complaints, and settlements, which the company surely maintains.

11          **2.      Endo/Par**

12          **a.      Endo's Continuing Productions**

13          Since the last Joint Status Conference, Endo/Par has produced nearly 18,000 additional

14   documents from multiple sources, including a November 9, 2021, production of 12,751 Par

15   compliance documents, consisting mainly of licensing and registration records.[2]

16          Furthermore, on Friday, November 12, 2021, Endo's counsel advised Plaintiff during a video

17   conference that the following productions are ***still forthcoming***: (1) up to 10,000 additional Par

18   licensing documents to be produced by November 24; (2) up to 2,500 additional hard copy

19   documents from custodial files expected to be produced November 16; (3) approximately 20,000

20   documents that do not hit on National/MDL search terms but previously tagged relevant or

21   responsive at some point are being reviewed, and responsive, non-privileged documents will be

22   produced by the end of November.  This is in addition to volumes of documents in Endo's online

23   "repository" of MDL documents that "hit" on agreed search terms but were not produced because

24   Endo deemed them "non-responsive."

25

26   _____

27   [2]   This compliance production is in addition to the more than 23,000 compliance documents (nearly
     12,000 of which were hard copy) Endo produced in October.  Plaintiff is evaluating how these
     productions, both of which should have been completed years ago in the MDL, may impact their
28   previously served expert reports.

### b.      Privilege Logs

Since the last Joint Status Conference, Endo has produced thousands of privilege log entries, including approximately 1,300 additional privilege log entries late last week.  Plaintiff is still awaiting privilege logs the majority of productions mentioned above.

### c.      Letter Brief Regarding Endo's Supplemental Interrogatory Responses and Rule 30(b)(6) Testimony

Endo's responses and supplemental responses to Plaintiff's Interrogatories, Set One and Set Two, seeking information regarding representations and publications disseminated in the San Francisco Bay Area, remain deficient despite extensive meet and confer efforts since April.  The deficiencies include: (1) failure to identify materials Endo employees and agents distributed to health care professionals; (2) failure to identify documents and data reflecting journal abstracts, posters, presentations, and articles relating to opioids that Endo sponsored in connection with Schedule II opioid medications; (3) missing Call and Materials Dropped Data Files; and (4) information disseminated on various websites Endo used to promote opioids.

Endo served its final responses and supplemental responses on Friday evening, November 12, 2021.  On Tuesday, November 16, 2021, Plaintiff provided Endo with its draft letter brief seeking additional responses and a deposition pursuant to Rule 30(b)(6) to fill persistent and unresolved gaps in Endo's responses.  Plaintiff is awaiting Endo's response, including whether Endo is willing to provide further response and now agree to the requested deposition, and the parties will promptly file a joint letter brief on the outstanding issues.

### 3.      Allergan/Teva/Actavis

On October 29, Plaintiff requested 30(b)(6) deposition testimony from the Teva/Actavis Defendants.  Plaintiff and Teva/Actavis Defendants met and conferred on Wednesday, November 10, 2021, Plaintiff narrowed its proposal by offering to remove two topics and allowing for written answers to others, should Teva agree.  The parties met and conferred a second time on Monday, November 15, 2021 and Teva agreed to consider the proposal, but would not commit to providing a response until after a week's time.

1     Also on October 29, Plaintiff requested the depositions of four former Teva employees.  Teva

2     offered dates outside the discovery period, and these depositions are now scheduled through

3     December 16, 2021.

4     Plaintiff has requested the depositions of three former sales representatives pertinent to

5     Allergan.  These depositions are also now scheduled outside the discovery period through December

6     9, 2021.

7     **G.     Other issues**

8     Below, Defendants discuss the three Rule 30(b)(6) depositions they seek regarding Plaintiff's

9     pharmacy operations, which include a total of 39 noticed topics.  Plaintiff agreed to produce a

10    witness for San Francisco General Hospital's outpatient pharmacy.  The parties are also in agreement

11    as to the vast majority of the noticed topics for that deposition, and Plaintiff expects those

12    negotiations will have concluded by the time of the hearing.  As to the other two facilities (the jail

13    and a skilled nursing facility), the parties are still negotiating, but Plaintiff notes that the burden of

14    preparing the testimony far outweighs any conceivable relevance.  Outpatient dispensing of

15    prescription opioids from those facilities is very limited (*i.e.*, at release from custody or discharge)

16    and in no way comparable to the operations of a retail pharmacy.

17    Walgreens also complains about document productions from Dr. Claire Horton, one of

18    Plaintiff's many document custodians, who is a San Francisco Department of Public Health

19    employee on leave from a joint appointment at UCSF.  Dr. Horton had indicated that responsive

20    documents might be found on her UCSF computer, in addition to sources in Plaintiff's control (*e.g.*,

21    her SF DPH email account).  Plaintiff encouraged UCSF to collect and produce these documents—

22    which are outside of Plaintiff's custody and control—and UCSF agreed to do so.  Plaintiff

23    understands that that production is complete.  On November 15, Walgreens requested that UCSF

24    also search Dr. Horton's UCSF email account.

25    Finally, the parties appear to have a minor disagreement about the scope of the Court's order

26    on deposition limits.  That dispute, however, is unlikely to materialize in any meaningful way

27    because, even under the most conservative view, Plaintiff is under the deposition limit and will

28    exceed the hour limit by only a few hours, if at all.  *See* Transcript of Proceedings by Zoom Webinar

1    dated Jan. 28, 2021 at 27:15-18 (The Court: "[I]f in the end it turns out you really need another
2    deposition and the other side won't give you that even though you've hit your limit, you come back
3    to the Court and if you need it, you'll get it.").

4    **III.    DEFENDANTS' STATEMENT**

5            **Status of Party Discovery**

6            **A.    Defendants' Discovery Requests**

7                    <u>**Newly Added Custodians**</u>

8            As Defendants have previously explained, Plaintiff identified two critical, additional
9    custodians well after the substantial completion deadline.  Since then, Defendants received belated,
10   facially-inadequate document productions.

11          On August 27, 2021, Plaintiff identified Kathleen Chung, an Opioid Safety Subject Matter
12   Expert with San Francisco's Department of Public Health, in the People's Fourth Supplemental
13   Responses and Objections to Distributor Defendants' First Set of Interrogatories. And on August 30,
14   2021, Plaintiff produced SF-Opioids_VOL00047, stating that it included 258 "documents from the
15   custodial production of Dr. Claire Horton[3] and Dr. Kathleen Chung." This was the first time Plaintiff
16   disclosed Drs. Horton[4] and Chung as custodians.

17          On October 14, Plaintiff indicated it would agree to Dr. Horton's deposition being two weeks
18   after Defendants receive her custodial production from UCSF. Defendants accepted Plaintiff's offer
19   and agreed to take Dr. Horton's deposition two weeks after receiving her final custodial production.

20          On November 5, UCSF produced a PDF of "the requested Horton documents."[5]  Defendants
21   followed up with several questions, as the production included only one PDF (itself just 331 pages
22   long) and included zero emails, for example.  Defendants asked these clarifying questions three
23   separate times, and on November 16, UCSF's counsel wrote back, refusing to run search terms over
24   Dr. Horton's email. On November 8, Plaintiff's counsel wrote to Defendants, "[t]he place not within

---

25   [3] Plaintiff refused to add Dr. Horton as a custodian in February.  This is an especially important point
26   given the ongoing delay in the production of Dr. Horton's UCSF custodial files, discussed below.

27   [4] Dr. Horton is San Francisco Department of Public Health's Chief Medical Officer.

28   [5] The production included inadvertent errors, and UCSF reproduced it on November 8.

1 | Plaintiff's control that Dr. Horton identified as potentially containing responsive documents was
2 | limited to her UCSF computer files, not UCSF email—and that is what Plaintiff conveyed to
3 | UCSF." UCSF's counsel also informed Defendants that Dr. Horton conducted a self-search.
4 | Defendants respectfully request that this Court order Plaintiff to facilitate a further production that
5 | includes Dr. Horton's UCSF emails, as Plaintiff's instructions and Dr. Horton's self-search were
6 | insufficient.

### 1.    <u>Upcoming Depositions and 30(b)(6) Testimony</u>

8 |     Defendants requested the depositions of Dr. Grant Colfax, Sheriff Paul Miyamoto and
9 | Supervisor Matt Haney. Following the Court's order at the October 19 discovery conference for
10 | Plaintiff to meet-and-confer regarding 30(b)(6) depositions, the parties discussed this issue.
11 | Walgreens has since offered to accept 30(b)(6) testimony in lieu of depositions of Sheriff Miyamoto
12 | and Dr. Colfax. Endo likewise offered to accept 30(b)(6) testimony in lieu of testimony from
13 | Supervisor Haney. The Parties further met and conferred on October 25 concerning the topics and
14 | scope of Defendants other 30(b)(6) testimony, and whether any information can be provided in
15 | sworn statements in lieu of depositions. Allergan is willing to accept sworn statements for certain
16 | topics, and limit the scope of others, which they shared with Plaintiff on November 1. They and
17 | other Defendants met and conferred with Plaintiff on November 2, and Plaintiff has not yet provided
18 | its position on these proposals.

19 |     Defendants also served 30(b)(6) notices on the three pharmacies Plaintiff operates
20 | (Zuckerberg, Laguna Honda, and the Jail). As a result of a subsequent meet and confer, Defendants
21 | cut seven topics in each notice. Plaintiff offered to put up a witness for Zuckerberg on just two of
22 | the remaining 13 topics and, with caveats, agreed to answer the others in writing, but did not agree to
23 | provide any witness at all for Laguna Honda or the Jail pharmacy. Defendants subsequently offered
24 | to accept just four topics for oral testimony from Laguna Honda and the Jail, as well as the six topics
25 | requested from Zuckerberg. Defendants offered to accept written answers for the remaining topics.
26 | Defendants believe their notices are entirely appropriate because they go to Plaintiff's own pharmacy
27 | operations—to the extent Plaintiff intends to put Walgreens' pharmacy practices at issue, its own

practices are relevant—and Defendants respectfully request that this Court order Plaintiff to produce 30(b)(6) witnesses from all three of its pharmacies on a mutually agreeable date.

### 2.  Notice of Rule 30(b)(6) Deposition to the People of the State of California

Defendants noticed a Rule 30(b)(6) deposition of the only plaintiff in this case, the People of the State of California. In meeting and conferring regarding the notice, the People stated that they would not provide any live testimony on any of the noticed topics. Defendants therefore submitted a three-page dispute letter seeking to compel testimony on centrally relevant topics. Plaintiff has not yet provided its response. As discussed in the dispute letter, the People's claim that their expert reports and interrogatory responses contain information responsive to some of the deposition topics is largely untrue and would not immunize the People from complying with the deposition notice in any event.

### 3.  Deficiencies in Plaintiff's Current Production

Regarding the temporal deficiencies in Plaintiff's document productions and the ongoing meet and confer discussions related to Plaintiff's migration of email from various platforms (e.g., Lotus Notes and MS Exchange) to Office 365, the parties met and conferred on Friday, November 12, 2021.  Counsel for Plaintiff indicated that they would consult with their client regarding the questions discussed during this session.  The parties have another meet and confer scheduled for Thursday, November 18, 2021.

### 4.  The Manufacturer Defendants' Interrogatories

The parties met and conferred on November 1, 2021, regarding numerous deficiencies in Plaintiff's responses to Manufacturer Defendants' Second and Third Sets of Interrogatories. Plaintiff agreed to supplement two responses (Interrogatory Nos. 17 and 18) but refused to commit to supplement any others (including Interrogatory Nos. 26, 27, 31, 33, 34, 35, 37, and 41). In the responses they refused to agree to supplement, the People failed to provide basic discoverable information, such as: what specific acts each Defendant allegedly committed to violate the FAL and UCL (Nos. 26 & 27); when the People first became aware of the facts giving rise to their causes of

action (No. 33); and the first communication by each Defendant that allegedly contributed to the public nuisance or was misleading (Nos. 34 & 35). Plaintiff's refusal to provide such fundamental information prejudices Defendants' ability to prepare this case for trial. On November 9, 2021, Manufacturer Defendants therefore served its three-page dispute letter to compel further responses to Interrogatory Nos. 26, 27, 31, 33, 34, 35, 37, and 41.

On November 11, 2021, Plaintiff served supplemental responses, including to those they would not commit to supplement: Interrogatory Nos. 26, 27, 31, 33, 34, 35, 37, and 41. The next day, Plaintiff also informed Manufacturer Defendants that it believes the dispute letter is now "moot," and Plaintiff failed to provide any substantive response. Unfortunately, Plaintiff's supplemental responses resolve none of the deficiencies identified in Manufacturer Defendants' dispute letter. Troublingly, the supplemental responses do not even appear to have been designed to resolve those deficiencies. Multiple of the supplemental responses are simply non-responsive. Manufacturer Defendants are concerned that Plaintiff's supplemental responses were designed in large part to delay resolution of Manufacturer Defendants' dispute letter. Such delay will continue to prejudice Defendants. Defendants have demanded that Plaintiff make itself available to meet and confer on these issues immediately including to discuss an accelerated briefing schedule. Defendants requests that the Court adopt an accelerated briefing schedule so that the parties to resolve the dispute about these interrogatory responses promptly.

On November 12, 2021, Plaintiff served responses and objections to Manufacturer Defendants' Fourth Set of Interrogatories. Manufacturer Defendants wrote Plaintiff on November 15, 2021, to identify numerous deficiencies in those responses and objections and asking Plaintiff to meet and confer promptly.

1    **B.      Plaintiff's Discovery Requests**

2          Defendants have produced millions of documents in the MDL, which are deemed produced

3    in this case, and major additional productions specific to this case.

4          **Walgreens** has complied with all the Court's instructions and requests at the last conference.

5    On October 20, Walgreens provided Plaintiff a list of all predicate categories of incident reports. The

6    same day, Plaintiff provided a list of all predicate categories for which it wanted summaries of

7    incident reports produced on a nationwide basis. Within 5 business days, on October 27, Walgreens

8    produced the summary spreadsheet to Plaintiff.   Walgreens reserved all rights related to the

9    production and anticipates the need to claw back PHI and any privileged information included in the

10   spreadsheet, as the Court permitted at the October 19 status conference.

11         Plaintiff subsequently asked Walgreens to produce the full APIS files, as well as any related

12   Salesforce documents, from four separate tranches of incidents.  Walgreens received Plaintiff's last

13   request on Friday, November 12, and is working to produce those documents quickly.  It has

14   produced all available APIS and Salesforce documents for Plaintiff's first three tranches of requests.

15         On November 3, 2021, Walgreens proposed dates for its 30(b)(6) witness and the deposition

16   of Joe Ferry.  The 30(b)(6) date is confirmed, and the parties are working to find a date for Mr.

17   Ferry's deposition convenient to other Plaintiffs who are also seeking his testimony.

18         On November 5, Walgreens produced the remaining education and training materials, along

19   with a log of who attended those trainings.  On November 5, Walgreens also explained in writing the

20   process that it took to search for potentially responsive documents.  Plaintiff has not made any

21   follow up requests.

22         On November 9, Walgreens completed the production of its Storewalk materials.

23         Plaintiff now makes four new complaints about Walgreens.  Each is meritless.

24   **1.      Plaintiff's Request for Inspection**

25         On May 21, Plaintiff served a request to inspect Walgreens' electronic dispensing system.

26   The parties met and conferred.  In early August, Walgreens identified testimony and documents,

27   providing specific bates numbers, that provided what Plaintiff purported to seek—precisely how the

28   system's pieces fit together, how pharmacists pull a patient's prescription history, etc.  On October

29, Plaintiff renewed its demand, citing "arguments Walgreens made at the CT3 trial." Walgreens asked for page/line citations to what Plaintiff was talking about in order to evaluate its request. Plaintiff refused to provide them. Walgreens explained that even though Plaintiff ignored Walgreens' questions and revived a dormant issue at the end of discovery, it would consider Plaintiff's request.

### 2. Plaintiff's Accusation that Walgreens Is Reneging on Its Rule 30(b)(6) Commitments

Plaintiff alleges Walgreens "is reneging" on its Rule 30(b)(6) commitments. That is simply untrue. Walgreens committed to provide a witness on five topics, and Walgreens stands by that commitment. Walgreens also asked Plaintiff to (i) provide clarification Plaintiff committed to provide (but had not yet provided) on one topic, and (ii) confirm that Plaintiff was interpreting other topics in a reasonable way so that Walgreens can reasonably prepare a witness. Plaintiff's response confirmed that Plaintiff does not plan to interpret the requests in a reasonable way at all. Instead, Plaintiff has made clear that it will insist on a scope that bears no relation to this case or to testimony that any natural person could provide. If Plaintiff does not agree to a reasonable scope, Walgreens will move for a protective order in advance of the deposition.

### 3. Walgreens' TAR-Training Seed Set

Walgreens set forth its position on TAR in the last status conference. Plaintiff did not follow up with Walgreens after that status conference with any further requests. Instead now, after the close of fact discovery, Plaintiff requests to see sample non-responsive documents, likely with the goal of re-opening Walgreens' production.

This request is meritless. Walgreens has been transparent about its use of TAR since the beginning of the MDL, several years ago. As Walgreens confirmed, while no review is perfect, our use of TAR ensures that Plaintiff receives more relevant documents, with fewer false positives, than an average manual review. Plaintiffs also had the full opportunity to explore Walgreens' document collection in a 30(b)(6) deposition taken at the very beginning of the MDL.

Walgreens has also been transparent about its responsiveness standards throughout the MDL. We have search term hit counts and provided sample non-responsive documents to Special Master

1    Cohen for in camera review.  All of those issues have been resolved, and Special Master Cohen
2    largely agreed with our positions.

3         In the course of the Florida litigation, Walgreens also had to produce non-responsive
4    documents for in camera review.  The documents at issue primarily comprised daily news reports
5    and weekly government relations reports.  The Judge in the Florida litigation disagreed with certain
6    of Walgreens' responsiveness calls – not our use of the TAR process – as it related to these and
7    similar documents.

8         Walgreens does not agree that the conclusion of the Florida court was correct.  Nevertheless,
9    the production of documents subject to that order is nearly complete.  Walgreens ensured that all
10   documents produced in Florida (including those shipped on hard drives) were re-produced via DR 22
11   and accessible to San Francisco Plaintiff.  The Florida AG briefing regarding Walgreens' production
12   was public in August.  This issue is resolved.  There is no justification now, after the close of fact
13   discovery, to re-open this issue.  If Plaintiff seeks that dramatic relief, we request they serve a three
14   pager so Walgreens can ensure they fully understand the issue and we can also confirm whether
15   Plaintiff is willing to provide the same sample non-responsive set for its own document production.

16        **4.    Walgreens' Code of Business Conduct Questionnaire**
17             **Responses**

18        Plaintiff has been aware of Walgreens' Code of Business Conduct Questionnaires since
19   Sherry Malusa's deposition, which occurred in March 2021.  Plaintiff belatedly demanded the
20   production of these documents.  On November 4, in accordance with this Court's order, Plaintiff and
21   Walgreens met and conferred by video conference to discuss Walgreens' efforts to locate responses
22   to its Code of Business Conduct questionnaire and the documents that it expects to produce.
23   Walgreens not only complied with the Court order to meet and confer, but also expedited production
24   of these documents for California and produced those to Plaintiff November 9.  Walgreens has
25   satisfied its obligations, produced these documents, and now after the close of fact discovery,
26   Plaintiff demands more and more.  Respectfully, Plaintiff's nationwide fishing expeditions, and its
27   demands for nationwide search and production of these documents, are unreasonable.

28

On the morning of November 16, just before the second exchange of status report drafts, Plaintiff informed Walgreens it became aware of a lawsuit against Walgreens from one respondent to the Code of Business Conduct questionnaire.  Walgreens responded, asking for the name of the pharmacist in question and the documents Plaintiff relied on for that assertion, and Walgreens will look into this brand new request.

The **Endo** and **Par** Defendants have been working diligently to expedite completion of privilege logs. During the week of November 1, 2021, Endo produced three privilege logs, as well as certain documents it determined should be produced in full or in part. Due to a vendor error, one Endo log inadvertently excluded approximately 1,170 documents. Endo produced a log reflecting these documents on November 12, 2021, well as certain additional documents it determined should be produced in full or in part . Also on November 12, 2021, Endo made a small supplemental production of documents and supplemented its responses to certain of Plaintiff's interrogatories.[6]

On November 2, 2021, Plaintiff served a Notice of Rule 30(b)(6) Deposition ("Notice") on Endo, seeking testimony on 16 broad topics, including the "identity, including by Bates number" of "all" documents in certain categories. Many of the topics are cumulative and duplicative of prior company witness testimony given by Endo in other opioid cases (transcripts of which were produced to Plaintiff), as well as information in Endo's responses to Plaintiff's interrogatories. Likewise, the overbroad scope of the noticed topics is not proportional to the needs of this case. Endo objected to the Notice in its entirety on these and other grounds. The parties continue to meet and confer regarding this Notice.

On November 11, 2021, Endo and Par advised Plaintiff during a meet and confer that they recently determined that certain categories of documents in their document review databases should be reviewed for potential production into the MDL. Endo and Par expect to make productions of

---

[6] On November 12, Endo produced into the MDL approximately 2,600 documents that were determined to be responsive following a re-review to resolve coding conflicts; approximately 140 of these hit on search terms agreed upon in this action. Additionally, on November 15, Endo produced several updated spreadsheets reflecting (1) supplemental information regarding SAP HCP spending data already produced, as well as certain additional rows of spending data and (2) supplemental information regarding HCP invoice data already produced, as well as additional invoice data relating to payment data already produced.

1  responsive documents on a rolling basis over the next few weeks, to be completed by November 30,

2  2021. Endo and Par will promptly notify Plaintiff if they determine that any further supplementation

3  of productions is necessary.[7]

4        Finally, as previously reported, Endo and Par established document repositories where opioid

5  plaintiffs can view non-privileged documents from matter-specific custodians that hit on National

6  Search Terms that were reviewed in the MDL or state or federal civil litigations, but were not

7  produced because they were coded non-responsive. These repositories were made available to

8  plaintiffs on November 4, 2021.

9      **C.**    **Plaintiff's Request for Admissibility and Authentication Stipulations**

10        During the meet-and-confer on this topic, Plaintiff made a very broad proposal that seemed to

11  ask Defendants to stipulate to a huge universe of documents as both authentic and admissible as

12  business records. Plaintiff provided a revised proposal in writing on October 29, 2021. To better

13  understand and consider Plaintiff's proposal, which remains very broad, Defendants wrote back on

14  November 12, 2021, with a series of questions. Defendants remain willing to continue to meet and

15  confer on this topic, but Defendants continue to believe that any such discussion will be more

16  focused and productive once the parties identify exhibits for trial.

17      **D.**    **Status of Other Third-Party Discovery**

18        Following up on the production of CURES data from the California Department of Justice

19  ("CA DOJ"), DOJ recently identified Plaintiff's prescribers in the CURES data. Walgreens

20  submitted a manageable list to DOJ, containing a few dozen additional non-plaintiff prescribers. In

21  accordance with the governing statute, Walgreens personally served these prescribers and informed

22  them that it intends to re-identify them by name, asking that the prescribers provide any objections

23  by November 22. Walgreens also asked that DOJ prepare to produce the data for any providers who

24  do not object on November 23. DOJ has not responded. These notices include a small number of

25  Plaintiff's prescribers, who Plaintiff itself identified in its interrogatory responses as having been

26  investigated for patient deaths related to prescription opioids. Nevertheless, Plaintiff objected to

27
28

---

[7] Endo's and Par's productions in other opioid matters will continue after the close of fact discovery in this case.

1    Walgreens' notices of its prescribers, and demanded that Walgreens withdraw its notice. Walgreens'

2    request is entirely appropriate and the information is critical to Walgreens' defense in this case.

3    DATED:  November 16 2021             Respectfully submitted,

4                                       ROBBINS GELLER RUDMAN
                                        & DOWD LLP

5                                       AELISH M. BAIG
                                      TAEVA C. SHEFLER

6                                       HADIYA K. DESHMUKH

7

8                                        *s/ Aelish M. Baig*

9                                       AELISH M. BAIG

10                                       Post Montgomery Center
                                      One Montgomery Street, Suite 1800

11                                       San Francisco, CA  94104
                                      Telephone:  415/288-4545

12                                       415/288-4534 (fax)
                                      aelishb@rgrdlaw.com

13                                       tshefler@rgrdlaw.com
                                      hdeshmukh@rgrdlaw.com

14                                       DAVID CHIU
                                      City Attorney

15                                       YVONNE R. MERE
                                      SARA J. EISENBERG

16                                       OWEN J. CLEMENTS
                                      JAIME M. HULING DELAYE

17                                       Deputy City Attorneys
                                      Fox Plaza

18                                       1390 Market Street, Sixth Floor
                                      San Francisco, CA  94102

19                                       Telephone:  415/554-3957
                                      jaime.hulingdelaye@sfcityatty.org

20

21                                       ROBBINS GELLER RUDMAN
                                      & DOWD LLP

22                                       PAUL J. GELLER
                                      MARK J. DEARMAN

23                                       DOROTHY P. ANTULLIS
                                      NICOLLE B. BRITO

24                                       120 East Palmetto Park Road, Suite 500
                                      Boca Raton, FL  33432

25                                       Telephone:  561/750-3000
                                      561/750-3364 (fax)

26                                       pgeller@rgrdlaw.com
                                      mdearman@rgrdlaw.com

27                                       dantullis@rgrdlaw.com
                                      nbrito@rgrdlaw.com

28

1

2    ROBBINS GELLER RUDMAN
       & DOWD LLP
3    X. JAY ALVAREZ
     THOMAS E. EGLER
4    655 West Broadway, Suite 1900
     San Diego, CA  92101
5    Telephone:  619/231-1058
     619/231-7423 (fax)
6    jaya@rgrdlaw.com
     tome@rgrdlaw.com

7    LIEFF, CABRASER, HEIMANN
       & BERNSTEIN, LLP
8    ELIZABETH J. CABRASER
     RICHARD M. HEIMANN
9    PAULINA DO AMARAL
     KEVIN R. BUDNER
10   MICHAEL LEVIN-GESUNDHEIT
     275 Battery Street, 29th Floor
11   San Francisco, CA  94111-3339
     Telephone:  415/956-1000
12   415/956-1008 (fax)
     ecabraser@lchb.com
13   rheimann@lchb.com
     pdoamaral@lchb.com
14   kbudner@lchb.com
     mlevin@lchb.com
15

16   RENNE PUBLIC LAW GROUP
     LOUISE RENNE
17   350 Sansome Street, Suite 300
     San Francisco, CA 94104
18   Telephone:  415/848-7240
     415/848-7230 (fax)
19   lrenne@publiclawgroup.com

20   ANDRUS ANDERSON LLP
     JENNIE LEE ANDERSON
21   AUDREY SIEGEL
     155 Montgomery Street, Suite 900
22   San Francisco, CA  94104
     Telephone:  415/986-1400
23   415/986-1474 (fax)
     jennie@andrusanderson.com
24   audrey.siegel@andrusanderson.com

25   SANFORD HEISLER SHARP, LLP
     KEVIN SHARP
26   611 Commerce Street, Suite 3100
     Nashville, TN  37203
27   Telephone:  615/434-7000
     615/434-7020 (fax)
28   ksharp@sanfordheisler.com

SANFORD HEISLER SHARP, LLP
EDWARD CHAPIN
655 West Broadway, Suite 1700
San Diego, CA  92101
Telephone:  619/577-4253
619/577-4250 (fax)
echapin2@sanfordheisler.com

CASEY GERRY SCHENK FRANCAVILLA
   BLATT & PENFIELD LLP
DAVID S. CASEY, JR.
GAYLE M. BLATT
ALYSSA WILLIAMS
110 Laurel Street
San Diego, CA  92101-1486
Telephone:  619/238-1811
619/544-9232 (fax)
dcasey@cglaw.com
gmb@cglaw.com
awilliams@cglaw.com

WEITZ & LUXENBERG P.C.
ELLEN RELKIN
700 Broadway
New York, NY  10003
Telephone:  212/558-5500
212/344-5461 (fax)
erelkin@weitzlux.com

WEITZ & LUXENBERG P.C.
MELINDA DAVIS NOKES
1880 Century Park East
Los Angeles, CA  90067
Telephone:  310/247-0921
310/786-9927 (fax)
mnokes@weitzlux.com

WEITZ & LUXENBERG P.C.
PAUL F. NOVAK
TIFFANY R. ELLIS
3011 W. Grand Blvd, 24th Floor
Detroit, MI  48202
Telephone:  313/800-4170
646/293-7960 (fax)
pnovak@weitzlux.com
tellis@weitzlux.com

*Attorneys for Plaintiff The People of the State of
California, acting by and through San Francisco
City Attorney David Chiu*

1

2

DATED: November 16, 2021

*s/ Richard Bernardo*

3

Richard Bernardo (*pro hac vice*)
SKADDEN, ARPS, SLATE,

4

  MEAGHER & FLOM LLP
One Manhattan West

5

New York, NY 10001
Telephone: (212) 735-3000

6

richard.bernardo@skadden.com

7

Amy L. Van Gelder (*pro hac vice*)
SKADDEN, ARPS, SLATE,

8

  MEAGHER & FLOM LLP
155 North Wacker Drive, Suite 2700

9

Chicago, IL 60606
Telephone: (312) 407-0903

10

amy.vangelder@skadden.com

11

Karen O. Hourigan (SBN 206957)
khourigan@redgravellp.com

12

REDGRAVE LLP
One Sansome Street, Suite 3500

13

San Francisco, CA 94104
Telephone: (415) 636-2687

14

Fax: (703) 230-9859

15

John C. Hueston (SBN 164921)
HUESTON HENNIGAN LLP

16

620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660

17

Telephone: (949) 229-8640

18

Moez M. Kaba (SBN 257456)
Padraic Foran (SBN 268278)

19

Michael K. Acquah (SBN 313955)
mkaba@hueston.com

20

pforan@hueston.com
macquah@hueston.com

21

HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400

22

Los Angeles, CA 90014
Telephone: (213) 788-4340

23

Facsimile: (888) 775-0898

24

*Attorneys for Defendants Endo*
*Pharmaceuticals Inc., Endo Health*

25

*Solutions Inc., Par Pharmaceutical, Inc.,*
*and Par Pharmaceutical Companies, Inc.*

26

27

28

Respectfully submitted,

*s/ Brent A. Hawkins*

Brent A. Hawkins (S.B. # 314266)
Zachary Hill (S.B. #275886)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
brent.hawkins@morganlewis.com
zachary.hill@morganlewis.com

Wendy West Feinstein (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
Telephone: (412) 560-7455
wendy.feinstein@morganlewis.com

*Attorneys for Defendants Cephalon, Inc.;*
*Teva Pharmaceuticals USA, Inc.; Teva*
*Pharmaceutical Industries Ltd.; Watson*
*Laboratories, Inc.; Actavis LLC, Actavis*
*Pharma, Inc., f/k/a Watson Pharma, Inc.;*
*Actavis Elizabeth LLC; Actavis Mid Atlantic*
*LLC; Warner Chilcott Company, LLC;*
*Actavis South Atlantic LLC; Actavis Totowa*
*LLC; Actavis Kadian LLC; Actavis*
*Laboratories UT, Inc., f/k/a Watson*
*Laboratories, Inc.-Salt Lake City; and Actavis*
*Laboratories FL, Inc., f/k/a Watson*
*Laboratories, Inc.-Florida.*

*\*Denotes national counsel, pro hac vice*
*forthcoming*

1

*s/ Karl Stampfl*

2  Donna Welch, P.C. (*pro hac vice*)
   Timothy W. Knapp, P.C. (*pro hac vice*)
3  Karl Stampfl (*pro hac vice*)
   KIRKLAND & ELLIS LLP
4  300 North LaSalle
   Chicago, IL  60654
5  Telephone: (312) 862-2000
   Facsimile: (312) 862-2200
6  donna.welch@kirkland.com
   tknapp@kirkland.com
7  karl.stampfl@kirkland.com

8  Zachary W. Byer (S.B. #301382)
   KIRKLAND & ELLIS LLP
9  555 South Flower Street
   Los Angeles, CA  90071
10 Telephone: (213) 680-8400
   zachary.byer@kirkland.com

11 Jennifer G. Levy, P.C. (*pro hac vice*)
12 KIRKLAND & ELLIS LLP
   1301 Pennsylvania Ave., N.W.
13 Washington, DC  20004
   Telephone: (202) 879-5000
14 Facsimile: (202) 879-5200
   jennifer.levy@kirkland.com
15
   *Attorneys for Defendants*
16 *Allergan Finance, LLC, Allergan Sales,*
   *LLC and Allergan USA, Inc. and specially*
17 *appearing defendant Allergan plc*[8]

*s/ Charles J. Stevens*

Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Kaspar Stoffelmayr (*pro hac vice*)
kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift (*pro hac vice*)
kate.swift@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL  60654
Telephone: 312.494.4400
Facsimile: 312.494.4440

Alex Harris (*pro hac vice*)
alex.harris@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO  80202
Telephone: 303.592.3100
Facsimile: 303.592.3140

*Attorneys for Defendant Walgreen Co.*

18

19

20

21

22

23

24

25

26  [8]  Defendant Allergan Finance, LLC was formerly known as Actavis, Inc., which was formerly
    known as Watson Pharmaceuticals, Inc.  Defendant Allergan plc, which was formerly known as
27  Actavis plc and is now known as Allergan Limited, does not waive but rather expressly preserves its
    objection to the Court's personal jurisdiction over it.
28

1  Alan R. Ouellette (CA Bar. No. 272745)
   FOLEY & LARDNER LLP
2  555 California Street, Suite 1700
   San Francisco, CA  94104-1520
3  Telephone: (415) 434-4484
   Facsimile: (415) 434-4507
4  aouellette@foley.com

5  James W. Matthews (*pro hac vice*)
   Ana M. Francisco (*pro hac vice*)
6  Katy E. Koski (*pro hac vice*)
   FOLEY & LARDNER LLP
7  111 Huntington Avenue
   Boston, MA  02199-7610
8  Telephone: (617) 342-4000
   Facsimile: (617) 342-4000
9  jmatthews@foley.com
   francisco@foley.com
10  kkoski@foley.com

11  *Attorneys for Defendant Anda, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: November 16, 2021                               By: *Aelish M. Baig*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 16, 2021, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

<u>*s/ Aelish M. Baig*</u>
AELISH M. BAIG

**Mailing Information for a Case 3:18-cv-07591-CRB City and County of San Francisco et al v. Purdue Pharma L.P. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joshua P Ackerman**
  joshua.ackerman@bartlitbeck.com,tamara.hoogewerf@bartlitbeck.com,tamara-hoogewerf-bbhps-9920@ecf.pacerpro.com

- **Michael K. Acquah**
  macquah@hueston.com,docketing@hueston.com,mgreen@hueston.com

- **Scott Manzoor Ahmad**
  SAhmad@winston.com

- **X. Jay Alvarez**
  JayA@rgrdlaw.com,e_file_SD@rgrdlaw.com,mwaligurski@rgrdlaw.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com,leland.belew@andrusanderson.com,miguel.perez@andrusanderson.com,evelyn.rodas@andrusanderson.com,audrey.siegel@andrusanderson.com

- **Dorothy P. Antullis**
  dantullis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Ryan Azad**
  razad@gibsondunn.com

- **Aelish Marie Baig**
  AelishB@rgrdlaw.com,panderson@rgrdlaw.com,AYates@rgrdlaw.com,e_file_sd@rgrdlaw.com,mkuwashima@rgrdlaw.com

- **Lisa Beane**
  lbeane@jonesday.com

- **Richard Todd Bernardo , Esq**
  richard.bernardo@skadden.com,doug.nolan@skadden.com,Amy.VanGelder@skadden.com,Nancy.Wuamett@skadden.com

- **Sarah Jane Bily**
  SBily@winston.com

- **Gayle M Blatt**
  gmb@cglaw.com

- **Reid M. Bolton**
  reid.bolton@bartlitbeck.com

- **Christopher Bond**
  cbond@mc2b.com,lnordgran@mc2b.com,landerson@mc2b.com

- **Steven J. Boranian**
  sboranian@reedsmith.com,drothschild@reedsmith.com

- **Nicolle B Brito**
  NBrito@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Stephen Brody**
  sbrody@omm.com,steve-brody-4796@ecf.pacerpro.com

- **Kevin R. Budner**
  kbudner@lchb.com,mwillin@lchb.com,tlim@lchb.com,rtexier@lchb.com

- **Eric John Buhr**
  ebuhr@reedsmith.com,arochlin@reedsmith.com,aswenson@reedsmith.com

- **Zachary William Byer**
  zachary.byer@kirkland.com

- **Elizabeth J. Cabraser**
  ecabraser@lchb.com

- **Elizabeth Joan Cabraser**
  ecabraser@lchb.com,jremuszka@lchb.com

- **California DOJ**
  klwurster@gmail.com

- **David S. Casey , Jr**
  dcasey@cglaw.com,nancy@cglaw.com,camille@cglaw.com,sleonard@cglaw.com,jdavis@cglaw.com

- **Mark P. Chalos**
  mchalos@lchb.com

- **Edward D. Chapin**
  echapin2@sanfordheisler.com,fsalazar@sanfordheisler.com,jalvarez@sanfordheisler.com

- **Isaac D. Chaput**
  ichaput@cov.com

- **Isaac Daniel Chaput**
  ichaput@cov.com,jhykan@cov.com,docketing@cov.com

- **Zac Ciullo**
  zac.ciullo@kirkland.com

- **Owen J. Clements**
  owen.clements@sfcityatty.org,martina.hassett@sfcityatty.org,catheryn.daly@sfcityatty.org

- **Justine Marise Daniels**
  jdaniels@omm.com,justine-daniels-2309@ecf.pacerpro.com

- **Cari K. Dawson**
  cari.dawson@alston.com,kate.smith@alston.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,dtack@rgrdlaw.com,e_file_sd@rgrdlaw.com,MDearman@ecf.courtdrive.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Sharon Desh**
  sharon.desh@bartlitbeck.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joshua David Dick**
  jdick@gibsondunn.com,tmotichka@gibsondunn.com

- **Jaime Dorenbaum**
  jdorenbaum@foley.com,hpruitt@foley.com

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Sara Jennifer Eisenberg**
  sara.eisenberg@sfcityatty.org,john.cote@sfcityatty.org,martina.hassett@sfcityatty.org,yvonne.mere@sfcityatty.org

- **Scott Austin Elder**
  scott.elder@alston.com

- **Tiffany Rose Ellis**
  tellis@weitzlux.com,pkennedy@weitzlux.com,bvanbarr@weitzlux.com,skhan@weitzlux.com,hnovak@weitzlux.com,cverville@weitzlux.com,abacking@weitzlux.com

- **Brian M. Ercole**
  brian.ercole@morganlewis.com,peggy.martinez@morganlewis.com

- **Christopher Blair Essig**
  CEssig@winston.com,ECF_SF@winston.com,christopher-essig-8034@ecf.pacerpro.com

- **Wendy West Feinstein**
  wendy.feinstein@morganlewis.com,tammy.miller@morganlewis.com,sarah.wasson@morganlewis.com,picalendaring@morganlewis.com,tamara.giulianelli@morganlewis.com

- **Rebecca C Fitzpatrick**
  rebecca.fitzpatrick@kirkland.com

- **Padraic William Foran**
  pforan@hueston.com,docketing@hueston.com,eupton@hueston.com

- **Ana Maria Francisco**
  afrancisco@foley.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,swinkles@rgrdlaw.com,swinkles@ecf.courtdrive.com,e_file_fl@rgrdlaw.com,pgeller@ecf.courtdrive.com

- **Patricia Camille Guerra**
  camille@cglaw.com

- **August P. Gugelmann**
  august@smllp.law,august@ecf.courtdrive.com

- **Jeffrey Allan Hall**
  jeff.hall@bartlit-beck.com

- **Thomas Perry Hansfield**
  thansfield@foley.com

- **Michael Harmond**
  mharmond@mc2b.com

- **Alex J. Harris**
  alex.harris@bartlitbeck.com,anne.doyle@bartlitbeck.com

- **Brent Allen Hawkins**
  brent.hawkins@morganlewis.com,julie.costello@morganlewis.com,CHCalendarDepartment@morganlewis.com

- **Lexi Joy Hazam , Esq**
  lhazam@lchb.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Gregory Heinen**
  gheinen@foley.com,greg-heinen-7499@ecf.pacerpro.com

- **Kelsey John Helland**
  khelland@gibsondunn.com,dgriffin@gibsondunn.com

- **Jenny Ann Hergenrother**
  jenny.mendelsohn@alston.com,jenny.hergenrother@alston.com

- **Dennis J. Herrera**
  cityattorney@sfcityatty.org,brittany.feitelberg@sfcityatty.org

- **Zachary Hill**
  zachary.hill@morganlewis.com,wendy.feinstein@morganlewis.com,rebecca.hillyer@morganlewis.com,evan.jacobs@morganlewis.com

- **Karen O'Brien Hourigan**
  khourigan@redgravellp.com,jpmoore@redgravellp.com,ep_internal@redgravellp.com

- **John Charles Hueston**
  jhueston@hueston.com,lhiles@hueston.com

- **Jaime Marie Huling Delaye**
  jaime.hulingdelaye@sfcityatty.org,martina.hassett@sfcityatty.org,sarah.gutierrez@sfcityatty.org,catheryn.daly@sfcityatty.org

- **James F. Hurst**
  james.hurst@kirkland.com

- **Traci Janelle Irvin**
  traci.irvin@ropesgray.com,courtalert@ropesgray.com

- **Daniel G. Jarcho**
  daniel.jarcho@alston.com

- **Sten A. Jernudd**
  sten.jernudd@bartlitbeck.com

- **Sarah Barr Johansen**
  sjohansen@reedsmith.com,AHenderson@reedsmith.com

- **Moez Mansoor Kaba**
  mkaba@hueston.com,rmassing@hueston.com,docketing@hueston.com,eupton@hueston.com

- **Howard M Kaplan**
  howard.kaplan@kirkland.com

- **Jonathan David Kelley**
  jon.kelley@kirkland.com

- **Mattison Myung-Ae Kim**
  mattisonkim@jonesday.com

- **Timothy William Knapp**
  tknapp@kirkland.com

- **Katy E Koski**
  kkoski@foley.com

- **Amy Jean Laurendeau**
  alaurendeau@omm.com,amy-laurendeau-9969@ecf.pacerpro.com,sstewart@omm.com

- **Michael F LeFevour**
  michael.lefevour@kirkland.com

- **Michael Ian Levin-Gesundheit**
  mlevin@lchb.com

- **Mark Leslie Levine**
  mark.levine@bartlit-beck.com,jodi.loper@bartlit-beck.com

- **Jennifer Gardner Levy**
  jennifer.levy@kirkland.com

- **Charles Coleman Lifland**
  clifland@omm.com,charles-lifland-4890@ecf.pacerpro.com

- **Amy Lucas**
  alucas@omm.com,amy-lucas-1835@ecf.pacerpro.com

- **Enu A Mainigi**
  emainigi@wc.com

- **Miriam Ellora Marks**
  mmarks@lchb.com

- **Kristina Matic**
  kmatic@foley.com

- **James W Matthews**
  jmatthews@foley.com

- **Shannon Elise McClure**
  smcclure@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,shannon-mcclure-1157@ecf.pacerpro.com,eselfridge@reedsmith.com

- **Kelly Kristine McNabb**
  kmcnabb@lchb.com

- **Colleen Marie McNamara**
  CMcNamara@wc.com

- **Yvonne Rosil Mere**
  yvonne.mere@sfcityatty.org,martina.hassett@sfcityatty.org

- **Emily E Michael**
  emichael@hueston.com

- **Andrew Miller**
  amiller@sanfordheisler.com

- **Jessica D. Miller**
  jessica.miller@skadden.com,brian.baggetta@skadden.com

- **Michael Clemens Minahan**
  michael.minahan@skadden.com,doug.nolan@skadden.com,dlmlclac@skadden.com,Brigitte.Travaglini@skadden.com

- **Melinda Davis Nokes**
  mnokes@weitzlux.com,lschultz@weitzlux.com,tellis@weitzlux.com,rcerci@weitzlux.com,jfarrell@weitzlux.com,dsavours@weitzlux.com

- **Paul F. Novak**
  pnovak@weitzlux.com,cgarcia@weitzlux.com,nhryczyk@weitzlux.com

- **Alan Ouellette**
  aouellette@foley.com,llanglois@foley.com,wdelvalle@foley.com,alan-ouellette-5627@ecf.pacerpro.com

- **Andreas Michael Petasis**
  apetasis@hueston.com,docketing@hueston.com,sjones@hueston.com

- **John S. Phillips**
  john.phillips@bartlitbeck.com

- **Michael P. Piggins**
  mpiggins@weitzlux.com

- **Christian James Pistilli**
  cpistilli@cov.com

- **Jacob Henry Polin**
  jpolin@lchb.com

- **Luke Samuel Porter**
  lporter@reedsmith.com,gchiu@reedsmith.com,kjkelly@reedsmith.com

- **Michael Purpura**
  mpurpura@hueston.com

- **Louise Hornbeck Renne**
  lrenne@publiclawgroup.com,kbeaton@publiclawgroup.com,RPLG-docket@publiclawgroup.com

- **Maria P. Rivera**
  mrivera@kirkland.com,rrenteria@kirkland.com

- **Dawson K. Robinson**
  dawson.robinson@bartlitbeck.com

- **Jonathan Charles Sandler**
  jsandler@bhfs.com,pherron@bhfs.com

- **Molly Ellen Selway**
  Molly.Selway@doj.ca.gov

- **Nathan E. Shafroth**
  nshafroth@cov.com,ktrempy@cov.com,echiulos@cov.com,rlu@cov.com,ncutright@cov.com,rvantassell@cov.com,docketing@cov.com,isaac-chaput-8316@ecf.pacerpro.com

- **Taeva Cantor Shefler**
  TShefler@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Audrey Claire Siegel**
  audrey.siegel@andrusanderson.com

- **Reid Smith**
  RFSmith@winston.com

- **Elizabeth Anne Sperling**
  elizabeth.sperling@alston.com,Jennifer.lathrop@alston.com

- **Karl Anton Stampfl**
  karl.stampfl@kirkland.com

- **Charles Joseph Stevens**
  cstevens@gibsondunn.com,smaruschak@gibsondunn.com

- **Michael Fraser Stoer**
  mstoer@jonesday.com,dprzywara@jonesday.com,AtlantaDocket@jonesday.com

- **Kaspar J. Stoffelmayr**
  kaspar.stoffelmayr@bartlit-beck.com

- **Sabrina Heron Strong**
  sstrong@omm.com,sabrina-strong-4823@ecf.pacerpro.com

- **Irene Sullivan**
  irene.sullivan@kirkland.com

- **Brian Charles Swanson**
  brian.swanson@bartlit-beck.com

- **Edward W. Swanson**
  ed@smllp.law,AmyMcGugian@ecf.courtdrive.com,ed@ecf.courtdrive.com,britt@ecf.courtdrive.com

- **Katherine Marquess Swift**
  kate.swift@bartlitbeck.com

- **Russell E Taylor**
  rtaylor@fbm.com,grenteria@fbm.com,calendar@fbm.com

- **Nicole R. Trama**
  Nicole.Trama@doj.ca.gov

- **Rocky C. Tsai**
  rocky.tsai@ropesgray.com,CourtAlert@RopesGray.com

- **Katherine A Vaky**
  katherine.vaky@morganlewis.com,tammy.miller@morganlewis.com,tamara.giulianelli@morganlewis.com

- **Amy Lynn Van Gelder**
  amy.vangelder@skadden.com,chdocket@skadden.com

- **Richard Allen VanDuzer**
  rvanduzer@fbm.com,jamante@fbm.com,calendar@fbm.com

- **Amy Vanni**
  avanni@mccarter.com

- **Catie Ventura**
  catie.ventura@kirkland.com

- **Neelum Jane Wadhwani**
  nwadhwani@wc.com,CardinalWVParalegals@wc.com

- **Donna Marie Welch**
  dwelch@kirkland.com

- **Graham D Welch**
  gwelch@foley.com

- **Alyssa M Williams**
  awilliams@cglaw.com

- **Sonya Diane Winner**
  swinner@cov.com,docketing@cov.com,calsbury@cov.com,RNovak@cov.com

- **Carl Brandon Wisoff**
  bwisoff@fbm.com,calendar@fbm.com,svillalobos@fbm.com

- **Keith Lee Wurster**
  keith.wurster@doj.ca.gov,klwurster@gmail.com,lindsey.cannan@doj.ca.gov

- **Douglas R. Young**
  dyoung@fbm.com,calendar@fbm.com

- **Paulina do Amaral**
  pdoamaral@lchb.com,catkins@lchb.com,fwhite@lchb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jennifer          Machlin Cecil
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111

Kaitlyn           L. Coverstone
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
```

**Paul        Laprairie**
Andrus Anderson1 LLP
155 Montgomery Street, 900
San Francisco, CA 94104