1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    CITY AND COUNTY OF SAN                Case No.  18-cv-07591-CRB (JSC)
     FRANCISCO, et al.,

8                                          **ORDER RE PRIVILEGE LOG**
              Plaintiffs,                  **DISPUTE**

9                                          Re: Dkt. No. 766
          v.

10
     PURDUE PHARMA L.P., et al.,

11            Defendants.

12

13         Plaintiff has withheld numerous documents based on § 1157, and Walgreens has

14   filed a dispute letter challenging the adequacy of these privilege log entries.  See Dkt. 766.

15   In relevant part, § 1157 states:

16         Neither the proceedings nor the records of organized committees of medical …

17         staffs in hospitals … having the responsibility of evaluation and improvement of the

18         quality of care rendered in the hospital … shall be subject to discovery.

19   Cal. Evid. Code § 1157(a); see also Mt. Diablo Hosp. Dist. v. Superior Ct., 183 Cal. App.

20   3d 30, 34 (1986).

21         Walgreens contends that Plaintiff's privilege log descriptions for these documents

22   are deficient because they do not contain enough information to establish that the withheld

23   documents are subject to § 1157.  Dkt. 766 at 1–3.  Walgreens identifies twelve example

24   entries that it claims reflect the deficiencies in Plaintiff's privilege log.  See id.  Plaintiff

25   responds that the entries contain sufficient information to establish the basis of § 1157

26   privilege.  Id. 4–6.

27         The party asserting privilege has the burden of demonstrating the basis for its

28   privilege claims.  Brown v. Superior Ct., 168 Cal. App. 3d 489, 500–01 (1985); Doe v.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Pasadena Hosp. Ass'n, Ltd., No. 218CV08710ODWMAA, 2021 WL 4557221, at *4 (C.D.

2  Cal. June 7, 2021).

3       The Court finds that Plaintiff has failed to carry its burden of providing enough

4  information to establish that the withheld documents fall within the scope of § 1157.  For

5  several entries, Plaintiff appears to rely solely on the fact that the relevant committee is

6  named "Performance Improvement" or "Quality Improvement" to substantiate its assertion

7  that the withheld document relates to evaluating or improving quality of care.  See, e.g.,

8  Dkt. 766–4 (Vol 4, Row 29; Vol 4, Row 93; Vol 5, Row 31; Vol 5, Row 42).  But the

9  name of the committee alone does not provide enough information to support an assertion

10  of privilege.  Cases—including those cited by Plaintiff—make clear that additional details

11  about the function and responsibilities of a committee are required to establish that the

12  committee's work concerns efforts to improve quality of care.  See, e.g., Santa Rosa

13  Mem'l Hosp. v. Superior Ct., 174 Cal. App. 3d 711, 717 (1985) (plaintiff asserting § 1157

14  detailed the specific functions of the committees at issue); Doe v. Pasadena Hosp. Ass'n,

15  Ltd., No. 218CV08710ODWMAA, 2021 WL 4557221, at *2 (C.D. Cal. June 7, 2021)

16  (same).

17       There are other deficiencies as well.  Some entries fail to provide enough

18  information about the withheld document to establish that it is protected under § 1157.

19  See, e.g., Dkt. 766–4 (e.g. Vol 4, Row 4 stating only "Performance Improvement Program

20  document"; Vol 5, Row 42 stating only "Quality Improvement Summary Document"; Vol

21  7, Row 136 stating only "Discussion of credentialing and policies and procedures").  Other

22  entries were changed during the course of preparing the joint dispute letter.  Dkt. 766 at 7;

23  see also 766–4 (Vol 5, Row 33 "Billing Practice Review" changed to "Charting Practice

24  Review").  The Court agrees with Walgreens that the changes Plaintiff made to certain

25  descriptions raises questions about the adequacy of the privilege log entries.  See Dkt. 766

26  at 7.

27       While the privilege log entries are deficient, the Court finds that in camera review

28  provides a more expeditious path forward than supplementation.  Accordingly, Plaintiff

shall email the documents set forth in Exhibit 4 to JSCsettlement@cand.uscourt.gov by close of business on **November 29, 2021.** If the Court determines that the documents were properly withheld under § 1157, the matter will be deemed resolved. If not, the Court will enter a further order regarding the process for addressing the deficiencies.

      **IT IS SO ORDERED.**

Dated: November 23, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

3