UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB (JSC)<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 829 |

Walgreens filed a motion for leave to file a motion for reconsideration of the Court's November 24, 2021 Order regarding 30(b)(6) Topic 6 (the "Order"). Dkt 829. The Court denies the motion because Walgreens has not established good cause to move for reconsideration.

Topic 6 concerns Walgreens' partnerships and agreements with opioid manufacturers and distributors to educate pharmacists or promote opioids in the Bay Area. In the first dispute letter submitted on this topic, the parties disputed whether Walgreens should be compelled to prepare a witness back to 1996. Plaintiff sought an order setting "a timeframe of 1996 to present for Topic 6" or "if Walgreens truly cannot prepare a witness to testify about this time period, it should be compelled to stipulate that it will not advance any evidence or testimony about the topic in the 1996 to 2005 time period." Dkt. 787 at 1. Based on Walgreens' representation that it "would not be reasonable or possible" to prepare a witness back to 2006, the Court limited the testimony to 2006 onward, but it also ruled that "Walgreens may not offer any evidence on this topic [] at trial or otherwise prior to 2006." Dkt. 789 at 2.

Walgreens now seeks reconsideration of the Court's ruling that it cannot introduce any pre-2006 evidence relating to Topic 6. Walgreens' primary argument in support of reconsideration is that the Court did not consider the material fact that Walgreens did not have any opportunity to

"review and respond to Plaintiff's request that Walgreens be precluded from offering any evidence on Topic 6 prior to 2006." Dkt. 829 at 2; *see also* N.D. Cal. Civ. L.R. 7-9(b) (setting forth the requirements for a motion for leave to file for reconsideration). This argument is puzzling as the discovery dispute letter process requires the parties to share their portions of the letter briefs before they are filed. Dkt. 331 at 1. Further, as the party refusing to prepare a witness for Topic 6 for time periods before 2006, Walgreens could not have reasonably believed that it could then offer testimony which it had refused to produce in discovery. Civil discovery does not work that way. Relatedly, the discovery process will not operate effectively if a party can reverse their position after receiving an unfavorable ruling.

Walgreens also raises concerns about the Order's impact on its ability to cross-examine any of Plaintiff's expert witnesses who may discuss pre-2006 documents relating to Topic 6. The limits imposed on Walgreens apply only to affirmative evidence. If Plaintiff's expert witnesses testify about pre-2006 documents relating to Topic 6, then Walgreens may use pre-2006 documents relating to Topic 6 to cross-examine or impeach those witnesses.

**IT IS SO ORDERED.**

Dated: December 14, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2