UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB  (JSC)<br><br>**ORDER RE: WALGREENS' MOTION TO IDENTIFY CERTAIN PRESCRIBERS**<br><br>Re: Dkt. No. 869 |

Now pending before the Court is a discovery dispute joint letter regarding Walgreens' request that the California Department of Justice identify certain prescribers from the already-produced CURES data. (Dkt. No. 869.) After considering the parties' submission, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion to compel as to 26 non-objecting prescribers.

## BACKGROUND

The Court previously ordered the California Department of Justice (DOJ) to respond to Walgreens' subpoena for information in the CURES databased. *City & County of San Francisco v. Purdue Pharma L.P.*, 2021 WL 1111146 (March 23, 2021). In doing so, the Court held that the identification of prescribers in the CURES database is subject to California Code of Civil Procedure § 1985.3(b) which requires the subpoenaing party to provide the prescriber with notice of the request and an opportunity to object. *Id.* at *3. The Court therefore ordered that any production of CURES data anonymize the prescriber data. The Order concluded:

> Insofar as Walgreens continues to seek identifiable prescriber information from the DOJ, the most-productive course is for Walgreens to review the de-identified data and then to identify particular prescribers (by unique ID number) if it wishes to do so. Walgreens has no interest in (nor can it persuasively argue that it

> needs) the identities of most prescribers to put on its defense. However, to the extent Walgreens identifies prescribers whose identities it believes are necessary to prove it defense, it can meet and confer with the DOJ as to whether and how the notice can be provided. If the parties remain at impasse, they shall bring the dispute to the Court's attention through a joint letter brief.

*Id.* at * 4. The DOJ thereafter produced the CURES data in anonymized form.

In October 2015, Walgreens mailed notice to certain prescribers that it was seeking to identify the prescribers in the CURES database. After receiving objections from some prescribers, and being notified by the DOJ along with the University of California, Office of the General Counsel, that the mailed notices did not comply with the statute, Walgreens personally served some unknown (to the Court) number of prescribers with notice as required by § 1985.3(b). (Dkt. no. 869-4, Ex. 4.) Some (again unknown) number of prescribers objected to their identities being revealed, but 26 did not. Walgreens now moves to compel the DOJ to identify the 26 non-objecting prescribers in the CURES data.

## DISCUSSION

The DOJ does not dispute that Walgreens has provided notice to the 26 non-objecting prescribers of its subpoena and request to identify the particular prescriber. Instead, the DOJ maintains that the notice, like the earlier October notice, does not comply with § 1985.3(b). In particular, it contends that the statute requires the notice to advise the prescriber that if the prescriber objects, it must serve a written objection on the subpoenaing party, the witness, and the deposition officer. Cal. Code Civ. Proc. §§1985.3(b), (g). Walgreens' cover letter to the prescribers only advised that the written objection needed to be served on Walgreens, and did not also state that it needed to be served on the DOJ, which is the "witness" for purposes of §§1985.3. *See* § 1985.3(a)(1) (identifying "witness' as the person/entity maintaining the personal records the subpoena seeks). Walgreens responds that its cover letter also advised the prescriber that it was attaching "California Judicial Council From SUBP-025, which explains your obligations under California law and which you may use to state your objection." (Dkt. No. 869-5 at 2.)

As a preliminary matter, it is not self-evident that the statute requires service of the objection on the subpoenaing party *and* the witness to preserve the objection. In other words, either may be sufficient provided the other relevant party is somehow provided notice of the

1  objection. In any event, as Walgreens is presently seeking to compel disclosure of prescribers
2  who did not serve an objection on Walgreens *or* the DOJ, any lack of clarity is immaterial. The
3  cover letter clearly advised the prescriber to object in writing by November 22, 2021 to
4  Walgreens' identified counsel, and further that the prescriber could use the attached Judicial
5  Council Form for the written objection. (Dkt. No. 869-5 at 2.) While the packet itself was almost
6  100 pages long, the Judicial Council Form was the first document after the cover letter (as it
7  should be). To ensure that Walgreens has properly identified only prescribers who have not
8  objected, on or before January 3, 2021, it shall provide the DOJ with a declaration from counsel
9  attesting under oath that the 26-identified prescribers did not submit objections to Walgreens.

      DOJ also notes that prescribers may have been confused because the statute—and the Judicial Council Form—state that the objection must be served "prior to the date of production." Cal Code Civ. Proc. § 1985.3(g). The return date on the subpoena was September 24, 2021—well before the notice was provided and thus may have confused a prescriber that notwithstanding being advised in the cover letter that the prescriber had until November 22, 2021 to object, the time for objection had passed.

      The Court finds that Walgreens has materially complied with the statute requiring notice before disclosure of personal information. Accordingly, its request for an order compelling DOJ to identify the 26 prescribers in connection with the already-produced CURES data is GRANTED. However, to ensure that these prescribers were not confused, although such confusion seems unlikely, Walgreens shall mail a notice to each of the 26 prescribers stating that the Court has ordered the production of some of their CURES data, and advising them to contact counsel for the California DOJ if they have any questions. Walgreens must run its notice by the DOJ before it is sent. But the sending of the notice shall not delay the DOJ's production of the information, which shall occur by January 7, 2021.

## CONCLUSION

Walgreens' motion to compel the California DOJ to identify the 26 non-objecting prescribers is GRANTED. DOJ shall provide the requested data by January 7, 2021 and Walgreens shall provide notice to the prescribers that their information has been disclosed by the

3

1   same date.  Walgreens must provide a draft of the notice to DOJ by January 4, 2021.

2       Walgreens' bare request in the background section of its letter brief asking the Court to set
3   a hearing for the objecting prescribers is DENIED.  Section 1985.3(g) requires the subpoenaing
4   party to bring a motion to enforce a subpoena when a consumer objects to disclosure of personal
5   information. Even if the California procedures do not apply in this federal court, Walgreens is
6   essentially asking for an order compelling the DOJ to comply with a subpoena notwithstanding the
7   prescribers' objections. Walgreens has not explained how the prescribers will be noticed of the
8   hearing, how the issue will be briefed, how many prescribers objected, whether the prescribers are
9   represented by counsel, and, if so, what discussions Walgreens has had with counsel about how to
10  raise the issue with the Court.

11      This Order disposes of Dkt. No. 869.

12  **IT IS SO ORDERED.**

13  Dated: December 30, 2021

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge