CHARLES J. STEVENS, SBN 106981
  cstevens@gibsondunn.com
JOSHUA D. DICK, SBN 268853
  jdick@gibsondunn.com
KELSEY J. HELLAND, SBN 298888
  khelland@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

KASPAR STOFFELMAYR (*pro hac vice*)
  kaspar.stoffelmayr@bartlitbeck.com
KATHERINE M. SWIFT (*pro hac vice*)
  kate.swift@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: 312.494.4400
Facsimile: 312.494.4440

ALEX HARRIS (*pro hac vice*)
  alex.harris@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: 303.592.3100
Facsimile: 303.592.3140

*Attorneys for Defendant WALGREEN CO.*
*(Additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PURDUE PHARMA L.P., et al.<br><br>　　　　　Defendants. | CASE NO. 3:18-CV-07591-CRB<br><br>**DEFENDANT WALGREEN CO.'S AND ANDA, INC.'s NOTICE OF MOTION AND MOTION TO STAY**<br><br>Hearing Date:　February 24, 2022<br>Time:　　　　10:00 am<br>Courtroom:　　6<br><br>Honorable Charles R. Breyer<br><br>Complaint Filed: December 18, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

**PLEASE TAKE NOTICE THAT** on February 24, 2022, at 10:00 a.m., or as soon as the matter may be heard in Courtroom 6 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, Defendants Walgreen Co. and Anda Inc. will and hereby do move the Court for an Order to Stay.

The motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all records, documents and papers on file herein, and such other arguments as may be presented at the time of the hearing on this matter.

Dated: January 10, 2022

Respectfully submitted,

By: */s/ Kaspar J. Stoffelmayr*
Kaspar J, Stoffelmayr

Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Kaspar Stoffelmayr (*pro hac vice*)
kaspar.stoffelmayr@bartlitbeck.com
Brian C. Swanson (*pro hac vice*)
brian.swanson@bartlitbeck.com
Katherine M. Swift (*pro hac vice*)
kate.swift@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: 312.494.4400
Facsimile: 312.494.4440

Alex Harris (*pro hac vice*)
alex.harris@bartlitbeck.com
Gabriel Levin (SBN 330163)
gabe.levin@barlitbeck.com
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: 303.592.3100
Facsimile: 303.592.3140

*Attorneys for Defendant WALGREEN CO.*


JAIME DORENBAUM, CA Bar No. 289555
jdorenbaum@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.984.9811
FACSIMILE:   415.434.4507

JAMES W. MATTHEWS (appearance *Pro Hac Vice*)
jmatthews@foley.com
ANA M. FRANCISCO (appearance *Pro Hac Vice*)
afrancisco@foley.com
KATY E. KOSKI (appearance *Pro Hac Vice*)
kkoski@foley.com
**FOLEY & LARDNER LLP**
111 HUNTINGTON AVENUE
BOSTON, MA 02199-7610
TELEPHONE:  617.342.4000
FACSIMILE:   617.342.4001

*Attorneys for Defendant ANDA, INC.*

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT ....................................................... 1

II. BACKGROUND ................................................................................................................... 1

III. ARGUMENT ......................................................................................................................... 3

    A. The Orange County Decision Will Likely Preclude Re-Litigation Of Major Aspects Of The Public Nuisance Claim ........................................................................ 3

    B. The Court Should Stay The Action For Judicial Economy And The Administration of Justice .............................................................................................. 5

        1. No Damage Will Result From Granting A Stay ................................................ 6

        2. Walgreens and Anda Would Suffer Hardship If Forced To Proceed ................ 6

        3. The Orderly Course Of Justice Supports Staying Proceedings ......................... 7

    C. The Court Should Stay The Action In Its Entirety ........................................................ 9

IV. CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aleisa v. Square, Inc.*,
    493 F. Supp. 3d 806 (N.D. Cal. 2020) ......................................................................................... 5

*Apple Inc. v. Samsung Elecs. Co.*,
    No. 11-CV-01846-LHK, 2016 WL 9021536 (N.D. Cal. Mar. 22, 2016) ...................................... 6

*Bradshaw v. City of L.A.*,
    2020 WL 2065007 (C.D. Cal. Mar. 23, 2020) ........................................................................ 6, 7

*Branch Banking and Tr. Co. v. 27th & S. Holding, LLC*,
    2013 WL 4592496 (D. Nev. Aug. 26, 2013) ............................................................................... 9

*Bryant v. Apotex, Inc.*,
    2013 WL 1876143 (E.D. Cal. May 3, 2013) .................................................................. 3, 5, 7, 8

*Cartmill v. Sea-World, Inc.*,
    2013 WL 12415737 (S.D. Cal. Aug. 7, 2013) ....................................................................... 9, 10

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) .................................................................................................. 6, 9

*DKN Holdings LLC v. Faerber*,
    61 Cal. 4th 813 (2015) ................................................................................................................ 3

*Gikas v. Zolin*,
    6 Cal. 4th 841 (1993) .................................................................................................................. 3

*Hawkins v. Risley*,
    984 F.2d 321 (9th Cir. 1993) ...................................................................................................... 3

*Helmer v. Transamerica Life Ins. Co.*,
    2018 WL 5784715 (N.D. Cal. Feb. 5, 2018) ............................................................................... 9

*Johnson v. Altamirano*,
    2020 WL 487301 (S.D. Cal. Jan. 30, 2020) ................................................................................ 5

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................................................................................................................... 5

*Leyva v. Certified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979) ...................................................................................................... 5

*Lisa, S.A. v. Mayorga*,
    232 F. Supp. 2d 1325 (S.D. Fla. 2002) ....................................................................................... 8

*Maxcrest Ltd. v. United States*,
    2016 WL 6599463 (N.D. Cal. Nov. 7, 2016) .............................................................................. 8

*McElrath v. Uber Techs., Inc.*,
    2017 WL 1175591 (N.D. Cal. Mar. 30, 2017) ............................................................................ 8

*Mills v. City of Covina*,
  921 F.3d 1161 (9th Cir. 2019) ............................................................................................. 3

*Nat'l Union Fire Ins. Co. of Pittsburg v. Rudolph & Sletten, Inc.*,
  2020 WL 4039370 (N.D. Cal. July 17, 2020) ..................................................................... 7

*Onyx Enterprises Int'l Corp. v. Volkswagen Grp. of Am., Inc.*,
  2021 WL 1338731 (D.N.J. Apr. 9, 2021) ............................................................................ 7

*Robledo v. Randstad US, L.P.*,
  2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) ....................................................................... 8

*State ex rel. Hunter v. Johnson & Johnson*,
  — P.3d —, 2021 WL 5191372 (Okla. Nov. 9, 2021) ......................................................... 9

*T-Mobile Ne., LLC v. Selective Ins. Co. of Am.*,
  2018 WL 3417110 (W.D. Wash. July 13, 2018) ................................................................. 9

*Vance v. Google LLC*,
  2021 WL 534363 (N.D. Cal. Feb. 12, 2021) .................................................................. 8, 9

*W. Coast, Inc. v. Snohomish County*,
  33 F. Supp. 2d 924 (W.D. Wash. 1999) ............................................................................ 10

*Wishnev v. Nw. Mut. Life Ins. Co.*,
  2016 WL 9223857 (N.D. Cal. Mar. 28, 2016) ..................................................................... 8

*Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*,
  2012 WL 6049592 (E.D. Cal. Dec. 5, 2012) ..................................................................... 10

**Statutes**

28 U.S.C. § 1738 ......................................................................................................................... 3

**Other Authorities**

California Unfair Competition Law ............................................................................................. 2

False Advertising Law ................................................................................................................. 2

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should stay all proceedings in this action pending appeal of the Orange County Superior Court's recent trial decision that rejected Plaintiff's similar claims against similar defendants. The Plaintiff—the People of the State of California—is the same in both actions. Here, the Non-Stayed Manufacturer Defendants, who are parties or in privity with parties in the Orange County action, recently filed a motion to stay this case as to them. *See* ECF 868. Much of that reasoning applies with equal force to the remaining Non-Stayed Defendants, Walgreen Co. ("Walgreens") and Anda, Inc. ("Anda"), who were not parties in Orange County. The proper and most efficient course of action is to stay all claims against all Defendants until the California Court of Appeal rules on Plaintiff's appeal.

A stay is appropriate for three related reasons. *First*, because Plaintiff brought a public nuisance claim in the Orange County action based on similar facts and legal theories as it alleges in this action, the Orange County decision, once it becomes final, will preclude the re-litigation of several issues related to Plaintiff's public nuisance claim asserted against all Defendants here—the *only* claim asserted against Walgreens. *Second*, the Court of Appeal's decision in the Orange County action will, at a minimum, provide important guidance to this Court on closely related legal and factual theories. This Court should await that guidance in the interest of judicial economy, fairness, and comity. That is particularly so, given the recent decision by the Oklahoma Supreme Court that also rejected similar public nuisance claims as a matter of law. *Third* and finally, if the Court determines that a stay is appropriate as to any Defendant, the Court should stay the case as to all Defendants, to avoid burdening the Court, the parties, and the witnesses with multiple trial proceedings. This case was designed as a bellwether to serve as a guide for the resolution of opioids cases against *all* parties. It would not serve that purpose, and instead would be an enormous waste of resources, to stay the case as to most Defendants, but continue it as to just one or two others.

## II.  BACKGROUND

This case is one of many pending nationwide attempting to impose liability on opioid manufacturers, distributors, and pharmacies for their alleged role in the "opioid crisis." Plaintiff, the People of California, filed the operative First Amended Complaint on March 13, 2020. ECF 128

("FAC"). In the FAC, Plaintiff asserts a single claim for public nuisance against Walgreens. *See* FAC ¶¶ 886-906. In addition to the public nuisance claim, Plaintiff also brings a claim under the California Unfair Competition Law ("UCL") against Anda. *See id.* ¶¶ 907-25.

On December 14, 2021, the Orange County Superior Court entered its post-trial statement of decision and judgment in a similar case brought by Plaintiff, *People of the State of California v. Purdue Pharma L.P.*, Case No. 30-2014-00725287-CU-BT-CXC (Orange Cty. Super. Ct.). *See* Ex. D to Declaration of Padraic Foran, ECF 868-5 (the "Orange County Decision"). In the Orange County action, as here, Plaintiff brought claims for public nuisance, as well as claims under the UCL and False Advertising Law ("FAL"), against many of the same defendants, based on their alleged roles in creating and contributing to the opioid epidemic in California. *Id.* at 2-3. Following a months-long bench trial on the merits, the Orange County court rejected Plaintiff's claims in full and entered judgment in favor of the defendants, finding that "the People have failed to prove an actionable public nuisance," and that "none of the identified statements . . . [were] false or misleading." Orange County Decision at 37. According to the Non-Stayed Manufacturer Defendants, Plaintiff has indicated it will appeal the Orange County Decision. *See* Non-Stayed Manufacturer Defendants' Motion to Stay, ECF 868 at 2.

On December 22, 2021, the Non-Stayed Manufacturer Defendants in this case—each of whom is a defendant or a corporate affiliate of a defendant in the Orange County action—jointly filed a motion to stay this case based on the Orange County Decision. *See id*. The Non-Stayed Manufacturer Defendants argue that a stay is appropriate because the Orange County Decision will likely be *res judicata* and preclude the re-litigation of various issues in this case, and because a stay will promote fairness and judicial economy while Plaintiff appeals the Orange County Decision. *Id.* at 3-15. These arguments largely apply with equal force to all Defendants. For these and the additional reasons set forth below, this case should also be stayed as to Walgreens and Anda—indeed, all claims against all Defendants should be stayed in light of the Orange County Decision and the appeal of that decision.

## III. ARGUMENT

The Court should stay all proceedings in this case for three reasons. First, as explained in the Non-Stayed Manufacturer Defendants' motion, issue preclusion will almost certainly apply to several aspects of Plaintiff's public nuisance claim against all Defendants, and further litigation of that claim should be stayed until the Orange County Decision becomes final and its preclusive effect becomes clear. Second, at a minimum, the Court of Appeal will soon provide important guidance on closely related legal and factual theories. Thus, a stay would promote judicial economy and state-court comity and avoid unnecessarily wasting the Court's and the parties' resources. Finally, if the Court is inclined to stay any claims against any Defendants, the Court should stay the entire case as to all Defendants, given the significant overlap in legal and factual issues across the claims.

### A. The Orange County Decision Will Likely Preclude Re-Litigation Of Major Aspects Of The Public Nuisance Claim

The Court should stay the case because the Orange County Decision, once it becomes final, will have issue-preclusive effect on several aspects of Plaintiff's public nuisance claim in this action, which is the sole claim against Walgreens. *See Bryant v. Apotex, Inc.*, 2013 WL 1876143, at *4 (E.D. Cal. May 3, 2013) (granting stay pending resolution of state-court appeal because "it would be inefficient allow the case to proceed when litigation of an underlying issue may be precluded under the doctrine of collateral estoppel").

Federal courts apply California state law to determine the preclusive effect of a California judgment. *See* 28 U.S.C. § 1738; *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993). California law "bars the relitigation of an issue in a subsequent proceeding" when: (1) the issues are identical; (2) the issue was actually decided in prior litigation; (3) the issue was necessary to the prior decision; (4) the prior decision was final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party in the prior proceeding. *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019) (quoting *Gikas v. Zolin*, 6 Cal. 4th 841, 849 (1993)). And "[u]nlike claim preclusion, issue preclusion can be invoked by one not a party to the first proceeding. The bar is asserted against a party who had a full and fair opportunity to litigate the issue in the first case but lost." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 826 (2015).

Here, several aspects of Plaintiff's nuisance claim were decided in the Orange County action and will likely qualify for issue preclusion in this litigation. These include, but are not limited to, the following:

- The findings that "[t]here are patients for whom prescription opioids are medically appropriate" and "[a] person can get addicted to opioids even if the person takes them as prescribed by their doctor," and these "facts" have "at all material times been known to the Food and Drug Administration ('FDA') [and] the California Legislature," Orange County Decision at 9;

- The conclusion that "any adverse downstream consequences flowing from *medically appropriate* prescriptions cannot constitute an actionable public nuisance" under California law, *id.* at 13;

- The findings and conclusions that "the Federal government and the California Legislature have already determined [that] the social utility of medically appropriate prescriptions outweighs the gravity of the harm inflicted by them and so is not 'unreasonable' or, therefore, enjoinable," *id.*;

- The conclusion that "mere proof of a rise in opioid prescriptions does not, without more, prove there was also a rise in medically *inappropriate* opioid prescriptions," *id.*;

- The finding and conclusion that, "[i]f every prescription was medically appropriate for that patient, the highly regrettable but foreseeable adverse downstream consequences are not unreasonable as that term is used in *ConAgra* (and the cases it cites)," *id.* at 15; and

- The finding and conclusion that "[t]he FDA approves the use of opioids in appropriate circumstances, and the California Legislature approves and promotes the use of opioids in appropriate circumstances. The Court must accordingly draw a distinction between conduct resulting in the anticipated, approved use, and conduct resulting in improper use." *Id.* at 19.

Once finalized on appeal, these determinations in the Orange County Decision, and others like them, will preclude Plaintiff (which, again, is the same Plaintiff in the Orange County action) from arguing that Anda's distribution, and Walgreens' distribution and dispensing, of medically appropriate opioid medications was unreasonable or contributed to a public nuisance under California law. Similarly,

Plaintiff will be precluded from arguing that the mere increase in volume of opioid prescriptions is evidence of an increase in medically *inappropriate* prescriptions.

The Court should stay this litigation until these determinations become final and the full scope of the preclusive effect of the Orange County action is known.  *See Bryant*, 2013 WL 1876143 at *4 ("entry of a stay pending the resolution of Plaintiff's appeal is proper," "because the issue of causation may not be re-litigated in this Court if the summary judgment is affirmed by the Fifth District Court of Appeals"); *Johnson v. Altamirano*, 2020 WL 487301, at *12 (S.D. Cal. Jan. 30, 2020) ("In light of Defendants' asserted *res judicata* defense, a stay of the action pending resolution of the state court appeal has the potential to narrow and/or clarify the remaining issues in this case.").

### B.  The Court Should Stay The Action For Judicial Economy And The Administration of Justice

The Court should also stay the action in the interest of judicial economy and the administration of justice.  *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (recognizing trial court's inherent power to stay case pending resolution of related proceedings); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Plaintiff's appeal will present the California Court of Appeal with significant questions on whether and to what extent participation in the market for medically appropriate opioid prescriptions can constitute a public nuisance under California law.  Those questions are critical to the resolution of the claims asserted here, including, for example, what types of activities relating to the manufacture, distribution, and dispensing of prescription opioids may be considered "unreasonable," and what a plaintiff must demonstrate to establish causation.  This Court should await the guidance of the California courts on these central aspects of Plaintiff's California state-law claims in this case.  *See Aleisa v. Square, Inc.*, 493 F. Supp. 3d 806, 815 (N.D. Cal. 2020).

A stay "does not require that the issues in [the other] proceeding[] are necessarily controlling of the action before the court."  *Leyva*, 593 F.2d at 863-64.  In deciding whether to grant a stay, the Court considers the "competing interests" at stake, including (1) "the possible damage which may

result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  These factors favor staying this litigation at this time.

### 1.     No Damage Will Result From Granting A Stay

Plaintiff will not be harmed by staying proceedings until the California Court of Appeal rules on the applicability of California's public nuisance law to claims related to the sale of prescription opioids, especially considering Plaintiff's complete loss in the Orange County action after a full and fair trial on the merits.

To the extent Plaintiff seeks "injunctive relief to lessen or prevent the threat of future harm," FAC ¶ 905, the Orange County decision demonstrates that such relief would be inappropriate here, and therefore Plaintiff would suffer no harm from a temporary delay in resolving its public nuisance claim.  The Orange County court explained that providing medically appropriate prescriptions was not "enjoinable" as a public nuisance, including because the California and federal governments have both determined that the social utility of such prescriptions outweighs their costs.  Orange County Decision at 13.  In light of this conclusion, the harm from any delay in resolving Plaintiff's meritless request for injunctive relief is necessarily minimal.

To the extent Plaintiff seeks *monetary* relief through its public nuisance claim, such as "costs that will be associated with future efforts" to address the opioid crisis in San Francisco, FAC ¶ 905, the possibility of a delay in that monetary recovery is no reason to deny a stay.  *CMAX*, 300 F.2d at 269 (a "delay" in the recovery of "money damages" was "not the kind of prejudice which should move a court to deny a requested postponement").  Indeed, "[i]t is settled law that mere delay in monetary recovery is an insufficient basis to deny a stay." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 9021536, at *4 (N.D. Cal. Mar. 22, 2016).

### 2.     Walgreens and Anda Would Suffer Hardship If Forced To Proceed

By contrast, Walgreens and Anda would suffer significant hardship if it were required to litigate the public nuisance claim here while Plaintiff's appeal is pending.  *See Bradshaw v. City of*

*L.A.*, 2020 WL 2065007, at *8 (C.D. Cal. Mar. 23, 2020) (granting stay pending resolution of parallel proceedings to "avoid wasteful replication of [] efforts"). Proceeding with the public nuisance claim would force Walgreens and Anda to spend resources defending against a claim that the California court likely will deem meritless—or at least will significantly limit—in Plaintiff's appeal. *See id.*

Moreover, it would be contrary to the goals of the MDL remand plan for this matter to proceed to trial *only* as to Walgreens and Anda, when this case was designed to be a bellwether for all parties in the opioid litigation. And the burden on Walgreens and Anda would be magnified by the fact that they are simultaneously litigating opioids claims in other jurisdictions. Indeed, Walgreens is already proceeding to trial this spring in two other opioids cases in addition to the San Francisco case, and both Walgreens and Anda have still more trials scheduled later in 2022. The hardship to Walgreens and Anda therefore weighs strongly in favor of staying the entire case. *See Nat'l Union Fire Ins. Co. of Pittsburg v. Rudolph & Sletten, Inc.*, 2020 WL 4039370, at *8 (N.D. Cal. July 17, 2020) (granting stay and recognizing that "[t]here is no doubt prejudice to Defendants in having to fight a 'two-front war'"); *Onyx Enterprises Int'l Corp. v. Volkswagen Grp. of Am., Inc.*, 2021 WL 1338731, at *4 (D.N.J. Apr. 9, 2021) ("[W]hen the hardship of litigation expense and time is for a case that may be unnecessary after the findings of the other proceeding, those litigation expenses establish the requisite hardship.").

### 3.   The Orderly Course Of Justice Supports Staying Proceedings

Finally, the goals of judicial economy and the administration of justice are best served by staying the entire case pending Plaintiff's appeal. *See Bryant*, 2013 WL 1876143, at *4 (explaining that the "orderly course of justice will be promoted by a stay pending the final judgment of Plaintiff's state court action"). Plaintiff brought a single claim against Walgreens, for an alleged public nuisance related to Walgreens' distribution and dispensing of legal prescription opioids. *See* FAC ¶¶ 886-906. Likewise, the claims against Anda are based on its distribution of legal prescription opioids to licensed pharmacies in the County. The California Court of Appeal will soon consider the extent to which companies' participation in the prescription opioid market can subject them to public-nuisance liability at all. The enormous overlap between Plaintiff's public nuisance claims in the Orange County action and here weighs strongly in favor of staying the entire case. It would be a

1   waste of judicial and party resources to litigate issues in this matter that will likely be conclusively

2   resolved by other proceedings. *See Bryant*, 2013 WL 1876143, at *4.

3         At a minimum, however, the Court of Appeal's decision will provide guidance to this Court

4   regarding the application of California's public nuisance law to the claims at issue here.  Among

5   other things, the Court of Appeal will necessarily consider the effect of the federal and state

6   governments' repeated determinations that opioid prescriptions can provide critically important

7   medical treatment that outweighs the risks associated with their use.  *See* Orange County Decision at

8   13.  The Court of Appeal will also consider whether the provision of medically appropriate opioids

9   can be deemed "unreasonable" under California law.  And the Court of Appeal will decide whether

10  any downstream consequences of medically appropriate opioid prescriptions can be considered a

11  contributing factor to a public nuisance.  *See id.*  Receiving the Court of Appeal's views on these

12  issues will necessarily guide the Court's own application of California law to these facts.

13        Given the obvious value of waiting for an appellate court's determination of key legal issues,

14  "[c]ourts in this district have routinely granted stays where there are overlapping issues of fact or law

15  with a case . . . on appeal." *Vance v. Google LLC*, 2021 WL 534363, at *3 (N.D. Cal. Feb. 12, 2021);

16  *see also Robledo v. Randstad US, L.P.*, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) ("This

17  factor clearly weighs in favor of granting a stay because the decision in *Morris* could be dispositive

18  of whether Plaintiffs' claims should be litigated or arbitrated."); *McElrath v. Uber Techs., Inc.*, 2017

19  WL 1175591, at *6 (N.D. Cal. Mar. 30, 2017) (granting a stay pending appeal of another case with

20  similar factual and legal issues); *accord Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325, 1327 (S.D. Fla.

21  2002) (staying case pending resolution of parallel state court proceedings which "may resolve or

22  moot issues currently before this Court").

23        The importance of waiting for the Court of Appeal's guidance is even more compelling here

24  because the question whether the manufacture, distribution, or dispensing of prescription opioids can

25  constitute a public nuisance is a question of first impression for the California appellate courts.  *See*

26  *Maxcrest Ltd. v. United States*, 2016 WL 6599463, at *2 (N.D. Cal. Nov. 7, 2016) (granting stay

27  pending appeal where the "appeal raise[d] a legal question of first impression"); *Wishnev v. Nw. Mut.*

28  *Life Ins. Co.*, 2016 WL 9223857, at *1 (N.D. Cal. Mar. 28, 2016) (same, where "the question is one

of first impression in the Ninth Circuit"). This is all the more true given the Oklahoma Supreme Court's recent decision rejecting a similar public nuisance claim as a matter of law. *See State ex rel. Hunter v. Johnson & Johnson*, — P.3d —, 2021 WL 5191372, at *1 (Okla. Nov. 9, 2021) ("Oklahoma public nuisance law does not extend to the manufacturing, marketing, and selling of prescription opioids."). It would be tremendously wasteful for this Court to move forward on this novel claim, only to have the California appellate court reach a similar conclusion.

Relatedly, a stay will reduce the possibility of inconsistent decisions and will promote comity between the federal and state judiciary. *See T-Mobile Ne., LLC v. Selective Ins. Co. of Am.*, 2018 WL 3417110, at *3 (W.D. Wash. July 13, 2018) (staying case pending resolution of parallel proceedings to avoid the risk of "inconsistent judgments"); *Branch Banking and Tr. Co. v. 27th & S. Holding, LLC*, 2013 WL 4592496, at *2 (D. Nev. Aug. 26, 2013) (staying federal case involving state-law issues pending resolution of related state-court appeals, to avoid making a "'needless decision[] of state law . . . as a matter of comity'") (citation omitted). The courts, the parties, and the public all benefit from uniform decisions on closely related issues. *See CMAX*, 300 F.2d at 269 (recognizing "the interests of uniform treatment of like suits"). "[S]ignificant efficiencies are gained" when "the Court avoids issuing inconsistent rulings and expending unnecessary judicial resources on mooted issues." *Vance*, 2021 WL 534363, at *6. Where, as here, "[a]ddressing the substance of [state-law] claims would require the Court to interpret a final judgment issued by a state court," "comity would be advanced by the stay." *Helmer v. Transamerica Life Ins. Co.*, 2018 WL 5784715, at *3 (N.D. Cal. Feb. 5, 2018).

C.   **The Court Should Stay The Action In Its Entirety**

Courts routinely stay entire multi-defendant actions based on developments pertaining to fewer than all defendants. For example, in *Cartmill v. Sea-World, Inc.*, the Southern District of California granted one defendant's motion to stay pending a state-court appeal, and then *sua sponte* stayed "the remaining causes of action as to all defendants . . . in the interests of wise judicial administration." 2013 WL 12415737, at *2 (S.D. Cal. Aug. 7, 2013). Because the claims "involve[d] the same basic facts," the Court found that "[i]t would be highly inefficient to allow claims to go forward as to some defendants, only to potentially retry them later as to other

defendants" and "it would be unjust and inefficient to allow [claims] to go forward as to the other defendants while staying the claim as to [one] defendant." *Id.* Other courts have reached the same result in a wide range of contexts. *See, e.g.*, *W. Coast, Inc. v. Snohomish County*, 33 F. Supp. 2d 924, 926 (W.D. Wash. 1999) (staying federal § 1983 claim that was "factually related" to claims pending in state court); *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, 2012 WL 6049592, at *3 (E.D. Cal. Dec. 5, 2012) (staying entire patent action pending single defendant's bankruptcy proceedings, because it "would waste judicial resources" to try "substantially similar and related" claims against different defendants at different times).

The same reasoning applies here. Plaintiff's public nuisance claim was brought against *all* Defendants, and factual and legal issues regarding the social utility of prescription opioids and Plaintiff's alleged harms from the opioid epidemic are at issue for the claims against all Defendants. It would be immensely inefficient to hold a full trial for only one or two defendants, and then do so again later for closely related claims against other defendants. *See Cartmill*, 2013 WL 12415737, at *2 (explaining that it would be "highly inefficient" to hold multiple trials for claims involving "the same basic facts"). Doing so would waste the parties', the Court's, the witnesses' and the jury's resources.

In addition, and critically, this Court has recognized that this case was remanded from the MDL for the purpose of serving as a bellwether not only to "bring some resolution to some of the cases, but as importantly, to *serve as a guide for all the other remaining litigation*." Tr. of Feb. 26, 2020 Hr'g at 8:24 to 9:1 (emphasis added). The "expectation" was to conduct "a bellwether proceeding that would be useful not only for the parties who are involved in the particular bellwether litigation but for all the parties who are involved in all aspects of the litigation." *Id.* at 8:19-23. Proceeding to trial against just one or two Defendants and excluding an entire class of Defendants (*i.e.*, the manufacturer defendants) would frustrate the purpose of the bellwether remand from the MDL court. In that event, this would no longer be a "bellwether proceeding," and it would provide little or no guidance for the other parties in the broader litigation. The MDL court implicitly recognized this as an issue at the close of Track 1 of the MDL, when all defendants except Walgreens settled the night before opening statements in the Track 1 trial. Rather than proceed with a trial

against Walgreens alone, Judge Polster severed Walgreens from the case and moved the claims against it to a separate track with other defendants. *See* Stipulated Dismissal Order, MDL 2804, ECF 2868 (Oct. 21, 2019).

Accordingly, if the Court is inclined to stay the action against *any* Defendant—either by granting the Non-Stayed Manufacturer Defendants' motion to stay, or by granting this motion—it should stay the entire action against all Defendants.

## IV.   CONCLUSION

For all of these reasons, the Court should stay the entire action against all Defendants pending the resolution of Plaintiff's appeal of the Orange County decision.

Dated: January 10, 2022            Respectfully submitted,

By:  */s/ Kaspar J. Stoffelmayr*
       Kaspar J. Stoffelmayr

Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

Kaspar Stoffelmayr (*pro hac vice*)
kaspar.stoffelmayr@bartlitbeck.com
Brian C. Swanson (*pro hac vice*)
brian.swanson@bartlitbeck.com
Katherine M. Swift (*pro hac vice*)
kate.swift@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone:  312.494.4400
Facsimile:  312.494.4440

Alex Harris (*pro hac vice*)
alex.harris@bartlitbeck.com
Gabriel Levin (SBN 330163)
gabe.levin@barlitbeck.com
BARTLIT BECK LLP

1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: 303.592.3100
Facsimile: 303.592.3140

*Attorneys for Defendant WALGREEN CO.*

JAIME DORENBAUM, CA Bar No. 289555
jdorenbaum@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.984.9811
FACSIMILE:   415.434.4507

JAMES W. MATTHEWS (appearance *Pro Hac Vice*)
jmatthews@foley.com
ANA M. FRANCISCO (appearance *Pro Hac Vice*)
afrancisco@foley.com
KATY E. KOSKI (appearance *Pro Hac Vice*)
kkoski@foley.com
**FOLEY & LARDNER LLP**
111 HUNTINGTON AVENUE
BOSTON, MA 02199-7610
TELEPHONE:  617.342.4000
FACSIMILE:   617.342.4001

*Attorneys for Defendant ANDA, INC.*

# ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: January 10, 2022    By: _/s/ Kaspar J. Stoffelmayr_
　　　　　　　　　　　　　　　　　Kaspar J. Stoffelmayr