UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB (JSC)<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 989 |

Now pending before the Court is Defendants' discovery dispute letter seeking to quash Plaintiff's subpoena of reidentified prescription data for two of Endo/Par's expert witnesses. *See* Dkt. 989. After considering the parties' submission, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7–1(b), and DENIES the motion to quash.

**I.      Plaintiff's Subpoena**

Plaintiff's subpoena seeks the physician re-identified prescription data from the Controlled Substance Utilization Review and Evaluation System ("CURES") for Drs. Singh and Tucker, both of whom have been disclosed as expert witnesses for Endo/Par. The CURES data would provide insights on Drs. Singh and Tucker's opioid prescribing practices, including frequency of opioid prescriptions, types of opioid prescriptions, and prescription doses. *See* Dkt. 989 at 4. Plaintiff argues that this information is relevant because both Drs. Singh and Tucker draw on their experience prescribing opioids as part of the basis for their expert opinions and data on their prescribing practices is relevant for assessing their credibility. *Id.* at 4–5. Defendants move to quash the subpoena on the grounds that it is untimely, seeks irrelevant information, and creates the risk of invading patient privacy. *Id.* 1–3.

### A. Timeliness

Endo/Par argues that Plaintiff's subpoena is untimely because it was served after the November 12, 2021 close of fact discovery. *See* Dkt. 989 at 1. The argument fails because Defendants did not disclose Drs. Singh and Tucker as expert witnesses until December 2, 2021. Following the disclosure of Drs. Singh and Tucker as expert witnesses, Plaintiff unsuccessfully attempted to obtain their CURES data by negotiating an agreement with Defendants. The Court then invited Plaintiff to file a subpoena to obtain the CURES data. *See* Transcript of 12/20/21 Discovery Hearing (dkt. 860) at 27:08–33:08. Shortly thereafter, Plaintiff served the subpoena at issue here. Given these circumstances, Plaintiff has diligently pursued the CURES data at issue and its subpoena is not untimely.

### B. Relevance

Plaintiff argues that Drs. Singh and Tucker put their prescribing history at issue because both base their opinions in part on their prescribing practices. Dkt. 989 at 4–5. To support this argument, Plaintiff identifies relevant sections of each expert's report. *See id.* For instance:

- Dr. Singh's Report: "In my clinical practice and experience, I regularly treat patients who have benefited from long-term opioid medication therapy without significant side-effects. I have had patients who remain on a stable clinical regimen of opioid medication long-term, and who continue to benefit from decreased pain and improved quality of life." Ex. 4 (dkt. 989–4) at 14.

- Dr. Tucker's Report: "I have regularly treated patients in my private practice for [chronic non-cancer pain] who required opioid treatment, and those without a history of addiction generally have not developed [opioid use disorder] during treatment." Ex. 5 (dkt. 989–5) at 6.

Plaintiff argues that CURES data is relevant to test opinions like these because it (i) "shows how physicians' prescribing decisions changed over time," (ii) "will also show whether these physicians prescribed opioids to patients who simultaneously sought duplicate therapy from other physicians (an indication of drug abuse)," and (iii) "will also show [] how long their patients remained on opioids, whether their doses increased over time, and whether they transitioned to

buprenorphine, an opioid medication commonly used to treat [opioid use disorder]." Dkt. 989 at 4.

In response, Endo/Par argues that the CURES data is not relevant because it is "impossible" to draw any conclusions about Drs. Singh and Tucker's prescribing practices "without the accompanying patient data, which all parties agree must remain anonymous." Dkt. 989 at 2, 7. The argument fails to persuade. Plaintiff has demonstrated that the CURES data might be used to question the credibility of Drs. Singh and Tucker's opinions. While Plaintiff will not have patient specific data, the CURES data in the aggregate could "support or undermine" the expert's opinions about the efficacy of opioids. For example, both Drs. Singh and Tucker base their opinions in part on their stated practice of "regularly" treating patients who benefit from opioid medications, and the data that Plaintiff seeks could be used to assess the credibility of statements like these.

### C. Privacy

Endo/Par argues that the subpoena should be quashed because it "increases the risk that the individual patients will be identifiable" and that "risk is not justified where the People have failed to show that the reidentified data is necessary or relevant to their case." Dkt. 989 at 3.

Endo/Par fails to substantiate its privacy concerns. Plaintiff has demonstrated that the CURES data that it seeks is relevant, and Endo/Par fails to explain how production of the prescriber data creates a meaningful risk that patient data will be identified.

This Order disposes of Docket No. 989.

**IT IS SO ORDERED.**

Dated: January 27, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge