UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB   (JSC)<br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL WALGREENS TO PRODUCE AGREEMENTS WITH MANUFACTURERS/DISTRIBUTORS**<br><br>Re: Dkt. No. 1038 |

Now pending before the Court is a joint discovery dispute letter from Plaintiff and Walgreens. Plaintiff seeks certain relief related to Walgreens' belated production of agreements between Walgreens and opioid manufacturers or distributors. (Dkt. No. 1038.) Oral argument is not required.

**DISCUSSION**

In May 2020, Plaintiff served Walgreens with a document request seeking "communications or agreements with opioid manufacturers or distributors related to the marketing, sale, promotion, adherence programs, training, or supply of Opioids . . . ." (Dkt. No. 1038-1 at 9-10.) Plaintiff asserts that Walgreens responded that the "request was duplicative of requests served in the MDL because it was already producing responsive documents in the MDL." (Dkt. No. 1038 at 2.) Not exactly. Walgreens responded with a litany of objections, one of which was that the request was "duplicative of discovery taken in the MDL." (Dkt. No. 1038-1 at 10.) The response then went on, however, to state that "[s]ubject to and without waiving its Objections, Walgreens directs Plaintiffs to its Amended Responses to MDL Track One Plaintiffs' First Set of Requests for Production Nos. 1, 10, 11 and Walgreens Second Amended Responses to MDL Track One Plaintiffs' First Set of Interrogatories No. 14." (*Id.*)

The responses to Requests for Production Nos. 1, 10, 11 state as follows:

> **Response to Request No. 1**: to the extent they can be located after a reasonable search, Walgreens will produce its agreements with named Defendants to procure or distribute Opioids to Walgreens' pharmacies in Cuyahoga and Summit Counties that were in effect going back to January 1, 2006.
>
> **Response to Request No. 10**: Walgreens has produced documents related to its education and prevention programs related to Opioid abuse, including but not limited to its Good Faith Dispensing Policy, its Target Drug Good Faith Dispensing Policy, its campaign #ItEndsWithUs to educate teens about Opioid abuse, its program to distribute the Opioid antidote Naloxone without a prescription at select Walgreens pharmacies across the United States, and its safe medication disposal program, which provides safe medication disposal kiosks at Walgreens stores nationwide.
>
> **Response to Request No. 11**: Walgreens will meet and confer with counsel for Plaintiffs to agree upon the applicable scope of production of non-privileged documents.

Dkt. No. 1038-2 at 8, 13, 14.) None of these Responses states that Walgreens is producing "communications or agreements with opioid manufacturers or distributors related to the marketing, sale, promotion, adherence programs, training, or supply of Opioids" other than agreements related to the procurement or distribution of Opioids anywhere other than Cuyahoga and Summit Counties. The Court does not know Walgreens' response to Interrogatory No. 14 because the parties did not include it in the record before the Court. Thus, Walgreens' response to Plaintiff was, in effect, that it was refusing to search for such documents.

Plaintiff does not explain why, in light of Walgreens' inadequate response, it did not move to compel further responses to Request No. 5 before the deadline for bringing such motions. Instead, Plaintiff contends that it served another request in September 2021 "seeking manufacturer and distributor materials." (Dkt. No. 1038 at 2.) But that request, whatever it was, is not in the record.

As Plaintiff has not shown good cause for failing to move to compel production of Walgreens' agreements with manufacturers or distributors prior to the deadline for such motions, its request that Walgreens be ordered to search for such documents is DENIED. However, for whatever reason, Walgreens apparently produced some such agreements on January 27, 2022.

2

Accordingly, Plaintiff's experts Lembke and Perri may supplement their expert reports to give an opinion/refer to these late-produced materials only (that is, they may not opine or mention any earlier-produced documents). Such supplemental reports, if any, must be provided to Walgreens by **March 1, 2022**.

Walgreens has stipulated that the documents produced are authentic business records such that Plaintiff's request on that score is moot. Note that the stipulation is not limited to Walgreens' characterization of the documents as "related clinical and educational materials." Instead, the stipulation is that the documents Walgreens produced on January 27, 2022 are authentic business records, however characterized.

Plaintiff's other requested relief is denied.

This Order disposes of Docket No. 1038.

**IT IS SO ORDERED.**

Dated: February 14, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge