UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-cv-07591-CRB (JSC)<br><br>**ORDER RE: WALGREENS' MOTION FOR RE-IDENTIFICATION OF OBJECTING PRESCRIBERS**<br><br>Re: Dkt. No. 1032<br><br>**PUBLIC REDACTED VERSION** |

Now pending before the Court is Walgreens' motion to compel non-party California Department of Justice (DOJ) to reproduce certain CURES data with 16 prescribers identified, subject to an attorneys' eyes only protective order. (Dkt. No. 1032.) The Court ordered Walgreens to give notice of its motion and the hearing date to the objecting prescribers. Two of the prescribers filed an opposition to Walgreens' motion in addition to their written objections. (Dkt. No. 1065.) The Court held oral argument on February 28, 2022. At the hearing the parties explained that following further discussions, only the data for five prescribers remained at issue and two of those five withdrew their objections to production of their data.

The Court finds that Walgreens has shown that its need for the de-identified data of the non-UCSF physician identified in Plaintiff's Expert Report of Lacey Keller ¶ 77 outweighs the privacy interest of the physician given that the physician is discussed by name in the report.

The Court further finds for the reasons stated on the record that Walgreens has not met its burden on the current record of showing that its need for the identification of the CURES data of the two objecting UCSF physicians outweighs the physicians' privacy interests.

Accordingly, the Court GRANTS Walgreens' motion with respect to **REDACTED** and University of California, San Francisco ("UCSF") physicians **REDACTED**, the latter two doctors

having voluntarily withdrawn their objections prior to the February 28, 2022 hearing. The Court DENIES WITHOUT PREJUDICE Walgreens' motion with respect to UCSF physicians, Doctors **REDACTED**, because Walgreens withdrew its request for their re-identified CURES data prior to the Court's February 28, 2022 hearing.

The Court ORDERS the California DOJ to re-identify Doctors **REDACTED** in the CURES data previously produced by the California DOJ in this matter. This production is designated as "Highly Confidential – Attorneys' Eyes Only" and Walgreens is to take no steps to re-identify any of the de-identified patient data or the remaining de-identified prescriber data in the CURES data. The California DOJ shall produce the re-identified data within 14 days.

**IT IS SO ORDERED.**

Dated: March 1, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge