# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.<br><br>Defendants. | Civil Case No.: 3:18-CV-07591-CRB<br><br>**JOINT STATEMENT FOR APRIL 4, 2022 PRETRIAL CONFERENCE** |

Pursuant to Dkt. 1189, the parties submit this statement regarding various pretrial issues.

## I.   SUPPLEMENTARY WITNESS DISCLOSURES

The parties agree to file updated witness lists by 12 PM PT on April 8, 2022. The witness lists will state each witness's name, whether the witness is a "will call" or a "may call" witness, whether the witness will be called live or by deposition designation, and a short statement of the witness's proposed testimony. The parties reserve the right to challenge cumulative proposed testimony, as appropriate.

## II.   DEADLINE FOR WRITTEN DIRECT TESTIMONY AND OBJECTIONS

Declarations shall be served by 7pm at least **6** business days before the witness is scheduled to appear. Objections are due by 7pm 2 business days after receipt of the declaration. Thereafter, the Parties will meet and confer regarding objections by 7pm 2 business days after service of the objections. <u>By noon</u> 2 business days before the witness is scheduled to testify, the Parties will file the declaration with the Court along with a chart of outstanding objections.

The parties are continuing to discuss when opposing parties will disclose time estimates for cross-examination and whether, and if so, when, the opposing party will disclose its intent to seek to *voir dire* a witness.

## III.   THIRD-PARTY ADVERSE WITNESSES

In its March 24 Order, the Court ruled that direct testimony for fact and expert witnesses testifying live will be presented through declaration. *See* Dkt. 1189 at 2. Both parties respectfully request that this requirement not apply to third-party and adverse witnesses as these witnesses may not be willing to provide declarations. The parties disagree about whether these witnesses should be allowed to testify by declaration if they are willing to do so. The parties are continuing to discuss who constitutes a third-party witness and will discuss with the Court at the pretrial conference.

## IV.   FIVE-PAGE SUMMARIES

A.   <u>Plaintiff's Statement</u>: In its March 24, 2022 Order, the Court established that all live fact and expert direct testimony would be presented through declaration. As part of that order, the Court provided the option that "[b]efore cross-examination, each [live] witness may take no

more than 30 minutes to offer a summary of their written direct testimony." Dkt. 1189. On March 28, 2022, the Court added the requirement that "all direct testimony submitted via written declaration <u>shall</u> include a summary of the testimony not to exceed five pages." Dkt. 1201 (emphasis added). Plaintiff's understand both of these mechanisms to be designed to assist the Court and to support a more streamlined trial as articulated in these orders.

Defendants argue that the requirement of the 5 page written summary for each declaration *supplants* the 30 minute oral summary. Plaintiff disagrees. On its face the Court's order establishes an additional requirement, which expands the existing protocol and does not replace it. But more importantly, Defendants' approach would remove an important mechanism the Court created: 1) for the witnesses to summarize their opinions and the Parties' core case before cross examination, 2) for the Court to hear the witnesses' version of their opinions, with the advantage of viewing the witnesses' inflection and demeanor; and 3) for the witnesses to visually explain the important charts and graphs they rely upon (and give the Court an opportunity to ask questions about them).

As an alternative position to excising the oral summaries entirely, Defendants propose that the time for the oral summaries be reduced to 15 minutes and/or be counted against the parties' total time. This approach also seems to run counter to the Court's purpose in ordering the oral summaries to begin with. Plaintiff understands that, in creating hour limits that are lower than the number of hours used in previous case tracks, the Court has instructed the parties to boil down their cases and then articulate them succinctly to the Court. Plaintiff does not understand this approach to be designed to prevent the Parties from fully articulating their case, and to that end Plaintiff is working hard to do as the Court instructs despite the significant challenge this presents. The Court's decision not to count those oral summaries against the Parties' time fits within that rubric, and is designed, again, to force the parties to synthesize their core case and the witnesses' opinions that support them, without preventing them from having minimally sufficient time to present their cases. Plaintiff is working toward that goal. Counting the summaries against trial time runs counter to this approach.

B.    <u>Defendants' Statement</u>:  On March 28, 2022, the Court ordered "that all direct

testimony submitted via written declaration shall include a summary of the testimony not to exceed five pages," which "will not count against each side's 150,000 word limit and will not be admitted into evidence." Dkt. 1201. Defendants read the Court's March 28 order as modifying its March 24, 2022 order providing that, "[b]efore cross-examination, each witness may take no more than 30 minutes to offer a summary of their written direct testimony," and "[t]ime taken for witnesses to offer their summaries will not be counted against either side's trial time." Dkt. 1189. Specifically, Defendants read the Court's March 28 order to mean that there will be no in-person direct testimony for fact and expert witnesses that the parties bring to trial (with the exception for adverse and third-party witnesses, as discussed in Section III above).

The Court should reject the People's request that the Court permit written witness declarations, a five-page summary, *and* up to 30 minutes of live, in-person, direct testimony at trial. The People's proposal will unnecessarily prolong trial and bears the risk of redundant, cumulative testimony that will not assist the Court in its role as the factfinder. There is simply no reason why any party would need to summarize its witnesses' testimony through both written and oral means.

If the Court is inclined to adopt the People's proposal, Defendants request that the Court cap the time allowed for oral summaries of testimony provided via declaration at 15 minutes. In addition, Defendants request that the Court charge the time used under the 15-minute cap to the proponent of the testimony.

## V.    EXCHANGE OF DEPOSITION DESIGNATIONS

The Parties agree to exchange designated testimony in accordance with the existing stipulation and order. Dkt. 1048 at 8-10. In the interest of efficiency or necessity to accommodate the Court, a party may serve affirmative designations in advance of the deadline set forth in the protocol. When this occurs the number of days between rounds shall remain the same. The parties will work together in good faith regarding scheduling issues to keep the trial moving with minimal disruption.

## VI.   TIMEKEEPER PROTOCOL

The parties jointly submit the attached Timekeeper Protocol for the Court's

1  consideration. The parties disagree only with respect to whether any live, oral summary of a
2  witness's submitted declaration should be allotted to the parties. Competing proposals are in the
3  Timekeeper Protocol for the Court's convenience as Exhibit B, and the parties offer brief
4  argument on their positions below.

5        A.     <u>Plaintiff's Statement</u>:  The People refer the Court to its argument in Section IV.

6  B.     <u>Defendants' Statement</u>: The proposed Timekeeping Protocol attached also offers
7  competing proposals for whether a witness's live, oral summary should count against the
8  parties' time. For the reasons set forth in Section IV above, Defendants respectfully request that
9  if a witness is permitted to provide such live, oral summary, such time should count against the
10 offering party's time.

11 **VII.    LIVESTREAM PROTOCOL**

12       The Parties believe that reasonable access to a livestream video of the trial proceedings
13 will help them to streamline their trial presentation, especially given the complexity of this trial
14 and the number of attorneys and witnesses expected to participate. To that end, the Parties have
15 met multiple times with the Court's IT director, Mr. Rico, to better understand the technological
16 options available and to address concerns that the Court has raised regarding a livestream
17 protocol. Following those discussions, the Parties propose that the Court allow the remote live
18 transmission of the trial proceedings via the Court's Zoom. To reduce the strain on Court
19 personnel and resources, the Parties propose that the livestream take the form of a Zoom
20 "Webinar," which will be accessible to those given an access link and will not require the Zoom
21 host to admit attendees manually. Providing access to a finite list of individuals who have been
22 working in this MDL for years but live all over the country will enhance the quality of trial
23 presentations. Many counsel with specialized knowledge of different parts of the case, whom the
24 parties' counsel have relied on to prepare this case as quickly as we did, have ongoing opioid
25 trials (to say nothing of small children, particular concerns about travel risks associated with
26 Covid-19, etc.). They will be in San Francisco for portions of the trial but may not be positioned
27 to make presentations if they are not able to monitor select portions of trial as closely as
28 possible. Parties will be prohibited from sharing or disseminating the access link except to

designated non-witness party representatives, their counsel, immediate support staff, and disclosed expert witnesses who are permitted to attend trial ("Permitted Attendees"). The Zoom Webinar livestream will be a one-way transmission that does not allow attendees to speak or appear on the record.

If the Court is not inclined to adopt this first proposal, the Parties alternatively propose that the Court permit the Parties to retain a vendor—such as Courtroom Connect—to deliver a livestream of the trial proceedings to pre-authorized attendees. To ensure the security of such a livestream, the Parties will submit the names for those whom they wish to have access, each attendee will have a unique password, and attendees will be closely monitored by the vendor. Parties will be prohibited from sharing or disseminating login credentials. Only Permitted Attendees may be added to the list of pre-authorized attendees. All livestream attendees will have their cameras turned off and microphone muted and may not speak or appear on the record. Courtroom Connect successfully provided a similar "closed circuit" video stream in another federal opioid case—in the Northern District of Ohio—with minimal if any interruption to Court proceedings. For more information on Courtroom Connect, please see the attached declaration at Exhibit A.

If the Court finds neither of these options acceptable, the Parties propose that access to the broadcast be permitted to a few, geographically limited spaces for each Party Group in line with the Court's proposal at the March 24 hearing. The Parties ask for guidance from the Court as to how many viewing stations will be permitted.

**VIII.   FINDINGS OF FACT AND CONCLUSIONS OF LAW (FOFCOL) SUBMISSIONS**

A.   <u>Plaintiff's Statement</u>:  Plaintiff proposes that the FOFCOL updates be provided every two weeks as the Court has instructed, but with a one-week lag time to ensure the Parties have an opportunity to properly synthesize the testimony and to reduce the need for significant redlines from one week to the next.  Under this approach, the first FOFCOL update would be due on **May 6** and would cover the first week of testimony only.  Subsequently FOFCOL updates would follow every two weeks, eg on May 20, and June 3, as the Court has instructed, and would cover the testimony ending the week prior.

1     If the Court elects instead to require FOFCOL updates be submitted the same week the testimony is offered, instead of allowing a one-week lag, Plaintiff requests that updates not be due the Monday following the testimony, instead of the next day.

B.  **Defendants' Statement**: Defendants propose that the mid-trial FOFCOL due dates fall on Fridays at 5 pm, as directed in the Court's March 24 Order, specifically May 6, May 20, June 3, etc. Plaintiff's proposal to change the submissions to Mondays conflict with trial days and several federal holidays. Defendants are willing to agree to Plaintiff's request that each submission only account for the record through the week *prior* to submission (or in the case of a Monday deadline, cutting off at *two* prior Fridays), but respectfully request the Court treat the mid-trial FOFCOLs as "drafts," allowing the parties to make good faith amendments, additions, or removals to any previously proposed findings and conclusions in later submissions.

## IX.  ORDER OF WITNESSES

The Parties request some clarification regarding the order of witnesses. During the March 23, 2022 pretrial conference, the Court, on the one hand, instructed the Parties to engage their advocacy skills to present a streamlined, cohesive story to the Court as the sole finder of fact, in order "to effectively present the[ir] core case." Tr at 15:1-2. The Court however also noted that:

> unlike a trial in which one side presents all their evidence and they rest and the other side presents their evidence, we're going to have a plaintiff go first and then a defendant go, responding to the plaintiff's expert. And it's going to be this back-and-forth procedure so that the Court can really concentrate on the issues that are raised by the testimony of the individual who is testifying.

Tr. at 12:22-25-13:1-5.

While the Parties appreciate the Court's efforts to proceed neatly from one topic to the next by hearing the testimony on both sides on a given point, because several of the Parties' experts cover a number of topics and because there are often several opposing experts covering those topics, the Parties anticipate that this approach would not have the desired effect and would, instead, disrupt the Parties' ability to present the tightly articulated case the Court has requested. This is so, because, to the extent that any party's expert responds to more than one of

another's experts, that expert would need to testify multiple times, after each of the experts to whom his or her testimony responds.

Beyond the problem with piecemeal testimony, the Parties have difficulty anticipating how the direct by declaration process would work with these alternating witnesses. If a party provides a declaration on one day, the opposing parties would immediately need to anticipate which witnesses would be responsive and provide declarations for those witnesses, possibly the next day.

Because the approach of alternating plaintiff and defense witnesses would make presenting the concise core case the Court has requested more difficult for both sides and be disruptive to the direct by declaration process, the Parties request that they be entitled to present their witnesses in the order they see fit to best assist the trier of fact.

## X.   EXPERT *VOIR DIRE*

The Parties propose that they be permitted to attach an expert's CV to their declaration rather than provide an in depth recitation of the expert's educational and employment background in the declaration and that the Court enter a finding on the record regarding the expert's qualification to testify as an expert after defense counsel has had an opportunity to voir dire the witness.

   A.   <u>Plaintiff's Statement</u>: The People propose that any voir dire occur after the oral summary.

   B.   <u>Defendants' Statement</u>:

Defendants seek the Court's guidance regarding the process for conducting *voir dire* of expert witnesses. Defendants seek the right to *voir dire* expert witnesses as to their qualifications to offer their proposed testimony. If, pursuant to the Court's March 28, 2022 order, experts are restricted to submitting a 5-page summary of their testimony, such *voir dire* should take place immediately before Defendants begin their cross examination. If, however, experts are permitted to provide an oral summary of their testimony at trial, Defendants request that their *voir dire* examination take place before a witness provides its oral summary. That the Defendants filed several *Daubert* motions to exclude some of the People's experts' testimony

1  does not obviate the need for Defendants to conduct *voir dire* regarding an expert's
2  qualifications to provide the testimony as submitted in his or her written declaration.

## XI.     ADDITIONAL STREAMLINING PROCEDURES

The Parties continue to discuss streamlining procedures and may have additional questions for the Court, including with regard to how documents will be admitted.

Dated: April 1, 2022

Respectfully submitted,

/s/ Zachary A. Ciullo

Nicole K. Smith (S.B. #330384)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
nicole.k.smith@kirkland.com

James F. Hurst, P.C. (*pro hac vice*)
Hariklia Karis, P.C. (*pro hac vice*)
Zachary A. Ciullo (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
james.hurst@kirkland.com
hkaris@kirkland.com
zac.ciullo@kirkland.com

*Attorneys for Defendants Allergan Finance, LLC, Allergan Sales, LLC, and Allergan USA, Inc., and specially appearing defendant Allergan plc[1]*

s/ Zachary Hill
Zachary Hill (S.B. #275886)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Telephone: (415) 442-1000
zachary.hill@morganlewis.com

Collie F. James, IV (S.B. #192318)
Theodore Dayno (S.B. #286708)
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Blvd., Suite 1800
Costa Mesa, CA  92626
Telephone: (714) 830-0600
collie.james@morganlewis.com
theodore.dayno@morganlewis.com

Wendy West Feinstein (pro hac vice)
Katherine A. Vaky (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor

---

[1] Specially Appearing Defendant Allergan plc, formerly known as Actavis plc and is now known as Allergan Limited, does not waive but rather expressly preserves its objection to the Court's personal jurisdiction over it.

|   |   |
|---|---|
| 1 | Pittsburgh, PA 15219-6401 |
| 2 | Telephone: (412) 560-7455 |
|   | wendy.feinstein@morganlewis.com |
| 3 | katherine.vaky@morganlewis.com |
| 4 | Brian M. Ercole (pro hac vice) |
|   | MORGAN, LEWIS & BOCKIUS LLP |
| 5 | 600 Brickell Ave, Suite 1600 |
|   | Miami, FL 33131-3075 |
| 6 | Telephone: 305.415.3000 |
|   | brian.ercole@morganlewis.com |

*Attorneys for Defendants Cephalon, Inc.; Teva Pharmaceuticals USA, Inc.; specially-appearing Teva Pharmaceutical Industries Ltd.; Watson Laboratories, Inc.; Actavis LLC, Actavis Pharma, Inc., f/k/a Watson Pharma, Inc.; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Warner Chilcott Company, LLC; Actavis South Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc., f/k/a/ Watson Laboratories, Inc.-Salt Lake City; and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida*

*/s/ Padraic Foran*

Padraic Foran (SBN 268278)
Marshall Camp (SBN 231389)
Moez M. Kaba (SBN 257456)
Michael K. Acquah (SBN 313955)
pforan@hueston.com
mcamp@hueston.com
mkaba@hueston.com
macquah@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

John C. Hueston (SBN 164921)
HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

Jessica D. Miller (*pro hac vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7850

1  Jessica.miller@skadden.com

2  *Attorneys for Defendants Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical, Inc., Endo International plc, and Par Pharmaceutical Companies, Inc.*

5  *s/ Jaime Dorenbaum*
Jaime Dorenbaum
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA  94104-1520
Telephone: (415) 434-4484
Facsimile: (415) 434-4507
jdorenbaum@foley.com

James W. Matthews (pro hac vice)
Ana M. Francisco (pro hac vice)
Katy E. Koski (pro hac vice)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA  02199-7610
Telephone: (617) 342-4000
Facsimile: (617) 342-4000
jmatthews@foley.com
francisco@foley.com
kkoski@foley.com

Gregory N. Heinen (pro hac vice)
Kristina J. Matic (pro hac vice)
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 271-2400
Fax: (414) 297-4900
gheinen@foley.com
kmatic@foley.com

*Attorneys for Defendant Anda, Inc.*

/s/ Katherine M. Swift
Brian C. Swanson (pro hac vice)
brian.swanson@bartlitbeck.com
Katherine M. Swift (pro hac vice)
kate.swift@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone:  312.494.4400
Facsimile:  312.494.4440

Alex J. Harris (pro hac vice)
alex.harris@bartlitbeck.com
Gabriel Levin (SB 330163)
gabe.levin@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone:  303.592.3100
Facsimile:  303.592.3140

Charles J. Stevens (SBN 106981)
cstevens@gibsondunn.com
Joshua D. Dick (SBN 268853)
jdick@gibsondunn.com
Kelsey J. Helland (SBN 298888)
khelland@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant WALGREEN CO*

| | |
|---|---|
|       *Paulina do Amaral*<br>ELIZABETH J. CABRASER<br>RICHARD M. HEIMANN<br>PAULINA DO AMARAL<br>KEVIN R. BUDNER<br>MICHAEL LEVIN-GESUNDHEIT<br>MARK P. CHALOS<br>JACOB H. POLIN<br>MIRIAM E. MARKS<br>LIEFF, CABRASER, HEIMANN<br>      & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339<br>Telephone:  415/956-1000<br>415/956-1008 (fax)<br>ecabraser@lchb.com<br>rheimann@lchb.com<br>pdoamaral@lchb.com<br>kbudner@lchb.com<br>mlevin@lchb.com<br>mchalos@lchb.com<br><br>DAVID CHIU<br>City Attorney<br>YVONNE R. MERE<br>SARA J. EISENBERG<br>OWEN J. CLEMENTS<br>JAIME M. HULING DELAYE<br>JOHN H. GEORGE<br>Deputy City Attorneys<br>Fox Plaza<br>1390 Market Street, Sixth Floor<br>San Francisco, CA  94102<br>Telephone:  415/554-3957<br>jaime.hulingdelaye@sfcityatty.org<br><br>RENNE PUBLIC LAW GROUP<br>LOUISE RENNE<br>350 Sansome Street, Suite 300<br>San Francisco, CA 94104<br>Telephone:  415/848-7240<br>415/848-7230 (fax)<br>lrenne@publiclawgroup.com | ROBBINS GELLER RUDMAN<br>      & DOWD LLP<br>X. JAY ALVAREZ<br>THOMAS E. EGLER<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>jaya@rgrdlaw.com<br>tome@rgrdlaw.com<br><br>      *Aelish M. Baig*<br>ROBBINS GELLER RUDMAN<br>      & DOWD LLP<br>AELISH M. BAIG<br>TAEVA C. SHEFLER<br>HADIYA K. DESHMUKH<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  415/288-4545<br>415/288-4534 (fax)<br>aelishb@rgrdlaw.com<br>tshefler@rgrdlaw.com<br>hdeshmukh@rgrdlaw.com<br><br>ROBBINS GELLER RUDMAN<br>      & DOWD LLP<br>PAUL J. GELLER<br>MARK J. DEARMAN<br>DOROTHY P. ANTULLIS<br>NICOLLE B. BRITO<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000<br>561/750-3364 (fax)<br>pgeller@rgrdlaw.com<br>mdearman@rgrdlaw.com<br>dantullis@rgrdlaw.com<br>nbrito@rgrdlaw.com<br><br>Jayne Conroy (*pro hac vice*)<br>Simmons Hanly Conroy<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>(212) 784-6400<br>(212) 213-5949 (fax)<br>jconroy@simmonsfirm.com |

Peter J. Mougey (*pro hac vice*)
Levin Papantonio Rafferty Law Firm
316 S. Baylen St., Ste. 600
Pensacola, FL 32502
(850) 435-7068
pmougey@levinlaw.com

*MDL Co-Lead, Plaintiff Executive Committee Counsel*

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

DATED: April 1, 2022                                              s/ Zachary A. Ciullo

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on April 1, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Zachary A. Ciullo*