IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-07591-CRB<br><br>**ORDER FOLLOWING APRIL 4, 2022 PRETRIAL CONFERENCE** |

On April 4, 2022, the Court held a pretrial conference regarding the trial scheduled to begin April 25, 2022. For the reasons discussed at the conference, the Court orders as follows:

- **Supplementary Witness Disclosures, Deadlines for Written Direct Testimony and Objections, and Exchange of Deposition Designations:** The Court adopts the procedures set forth in the parties' Joint Statement. Joint Statement (dkt. 1224) at 1, 3.

- **Third-Party Witnesses:** If a third-party witness is willing to provide a written declaration of their direct testimony, then their direct testimony shall be presented through declaration. If a third-party witness is unwilling to provide a written declaration of their testimony, then the witness may provide their direct testimony in person. Time taken for in person direct testimony of a third-party witness will count against the trial time of the party calling the witness.

- **Witness Summaries:** Written declarations of a witness's direct testimony shall

include a five-page summary of the witness's testimony. The summary will not count against either side's 150,000-word limit. Before cross-examination, each witness who submits their direct testimony through written declaration may take no more than 30 minutes to offer a summary of their written direct testimony. The summary of written direct testimony will not count against either side's trial time. The Court will allow a summary to be presented through questioning by the party who calls the witness (to the extent that a party prefers to present a witness's summary through questioning).

- **Expert Witnesses:** Expert witnesses shall present a summary of their testimony before being subject to cross-examination, including voir dire. Instead of including the expert's educational and employment background in their declaration, the parties may attach an expert's CV to their declaration. The CV will not count against either side's 150,000-word limit.

- **Findings of Fact and Conclusions of Law (FOFCOL):** The Court adopts Plaintiff's proposal to submit FOFCOLs every two weeks but with a "one-week lag time." Joint Statement at 5–6. During trial, the parties may make good faith additions or removals to FOFCOLs.

- **Order of Witnesses:** The Court adopts the parties' proposal that the parties present their witnesses in the order that they see fit. Joint Statement at 6–7.

- **Livestreaming:** In light of continuing concerns about the transmission of COVID-19, the Court has determined that allowing livestreaming of the trial will best serve the interests of the parties and the public. And the parties have consented to a publicly available livestream. See Joint Statement regarding Consent to Livestream Protocol (dkt. 1232). Accordingly, the trial will be livestreamed through Zoom Webinar. The link to the Zoom Webinar will be posted on the Court's webpage and will be available to both the parties and the public alike. All livestream viewers will be in listen and view only mode and will not be able to participate in the trial. If a party moves to present sealed

evidence, the Court will determine whether the livestream should be closed while the evidence is being presented. Any recording of the livestream, including "screenshots" or any other audio or visual copying, is strictly prohibited.

- **Timekeeping Protocol:** The Court makes the following modifications to paragraph 6 of the parties' proposed timekeeping protocol:
    - At the end of each court day, the parties shall jointly meet and confer to confirm: (a) the time spent by the Plaintiff and Defendants that day, (b) the total time spent by the Plaintiff and Defendants to date, and (c) the total time that the Plaintiff and Defendants have remaining. For daily time estimates, if the parties' calculations are within 15 minutes of each other (i.e. the estimates of the Plaintiff's trial time that day are within 15 minutes of each other and the estimates of Defendants' trial time that day are also within 15 minutes of each other), the parties shall average their respective calculations, and that average shall constitute the official tally for the day. If the parties are more than 15 minutes apart, they shall meet and confer to reach agreement. If agreement cannot be reached, the parties may seek the Court's guidance.
    - Each morning, the parties shall jointly file a table that lists (a) the time spent by each side each day of trial, (b) the total time spent by each side to date, and (c) the total time that each side has remaining.
    - By **5 pm on April 8, 2022**, the parties shall submit a proposed order regarding the timekeeping procedure at trial that reflects the above modifications.
- **Trial Technology Set Up:** The courtroom will be open on **April 21, 2022 at 11 am** for each party to set up and check the technology they intend to use at trial.

**IT IS SO ORDERED.**

3

Dated: April 6, 2022

_____
CHARLES R. BREYER
United States District Judge

4