IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>  Defendants. | Case No. 18-cv-07591-CRB<br><br>**ORDER DENYING MOTION TO STRIKE DR. KESSLER'S TESTIMONY**<br><br>Re: Dkt. 959 |

Defendants' motion to preclude Plaintiff from offering the trial preservation deposition of Dr. David Kessler is denied. Motion to Strike ("Mot.") (dkt. 959).

## I.   BACKGROUND

Dr. Kessler offers opinions on Defendants' promotional activities and compliance with FDA standards, concluding that Defendants' promotional activities "deviated from FDA standards by minimizing the risks and overstating the benefits of prescription opioid drugs" and that these misrepresentations increased the risk of opioid abuse. Opposition ("Opp.") (dkt. 1070) at 1. His opinions are set forth in a report that he authored three years ago in connection with the MDL Track 1 litigation.

After the election of President Biden, it became apparent that Dr. Kessler would likely be appointed to a position in the Biden Administration, preventing him from offering testimony at trial. In light of that development, Judge Polster granted plaintiffs' motion to take a trial preservation deposition of Dr. Kessler. In re Nat'l Prescription Opiate Litig., No. 1:17-md-2804, Dkt. No. 3603 (N.D. Ohio January 11, 2021). By stipulation, plaintiffs

1   agreed that Dr. Kessler's trial preservation deposition would be "limited to issues of
2   general causation" and that plaintiffs would "not solicit testimony specific to any
3   jurisdiction." Id. at 2. Defendants received a total of 8 hours to cross-examine Dr. Kessler
4   at the trial preservation deposition. Id. at 1.
5       Dr. Kessler was subsequently appointed Chief Science Officer of the White House
6   COVID-19 Response Team, a position he currently holds. As a result of this employment,
7   Dr. Kessler was not available to sit for a deposition in this case and will not testify in
8   person at trial. In place of Dr. Kessler's live testimony, Plaintiff intends to offer his trial
9   preservation deposition.

## II. DISCUSSION

11   Defendants argue that Plaintiff should be precluded from offering Dr. Kessler's trial
12   preservation deposition at trial for two reasons: (1) Defendants "had no opportunity to
13   depose or cross-examine Dr. Kessler concerning issues specific to this action" and (2)
14   federal regulations prevent the use of Dr. Kessler's testimony at trial. Neither argument is
15   persuasive.
16   First, the argument that Defendants had no opportunity to depose Dr. Kessler on
17   case-specific issues is not compelling because Dr. Kessler's testimony concerns general
18   causation, and he did not offer testimony "specific to any jurisdiction." Furthermore,
19   Defendants had 8 hours to cross-examine Dr. Kessler on the general causation testimony
20   that Plaintiff seeks to introduce at trial. Finally, this is a bench trial, and the Court will be
21   able to assign appropriate weight to Dr. Kessler's trial preservation deposition in light of
22   that fact that it does not address case-specific issues or evidence.
23   Second, none of the regulations that Defendants cite preclude Plaintiff from offering
24   the trial preservation deposition of Dr. Kessler—which was taken before his appointment
25   to the Biden Administration and in anticipation of being used at future trials. 5 C.F.R. §
26   2635.805 applies only to proceedings where "the United States is a party or has a direct
27   and substantial interest," which is not the case here. And neither 20 C.F.R. § 20.1 nor 5
28   C.F.R. § 2634.702 apply because the testimony that Plaintiff seeks to introduce was taken

United States District Court
Northern District of California

when Dr. Kessler was a private citizen, not a government officer.  Moreover, a federal ethics official considered the application of federal ethics regulations to Dr. Kessler's trial preservation deposition and determined that the trial preservation deposition "created in your capacity as an expert witness prior to your appointment to your federal position is not subject to the Standards of Conduct, including the prohibition on expert witness testimony by current employees at 5 C.F.R. § 2635.805." See Ex. C (dkt. 1070–5).

**IT IS SO ORDERED.**

Dated: April  21 , 2022



CHARLES R. BREYER
United States District Judge

3