IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 18-cv-07591-CRB <br><br> **ORDER DENYING MOTION TO STRIKE PLAINTIFF'S UNDISCLOSED TRIAL WITNESSES** <br><br> Re: Dkt. 1253 |

Walgreens' motion to preclude Plaintiff from introducing testimony of two witness who Walgreens contends were not timely disclosed is denied. See Motion to Strike ("Mot.") (dkt. 1253); see also Opposition (Opp.) (dkt. 1267).

**Victor Lo:** Plaintiff was not in a position to identify Mr. Lo as a relevant witness until Walgreens produced certain documents after the close of discovery, see Order re Walgreens Witness List Discovery Dispute (dkt. 1200) at 2, and Plaintiff disclosed Mr. Lo on its witness list served in February. Moreover, after Walgreens raised this issue in a Joint Statement filed March 22nd, the Court directed the parties to submit a letter brief regarding the discovery issues raised in the Joint Statement to Judge Corley, which Walgreens did not do. See Joint Statement (dkt. 1184); Hearing Trans. (dkt. 1199) at 11. Based on the foregoing, the Court finds Plaintiff's belated disclosure of Mr. Lo to be substantially justified.

**Kristine Lucas:** Ms. Lucas is a former "function manager" at a Walgreens distribution center who recently testified at a Florida trial involving claims brought by the

Florida Attorney General against Walgreens. Opp. at 1. At that trial, Ms. Lucas apparently testified that after a 2012 DEA raid, Walgreens destroyed "around 100" emails that she sent to management about her concerns with Walgreens' suspicious order monitoring systems. Id.

Plaintiff did not disclose Ms. Lucas as a witness until April 14, 2022, which was shortly after she testified at the Florida trial. See Ex. B (dkt. 1253–2). Plaintiff claims that while it was generally aware of Ms. Lucas, it could not have determined her relevance as a witness earlier because "previous attempts to locate her were unsuccessful" and Walgreens "destroyed those critical emails" that she wrote. Opp. at 2.

At trial, Plaintiff intends to offer portions of the trial testimony that Ms. Lucas (who is outside of the Court's subpoena power) gave in the Florida trial. See Opp. at 3. While the testimony relates to concerns that Ms. Lucas raised about the operation of Walgreens' Florida distribution centers, Walgreens corporate designee testified that all Walgreens distribution centers employed the same polies and procedures. See Ex. C (dkt. 1267–3).

While Walgreens complains about its inability to serve discovery on Ms. Lucas here, it presumably had the opportunity to serve discovery on her in the Florida case and, in any event, it had the opportunity to fully cross-examine her during that trial with respect to the testimony Plaintiff seeks to offer at this trial. In the context of the case and given that Plaintiff seeks only to introduce trial testimony that was subject to Walgreens' cross-examination, the Court finds the belated disclosure of Ms. Lucas to be harmless.

**IT IS SO ORDERED.**

Dated: April 21, 2022

CHARLES R. BREYER
United States District Judge