IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 18-cv-07591-CRB <br><br> **ORDER GRANTING MOTION TO STRIKE KEYES AND WALDMAN REBUTTAL REPORTS** |

Defendants move to strike sections of the rebuttal reports of Plaintiff's experts Dr. Keyes and Dr. Waldman.  Defendants argue that the relevant sections of the reports offer new analyses and new opinions that are improper for rebuttal reports.  See generally Motion to Strike ("Mot.") (dkt. 984–2).  Plaintiff opposes the motion.  See Opposition ("Opp.") (dkt. 1072–2).  For the reasons discussed below, the motion is granted.

**A.     Dr. Keyes**

In her opening report, Dr. Keyes offers several opinions regarding the connection between increasing numbers of opioid prescriptions and opioid related harms.  See Keyes Report (dkt. 977–4) at 3–5, 13–25, 29–41.  Among her opinions, Dr. Keyes states that evidence shows that Defendants' aggressive marketing of opioids resulted in an oversupply of opioids causing numerous harms in San Francisco.  See, e.g., id. at 14.

In their response reports, Defendants' experts criticize Dr. Keyes for failing to define the term "oversupply" and for failing to perform any quantitative analysis to show

that Defendants' allegedly misleading marketing resulted in an oversupply of opioids in San Francisco. See, e.g., McCrary Report (dkt. 984–11) at 31–32 ("Dr. Keyes makes no effort to quantify the appropriate level of prescribing, determine whether that level could have been increasing over time, or quantify the level of inappropriate prescribing that would constitute 'oversupply.'").

In her rebuttal report, Dr. Keyes presents an entirely new analysis that is not part of her opening report. See Keyes Rebuttal Report (dkt. 972–8) at 3–10. In the new analysis, Dr. Keyes purports to calculate the extent to which opioid prescriptions in San Francisco exceeded the medical need for every year between 1997 and 2017. Id. In other words, the analysis purports to quantify the extent to which Defendants' alleged misconduct caused an oversupply of opioids in San Francisco. Id.

Responding to an identified omission with new analysis is not proper rebuttal opinion. For example, in Chrysler, defendant's expert criticized plaintiff's expert for failing to perform an analysis in his opening report. Matthew Enter., Inc. v. Chrysler Grp. LLC, No. 13-CV-04236-BLF, 2016 WL 4272430, at *3 (N.D. Cal. Aug. 15, 2016) ("Neither Stevens Creek nor Stockton had performed the exercise of proposing but-for objectives.") (cleaned up). In his rebuttal report, plaintiff's expert performed the analysis that defendant's expert criticized him for not performing in his opening report. Id. The court excluded the new analysis because it was "improperly offered to provide but-for objectives that Mr. Stockton failed to provide in his first report. Offering new argument based on new evidence in a rebuttal report is contrary to Rule 26's requirements." Id.

Like the expert in Chrysler, Dr. Keyes is responding to an identified omission in her report by performing a new analysis in an attempt to fill the hole that Defendants' experts identified. This is not proper rebuttal testimony—Dr. Keyes is not attempting to "explain, repel, counteract or disprove evidence of the adverse party." Clear-View Techs., Inc. v. Rasnick, No. 13-CV-02744-BLF, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015). She is offering a new model based on a new methodology in response to a criticism of her opening report. Chrysler, 2016 WL 4272430, at *3.

Plaintiff offers no explanation as to why Dr. Keyes did not perform the analysis in her opening report. To the contrary, Dr. Keyes testified that she could have included the analysis in her opening report. Keyes Depo (dkt. 984–15) at 177:19–178:1. Using a rebuttal report as a backdoor to introduce analysis that could have been included in the opening report is squarely foreclosed by Rule 26. See Century Indem. Co. v. Marine Group, LLC, No. 3:08-CV-1375-AC, 2015 WL 5521986, at *3 (D. Or. Sept. 16, 2015) (Rebuttal testimony "is limited to new unforeseen facts brought out in the other side's case"); Clear-View Techs., 2015 WL 3509384, at *4 ("Permitting parties to backdoor affirmative expert testimony under the guise of 'rebuttal' testimony would render Rule 26's limits generally meaningless.") (cleaned up). Defendants cannot fairly respond to a new analysis disclosed for the first time in rebuttal.

The failure to timely disclose the new analysis is neither substantially justified nor harmless. Fed. R. Civ. P. 37(c). The contention that Defendants' fraudulent marketing practices caused an oversupply of opioids has been a cornerstone of Plaintiff's case since day one. Plaintiff has not adequately explained why an opinion that relates directly to that theory was not developed until well after the expert disclosure deadlines, despite Dr. Keye's admission that the opinion could have been included in her opening report. Nor is the late disclosure harmless. Among other forms of prejudice, the late disclosure deprived Defendants of the ability to serve fact discovery related to the opinion and to address the opinion with their own experts. Abdo v. Fitzsimmons, No. 17-CV-00851-TSH, 2020 WL 4051299, at *4 (N.D. Cal. July 20, 2020) ("Further, the late disclosure is not harmless because it deprived Plaintiffs of the opportunity to submit an expert report to rebut the Rebuttal Report."). Accordingly, the motion to exclude the new analysis set forth in Section II of Dr. Keyes' rebuttal report is granted.

**B.     Dr. Waldman**

While he did not disclose an opening report, Dr. Waldman did prepare a rebuttal report that purports to respond to the opinions of Defendants' expert Dr. Singh. However, based on a review of the reports, opinions 1 through 8 in Dr. Waldman's rebuttal report do

3

not respond to Dr. Singh's report.  And at his deposition, Dr. Waldman in fact testified that opinions 1 through 8 do not respond to Dr. Singh's report.  Waldman Depo (dkt. 984–16) at 232:11–235:19 ("Q: Does this opinion respond to one that Dr. Singh expresses in her report? A: No. Q: Does this opinion respond to one that Dr. Singh expresses in her report? A: It does not respond to an opinion she expressed in her report.").  For the same reasons discussed above, the belated disclosure of "rebuttal" opinions that are not responsive to Defendants' experts is neither substantially justified nor harmless.  Thus, Defendants' motion to exclude opinions 1 through 8 in Dr. Waldman's rebuttal report is granted.

**IT IS SO ORDERED.**

Dated: April 22, 2022



CHARLES R. BREYER
United States District Judge

4