IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>    Defendants. | Case No. 18-cv-07591-CRB<br><br>**ORDER RE WALGREENS' ASSERTION OF PRIVILEGE** |

During Plaintiff's opening statement, counsel for Walgreens objected to excerpts of three documents included in a PowerPoint that accompanied Plaintiff's presentation, asserting that the documents were privileged. The documents have been submitted to the Court for in camera review.

As an initial matter, the documents were initially produced with redactions in the MDL. See In re Nat'l Prescription Opiate Litig., No. 17-MD-2804, Dkt. No. 3584 (N.D. Ohio Dec. 21, 2020). The MDL plaintiffs challenged the redactions, and both Special Master Cohen and Judge Polster ordered the documents produced without redactions, finding that Walgreens failed to substantiate its assertions of privilege.[1] See id.; see also In re Nat'l Prescription Opiate Litig., No. 17-MD-2804, Dkt. No. 3562 (N.D. Ohio November 20, 2020).

The Court has undertaken its own review of the documents and similarly concludes

---

[1] The Court understands that as a general matter, documents produced in the MDL are deemed produced in this case as well.

that the documents are not privileged. As Special Master Cohen reasoned, a line is drawn between requests for legal advice and documents that involve legal considerations but are primarily created for business purposes. See Calendar Rsch. LLC v. StubHub, Inc., No. CV 17-4062 SVW (SSX), 2019 WL 11558873, at *3 (C.D. Cal. July 25, 2019) ("Where legal and business advice mix, legal advice must predominate for the communication to be protected .... When the legal advice is merely incidental to business advice, the privilege does not apply.") (cleaned up); Astiana v. Ben & Jerry's Homemade, Inc., No. C-10-04387 PJH (EDL), 2014 WL 694745, at *3 (N.D. Cal. Feb. 21, 2014). In the documents at issue here, the legal considerations are at best "merely incidental" to the business purpose for which the documents were created, and thus privilege does not apply.

**IT IS SO ORDERED.**

Dated: April 25, 2022

CHARLES R. BREYER
United States District Judge