IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>  Defendants. | Case No. 18-cv-07591-CRB<br><br>**ORDER DENYING WALGREENS' MOTION TO STRIKE** |

Walgreens has moved to strike one of Plaintiff's witness, Carol Lu, from testifying at the abatement phase of the trial. Walgreens' Mot. to Strike (dkt. 1590). Ms. Lu is the Citywide Revenue Manager from the San Francisco Controller's Office and plans to testify about the mechanics and logistics of administering the abatement fund. Id. at 3–4; Opp. at 2 (dkt. 1594). According to Plaintiff, Ms. Lu is prepared to explain how the Controller's Office administers special purpose revenue funds, and how the City tracks these spendings through audits and reports. Opp. at 2. Plaintiff represents that Ms. Lu will assist the Court in understanding, among other things, the City's logistics of "overseeing, tracking, and reporting abatement fund expenditures." Id.

Walgreens accepts that Ms. Lu's expected testimony is relevant to the upcoming trial. See Reply at 2–3 (dkt. 1595). But Walgreens seeks to prevent Ms. Lu from testifying because Plaintiff did not, during discovery, identify Ms. Lu as someone with relevant and discoverable information. Mot. at 2. Walgreens asserts (and Plaintiff does not dispute) that Plaintiff did not identify Ms. Lu as a potential witness until October 6

when the parties exchanged their trial witness list. Id. In response, Plaintiff argues that it was not required to disclose Ms. Lu as part of discovery because Ms. Lu has no specific knowledge about opioids or Walgreens such that her testimony would support or contradict Plaintiff's claims or defenses. Opp. at 2–3.

The Court agrees with Walgreens that Plaintiff should have identified Ms. Lu earlier as a person "likely to have discoverable information that supports or contradicts a position or claim that [Plaintiff] ha[s] taken or intend[s] to take in this action." See Mot. at 3 (citing Distributor Defendants' First Set of Interrogatories at 4–5). Ms. Lu plans to testify about how the City administers special purpose funds. This expected testimony appears to be related to whatever position Plaintiff may take at trial on how to effectuate and disburse the abatement fund. The Court, however, disagrees with Walgreens' suggestion that Ms. Lu's testimony may be expert opinion that involves specialized or technical knowledge, see Mot. at 4–5. Ms. Lu is the Citywide Revenue Manager, and her expected testimony likely is based on her own perceptions, knowledge, and understanding—as a member of the Controller's Office—of the City's administrative and financial operations.

Based on the parties' filings, the Court finds that Ms. Lu's testimony may be helpful and important in crafting an abatement plan, defining the role of a fund administrator (if one is appointed), and structuring any oversight of the plan. Accordingly, the Court **DENIES** Walgreens' motion to strike. See Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (noting trial court has "wide latitude" and discretion on imposing discovery sanctions). To cure or mitigate the prejudice from Plaintiff's late disclosure, Walgreens may promptly depose Ms. Lu. The Court does not expect Ms. Lu to testify until the latter part of trial—i.e., late-November or early-December. There is sufficient time for Walgreens to prepare for its cross-examination of Ms. Lu. See, e.g., Pineda v. City & Cnty. of San Francisco, 280 F.R.D. 517, 522 (N.D. Cal. 2012) (declining to exclude witness and providing plaintiff an opportunity to cure the deficiency "given the importance of this witness").

**IT IS SO ORDERED.**

Dated: October 25, 2022



CHARLES R. BREYER
United States District Judge