1    DAVID CHIU, State Bar # 189542
     City Attorney
2    YVONNE R. MERE, State Bar # 173594
     Chief Deputy City Attorney
3    SARA J. EISENBERG, State Bar # 269303
     Chief of Complex & Affirmative Litigation
4    JAIME M. HULING DELAYE, State Bar
     # 270784
5    JOHN H. GEORGE, State Bar # 292332
     Deputy City Attorneys
6    Fox Plaza
     1390 Market Street, Sixth Floor
7    San Francisco, CA  94102
     Telephone:  (415) 554-3874
8    sara.eisenberg@sfcityatty.org

9    *Attorneys for Plaintiffs*

10

11

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16   THE CITY AND COUNTY OF SAN              Case No. 3:18-cv-7591-CRB
     FRANCISCO, CALIFORNIA and THE
17   PEOPLE OF THE STATE OF CALIFORNIA,      **CONSENT JUDGMENT AND**
     Acting by and through San Francisco City **STIPULATION OF DISMISSAL WITH**
18   Attorney DAVID CHIU,                    **PREJUDICE**

19                    Plaintiffs,

20        v.

21   PURDUE PHARMA L.P., et al.

22                    Defendants.

23

24

25

26

27

28

1   **WHEREAS**, the City and County of San Francisco ("San Francisco") and the People of the

2   State of California, acting by and through San Francisco City Attorney David Chiu ("the People")

3   (together, "Plaintiffs") brought the above-captioned action (the "Action") against Defendants

4   Allergan Finance, LLC (f/k/a Actavis, Inc., which, in turn, was f/k/a Watson Pharmaceuticals, Inc.)

5   and Allergan Limited (f/k/a Allergan plc, which, in turn, was f/k/a Actavis plc), Allergan Sales,

6   LLC, and Allergan USA, Inc.  (collectively, "Settling Defendants"), alleging claims sounding in

7   public nuisance and unlawful, unfair, and fraudulent business practices, as set forth in the First

8   Amended Complaint, a copy of which is attached hereto as Exhibit A, filed on March 13, 2020;

9   **WHEREAS**, Settling Defendants deny these allegations and deny all liability to Plaintiffs;

10   **WHEREAS**, Plaintiffs and Settling Defendants (collectively, the "Settling Parties" and

11   each a "Party") entered into a consensual resolution of the Action as between them pursuant to a

12   settlement agreement entitled Allergan San Francisco Opioid Settlement Agreement, executed

13   September 18, 2023 (the "Allergan-San Francisco Agreement"), a copy of which is attached hereto

14   as Exhibit B;

15   **WHEREAS**, each Party warrants and represents that it engaged in arm's-length

16   negotiations between themselves in good faith and that in executing the Allergan-San Francisco

17   Agreement, the Parties intend to effect a good-faith settlement;

18   **WHEREAS**, the Allergan-San Francisco Agreement becomes effective by its terms upon

19   the entry of this Final Consent Judgment (the "Judgment" or "Order") without the adjudication of

20   any issue of fact or law as to Settling Defendants arising from the Action, and without any finding

21   or admission of wrongdoing or liability of any kind by Settling Defendants;

22   **WHEREAS,** Settling Defendants are willing to enter into this Order to resolve the

23   Plaintiffs' claims under California statutory and common law as to the matters addressed in this

24   Order and thereby avoid significant expense, inconvenience, and uncertainty;

25   **WHEREAS**, Settling Defendants are entering into this Order solely for the purpose of

26   settlement, and nothing contained herein may be taken as or construed to be an admission or

27   concession of any violation of law, rule, regulation, or ordinance, or of any other matter of fact or

28   law, or of any fault, liability, or wrongdoing, all of which the Settling Defendants deny;

ALLERGAN CONSENT JUDGEMENT
CASE NO. 3:18-CV-7591-CRB

1    **WHEREAS**, pursuant to the Allergan-San Francisco Agreement, the Abatement Payment

2    is $10,156,888.70, which shall be used exclusively for Opioid Remediation, as defined in the

3    contemporaneously filed settlement agreements between San Francisco, Teva, and Walgreens, and

4    paid according to the schedule and terms set forth in Section III of the Allergan-San Francisco

5    Agreement;

6    **WHEREAS**, pursuant to the Allergan-San Francisco Agreement, the Attorney Fees and

7    Costs Amount shall be the combined of $1,174,206 for internal fees and costs of the San Francisco

8    City Attorney ("Internal Fees and Costs Amount") and $1,585,179.30 for all other attorneys' fees

9    and costs ("Outside Counsel Fees and Costs Amount"), according to the schedule and terms set

10   forth in Section III of the Allergan-San Francisco Agreement; and

11   **WHEREAS**, the Parties consent to this Court retaining continuing jurisdiction for the

12   limited purpose of enforcing the Allergan-San Francisco Agreement and this Consent Judgment;

13   **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**

14   **THAT:**

15   1.    The Parties to the Allergan-San Francisco Agreement are the City and County of

16   San Francisco and the People of the State of California, acting by and through San Francisco City

17   Attorney David Chiu, Allergan Finance, LLC (f/k/a Actavis, Inc., which, in turn, was f/k/a Watson

18   Pharmaceuticals, Inc.), and Allergan Limited (f/k/a Allergan plc, which, in turn, was f/k/a Actavis

19   plc).

20   2.    This Court has jurisdiction over the subject matter of this lawsuit and over all the

21   Parties.

22   3.    Entry of this Order is in the public interest and reflects a negotiated settlement

23   among the Parties, the terms of which shall be governed by the laws of the State of California.

24   4.    The Court finds that the Allergan-San Francisco Agreement was entered into in good

25   faith.

26   5.    It is the intent of the Parties that this Order not be admissible in other cases against

27   Settling Defendants or binding on Settling Defendants in any respect other than in connection with

28   the enforcement of this Order or the Allergan-San Francisco Agreement.

6.      No part of this Order, including its statements and commitments, shall constitute evidence of any liability, fault, or wrongdoing by Settling Defendants.

7.      No part of this Order or of the Allergan-San Francisco Agreement shall create a private cause of action or confer any right to any third party for violation of any federal or state statute.

8.      Settling Defendants do not admit any violation of common or statutory law, and do not admit any wrongdoing that was or could have been alleged by the Plaintiffs before the date of the Order under those laws.

9.      This Order is made without adjudication of any issue of fact or law in the Action as to Settling Defendants or any finding of liability or wrongdoing of any kind by Settling Defendants.

10.     This Order shall not be construed or used as a waiver or limitation of any defense otherwise available to Settling Defendants in any other action, or of Settling Defendants' right to defend from, or make any legal or factual arguments in, any other regulatory, governmental, private party, or class claims or suits relating to the subject matter or terms of this Order.

By this Judgment, the Allergan-San Francisco Agreement is hereby approved by the Court.

11.     This Court shall retain jurisdiction over the Parties for the limited purpose of enforcing the Allergan-San Francisco Agreement and this Order, and it may hold any further proceedings and enter any separate orders, necessary to effectuate the provisions of the Allergan-San Francisco Agreement and resolve any disputes thereunder.

12.     Allergan Limited consents to the jurisdiction of this Court for that limited purpose.

13.     The entry of this Consent Judgment constitutes a full and final dismissal with prejudice of the Action as between the Plaintiffs and the Settling Defendants.

**IT IS SO ORDERED.**

DATED: September 26, 2023

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

- 3 -