DAVID CHIU, State Bar # 189542
City Attorney
YVONNE R. MERE, State Bar # 173594
Chief Deputy City Attorney
SARA J. EISENBERG, State Bar # 269303
Chief of Complex & Affirmative Litigation
JAIME M. HULING DELAYE, State Bar # 270784
JOHN H. GEORGE, State Bar # 292332
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA 94102
Telephone: (415) 554-3874
sara.eisenberg@sfcityatty.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,

Plaintiffs,

v.

PURDUE PHARMA L.P., et al.

Defendants.

Case No. 3:18-cv-7591-CRB

[~~PROPOSED~~] CONSENT JUDGMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

**WHEREAS**, the City and County of San Francisco ("San Francisco") and the People of the State of California, acting by and through San Francisco City Attorney David Chiu ("the People") (together, "Plaintiffs") brought the above-captioned action (the "Action") against Defendants Cephalon, Inc.; Teva Pharmaceuticals USA, Inc.; Teva Pharmaceutical Industries Ltd; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.); Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Warner Chilcott Company, LLC; Actavis South Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. (f/k/a/ Watson Laboratories, Inc.-Salt Lake City); Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories, Inc.-Florida), and Anda, Inc. (collectively, "Settling Defendants"), alleging claims sounding in public nuisance and unlawful, unfair, and fraudulent business practices, as set forth in the First Amended Complaint, a copy of which is attached hereto as Exhibit A, filed on March 13, 2020;

**WHEREAS**, Settling Defendants deny these allegations and deny all liability to Plaintiffs;

**WHEREAS**, Plaintiffs and Settling Defendants (collectively, the "Settling Parties" and each a "Party") entered into a consensual resolution of the Action as between them pursuant to a settlement agreement entitled Teva-San Francisco Opioid Settlement Agreement, executed September 18, 2023 (the "Teva-San Francisco Agreement"), a copy of which is attached hereto as Exhibit B;

**WHEREAS**, each Party warrants and represents that it engaged in arm's-length negotiations between themselves in good faith and that, in executing the Teva-San Francisco Agreement, the Parties intend to effect a good-faith settlement;

**WHEREAS**, the Teva-San Francisco Agreement becomes effective by its terms upon the entry of this Final Consent Judgment (the "Judgment" or "Order");

**WHEREAS**, pursuant to the Teva-San Francisco Agreement, the Abatement Amount payment is $19,499,928.20, which shall be used exclusively for Opioid Remediation, as defined in the Teva-San Francisco Agreement, and paid according to the terms set forth Section III.B.1. and Exhibit C of the Teva-San Francisco Agreement;

**WHEREAS**, because the date for the payment set forth in III.B.1.c.ii, September 15, 2023, has passed, San Francisco will accept the payment set forth in III.B.1.c.ii in full satisfaction of Teva's obligation to make that payment if made by the date set forth in III.B.1.c.i.

**WHEREAS**, pursuant to the Teva-San Francisco Agreement, Teva shall provide Settlement Product to San Francisco free of charge for a period of ten (10) years, in the quantities and according to Section III.C. and Exhibit A of the Teva-San Francisco Agreement;

**WHEREAS**, Pursuant to the Teva-San Francisco Agreement, the Attorney Fees Payment shall be the combined of $2,254,336 for internal fees of the San Francisco City Attorney ("Internal Fees Payment") and $3,043,339.80 for all other attorneys' fees ("Outside Counsel Fees Payment"), according to the terms set forth in Section III.B.1. and Exhibit C of the Teva-San Francisco Agreement; and

**WHEREAS**, the Parties consent to this Court retaining jurisdiction for the limited purpose of enforcing the Teva-San Francisco Agreement and this Consent Judgment;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Parties to the Teva-San Francisco Agreement are the City and County of San Francisco and the People of the State of California, acting by and through San Francisco City Attorney David Chiu, and Cephalon, Inc.; Teva Pharmaceuticals USA, Inc.; Teva Pharmaceutical Industries Ltd; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.); Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Warner Chilcott Company, LLC; Actavis South Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. (f/k/a/ Watson Laboratories, Inc.-Salt Lake City); Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories, Inc.-Florida); and Anda, Inc.

2. This Court has jurisdiction over the subject matter of this lawsuit and over all the Parties.

3. Entry of this Order is in the public interest and reflects a negotiated settlement among the Parties, the terms of which shall be governed by the laws of the State of California.

4. The Court finds that the Teva-San Francisco Agreement was entered into in good faith.

5. It is the intent of the Parties that this Order not be admissible in other cases against Settling Defendants or binding on Settling Defendants in any respect other than in connection with the enforcement of this Order or the Teva-San Francisco Agreement.

6. No part of this Order, including its statements and commitments, shall constitute evidence of any liability, fault, or wrongdoing by Settling Defendants.

7. No part of this Order or of the Teva-San Francisco Agreement shall create a private cause of action or confer any right to any third party for violation of any federal or state statute.

8. By this Judgment, the Teva-San Francisco Agreement is hereby approved by the Court.

9. This Court shall retain jurisdiction over the Parties for the limited purpose of enforcing the Teva-San Francisco Agreement and this Order, and it may hold any further proceedings and enter any separate orders necessary to effectuate the provisions of the Teva-San Francisco Agreement and resolve any disputes thereunder.

10. Teva Pharmaceutical Industries, Ltd. consents to the jurisdiction of this Court for that limited purpose.

11. The entry of this Consent Judgment constitutes a full and final dismissal with prejudice of the Action as between the Plaintiffs and Settling Defendants.

**IT IS SO ORDERED.**

DATED: September 28, 2023

THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE