
DAVID CHIU, State Bar # 189542
City Attorney
YVONNE R. MERE, State Bar # 173594
Chief Deputy City Attorney
SARA J. EISENBERG, State Bar # 269303
Chief of Complex & Affirmative
Litigation
JOHN H. GEORGE, State Bar # 292332
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Telephone:  (415) 554-3597
jaime.hulingdelaye@sfcityatty.org

*Attorneys for Plaintiff*

*[Additional counsel appear on signature page.]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA and THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.<br><br>Defendants. | Case No. 3:18-cv-7591-CRB<br><br>**CONSENT JUDGMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |

1  **WHEREAS**, the People of the State of California, acting by and through San Francisco City Attorney David Chiu ("the People") brought the above-captioned action (the "Action") against a number of Defendants including Walgreen Co. ("Walgreens") alleging claims sounding in public nuisance, as set forth in the First Amended Complaint (ECF No. 128), filed on March 13, 2020;

**WHEREAS**, Walgreens asserted several defenses to the People's allegations and denied any misconduct, wrongdoing, or liability;

**WHEREAS**, the Action proceeded to a bench trial before the Honorable Charles R. Breyer of the United States District Court for the Northern District of California, beginning on April 25, 2022, and concluding on July 13, 2022;

**WHEREAS**, on August 10, 2022, the Court issued its Findings of Fact and Conclusions of Law Regarding Walgreens and held Walgreens liable for the People's claim of public nuisance, and set a subsequent trial to determine remedies, which was set to begin on November 7, 2022.

**WHEREAS**, the People, the City and County of San Francisco, and Walgreens (collectively, the "Settling Parties" and each a "Party") entered into a consensual resolution of the Action as between them pursuant to the settlement agreement attached hereto (the "Walgreens San Francisco Agreement"), which includes an agreement to pay $200,000,000 (the "Compensatory Remediation Amount") to be used exclusively for Opioid Remediation, as defined in the Walgreens San Francisco Agreement;

**WHEREAS**, each Party warrants and represents that it engaged in arm's-length negotiations between themselves in good faith and that in executing the Walgreens San Francisco Agreement the Parties intend to effect a good-faith settlement;

**WHEREAS**, the Walgreens San Francisco Agreement becomes effective by its terms upon the entry of this Consent Judgment (the "Judgment" or "Order").

**WHEREAS**, the Parties consent to this Court retaining continuing jurisdiction for the purpose of enforcing the Walgreens San Francisco Agreement and this Consent Judgment.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

**THAT:**

1. The Parties to the Walgreens San Francisco Agreement are the People, the City and County of San Francisco, and Walgreens.

2. This Court has jurisdiction over the subject matter of this lawsuit and over all the Parties.

3. Entry of this Order is in the public interest and reflects a negotiated settlement among the Parties, the terms of which shall be governed by the laws of the State of California.

4. The Court finds that the Walgreens San Francisco Agreement was entered into in good faith.

5. It is the intent of the Parties that this Order not be binding on Walgreens in any respect other than in connection with the enforcement of this Order or the Walgreens San Francisco Agreement.

6. No part of this Order shall constitute evidence of any liability, fault, or wrongdoing by Walgreens.

7. No part of this Order or of the Walgreens San Francisco Agreement shall create a private cause of action or confer any right to any third party for violation of any federal or state statute.

8. By this Judgment, the Walgreens San Francisco Agreement is hereby approved by the Court.

9. The Court shall retain jurisdiction and may hold any further proceedings and enter any separate orders necessary to effectuate the provisions of the Walgreens San Francisco Agreement and resolve any disputes thereunder.

10. The entry of this Consent Judgment constitutes a full and final dismissal with prejudice of the Action as between the People and Walgreens.

**IT IS SO ORDERED.**

DATED: June 4, 2024

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE